WR-83,219-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 4/29/2015 11:24:25 AM
Accepted 5/1/2015 8:22:18 AM
ABEL ACOSTA
CLERK

NO. _____

| | | |
|---|---|---|
| IN RE | § | IN THE |
| | § | |
| DOMINIQUE DONTAE LASKER, | § | COURT OF CRIMINAL APPEALS |
| | § | |
| RELATOR | § | FOR THE STATE OF TEXAS |

RECEIVED
COURT OF CRIMINAL APPEALS
5/1/2015
ABEL ACOSTA, CLERK

## APPLICATION FOR LEAVE TO FILE
## PETITION FOR WRIT OF MANDAMUS

TO THE HONORABLE JUSTICES OF SAID COURT:

NOW COMES **DOMINIQUE DONTAE LASKER**, Petitioner, by and through his court-appointed counsel, and asks the Court to file the attached Petition for Writ of Mandamus and would show the Court the following:

This is an extraordinary case that requires the Court of Criminal Appeals to exercise original jurisdiction because Petitioner has no adequate remedy at law. It involves ministerial acts only, and the Petitioner has been unsuccessful in obtaining relief from the trial judge and the First Court of Appeals.

Respectfully submitted,

**SMITHER, MARTIN,
HENDERSON & BLAZEK, P.C.**
1414 11th Street
Huntsville, Texas 77340
(936) 295-2624
(936) 294-9784 [Telecopier]

By /s/Frank Blazek _____
    Frank Blazek
    State Bar No. 02475500

William F. Carter
State Bar No. 03932800
108 E. William J. Bryan Parkway
Bryan, Texas 77803-5334
(979) 779-0712
(979) 779-9243 [Telecopier]
wfcarter73@yahoo.com

### Certificate of Service

I do hereby certify that a true and correct copy of the above and foregoing *Application for Leave to File Petition for Writ of Mandamus* has been forwarded to opposing counsel on this the 29th day of April, 2014, by U.S. Mail, postage prepaid, addressed as follows:

Elton Mathis
Criminal District Attorney
642 12th Street
Hempstead, Texas 77445

/s/Frank Blazek
Frank Blazek

NO. _____

_____

IN THE
COURT OF CRIMINAL APPEALS
FOR THE
STATE OF TEXAS

_____

IN RE DOMINIQUE DONTAE LASKER, Relator

_____

<u>PETITION FOR WRIT OF MANDAMUS</u>

|  |  |
|---|---|
| <u>**ORAL ARGUMENT REQUESTED**</u> | Frank Blazek<br>State Bar No. 02475500<br>SMITHER, MARTIN,<br>HENDERSON & BLAZEK, P.C.<br>1414 11th Street<br>Huntsville, Texas  77340<br>(936) 295-2624<br>(936) 294-9784 [Telecopier]<br>frankblazek@smithermartin.com<br><br>William F. Carter<br>State Bar No. 03932800<br>108 E. William J. Bryan Parkway<br>Bryan, Texas 77803-5334<br>(979) 779-0712<br>(979) 779-9243 [Telecopier]<br>wfcarter73@yahoo.com<br><br>**ATTORNEYS FOR RELATOR** |

## Identity of Parties and Counsel

The following is a list of all parties and all counsel in this matter:

Relator in this matter is DOMINIQUE DONTAE LASKER, and is Defendant in the underlying cases described below.  The attorneys representing Relator are:

Frank Blazek  
SMITHER, MARTIN,  
HENDERSON & BLAZEK, P.C.  
1414 11th Street  
Huntsville, Texas 77340  

William F. Carter  
108 E. William J. Bryan Parkway  
Bryan, Texas 77803-5334

Respondent in this matter is the Honorable Albert M. McCaig, Jr., Judge of

the 506th Judicial District Court of Waller County, Texas.

The real party in interest in this case is THE STATE OF TEXAS

represented by counsel as indicated:

Elton R. Mathis  
Criminal District Attorney  
Waller County  
645 12th Street  
Hempstead, Texas 77445

# Table of Contents

Identity of Parties and Counsel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

Index of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iv

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

Statement of Jurisdiction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

Statement of Issue Presented. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

Statement of Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

Argument and Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

Prayer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

Certification. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

Certificate of Service.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

Appendix . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

# Index of Authorities

*Alabama v. Bozeman*, 533 U.S. 146, 121 S.Ct. 2079 (2001). . . . . . . . . . . . . .  10

*Bryant v. State*, 819 S.W.2d 927 (Tex. App.–Houston [14th Dist.] 1991, pet. ref'd). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

*Burton v. State*, 805 S.W.2d 564 (Tex. App.–Dallas 1991, pet. ref'd). . . . . . . .  7

*Culer v. Adams*, 449 U.S. 433, 101 S. Ct. 703, 66 L. Ed. 2d 641 (1981). . . . .  1

*Engle v. Coker*, 820 S.W.2d 247 (Tex. App.–Beaumont 1991). . . . . . . . . . .  3, 9

*Fex v. Michigan*, 507 U.S. 43, 113 S.Ct. 1085 (1993). . . . . . . . . . . . . . . . . . .  8

*Huff v. State*, No. 04–13–00891–CR, 2015 Tex. App. LEXIS 3401 (Tex. App.–San Antonio, April 8, 2015). . . . . . . . . . . . . . . . . . . . . . . . . .  7

*In re Dacus*, 337 S.W.3d 501 (Tex. App.–Ft. Worth 2011). . . . . . . . . . . . . . .  6

*Lara v. State*, 909 S.W.2d 615 (Tex. App.–Fort Worth 1995, pet. ref'd). . . . .  7

*Rowe v. State*, Nos. 01–97–00677–CR & 01–97–00678–CR, 1999 Tex. App. LEXIS 4922, 1999 WL 442139, (Tex. App.–Houston [1st Dist.] July 1, 1999, pet. ref'd). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

*Snyder v. State*, No. 08-04-00246-CR, 2005 Tex. App. LEXIS 7750, 2005 WL 2313676 (Tex. App.–El Paso Sept. 22, 2005, no pet.). . . . . . . . . . .  7

*State v. Powell*, 971 S.W.2d 577 (Tex. App.–Dallas 1998, no pet.). . . . . . . . .  7

*United States v. Mauro*, 436 U.S. 340. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

*Walker v. State*, 201 S.W.3d 841. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

<u>Texas Constitution</u>:

Tex. Const. Art. V Sec. 5(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

<u>Statutes</u>:

Tex. C. Crim. P. Art. 4.04.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

Tex. C. Crim. P. Art. 51.14. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-9

Tex. C. Crim. P. Art. 51.14 Art. IX. . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

Tex. C. Crim. P. Art. 51.14, Art. III. . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

Tex. C. Crim. P. Art. 51.14, Art. III(a). . . . . . . . . . . . . . . . . . . . . . . . . .  6

Tex. C. Crim. P. Art. 51.14, Art. V(c). . . . . . . . . . . . . . . . . . . . . . . . .  5, 6

<u>Rules</u>:

Tex. R. App. P. 52. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

## Statement of the Case

1. The underlying suit arises out of Cause Numbers 11–01–13703, 11–01–13704 and 11–01–13705, entitled "THE STATE OF TEXAS v. DOMINIQUE DONTAE LASKER" in the 506th Judicial District Court of Waller County, Texas.

2. Respondent is ALBERT M. McCAIG, JR., Judge of the 506th Judicial District Court of Waller County, Texas.

3. Relator/Defendant, Dominique Dontae Lasker, is entitled to relief, a dismissal of charges, pursuant to the provisions of the Interstate Agreement on Detainers. Tex. C. Crim. P. Art. 51.14 (IADA). On March 11, 2014, and July 15, 2014, the trial court entered orders denying Defendant's motions seeking relief under the IADA. Appendix I, pp. 147, 157; Appendix II, pp. 149, 154; Appendix III, pp. 149, 154.

The IADA is a congressionally-sanctioned compact between the United States and the states, see *Culer v. Adams*, 449 U.S. 433, 442, 101 S. Ct. 703, 66 L. Ed. 2d 641 (1981).

The action of Respondent, the Honorable Albert M. McCaig, Jr., the Presiding Judge of the 506th Judicial District Court of Waller County, Texas, being complained of is the issuance of Orders denying Defendant's Motion to

Dismiss and Motion to Dismiss for Violation of the Interstate Agreement on Detainers that does not comport with the mandate of the IADA. Relator, DOMINIQUE DONTAE LASKER, seeks an extraordinary Writ of Mandamus from this Honorable Court to compel Respondent to vacate the Orders denying Defendant's Motion to Dismiss and Motion to Dismiss for Violation of the Interstate Agreement on Detainers and ordering Respondent to dismiss the indictment filed against Relator.

4. A petition requesting the same relief was filed in the Court of Appeals for the First Judicial District on July 25, 2014, in Cause Numbers 01–14–00630–CR, 01–14–00631–CR and 01–14–00632–CR. A Memorandum Opinion was issued on January 27, 2015, denying the petition for writ of mandamus. The justices who participated in the decision were Justices Jennings, Massengale and Lloyd. Appendix VIII. Relator's motion for reconsideration en banc was denied on March 31, 2015. Appendix IX.

## Statement of Jurisdiction

The Texas Court of Criminal Appeals has jurisdiction to hear this Original Proceeding and to grant the relief requested under Article V, Section 5(c), of the Texas Constitution; Art. 4.04 Texas Code of Criminal Procedure; and Texas Rule of Appellate Procedure 52.

The Respondent was acting in an official capacity as the Presiding Judge for the 506th Judicial District Court of Waller County, Texas, when the actions complained of occurred. The Relator has no right of appeal from the actions of Respondent, and no other adequate remedy at law is available. The actions sought to be compelled of Respondent are ministerial rather than discretionary in nature.

## Statement of Issue Presented

THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT ALTHOUGH DEFENDANT WAS NOT TAKEN TO TRIAL WITHIN THE 180 DAYS FROM THE DATE HIS REQUEST FOR SPEEDY DISPOSITION OF HIS DETAINER WAS RECEIVED OR WITHIN THE120 DAYS FROM HIS ARRIVAL TO WALLER COUNTY IN VIOLATION OF THE MANDATE OF *ENGLE V. COKER*, 820 S.W.2d 247 (TEX. APP.–BEAUMONT 1991) AND THE INTERSTATE AGREEMENT ON DETAINERS ACT, TEX. C. CRIM. P. ART. 51.14.

## Statement of Facts

On January 27, 2011, Relator was indicted for the offense of murder of Stanley Ray Jackson in Cause Number 11-01-13704. Appendix II, p. 2. On January 27, 2011, Relator was indicted for the offense of murder of Janella Edwards in Cause Number 11-01-13705. Appendix III, p. 2. On January 27, 2011, Relator was indicted for the offense of capital murders of Stanley Ray Jackson and Janella Edwards in Cause Number 11-01-13703. Appendix I, p. 2. At that time Relator was in federal custody on federal back robbery charges

unrelated to the capital murder and murder charges. See the stipulation of the parties. Appendix VII-5, p. 34.

On December 16, 2011, Relator was sentenced to the federal prison for one hundred and twenty-one months. Appendix VII-5, p. 33. While he was in the federal prison serving that sentence Waller County placed a detainer on him for the three indictments. See the statement of the prosecutor. Appendix VII-5, p. 7. While serving that sentence and while the Waller County detainers were placed on him, Relator made two requests for speedy disposition of the detainers. Appendix I, pp. 6 & 18; Appendix II, pp. 6 and 18; Appendix III, pp. 6 and 18.

Relator submitted his first request for speedy disposition under the Interstate Agreement on Detainers (IADA) in July of 2012. Appendix VII-5, p. 18. It was received by the District Clerk of Waller County on July 16, 2012. It was received by the District Attorney on July 19, 2012. Appendix I, p. 170; Appendix II, p. 167; Appendix III, p. 167.

Relator submitted his second request for speedy disposition under the IADA in 2013. The second request was received by the District Clerk and the District Attorney on February 8, 2013. The second request was mailed by certified mail. Appendix VII-5, p. 19.

Pursuant to the IADA the State of Texas requested that the federal government enter into an agreement allowing Texas to have temporary custody of Relator. Texas obtained such temporary custody of Relator on May 24, 2013. Appendix VII-5, p. 21.

Pursuant to the IADA, Article III, the State is required to bring the case to trial within 180 days of Relator's request. If Relator's first request was sufficient, then the 180-day time period expired on January 14, 2013. If for any reason that request is deemed flawed, and if his second request is sufficient, then the time period expired on or before August 7, 2013. The record will show that this case was not brought to trial nor was any continuance granted prior to August 7, 2013. Pursuant to Art. V(c) of the IADA, Relator is entitled to have all three indictments dismissed with prejudice.

On September 9, 2013, in open court the State's motion for continuance was granted until February 24, 2014, over the objections of Relator that such order violated the IADA. Appendix VII-3, pp. 30-31. The continuance was granted without good cause.

On March 11, 2014, the trial court denied Defendant's motions to dismiss, signing the written order in Cause Number 11–01–13703 on that date (Appendix I, p. 147) and signing the orders in Cause Numbers 11–01–13704 and

11–01–13705 on July 2, 2014. Appendix II, p. 149; Appendix III, p. 149. On July 15, 2014, the trial court denied Defendant's Motions to Dismiss for Violation of the Interstate Agreement on Detainers. Appendix I, p. 157; Appendix II:, p. 154; Appendix III, p. 154. From these Orders Relator files this Petition for Writ of Mandamus.

## Argument and Authorities

A prisoner who is transferred pursuant to the IADA is entitled to be tried within 180 days of the receipt of his demand for speedy disposition. Tex. C. Crim. P. Art. 51.14, Art. III(a) and Art. V(c). Mandamus relief should be granted when a trial court fails to grant a dismissal with prejudice despite a violation of the IADA. *In re Dacus*, 337 S.W.3d 501, (Tex. App.–Ft. Worth 2011).

In this case the Court and the prosecutor received two requests demanding speedy disposition of the charges pending in Waller County, Texas. At the time those requests were made Relator was an inmate in the federal penitentiary while Waller County had lodged a detainer on him for these charges. The first request was sent by the Relator directly to the Court and to the prosecutor. The second request was submitted by the Relator to the warden, who sent the requests to the Court and the prosecutor by certified mail.

The State contended to the trial court that both sets of requests were fatally defective and did not invoke the IADA. With regard to the first request the State complains that the request was not submitted to the warden and mailed to the Court and the prosecutor by certified mail. Appendix VII-5, pp. 8-9. Some Texas courts have held that it is not required that the IADA request go through the warden, but that the inmate may himself make the demand for speedy disposition directly to the Court and the prosecuting attorney. *Huff v. State*, No. 04–13–00891–CR, 2015 Tex. App. LEXIS 3401 (Tex. App.–San Antonio, April 8, 2015), at *24, citing *Walker v. State*, 201 S.W.3d 841 at 846; *Snyder v. State*, No. 08-04-00246-CR, 2005 Tex. App. LEXIS 7750, 2005 WL 2313676, at *1 (Tex. App.–El Paso Sept. 22, 2005, no pet.) (not designated for publication); *Rowe v. State*, Nos. 01–97–00677–CR & 01–97–00678–CR, 1999 Tex. App. LEXIS 4922, 1999 WL 442139, at *7 (Tex. App.–Houston [1st Dist.] July 1, 1999, pet. ref'd) (not designated for publication); *State v. Powell*, 971 S.W.2d 577, 580 (Tex. App.–Dallas 1998, no pet.); *Lara v. State*, 909 S.W.2d 615, 618 (Tex. App.–Fort Worth 1995, pet. ref'd); *Bryant v. State*, 819 S.W.2d 927, 931 (Tex. App.–Houston [14th Dist.] 1991, pet. ref'd); *Burton v. State*, 805 S.W.2d 564, 575 (Tex. App.–Dallas 1991, pet. ref'd). With regard to his first request, there is no controversy that both the State and the Court received an explicit request for

speedy disposition under the IADA directly from Relator, albeit not by certified mail or with the certificate of the warden.

The case of *Fex v. Michigan*, 507 U.S. 43, 52, 113 S.Ct. 1085, 1091 (1993), suggests the 180-day time period begins when the request is received by the prosecutor and the court. The U.S. Supreme Court has never indicated that the manner the request is sent is significant to the implementation of the IADA.

The Supreme Court has rejected narrow interpretations of the IADA once a detainer has lodged and the policies of the IADA are fully implicated. *United States v. Mauro*, 436 U.S. 340, at 362. Article IX of the IADA states that "[t]his agreement shall be liberally construed so as to effectuate its purpose."

The State's argument that Relator's first request is deficient and fails to invoke the time limits of the IADA is contrary to the Supreme Court's guidance in *Mauro* and Article IX of the Agreement.

The State's contention concerning Relator's second request has no basis in any precedent. The State contended at the February 11, 2014, hearing that the Warden's certificate did not contain information concerning Relator's parole eligibility date or what action the Parole Board had taken concerning Relator. Appendix VII-5, p. 10. In response, at that hearing Relator's counsel asked the trial court to take judicial knowledge that Relator as a federal prisoner was not

eligible for parole. Appendix VII-5, pp. 22-23. Relator's counsel also argued that although the two lines were left blank they "were appropriately left blank. ... They could have said none, not applicable, there are other ways to do it, but blank is also accurate." Appendix VII-5, p. 27.

Should this Court consider the two blanks on the certificate material, the defects should be considered waived. In *Engle v. Coker*, 820 S.W.2d 247 (Tex. App.–Beaumont 1991), the State argued that defects in the notice of imprisonment and request for disposition should prevent any dismissal under the IADA. The Beaumont Court pointed out that the State's action in bringing Engle to Texas waived any defects; the court enforced the time limits of the IADA despite the defects and dismissed the prosecutions.

Here the valid second request for disposition was received by both the Court and the prosecutor on February 8, 2013. Relator was returned to Waller County on May 24, 2013. The 180-day time period expired on August 7, 2013. No defect in the warden's certification prevented the State from seeking a trial date or a continuance before the August 7 deadline. The failure to try the case or get a continuance before that date is fatal and demands a dismissal under the IADA.

As the Supreme Court wrote:

For present purposes, it is important to keep in mind that the Agreement basically (1) gives a prisoner the right to demand a trial

within 180 days; and (2) gives a State the right to obtain a prisoner for purposes of trial, in which case the State (a) must try the prisoner within 120 days of his arrival, and (b) must not return the prisoner to his "original place of imprisonment" prior to that trial.

*Alabama v. Bozeman*, 533 U.S. 146, 151, 121 S.Ct. 2079, 2083 (2001).

Based on the foregoing Relator is entitled to relief and dismissal of all three indictments pending in Waller County.

### Prayer

Relator prays that this Honorable Court grant this Petition for Writ of Mandamus and issue an order directing the trial court to dismiss with prejudice the indictments in Cause Numbers 11–01–13703, 11–01–13704 and 11–01–13705 because of the violations of the time limits in the IADA.

Respectfully submitted,

**SMITHER, MARTIN,**
**HENDERSON & BLAZEK, P.C.**
1414 11th Street
Huntsville, Texas 77340
(936) 295-2624
(936) 294-9784 [Telecopier]


By /s/ Frank Blazek
    Frank Blazek
    State Bar No. 02475500
    frankblazek@smithermartin.com

William F. Carter
State Bar No. 03932800
108 E. William J. Bryan Parkway
Bryan, Texas 77803-5334
(979) 779-0712
(979) 779-9243 [Telecopier]
wfcarter73@yahoo.com

ATTORNEYS FOR RELATOR

## Certification

I hereby certify that I have reviewed the above Petition for Writ of Mandamus and have concluded that every factual statement in the said petition is supported by competent evidence included in the appendix or record.

/s/Frank Blazek
FRANK BLAZEK

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing Petition for Writ of Mandamus was forwarded by U.S. Mail, postage prepaid, on the 29th day of April, 2015, to the following parties, pursuant to TEX. R. APP. 9.5(d) and TEX. R. APP. 52.10(a):

The Honorable Albert M. McCaig, Jr.
506th Judicial District Court
836 Austin Street, Suite 307
Hempstead, Texas  77445
judge@court506.com

Elton R. Mathis
Criminal District Attorney
Waller County
645 12th Street
Hempstead, Texas 77445
e.mathis@wallercounty.us


/s/ Frank Blazek
Frank Blazek

# APPENDIX

C:\NetShare\FB\CRIM_K-O\Lasker.DD.81075\Mandamus-CCA\Petition.wpdF

# CONTENTS OF APPENDIX

Appendix Number

Clerk's Records:
  No. 11-01-13703 - Capital Murder                                  I
  No. 11-01-13704 - Capital Murder                                  II
  No. 11-01-13705 - Capital Murder                                  III
  No. 11-01-13703 - Supplemental Record                            IV
  No. 11-01-13704 - Supplemental Record                            V
  No. 11-01-13705 - Supplemental Record                            VI

Reporter's Record:
  Vol. 1 of 6 - Master Index                                        VII-1
  Vol. 2 of 6 - Hearing on Appointment of Counsel (6-4-13)         VII-2
  Vol. 3 of 6 - Hearing on Motions (9-9-13)                        VII-3
  Vol. 4 of 6 - Hearing on Motions (11-4-13)                       VII-4
  Vol. 5 of 6 - Hearing on Motions (2-11-14)                       VII-5
  Vol. 6 of 6 - Exhibit Index                                       VII-6

Memorandum Opinion                                                  VIII

Order on Motion for En Banc Reconsideration                         IX

# CLERK'S RECORD
## (Petition for Writ of Mandamus)
First Court of Appeals
Court of Appeals No. 01-14-00630-CR (Count 1)
Trial Court Cause No 11-01-13703
In the 506th District Court
Of Waller County, Texas
Hon. Albert M. McCaig, Jr.

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
9/10/2014 11:23:35 AM
CHRISTOPHER A. PRINE
Clerk

## IN RE:
## DOMINIQUE DONTAE LASKER

Appealed to the
Court of Appeals for the FIRST District of Texas, at Houston, Texas

| | |
|---|---|
| Relator | DOMINIQUE DONTAE LASKER |
| Attorneys for Relator | Frank Blazek<br>1414 11th Street<br>Huntsville, Texas 77340<br>Tel: (936)295-2624<br>SBOT No.: 02475500 |
| | William F. Carter<br>108 E. William J. Bryan Parkway<br>Bryan, Texas 77803-5334<br>Tel: (979)779-0712<br>SBOT No.: 03932800 |
| Real Party In Interest | The State of Texas |
| Attorney for State of Texas/<br>Real Party In Interest | Elton Mathis<br>Waller County District Attorney<br>645 12th Street<br>Hempstead, Texas 77445<br>Phone: (979) 826-7718<br>SBOT No. 24014568 |
| Court: | 506th Judicial District Court |
| Judge: | Hon. Albert M. McCaig, Jr. |

Court Reporter:                    Robyn Wiley
                                   836 Austin Street, Rm 307
                                   Hempstead, Texas 77445
                                   (979) 921-0921

---

Delivered to the First Court of Appeals
For the State of Texas
301 Fannin Street
Houston, Texas 77002
The 10th day of September, 2014

**PATRICIA J. SPADACHENE
DISTRICT CLERK OF
WALLER COUNTY, TEXAS**

By: _____, Deputy

---

*Appellate Court Cause No. 01-14-00630-CR (Count 1)*
*Filed in the First Court of Appeals at Houston, Texas*
*This the _____ day of _____, 2014.*

*By _____, Deputy*

**FILED IN THE FIRST COURT OF APPEALS, Cause No. 01-14-00630-CR (Count 1)**
**Trial Court Cause No. 11-01-13703**

| | | |
|---|---|---|
| **IN RE** | § | **IN THE COURT OF APPEALS** |
| | § | |
| | § | **FIRST DISTRICT** |
| | § | |
| **DOMINIQUE DONTAE LASKER** | § | **HOUSTON, TEXAS** |

**PETITION FOR WRIT OF MANDAMUS**
**CLERK'S RECORD, VOL. 1 OF 1**
**(Count 1)**

*INDEX*

*PAGE NO.*

| | | |
|---|---|---|
| *Caption* | | *1* |
| *Indictment* | *Filed 01/27/2011* | *2* |
| *Notice of Place of Imprisonment And Request for Speedy Trial And Final Disposition* | *Filed 07/16/2012* | *3* |
| *Notice and Demand to District Attorney/Prosecutor for Trial or Disposition of Warrants, Informations, Detainers or Indictments by Federal Prisoner* | *Dated 07/02/12* | *6* |
| *Motion to Dismiss for Denial of Constitutional Rights of Due Process and Right to Speedy Trial* | *Dated 12/31/2012* | *8* |
| *Letter to Elton R. Mathis, D.A., From U.S. Dept. of Justice Federal Bureau of Prisons Federal Correctional Complex* | *Filed 02/08/2013* | *15* |

*Defendant's Pro Se Motion to
Dismiss the Indictment or Information
Herein, or in the Alternative,
Defendant's Pro Se Motion for
Appointment of Counsel at
Public Expense*                          *Filed 04/10/2013*                  *23*

*Scheduling Order – Criminal*            *Dated 05/24/2013*                  *29*

*Waller County Magistrate's
Admonishment form Warning of
Constitutional Rights*                   *Dated 05/24/2013*                  *30*

*Order Appointing Counsel*               *Signed 06/04/2013*                 *34*

*Order Appointing Counsel*               *Signed 06/06/2013*                 *35*

*Defendant's Waiver of
Arraignment And Entry of
Plea of Not Guilty*                      *Filed 07/15/2013*                  *36*

*Motion for Appointment of
Attorney as Co-Defense Counsel*          *Filed 07/15/2013*                  *38*

*Order Appointing Attorney*              *Signed 07/18/2013*                 *40*

*State's Notice of Intent to Seek
Death Penalty*                           *Filed 08/30/2013*                  *41*

*State's Motion for Discovery of
Expert Witnesses*                        *Filed 08/30/2013*                  *43*

*State's First Motion for Continuance*   *Filed 08/30/2013*                  *46*

*State's Motion for Competency
Examination*                             *Filed 08/30/2013*                  *53*

*State's First Motion for Continuance*   *Filed 08/30/2013*                  *56*

*States Motion for Competency
Examination*                             *Filed 08/30/213*                   *63*

*State's Motion for Discovery of
Expert Witnesses*                        *Filed 08/30/2013*                  *65*

*Motion to Dismiss*                      *Filed 09/09/2013*                  *67*

| | | |
|---|---|---|
| *Motion for Disclosure of Favorable Evidence* | *Filed 09/09/2013* | *70* |
| *Standard Discovery Order* | *Signed 09/09/2013* | *74* |
| *Scheduling Order – Criminal* | *Dated 09/09/2013* | *75* |
| *First Amended Motion to Dismiss* | *Filed 10/30/2013* | *76* |
| *Scheduling Order – Criminal* | *Signed 11/04/13* | *80* |
| *Letter from Defendant to Court* | *Filed 11/08/2013* | *81* |
| *Copy of Letter from D.A. to Mr. Blazek including Attachments* | *Filed 11/18/2013* | *85* |
| *Scheduling Order – Criminal* | *Dated 01/08/2014* | *137* |
| *Defendant's First Motion for Continuance* | *Filed 01/21/2014* | *138* |
| *Order* | *Signed 01/21/2014* | *142* |
| *Motion to Suppress Confession* | *Filed 02/10/2014* | *143* |
| *Order (Motion to Dismiss)* | *Signed 03/11/2014* | *147* |
| *Notice of Preferential Trial Setting* | *Dated 04/04/2014* | *148* |
| *Scheduling Order – Criminal* | *Dated 04/04/2014* | *149* |
| *Agreed Motion for Transcription Of Pretrial Hearings* | *Filed 04/09/2014* | *150* |
| *Order* | *Signed 04/09/2014* | *152* |
| *Motion to Dismiss for Violation Of the Interstate Agreement On Detainers* | *Filed 07/14/2014* | *153* |
| *Order* | *Signed 07/15/2014* | *157* |
| *Attorney Fee Voucher* | *Dated 07/14/2014* | *158* |

*Notice to Prepare Reporter's Record*        *Filed 09/03/2014*                *165*

*Designation of Items to be*
*Included in the Record*        *Filed 09/03/2014*                *167*

*State's Response to Defendant's*
*Motion to Dismiss*        *Filed 09/04/2014*                *169*

*Court's Docket Sheet*                *213*

*Certification*                *215*

*THE STATE OF TEXAS*

*COUNTY OF WALLER*

*In the 506th Judicial District Court of Waller County, Texas, the Honorable Albert M. McCaig, Jr., presiding, the following proceedings were held and the following instruments and other papers were filed in this cause, to wit:*

1st COURT OF APPEAL NO. 01-14-00630-CR (Count 1)
*TRIAL COURT CAUSE NO. 11-01-13703*

**CLERK'S RECORD**

**VOLUME 1 OF 1**

| | | |
|---|---|---|
| **IN RE** | § | **IN THE COURT OF APPEALS** |
| | § | |
| | § | **FIRST DISTRICT** |
| | § | |
| **DOMINIQUE DONTAE LASKER** | § | **HOUSTON, TEXAS** |

NO. _11-01-13703_

THE STATE OF TEXAS

VS.

DOMINIQUE DONTAE LASKER
B/M          DOB:  03/21/1984

Charge: CAPITAL MURDER
Section: 19.03
Degree:  CAPITAL FELONY

IN THE DISTRICT COURT OF

WALLER COUNTY, TEXAS

_506th_ JUDICIAL DISTRICT

## INDICTMENT

**IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS;**

The Grand Jury for the County of Waller and the State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the January term, A.D. 2011 of the 506th Judicial District Court of said County, upon their oaths present in and to said Court at said term that DOMINIQUE DONTAE LASKER, hereinafter styled Defendant, on or about the 11TH day of MARCH, 2010, and before the presentment of this indictment, in Waller County, Texas, did then and there intentionally or knowingly cause the death of an individual, namely, Stanley Ray Jackson, by shooting Stanley Ray Jackson with a firearm, and did then and there intentionally or knowingly cause the death of another individual, namely, Janella Edwards, by shooting Janella Edwards with a firearm, and both murders were committed during the same criminal transaction.

The Grand Jury for the County of Waller and the State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the January term, A.D. 2011 of the 506th Judicial District Court of said County, upon their oaths present in and to said Court at said term that DOMINIQUE DONTAE LASKER, hereinafter styled Defendant, on or about the 11TH day of MARCH, 2010, and before the presentment of this indictment, in Waller County, Texas, did then and there intentionally cause the death of an individual, namely, Stanley Ray Jackson, by shooting Stanley Ray Jackson with a firearm, and the defendant was then and there in the course of committing or attempting to commit the offense of robbery of Stanley Ray Jackson.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_Paul A Wood_
Foreman of the Grand Jury

Filed AT 1:05 O'Clock P M
PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS
BY
DEPUTY
1-27-11

2

*No Action at this time.* _AM_

_____ct _____ COURT OF __Waller__ COUNTY

HE STATE OF __Texas__ [ 506 District]

)
)  NOTICE OF PLACE OF IMPRISONMENT AND
)  REQUEST FOR SPEEDY TRIAL AND FINAL
)  DISPOSITION...Pursuant to .........
)  (Tex.Code Crim.Proc. Ann.Art. 51.14    )
v.      )  (Constitution, Art. VI, § 10          )
)
Dominique Dontae Lasker  )  CASE NO. 11-01-13703 979-826-8282
__Defendant.__      )       11-01-13704 979-826-8282
)       11-01-13705 979-826-8282

Notice is hereby given that the above-named Defendant, __Dominique Dontae Lasker__, is currently a federal prisoner in the custody of the United States Attorney General, and is incarcerated at the Victorville Federal Correctional Complex located in Adelanto, California. Defendant would further show:

1. The defendant is serving an approximate term of __121__ months of imprisonment from a judgment imposed by the United District Court for the __Southern__ District of __California__, on __December__, __16__, __2011__. Defendant has a projected release date from federal custody on __August__, __13__, 20 __19__. (see attached sentencing computation/data sheet).

2. The defendant has been advised that there are, or may be, outstanding citations, warrants, informations, charges, and/or complaints pending in this jurisdiction. Specifically:
1). Capital Murder Charges...Warrant # 11-01-13703 979-826-8282
2). Capital Murder Charges...Warrant # 11-01-13704 979-826-8282
3). Capital Murder Charges...Warrant # 11-01-13705 979-826-8282

3. The defendant moves this Court to order he be brought for trial, and that prosecuting authorities arrange temporary custody under the appropriate provisions for Interstate Agreement on Detainers. The Defendant further requests in an absence of availability of trial, an *in abstentia* resolution be arranged.

VIP Law Library Forms/NoticeSpeedyTrial-Detainer (Rev 9/11)

3

4. This Motion is based upon the Defendant's Sixth Amendment speedy trial guarentee that is binding on the states through the Due Process Clause of the Fourteenth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 222-223 (1967). A state is responsible for a defendant's speedy trial rights, even where a defendant is held in federal prison. see: *Smith v Hooey*, 393 U.S. 374 (1969). This notice would further trigger defendant's request under the Interstate Agreement on Detainers. see: *Fex v. Michigan*, 507 U.S. 43, 113 S.Ct. 1088, 122 L.Ed.2d 406 (1993).

WHEREFORE, the defendant prays that the Court initiate all needed and necessary orders and actions required to resolve this matter by trial or settlement *in abstentia*, including an order for the district attorney/prosecutor to seek temporary custody from federal authorities under IAD provisions, and the dismissal of any outstanding citations, warrants, informations, charges. and/or complaints presently pending in this jurisdiction, within a reasonable period of time not

*Put District Attorneys Address down here!*

Respectfully Submitted,

Dated: ~~2018/07/03~~

Dominique Dontae La~~s~~
Reg. No. 22867-298
United States Penitentiary
Victorville FCC
PO Box ~~5300~~ 3900
Adelanto, CA 92031

## CERTIFCATE OF SERVICE

I hereby certify that a copy of this document was mailed to the office of the district attorney/prosecutor for this jurisdiction, addressed as below.:

District Attorney
846 6th Street Suite 1
Hempstead TX, 77445

Date: ~~2018/07/3~~

Mr. Dominique Dontae Lasker

2

# CERTIFICATE OF SERVICE

I, __Dominique Dontae Lasker__, hereby certify that I have served a true and

complete copy of the following: Notice of place of imprisonment and request for speedy trial and final disposition...pursuant to:

Tex. Code. Crim. Proc. Ann. Art. 51.14, and

Tex. Constitution, Art. VI, § 10

By placing the same in the care and custody of prison officials of the United States Penitentiary,

Victorville USP/FCC, at Adelanto, California, on this __16__ day of

__January__, 20 __12__, with sufficient postage affixed. It would be

noted that this service would be deemed filed at the time it was delivered to prison authorities for

forwarding to the court. see: *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245

(1988). This service was addressed to the following party or parties:

1). District Court, 506th District
Attn: Patricia Spadachene, District Clerk
Waller County Courthouse
836 Austin Ct., Room 318
Heapstead, TX 77445-4673

2). District Attorney/Prosecutors
OFFICE
FOR WALLER COUNTY

__846 6th Street Suite (__

__Hempstead TX, 77445__

Dominique Dontae Lasker
Reg. No. 22867-298
United States Penitentiary
Victorville FCC
PO Box 5300
Adelanto, CA 92301

.5

# NOTICE AND DEMAND TO DISTRICT ATTORNEY/PROSECUTOR
## FOR TRIAL OR DISPOSITION OF WARRANTS, INFORMATIONS, DETAINERS OR INDICTMENTS BY FEDERAL PRISONER

TO: Office of District Attorney

846 6th Street Suite 1

Hempstead TX 77445

FROM: Dominique Dontae Lasker
Reg. No. 22867-298
United States Penitentiary
Victorville FCC
PO Box XXXX 3900
Adelanto, CA 92301

Dear Sir/Madam:

1. I have been informed that I have the following outstanding warrant(s), indictment(s), or complaint(s) under the following case numbers, issuing from your jurisdiction:

| Capital Murder Charge | # 11-01-13703 979-826-8282 |
| Capital Murder Charge | # 11-01-13704 979-826-8282 |
| Capital Murder Charge | # 11-01-13705 979-826-8282 |
| | # |

2. I am presently a federal prisoner in the custody of the United States Attorney General, incarcerated at the Victorville Federal Correctional Complex, located in Adelanto, California.

3. I was sentenced in the United States District Court for the __Southern__ District of __California__, to a term of __121__ months. My current projected release date from federal custody is __August__, __13__, 20 __19__, as found in the attached BOP documentation (see Sentence Monitoring/Data Computation printout).

4. The outstanding charges pending from this jurisdiction adversely affect the conditions of my incarceration, and do not allow my participation in certain rehabilitative programs. I remain in a higher security classification category and the delay in prosecution prejudices my defense against these outstanding charges.

5. I have provided this communication to invoke the statutes, rules and procedures of this State for speedy trial and disposition of untried warrants, indictments and complaints. Based upon these provisions I would demand a speedy trial or disposition within one-hundred and twenty (120) days, on any and all criminal actions in your jurisdiction and/or alternatively, that you submit request for temporary custody to the federal bureau of prison authorities, pursuant to the requirements of applicable statutes for Interstate Agreement on Detainers ("IAD").

Cordially,

Dated: 2012/07/12 ~~~signature~~~
Authorizated by the Act of Dominique Dontae Lasker    REQUESTOR
July 7, 1955, as amended,
to administer oaths (18

_____
WITNESS-PRISON STAFF MEMBER    U.S.C. § 4004).

COPIES: ORIGINAL TO DISTRICT ATTORNEY, AND KEEP COPY FOR OWN RECORDS TO BE USED WITH REQUEST TO COURT FOR DISMISSAL. ALSO: INCLUDE DOCUMENTATION FROM THE CASE MANAGER/RECORDS REGARDING THE WARRANT/DETAINER AND IF POSSIBLE YOUR SENTENCE MONITORING/DATA COMPUTATION PRINTOUT SHOWING YOUR PROJECTED RELEASE DATE

6

```
REGNO...: 22867-298    NAME: LASKER, DOMINIQUE DONTAE
ARS 1...: VIP A-DES                                PLRA
COMPUTATION NUMBER..: 010                     PRT    ACT DT:
LAST UPDATED: DATE.: 12-30-2011       FACL..: DSC      CALC: AUTOMATIC
UNIT................: 6 A             QUARTERS............: F61-119L
DATE COMP BEGINS....: 12-16-2011      COMP STATUS.........: COMPLETE
TOTAL JAIL CREDIT...: 412             TOTAL INOP TIME.....: 0
CURRENT REL DT......: 10-06-2020 TUE  EXPIRES FULL TERM DT: 11-29-2020
PROJ SATISFACT DT...: 08-13-2019 TUE  PROJ SATISF METHOD..: GCT REL
ACTUAL SATISFACT DT.:                 ACTUAL SATISF METHOD:
DAYS REMAINING......:                 FINAL PUBLC LAW DAYS:
GED PART STATUS.....:                 DEPORT ORDER DATED..:
```

```
-------------------------GOOD CONDUCT TIME AMOUNTS-------------------------

    START        STOP      MAX POSSIBLE TO    ACTUAL TOTALS    VESTED    VESTED
    DATE         DATE      DIS  FFT          DIS   FFT         AMOUNT    DATE
  10-31-2010  10-30-2011   54   54
  10-31-2011  10-30-2012   54
  10-31-2012  10-30-2013   54
  10-31-2013  10-30-2014   54
  10-31-2014  10-30-2015   54
  10-31-2015  10-30-2016   54
  10-31-2016  10-30-2017   54
  10-31-2017  10-30-2018   54
  10-31-2018  08-13-2019   42


     TOTAL EARNED AMOUNT.........................................:      54
     TOTAL EARNED AND PROJECTED AMOUNT...........................:     474
```

G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

MOTION TO DISMISS FOR DENIAL OF
CONSTITUTIONAL RIGHTS OF DUE PROCESS AND RIGHT TO SPEEDY
TRIAL

THE DEFENDANT, IN PROPRIA PERSONA, MOVES THE COURT TO
ORDER THAT THIS CAUSE BE DISMISSED PURSUANT TO THE PROVISIONS
OF THE SPEEDY TRIAL ACT OF 1974(18 U.S.C. 3161-3174).

THE GROUNDS FOR THE MOTION ARE THAT THE DEFENDANTS
DUE PROCESS right UNDER THE FOURTEENTH AMENDMENT TO THE
UNITED STATES CONSTITUTION TO PROMPT INITIATION OF THE
PROSECUTION, THE DEFENDANT'S RIGHT TO A SPEEDY TRIAL UNDER
THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION HAVE
ALL BEEN DENIED BY THE GOVERNMENT'S DELIBERATE AND PERSISTENT
PATTERN OF oppressive AND PREJUDICIAL DELAYS IN THIS ACTION,
ALL OFF WHICH HAVE COMBINED TO PREVENT THE DEFENDANT FROM
ADEQUATELY PREPARING A DEFENSE AGAINST CHARGES.

THE RIGHT TO A SPEEDY TRIAL WAS DECLARED
"FUNDAMENTAL" AND IMPOSED ON THE STATES BY THE DUE PROCESS
CLAUSE OF THE FOURTEENTH AMENDMENT IN KLOPFER V. NORTH
CAROLINA 386 U.S. 213,222-223

1. THE DEFENDANT IS SERVING A SENTENCE OF 121 MONTHS,
IN THE UNITED STATES PENITENTIARY AT VICTORVILLE FEDERAL
CORRECTION COMPLEX, SAN BERNADINO COUNTY, AT ADELANTO,
CALIFORNIA, WITH PROJECTED RELEASE DATE: AUG 13,2019

THE DEFENDANT HAS PENDING CHARGE(S), WARRANT(S)

INDICTMENT(S) OR COMPLAINT(S) IN THIS JURISDICTION, WHICH DO NOT INVOLVE EITHER PENDING PROBATION OR PAROLE VIOLATIONS AND MORE SPECIFICALLY ARE:

1. CAPITAL MURDER 11-01-13703

2. CAPITAL MURDER 11-01-13704

3. CAPITAL MURDER 11-01-13705

3. THE DEFENDANT HAS DEMANDED A SPEEDY TRIAL ON OR ABOUT JULY 07 2012, ALL TO NO AVAIL. DEFFENDANT SERVED A NOTICE AND DEMAND FOR SPEEDY TRIAL OR FINAL DISPOSITION, PURSUANT TO TEX. CODE CRIM.PROC.ANN.ART.51.14

CONSTITUTION, ART 6 SEC 10 VIA FORM, ON THE OFFICE OF DISTRICT ATTORNEY. AT THE TIME OF NOTICE UPON THE DISTRICT ATTORNEY THE DEFENDANT PROVIDED A NOTICE WITH THIS COURT CONCERNING THE OUTSTANDING CHARGES, WARRANTS OR COMPLAINTS.

4. ADDITIONALLY THIS ACTION MAY BE CONSTRUED AS AN INTERSTATE AGREEMENT ON DETAINER REQUEST, AND SO DOING, THE DISTRICT ATTORNEY AFTER NOTICE HAS MADE NO EFFORT TO RESOLVE THE MATTER.

5. BASED THEREON, VIRTUALLY ALL LEGISLATURES HAVE ESTABLISHED STATUES DURING WHICH THE TRIAL OF A DEFENDANT MAY OR MAY NOT BE COMMENCED (TEX.CRIM.PROC.CODE.ANN ART 12.01 ET SEQ).

6. MORE THAN 120 DAYS HAVE ELAPSED, WITH NO ACTION BEING TAKEN BY THE DISTRICT ATTORNEY'S OFFICE. THE DEFENDANT MAKES CLEAR INDICATION THAT HE HAS BEEN PREJUDICED

9

BY DELAY IN THIS CASE AND FURTHER THAT HIS PRESENT INCARCERATION HAVE BEEN ADVERSELY AFFECTED. THE SUPREME COURT STATED THAT THE ONLY POSSIBLE REMEDY FOR THE DENIAL OF AN ACCUSED'S RIGHT OF SPEEDY TRIAL UNDER THE FEDERAL CONSTITUTIONS SIXTH AMENDMENT WAS DISMISSAL OF THE INDICTMENT. PURSUANT TO 18 U.S.C. PENAL CODE 3161, THIS COURT HAS THE AUTHORITY TO DISMISS THIS CASE WITH PREJUDICE.

RESPECTFULLY SUBMITTED

DATE: 2012/12/13

DOMINIQUE D LASKER

DATE: 13 Dec 2012

STAFF

SUBSCRIBED AND SWORN BEFORE ME
THIS 13 DAY Dec 20 12
FEDERAL CORRECTIONAL COMPLEX, VICTORVILLE, CA
SAN BERNARDINO COUNTY

CASE MANAGER
AUTHORIZED BY ACT OF CONGRESS JULY 7, 1955
TO ADMINISTER OATHS
(TITLE 18, U.S.C. SECTION 4004)

10

IN THE <u>District</u> COURT OF <u>Waller</u> COUNTY

FOR THE STATE OF <u>Texas</u> [ <u>506 District</u>]

| | | |
|---|---|---|
| <u>Waller County Sheriffs</u>, | ) | **NOTICE OF PLACE OF IMPRISONMENT AND** |
| **Plaintiff,** | ) | **REQUEST FOR SPEEDY TRIAL AND FINAL** |
| | ) | **DISPOSITION.. .** Pursuant to ......... |
| **v.** | ) | ( <u>Tex.Code Crim.Proc. Ann.Art. 51.14</u> ) |
| | ) | ( <u>Constitution, Art. VI, § 10</u> ) |
| | ) | |
| <u>Dominique Dontae Lasker</u>, | ) | CASE NO. <u>11-01-13703 979-826-8282</u> |
| **Defendant.** | ) | <u>11-01-13704 979-826-8282</u> |
| | | <u>11-01-13705 979-826-8282</u> |

Notice is hereby given that the above-named Defendant, <u>Dominique Dontae Lasker</u>, is currently a federal prisoner in the custody of the United States Attorney General, and is incarcerated at the Victorville Federal Correctional Complex located in Adelanto, California. Defendant would further show:

1. The defendant is serving an approximate term of <u>121</u> months of imprisonment from a judgment imposed by the United District Court for the <u>Southern</u> District of <u>California</u>, on <u>December</u>, <u>16</u>, <u>2011</u>. Defendant has a projected release date from federal custody on <u>August</u>, <u>13</u>, 20 <u>19</u>. (see attached sentencing computation/data sheet). .

2. The defendant has been advised that there are, or may be, outstanding citations, warrants, informations, charges, and/or complaints pending in this jurisdiction. Specifically:

<u>1). Capital Murder Charges...Warrant # 11-01-13703 979-826-8282</u>

<u>2). Capital Murder Charges...Warrant # 11-01-13704 979-826-8282</u>

<u>3). Capital Murder Charges...Warrant # 11-01-13705 979-826-8282</u> .

3. The defendant moves this Court to order he be brought for trial, and that prosecuting authorities arrange temporary custody under the appropriate provisions for Interstate Agreement on Detainers. The Defendant further requests in an absence of availability of trial, an *in abstentia* resolution be arranged.

//

IAD Article 34 4c         14 U.S.C. 3136

4. This Motion is based upon the Defendant's Sixth Amendment speedy trial guarentee that is binding on the states through the Due Process Clause of the Fourteenth Amendment. *Klopfer v. North* 14 L.ed 2d 1,87    173 L.ed 2d 1335 *Carolina*, 386 U.S. 213, 222-223 (1967). A state is responsible for a defendant's speedy trial rights, even where a defendant is held in federal prison. see: *Smith v Hooey*, 393 U.S. 374 (1969). This notice would further trigger defendant's request under the Interstate Agreement on Detainers. see: *Fex v. Michigan*, 507 U.S. 43, 113 S.Ct. 1088, 122 L.Ed.2d 406 (1993).

WHEREFORE, the defendant prays that the Court initiate all needed and necessary orders and actions required to resolve this matter by trial or settlement *in abstentia*, including an order for the district attorney/prosecutor to seek temporary custody from federal authorities under IAD provisions, and the dismissal of any outstanding citations, warrants, informations, charges, and/or complaints presently pending in this jurisdiction, within a reasonable period of time not

Put District Attorneys Address down here!

Respectfully Submitted,

Dated: ~~2018/07/03~~

Dominique Dontae Las
Reg. No. 22867-298
United States Penitentiary
Victorville FCC
PO Box ~~XXXX~~ 3900
Adelanto, CA 92031

## CERTIFCATE OF SERVICE

I hereby certify that a copy of this document was mailed to the office of the district attorney/ prosecutor for this jurisdiction, addressed as below.:

District Attorney
846 6th Street Suite 1
Hempstead TX, 77445

Date: ~~2018/07/3~~

Mr. Dominique Dontae Lasker

2

VIP Law Library Forms/NoticeSpeedyTrial-Detainer (Rev. 9/11)

12

BP-A236.

# NOTICE AND DEMAND TO DISTRICT ATTORNEY/PROSECUTOR
# FOR TRIAL OR DISPOSITION OF WARRANTS, INFORMATIONS, DETAINERS OR
# INDICTMENTS BY FEDERAL PRISONER

TO: Office of District Attorney

846 6th Street Suite 1

Hempstead TX 77445

FROM: Dominique Dontae Lasker
Reg. No. 22867-298
United States Penitentiary
Victorville FCC
PO Box XXX 3900
Adelanto, CA 92301

Dear Sir/Madam:

1. I have been informed that I have the following outstanding warrant(s), indictment(s), or complaint(s) under the following case numbers, issuing from your jurisdiction:

| Capital Murder Charge | # 11-01-13703 979-826-8282 |
| Capital Murder Charge | # 11-01-13704 979-826-8282 |
| Capital Murder Charge | # 11-01-13705 979-826-8282 |
|  | # |

2. I am presently a federal prisoner in the custody of the United States Attorney General, incarcerated at the Victorville Federal Correctional Complex, located in Adelanto, California.

3. I was sentenced in the United States District Court for the __Southern__ District of __California__, to a term of __121__ months. My current projected release date from federal custody is __August__, __13__, 20 __19__, as found in the attached BOP documentation (see Sentence Monitoring/Data Computation printout).

4. The outstanding charges pending from this jurisdiction adversely affect the conditions of my incarceration, and do not allow my participation in certain rehabilitative programs. I remain in a higher security classification category and the delay in prosecution prejudices my defense against these outstanding charges.

5. I have provided this communication to invoke the statutes, rules and procedures of this State for speedy trial and disposition of untried warrants, indictments and complaints. Based upon these provisions I would demand a speedy trial or disposition within one-hundred and twenty (120) days, on any and all criminal actions in your jurisdiction and/or alternatively, that you submit request for temporary custody to the federal bureau of prison authorities, pursuant to the requirements of applicable statutes for Interstate Agreement on Detainers ("IAD").

Cordially,

Dated: 2012/07/12

Authorizated by the Act of
July 7, 1955, as amended,
to administer oaths (18
U.S.G. § 4004).

REQUESTOR
Mr. Dominique Dontae Lasker

WITNESS-PRISON STAFF MEMBER

COPIES: ORIGINAL TO DISTRICT ATTORNEY, AND KEEP COPY FOR OWN RECORDS TO BE USED WITH REQUEST TO COURT FOR DISMISSAL. ALSO: INCLUDE DOCUMENTATION FROM THE CASE MANAGER/RECORDS REGARDING THE WARRANT/DETAINER AND IF POSSIBLE YOUR SENTENCE MONITORING/DATA COMPUTATION PRINTOUT SHOWING YOUR PROJECTED RELEASE DATE

13

BP-4258

# CERTIFICATE OF SERVICE

I, ___Dominique Dontae Lasker___ , hereby certify that I have served a true and complete copy of the following: Notice of place of imprisonment and request for speedy trial and final disposition...pursuant to: Tex. Code. Crim. Proc. Ann. Art. 51.14, and Tex. Constitution, Art. VI, § 10

By placing the same in the care and custody of prison officials of the United States Penitentiary, Victorville USP/FCC, at Adelanto, California, on this 16 day of ___January___ , 20 12 , with sufficient postage affixed. It would be noted that this service would be deemed filed at the time it was delivered to prison authorities for forwarding to the court. see: _Houston v. Lack_, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). This service was addressed to the following party or parties:

1). District Court, 506th District
Attn: Patricia Spadachene, District Clerk
Waller County Courthouse
836 Austin Ct., Room 318
Heapstead, TX 77445-4673

2). District Attorney/Prosecutors
OFFICE
FOR WALLER COUNTY

846 6th Street Suite 1
Hempstead TX, 77445

Dominique Dontae Lasker
Reg. No. 22867-298
United States Penitentiary
Victorville FCC
PO Box 5300
Adelanto, CA 92301

U.S. Courthouse
515 Rusk Street
Houston TX. 77002

14



**U.S. Department of Justice**

**Federal Bureau of Prisons**

**Federal Correctional Complex**

Office of the Correctional Systems

DEPUTY

Victorville, California

January 31, 2013

Office of the District Attorney
Elton R. Mathis, Criminal District Attorney
Waller County
506th Judicial District
645 12th Street
Hempstead, Texas 77445

Re: Lasker, Dominique Dontae
    Register Number 22867-289280
    STATE CASE/REFERENCE NO. 11-01-13703; 11-01-13704; 11-01-13705

Dear Mr. Mathis:

In response to your request for temporary custody pursuant to the Interstate Agreement on Detainers Act (IADA), applicable forms are enclosed.

Please be advised subject has been notified of your request and has been afforded a 30-day period in which to contact the Warden of this institution as to any reasons why he should not be produced in your State pursuant to the Agreement.

 X  The inmate has waived this 30-day period.  You may contact this facility directly to arrange for temporary custody.

___ The inmate has elected this 30-day period, provided under Article IV(a), which expires on (___DATE___).  Any court proceedings must occur after this date.

Please remit to this office the original completed Form VI, "Evidence of Agent's Authority to Act for Receiving State" (BP-A564) and originals of the IAD Form V (BP-568) and IAD FormVI (BP-565). The persons designated as agents to return the prisoner to your State must also be the persons whose signatures appear on the Form VI.  Naming alternative agents would be advisable in case your primary agents cannot make the trip.  The alternate agents' signatures should also appear on the Form VI.  Also be advised that the designated agents must have in their possession a copy of the warrant when assuming custody of the prisoner.

/5

Page Two
RE: Lasker, Dominique Dontae
    Register No. 22867-289


Inmates who are temporarily transferred pursuant to the IAD remain under the primary jurisdiction of Federal authorities. Should you accept temporary custody of this inmate, we wish to remind you that under Article V(e) of the IADA, you are required to return the above-named inmate to this institution after prosecution on all pending charges.

While this inmate is in your temporary custody, he/she will be held in a suitable jail that meets the level of security required by the Bureau of Prisons. In addition, security requirements for the inmate must be met. Two law enforcement escort officers, handcuffs, martin chains and leg irons are required. Contract Guard Services are not allowed.

Any problems associated with this inmate must be reported to the individual listed below. This inmate may not be released on bail or bond or any other agency while in your custody. Additionally, this inmate is not to be committed to a state correctional institution for service of any state sentence(s) that may be imposed because of your prosecution.

To help us with processing, please fill out the enclosed certification form and return to us before scheduling a date for assuming custody. Before making scheduling arrangements, please contact this individual below to ensure all required paperwork and approvals have been met.

If you have any questions on this matter, please call: D. Wren, Supervisory Correctional Systems Specialist at 760-530-5748.

                              Sincerely

                              Linda T. McGrew, Warden

                              /s/ D.
                              Wren, SCSS


Enclosures:   BP-Forms A235, A236, A238, A239
              BP-A565, IAD/State Writ - Prosecutor's Certification Form

cc:   Clerk of Court
      State IADA Administrator

16

BP-S235(51)   IAD -NOTICE OF UNTRIED INDICTMENT

U.S. DEPARTMENT OF JUSTICE                           FEDERAL BUREAU OF PRISONS

| INMATE NAME: | REGISTER NUMBER: | INSTITUTION: |
|---|---|---|
| LASKER, DOMINIQUE DONTAE | 22867-298 | FCC VICTORVILLE COMPLEX |

Pursuant to the Interstate Agreement on Detainers Act, you are hereby informed that the following are the untried indictments, information, or complaints against you concerning which the undersigned has knowledge, and the source and contents of each:  **WALLER COUNTY SHERIFF'S OFFICE.  CAPITOL MURDER CAUSE #11-01-13703, 11-01-13704 AND 11-01-13705.**

You are hereby further advised that the provisions of said Agreement you have the right to request the appropriate prosecuting officer of the jurisdiction in which any such indictment, information or complaint is pending and the appropriate court that a final disposition be made thereof.  You shall then be brought to trial within 180 days, unless extended pursuant to provisions of the Agreement, after you have caused to be delivered to said prosecuting officer and said court written notice of the place of your imprisonment and your said request, together with a certificate of the custodial authority as more fully set forth in said Agreement.  However, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

Your request for final disposition will operate as a request for final disposition of all untried indictments, information or complaints on the basis of which detainers have been lodged against you from the state to whose prosecuting official your request for final disposition is specifically directed.  Your request will also be deemed to be a waiver of extradition with respect to any charge or proceedings contemplated thereby or there imposed upon you, after completion of your term of imprisonment in this state.  Your request will also constitute a consent by you to the production of your body in any court where your presence may be required in order to effectuate the purposes of the Agreement on Detainer and a further consent voluntarily to be returned to the institution in which you are now confined.

Should you desire such a request for final disposition of any untried indictment, information or complaint, you are to notify the Inmate Systems Manager of the institution in which you are now confined.

You are also advised that under provisions of said Agreement the prosecuting officer of a jurisdiction in which any such indictment, information or complaint is pending may oppose the request that you be delivered to such prosecuting officer or court.  You may request the Warden to disapprove any such request for your temporary custody but you cannot oppose delivery on the ground that the Warden has not affirmatively consented to or ordered such delivery.

| DATE: | NAME AND TITLE OF CUSTODIAL AUTHORITY | Linda T. McGrew, Complex Warden |
|---|---|---|
| August 31, 2012 | Charles E Samuels Jr. Director, Bureau of Prisons | BY: D. Wren, Correctional Systems Specialist |

| DATED: | INMATE SIGNATURE |
|---|---|
| ꓘoll-/ ꝋq /ʌ7 | |

Original    Inmate
Copy:      J&C File
            Central file

*17*

**BP-S236.051 IAD – PLACEMENT OF IMPRISONMENT**   CDFRM

FEB 94
U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

| To: Prosecuting Officer ELTON R. MATHIS | Jurisdiction: WALLER COUNTY, TX |
|---|---|
| Court: 506th JUDICIAL DISTRICT | Jurisdiction: WALLER COUNTY, TX |

And to all other prosecuting officers and courts of jurisdiction listed below from which indictments, information or complaints are pending, you are hereby notified that the undersigned is now imprisoned in:

Institution:
Federal Correctional Complex - United States Penitentiary  P.O. Box 5400, Victorville, CA 92301

And I hereby request that a final disposition be made of the following indictments, information or complaints now pending against me:     **WARRANT No. 11-01-13703, 11-01-13704 and 11-01-13705**
**CAPITAL MURDER SECTION: 19.03 DEGREE: CAPITAL FELONY**

Failure to take action in accordance with the Interstate Agreement on Detainers Act, to which your state is committed by Law, will result in the invalidation of the indictments, information or complaints.

I hereby agree that this request will operate as a request for final disposition of all untried indictments, information or complaints on the basis of which detainers have been lodged against me from your state. I also agree that this request shall be deemed to be my waiver of extradition with respect to any charge or proceedings contemplated hereby or included herein, and a waiver of extradition to your state to serve any sentence there imposed upon me, after completion of my term of imprisonment in this state. I also agree that this request shall constitute a consent by me to the production of my body in any court where my presence may be required in order to effectuate the purposes of the Interstate Agreement on Detainers Act and a further consent voluntarily to be returned to the institution in which I now am confined.

If jurisdiction over this matter is properly in another agency, court or officer, please designate the proper agency, court or officer and return this form to the sender.

Forms BP-S238(51), Certificate of Inmate Status, and BP-S239(51), Offer of To Deliver Temporary Custody, are attached.
Dated:

Inmate's Name and Register No.:
**January 30, 2013**                          **LASKER, DOMINIQUE DONTAE**
                                              **Federal Register: 22867-298**

The inmate must indicate below whether he has counsel or wishes the court in the receiving state to appoint counsel for purposes of any proceedings preliminary to trial in the receiving state which may take place before his delivery to the jurisdiction in which the indictment, information or complaint is pending. Failure to list the name and address of counsel will be construed to indicate the Inmate's consent to the appointment of counsel by the appropriate court in the receiving state.

| A. My Counsel is (give name) | Address is: (Street, City, State, Zip Code) |
|---|---|
| | |

B.   I request the Court to appoint Counsel. (Inmate's Signature)

18

BP-S238.051 **IAD – CERTIFICATE OF INMATE STATUS**   CDFRM
February 19 94
U.S. DEPARTMENT OF JUSTICE                         FEDERAL BUREAU OF PRISONS

| Inmate's Name: **LASKER, DOMINIQUE DONTAE** | Register No.: **22867-298** | Institution: **FCC VICTORVILLE COMPLEX** |

Institution Address: **Federal Correctional Complex, P.O. BOX 5400 Adelanto, CA 92301**

The (Custodial Authority) hereby certifies:

1. The term of commitment under which the prisoner above named is being held:
   **121 MONTHS**

2. The Time Already Served:     **1 YEAR 3 MONTHS 4 DAYS**

3. Time Remaining to be Served on the Sentence:   **6 YEARS 6 MONTHS 15 DAYS**

4. The Amount of Good Time Earned: **108**

5. The Date of Parole Eligibility of the Prisoner:

6. The decisions of the U.S. Parole Commission relating to the Prisoner:

7. Maximum expiration date under present sentence: **11-29-2020**

Detainers currently on file against this inmate from your state are as follows:
   **WARRANT No. 11-01-13703, 11-01-13704 AND 11-01-13705**

| Date: 1/30/13 | Name and Title of Custodial Authority **Charles E. Samuels Jr.** **Director, Bureau of Prisons** | By: (Chief Executive Officer) **Linda T. McGrew,** **Complex Warden** *D. Wren* **Correctional Systems Specialist** |

Record Copy - State IAD Administrator
Copy - J&C File
Copy - Central File (Sect. 1)
Copy - Prosecuting Official (Mail Certified Return Receipt)
Copy - Clerk of Court (Mail Certified Return Receipt)

*19*

BP-S239.051   **IAD - OFFER TO DELIVER TEMPORARY CUSTODY**   CDFRM
February 1994
**U.S. DEPARTMENT OF JUSTICE**                    FEDERAL BUREAU OF PRISONS

Date:   January 30, 2013

| To:  Prosecuting Officer **ELTON R. MATHIS** | Name and Title (if known) **Criminal District Attorney** | Jurisdiction: **WALLER COUNTY, TX** |
|---|---|---|

And to all other prosecuting officers and courts of jurisdiction listed below from which indictments, information or complaints are pending

Re: (Inmate's Name)                                        Register Number
**LASKER, DOMINIQUE DONTAE**
        **22867-298**

Pursuant to the provisions of Article V of the Interstate Agreement on Detainers Act between this state and your state, the undersigned hereby offers to deliver temporary custody of the above-named prisoner to the appropriate authority in your state in order that speedy and efficient prosecution may be had of the indictment, information or complaint which is described in the attached inmate's request dated:
**September 27, 2012**
        The required Certificate of Inmate Status is enclosed. dated: **January 30, 2013**

        If proceedings under Article IV(d) of the Interstate Agreement on Detainers Act are indicated, an explanation is attached.

        Indictments, information or complaints charging the following offenses also are pending against the inmate in your state and you are hereby authorized to transfer the inmate to custody of appropriate authorities in these jurisdictions for purposes of these indictments, information or complaints.

**CAPITAL MURDER**               **DISTRICT COURT OF WALLER COUNTY, TEXAS**
**19.03**                        **506TH JUDICIAL DISTRICT**
**CAPITAL FELONY**

If you do not intend to bring the inmate to trial, will you please inform us as soon as possible? Kindly acknowledge.

| By: (Chief Executive Officer) | Institution & Address: | Name/Title Custodial Authority: |
|---|---|---|
| **D. Wren** **Correctional Systems Specialist** **Linda T. McGrew** **Complex Warden** | **FCC Victorville - USP** **P.O. Box 5400** **Adelanto, CA 92301** | **Charles E. Samuels Jr.** **Director** **Bureau of Prisons** |

BP-S565.051 **IAD / STATE WRIT - PROSECUTOR'S CERTIFICATION** CDFRMDEC 02
**U.S. DEPARTMENT OF JUSTICE** **FEDERAL BUREAU OF PRISONS**

This is to certify that I, ELTON R. MATHIS, Criminal District Attorney, hereby request temporary custody of **LASKER, DOMINIQUE DONTAE, Federal Register Number 22867-298** via __X__ **IAD** __ **State Writ** (check one), and do hereby agree to the following conditions in connection with the request for custody of said inmate.

### Conditions

a. Agree that said inmate will be provided safekeeping, custody, and care and will assume responsibility for that custody to include providing the inmate with the same level of security required by Bureau of Prisons Policy.

b. Agree to report to the Bureau of Prisons any problems associated with said inmate, to include disciplinary problems, medical emergencies, suicide attempt, escape or attempted escape or any other problem arising during commitment.

c. Agree not to release said inmate on bail or bond or to commit them to an institution for service of any sentence imposed in connection with our prosecution.

d. Agree to return said inmate to the federal institution from which they were obtained at the conclusion of the inmate's appearance in the proceeding for which obtained.

e. Agree to notify the local jail authority of the responsibility to return the inmate to federal custody.

As the Prosecuting Official for the State of **Texas** I, **ELTON R. MATHIS, Criminal District Attorney,** hereby submit the following information in connection with my request for temporary custody of **LASKER, DOMINIQUE DONTAE, Federal Register Number 22867-298**.

### Information

1. Name of facility, location, contact person, and phone number where the inmate will be confined during legal proceedings.

| 2. Scheduled date for trial. | 3. Projected date of return of the prisoner to federal custody: |
|---|---|
| | |

4. Name and phone number of the state agency, specific name of agent(s) who will transport the inmate at direction of the court and whether a private carrier, contractor (if permitted by Bureau of Prisons policy), state agency, or the USMS, will be transporting the inmate for the state.

5. Need for appearance of inmate and nature of action.

6. **For State Writ cases only (not required for IAD):**
   a. Name and address of court issuing writ, name of the judge, and name, address, and phone number of clerk of the court.

   b. Reason production on writ is necessary and reason another alternative is not available (for civil cases).

| 7. Signature and Title of Prosecutor | Date |
|---|---|
| | |

Subscribed and sworn before (Date):_____

| 8. Signature of Notary Public | Date |
|---|---|
| | |

Original - J&C File, Copy - Central File   This form replaces BP-S565 dtd FEB 94)

21

BP-S568.051  **IAD FORM V - REQUEST FOR TEMPORARY CUSTODY** CDFRM AMARILLO FEB 94
**U.S. DEPARTMENT OF JUSTICE** FEDERAL BUREAU OF PRISONS

Six copies. Signed copies must be sent to the prisoner and to the official who has the prisoner in custody. A copy should be sent to the Agreement Administrator of both the sending and the receiving state. Copies should be retained by the person filing the request and the judge who signs the request. Prior to transfer under this Agreement, an inmate may be afforded a judicial hearing (Cuyler) similar to that provided under the Uniform Extradition Act, in which the inmate may bring a limited challenge to the receiving state's request.

### Request for Temporary custody

To: (Warden-Superintendent-Director) - Institution and Address
United States Penitentiary, Victorville FCC., P.O. Box 3900, Adelanto, CA 92301

Please be advised that (Name of Inmate) Dominique Dontae Lasker 72867-298, who is ~~presently~~ an inmate of your institution, is under [indicate appropriate] (indictment) ~~(information)~~ ~~(complaint)~~ in the (Jurisdiction) 506th District Ct. Waller County Texas, of which I am the (Title of Prosecuting Officer) District Attorney . Said inmate is therein charged with the offense(s) enumerated below:

#### Offense(s)

① Capital Murder 11-01-13703, ② ~~Capital Murder~~ 11-01-13704 ③ ~~Capital~~ Murder 11-01-13 ~~...~~

I propose to bring this person to trial on this [indicate appropriate] (indictment) ~~(information)~~ ~~(complaint)~~ within the time specified in Article IV(c) of the Agreement.

In order that proceedings in this matter may be properly had, I hereby request temporary custody of such persons pursuant to Article IV(a) of the Agreement on Detainers.

Attached herewith find in triplicate:
a. Certified copies of the complaint, information or indictment
b. Certified copies of the warrant
c. Certified copies of fingerprints, photographs or physical description

I hereby agree that immediately after trial is completed in this jurisdiction, I will return the prisoner directly to you or allow any jurisdiction you have designated to take temporary custody. I agree also to complete Form IX, The Notice of Disposition of a Detainer, immediately after trial.

| Printed Name and Signature Elton R. Mathis | Title Criminal District Attorney | Date Nov 26, 201 |
|---|---|---|

Address: 645 12th Street
City/State: Hempstead, Texas 77445
Telephone No.: 979-826-7718

I hereby certify that the person whose signature appears above is an appropriate officer within the meaning of Article IV(a) and that the facts recited in this request for temporary custody are correct and that having duly recorded said request, I hereby transmit it for action in accordance with its term and the provisions of the Agreement on Detainers.

| Judge's Printed Name and Signature Albert M. McCaig | Date Nov 26, 2012 |
|---|---|

| Court 506th Judicial District Court | Judicial District 506th |
|---|---|

| City/State Hempstead, Waller County, Texas | Telephone No. 979-826-921-0921 |
|---|---|

(This form may be replicated via WP)

**Albert M. McCaig, Jr.**
Judge, 506th Judicial District Court
Waller and Grimes Counties, Texas

22

FILED
DISTRICT CLERK
WALLER COUNTY, TEXAS

2013 APR 10 PM 3:37

BY_____
DEPUTY

## IN THE DISTRICT COURT OF WALLER COUNTY
## FOR THE STATE OF TEXAS
### (506th District)

| | | |
|---|---|---|
| STATE OF TEXAS, | ) | No. 11-01-13703   979-826-8282 |
| | ) | 11-01-13704   979-826-8282 |
| Plaintiff, | ) | 11-01-13705   979-826-8282 |
| | ) | |
| vs. | ) | DEFENDANT'S PRO SE MOTION TO |
| | ) | DISMISS THE INDICTMENT OR |
| DOMINIQUE DONTAE LASKER, | ) | INFORMATION HEREIN, OR IN THE |
| | ) | ALTERNATIVE, DEFENDANT'S PRO |
| Defendant. | ) | SE MOTION FOR APPOINTEMENT OF |
| | ) | COUNSEL AT PUBLIC EXPENSE |

### I.  MOTION

COMES NOW pro se Defendant DOMINQUE DONTAE LASKER, without the assistance of counsel, and moves this court for an order to dismiss the indictment or information filed against him in the above entitled action.

This motion is based upon all of the files and pleadings in this case as well as the attached declaration of the Defendant.

DEFENDANT'S MOTION TO DISMISS - Page 1

23

## II.  DECLARATION OF DEFENDANT

DOMINIQUE DONTAE LASKER deposes and states as follows:

(1)  I am the defendant proceeding pro se herein, I am over the age of 18, and competent to testify in a court of law.

(2)  I have knowledge of the facts contained herein, and I make this Declaration in support of my motion to dismiss, and in the alternative, my motion for appointment of counsel.

(3)  I am currently serving a sentence in Federal custody in the United States Penitentiary at Victorville, California.

(4)  In July 2012, I filed with the Prosecutor of this County a NOTICE OF PLACE OF IMPRISONMENT AND REQUEST FOR SPEEDY TRIAL AND FINAL DISPOSITION pursuant to Tex. Code Crim. Proc. Art. 51.14, const. Art. VI, § 10, and the Interstate Act on Detainers.

(5)  My notice was directed to the District Attorney at the District Attorney's Office, 846-6th Street, Suite #1, Hempstead, TX, 77445. (SEE Exhibit 1, attached herein)

(6)  Since the filing of this request, the State of Texas has made no attempts to have me returned to that jurisdiction to be able to face my charges, and present a defense to these allegations.

(7)  More than 180 days has elapsed since the filing of my notice to the Office of the District Attorney, and they have made no efforts to resolve this matter.

DEFENDANT'S MOTION TO DISMISS - Page 2

(8) I believe that any opportunity for me to have a fair trial is gone due to the passage of time, and the memory fading of any and all witnesses that I may call in my behalf.

(9) I believe that the longer it takes for me to get to a trial will hinder my ability to present a defense, because I may not be able to contact my witnesses, and gather information to assist with proving my innocence.

(10) I am currently indigent, and proceeded indigent at my federal trial. I cannot afford to pay for counsel.

(11) I am asking the court to appoint counsel for me at public expense, so that my rights my be properly protected herein.

(12) Under penalty of perjury, under the laws of the State of Texas, I declare that the foregoing is true and correct.

DATED this 3 day of ___April___, 2013.

_____
Dominique Lasker, Pro Se Defendant

DEFENDANT'S MOTION TO DISMISS - Page 3

25

Exhibit 1

IN THE <u>District</u> COURT OF <u>Waller</u> COUNTY

FOR THE STATE OF <u>Texas</u> [ <u>506</u> District]

| | |
|---|---|
| <u>Waller County Sheriffs,</u> )<br>**Plaintiff,** )<br> )<br>**v.** )<br> )<br> )<br><u>Dominique Dontae Lasker,</u> )<br>**Defendant.** ) | NOTICE OF PLACE OF IMPRISONMENT AND<br>REQUEST FOR SPEEDY TRIAL AND FINAL<br>DISPOSITION...Pursuant to .........<br>(<u>Tex.Code Crim.Proc. Ann.Art. 51.14</u> )<br>(<u>Constitution, Art. VI, § 10</u> )<br><br>CASE NO. <u>11-01-13703 979-826-8282</u><br> <u>11-01-13704 979-826-8282</u><br> <u>11-01-13705 979-826-8282</u> |

Notice is hereby given that the above-named Defendant, <u>Dominique Dontae Lasker</u>, is currently a federal prisoner in the custody of the United States Attorney General, and is incarcerated at the Victorville Federal Correctional Complex located in Adelanto, California. Defendant would further show:

1. The defendant is serving an approximate term of <u>121</u> months of imprisonment from a judgment imposed by the United District Court for the <u>Southern</u> District of <u>California</u>, on <u>December</u>, <u>16</u>, <u>2011</u>. Defendant has a projected release date from federal custody on <u>August</u>, <u>13</u>, 20 <u>19</u>. (see attached sentencing computation/data sheet).

2. The defendant has been advised that there are, or may be, outstanding citations, warrants, informations, charges, and/or complaints pending in this jurisdiction. Specifically:

1). <u>Capital Murder Charges...Warrant # 11-01-13703 979-826-8282</u>

2). <u>Capital Murder Charges...Warrant # 11-01-13704 979-826-8282</u>

3). <u>Capital Murder Charges...Warrant # 11-01-13705 979-826-8282</u> .

3. The defendant moves this Court to order he be brought for trial, and that prosecuting authorities arrange temporary custody under the appropriate provisions for Interstate Agreement on Detainers. The Defendant further requests in an absence of availability of trial, an *in abstentia* resolution be arranged.

2 6

*Exhibit 1*

4. This Motion is based upon the Defendant's Sixth Amendment speedy trial guarentee that is binding on the states through the Due Process Clause of the Fourteenth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 222-223 (1967). A state is responsible for a defendant's speedy trial rights, even where a defendant is held in federal prison. see: *Smith v Hooey*, 393 U.S. 374 (1969). This notice would further trigger defendant's request under the Interstate Agreement on Detainers. see: *Fex v. Michigan*, 507 U.S. 43, 113 S.Ct. 1088, 122 L.Ed.2d 406 (1993).

WHEREFORE, the defendant prays that the Court initiate all needed and necessary orders and actions required to resolve this matter by trial or settlement *in abstentia*, including an order for the district attorney/prosecutor to seek temporary custody from federal authorities under IAD provisions, and the dismissal of any outstanding citations, warrants, informations, charges, and/or complaints presently pending in this jurisdiction, within a reasonable period of time not ~~~~

*[handwritten: Put District Attorneys Address down here!]*

Respectfully Submitted,

Dated: ~~2012/07/02~~

Dominique Dontae Las...
Reg. No. 22867-298
United States Penitentiary
Victorville FCC
PO Box ~~3300~~ 3900
Adelanto, CA 92031

*[handwritten: Goes to Li 2 for filing]*

## CERTIFCATE OF SERVICE

I hereby certify that a copy of this document was mailed to the office of \ prosecutor for this jurisdiction, addressed as below.:

*[handwritten: District Attorney
846 6th Street Suite 1
Hempstead TX, 77445]*

Date: ~~2012/07/13~~

~~Mr.~~ Dominique Dontae Lasker

2

VIP Law Library Forms/NoticeSpeedyTrial-Detainer (Rev. 9/11)

*27*

*Exhibit 1*

## NOTICE AND DEMAND TO DISTRICT ATTORNEY/PROSECUTOR
## FOR TRIAL OR DISPOSITION OF WARRANTS, INFORMATIONS, DETAINERS OR
## INDICTMENTS BY FEDERAL PRISONER

TO: Office of District Attorney

846 6th Street Suite 1

Hempstead TX 77445

FROM: Dominique Dontae Lasker
Reg. No. 22867-298
United States Penitentiary
Victorville FCC
PO Box XXX 3900
Adelanto, CA 92301

Dear Sir/Madam:

1. I have been informed that I have the following outstanding warrant(s), indictment(s), or complaint(s) under the following case numbers, issuing from your jurisdiction:

| Capital Murder Charge | # 11-01-13703 979-826-8282 |
| Capital Murder Charge | # 11-01-13704 979-826-8282 |
| Capital Murder Charge | # 11-01-13705 979-826-8282 |
| | # |

2. I am presently a federal prisoner in the custody of the United States Attorney General, incarcerated at the Victorville Federal Correctional Complex, located in Adelanto, California.

3. I was sentenced in the United States District Court for the __Southern__ District of __California__, to a term of __121__ months. My current projected release date from federal custody is __August__, __13__, 20 __19__, as found in the attached BOP documentation (see Sentence Monitoring/Data Computation printout).

4. The outstanding charges pending from this jurisdiction adversely affect the conditions of my incarceration, and do not allow my participation in certain rehabilitative programs. I remain in a higher security classification category and the delay in prosecution prejudices my defense against these outstanding charges.

5. I have provided this communication to invoke the statutes, rules and procedures of this State for speedy trial and disposition of untried warrants, indictments and complaints. Based upon these provisions I would demand a speedy trial or disposition within one-hundred and twenty (120) days, on any and all criminal actions in your jurisdiction and/or alternatively, that you submit request for temporary custody to the federal bureau of prison authorities, pursuant to the requirements of applicable statutes for Interstate Agreement on Detainers ("IAD").

Cordially,

Dated: _____

Etambrick Hambruk
Authorizated by the Act of
July 7, 1955, as amended,
to administer oaths (18
WITNESS-PRISON STAFF MEMBER
U.S.C. § 4004).

_____ REQUESTOR
Mr. Dominique Dontae Lasker

COPIES: ORIGINAL TO DISTRICT ATTORNEY, AND KEEP COPY FOR OWN RECORDS TO BE USED WITH REQUEST TO COURT FOR DISMISSAL. ALSO: INCLUDE DOCUMENTATION FROM THE CASE MANAGER/RECORDS REGARDING THE WARRANT/DETAINER AND IF POSSIBLE YOUR SENTENCE MONITORING/DATA COMPUTATION PRINTOUT SHOWING YOUR PROJECTED RELEASE DATE

VIP Law Library Forms/NoticeSpeedyTrial-Detainer (Rev. 9/11)

28

Cause No. 11-01-13703
13704
13705

STATE OF TEXAS             §           IN THE DISTRICT COURT

v.                       §           WALLER COUNTY, TEXAS

Dominique Dontae Lasker   §
       c/o WC Jail          §           506TH JUDICIAL DISTRICT

## SCHEDULING ORDER - CRIMINAL

Defendant and counsel shall be present at all hearings. Except as otherwise modified by the Court, and pursuant to Article 28.01 of the Texas Code of Criminal Procedure, a Pretrial Hearing and other matters are hereby Ordered set as follows:

1.   **6-4-13** ✓      **9:00 a.m.**     **ARRAIGNMENT**

2.   _____      **10:00 a.m.**    **MOTIONS & PLEAS**
   All parties and Counsel shall be present and prepared to discuss all issues allowed under C.C.P., Art. 28.01.

3.   _____      **1:30 p.m.**     **HEARINGS & BENCH TRIALS**

4.   **On or before 10-days before Pretrial Hearing Date** all C.C.P., Art. 28.01 matters must be filed or will be considered waived.

5.   _____      **10:00 a.m.**    **PRETRIAL HEARING**
   Pretrial hearing date is also the Plea Bargain Cutoff date. State and Defendant will announce whether the case will plead or if a trial is required, and whether trial is to the Court or to a jury.

At the Pretrial hearing all motions and other matters not previously ruled on will be heard. All parties must file and serve on opposing counsel the following: 1) Motions in Limine; 2) briefs and authorities on known issues that will be presented for hearing. Further, all counsel shall advise the Court of any special needs for presentation of their case, including technology requirements, interpreters or accommodation for disabilities.

6.   _____      **9:00 a.m.**     **JURY TRIAL**
   Final trial date & time will be set immediately after the Pretrial hearing.

**Defendant has received a copy of the Indictment and is the same person charged therein. Defendant waives formal Arraignment and reading of the Indictment and enters a plea of NOT GUILTY.**

Dated:   **5-24-13**  , replacing prior Scheduling Orders.


_____     _____     _____
Defendant's Signature           Counsel for Defendant         Counsel for State


_____
ALBERT M. McCAIG, JR., Judge Presiding

Copies:    White--Clerk       Yellow--State       Pink--Defendant       Gold--Defendant's Attorney    29

## WALLER COUNTY MAGISTRATE'S ADMONISHMENT FORM
## WARNING OF CONSTITUTIONAL RIGHTS

This is to certify that the undersigned magistrate did, 24th day of May, 2013 at 7:40 ~~a.m.~~/p.m., administer the following warnings to:

NAME: LASKER, DOMINIQUE DONTAE  DOB: 03/21/1984  AGE: 29
S.S#: 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/ D.L./I.D.#: TX-02477217

Address:　　24875 PRIELIPP ROAD
　　　　　　 WILDOMOR CA  92595
Phone:　　　760-508-9212

BUSINESS NAME AND PHONE: *Felony*

(√) 1. You are charged with the offense of CAPITAL MURDER MULTIPLE. An affidavit, or complaint, charging you with this offense (has) (~~has not~~) been filed with the appropriate court.

(√) 2. You have the right to remain silent, the right to have an attorney present during any interview with peace officers or attorneys representing the state, and the right to terminate that interview at any time.

(√) 3. You are not required to make any statement. Any statement made by you may be used against you in court.

(√) 4. You have the right to retain or hire an attorney. If you are unable to employ an attorney, you have the right to request the appointment of an attorney by completing a financial assessment form. This form is available for you to complete at this time, and assistance in filling out the form is available if necessary. You may be ordered to reimburse the cost of that attorney if you are found guilty of the offence.

(√) ~~5. You have the right to an examining trial in a felony case.~~

(√) 6. Are you currently out of jail on bond on any other charges?  Yes or (No) (circle one)
　　　Charge:_____ County:_____

(√) 7. Are you currently on probation or deferred adjudication?  Yes or (No) (circle one)

(√) 8. Are you currently on parole?　　　　　　　　　　　Yes or (No) (circle one)

(√) 9. Are you requesting the appointment of an attorney at this time (Yes) or No (circle one)

(√) 10. Are you a United States citizen? (Yes) or No  If no, Do you want us to contact your consulate?  Yes or No  (attach correct paperwork)

X_____
Defendant's Signature

_____
Witness

_Charles J Karnel_
Magistrate's Signature

_J P #1_
Official Title

The Magistrate determines that the defendant (does/~~does not~~)_____ speak the English language. The Defendant (~~is or~~ is not)_____ deaf.
Interpreter (If needed)  Name:_____
　　　　　　　　　　　　 Address:_____
　　　　　　　　　　　　 Phone:_____ date:_____ Time:_____

## BOND AMOUNT

Surety or Cash　_____
Personal　_____
(Not Determined)　_____
Bail Denied　_____

30

Cause No. 11-01-13703

THE STATE OF TEXAS

VS.

DOMINIQUE DONTAE LASKER
DISTRICT
Black/Male   DOB: 03/21/84

IN THE DISTRICT COURT OF

WALLER COUNTY, TEXAS

506TH JUDICIAL

CAPIAS INSTANTER

TO ANY PEACE OFFICER OF THE STATE OF TEXAS - GREETINGS:

YOU ARE HEREBY COMMANDED to arrest DOMINIQUE DONTAE LASKER and him safely keep so that you have him/her before the Honorable 506TH District Court of Waller County, Texas, at the Courthouse of said County, in Hempstead, Texas, instanter, then and there to answer the State of Texas upon an indictment pending in said Court, changing him with CAPITAL MURDER MULTIPLE, a felony.

HEREIN FAIL NOT, but make due return hereof to this Court forthwith, showing how you have executed the same.

Witness my hand and seal of office, at Hempstead, Texas, this 27th day of January, 2011.

PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS
BY: _____
Fran Haggard, Deputy

SHERIFF'S RETURN

CAME TO HAND the 2nd day of May, 2012, at 1:0 o'clock p .m., and executed by arresting Dominigue Lasker At Victorville, Ca. , in _____ County, Texas, and placing him/her in the Waller County Jail on the 23rd day of May, 2012 .

I actually and necessarily traveled _____ miles in the service of this writ, in addition to any other mileage I may have traveled in the service of other process in this case during the same trip.

FEES:  Making Arrest
       Mileage _____ miles
       Taking Bond
       Commitment

Glenn Smith , Sheriff
Waller County, Texas

By: _____
    Deputy

31

Cause No. 11-01-13703

THE STATE OF TEXAS                           IN THE DISTRICT COURT OF

VS.                                          WALLER COUNTY, TEXAS

DOMINIQUE DONTAE LASKER                       506TH JUDICIAL
DISTRICT
Black/Male    DOB: 03/21/84
                    CAPIAS INSTANTER

TO ANY PEACE OFFICER OF THE STATE OF TEXAS - GREETINGS:

    YOU ARE HEREBY COMMANDED to arrest DOMINIQUE DONTAE
LASKER and him safely keep so that you have him/her before the Honorable
506TH District Court of Waller County, Texas, at the Courthouse of said County, in
Hempstead, Texas, instanter, then and there to answer the State of Texas upon an
indictment pending in said Court, changing him with CAPITAL MURDER
MULTIPLE, a felony.
    HEREIN FAIL NOT, but make due return hereof to this Court forthwith,
showing how you have executed the same.
    Witness my hand and seal of office, at Hempstead, Texas, this 27th day of
January, 2011.

PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS
BY: _____
    Fran Haggard, Deputy

SHERIFF'S RETURN

    CAME TO HAND the 22nd day of May , 2013 , at 1:0 o'clock
p .m., and executed by arresting Dominque Lasker
At Victorville, Ca , in _____ County, Texas, and placing
him/her in the Waller County Jail on the 23rd day of May ,
2013 .

    I actually and necessarily traveled _____ miles in the service of this writ, in
addition to any other mileage I may have traveled in the service of other process in
this case during the same trip.

FEES: Making Arrest                 Glenn Smith            , Sheriff
    Mileage _____ miles          Waller       County, Texas
    Taking Bond
    Commitment              By: _____
                  Deputy

32

Cause No. 11-01-13703

THE STATE OF TEXAS                    IN THE DISTRICT COURT OF

VS.                                   WALLER COUNTY, TEXAS

DOMINIQUE DONTAE LASKER               506TH JUDICIAL DISTRICT


### PRECEPT TO SERVE COPY OF INDICTMENT

TO THE SHERIFF OF WALLER COUNTY - GREETING

    YOU ARE HEREBY COMMANDED to serve DOMINIQUE DONTAE LASKER , the defendant in Cause No. 11-01-13703, wherein the State of Texas is Plaintiff and DOMINIQUE DONTAE LASKER is Defendant, in person, with the accompanying certified copy of the original indictment charging him/her with CAPITAL MURDER MULTIPLE now on file in said Court.

    HEREIN FAIL NOT, but of this writ make due return as the law directs.

    GIVEN UNDER MY HAND AND OFFICIAL SEAL, THIS 27th day of January, 2011.

PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS

BY: _____
    Fran Haggard, Deputy


### SHERIFF'S RETURN

    CAME TO HAND THE 22nd day of _May_ , 2013 , at 1 o'clock _p_ . M. and executed by delivering the accompanying certified copy of Indictment No. 11-01-13703 to _Dominque Lasker_ , the defendant herein, in person, at _1_ o'clock _p_ .M. on the 22nd day of _May_ 2013 , _____ .

GLENN SMITH, SHERIFF
WALLER COUNTY, TEXAS

BY: _____
    Deputy

33

Cause No. 11-01-13703

| STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## ORDER APPOINTING COUNSEL

**Offense: CAPITAL MURDER**

The defendant having made application to the Court for the appointment of an attorney, and the defendant represented through an affidavit or testimony or information received of indigence, the Court is of the opinion that the defendant is indigent and is entitled to appointment of counsel in this cause of action.

Therefore, the Court hereby appoints:

REGIONAL PUBLIC DEFENDER FOR CAPITAL CASES
P.O. Box 2097
Lubbock, Texas    79408-2097
806-775-5660

to represent the Defendant through the trial of this matter. Representation through any appeal to the Court of Appeals or the Court of Criminal Appeals will be taken up by the Court at a later date.

Copies of this Order shall be provided by the Clerk to the Defendant, appointed counsel and counsel for the State.

Dated: June 4, 2013.

ALBERT M. McCAIG, JR., Judge
506th Judicial District

| orig: | Waller County District Clerk |
| cc: | Waller County District Attorney |
| cc: | Waller County Sheriff's Department |
| cc: | Attorney |
| cc: | Defendant % Waller County Jail |

34

Cause No. 11-01-13703

| STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

---

## ORDER APPOINTING COUNSEL

---

### Offense: CAPITAL MURDER

The defendant having made application to the Court for the appointment of an attorney, and the defendant represented through an affidavit or testimony or information received of indigence, the Court is of the opinion that the defendant is indigent and is entitled to appointment of counsel in this cause of action.

Therefore, the Court hereby appoints:

Frank Blazek
Attorney at Law
1414 11th Street
Huntsville, Texas   77340
936-295-2624

to represent the Defendant through the trial of this matter. Representation through any appeal to the Court of Appeals or the Court of Criminal Appeals will be taken up by the Court at a later date.

Copies of this Order shall be provided by the Clerk to the Defendant, appointed counsel and counsel for the State.

Dated: June 6, 2013.

ALBERT M. McCAIG, JR., Judge
506th Judicial District

orig:    Waller County District Clerk
cc:      Waller County District Attorney
cc:      Waller County Sheriff's Department
cc:      Attorney
cc:      Defendant % Waller County Jail

35

CAUSE NO. 11-01-13703

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## DEFENDANT'S WAIVER OF ARRAIGNMENT
## AND ENTRY OF PLEA OF NOT GUILTY

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now **DOMINIQUE DONTAE LASKER**, Defendant herein, by and through his attorney of record, **FRANK BLAZEK**, and submits this his Waiver of Arraignment and Entry of Plea of Not Guilty.

Defendant herein waives the arraignment required.

Respectfully submitted,

SMITHER, MARTIN,
HENDERSON & BLAZEK, P.C.
1414 11th Street
Huntsville, Texas 77340
(936) 295-2624
(936) 294-9784 [Telecopier]

By _____
Frank Blazek
State Bar No. 02475500

36

## Certificate of Service

I do hereby certify that a true and correct copy of the above and foregoing *Waiver of Arraignment and Plea of Not Guilty* has been forwarded to opposing counsel on this the 12th day of July, 2013, by U.S. Mail, postage prepaid, and addressed as follows:

Elton Mathis
Criminal District Attorney
846 6th Street, Suite 1
Hempstead, Texas 77445

Frank Blazek

37

CAUSE NO. 11-01-13703
CAUSE NO. 11-01-13704
CAUSE NO. 11-01-13705



| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## MOTION FOR APPOINTMENT OF ATTORNEY AS CO-DEFENSE COUNSEL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant, **DOMINIQUE DONTAE LASKER**, by and through his court-appointed counsel, and moves the Court to appoint an attorney to assist as co-counsel in the defense of the above-referenced matter, and in support thereof would show the Court the following:

(1)     The Defendant has been charged with Capital Murder and Murder (2 counts).

(2)     The undersigned counsel was appointed by Judge McCaig on June 6, 2013, to represent the Defendant.

(3)     The State has not indicated its intent to seek the death penalty. If convicted, Defendant could be required to serve as much as life in prison. The case appears to be complex. Based on preliminary information from the prosecution it is expected that evidentiary issues likely to arise include: (1) custodial interrogation of the Defendant; (2) mental health problems suffered by Defendant; (3) extraneous offenses; and (4) D.N.A. It is necessary for the undersigned counsel to have the assistance of an attorney as co-counsel to adequately represent the Defendant.

(4)    The undersigned counsel has conferred with William F. Carter, State Bar No. 03932800, 108 E. William J. Bryan Parkway, Bryan, Texas 77803-5334, 979-779-0712, who has indicated his availability and willingness to serve as co-counsel.  William F. Carter is an experienced and competent criminal defense attorney.

WHEREFORE, PREMISES CONSIDERED, Applicant prays that this Honorable Court will appoint William F. Carter as co-defense counsel in the above-referenced matter.

Respectfully submitted,

SMITHER, MARTIN,
HENDERSON & BLAZEK, P.C.
1414 11th Street
Huntsville, Texas  77340
(936) 295-2624
(936) 294-9784 [Telecopier]

By _____
Frank Blazek
State Bar No. 02475500

## Certificate of Service

I do hereby certify that a true and correct copy of the above and foregoing *Motion for Appointment of Co-Defense Counsel* has been forwarded to opposing counsel on this the 12th day of July, 2013, by U.S. Mail, postage prepaid, and addressed as follows:

Elton Mathis
Criminal District Attorney
846 6th Street, Suite 1
Hempstead, Texas 77445

_____
Frank Blazek

39

CAUSE NO. 11-01-13703
CAUSE NO. 11-01-13704
CAUSE NO. 11-01-13705

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## ORDER APPOINTING ATTORNEY

BE IT REMEMBERED, that on the 18th day of _July_, 2013, came on to be considered the above and foregoing Motion for Appointment of Co-Defense Counsel. After consideration of the same, it is the opinion of the Court that Defendant's Motion be:

(X) GRANTED, and WILLIAM F. CARTER, an attorney found by the Court to be competent, is hereby appointed to represent the Defendant as co-defense counsel until the trial of this case is concluded, or until released by written order of this Court.

( ) DENIED, to which ruling the Defendant excepts.

SIGNED: July 18, 2013

_____
JUDGE PRESIDING

C:\FB\CRIM_K-O\Lasker.DD.81075\Motion for Co-Defense Counsel.001.wpd

40

## No. 11-01-13703

| THE STATE OF TEXAS | § | IN THE 506th DISTRICT |
| --- | --- | --- |
| V. | | COURT OF |
| DOMINIQUE DONTAE LASKER | § | WALLER COUNTY, TEXAS |

### STATE'S NOTICE OF INTENT TO SEEK DEATH PENALTY

COMES NOW, the State of Texas, through the undersigned Waller County Criminal District Attorney and does hereby give notice to the Honorable Court and to Counsel for the Defendant, Dominique Dontae Lasker that the State of Texas intends to seek the death penalty in the above styled and numbered cause.

Respectfully Submitted,

Elton R. Mathis
Criminal District Attorney
Waller County, Texas
TBN 24014568
645 12th Street
Hempstead, Texas 77445
(979) 826-7718
(979) 826-7722 (FAX)

FILED
DISTRICT CLERK
WALLER COUNTY, TEXAS
2013 AUG 30 PM 2:32
BY _____
DEPUTY

4/1

## NOTICE OF HEARING

Please be advised that the foregoing Motion is set for hearing before the 506th Judicial District Court of Waller County, Texas on September 9, 2013 at 4:30 p.m.

Elton R. Mathis

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing document was served on opposing counsel Frank Blazek on this the 30th day of August 2013 via first class U.S. Mail and by facsimile transfer.

Elton R. Mathis

**11-01-13703, 11-01-13704 and 11-01-13705**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 506th DISTRICT |
| V. | | COURT OF |
| DOMINIQUE DONTAE LASKER | § | WALLER COUNTY, TEXAS |

FILED
DISTRICT CLERK
WALLER COUNTY, TEXAS
2013 AUG 30 PH 2: 31
BY
DEPUTY

## STATE'S MOTION FOR DISCOVERY OF EXPERT WITNESSES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the undersigned district attorney of Waller County, Texas, in the above-entitled and numbered cause, and makes this Motion for Discovery of Expert Witnesses, and for good cause shows the following:

1.     This motion is filed under Article 39.14 of the Texas Code of Criminal Procedure.

2.     This motion requests the following information which is known by the attorney for the defendant: the name and address of each person the defendant may use at trial to present evidence under Rules 702, 703, and 705 of the Texas Rules of Evidence.

WHEREFORE, PREMISES CONSIDERED, the State respectfully prays that this Honorable Court will grant this Motion for Discovery of Expert Witnesses, or in the alternative, that this Court will set this matter down for a hearing prior to trial on the merits and that at such hearing this motion will be granted.

Respectfully submitted,

Elton R. Mathis
District Attorney
Waller County, Texas

4/3

## NOTICE OF HEARING

Please be advised that the foregoing Motion is set for hearing before the 506th Judicial District Court of Waller County, Texas on September 9, 2013 at 4:30 p.m.

Elton R. Mathis

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing document was served on opposing counsel Frank Blazek on this the 30th day of August 2013 via first class U.S. Mail and by facsimile transfer.

Elton R. Mathis

44

No. 11-01-13703, 11-01-13704 and 11-01-13705

| THE STATE OF TEXAS | § | IN THE 506th DISTRICT |
| VS. | § | COURT OF |
| DOMINIQUE DONTAE LASKER | § | WALLER COUNTY, TEXAS |

### ORDER ON STATE'S MOTION FOR DISCOVERY OF EXPERT WITNESSES

Upon the foregoing State's Motion for Discovery of Expert Witnesses, it is hereby ORDERED that such motion be, and hereby is, GRANTED as to those things requested.

It is further ordered that the attorney for the defendant furnish counsel for the State the requested information on or before the 30th day before trial pursuant to Article 39.14 of the *Texas Code of Criminal Procedure*, at the District Attorney's Office, or at such other time and place as the parties may agree.

SIGNED this the _____ day of _____, 2013.


_____
Judge Presiding

45

**11-01-13703, 11-01-13704 and 11-01-13705**

FILED
DISTRICT CLERK
WALLER COUNTY, TEXAS
2013 AUG 30 PM 2:28
BY _____ DEPUTY

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | § | **IN THE 506th DISTRICT** |
| **V.** | § | **COURT OF** |
| **DOMINIQUE DONTAE LASKER** | § | **WALLER COUNTY, TEXAS** |

## STATE'S FIRST MOTION FOR CONTINUANCE

Now comes the State of Texas, by and through her Waller County Criminal District Attorney, Elton R. Mathis, and moves this Court for a continuance in the above styled and numbered cause as provided under Article 29.03 of the *Texas Code of Criminal Procedure*, and as allowed by Article 51.14 of the *Texas Code of Criminal Procedure* and would respectfully show:

1.  The Defendant, Dominique Dontae Lasker is charged by indictment with Capital Murder and two indictments of Murder in the First Degree alleged to have occurred on or about March 11, 2010 in Waller County, Texas. The indictments were signed on January 27, 2011 after a lengthy investigation.

2.  The Defendant absconded from the scene, the county, and the State of Texas shortly after the murders.

3.  Following the murders the Defendant committed an aggravated bank robbery in California and was apprehended. He was sentenced on the resulting charges on December 16, 2011 in the federal court system. On information and belief the Defendant has been in state and/or federal custody in California since the aggravated bank robbery.

4.  The Defendant was returned to this jurisdiction on the above numbered and styled

46

causes on or about May 24, 2013.

5. The Defendant appeared before this Court for the first time on June 4th, 2013 and this Honorable Court appointed counsel from the Regional Public Defender for Capital Cases.

6. The Regional Public Defender refused to accept the appointment, and the Defendant was reassigned court appointed counsel on June 6th, 2013.

7. The Defendant waived arraignment and entered a not guilty plea on July 15th, 2013.

8. The Defendant requested and was granted additional counsel on July 18th, 2013.

9. No discovery of any kind has been requested by counsel for the Defendant until counsel met together at the District Attorney's Office on August 28th, 2013.

10. No court date has been requested by counsel for the Defendant. There has never been a request for trial or pretrial dates. No trial date has been set by the court.

11. No motions have been filed by counsel with the exception of a request for additional counsel.

12. To the knowledge of the undersigned attorney no request for investigator fees or psychological evaluation has been made by counsel.

13. To the knowledge of the undersigned attorney there has been no request to see and inspect the State's file.

14. Defense counsel has not reviewed any evidence in the possession of the District Attorney and has not reviewed the State's file.

15. On or about June 12, 2013 the elected Criminal District Attorney Elton R. Mathis spoke with defense counsel Frank Blazek over the telephone regarding this case. As a result of that discussion Elton R. Mathis believed that defense counsel was requesting

47

that the case be put on hold pending time for Frank Blazek to assemble a mitigation packet to present to Elton R. Mathis in an attempt to get Elton R. Mathis to refrain from seeking the death penalty in the capital case. The District Attorney's Office has been actively preparing this case for trial, yet not anticipating a trial date in September 2013.

16. The State's trial case requires the presences of several out of state witnesses from various law enforcement agencies in California and Virginia. Given the present posture of the case, the State will require more time to coordinate and assure those witnesses' presence.

17. The Defense has not yet designated the expert witnesses it expects to call in their case in chief or in sentencing for purposes of mitigation. The State anticipates a significant time necessary to prepare for rebuttal. The State has filed a request for the names and addresses of any such defense experts.

18. The State has filed a motion for the psychological evaluation of the Defendant which has not been heard or completed.

19. The first assistant criminal district attorney is scheduled for hip replacement surgery on September 3rd, 2013. Recovery time is anticipated to be up to eight weeks. This surgery has already been rescheduled once so that the attorney would be able to try *The State of Texas v. Taylor McShan*. The first assistant has been primarily involved in the investigation and prosecution of this cause. To assign the case to another attorney in the office other than the elected Criminal District Attorney would be a hardship.

20. Defense counsel Blazek in his *Motion for Appointment of Attorney as Co-Defense Counsel* indicates that this case is complex and requires more than one attorney. This statement is true on behalf of the State of Texas as well.

48

21. The State of Texas intends to seek the death penalty in this case. It is anticipated that the jury selection and trial of this case could take four to six weeks or possibly more.

22. The Defendant in this cause faces the death penalty and has only been represented by counsel for approximately 85 days. To proceed to trial at this time or any time in the near future would be reversible and harmful error.

23. While acknowledging the existence of Article 51.14 of the *Texas Code of Criminal Procedure* the undersigned does hereby assert that any provisions therein mandating trial by a date certain are impermissibly restrictive, are overbroad, and violate the separation of powers doctrines of the Texas and/or Federal Constitutions. Whether or not a case is ready for trial is based on numerous factors and cannot be reduced to a simple formula that applies equally to Class C Misdemeanors and Capital Felonies. The determination of when a case is ready for trial is in the province of the judiciary not the legislature.

Counsel would further show that this is the first request for a continuance by the State of Texas.

## II.

This Motion is made in the interest of justice and not for the purpose of delay, but so that justice may be done. A continuance is requested for only as long as is necessary.

THEREFORE, PREMISES CONSIDERED, the State of Texas prays that this Motion be granted and this cause be set at a later date.

49

Respectfully Submitted,

Elton R. Mathis
Criminal District Attorney
Waller County, Texas
TBN 24014568
645 12th Street
Hempstead, Texas 77445
(979) 826-7718
(979) 826-7722 (FAX)

## NOTICE OF HEARING

Please be advised that the foregoing Motion is set for hearing before the 506th Judicial District Court of Waller County, Texas on September 9, 2013 at 4:30 p.m.

Elton R. Mathis

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing document was served on opposing counsel Frank Blazek on this the 30th day of August 2013 via first class U.S. Mail and by facsimile transfer.

Elton R. Mathis

50

**11-01-13703, 11-01-13704 and 11-01-13705**

| THE STATE OF TEXAS | § | IN THE 506th DISTRICT |
| --- | --- | --- |
| V. | § | COURT OF |
| DOMINIQUE DONTAE LASKER | § | WALLER COUNTY, TEXAS |

## <u>AFFIDAVIT</u>

BEFORE ME, the undersigned authority on this day personally appeared Elton R. Mathis, Criminal District Attorney, Waller County, Texas, known to me to be the person whose name is being subscribed to the foregoing State's First Motion for Continuance, and who after being duly sworn on his oath states that he has personal knowledge of the facts relied on for the Motion and that the statements therein contained are true and correct to the best of his knowledge.

_____
Elton R. Mathis

Given under my hand and seal of office, this the 30th day of August 2013.

_____
Notary Public in and for
Waller County, Texas

51

**11-01-13703, 11-01-13704 and 11-01-13705**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 506th DISTRICT |
| V. | § | COURT OF |
| DOMINIQUE DONTAE LASKER | § | WALLER COUNTY, TEXAS |

## ORDER ON STATE'S FIRST MOTION FOR CONTINUANCE

It is hereby ordered that the State's First Motion for Continuance is hereby **Granted**

Furthermore, this cause is set for trial on _____.


_____
Judge Presiding

52

| THE STATE OF TEXAS | § | IN THE 506th DISTRICT |
| VS. | § | COURT OF |
| DOMINIQUE DONTAE LASKER | § | WALLER COUNTY, TEXAS |

## STATES MOTION FOR COMPETENCY EXAMINATION

COMES NOW, the State of Texas, through the undersigned District Attorney and moves this honorable Court, in accordance with the provisions Art. 46B.005, 46B.021 and 46C.104 of Texas Code of Criminal Procedure to appoint a suitable expert to examine the Defendant and make written report to the Court, without delay, as to the competency of the Defendant to stand trial and otherwise answer to these criminal charges.

In support of this motion the State would show the following:

1. The Defendant is charged by indictment with one Capital Murder and two indictments of Murder in the first degree alleged to have occurred on or about March 11, 2010. Issues of mitigation may be and will likely be at issue during the course of the Defendant's trial and a psychological examination would aid the Court or jury in any determination it may be asked to make concerning competency and matters of sentencing.
2. The Defendant made statements to Texas Rangers during an interview to the effect that he saw a ghost at the time of the offenses and that he often thinks about hurting and killing other people.
3. The Defendant in correspondence made during his incarceration in California made statements to the effect he feels there might be something "wrong" with him and he wanted his wife to check on the internet with the "Veteran's Court."
4. The Defendant in telephone conversations while incarcerated in California makes mention of a discussion he had with a prison counselor to the effect that he has "questioned himself" on the need for help on mental issues in the past.
5. The Defendant during a Court appearance before this Court

53

demonstrated in his demeanor a lack of understanding of the proceedings when this Court inquired into his desire to have court-appointed counsel, insisting instead that he wanted to have a ruling on an unrelated motion made pro se to the Court.

The State of Texas reasonably believes that the above behavior warrants an expert's determination of the Defendants competency to stand trial.

Respectfully submitted,

Elton R. Mathis
District Attorney
Waller County, Texas
SBN: 24014568

## ORDER

THIS MOTION having been duly considered, the COURT hereby GRANTS/ DENIES the States Motion for Competency Examination and appoints_____, to examine the Defendant and to report in writing as to the Defendant's competency to stand trial and otherwise answer to these criminal charges.

Date:_____

_____
Judge Presiding

54

## NOTICE OF HEARING

Please be advised that the foregoing Motion is set for hearing before the 506th Judicial District Court of Waller County, Texas on September 9, 2013 at 4:30 p.m.

Elton R. Mathis

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing document was served on opposing counsel Frank Blazek on this the 30th day of August 2013 via first class U.S. Mail and by facsimile transfer.

Elton R. Mathis

55

**11-01-13703, 11-01-13704 and 11-01-13705**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 506th DISTRICT |
| V. | § | COURT OF |
| DOMINIQUE DONTAE LASKER | § | WALLER COUNTY, TEXAS |

FILED DISTRICT CLERK WALLER COUNTY, TEXAS 2013 AUG 30 PM 2: 04 BY DEPUTY

## STATE'S FIRST MOTION FOR CONTINUANCE

Now comes the State of Texas, by and through her Waller County Assistant Criminal District Attorney, Frederick A. Edwards, and moves this Court for a continuance in the above styled and numbered cause as provided under Article 29.03 of the *Texas Code of Criminal Procedure*, and as allowed by Article 51.14 of the *Texas Code of Criminal Procedure* and would respectfully show:

1.     The Defendant, Dominique Dontae Lasker is charged by indictment with Capital Murder and two indictments of Murder in the First Degree alleged to have occurred on or about March 11, 2010 in Waller County, Texas. The indictments were signed on January 27, 2011 after a lengthy investigation.

2.     The Defendant absconded from the scene, the county, and the State of Texas shortly after the murders.

3.     Following the murders the Defendant committed an aggravated bank robbery in California and was apprehended. He was sentenced on the resulting charges on December 16, 2011 in the federal court system. On information and belief the Defendant has been in state and/or federal custody in California since the aggravated bank robbery.

4.     The Defendant was returned to this jurisdiction on the above numbered and styled

5 6

causes on or about May 24, 2013.

5. The Defendant appeared before this Court for the first time on June 4th, 2013 and this Honorable Court appointed counsel from the Regional Public Defender for Capital Cases.

6. The Regional Public Defender refused to accept the appointment, and the Defendant was reassigned court appointed counsel on June 6th, 2013.

7. The Defendant waived arraignment and entered a not guilty plea on July 15th, 2013.

8. The Defendant requested and was granted additional counsel on July 18th, 2013.

9. No discovery of any kind has been requested by counsel for the Defendant until counsel met together at the District Attorney's Office on August 28th, 2013.

10. No court date has been requested by counsel for the Defendant. There has never been a request for trial or pretrial dates. No trial date has been set by the court.

11. No motions have been filed by counsel with the exception of a request for additional counsel.

12. To the knowledge of the undersigned attorney no request for investigator fees or psychological evaluation has been made by counsel.

13. To the knowledge of the undersigned attorney there has been no request to see and inspect the State's file.

14. Defense counsel has not reviewed any evidence in the possession of the District Attorney and has not reviewed the State's file.

15. On or about June 12, 2013 the elected Criminal District Attorney Elton R. Mathis spoke with defense counsel Frank Blazek over the telephone regarding this case. As a result of that discussion Elton R. Mathis believed that defense counsel was requesting

*57*

that the case be put on hold pending time for Frank Blazek to assemble a mitigation packet to present to Elton R. Mathis in an attempt to get Elton R. Mathis to refrain from seeking the death penalty in the capital case. The District Attorney's Office has been actively preparing this case for trial, yet not anticipating a trial date in September 2013.

16. The State's trial case requires the presences of several out of state witnesses from various law enforcement agencies in California and Virginia. Given the present posture of the case, the State will require more time to coordinate and assure those witnesses' presence.

17. The Defense has not yet designated the expert witnesses it expects to call in their case in chief or in sentencing for purposes of mitigation. The State anticipates a significant time necessary to prepare for rebuttal. The State has filed a request for the names and addresses of any such defense experts.

18. The State has filed a motion for the psychological evaluation of the Defendant which has not been heard or completed.

19. The undersigned attorney is scheduled for hip replacement surgery on September 3rd, 2013. Recovery time is anticipated to be up to eight weeks. This surgery has already been rescheduled once so that the undersigned attorney would be able to try *The State of Texas v. Taylor McShan*. The undersigned attorney has been primarily involved in the investigation and prosecution of this cause. To assign the case to another attorney in the office other than the elected Criminal District Attorney would be a hardship.

20. Defense counsel Blazek in his *Motion for Appointment of Attorney as Co-Defense Counsel* indicates that this case is complex and requires more than one attorney. This statement is true on behalf of the State of Texas as well.

*58*

21.     The State of Texas intends to seek the death penalty in this case. It is anticipated that the jury selection and trial of this case could take four to six weeks or possibly more.

22.     The Defendant in this cause faces the death penalty and has only been represented by counsel for approximately 85 days. To proceed to trial at this time or any time in the near future would be reversible and harmful error.

23.     While acknowledging the existence of Article 51.14 of the *Texas Code of Criminal Procedure* the undersigned does hereby assert that any provisions therein mandating trial by a date certain are impermissibly restrictive, are overbroad, and violate the separation of powers doctrines of the Texas and/or Federal Constitutions. Whether or not a case is ready for trial is based on numerous factors and cannot be reduced to a simple formula that applies equally to Class C Misdemeanors and Capital Felonies. The determination of when a case is ready for trial is in the providence of the judiciary not the legislature.

Counsel would further show that this is the first request for a continuance by the State of Texas.

## II.

This Motion is made in the interest of justice and not for the purpose of delay, but so that justice may be done. A continuance is requested for only as long as is necessary.

THEREFORE, PREMISES CONSIDERED, the State of Texas prays that this Motion be granted and this cause be set at a later date.

59

Respectfully Submitted,

Frederick A. Edwards
Assistant District Attorney
Waller County, Texas
TBN 06435100
645 12th Street
Hempstead, Texas 77445
(979) 826-7718
(979) 826-7722 (FAX)

**11-01-13703, 11-01-13704 and 11-01-13705**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 506th DISTRICT |
| V. | § | COURT OF |
| DOMINIQUE DONTAE LASKER | § | WALLER COUNTY, TEXAS |

## AFFIDAVIT

BEFORE ME, the undersigned authority on this day personally appeared Frederick A. Edwards, Assistant Criminal District Attorney, Waller County, Texas, known to me to be the person whose name is being subscribed to the foregoing State's First Motion for Continuance, and who after being duly sworn on his oath states that he has personal knowledge of the facts relied on for the Motion and that the statements therein contained are true and correct to the best of his knowledge.

_____
Frederick A. Edwards

Given under my hand and seal of office, this the _____ day of _____, 2013.

_____
Notary Public in and for
Waller County, Texas

**11-01-13703, 11-01-13704 and 11-01-13705**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 506th DISTRICT |
| V. | § | COURT OF |
| DOMINIQUE DONTAE LASKER | § | WALLER COUNTY, TEXAS |

### ORDER ON STATE'S FIRST MOTION FOR CONTINUANCE

It is hereby ordered that the State's First Motion for Continuance is hereby **Granted**

Furthermore, this cause is set for trial on _____.

_____
Judge Presiding

## No. 11-01-13703, 11-01-13704 and 11-01-13705

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 506th DISTRICT |
| VS. | § | COURT OF |
| DOMINIQUE DONTAE LASKER | § | WALLER COUNTY, TEXAS |

FILED
DISTRICT CLERK
WALLER COUNTY, TEXAS
2013 AUG 30 PM 2: 03
BY ____ DEPUTY

## STATES MOTION FOR COMPETENCY EXAMINATION

COMES NOW, the State of Texas, through the undersigned Assistant District Attorney and moves this honorable Court, in accordance with the provisions Art. 46B.005, 46B.021 and 46C.104 of Texas Code of Criminal Procedure to appoint a suitable expert to examine the Defendant and make written report to the Court, without delay, as to the competency of the Defendant to stand trial and otherwise answer to these criminal charges.

In support of this motion the State would show the following:

1. The Defendant is charged by indictment with one Capital Murder and two indictments of Murder in the first degree alleged to have occurred on or about March 11, 2010. Issues of mitigation may be and will likely be at issue during the course of the Defendant's trial and a psychological examination would aid the Court or jury in any determination it may be asked to make concerning competency and matters of sentencing.
2. The Defendant made statements to Texas Rangers during an interview to the effect that he saw a ghost at the time of the offenses and that he often thinks about hurting and killing other people.
3. The Defendant in correspondence made during his incarceration in California made statements to the effect he feels there might be something "wrong" with him and he wanted his wife to check on the internet with the "Veteran's Court."
4. The Defendant in telephone conversations while incarcerated in California makes mention of a discussion he had with a prison counselor to the effect that he has "questioned himself" on the need for help on mental issues in the past.
5. The Defendant during a Court appearance before this Court

63

demonstrated in his demeanor a lack of understanding of the proceedings when this Court inquired into his desire to have court-appointed counsel, insisting instead that he wanted to have a ruling on an unrelated motion made pro se to the Court.

The State of Texas reasonably believes that the above behavior warrants an expert's determination of the Defendants competency to stand trial.

Respectfully submitted,

Frederick A. Edwards
Assistant District Attorney
Waller County, Texas
SBN: 06435100

## ORDER

THIS MOTION having been duly considered, the COURT hereby GRANTS/ DENIES the States Motion for Competency Examination and appoints

_____, to examine the Defendant and to report in writing as to the Defendant's competency to stand trial and otherwise answer to these criminal charges.

Date:_____

_____
Judge Presiding

**11-01-13703, 11-01-13704 and 11-01-13705**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 506th DISTRICT |
| V. | | COURT OF |
| DOMINIQUE DONTAE LASKER | § | WALLER COUNTY, TEXAS |

FILED
DISTRICT CLERK
WALLER COUNTY, TEXAS
2013 AUG 30 PM 2: 03
BY
DEPUTY

## STATE'S MOTION FOR DISCOVERY OF EXPERT WITNESSES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the undersigned assistant district attorney of Waller County, Texas, in the above-entitled and numbered cause, and makes this Motion for Discovery of Expert Witnesses, and for good cause shows the following:

1.     This motion is filed under Article 39.14 of the Texas Code of Criminal Procedure.

2.     This motion requests the following information which is known by the attorney for the defendant: the name and address of each person the defendant may use at trial to present evidence under Rules 702, 703, and 705 of the Texas Rules of Evidence.

WHEREFORE, PREMISES CONSIDERED, the State respectfully prays that this Honorable Court will grant this Motion for Discovery of Expert Witnesses, or in the alternative, that this Court will set this matter down for a hearing prior to trial on the merits and that at such hearing this motion will be granted.

Respectfully submitted,

Frederick A. Edwards
Assistant District Attorney
Waller County, Texas

65

No. 11-01-13703, 11-01-13704 and 11-01-13705

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 506th DISTRICT |
| VS. | § | COURT OF |
| DOMINIQUE DONTAE LASKER | § | WALLER COUNTY, TEXAS |

## ORDER ON STATE'S MOTION FOR DISCOVERY OF EXPERT WITNESSES

Upon the foregoing State's Motion for Discovery of Expert Witnesses, it is hereby ORDERED that such motion be, and hereby is, GRANTED as to those things requested.

It is further ordered that the attorney for the defendant furnish counsel for the State the requested information on or before the 30th day before trial pursuant to Article 39.14 of the *Texas Code of Criminal Procedure*, at the District Attorney's Office, or at such other time and place as the parties may agree.

SIGNED this the _____ day of _____, 2013.

_____
Judge Presiding

66

CAUSE NO. 11-01-13703

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes the Defendant, **DOMINIQUE DONTAE LASKER**, by and through his attorneys of record, and submits this his Motion to Dismiss and for cause would show the Court the following:

1.      The State of Texas obtained an indictment for Capital Murder in this cause in January 2011. Waller County placed a detainer on Defendant while he was serving time in a federal prison. Defendant requested a final disposition to the indictment which was the basis of the detainer under the Interstate Agreement on Detainers (IADA), Art. 51.14 Texas Code of Criminal Procedure. Such request also demanded a speedy trial under the constitutional provision of the Sixth, and Fourteenth amendments of the United States Constitution.

2.      More than 180 days have passed since the District Attorney and the Prosecutor received Defendant's written notice and request. The District Clerk of Waller County received the request on July 16, 2012. Defendant contends that the District Attorney of Waller County received the request on or about that day as well.

3.      No delay has been sought by the Defendant. The Court has not found that good cause exists for any delay prior to the passing of 180 days. No trial has been commenced despite the passage of over 180 days.

67

See TEX. CODE CRIM. PROC. art. 51.14, Article V § (c) ("in the event that an action on the indictment . . . on the basis of which the detainer has been lodged is not brought to trial within the period provided in . . . Article IV hereof, the appropriate court of the jurisdiction where the indictment . . . has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect.")

*Davis v. State*, 345 S.W.3d 71, 75 (Tex. Crim. App. 2011).

4. Defendant is entitled to have the cause dismissed under both the IADA and federal constitutional right to a speedy trial.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court will Order the indictment herein be dismissed with prejudice.

Respectfully submitted,

**SMITHER, MARTIN, HENDERSON & BLAZEK, P.C.**
1414 11th Street
Huntsville, Texas 77340
(936) 295-2624
(936) 294-9784 [Telecopier]

By _____
Frank Blazek
State Bar No. 02475500

William F. Carter
State Bar No. 03932800
108 E. William J. Bryan Parkway
Bryan, Texas 77803-5334
(979) 779-0712
(979) 779-9243 [Telecopier]

ATTORNEYS FOR DEFENDANT

68

## Certificate of Service

I do hereby certify that a true and correct copy of the above and foregoing *Motion for Disclosure of Favorable Evidence* has been forwarded to opposing counsel on this the 6th day of September, 2013, by facsimile to 1-979-779-9243, and addressed as follows:

Elton R. Mathis
Criminal District Attorney
645 12th Street
Hempstead, Texas 77445

_____
Frank Blazek

69

CAUSE NO. 11-01-13703

THE STATE OF TEXAS                §        IN  THE  DISTRICT  COURT OF
                                  §
VS.                               §        WALLER  COUNTY, TEXAS
                                  §
DOMINIQUE DONTAE LASKER           §        506TH  JUDICIAL  DISTRICT

## MOTION FOR DISCLOSURE OF FAVORABLE EVIDENCE

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes the Defendant, **DOMINIQUE DONTAE LASKER**, by and through his

attorneys of record, and submits this his Motion for Disclosure of Favorable Evidence, and for

cause would show the Court the following:

1.      The State of Texas and its prosecutors have a duty to disclose favorable evidence

to the defense. *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

It should be noted that the definition of favorable evidence is very broad and includes

evidence that is mitigating, even if it does not exculpate.  The subject evidence in the *Brady* case

was merely mitigating.

2.      The State of Texas and its prosecutors have a duty to disclose any evidence

suggesting that Defendant is not competent to stand trial. *Ex Parte Lewis*, 587 S.W.2d 697

(Texas Court Crim App. 1979).

3.      In this case Defendant is entitled to relief under the Interstate Agreement on

Detainers (IADA). Art. 51.14 Texas Code of Criminal Procedure. Defendant is also entitled to

relief under the Federal Constitutional provisions of the Sixth and Fourteenth Amendments

thereto relating to a speedy trial.  Defendant is entitled to production of any evidence that

would support such claims.

70

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court will Order

the District Attorney of Waller County to disclose any favorable evidence to counsel for

Defendant, instanter.

Respectfully submitted,

**SMITHER, MARTIN,**
**HENDERSON & BLAZEK, P.C.**
1414 11th Street
Huntsville, Texas 77340
(936) 295-2624
(936) 294-9784 [Telecopier]

By _____
Frank Blazek
State Bar No. 02475500

William F. Carter
State Bar No. 03932800
108 E. William J. Bryan Parkway
Bryan, Texas 77803-5334
(979) 779-0712
(979) 779-9243 [Telecopier]

ATTORNEYS FOR DEFENDANT

71

## Certificate of Service

I do hereby certify that a true and correct copy of the above and foregoing *Motion for Disclosure of Favorable Evidence* has been forwarded to opposing counsel on this the 10th day of September, 2013, by facsimile to 1-979-779-9243, and addressed as follows:

Elton R. Mathis
Criminal District Attorney
645 12th Street
Hempstead, Texas 77445

Frank Blazek

72

CAUSE NO. 11-01-13703

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## ORDER

On this day came on to be heard Defendant DOMINIQUE DONTAE LASKER's Motion for Disclosure of Favorable Evidence, and the same is GRANTED/DENIED as indicated above and the time for such discovery to be completed by the prosecution is set at _____ o'clock ___.m., on _____, 2013. Such disclosure shall be made in writing by delivering said writing to Defendant's attorney of record. **IT IS SO ORDERED.**

SIGNED and ENTERED this the _____ day of _____, 2013.

_____
JUDGE PRESIDING

73

Cause # 11-01-13703

THE STATE OF TEXAS          §          IN THE DISTRICT COURT OF

                           §
VS                          §          WALLER COUNTY, TEXAS
                           §
Dominque Dontae Lasker      §          506TH JUDICIAL DISTRICT
                           §

## STANDARD DISCOVERY ORDER

STATE IS ORDERED TO FURNISH:
1.    A list of all anticipated trial witnesses, to be supplemented as others are discovered.
2.    All written or recorded statements of the Defendant, along with all confessions or statements, whether verbal or otherwise, made pursuant to Art. 38.22 C.C.P.
3.    Inspection of:
      a.    All items seized from the defendant, any co-defendant or accomplice.
      b.    All physical objects to be introduced as part of the State's case.
      c.    All documents, photographs and investigative charts or diagrams to be introduced at trial.
      d.    All contraband, weapons and implements of criminal activity seized or acquired by the State or its agents in the investigation of the alleged crime.
      e.    All records of conviction which may be admissible in evidence or used for impeachment of the defendant.
      f.    All tangible items of physical evidence collected by the State or its agents concerning the alleged offense to include latent fingerprints, footprints, hairs, fibers, fingernail scrapings, body fluids, tire tracks, paint scrapings, etc.
4.    All promises of benefit or leniency afforded to any accomplice or prospective witness in connection with his proposed testimony or other cooperation with regard to the alleged offense.
5.    All known convictions which are admissible for impeachment concerning any of the State's proposed witnesses.
6.    All known convictions, pending charges or suspected criminal offenses concerning any accomplice proposed to be used as a witness by the State.
7.    Copies of all complaints, search warrants, (related affidavits), autopsy reports, laboratory reports and laboratory reports of all examinations of contraband, fluids, hairs, fingerprints, blood samples, ballistics, soil, fibers and paints.
8.    Inspection of all business records or governmental records expected to be introduced by the State.
9.    All exculpatory evidence pursuant to *Brady v. Maryland* and related cases.
10.   The State will furnish all such above items which are in the possession of the State's attorneys or which are known to be in the possession of the investigating officers or other agents of the State. Reasonable inquiry by the State and the defense is required.
11.   In appropriate cases, the State is encouraged to furnish offense reports and witness statements in addition to the above items. However, such reports and statements are normally work product of the State and are therefore protected from mandatory disclosure unless the contents are exculpatory. Such statements and reports must be tendered to the defense for cross-examination on proper request under *Gaskin* or related requirements.
12.   In the event that photographs, diagrams or models are prepared as "jury aids" at the direction of the State's attorneys before trial, such items will be considered work product unless the defense demonstrates a "particularized need" for inspection thereof.
13.   This order will dispose of all pretrial discovery motions heretofore filed. Because of the extensive nature of the discovery herein ordered, it will be considered that such order is acceptable to the defense pending the review of evidence and documents as ordered. In the event that further particularized discovery is considered necessary, the defense may file a Motion for Discovery, addressing only matters not covered in this Order and such Motion will be presented to the Court at the earliest practical opportunity before trial. Such motion shall describe how the additional discovery differs from this Order.

       The State is ordered to furnish the above inspection and copying on or before ten (10) days prior to trial. DEFENSE COUNSEL SHALL PICK UP DISCOVERY AT THE DISTRICT ATTORNEY'S OFFICE ON OR AFTER SUCH TIME. The Defense shall exercise reasonable diligence in contacting the State's attorney to arrange a mutually convenient time for the appointment.

       The State is ordered to prepare a list of exhibited or furnished items to be filed among the papers of this cause within seven (7) days after discovery is completed.

       ORDERED and ENTERED this ___9___ day of ___Sept___, 20_13_

                                              ALBERT M. McCAIG, JR. Presiding Judge

Copies:    White - Clerk          Yellow - State          Pink - Defendant's Attorney                    74

Cause No. 11-01-13703
11-01-13704
11-01-13705

STATE OF TEXAS                                          IN THE DISTRICT COURT

v.                                                      WALLER COUNTY, TEXAS

Dominque Donthe Lasker  §                              506TH JUDICIAL DISTRICT

§
§
§
§

# SCHEDULING ORDER - CRIMINAL

Defendant and counsel shall be present at all hearings. Except as otherwise modified by the Court, and pursuant to Article 28.01 of the Texas Code of Criminal Procedure, a Pretrial Hearing and other matters are hereby Ordered set as follows:

1. _____  9:00 a.m.  **ARRAIGNMENT**

2. ___11-4-13___  10:00 a.m.  **MOTIONS & PLEAS**
   All parties and Counsel shall be present and prepared to discuss all issues allowed under C.C.P., Art. 28.01.

3. _____  1:30 p.m.  **HEARINGS & BENCH TRIALS**

4. **On or before 10-days before Pretrial Hearing Date** all C.C.P., Art. 28.01 matters must be filed or will be considered waived.

5. _____  10:00 a.m.  **PRETRIAL HEARING**
   Pretrial hearing date is also the Plea Bargain Cutoff date. State and Defendant will announce whether the case will plead or if a trial is required, and whether trial is to the Court or to a jury.

At the Pretrial hearing all motions and other matters not previously ruled on will be heard. All parties must file and serve on opposing counsel the following: 1) Motions in Limine; 2) briefs and authorities on known issues that will be presented for hearing. Further, all counsel shall advise the Court of any special needs for presentation of their case, including technology requirements, interpreters or accommodation for disabilities.

6. ___2-24-14___  9:00 a.m.  **JURY TRIAL**
   Final trial date & time will be set immediately after the Pretrial hearing.

**Defendant has received a copy of the Indictment and is the same person charged therein. Defendant waives formal Arraignment and reading of the Indictment and enters a plea of NOT GUILTY.**

Dated: ___9-9-13___, replacing prior Scheduling Orders.

X_____        _____        _____
Defendant's Signature            Counsel for Defendant Blazek     Counsel for State

_____
ALBERT M. McCAIG, JR., Judge Presiding

Copies:    White--Clerk        Yellow--State        Pink--Defendant        Gold--Defendant's Attorney        75

CAUSE NO. 11-01-13703

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## FIRST AMENDED MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes the Defendant, **DOMINIQUE DONTAE LASKER**, by and through his attorneys of record, and submits this his First Amended Motion to Dismiss and for cause would show the Court the following:

1.     The State of Texas obtained an indictment for Capital Murder in this cause in January, 2011. Waller County placed a detainer concerning this cause on Defendant while he was serving time in a federal prison. Defendant has twice requested a final disposition to the indictment which was the basis of the detainer under the Interstate Agreement on Detainers (IADA), Art. 51.14 Texas Code of Criminal Procedure. Such request also demanded a speedy trial under the constitutional provisions of the Sixth and Fourteenth Amendments of the United States Constitution.

2.     More than 180 days have passed since the District Clerk and the Prosecutor received Defendant's written notice and request. The District Clerk of Waller County received the request on July 16, 2012. The District Clerk of Waller County received a second such request on February 8, 2013. The District Attorney of Waller County received the two requests on or about July 16, 2012, and February 8, 2013, as well. The second request was properly transmitted by and through the warden of the federal prison facility in which Defendant was incarcerated.

FIRST AMENDED MOTION TO DISMISS                                                                     PAGE 1
C:\FB\CRIM_K-O\Lasker.DD.81075\11-01-13703 CM\Motion to Dismiss.002.wpd

3. No delay has been sought by the Defendant. The Court has not found that good cause exists for any delay prior to the passing of 180 days. No trial has been commenced despite the passage of over 180 days.

> See TEX. CODE CRIM. PROC. art. 51.14, Article V § (c) ("in the event that an action on the indictment . . . on the basis of which the detainer has been lodged is not brought to trial within the period provided in . . . Article IV hereof, the appropriate court of the jurisdiction where the indictment . . . has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect.")

*Davis v. State*, 345 S.W.3d 71, 75 (Tex. Crim. App. 2011).

If the 180-day time period set by Art. III(a) of the IADA began running on February 8, 2013, trial should have commenced on or before August 7, 2013. If that period began running on July 16, 2012, commencement of trial should have been on or before January 14, 2013.

4. Defendant is entitled to have the cause dismissed under both the IADA and federal constitutional right to a speedy trial.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court will Order the indictment herein be dismissed with prejudice.

Respectfully submitted,

SMITHER, MARTIN,
HENDERSON & BLAZEK, P.C.
1414 11th Street
Huntsville, Texas 77340
(936) 295-2624
(936) 294-9784 [Telecopier]

By _____
Frank Blazek
State Bar No. 02475500

William F. Carter
State Bar No. 03932800
108 E. William J. Bryan Parkway
Bryan, Texas 77803-5334
(979) 779-0712
(979) 779-9243 [Telecopier]

ATTORNEYS FOR DEFENDANT


### Certificate of Service

I do hereby certify that a true and correct copy of the above and foregoing *First Amended Motion to Dismiss* has been forwarded to opposing counsel on this the ⎯⎯ day of October, 2013, by facsimile to 1-979-779-9243, and addressed as follows:

Elton R. Mathis
Criminal District Attorney
645 12th Street
Hempstead, Texas 77445

_____
Frank Blazek

78

CAUSE NO. 11-01-13703

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## ORDER

BE IT REMEMBERED, that on the _____ day of _____, 2013, came on to

be considered the above and foregoing Motion to Dismiss. After consideration of the same, it

is the opinion of the Court that Defendant's Motion be:

( )    GRANTED, and the indictment is hereby dismissed with prejudice.

( )    DENIED, to which ruling the Defendant excepts.

SIGNED: _____, 2013.


_____
JUDGE PRESIDING

79

Cause No. 11-01-13703
13704
13705

STATE OF TEXAS

v.

Dominique Dontae Lasker

§
§
§
§
§
§

IN THE DISTRICT COURT

WALLER COUNTY, TEXAS

506TH JUDICIAL DISTRICT

# SCHEDULING ORDER - CRIMINAL

Defendant and counsel shall be present at all hearings. Except as otherwise modified by the Court, and pursuant to Article 28.01 of the Texas Code of Criminal Procedure, a Pretrial Hearing and other matters are hereby Ordered set as follows:

1. _____ 9:00 a.m. **ARRAIGNMENT**

2. _1-22-14_ ✓ ~~10:00 a.m.~~ 1:30 **MOTIONS & PLEAS**
   All parties and Counsel shall be present and prepared to discuss all issues allowed under C.C.P., Art. 28.01.

3. _1-10-14_ ✓ 10:00 ~~1:30 p.m.~~ **HEARINGS & BENCH TRIALS** Suppression Hearing

4. **On or before 10-days before Pretrial Hearing Date** all C.C.P., Art. 28.01 matters must be filed or will be considered waived.

5. _2-14-14_ ✓ 10:00 a.m. **PRETRIAL HEARING**
   Pretrial hearing date is also the Plea Bargain Cutoff date. State and Defendant will announce whether the case will plead or if a trial is required, and whether trial is to the Court or to a jury.

At the Pretrial hearing all motions and other matters not previously ruled on will be heard. All parties must file and serve on opposing counsel the following: 1) Motions in Limine; 2) briefs and authorities on known issues that will be presented for hearing. Further, all counsel shall advise the Court of any special needs for presentation of their case, including technology requirements, interpreters or accommodation for disabilities.

6. _2-24-14_ ✓ 9:00 a.m. **JURY TRIAL**
   Final trial date & time will be set immediately after the Pretrial hearing.

**Defendant has received a copy of the Indictment and is the same person charged therein. Defendant waives formal Arraignment and reading of the Indictment and enters a plea of NOT GUILTY.**

Dated: _11-4-13_ , replacing prior Scheduling Orders.

X _____
Defendant's Signature

_____
Counsel for Defendant

_____
Counsel for State

_____
ALBERT M. McCAIG, JR., Judge Presiding

Copies:    White--Clerk          Yellow--State          Pink--Defendant          Gold--Defendant's Attorney          80

To: Honorable Judge McCaig Jr
   836 Austin Street
   Hempstead Texas, 77445

FILED
DISTRICT CLERK
WALLER COUNTY, TEXAS
2013 NOV -8 AM 11:17
BY ___ DEPUTY

From: Dominique D. Lasker 025113
   701 Calvit Street
   Hempstead Texas, 77445

Dear, Honorable Judge McCaig Jr.

I know that you are a busy man, but I beg you to hear by your courtesy, a few words from me. I feel that I have been deprived of my Constitutional rights, and since you are the Judge, and the Judge is suppose to be Judge of right and wrong between the State and opposing Attorneys, with all due respect I believe it starts with you Sir. I feel that you have been against me (biased) Since I set foot on deck due to what was said at the informal Arraignment. I asked you about the motions that I sent the Court, and you told me that Texas law does not permit me to do that on my own. You did not state a law concerning that matter but Article 1.05 of the Code of Criminal procedure States that its my right to Represent myself, or counsel or both. And Article 1.052 States that a defendant who is not represented by an attorney must sign any pleading, motion, or other paper filed for or on the defendant's behalf and state the defendant's address.

☐ Original to Court File
☐ Copy to District Attorney
☑ Copy to Defense Attorney

CC: DA, Judge
    Atty Blazek

81

I asked you if you received my paper-work and you quickly thumbed through a purple folder saying that you do see entries. I asked you for a copy of my docket sheet and you said I didn't have one. How Can I have indictments pending against me, motions that have been received and filed but no docket sheet to show entries of these things? I felt highly disrespected and intellectually undermined that day. According to Merriam-Webster's Dictionary, honorable means deserving of honor and or characterized by integrity. We stand at your presence and call you honorable but that day I questioned within myself "where is the honor in that?". I sent the court and The District Attorney A Speedy Trial and final disposition request in Accordance with Texas CCP Article 51.14. You said yourself you received it (And that should be on record) and that you didn't Act on it. I Even have a sheet of paper saying "No Action at this Time" with your Initials. The whole process starts with you sir. The IAD request is basically Telling you that I'm at my place of imprisonment and I'm ready for Your Jurisdiction to get custody of me to handle pending indictments, informations or complaints against me. I don't know how familliar you are with the IAD Request that I made to both your court and the District Attorney but on the First page in Section 3 It clearly states that The defendant (Dominique D. Lasker) moves this court to order he be brought to trial, and that the prosecuting Authorities arrange temporary custody under the appropriate provisions of The IAD Article 51.14. The DA is not on his own, The order has to come from the Court (Judge) that is why the DA's Request for Temporary custody has to be Signed by the Judge. The District Attorney's main three arguments for my first Request is that: It was not Sent Certified, It was Sent to wrong address, and that it did not go through the Warden.

The only Argument that is even close to being Valid is that it did not go through the warden of the prison. These are all safety valves put in place for my protection and my benefit, not to deprive or deny me my speedy trial rights that is binding on the States by the fourteenth amendment. Sending mail certified Just makes sure it arrives at destination or can be tracked. It was said that it was sent to wrong address but DA still claim to have both received and filed papers 3 days after court received and filed their papers, So it makes that argument frivolous. The issue about being forwarded through the warden can be tricky but over all things the warden cannot deny me from requesting for speedy trial either. It is my constitutional right. There is no signature spot for the warden on my request or any other request. Also See Article 51.14 IV (d) if there is any confusion. The point of the matter is that it doesn't matter if I go through the warden or not because the agreement is not between me and the warden, its between the sending and receiving States. So in each case of forwarding through warden or not, the DA still has to contact Sending Authorities to make proper arrangements. As you now know I made a second request on September 27, 2012 and this one was done correctly According to Article 51.14 Sec III. Not that the first request is invalid, the Second Request is everything the District Attorney claim the first one was not. I Sense that it will not be acknowledged that the court dropped the ball and therefore my constitutional rights have been violated. If by chance it is acknowledge and the law is obeyed by those who enforce the law then according to Article 28.061 The Court Shall discharge defendant with prejudice. If laws are broken to be enforced then who is the real criminal??? Its like Paul said in the bible Acts 23:3 "you sit to Judge me according to the law, and you command me to be struck contrary to the law".

83

To be honest I heard you were a good Judge and that you had a military background and that is why I am revealing to you what I See In your court before I start writing letters to prominent men and women I have met to look into these things. I do not prefer such publicity but I have to do what I have to do also. I am very familliar with The IAD Request and Article 51.14 and I hope you are also The battle is not mine but I do have to show up. The System will either operate according to law (not the waller County version) or find itself fighting against God, And I guarantee all of our arms are to short to box with God. Since It is also a right to have access to legal material, I Respectfully Request such material. It can be in the form of books or on a computer with publications on a thumb drive. In Court yesterday my lawyer Said that if you grant our motion to dismiss, the State would appeal, and if you denied it we will go to a higher Court (writ of mandamus) but either way it will Give higher courts a peek into how waller County does business. My mind, body and Soul is prepared to go whatever distance. I do know that the Case will be dismissed either now down here or later up there (Higher Court). Don't worry the Ex Parte Funds will be well used to make Sure that every Rock Is overturned and that every word be proved beyond a reasonable doubt. So I guess when you receive the Stipulations from both parties you will make your ruling on it, So Some time in the near future I will know what I need to Concoct and Send to those prominent people and those who care. Im Just mentioning that the Continuance you gave the DA was not reasonable. Yes It is true that the case is complex but from June 6 to Sept 9? a whole 3 months no court and no showing of Evidence? So eleven days before Your 180 day limit pass you give a Continuance. that will be brought up also. The Dates and Times Speak for Themselves.

Thank you for Your time Sic.

Dominique D. Leeks

84.





645 12th Street
Hempstead, Texas 77445

# Elton R. Mathis

Criminal District Attorney
Waller County

November 18, 2013

Mr. Frank Blazek
1414 11th Street
Huntsville, Texas 77340

In Re: State of Texas v. Dominique Dontae Lasker
Cause Nos. 11-01-13703, 11-01-13704 and 11-01-13705
506th Judicial District Court, Waller County, Texas

*Delivered by FAX and by Certified Mail receipt # 7002 3150 0000 3033 7222*

Dear Mr. Blazek,

Please find attached the State's proposed *"Stipulation of Evidence"* consisting of a number of attachments. I have taken the liberty of filing these documents with the Court as well for purposes of argument in your motion for dismissal.

Best Regards

Fred Edwards, Assistant District Attorney
Waller County District Attorney's Office
Waller County, Texas

Enclosures
Cc: 506th Judicial District Court

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY. TEXAS |
| | § | |
| DOMINQUE DONTAE LASKER | § | 506TH<sup>TH</sup> JUDICIAL DISTRICT |

## STIPULATION OF EVIDENCE

COMES NOW, the State of Texas and the Defendant through their undersigned attorneys and enters into the following stipulation of evidence for all purposes and all aspects of the trial of these causes, and would stipulate as follows:

1. The State of Texas stipulates that the State received documents marked as State's Exhibit A (consisting of eight pages) on February 8, 2013.

2. The State of Texas stipulates that the State received documents marked as State's Exhibit B (consisting of five pages and an envelope) on July 19, 2012.

3. The State of Texas stipulates that the State of Texas through the Waller County Sheriff's Office obtained custody of the Defendant on May 24, 2013.

4. The Defendant stipulates that the State of Texas sent by facsimile copies of the indictments against the Defendant to Kelly Palmer, U.S.P.O., SD/CA, on October 7, 2011, consisting of five pages, marked State's Exhibit C.

5. The Defendant stipulates that the State of Texas received facsimile from Ed Perez concerning necessary forms for transfer on August 31, 2012, consisting of one page marked as State's Exhibit D.

6. The Defendant stipulates to correspondence from Waller County DA's Office to Warden USP, Victorsville, CA forwarding completed IAD and required documents and USPS Certified Mail Receipt card, dated January 2, 2013, consisting of nine pages and card, marled as State's Exhibit G.

7. The Defendant stipulates to correspondence received by the Waller County DA's Office from USDJ, Victorsville, Warden McGrew, forwarding on more forms, dated January 31, 2013, consisting of two pages and forms, marked as State's Exhibit H.

8. The Defendant stipulates to a letter from USDJ, Victorsville, CA, Corrections Systems Officer dated April 8, 2013, received by facsimile attaching Prosecutor's certification and IAD VI, consisting of three pages, marked as State's Exhibit F.

9. The Defendant stipulates that the State of Texas sent a copy of the State of Texas , Texas Administrator cover letter and IAD Form VI to Linda T. McGrew, Warden, USPO, Victorsville, CA on April 17, 2013, consisting of three pages and U.S. Postal Service Receipt, marked as State's Exhibit E.

86

10. The Defendant stipulates that the Waller County DA's Office received from USDJ, Victorsville a facsimile correspondence acknowledging receipt of Waller County DA's Office letter of March 20, 2013, this facsimile received April 9, 2013, consisting of one page, marked as State's Exhibit I.

11. The Defendant stipulates that the State of Texas sent a letter to the Warden of FCC-USP, Victorsville, CA providing a IAD Form VI signed by the Texas IAD Administrator, on May 1, 2013, consisting of three pages and envelope, marked as State's Exhibit J.


Agreed to this the _____ day of _____, 2013.


_____
Defendant's Signature


Sworn to and subscribed before me on _____ day of _____ 2013.


_____
County Clerk, Waller, County, Texas


Approved:


_____
Frank Blazek/Billy Carter
Attorney for Defendant


_____
Elton Mathis
Criminal District Attorney, Waller County


_____
Judge Presiding
506th Judicial District Court

2

*87*

Office of the Correctional Systems

DEPUTY

**U.S. Department of Justice**

**Federal Bureau of Prisons**

**Federal Correctional Complex**
Victorville, California

January 31, 2013

Office of the District Attorney
Elton R. Mathis, Criminal District Attorney
Waller County
506th Judicial District
645 12th Street
Hempstead, Texas 77445

Re: Lasker, Dominique Dontae
    Register Number 22867-289280
    STATE CASE/REFERENCE NO. 11-01-13703; 11-01-13704; 11-01-13705

Dear Mr. Mathis:

In response to your request for temporary custody pursuant to the Interstate Agreement on Detainers Act (IADA), applicable forms are enclosed.

Please be advised subject has been notified of your request and has been afforded a 30-day period in which to contact the Warden of this institution as to any reasons why he should not be produced in your State pursuant to the Agreement.

 X  The inmate has waived this 30-day period.  You may contact this facility directly to arrange for temporary custody.

 ___ The inmate has elected this 30-day period, provided under Article IV(a), which expires on (___DATE__).  Any court proceedings must occur after this date.

Please remit to this office the original completed Form VI, "Evidence of Agent's Authority to Act for Receiving State" (BP-A564) and originals of the IAD Form V (BP-568) and IAD FormVI (BP-565). The persons designated as agents to return the prisoner to your State must also be the persons whose signatures appear on the Form VI.  Naming alternative agents would be advisable in case your primary agents cannot make the trip.  The alternate agents' signatures should also appear on the Form VI.  Also be advised that the designated agents must have in their possession a copy of the warrant when assuming custody of the prisoner.

**EXHIBIT**

St - A.

88

Page Two
RE: Lasker, Dominique Dontae
    Register No. 22867-289

Inmates who are temporarily transferred pursuant to the IAD remain
under the primary jurisdiction of Federal authorities. Should you
accept temporary custody of this inmate, we wish to remind you that
under Article V(e) of the IADA, you are required to return the above-
named inmate to this institution after prosecution on all pending
charges.

While this inmate is in your temporary custody, he/she will be held in
a suitable jail that meets the level of security required by the Bureau
of Prisons. In addition, security requirements for the inmate must
be met. Two law enforcement escort officers, handcuffs, martin chains
and leg irons are required. Contract Guard Services are not allowed.

Any problems associated with this inmate must be reported to the
individual listed below. This inmate may not be released on bail or
bond or any other agency while in your custody. Additionally, this
inmate is not to be committed to a state correctional institution for
service of any state sentence(s) that may be imposed because of your
prosecution.

To help us with processing, please fill out the enclosed certification
form and return to us before scheduling a date for assuming custody.
Before making scheduling arrangements, please contact this individual
below to ensure all required paperwork and approvals have been met.

If you have any questions on this matter, please call: D.
Wren, Supervisory Correctional Systems Specialist at 760-530-
5748.

                                    Sincerely

                                    Linda T. McGrew, Warden

                                    /s/ D.
                                    Wren, SCSS


Enclosures:   BP-Forms A235, A236, A238, A239
              BP-A565, IAD/State Writ – Prosecutor's Certification Form

cc:   Clerk of Court
      State IADA Administrator



**U.S. DEPARTMENT OF JUSTICE**                                      **FEDERAL BUREAU OF PRISONS**

| INMATE NAME:<br>LASKER, DOMINIQUE DONTAE | REGISTER NUMBER:<br>22867-298 | INSTITUTION:<br>FCC VICTORVILLE COMPLEX |
| --- | --- | --- |

Pursuant to the Interstate Agreement on Detainers Act, you are hereby informed that the following are the untried indictments, information, or complaints against you concerning which the undersigned has knowledge, and the source and contents of each:   **WALLER COUNTY SHERIFF'S OFFICE. CAPITOL MURDER CAUSE #11-01-13703, 11-01-13704 AND 11-01-13705.**

You are hereby further advised that the provisions of said Agreement you have the right to request the appropriate prosecuting officer of the jurisdiction in which any such indictment, information or complaint is pending and the appropriate court that a final disposition be made thereof. You shall then be brought to trial within 180 days, unless extended pursuant to provisions of the Agreement, after you have caused to be delivered to said prosecuting officer and said court written notice of the place of your imprisonment and your said request, together with a certificate of the custodial authority as more fully set forth in said Agreement. However, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

Your request for final disposition will operate as a request for final disposition of all untried indictments, information or complaints on the basis of which detainers have been lodged against you from the state to whose prosecuting official your request for final disposition is specifically directed. Your request will also be deemed to be a waiver of extradition with respect to any charge or proceedings contemplated thereby or there imposed upon you, after completion of your term of imprisonment in this state. Your request will also constitute a consent by you to the production of your body in any court where your presence may be required in order to effectuate the purposes of the Agreement on Detainer and a further consent voluntarily to be returned to the institution in which you are now confined.

Should you desire such a request for final disposition of any untried indictment, information or complaint, you are to notify the Inmate Systems Manager of the institution in which you are now confined.

You are also advised that under provisions of said Agreement the prosecuting officer of a jurisdiction in which any such indictment, information or complaint is pending may oppose the request that you be delivered to such prosecuting officer or court. You may request the Warden to disapprove any such request for your temporary custody but you cannot oppose delivery on the ground that the Warden has not affirmatively consented to or ordered such delivery.

| DATE:<br><br>August 31, 2012 | NAME AND TITLE OF<br>CUSTODIAL AUTHORITY<br><br>Charles E Samuels Jr.<br>Director, Bureau of Prisons | Linda T. McGrew,<br>Complex Warden<br><br>BY: D. Wren, Correctional<br>Systems Specialist |
| --- | --- | --- |

| DATED:<br><br>      ~~/ 09 / 27~~ | INMATE SIGNATURE |
| --- | --- |

Original   Inmate
Copy:     J&C File
          Central file

*90*

BP-S236.051 **IAD – PLACEMENT OF IMPRISONMENT** CDFRM

FEB 94
**U.S. DEPARTMENT OF JUSTICE**                 **FEDERAL BUREAU OF PRISONS**

| To: Prosecuting Officer<br>    ELTON R. MATHIS | Jurisdiction:<br>    WALLER COUNTY, TX |
|---|---|
| Court:<br>    506th JUDICIAL DISTRICT | Jurisdiction:<br>    WALLER COUNTY, TX |

And to all other prosecuting officers and courts of jurisdiction listed below from which indictments, information or complaints are pending, you are hereby notified that the undersigned is now imprisoned in:

**Institution:**

Federal Correctional Complex - United States Penitentiary  P.O. Box 5400, Victorville, CA 92301

And I hereby request that a final disposition be made of the following indictments, information or complaints now pending against me:     **WARRANT No. 11-01-13703, 11-01-13704 and 11-01-13705**
                  **CAPITAL MURDER SECTION: 19.03 DEGREE: CAPITAL FELONY**

Failure to take action in accordance with the Interstate Agreement on Detainers Act, to which your state is committed by Law, will result in the invalidation of the indictments, information or complaints.

I hereby agree that this request will operate as a request for final disposition of all untried indictments, information or complaints on the basis of which detainers have been lodged against me from your state. I also agree that this request shall be deemed to be my waiver of extradition with respect to any charge or proceedings contemplated hereby or included herein, and a waiver of extradition to your state to serve any sentence there imposed upon me, after completion of my term of imprisonment in this state. I also agree that this request shall constitute a consent by me to the production of my body in any court where my presence may be required in order to effectuate the purposes of the Interstate Agreement on Detainers Act and a further consent voluntarily to be returned to the institution in which I now am confined.

If jurisdiction over this matter is properly in another agency, court or officer, please designate the proper agency, court or officer and return this form to the sender.

Forms BP-S238(51), Certificate of Inmate Status, and BP-S239(51), Offer of To Deliver Temporary Custody, are attached.
Dated:

                                         Inmate's Name and Register No.:
**January 30, 2013**                                **LASKER, DOMINIQUE DONTAE**
                                           **Federal Register: 22867-298**

The inmate must indicate below whether he has counsel or wishes the court in the receiving state to appoint counsel for purposes of any proceedings preliminary to trial in the receiving state which may take place before his delivery to the jurisdiction in which the indictment, information or complaint is pending. Failure to list the name and address of counsel will be construed to indicate the Inmate's consent to the appointment of counsel by the appropriate court in the receiving state.

| A.  My Counsel is (give name) | Address is: (Street, City, State, Zip Code) |
|---|---|
| | |

B.  I request the Court to appoint Counsel. (Inmate's Signature)

91

BP-S238.051 **IAD – CERTIFICATE OF INMATE STATUS** CDFRM
February 19 94
U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| Inmate's Name:<br>**LASKER, DOMINIQUE**<br>**DONTAE** | Register No.:<br>**22867-298** | Institution:<br>**FCC VICTORVILLE**<br>**COMPLEX** |

Institution Address: **Federal Correctional Complex, P.O. BOX 5400 Adelanto, CA 92301**

The (Custodial Authority) hereby certifies:

1. The term of commitment under which the prisoner above named is being held:
   **121 MONTHS**

2. The Time Already Served:     **1 YEAR 3 MONTHS 4 DAYS**

3. Time Remaining to be Served on the Sentence:   **6 YEARS 6 MONTHS 15 DAYS**

4. The Amount of Good Time Earned: **108**

5. The Date of Parole Eligibility of the Prisoner:

6. The decisions of the U.S. Parole Commission relating to the Prisoner:

7. Maximum expiration date under present sentence: **11-29-2020**

Detainers currently on file against this inmate from your state are as follows:
   **WARRANT No. 11-01-13703, 11-01-13704 AND 11-01-13705**

| Date:<br><br>1/30/13 | Name and Title of Custodial Authority<br>**Charles E. Samuels Jr.**<br>**Director, Bureau of Prisons** | By: (Chief Executive Officer)<br>**Linda T. McGrew,**<br>**Complex Warden**<br><br>**D. Wren**<br>**Correctional Systems Specialist** |

Record Copy - State IAD Administrator
Copy - J&C File
Copy - Central File (Sect. 1)
Copy - Prosecuting Official (Mail Certified Return Receipt)
Copy - Clerk of Court (Mail Certified Return Receipt)

BP-S239.051   IAD - OFFER TO DELIVER TEMPORARY CUSTODY        CDFRM
February 1994
U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

Date:   January 30, 2013

| To:  Prosecuting Officer **ELTON R. MATHIS** | Name and Title (if known) **Criminal District Attorney** | Jurisdiction: **WALLER COUNTY, TX** |
|---|---|---|

And to all other prosecuting officers and courts of jurisdiction listed below from which indictments, information or complaints are pending

| Re: (Inmate's Name) **LASKER, DOMINIQUE DONTAE** 22867-298 | Register Number |
|---|---|

Pursuant to the provisions of Article V of the Interstate Agreement on Detainers Act between this state and your state, the undersigned hereby offers to deliver temporary custody of the above-named prisoner to the appropriate authority in your state in order that speedy and efficient prosecution may be had of the indictment, information or complaint which is described in the attached inmate's request dated:
**September 27, 2012**
The required Certificate of Inmate Status is enclosed. dated: **January 30, 2013**

If proceedings under Article IV(d) of the Interstate Agreement on Detainers Act are indicated, an explanation is attached.

Indictments, information or complaints charging the following offenses also are pending against the inmate in your state and you are hereby authorized to transfer the inmate to custody of appropriate authorities in these jurisdictions for purposes of these indictments, information or complaints.

**CAPITAL MURDER**                 **DISTRICT COURT OF WALLER COUNTY, TEXAS**
**19.03**                          **506TH JUDICIAL DISTRICT**
**CAPITAL FELONY**

If you do not intend to bring the inmate to trial, will you please inform us as soon as possible? Kindly acknowledge.

| By: (Chief Executive Officer) | Institution & Address: | Name/Title Custodial Authority: |
|---|---|---|
| D. Wren **Correctional Systems Specialist** Linda T. McGrew **Complex Warden** | **FCC Victorville - USP P.O. Box 5400 Adelanto, CA 92301** | **Charles E. Samuels Jr. Director Bureau of Prisons** |

*93*

BP-S565.051 **IAD / STATE WRIT - PROSECUTOR'S CERTIFICATION** CDFRMDEC 02
**U.S. DEPARTMENT OF JUSTICE**                                    **FEDERAL BUREAU OF PRISONS**

This is to certify that I, ELTON R. MATHIS, Criminal District Attorney, hereby request
temporary custody of **LASKER, DOMINIQUE DONTAE, Federal Register Number 22867-298** via __X__
**IAD** __State Writ__ (check one), and do hereby agree to the following conditions in connection
with the request for custody of said inmate.

Conditions

a. Agree that said inmate will be provided safekeeping, custody, and care and will assume
   responsibility for that custody to include providing the inmate with the same level of
   security required by Bureau of Prisons Policy.

b. Agree to report to the Bureau of Prisons any problems associated with said inmate, to
   include disciplinary problems, medical emergencies, suicide attempt, escape or attempted
   escape or any other problem arising during commitment.

c. Agree not to release said inmate on bail or bond or to commit them to an institution for
   service of any sentence imposed in connection with our prosecution.

d. Agree to return said inmate to the federal institution from which they were obtained at
   the conclusion of the inmate's appearance in the proceeding for which obtained.

e. Agree to notify the local jail authority of the responsibility to return the inmate to
   federal custody.

As the Prosecuting Official for the State of **Texas** I, **ELTON R. MATHIS, Criminal District
Attorney,** hereby submit the following information in connection with my request for
temporary custody of **LASKER, DOMINIQUE DONTAE, Federal Register Number 22867-298.**

Information

1. Name of facility, location, contact person, and phone number where the inmate will be
   confined during legal proceedings. Waller Co. Sheriff's Office, 701 Calvit Hempstead, TX 77445

2. Scheduled date for trial. R. Glenn Smith, Sheriff (979) 826-8282  Not scheduled
3. Projected date of return of the prisoner to federal custody: 2-12-2014

4. Name and phone number of the state agency, specific name of agent(s) who will transport
   the inmate at direction of the court and whether a private carrier, contractor (if
   permitted by Bureau of Prisons policy), state agency, or the USMS, will be transporting
   the inmate for the state. Waller Co. S.O. 979 826-8282

5. Need for appearance of inmate and nature of action.
   Trial for capital murder

6. **For State Writ cases only (not required for IAD):**
   a. Name and address of court issuing writ, name of the judge, and name, address, and
   phone number of clerk of the court.

   b. Reason production on writ is necessary and reason another alternative is not
   available (for civil cases).

| 7. Signature and Title of Prosecutor | Date |
|---|---|
| | |

Subscribed and sworn before (Date): _____

| 8. Signature of Notary Public | Date |
|---|---|
| | |

Original - J&C File, Copy - Central File  This form replaces BP-S565 dtd FEB 94)

94

BP-S568.051 **IAD FORM V - REQUEST FOR TEMPORARY CUSTODY** CDFRM AMARILLO FEB 94
**U.S. DEPARTMENT OF JUSTICE** **FEDERAL BUREAU OF PRISONS**

Six copies. Signed copies must be sent to the prisoner and to the official who has the prisoner in custody. A copy should be sent to the Agreement Administrator of both the sending and the receiving state. Copies should be retained by the person filing the request and the judge who signs the request. Prior to transfer under this Agreement, an Inmate may be afforded a judicial hearing (Cuyler) similar to that provided under the Uniform Extradition Act, in which the inmate may bring a limited challenge to the receiving state's request.

### Request for Temporary custody

To: (Warden-Superintendent-Director) - Institution and Address
United States Penitentiary, Victorville FCC., P.O. Box 3900, Adelanto, C 92301

Please be advised that (Name of Inmate) DOMINIQUE DONTAE LASKER 22867-248, who is ~~presently~~ an inmate of your institution, is under [indicate appropriate] (indictment) ~~(information)~~ (complaint) in the (Jurisdiction) 506th District Ct. Waller County Texas, of which I am the (Title of Prosecuting Officer) District Attorney . Said inmate is therein charged with the offense(s) enumerated below:

**Offense(s)**

① Capital Murder 11-01-13 703, ② ~~Capital Murder 11-01-13 704~~ ③ Capital Murder 11-01-

I propose to bring this person to trial on this [indicate appropriate] (indictment) ~~(information)~~ ~~(complaint)~~ within the time specified in Article IV(c) of the Agreement.

In order that proceedings in this matter may be properly had, I hereby request temporary custody of such persons pursuant to Article IV(a) of the Agreement on Detainers.

Attached herewith find in triplicate:
a. Certified copies of the complaint, information or indictment
b. Certified copies of the warrant
c. Certified copies of fingerprints, photographs or physical description

I hereby agree that immediately after trial is completed in this jurisdiction, I will return the prisoner directly to you or allow any jurisdiction you have designated to take temporary custody. I agree also to complete Form IX, The Notice of Disposition of a Detainer, immediately after trial.

| Printed Name and Signature<br>Elton R. Mathis | Title<br>Criminal District Attorney | Date<br>Nov 26, 20 |
|---|---|---|

| Address:<br>645 12th Street | City/State:<br>Hempstead, Texas 77445 | Telephone No.:<br>979-826-7718 |
|---|---|---|

I hereby certify that the person whose signature appears above is an appropriate officer within the meaning of Article IV(a) and that the facts recited in this request for temporary custody are correct and that having duly recorded said request, I hereby transmit it for action in accordance with its term and the provisions of the Agreement on Detainers.

| Judge's Printed Name and Signature<br>Albert M. McCaig | Date<br>Nov 26, 201 |
|---|---|

| Court<br>506th Judicial District Court | Judicial District<br>506th |
|---|---|

| City/State<br>Hempstead, Waller County, Texas | Telephone No.<br>979-826-921-0921 |
|---|---|

(This form may be replicated via WP)

**Albert M. McCaig, Jr.**
Judge, 506th Judicial District Court
Waller and Grimes Counties, Texas

95

# NOTICE AND DEMAND TO DISTRICT ATTORNEY/PROSECUTOR
## FOR TRIAL OR DISPOSITION OF WARRANTS, INFORMATIONS, DETAINERS OR
## INDICTMENTS BY FEDERAL PRISONER

TO: Office of District Attorney

646 6th Street Suite 1

Hempstead TX 77445

FROM: Dominique Dontae Lasker
Reg. No. 22867-298
United States Penitentiary
Victorville FCC
PO Box XXXX 3900
Adelanto, CA 92301

Dear Sir/Madam:

1. I have been informed that I have the following outstanding warrant(s), indictment(s), or complaint(s) under the following case numbers, issuing from your jurisdiction:

| | |
|---|---|
| Capital Murder Charge | # 11-01-13703 979-826-8282 |
| Capital Murder Charge | # 11-01-13704 979-826-8282 |
| Capital Murder Charge | # 11-01-13705 979-826-8282 |
| | # |

2. I am presently a federal prisoner in the custody of the United States Attorney General, incarcerated at the Victorville Federal Correctional Complex, located in Adelanto, California.

3. I was sentenced in the United States District Court for the __Southern__ District of __California__, to a term of __121__ months. My current projected release date from federal custody is __August__, __13__, 20 __19__, as found in the attached BOP documentation (see Sentence Monitoring/Data Computation printout).

4. The outstanding charges pending from this jurisdiction adversely affect the conditions of my incarceration, and do not allow my participation in certain rehabilitative programs. I remain in a higher security classification category and the delay in prosecution prejudices my defense against these outstanding charges.

5. I have provided this communication to invoke the statutes. rules and procedures of this State for speedy trial and disposition of untried warrants, indictments and complaints. Based upon these provisions I would demand a speedy trial or disposition within one-hundred and twenty (120) days, on any and all criminal actions in your jurisdiction and/or alternatively, that you submit request for temporary custody to the federal bureau of prison authorities, pursuant to the requirements of applicable statutes for Interstate Agreement on Detainers ("IAD").

Cordially,

Dated: 2012 / 07 / 2

REQUESTOR
Mr. Dominique Dontae Lasker

Ethambuck, Hambruck

WITNESS-PRISON STAFF MEMBER

Authorizated by the Act of July 7, 1955, as amended, to administer oaths (18 U.S.C. § 4004)

COPIES: ORIGINAL TO DISTRICT ATTORNEY (KEEP COPIES OF RECORDS TO BE USED WITH REQUEST TO COURT FOR DISMISSAL. ALSO: INCLUDE DOCUMENTATION FROM THE CASE FILE REGARDING THE WARRANT/DETAINER AND IF POSSIBLE YOUR SENTENCE MONITORING/DATA COMPUTATION PRINTOUT SHOWING YOUR PROJECTED RELEASE DATE.

VIP Law Library Forms/NoticeSpeedyTrial-Detainer (Rev 9-11)

EXHIBIT
St-B

96

IN THE <u>  District  </u> COURT OF <u>  Waller  </u> COUNTY

FOR THE STATE OF <u>  Texas  </u> [ <u>506 District</u>]

| | |
|---|---|
| <u>Waller County Sheriffs,</u>   ) | **NOTICE OF PLACE OF IMPRISONMENT AND** |
| **Plaintiff,**   ) | **REQUEST FOR SPEEDY TRIAL AND FINAL** |
|    ) | **DISPOSITION**..Pursuant to ......... |
| **v.**   ) | (<u>Tex.Code Crim.Proc. Ann.Art. 51.14</u>  ) |
| ' ) | (<u>Constitution, Art. VI, § 10</u>       ) |
|    ) | |
| <u>Dominique Dontae Lasker,</u>   ) | **CASE NO.** <u>11-01-13703 979-826-8282</u> |
| **Defendant.**   ) | <u>11-01-13704 979-826-8282</u> |
| | <u>11-01-13705 979-826-8282</u> |

Notice is hereby given that the above-named Defendant, <u>Dominique Dontae Lasker</u>, is currently a federal prisoner in the custody of the United States Attorney General, and is incarcerated at the Victorville Federal Correctional Complex located in Adelanto, California. Defendant would further show:

1. The defendant is serving an approximate term of <u>121</u> months of imprisonment from a judgment imposed by the United District Court for the <u>Southern</u> District of <u>California</u>, on <u>December</u>, <u>16</u>, <u>2011</u>. Defendant has a projected release date from federal custody on <u>August</u>, <u>13</u>, 20 <u>19</u>. (see attached sentencing computation/data sheet).

2. The defendant has been advised that there are, or may be, outstanding citations, warrants, informations, charges, and/or complaints pending in this jurisdiction. Specifically:

<u>1). Capital Murder Charges...Warrant # 11-01-13703 979-826-8282</u>

<u>2). Capital Murder Charges...Warrant # 11-01-13704 979-826-8282</u>

<u>3). Capital Murder Charges...Warrant # 11-01-13705 979-826-8282</u> .

3. The defendant moves this Court to order he be brought for trial, and that prosecuting authorities arrange temporary custody under the appropriate provisions for Interstate Agreement on Detainers. The Defendant further requests in an absence of availability of trial, an *in absentia* resolution be arranged.

*97*

4. This Motion is based upon the Defendant's Sixth Amendment speedy trial guarentee that is binding on the states through the Due Process Clause of the Fourteenth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 222-223 (1967). A state is responsible for a defendant's speedy trial rights, even where a defendant is held in federal prison. see: *Smith v Hooey*, 393 U.S. 374 (1969). This notice would further trigger defendant's request under the Interstate Agreement on Detainers. see: *Fex v. Michigan*, 507 U.S. 43, 113 S.Ct. 1088, 122 L.Ed.2d 406 (1993).

WHEREFORE, the defendant prays that the Court initiate all needed and necessary orders and actions required to resolve this matter by trial or settlement *in abstentia*, including an order for the district attorney/prosecutor to seek temporary custody from federal authorities under IAD provisions, and the dismissal of any outstanding citations, warrants, informations, charges, and/or complaints, presently pending in this jurisdiction, within a reasonable period of time not to exceed 120 days.

Respectfully Submitted,

Dated: 2012 / 07 / 03

Dominique Dontae Lasker
Reg. No. 22867-298
United States Penitentiary
Victorville FCC
PO Box 3900
Adelanto, CA 92031

## CERTIFCATE OF SERVICE

I hereby certify that a copy of this document was mailed to the office of the district attorney/ prosecutor for this jurisdiction, addressed as below.:

District Attorney
846 6ᵗʰ Street Suite 1
Hempstead TX, 77445

Date: 2012 / 07 / 3

Mr. Dominique Dontae Lasker

98

# CERTIFICATE OF SERVICE

I, ___Dominique Dontae Lasker___ , hereby certify that I have served a true and complete copy of the following: Notice of place of imprisonment and request for speedy trial and final disposition...pursuant to: Tex. Code. Crim. Proc. Ann. Art. 51.14, and Tex. Constitution, Art. VI, § 10

By placing the same in the care and custody of prison officials of the United States Penitentiary, Victorville USP/FCC, at Adelanto, California, on this __16__ day of ___January___ , 20 __12__ , with sufficient postage affixed. It would be noted that this service would be deemed filed at the time it was delivered to prison authorities for forwarding to the court. see: _Houston v. Lack_, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). This service was addressed to the following party or parties:

1). District Court, 506th District
Attn: Patricia Spadachene, District Clerk
Waller County Courthouse
836 Austin Ct., Room 318
Heapstead, TX 77445-4673

2). District Attorney/Prosecutors
OFFICE
FOR WALLER COUNTY

___846 6th Street Suite 1___
___Hempstead TX, 77445___

Dominique Dontae Lasker
Reg. No. 22867-298
United States Penitentiary
Victorville FCC
PO Box 5300
Adelanto, CA 92301

99

REGNO..: 22867-298 NAME: LASKER, DOMINIQUE DONTAE


FBI NO...........: 201461KD5          DATE OF BIRTH: 03-21-1984
ARS1.............: VIP/A-DES
UNIT.............: 6 A                QUARTERS.....: F61-119L
DETAINERS........: YES                NOTIFICATIONS: NO

HOME DETENTION ELIGIBILITY DATE: 02-13-2019

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE: 08-13-2019 VIA GCT REL


---------------------CURRENT JUDGMENT/WARRANT NO: 010 ----------------------

COURT OF JURISDICTION............: CALIFORNIA, SOUTHERN DISTRICT
DOCKET NUMBER....................: 10CR4732-DMS
JUDGE............................: SABRAW
DATE SENTENCED/PROBATION IMPOSED: 12-16-2011
DATE COMMITTED...................: 01-12-2012
HOW COMMITTED....................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED................: NO


               FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $200.00       $00.00          $00.00       $00.00

RESTITUTION...: PROPERTY: YES SERVICES:  NO       AMOUNT: $2,714.50

-----------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....: 551
OFF/CHG: 18:2113(A),(D) AND 18:2 ARMED BANK ROBBERY AND AIDING AND
         ABETTING.(CT.1)

 SENTENCE PROCEDURE..............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:   37 MONTHS
 TERM OF SUPERVISION.............:    3 YEARS
 DATE OF OFFENSE.................: 10-30-2010




G0002      MORE PAGES TO FOLLOW . . .

Mr. Dominique Dontae Lasker
Fed. Reg. 22867-298
United States Penitentiary Victorville
P.O. BOX. 3900
ADELANTO, CA. 92301



"Legal Mail"

District Attorney/Prosecutors Office
For Waller County

846 6th Street Suite 1

Hemostead TX. 77445

DISA      773   SE  1  N   C 22  07/16/12
UNABLE TO FORWARD/FOR REVIEW
**####**

BC: 77445540246 DU *2804-12515-11-39

77445540246
77445@5402



# ELTON R. MATHIS

## CRIMINAL DISTRICT ATTORNEY

### WALLER COUNTY

## FACSIMILE TRANSMITTAL SHEET

TO: Kelly Palmer    FROM: Elton R. Mathis

COMPANY: U.S.P.O, SD/CA    DATE: 10-7-11

FAX NUMBER: 619-~~557-2~~    TOTAL NO. OF PAGES INCLUDING COVER: 4

PHONE NUMBER: 615-6094    SENDER'S REFERENCE NUMBER:

RE: Dominique Dontae LASKER    YOUR REFERENCE NUMBER:

☐ URGENT    ☒ FOR REVIEW    ☐ PLEASE COMMENT    ☐ PLEASE REPLY    ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Three (3) indictments included.

**EXHIBIT**

St - C

| | | | | |
|---|---|---|---|---|
| Date/Time | 10-07-2011 | 04:55:31 p.m. | Transmit Header Text | WALLER CNTY D.A. MATHIS OFFICE |
| Local ID 1 | 9798267722 | | Local Name 1 | WALLER CNTY. DA OFFICE |
| Local ID 2 | | | Local Name 2 | |

## This document : Confirmed
## (reduced sample and details below)
## Document size : 8.5"x11"



# ELTON R. MATHIS
### CRIMINAL DISTRICT ATTORNEY
### WALLER COUNTY

#### FACSIMILE TRANSMITTAL SHEET

| | | | |
|---|---|---|---|
| TO: Kelly Palmer | | FROM Elton R. Mathis | |
| COMPANY: U.S.P.O. SD/CA | | DATE 10-7-11 | |
| FAX NUMBER 619-~~555-25~~ | | TOTAL NO. OF PAGES INCLUDING COVER 4 | |
| PHONE NUMBER 615-6094 | | SENDER'S REFERENCE NUMBER | |
| RE: Dominique Dontae LASKER | | YOUR REFERENCE NUMBER | |

☐ URGENT  ☒ FOR REVIEW  ☐ PLEASE COMMENT  ☐ PLEASE REPLY  ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Three (3) indictments included.

846 4TH STREET, STE. 1 • HEMPSTEAD, TEXAS 77445
PHONE 979 826-7718 • FAX: 979 826 7732

Total Pages Scanned : 4        Total Pages Confirmed : 4

| No. | Job | Remote Station | Start Time | Duration | Pages | Line | Mode | Job Type | Results |
|---|---|---|---|---|---|---|---|---|---|
| 001 | 838 | U.S. Probation | 04:51:33 p.m. 10-07-2011 | 00:03:34 | 4/4 | 1 | EC | HS | CP14400 |

Abbreviations:

| | | | | |
|---|---|---|---|---|
| HS: Host send | PL: Polled local | MP: Mailbox print | TU: Terminated by user | |
| HR: Host receive | PR: Polled remote | CP: Completed | TS: Terminated by system | G3: Group 3 |
| WS: Waiting send | MS: Mailbox save | FA: Fail | RP: Report | EC: Error Correct |

/03

NO. _11-01-13705_

THE STATE OF TEXAS                    IN THE DISTRICT COURT OF

VS.                                   WALLER COUNTY, TEXAS

DOMINIQUE DONTAE LASKER              _506th_ JUDICIAL DISTRICT
B/M            DOB: 03/21/1984

Charge: CAPITAL MURDER
Section: 19.03
Degree: CAPITAL FELONY

## INDICTMENT

**IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS;**

The Grand Jury for the County of Waller and the State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the January term, A.D. 2011 of the 506th Judicial District Court of said County, upon their oaths present in and to said Court at said term that DOMINIQUE DONTAE LASKER, hereinafter styled Defendant, on or about the 11TH day of MARCH, 2010, and before the presentment of this indictment, in Waller County, Texas, did then and there intentionally or knowingly cause the death of an individual, namely, Stanley Ray Jackson, by shooting Stanley Ray Jackson with a firearm, and did then and there intentionally or knowingly cause the death of another individual, namely, Janella Edwards, by shooting Janella Edwards with a firearm, and both murders were committed during the same criminal transaction.

The Grand Jury for the County of Waller and the State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the January term, A.D. 2011 of the 506th Judicial District Court of said County, upon their oaths present in and to said Court at said term that DOMINIQUE DONTAE LASKER, hereinafter styled Defendant, on or about the 11TH day of MARCH, 2010, and before the presentment of this indictment, in Waller County, Texas, did then and there intentionally cause the death of an individual, namely, Stanley Ray Jackson, by shooting Stanley Ray Jackson with a firearm, and the defendant was then and there in the course of committing or attempting to commit the offense of robbery of Stanley Ray Jackson.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Foreman of the Grand Jury

Filed AT 1:05 O'Clock P M
PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS
BY
DEPUTY
1-17-11

104

NO. _11 C1·13700_

THE STATE OF TEXAS

VS.

DOMINIQUE DONTAE LASKER
B/M        DOB: 03/21/1984

Charge: MURDER
Section: 19.02
Degree: FIRST DEGREE FELONY

IN THE DISTRICT COURT OF

WALLER COUNTY, TEXAS

_506th_ JUDICIAL DISTRICT

## INDICTMENT

**IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS;**

The Grand Jury for the County of Waller and the State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the January term, A.D. 2011 of the 506th Judicial District Court of said County, upon their oaths present in and to said Court at said term that DOMINIQUE DONTAE LASKER, hereinafter styled Defendant, on or about the 11TH day of MARCH, 2010, and before the presentment of this indictment, in Waller County, Texas, did then and there intentionally or knowingly cause the death of an individual, namely, Janella Edwards, by shooting Janella Edwards with a firearm.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_Paul A Wood_
Foreman of the Grand Jury

NO. _11-01-13704_

THE STATE OF TEXAS

VS.

DOMINIQUE DONTAE LASKER
B/M                DOB:  03/21/1984

Charge: MURDER
Section: 19.02
Degree:  FIRST DEGREE FELONY

IN THE DISTRICT COURT OF

WALLER COUNTY, TEXAS

506 JUDICIAL DISTRICT

## INDICTMENT

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS;

The Grand Jury for the County of Waller and the State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the January term, A.D. 2011 of the 506th Judicial District Court of said County, upon their oaths present in and to said Court at said term that DOMINIQUE DONTAE LASKER, hereinafter styled Defendant, on or about the 11TH day of MARCH, 2010, and before the presentment of this indictment, in Waller County, Texas, did then and there intentionally or knowingly cause the death of an individual, namely, Stanley Ray Jackson, by shooting Stanley Ray Jackson with a firearm.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Foreman of the Grand Jury

106

# FAX MESSAGE

**DATE:** 08/31/2012

**TO:** FRED EDWARDS/ WALLER COUNTY S.O.

**FAX:** 979-826-7722

**PHONE:** 979-826-7718

**FROM:** ED PEREZ

**FAX:** 760-530-5750

**PHONE:** 760-530-5700 EXT: 5881

**PAGES:** 3

**RE:** IAD FORM V

**CC:**

## COMMENTS:

Please complete the attached form. Once I receive the form V back, I will complete the request here and forward the remaining documents to you. If you have any questions please feel free to contact me at my direct line. 760-530-5881, if I do not answer please leave a message.

This message is intended for official use and may contain "SENSITIVE BUT UNCLASSIFIED (SBU) INFORMATION". If this message contains SENSITIVE BUT UNCLASSIFIED INFORMATION, it should be properly delivered, labeled, stored, and disposed of according to Federal Bureau of Prisons policy.

☐ URGENT

☐ PLEASE COMMENT

☑ PLEASE REVIEW

☐ FOR YOUR RECORDS



EXHIBIT
St - D

107

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com™

~~OFFICIAL USE~~

| | | |
|---|---|---|
| Postage | $ $0.46 | 0445 |
| Certified Fee | 3.10 | 02 |
| Return Receipt Fee (Endorsement Required) | 2.55 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $6.11 | 05/02/2013 |

Sent To  Ms. Linda T. McGrew, Warden, FEE-USP c/o Correctional Officer J. Kowalski

Street, Apt. No.; or PO Box No.  P.O. Box 5400

City, State, ZIP+4  Victorsville, CA 92301

PS Form 3800, August 2006          See Reverse for Instructions

7012 1010 0000 7004 9924 2234

**EXHIBIT**

St - E

108

**ENDER: COMPLETE THIS SECTION**

I Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
I Print your name and address on the reverse
  so that we can return the card to you.
I Attach this card to the back of the mailpiece,
  or on the front if space permits.

. Article Addressed to:

Ms. Linda T. McGrew
Warden, FEE-USP.
% Correctional Officer
J. Knuabo
P.O. Box 5400.
Victorville, CA 92301

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
   ☐ Addressee

B. Received by ( Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below.         ☐ No

3. Service Type
   ☐ Certified Mail     ☐ Express Mail
   ☐ Registered         ☐ Return Receipt for Merchandise
   ☐ Insured Mail       ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

. Article Number:
  (Transfer from service label)    7012 1010 0001 9924 2234

S Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

*109*

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10



* Sender: Please print your name, address, and ZIP+4 in this box *

CRIMINAL DISTRICT ATTORNEY
WALLER COUNTY
645 12TH STREET
HEMPSTEAD, TX 77445

RECEIVED
MAY - 9 2013

ELTON R. MATHIS
WALLER COUNTY DISTRICT ATTORNEY

(ERM)

444545



645 12th Street
Hempstead, Texas 77445

# Elton R. Mathis

Criminal District Attorney
Waller County

(979) 826-7718
(979) 826-7722 Fax

April 17, 2013

Texas Administrator – IAD
c/o Ms. Donna Bell
P.O. Box 99
Huntsville, Texas 77320

RE:     Dominique Dontae Lasker – Capital Murder Charges in the 506th Judicial District Court
        of Waller County, Texas

Dear Ms. Bell:

It was a pleasure speaking to you earlier today. I am enclosing IAD Form VI for the return of Dominique Dontae Lasker to face capital murder charges in Waller County. Mr. Lasker is currently serving time in a federal prison facility in California for bank robbery. Do not hesitate to contact me with any questions or concerns you may have or if you need further documentation.

Sincerely yours,

Elton R. Mathis
Waller County District Attorney

Enc.

*111*

BP-A0564
APR 10

# IAD FORM VI - EVIDENCE OF AGENT'S AUTHORITY  CDFRM

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

Five copies. All copies, with original signatures by the Prosecutor and the Agents, should be sent to the Administrator in the RECEIVING State. After signing all copies, the Administrator should retain one copy for his file, send one copy to the Warden, Superintendent or Director of the Institution in which the prisoner is located and return two copies to the Prosecutor who will give one to the Agents for use in establishing their authority and place one in his file. One copy should also be forwarded to the Agreement Administrator in the sending file.

### Evidence of Agent's Authority to Act for Receiving State

To: (Administrator and Address)   FCC-USP

Linda T. McGrew, Warden    P.O. Box 5400

Victorville, CA  92301

| Inmate (Name and Register No.) | is confined in (Institution and address) |
|---|---|
| Lasker, Dominique Dontae  22867-298 | FCC Victorville Complex - USP  P.O. Box 5400  Adelanto, CA  92301 |

and will be taken into custody at said Institution on (date) _____ for return to the County of ____WALLER_____, State of ____TEXAS_____ for trial. In accordance with Article V(b), of said Agreement, I have designated:

Agent's Name and Department Represented

_Saml Maxwell_ Samuel Maxwell     Waller Co. Sheriff's Office

Agent's Name and Department Represented

_James Watson_ JAMES WATSON     Waller Co. Sheriff's Office

Agent's Name and Department Represented

_Byron Frusset_ Byron Frusset     Waller Co. Sheriff's Office

whose signatures appear below as Agents to return the prisoner.
(Agent's Signature)                              (Agent's Signature)

SEE ABOVE

| Dated | Prosecuting Official's Signature |
|---|---|
| 2-5-2013 | _Elton R. Mathis_ Waller Co. D.A. |

1

112

a. Title - Waller Co. D.A.         d. City/State - Hempstead, TX 77445
b. County - Waller
c. Address - 645 12th Street       e. Telephone No -
                                       979 826-7718

## Evidence of Agent's Authority Continued

To: (Warden-Superintendent-Director)

Linda T. McGraw, Warden

In accordance with the above representations and the provisions of the Agreement
on Detainers, the persons listed above are hereby designated as Agents for the
State of _____ TEXAS _____ to return
(Inmate's Name and Register No.) LASKER, DOMINIQUE DONTAE
_22867-298_____ to the county of _____WALLER_____, State of
_____TEXAS_____, for trial.

At the completion of the trial (Inmate) LASKER, DOMINIQUE DONTAE
_22867-298_____ shall be returned to the (Institution and
Address):

FCC Victorville Complex - USP
P.O. Box 5400
Adelanto, CA 92301

| Dated | Detainer Administrator's Signature |
|---|---|
|  |  |

a. Name -                     c. City/State
b. Address -                  d. Telephone No.

PDF                           Prescribed by P5875

2




U.S. Department of Justice

## Federal Bureau of Prisons

Office of Inmate Systems
Victorville, California 92394

Date:   April 8, 2013

From:   J. Kaawaloa
Title: Correctional Systems Officer
Phone: (760) 530-5882
Fax: (760) 530-5750

To: ELTON R. MATHIS
    CRIMINAL DISTRICT ATTORNEY

Telephone: 979-826-7718
Fax: 979-826-7722

SUBJECT:   - LASKER, DOMINIGUE 22867-289

COMMENTS:   Attached is the Prosecutor's certification and the IAD form VI
evidence of agent's authority. I will need the originals before
we could make arrangements for pick up. If you have any
questions please give me a call.

Thank you,

J. Kaawaloa

PAGES (Including Cover Sheet) 4

EXHIBIT

St - F

BP-S565.051 **IAD / STATE WRIT - PROSECUTOR'S CERTIFICATION** CDFMC 02
**U.S. DEPARTMENT OF JUSTICE**                                    FEDERAL BUREAU OF PRISONS

This is to certify that I, ELTON R. MATHIS, Criminal District Attorney, hereby request temporary custody of LASKER, DOMINIQUE DONTAE, Federal Register Number 22867-298 via __X__ IAD ___ State Writ (check one), and do hereby agree to the following conditions in connecti with the request for custody of said inmate.

## Conditions

a. Agree that said inmate will be provided safekeeping, custody, and care and will assume responsibility for that custody to include providing the inmate with the same level of security required by Bureau of Prisons Policy.

b. Agree to report to the Bureau of Prisons any problems associated with said inmate, to include disciplinary problems, medical emergencies, suicide attempt, escape or attempte escape or any other problem arising during commitment.

c. Agree not to release said inmate on bail or bond or to commit them to an institution fo service of any sentence imposed in connection with our prosecution.

d. Agree to return said inmate to the federal institution from which they were obtained at the conclusion of the inmate's appearance in the proceeding for which obtained.

e. Agree to notify the local jail authority of the responsibility to return the inmate to federal custody.

As the Prosecuting Official for the State of Texas I, ELTON R. MATHIS, Criminal District Attorney, hereby submit the following information in connection with my request for temporary custody of LASKER, DOMINIQUE DONTAE, Federal Register Number 22867-298.

## Information

1. Name of facility, location, contact person, and phone number where the inmate will be confined during legal proceedings.

2. Scheduled date for trial.

3. Projected date of return of the prisoner to federal custody:

4. Name and phone number of the state agency, specific name of agent(s) who will transport the inmate at direction of the court and whether a private carrier, contractor (if permitted by Bureau of Prisons policy), state agency, or the USMS, will be transporting the inmate for the state.

5. Need for appearance of inmate and nature of action.

6. For State Writ cases only (not required for IAD):
   a. Name and address of court issuing writ, name of the judge, and name, address, and phone number of clerk of the court.

   b. Reason production on writ is necessary and reason another alternative is not available (for civil cases).

7. Signature and Title of Prosecutor

Subscribed and sworn before (Date): _____ | Date

8. Signature of Notary Public

Original - J&C File, Copy - Central File   This form replaces BP-S565 dtd FEB 94)     | Date

PAGE 02/04          RECORDS          7605305750     04/08/2013 10:25

115

IAD FORM VI - EVIDENCE OF AGENT'S AUTHORITY FORM

FEDERAL BUREAU OF PRISONS

U.S. DEPARTMENT OF JUSTICE

Five copies. All copies, with original signatures by the Prosecutor and the Agents should be sent to the Administrator in the RECEIVING State. After signing all copies, the Administrator should retain one copy for his file, send one copy to the Warden, Superintendent or Director of the Institution in which the prisoner is located and return two copies to the Prosecutor who will give one to the Agents for use in establishing their authority and place one in his file. One copy should also be forwarded to the Agreement Administrator in the sending file.

## Evidence of Agent's Authority to Act for Receiving State

To: (Administrator and Address)

| Inmate (Name and Register No.) | is confined in (Institution and address) |
|---|---|
| | |

and will be taken into custody at said Institution on (date) _____ for return to the County of _____ for trial. In accordance with Article V(b), of said Agreement, I have designated: , State of _

Agent's Name and Department Represented

Agent's Name and Department Represented

Agent's Name and Department Represented

whose signatures appear below as Agents to return the prisoner.
(Agent's Signature)                          (Agent's Signature)

| Dated | Prosecuting Official's Signature |
|---|---|
| | |

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X

☐ Agent
☐ Addressee

B. Received by ( *Printed Name* )     C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

1. Article Addressed to:

Warden, U.S. Penitentiary
Victorville FCC
P.O. Box 3900
Adelanto, CA 92301

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)        ☐ Yes

2. Article Number
   (*Transfer from service label*)

7002 3150 0000 3033 7161

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

EXHIBIT

St-G

117



SAN BERNARDINO CA 92~
UNITED STATES POSTAL SERVICE

14 JAN 2013 PM

First Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

RECEIVED

JAN 18 2013

ELTON R. MATHIS
WALLER COUNTY DISTRICT ATTORNEY

**CRIMINAL DISTRICT ATTORNEY**
**WALLER COUNTY**
**645 12TH STREET**
**HEMPSTEAD, TX 77445**

Re: D. Lasker (F

118

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

ADELANTO CA 9230

| | | |
|---|---|---|
| Postage | $ $2.70 | 0445 |
| Certified Fee | 2.95 | 05 |
| Return Reciept Fee (Endorsement Required) | 2.35 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $8.00 | 01/10/2013 |

Sent To Warden, U.S. Penitentiary
Victorville FCC

Street, Apt. No.; or PO Box No. P.O. Box 3900

City, State, ZIP+4 Adelanto, CA 92301

PS Form 3800, June 2002                See Reverse for Instructions

7002 3150 0000 3033 7162

119

| | | | | | |
|---|---|---|---|---|---|
| Date/Time | 01-09-2013 | 04:06:37 p.m. | Transmit Header Text | WALLER CNTY D.A. MATHIS OFFICE |
| Local ID 1 | 9798267722 | | Local Name 1 | WALLER CNTY. DA OFFICE |
| Local ID 2 | | | Local Name 2 | |

### This document : Confirmed
### (reduced sample and details below)
### Document size : 8.5"x11"



645 12th Street
Hempstead, Texas 77445

## Elton R. Mathis
Criminal District Attorney
Waller County

(979) 826-7718
(979) 826-7722 Fax

January 2, 2013

Warden
United States Penitentiary
Victorville FCC,
P.O. Box 3900
Adelanto, California 92301

In Re: Inmate DOMINIGUE DONTAE LASKER, 22867-289
Request for Temporary Custody (IAD Form V)

Dear Warden,

Please find our county's request for temporary custody so that Inmate Dominque Dontae Lasker may stand trial for Capital Murder in Waller County, Texas.

I have attached certified copies of the indictments and warrants in this matter. There are no fingerprints or photographs because the Defendant fled our jurisdiction before arrest. He was however interviewed by Texas Rangers there in California.

If there is anything more that is needed to facilitate this temporary transfer, please let me know.

Best Regards,

Frederick A. Edwards
First Assistant District Attorney
Waller County, Texas

Total Pages Scanned : 8          Total Pages Confirmed : 8

| No. | Job | Remote Station | Start Time | Duration | Pages | Line | Mode | Job Type | Results |
|---|---|---|---|---|---|---|---|---|---|
| 001 | 578 | 7605305750 | 04:04:15 p.m. 01-09-2013 | 00:01:41 | 8/8 | 1 | EC | HS | CP24000 |

Abbreviations:
| | | | | |
|---|---|---|---|---|
| HS: Host send | PL: Polled local | MP: Mailbox print | TU: Terminated by user | |
| HR: Host receive | PR: Polled remote | CP: Completed | TS: Terminated by system | G3: Group 3 |
| WS: Waiting send | MS: Mailbox save | FA: Fail | RP: Report | EC: Error Correct |

/20



COPY

645 12th Street
Hempstead, Texas 77445

# Elton R. Mathis

Criminal District Attorney
Waller County

(979) 826-7718
(979) 826-7722 Fax

January 2, 2013

Warden
United States Penitentiary
Victorville FCC,
P.O. Box 3900
Adelanto, California 92301

In Re: Inmate DOMINIGUE DONTAE LASKER, 22867-289
Request for Temporary Custody (IAD Form V)

Dear Warden,

Please find our county's request for temporary custody so that Inmate Dominque Dontae Lasker may stand trial for Capital Murder in Waller County, Texas.

I have attached certified copies of the indictments and warrants in this matter. There are no fingerprints or photographs because the Defendant fled our jurisdiction before arrest. He was however interviewed by Texas Rangers there in California.

If there is anything more that is needed to facilitate this temporary transfer, please let me know.

Best Regards,

Frederick A. Edwards
First Assistant District Attorney
Waller County, Texas

121

BP-S568.051   IAD FORM V - REQUEST FOR TEMPORARY CUSTODY  CDFRM AMARILLO FEB 94
U.S. DEPARTMENT OF JUSTICE                              FEDERAL BUREAU OF PRISONS

Six copies. Signed copies must be sent to the prisoner and to the official who has the prisoner in
custody. A copy should be sent to the Agreement Administrator of both the sending and the receiving
state. Copies should be retained by the person filing the request and the judge who signs the request.
Prior to transfer under this Agreement, an inmate may be afforded a judicial hearing (Cuyler) similar
to that provided under the Uniform Extradition Act, in which the inmate may bring a limited challenge
to the receiving state's request.

### Request for Temporary custody

To: (Warden-Superintendent-Director) - Institution and Address
United States Penitentiary, Victorville FCC., P.O. Box 3900, Adelanto, Ct 92301

Please be advised that (Name of Inmate) DOMINIQUE DONTAE LASKER 72867-248, who
is presently an inmate of your institution, is under [indicate appropriate]
(indictment) (information) (complaint) in the (Jurisdiction)
506th District Ct. Waller County Texas, of which I am the (Title of Prosecuting
Officer) District Attorney . Said inmate is
therein charged with the offense(s) enumerated below:

                              Offense(s)                              11-01-13

① Capital Murder 11-01-13 703, ② Capital Murder 11-01-13 704 ③ Capital Murder

I propose to bring this person to trial on this [indicate appropriate] (indictment) (information)
(complaint) within the time specified in Article IV(c) of the Agreement.

In order that proceedings in this matter may be properly had, I hereby request temporary custody of
such persons pursuant to Article IV(a) of the Agreement on Detainers.

Attached herewith find in triplicate:
a. Certified copies of the complaint, information or indictment
b. Certified copies of the warrant
c. Certified copies of fingerprints, photographs or physical description

I hereby agree that immediately after trial is completed in this jurisdiction, I will return the prisoner
directly to you or allow any jurisdiction you have designated to take temporary custody. I agree also
to complete Form IX, The Notice of Disposition of a Detainer, immediately after trial.

| Printed Name and Signature Elton R. Mathis | Title Criminal District Attorney | Date Nov 26, 2012 |
|---|---|---|

| Address: 645 12th Street | City/State: 77445 Hempstead, Texas | Telephone No.: 979-826-7718 |
|---|---|---|

I hereby certify that the person whose signature appears above is an appropriate officer within the
meaning of Article IV(a) and that the facts recited in this request for temporary custody are correct
and that having duly recorded said request, I hereby transmit it for action in accordance with its term
and the provisions of the Agreement on Detainers.

| Judge's Printed Name and Signature Albert M. McCaig | Date Nov 26, 2012 |
|---|---|

| Court 506th Judicial District Court | Judicial District 506th |
|---|---|

| City/State Hempstead, Waller County, Texas | Telephone No. 979-826- |
|---|---|

                                                              921-0921

(This form may be replicated via WP)
                              Albert M. McCaig, Jr.
                              Judge, 506th Judicial District Court
                              Waller and Grimes Counties, Texas

                                                                          122

NO. _11-01-5715_

THE STATE OF TEXAS

VS.

DOMINIQUE DONTAE LASKER
B/M          DOB: 03/21/1984

Charge: CAPITAL MURDER
Section: 19.03
Degree: CAPITAL FELONY

IN THE DISTRICT COURT OF

WALLER COUNTY, TEXAS

_506th_ JUDICIAL DISTRICT

Filed
AT _1:05_ O'Clock _P_ M
_1-27-11_
PATRICIA JAMES SPRADACHENE
WALLER COUNTY, TEXAS
BY
DEPUTY

## INDICTMENT

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS;

The Grand Jury for the County of Waller and the State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the January term, A.D. 2011 of the 506th Judicial District Court of said County, upon their oaths present in and to said Court at said term that DOMINIQUE DONTAE LASKER, hereinafter styled Defendant, on or about the 11TH day of MARCH, 2010, and before the presentment of this indictment, in Waller County, Texas, did then and there intentionally or knowingly cause the death of an individual, namely, Stanley Ray Jackson, by shooting Stanley Ray Jackson with a firearm, and did then and there intentionally or knowingly cause the death of another individual, namely, Janella Edwards, by shooting Janella Edwards with a firearm, and both murders were committed during the same criminal transaction.

The Grand Jury for the County of Waller and the State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the January term, A.D. 2011 of the 506th Judicial District Court of said County, upon their oaths present in and to said Court at said term that DOMINIQUE DONTAE LASKER, hereinafter styled Defendant, on or about the 11TH day of MARCH, 2010, and before the presentment of this indictment, in Waller County, Texas, did then and there intentionally cause the death of an individual, namely, Stanley Ray Jackson, by shooting Stanley Ray Jackson with a firearm, and the defendant was then and there in the course of committing or attempting to commit the offense of robbery of Stanley Ray Jackson.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Foreman of the Grand Jury

123

Cause No. 11-01-13703

THE STATE OF TEXAS                    IN THE DISTRICT COURT OF

VS.                                   WALLER COUNTY, TEXAS

DOMINIQUE DONTAE LASKER              506TH JUDICIAL
DISTRICT
Black/Male   DOB: 03/21/84
                    CAPIAS INSTANTER

TO ANY PEACE OFFICER OF THE STATE OF TEXAS - GREETINGS:

        YOU ARE HEREBY COMMANDED to arrest DOMINIQUE DONTAE
LASKER  and him  safely keep so that you have him/her before the Honorable
506TH District Court of Waller County, Texas, at the Courthouse of said County, in
Hempstead, Texas, instanter, then and there to answer the State of Texas upon an
indictment pending in said Court, changing him with CAPITAL MURDER
MULTIPLE, a felony.
        HEREIN FAIL NOT, but make due return hereof to this Court forthwith,
showing how you have executed the same.
        Witness my hand and seal of office, at Hempstead, Texas, this 27th day of
January, 2011.

                          PATRICIA JAMES SPADACHENE
                          WALLER COUNTY, TEXAS
                          BY:_____
                               Fran Haggard, Deputy

                          SHERIFF'S RETURN

        CAME TO HAND the _____ day of _____, _____, at _____ o'clock
_____.m., and executed by arresting _____
At _____, in _____ County, Texas, and placing
him/her in the Waller County Jail on the _____ day of _____,
_____.

        I actually and necessarily traveled _____ miles in the service of this writ, in
addition to any other mileage I may have traveled in the service of other process in
this case during the same trip.

FEES:  Making Arrest            _____ , Sheriff
        Mileage _____ miles   _____ County, Texas
        Taking Bond             _____
        Commitment              By: _____
                                    Deputy

124

NO. *11-01-13704*

| THE STATE OF TEXAS | IN THE DISTRICT COURT OF |
| --- | --- |
| VS. | WALLER COUNTY, TEXAS |
| DOMINIQUE DONTAE LASKER<br>B/M      DOB: 03/21/1984 | *506* JUDICIAL DISTRICT |

Charge: MURDER
Section: 19.02
Degree: FIRST DEGREE FELONY

## INDICTMENT

**IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS;**

The Grand Jury for the County of Waller and the State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the January term, A.D. 2011 of the 506th Judicial District Court of said County, upon their oaths present in and to said Court at said term that DOMINIQUE DONTAE LASKER, hereinafter styled Defendant, on or about the 11TH day of MARCH, 2010, and before the presentment of this indictment, in Waller County, Texas, did then and there intentionally or knowingly cause the death of an individual, namely, Stanley Ray Jackson, by shooting Stanley Ray Jackson with a firearm.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Foreman of the Grand Jury

Filed AT 1.05 O'Clock P.M PATRICIA JAMES SPRADACHERNE WALLER COUNTY, TEXAS BY DEPUTY 1-27-11

125

Cause No. 11-01-13704

THE STATE OF TEXAS

VS.

DOMINIQUE DONTAE LASKER
DISTRICT
Black/Male    DOB: 03/21/84

IN THE DISTRICT COURT OF

WALLER COUNTY, TEXAS

506TH JUDICIAL

CAPIAS INSTANTER

TO ANY PEACE OFFICER OF THE STATE OF TEXAS - GREETINGS:

YOU ARE HEREBY COMMANDED to arrest DOMINIQUE DONTAE LASKER and him safely keep so that you have him/her before the Honorable 506TH District Court of Waller County, Texas, at the Courthouse of said County, in Hempstead, Texas, instanter, then and there to answer the State of Texas upon an indictment pending in said Court, changing him with MURDER, a felony.

HEREIN FAIL NOT, but make due return hereof to this Court forthwith, showing how you have executed the same.

Witness my hand and seal of office, at Hempstead, Texas, this 27th day of January, 2011.

PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS
BY: _____
       Fran Haggard, Deputy

SHERIFF'S RETURN

CAME TO HAND the _____ day of _____, _____, at _____ o'clock ____.m., and executed by arresting _____
At _____, in _____ County, Texas, and placing him/her in the Waller County Jail on the _____ day of _____,
_____.

I actually and necessarily traveled _____ miles in the service of this writ, in addition to any other mileage I may have traveled in the service of other process in this case during the same trip.

FEES:  Making Arrest                    _____ , Sheriff
          Mileage _____ miles          _____ County, Texas
          Taking Bond
          Commitment                       _____
                                                   By: _____
                                                          Deputy

126

NO. _11 C1 13705_

THE STATE OF TEXAS

VS.

DOMINIQUE DONTAE LASKER
B/M         DOB:  03/21/1984

Charge: MURDER
Section: 19.02
Degree: FIRST DEGREE FELONY

IN THE DISTRICT COURT OF

WALLER COUNTY, TEXAS

_506th_ JUDICIAL DISTRICT

## INDICTMENT

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS;

The Grand Jury for the County of Waller and the State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the January term, A.D. 2011 of the 506th Judicial District Court of said County, upon their oaths present in and to said Court at said term that DOMINIQUE DONTAE LASKER, hereinafter styled Defendant, on or about the 11TH day of MARCH, 2010, and before the presentment of this indictment, in Waller County, Texas, did then and there intentionally or knowingly cause the death of an individual, namely, Janella Edwards, by shooting Janella Edwards with a firearm.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_Paul A Wood_
Foreman of the Grand Jury

Filed
AT /:05 O'Clock P M
PATRICIA JAMES SPRADACHENE
WALLER COUNTY, TEXAS
BY
DEPUTY

127

Cause No. 11-01-13705

THE STATE OF TEXAS

VS.

DOMINIQUE DONTAE LASKER
DISTRICT
Black/Male   DOB: 03/21/84

IN THE DISTRICT COURT OF

WALLER COUNTY, TEXAS

506TH JUDICIAL

CAPIAS INSTANTER

TO ANY PEACE OFFICER OF THE STATE OF TEXAS - GREETINGS:

YOU ARE HEREBY COMMANDED to arrest DOMINIQUE DONTAE LASKER and him safely keep so that you have him/her before the Honorable 506TH District Court of Waller County, Texas, at the Courthouse of said County, in Hempstead, Texas, instanter, then and there to answer the State of Texas upon an indictment pending in said Court, changing him with MURDER, a felony.

HEREIN FAIL NOT, but make due return hereof to this Court forthwith, showing how you have executed the same.

Witness my hand and seal of office, at Hempstead, Texas, this 27th day of January, 2011.

PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS
BY: _____
Fran Haggard, Deputy

SHERIFF'S RETURN

CAME TO HAND the _____ day of _____, _____, at _____ o'clock _____.m., and executed by arresting _____ At _____, in _____ County, Texas, and placing him/her in the Waller County Jail on the _____ day of _____, _____.

I actually and necessarily traveled _____ miles in the service of this writ, in addition to any other mileage I may have traveled in the service of other process in this case during the same trip.

FEES:  Making Arrest
       Mileage _____ miles
       Taking Bond
       Commitment

_____ , Sheriff
_____ County, Texas
_____
By:_____
       Deputy

128



U.S. Department of Justice

Federal Bureau of Prisons

Federal Correctional Complex

Office of the Correctional Systems        Victorville, California

January 31, 2013

Office of the District Attorney

Elton R. Mathis, Criminal District Attorney
Waller County
506th Judicial District
645 12th Street
Hempstead, Texas 77445

Re: Lasker, Dominique Dontae
    Register Number 22867-289280
    STATE CASE/REFERENCE NO. 11-01-13703; 11-01-13704; 11-01-13705


Dear Mr. Mathis:


In response to your request for temporary custody pursuant to the
Interstate Agreement on Detainers Act (IADA), applicable forms are
enclosed.


Please be advised subject has been notified of your request and has been
afforded a 30-day period in which to contact the Warden of this
institution as to any reasons why he should not be

produced in your State pursuant to the Agreement.


 X  The inmate has waived this 30-day period.  You may contact
this facility directly to arrange for temporary custody.


___  The inmate has elected this 30-day period, provided  under
Article IV(a), which expires on (___DATE__).   Any court proceedings
must occur after this date.


Please remit to this office the original completed Form VI,
"Evidence of Agent's Authority to Act for Receiving State" (BP-A564)
and originals of the IAD Form V (BP-568) and IAD FormVI (BP-565).
The persons designated as agents to return the prisoner to your
State must also be the persons whose signatures appear on the Form
VI.  Naming alternative agents would be advisable in case your
primary agents cannot make the trip.  The alternate agents'
signatures should also appear on the Form VI.  Also be advised that
the designated agents must have in their possession a copy of the
warrant when assuming custody of the prisoner.



EXHIBIT

St-14

129

Page Two
RE: Lasker, Dominique Dontae
     Register No. 22867-289


Inmates who are temporarily transferred pursuant to the IAD remain under the primary jurisdiction of Federal authorities. Should you accept temporary custody of this inmate, we wish to remind you that under Article V(e) of the IADA, you are required to return the above-named inmate to this institution after prosecution on all pending charges.

While this inmate is in your temporary custody, he/she will be held in a suitable jail that meets the level of security required by the Bureau of Prisons. In addition, security requirements for the inmate must be met. Two law enforcement escort officers, handcuffs, martin chains and leg irons are required. Contract Guard Services are not allowed.

Any problems associated with this inmate must be reported to the individual listed below. This inmate may not be released on bail or bond or any other agency while in your custody. Additionally, this inmate is not to be committed to a state correctional institution for service of any state sentence(s) that may be imposed because of your prosecution.

To help us with processing, please fill out the enclosed certification form and return to us before scheduling a date for assuming custody. Before making scheduling arrangements, please contact this individual below to ensure all required paperwork and approvals have been met.

If you have any questions on this matter, please call: D. Wren, Supervisory Correctional Systems Specialist at 760-530-5748.

                         Sincerely

                         Linda T. McGrew, Warden

                         /s/ D.
                         Wren, SCSS


Enclosures:   BP-Forms A235, A236, A238, A239
              BP-A565, IAD/State Writ - Prosecutor's Certification Form

cc:   Clerk of Court
      State IADA Administrator


130



U.S. Department of Justice

Federal Bureau of Prisons

*Office of Inmate Systems*
*Victorville, California 92394*

Date:    April 9, 2013

From:    J. Kaawaloa
Title: Correctional Systems Officer
Phone: (760) 530-5882
Fax: (760) 530-5750


To: ELTON R. MATHIS
    CRIMINAL DISTRICT ATTORNEY


Telephone: 979-826-7718
Fax: 979-826-7722


SUBJECT:    LASKER, DOMINIGUE 22867-289


COMMENTS:   I have received your letter that was addressed to the Warden
            dated 03-20-2013. I will go over it and give Jose Hester. If I
            need anything I will give you a call.

Thank you,


J. Kaawaloa

            PAGES (Including Cover Sheet) 1



EXHIBIT

St - I

131



# Elton R. Mathis

**Criminal District Attorney**
**Waller County**

645 12th Street
Hempstead, Texas 77445

(979) 826-7718
(979) 826-7722 Fax

May 1, 2013

Ms. Linda T. McGrew
Warden, FCC-USP
c/o Correctional Officer J. Kaawaloa
P.O. Box 5400
Victorsville, CA 92301

RE:     Dominique Lasker, 22867-298

Dear Warden McGrew:

     Please find enclosed IAD Form VI signed by the Texas IAD Administrator. I believe this was the last form needed to effectuate the transfer of Dominique Lasker into Texas custody. Please do not hesitate to contact me with any questions or concerns you may have, and let Chief Deputy Joe Hester at the Waller County Sheriff's Office (979-826-8282) know when Mr. Lasker is ready for transport. Thank you for your help in these matters.

Sincerely yours,

Elton R. Mathis
Waller County District Attorney

Enc.

Cc:     R. Glenn Smith
        Waller County Sheriff

**EXHIBIT**

S1 J    132

C

**IAD FORM VI – EVIDENCE OF AGENT'S AUTHORITY** CDFRM

**U.S. DEPARTMENT OF JUSTICE**                **FEDERAL BUREAU OF PRISONS**

Five copies. All copies, with original signatures by the Prosecutor and the Agents, should be sent to the Administrator in the RECEIVING State. After signing all copies, the Administrator should retain one copy for his file, send one copy to the Warden, Superintendent or Director of the Institution in which the prisoner is located and return two copies to the Prosecutor who will give one to the Agents for use in establishing their authority and place one in his file. One copy should also be forwarded to the Agreement Administrator in the sending file.

**Evidence of Agent's Authority to Act for Receiving State**

To: (Administrator and Address)  FCC-USP
Linda T. McGrew, Warden    P.O. Box 5400
                            Victorville, CA 92301

| Inmate (Name and Register No.) | is confined in (Institution and address) |
|---|---|
| Lasker, Dominique Dontae 22867-298 | FCC Victorville Complex – USP P.O. Box 5400 Adelanto, CA 92301 |

and will be taken into custody at said Institution on (date) _____ for return to the County of _____ WALLER _____ , State of _ TEXAS _____ for trial. In accordance with Article V(b), of said Agreement, I have designated:

Agent's Name and Department Represented

_Samuel Maxwell_    Waller Co. Sheriff's Office

Agent's Name and Department Represented

_JAMES WATSON_    Waller Co. Sheriff's Office

Agent's Name and Department Represented

_Byron Fausset_    Waller Co. Sheriff's Office

whose signatures appear below as Agents to return the prisoner.
(Agent's Signature)                     (Agent's Signature)

SEE ABOVE

| Dated | Prosecuting Official's Signature |
|---|---|
| 2-5-2013 | Elton R. Mathis Waller Co. D.A. |

134

a. Title - Waller Co. D.A.                    d. City/State - Hempstead, TX 7744
b. County - Waller                            e. Telephone No -
c. Address - 645 12th Street                      979 826-7718

**Evidence of Agent's Authority Continued**

To: (Warden-Superintendent-Director)

Linda T. McGraw, Warden

In accordance with the above representations and the provisions of the Agreement
on Detainers, the persons listed above are hereby designated as Agents for the
State of ___TEXAS___ to return
(Inmate's Name and Register No.) LASKER, DOMINIQUE DONTAE
22867-298 to the county of WALLER ,State of
TEXAS , for trial.

At the completion of the trial (Inmate) LASKER, DOMINIQUE DONTAE
22867-298 shall be returned to the (Institution and
Address):

FCC Victorville Complex - USP
P.O. Box 5400
Adelanto, CA 92301

| Dated | Detainer Administrator's Signature |
|-------|-----------------------------------|
| 4-26-13 | Jon MUhit |

a. Name - T.D.C.J.               c. City/State  Huntsville, Texas 77342
b. Address P.O. BOX 99           d. Telephone No.  936-437-6484
PDF                              Prescribed by P5875

2

THE STATE OF TEXAS

TEX

Cla:
Det:
P.O
Hun

7011 0470 0001 6549 2771

CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

Waller County
District Attorney
845 12th Street
Hempstead, Texas 77445
Attn: Elton R. Mathis

77445-4445

MAY - 1 2013

RECEIVED

136

Cause No. 11-01-13703
11-01-13704
11-01-13705

STATE OF TEXAS

v.

Dominique Dontae Lasker

IN THE DISTRICT COURT

WALLER COUNTY, TEXAS

506TH JUDICIAL DISTRICT

§
§
§
§
§

# SCHEDULING ORDER - CRIMINAL

Defendant and counsel shall be present at all hearings. Except as otherwise modified by the Court, and pursuant to Article 28.01 of the Texas Code of Criminal Procedure, a Pretrial Hearing and other matters are hereby Ordered set as follows:

1. _____ **9:00 a.m.** **ARRAIGNMENT**

2. _1-22-14_ ✓ ~~10:00 a.m.~~ **MOTIONS & PLEAS**
   1:30
   All parties and Counsel shall be present and prepared to discuss all issues allowed under C.C.P., Art. 28.01.

3. _2-11-14_ ✓ ~~1:30 p.m.~~ **HEARINGS & BENCH TRIALS** *Suppression*
   9:00 *R/S from 1-10-14* *Hearing*

4. **On or before 10-days before Pretrial Hearing Date** all C.C.P., Art. 28.01 matters must be filed or will be considered waived.

5. _2-14-14_ ✓ ~~10:00 a.m.~~ **PRETRIAL HEARING**
   9:00
   Pretrial hearing date is also the Plea Bargain Cutoff date. State and Defendant will announce whether the case will plead or if a trial is required, and whether trial is to the Court or to a jury.

At the Pretrial hearing all motions and other matters not previously ruled on will be heard. All parties must file and serve on opposing counsel the following: 1) Motions in Limine; 2) briefs and authorities on known issues that will be presented for hearing. Further, all counsel shall advise the Court of any special needs for presentation of their case, including technology requirements, interpreters or accommodation for disabilities.

6. _2-24-14_ ✓ **9:00 a.m.** **JURY TRIAL**
   Final trial date & time will be set immediately after the Pretrial hearing.

**Defendant has received a copy of the Indictment and is the same person charged therein. Defendant waives formal Arraignment and reading of the Indictment and enters a plea of NOT GUILTY.**

Dated: _1-8-14_ , replacing prior Scheduling Orders.

Frank Blazek

_____    _____    _____
Defendant's Signature       Counsel for Defendant       Counsel for State
                            Billy Carter

_____
ALBERT M. McCAIG, JR., Judge Presiding

CAUSE NO. 11-01-13703

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## DEFENDANT'S FIRST MOTION FOR CONTINUANCE

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Defendant, **DOMINQUE DONTAE LASKER**, by and through his attorney, Frank Blazek, and submits this his First Motion for Continuance, and would show the Court the following:

1.     This cause is set for Motions and Pleas on January 22, 2014.

2.     Defense Counsel is scheduled for trial beginning January 21, 2014, in Cause No. 25,790 - *The State of Texas v. Plato August Splawn, Jr.*, in the 272nd Judicial District Court of Walker County, Texas. It is anticipated that the trial will continue through the end of the week and possibly into the next week.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Honorable Court grant a continuance to Friday, February 7, 2014, at 1:30 p.m.

Respectfully submitted,

SMITHER, MARTIN,
HENDERSON & BLAZEK, P.C.
1414 11th Street
Huntsville, Texas  77340
(936) 295-2624
(936) 294-9784 [Telecopier]

By:_____
     Frank Blazek
     State Bar No. 02475500

*138*

William F. Carter
State Bar No. 03932800
108 E. William J. Bryan Parkway
Bryan, Texas 77803-5334
(979) 779-0712
(979) 779-9243 [Telecopier]

ATTORNEYS FOR DEFENDANT

*139*

## VERIFICATION

THE STATE OF TEXAS §
§
COUNTY OF WALKER §

BEFORE ME, the undersigned Notary Public, on this day personally appeared **FRANK BLAZEK**, who, being by me duly sworn on oath deposed and said that he is the Attorney for Defendant in the above entitled and numbered cause; that he has read the Motion for Continuance; and that the facts stated therein are true.



_____
FRANK BLAZEK

SUBSCRIBED AND SWORN TO BEFORE ME on the 17th day of January, 2014, to certify which witness my hand and official seal.

MARILYN BATTERTON
Notary Public
STATE OF TEXAS
My Comm. Exp. June 30, 2016

Notary Public, State of Texas

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing *Defendant's First Motion for Continuance* has been forwarded to opposing counsel on this the ___ day of January, 2014, by facsimile to 1-979-826-7722, addressed as follows:

Elton R. Mathis
Criminal District Attorney
645 12th Street
Hempstead, Texas 77445

Frank Blazek

*141*

O         O

## CAUSE NO. 11-01-13703

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## O R D E R

BE IT REMEMBERED, that on the 21st day of January, 2014, came on to be considered the above and foregoing Motion for Continuance. After consideration of the same, it is the opinion of the Court that Defendant's Motion be:

X    GRANTED, and the present cause is hereby continued until February 7, 2014, at 1:30 p.m.

( )    DENIED, to which ruling the Defendant excepts.

SIGNED: January 21, 2014

_____
JUDGE PRESIDING

142

CAUSE NO. 11-01-13703

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## MOTION TO SUPPRESS CONFESSION

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Defendant, **DOMINIQUE DONTAE LASKER**, by and through his attorneys, Frank Blazek and William Carter, and submits this his Motion to Suppress Confession, and for cause would show the following:

1. Defendant would show that the State intends to offer an alleged confession of the Defendant; that said confession was taken without his attorney being present, in violation of the Defendant's right to have his attorney present to consult with under Article I, Section 10 of the Constitution of the State of Texas and the 6th Amendment of the United States Constitution; that said confession was taken involuntarily from the Defendant in response to threats, in violation of his right to remain silent as protected by Article I, Section 10 of the Constitution of the State of Texas and the 5th Amendment of the United States Constitution; that said confession was taken in violation of his right to due process as protected by the 5th and 6th Amendments of the United States Constitution and the 14th Amendment thereto; and that said confession was taken in violation of his right to due course of law as established by Article I, Section 19 of the Texas Constitution. Admission of said confession would be in violation of Article 38.22 and Article 38.23, Code of Criminal Procedure.

2. Defendant's purported confession is not audible on the tape. The jury would be required to speculate as to the statement actually made by the Defendant. The tape does contain many statements made by law enforcement that characterize the evidence developed in the investigation and relate their account of what statement they purport the Defendant has

143

made. Such statements by law enforcement on the recording constitute a speaking offense report and are inadmissible hearsay. To the extent that they are a statement of what they contend the Defendant told them, they constitute a violation of Code of Criminal Procedure Art. 38.22, which requires that Defendant's statement be recorded, not the officers' verbal account thereof.

3. Defendant is entitled to a hearing on this matter wherein the State should be required to prove beyond a reasonable doubt that any confession which the State intends to offer was lawfully obtained and that the Defendant's rights under the Constitutions and the laws of the State of Texas and the United States were fully protected. Defendant is entitled to such hearing outside the presence of the jury and prior to the trial on this matter.

WHEREFORE, PREMISES CONSIDERED, the Defendant would urge this Court to set this hearing prior to trial and that, at the conclusion of that hearing, any confession or statement by the Defendant, whether written, oral, or otherwise, and the recorded statements by peace officers during the interview wherein the officers recount evidence against the Defendant and state their version of what the Defendant has told them proffered by the State be suppressed and the State be ordered not to refer to, or introduce, any such confessions or statements by the Defendant in the presence of the jury.

Respectfully submitted,

**SMITHER, MARTIN,
HENDERSON & BLAZEK, P.C.**
1414 11th Street
Huntsville, Texas 77340
(936) 295-2624
(936) 294-9784 [Telecopier]

By _____
Frank Blazek
State Bar No. 02475500

*/ 44*

William F. Carter
State Bar No. 03932800
108 E. William J. Bryan Parkway
Bryan, Texas 77803-5334
(979) 779-0712
(979) 779-9243 [Telecopier]

ATTORNEYS FOR DEFENDANT


## Certificate of Service

I do hereby certify that a true and correct copy of the above and foregoing *Motion to Suppress Confession* has been forwarded to opposing counsel on this the 7th day of February, 2014, by facsimile to 1-979-826-7722 and addressed as follows:

Elton R. Mathis
Criminal District Attorney
645 12th Street
Hempstead, Texas  77445

_____
Frank Blazek

145

CAUSE NO. 11-01-13703

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## ORDER

BE IT REMEMBERED, that on the _____ day of _____, 2014, came on to

be considered the above and foregoing Motion to Suppress Confession. After consideration of

the same, it is the opinion of the Court that Defendant's Motion be:

( )    GRANTED.

( )    DENIED, to which ruling the Defendant excepts.

SIGNED:


_____
JUDGE PRESIDING

146

CAUSE NO. 11-01-13703

THE STATE OF TEXAS                §        IN THE DISTRICT COURT OF
                                  §
VS.                               §        WALLER   COUNTY,   TEXAS
                                  §
DOMINIQUE DONTAE LASKER           §        506TH   JUDICIAL   DISTRICT

## ORDER

BE IT REMEMBERED, that on the _14th_ day of _February_, 2014, came on to

be considered the above and foregoing Motion to Dismiss. After consideration of the same, it

is the opinion of the Court that Defendant's Motion be:

( )    GRANTED, and the indictment is hereby dismissed with prejudice.

(X)    DENIED, to which ruling the Defendant excepts.

SIGNED: _March 11_, 2014.

_____
JUDGE PRESIDING

MOTION TO DISMISS                                                          PAGE 4
C:\FB\CRJM_K-O\Lasker.DD.81075\11-01-13703 CM\Motion to Dismiss.001.wpd

147

# 506th Judicial District Court

Albert M. McCaig, Jr., Judge



www.Court506.com

**Court Coordinator**
Susie Schubert

**Court Reporter**
Robyn S. Wiley
-----------------------
Grimes County
**Waller County**

836 Austin Street, Suite 307
Hempstead, Texas 77445
Fax: 979.826.9149
Ofc: 979.921.0921

April 4, 2014

## <u>Notice of Preferential Trial Setting</u>
## Waller County

Frank Blazek
Attorney at Law
1414 11th Street
Huntsville, Texas   77340

William Carter
Attorney at Law
108 E. Wm. J. Bryan
Bryan, Texas   77803

Honorable Elton Mathis
Criminal District Attorney
Waller County, Texas
645 12th Street
Hempstead, Texas   77445

Re:   Cause #11-01-13703, 11-01-13704 & 11-01-13705
State of Texas vs Dominique Dontae Lasker
506th Judicial District Court of Waller County, Texas

Motions:          **October 6, 2014 at 9:00 a.m.**
Jury Trial Setting:   **March 30, 2015 at 9:00 a.m.**

The referenced matter has been preferentially set as stated above. Please see the Rules of the Second Administrative Judicial Region of Texas for further explanation of preferentially set matters.

Please contact the Court Coordinator for a continuance or request for resetting the matter. Unless prior approval for a continuance or reset of a preferentially set matter is obtained from the Court the matter will be called as stated.

*Susie Schubert*

SUSIE SCHUBERT
Court Coordinator

c:   District Clerk

*148*

Cause No. 11-01-13703
11-01-13704
11-01-13705

STATE OF TEXAS

v.

Dominique Dontae Lasker

§
§
§
§
§

IN THE DISTRICT COURT

WALLER COUNTY, TEXAS

506TH JUDICIAL DISTRICT

## SCHEDULING ORDER - CRIMINAL

Defendant and counsel shall be present at all hearings. Except as otherwise modified by the Court, and pursuant to Article 28.01 of the Texas Code of Criminal Procedure, a Pretrial Hearing and other matters are hereby Ordered set as follows:

1. _____  1:30 p.m.  **ARRAIGNMENT**

2. 10-6-14 ✓  9:00 a.m.  **MOTIONS & PLEAS**
All parties and Counsel shall be present and prepared to discuss all issues allowed under C.C.P., Art. 28.01.

3. _____  _____  **HEARINGS & BENCH TRIALS**

4. **On or before 10-days before Pretrial Hearing Date** all C.C.P., Art. 28.01 matters must be filed or will be considered waived.

5. _____  9:00 a.m.  **PRETRIAL HEARING**
Pretrial hearing date is also the Plea Bargain Cutoff date. State and Defendant will announce whether the case will plead or if a trial is required, and whether trial is to the Court or to a jury.

At the Pretrial hearing all motions and other matters not previously ruled on will be heard. All parties must file and serve on opposing counsel the following: 1) Motions in Limine; 2) briefs and authorities on known issues that will be presented for hearing. Further, all counsel shall advise the Court of any special needs for presentation of their case, including technology requirements, interpreters or accommodation for disabilities.

6. 3-30-15  9:00 a.m.  **JURY TRIAL**  Pref Set
Final trial date & time will be set immediately after the Pretrial hearing.

**Defendant has received a copy of the Indictment and is the same person charged therein. Defendant waives formal Arraignment and reading of the Indictment and enters a plea of NOT GUILTY.**

Dated: 4-4-14 _____ , replacing prior Scheduling Orders.

_____
Defendant's Signature

Frank Blazek
_____
Counsel for Defendant
Billy Carter

_____
Counsel for State

_____
ALBERT M. McCAIG, JR., Judge Presiding



CAUSE NO. 11-01-13703
CAUSE NO. 11-01-13704
CAUSE NO. 11-01-13705

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## AGREED MOTION FOR TRANSCRIPTION OF PRETRIAL HEARINGS

TO THE HONORABLE JUDGE OF SAID COURT:

Now Defendant, DOMINIQUE DONTAE LASKER, by and through his attorneys of record, with the consent and approval of the state of Texas, and submits this his Agreed Motion for Transcription of Pretrial Hearings and for cause would show the Court the following:

1.     Defendant intends to apply for a writ of mandamus with the appellate courts of Texas seeking dismissal of this cause in accordance with the Interstate Agreement on Detainers. The Court's denial of that motion is based on the events and stipulations that occurred at various pretrial hearings.   Any application for such a writ will require that those hearings be transcribed.

2.     Undersigned counsel certifies that he has consulted with Assistant District Attorney Fred Edwards and the State agrees that these hearing be transcribed.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court will Order the Court Reporter to transcribe the pretrial hearings herein and provide copies to the State and defense counsel.

150

Respectfully submitted,

SMITHER, MARTIN,
HENDERSON & BLAZEK, P.C.
1414 11th Street
Huntsville, Texas 77340
(936) 295-2624
(936) 294-9784 [Telecopier]

By _____
Frank Blazek
State Bar No. 02475500

William F. Carter
State Bar No. 03932800
108 E. William J. Bryan Parkway
Bryan, Texas 77803-5334
(979) 779-0712
(979) 779-9243 [Telecopier]

ATTORNEYS FOR DEFENDANT

## Certificate of Service

I do hereby certify that a true and correct copy of the above and foregoing *Motion for Transcription of Pretrial Hearings* has been forwarded to opposing counsel on this the 9th day of March, 2014, by facsimile to 1-979-779-9243, and addressed as follows: Email to Fred Edward (fedwards@wallecounty.us

Elton R. Mathis
Criminal District Attorney
645 12th Street
Hempstead, Texas 77445

_____
Frank Blazek

AGREED MOTION FOR TRANSCRIPTION OF PRETRIAL HEARINGS                              PAGE 2
C:\NetShare\FB\CRIM_K-O\Luker.DD.8 1075\1 1-01-13703 CM\Motion for Transcription of Pretrial Hearings.wpd

151

CAUSE NO. 11-01-13703
CAUSE NO. 11-01-13704
CAUSE NO. 11-01-13705

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## ORDER

BE IT REMEMBERED, that on the _9th_ day of _April_, 2014, came on to be considered the above and foregoing Agreed Motion for Transcription of Pretrial Hearings.

After consideration of the same, it is the opinion of the Court that Defendant's Motion be:

(X)     GRANTED, and the Court Reporter is hereby ORDERED to transcribe the pretrial hearings held herein and provide copies to the State and defense counsel.

( )     DENIED, to which ruling the Defendant excepts.

SIGNED: _April 9_, 2014.

_____
JUDGE PRESIDING

APPROVED:

_____
Elton Mathis   by F.H. Edwards
Asst Criminal District Attorney
Waller County, Texas

By:_____

152

CAUSE NO. 11-01-13703

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## MOTION TO DISMISS FOR VIOLATION
## OF THE INTERSTATE AGREEMENT ON DETAINERS

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes the Defendant, **DOMINIQUE DONTAE LASKER**, by and through his attorneys of record, and submits this his Motion to Dismiss for Violation of the Interstate Agreement on Detainers and for cause would show the Court the following:

1.     On February 11, 2014, a hearing was held in this Court concerning Defendant's First Amended Motion to Dismiss. In that motion Defendant argued that the State had violated the 180-day rule of the Interstate Agreement on Detainers (IADA). That rule requires the State commence the trial of the charge within 180 days of receiving a request for speedy disposition of a detainer. Tex. Code of Criminal Procedure Art. 51.14, Art. III (a). At the February hearing, the State argued that the two requests for speedy disposition made by Defendant were deficient and that the 180-day rule did not apply, but that the 120-day rule of Art. IV (c) of the IADA applied. This motion is intended to make clear that, assuming arguendo that the 120-day rule applied, Defendant is still entitled to a dismissal under the IADA.

2.     At the February hearing the following facts were established by stipulation, by clear documentation in the Court's file or the transcription of notes from the pretrial hearings:

a.     Defendant was indicted in this cause on January 27, 2011.

*153*

b.      Defendant was sentenced to federal prison on December 16, 2011, on an unrelated charge.

c.      While in the federal prison and with a detainer lodged against him for this offense Defendant filed a first request for speedy disposition which was received by the Court on July 16, 2012, and the District Attorney on July 19, 2012.

d.      While in the federal prison and with a detainer lodged against him for this offense Defendant filed a second request for speedy disposition which was received by the Court and the District Attorney on February 8, 2013. The second request was mailed by certified mail.

e.      The State of Texas acquired Defendant's presence in Waller County on May 24, 2013.

f.      On June 4, 2013, Defendant appeared in Court and was appointed counsel after his indigency was determined. The Defendant informed the Court that he had motions on file and wanted them to be heard. The Court informed him they were not scheduled to be heard at that time and that he needed to consult with his attorney before proceeding.

g.      The next court date was September 9, 2014. At that hearing Defendant invoked his rights to a speedy trial under the IADA. On that day the Court granted the State's motion for continuance based on the delay in getting the Defendant from the federal authorities, the seriousness of the charge, the availability of providing adequate and competent counsel and the complexity of the case.

*154*

3. If either of Defendant's requests for speedy disposition is deemed sufficient, then the 180-day rule applies and Defendant is entitled to a dismissal because the 180 days lapsed before the continuance was granted.

4. Assuming arguendo that both requests are deficient, then the 120-day rule applies. Defendant is still entitled to a dismissal because the continuance was not granted for good cause. A trial did not commence within 120 days of his arrival.

5. Defendant believes it was necessary to file this motion because, although the 120-day rule was invoked on September 9, 2013, Counsel for Defendant only invoked the 180-day rule at the February 11, 2014 hearing. Counsel did not want to waive any right to a dismissal for violation of the 120-day rule should it be determined that 180-day rule was not applicable.

6. Defendant believes that it is appropriate for the Court to rule on this motion by submission. The relevant facts are clearly developed in the record and the prior court hearings have been transcribed for review.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court will Order the indictment herein be dismissed with prejudice.

Respectfully submitted,

SMITHER, MARTIN,
HENDERSON & BLAZEK, P.C.
1414 11th Street
Huntsville, Texas 77340
(936) 295-2624
(936) 294-9784 [Telecopier]

By _____
Frank Blazek
State Bar No. 02475500

155

William F. Carter
State Bar No. 03932800
108 E. William J. Bryan Parkway
Bryan, Texas 77803-5334
(979) 779-0712
(979) 779-9243 [Telecopier]

ATTORNEYS FOR DEFENDANT

## Certificate of Service

I do hereby certify that a true and correct copy of the above and foregoing *Motion to Dismiss for Violation of the Interstate Agreement on Detainers* has been forwarded to opposing counsel on this the ll ᵗʰ day of July, 2014, by U.S. Mail, postage prepaid, and addressed as follows:

Elton R. Mathis
Criminal District Attorney
645 12th Street
Hempstead, Texas 77445

_____
Frank Blazek

156

CAUSE NO. 11-01-13703

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## ORDER

BE IT REMEMBERED, that on the _14th_ day of _July_____, 2014, came on to be considered the above and foregoing Motion to Dismiss for Violation of the Interstate Agreement on Detainers. After consideration of the same, it is the opinion of the Court that Defendant's Motion be:

( )    GRANTED, and the indictment is hereby dismissed with prejudice.

(X)    DENIED, to which ruling the Defendant excepts.

SIGNED: _____ _July 15_____, 2014.

_____
JUDGE PRESIDING

157

# Attorney Fee Voucher

| 1. Jurisdiction | 2. County | 3. Cause Number | Offense | 4. Proceedings |
|---|---|---|---|---|
| ☒ District ☐ County | Waller | 11-01-13703 | Capital Murder | ☐ Trial-Jury ☐ Trial-Court |
| ☐ County Court at Law | ~~Grimes~~ | 11-01-13704 | Murder | ☐ Plea-Open ☐ Plea- Bargain |
| Court # 506th | | 11-01-13705 | Murder | ☐ Other _____ |

**5. In the case of:** State of Texas v **Dominique Dontae Lasker**

**6. Case Level**

☒ Felony I  ☐ Felony II  ☐ Felony III  ☐ Felony SJ  ☐ Misdemeanor  ☐ Juvenile  ☐ Appeal  ☒ Capital Case

☐ Revocation – Felony  ☐ Revocation – Misdemeanor  ☐ No Charges Filed  ☐ Other _____

| 7. Attorney (Full Name) Frank Blazek | 9. Attorney Address (Include Law Firm Name if Applicable) Smither, Martin, Henderson & Blazek, P.C. 1414 11th Street Huntsville, Texas 77340 | 10. Telephone 295-3624 |
|---|---|---|
| **8. State Bar Number** 02475500 | **8a. Tax ID Number** 76-0311086 | | **11. Fax** 294-9784 |

| 12. Flat Fee – Court Appointed Services | | | | 12a. Total Flat Fee |
|---|---|---|---|---|
| | | | | $ |

| 13. | In Court Services | Hours | Dates | 13a. Total In Court Compensation. |
|---|---|---|---|---|
| | See attached | 12.0 | | |
| | | | | **2400.00** |
| | Rate per Hour = $200 | Total hours 12 | | $ |

| 14. | Out of Court Services | Hours | Dates | 14a. Total Out of Court Compensation. |
|---|---|---|---|---|
| | See attached | 91.1 | | |
| | | | | **$18220.00** |
| | Rate per Hour = $200 | Total hours 91.1 | | |

| 15. | Investigator | | Amount | 15a. Total Investigator Expenses $ |
|---|---|---|---|---|
| | | | | |

| 16. | Expert Witness | | Amount | 16a. Total Expert Witness Expenses $ |
|---|---|---|---|---|
| | | | | |

| 17. | Other Litigation Expenses | | Amount | 17a. Total Other Litigation Expenses $ 854.55 |
|---|---|---|---|---|
| | See attached | | | |

**18. Time Period of service Rendered:** From 6/6/13 (Date) to 7/11/14 (Date)

| 19. Additional Comments | 20. Total Compensation and Expenses Claimed $21474.55 |
|---|---|

**21. Attorney Certification –** I, the undersigned attorney, certify that the above information is true and correct and in accordance with the laws of the State of Texas. The compensation and expenses claimed were reasonable and necessary to provide effective assistance of counsel.

☐ Final Payment  ☒ Partial Payment _____  Signature          Date 7-14-14

**22. SIGNATURE OF PRESIDING JUDGE:** _____  Amount Approved: $21,474.55

Reason(s) for Denial or Variation

158



rlleu
AT    10:58    O'Clock A    M
RICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS
BY_____
DEPUTY

No. 11-01-13703, No. 11-01-13704 and No. 11-01-13705 - *The State of Texas v. Dominique Dontae Lasker*; In the 506th Judicial District Court of Waller County, Texas

| Date | Description | Time |
|------|-------------|------|
| **In-Court:** | | |
| 9-9-13 | Court appearance (motions) | 4.00 hrs. |
| 11-4-13 | Court appearance (motions) | 4.00 hrs. |
| 2-11-14 | Court appearance (motions) | 4.00 hrs. |
| **Total In-Court** | | 12.00 hrs. |
| | | |
| **Out-of-Court:** | | |
| 6-6-13 | Telephone conference with Judge McCaig | .25 hr. |
| 6-9-13 | Review internet accounts; visit client in jail | 5.00 hrs. |
| 6-10-13 | Telephone conference with potential co-counsel | .25 hr. |
| 6-11-13 | Telephone call to DA (left message); search internet for information regarding client | 1.00 hrs. |
| 6-13-13 | Telephone conference with DA | .50 hr. |
| 7-11-13 | Telephone conference with potential co-counsel | .50 hr. |
| 7-12-13 | Motion for Appointment of Attorney as Co-Counsel in each case; Waiver of Arraignment and Entry of Plea of Not Guilty in each case | 1.50 hr. |
| 7-15-13 | Telephone conference with client's wife; telephone conference with client's California attorney | .70 hr. |
| 7-23-13 | Call to jail for booking information | .30 hr. |
| 8-27-13 | Telephone conference with ADA Edwards | .25 hr. |
| 8-28-13 | Telephone conferences (2) with DA; telephone conference with co-counsel; visit client; visit with DA and ADA Edwards; letter from client | 8.00 hrs. |

C:\NetShare\FB\CRIM_K-O\Lasker.DD.81075\Statement.001.wpd

*159*

| Date | Description | Time |
|------|-------------|------|
| 8-30-13 | Telephone conference with client's wife; receive and review State's Motion for Continuance; State's Motion for Competency Evaluation; State's Motion for Discovery of Expert Witnesses and State's Notice of Intention to Seek the Death Penalty | 2.00 hrs. |
| 9-3-13 | Telephone conference with client's wife | .3 hr. |
| 9-4-13 | Visit Clerk and obtain copies from file; telephone conferences (2) with DA; visit client at jail; telephone conference with client's wife | 8.00 hrs. |
| 9-6-13 | Motion for Disclosure of Favorable Evidence; Motion to Dismiss | 2.00 hrs. |
| 9-11-13 | Letter from client | .25 hr. |
| 9-24-13 | Work on IADA time line | 3.00 hrs. |
| 9-25-13 | Telephone conference with District Clerk's office; telephone conference with DA; telephone conference with co-counsel; visit client in jail; pick up copies of documents from District Clerk; receive and review discovery | 8.00 hrs. |
| 10-4-13 | Letter from client | .25 hr. |
| 10-8-13 | Review confession (audio) of January 12, 2011 | 2.00 hrs. |
| 10-9-13 | Continue listening to audio of confession; letter to co-counsel | 2.00 hrs. |
| 10-10-13 | Telephone conference with Craig Davis; telephone conference with Brody of Federal Bureau of Prisons; letter to Federal Bureau of Prisons | 1.5 hrs. |
| 10-16-13 | Letter from client | .25 hr. |
| 10-23-13 | Telephone conference with client's wife | .25 hr. |
| 10-28-13 | Telephone conference with co-counsel | .25 hr. |
| 10-29-13 | First Amended Motion to Dismiss in each case | 1.50 hr. |
| 10-30-13 | Telephone conference with potential investigator; telephone call to co-counsel's office | .30 hr. |
| 11-1-13 | Meet with client and co-counsel at jail | 4.00 hrs. |

160

| Date | Description | Time |
|------|-------------|------|
| 11-4-13 | Telephone conference with potential expert | .25 hr. |
| 11-6-13 | Letter to DA (w/proposed stipulations) | 1.00 hr. |
| 11-7-13 | Telephone conference with potential expert; exchange emails with DA; Ex parte motions for funding for experts | 1.00 hr. |
| 11-11-13 | Telephone conference with potential investigator | .30 hr. |
| 11-12-13 | Letter from client | .25 hr. |
| 11-13-13 | Letter to client; letter to DA (with additional proposed stipulation) | 1.00 hr. |
| 11-14-13 | Telephone conference with potential investigator; telephone conference with co-counsel | .50 hr. |
| 11-17-13 | Ex parte motion for funding for expert assistance | .25 hr. |
| 11-18-13 | Telephone conference with co-counsel | .25 hr. |
| 11-19-13 | Telephone conference with ADA Edwards | .25 hr. |
| 12-4-13 | Telephone conference with potential investigator; email to co-counsel; telephone conference with ADA Edwards; telephone conference with co-counsel | 1.00 hr. |
| 12-16-13 | Telephone call to ADA Edwards; left detailed message | N/C |
| 12-17-13 | Telephone call to ADA Edwards; left voice mail | N/C |
| 12-31-13 | Letter to DA | .25 hr. |
| 1-17-14 | Defendant's First Motion for Continuance (of Motions and Pleas setting) in each case | .50 hr. |
| 1-22-14 | Letter from client | .25 hr. |
| 1-29-14 | Letter to client | .25 hr. |
| 1-31-14 | Telephone conference with client's wife | .25 hr. |
| 2-3-14 | Telephone conference with co-counsel; telephone conference with client's wife; telephone conference with expert | 1.00 hr. |
| 2-4-14 | Telephone conference with ADA Edwards; telephone message to client's wife re: hearing schedule | .30 hr. |

| Date | Description | Time |
|---|---|---|
| 2-7-14 | Motion to Suppress Confession in each case | 1.00 hr. |
| 2-10-14 | Listen to audio statement; receive and review State's Response to Defendant's Motion to Dismiss | 5.00 hrs. |
| 2-14-14 | Letter from client | .25 hr. |
| 2-18-14 | Letter to client | .25 hr. |
| 3-4-14 | Telephone call to ADA Edwards, left message | N/C |
| 3-10-14 | Letter from client | .25 hr. |
| 3-11-14 | Letter to client | .25 hr. |
| 3-12-14 | Telephone conference with ADA Edwards | .25 hr. |
| 3-18-14 | Prepare Agreed Motion for Transcription of Pretrial Hearings; instructions to staff | 1.00 hr. |
| 3-19-14 | Telephone conference with client's wife | .25 hr. |
| 3-27-14 | Telephone conference with expert | .25 hr. |
| 3-31-14 | Telephone conference with ADA Edwards | .25 hr. |
| 5-9-14 | Telephone conference with expert | .25 hr. |
| 5-27-14 | Telephone conference with client's wife; telephone call and email to court coordinator | .40 hr. |
| 6-12-14 | Telephone exchange client's wife | .25 hr. |
| 7-1-14 | Telephone call to Attorney Victor Amador | .25 hr. |
| 7-3-14 | Research re:  Mandamus; drafting motion | 4.00 hrs. |
| 7-7-14 | Research re:  Mandamus; drafting motion | 4.00 hrs. |
| 7-8-14 | Research re:  Mandamus; drafting motion | 4.00 hrs. |
| 7-10-14 | Work on new Motion to Dismiss; telephone call to co-counsel | 4.00 hrs. |
| 7-11-14 | Telephone call to co-counsel; telephone conference with ADA Edwards; finalize Motion to Dismiss for Violation of the Interstate Agreement on Detainers in each case; letter to Judge McCaig | 2.00 hrs. |

162

| Date | Description | Time |
|---|---|---|
| Total Out-of-Court | | 91.10 hrs. |

Expenses:

| Date | Description | Amount |
|---|---|---|
| 6-9-13 | Mileage expense (160 mi. @ $0.565/mi.) | $   90.40 |
| 7-12-13 | Postage | 6.80 |
| 7-31-13 | Photocopies for the month of July, 2013 (61 @ $0.20 ea.) | 12.20 |
| 8-28-13 | Mileage expense (160 mi. @ $0.565/mi.) | 90.40 |
| 9-4-13 | Mileage expense (160 mi. @ $0.565/mi.) | 90.40 |
| 9-10-13 | Postage | 1.92 |
| 9-25-13 | Mileage expense (160 mi. @ $0.565/mi.) | 90.40 |
| 9-30-13 | Photocopies for the month of September, 2013 (167 @ $0.20 ea.) | 33.40 |
| 10-3-13 | Postage | 1.12 |
| 10-9-13 | Postage | 2.84 |
| 10-29-13 | Postage | 4.56 |
| 11-1-13 | Mileage expense (160 mi. @ $0.565/mi.) | 90.40 |
| 11-4-13 | Postage | 4.42 |
| 11-4-13 | Mileage expense (160 mi. @ $0.565/mi.) | 90.40 |
| 11-6-13 | Postage | 2.64 |
| 11-7-13 | Postage | 3.10 |
| 11-8-13 | Postage | 4.10 |
| 11-13-13 | Postage | 2.38 |

163

| | | |
|---:|:---|---:|
| 11-30-13 | Photocopies for the month of November, 2013 (253 @ $0.20 ea.) | 50.60 |
| 12-31-13 | Photocopies for the month of December, 2013 (40 @ $0.20 ea.) | 8.00 |
| 12-31-13 | Postage | 2.64 |
| 1-13-14 | Postage | 1.58 |
| 1-17-14 | Postage | 4.96 |
| 1-20-14 | Postage | 2.38 |
| 2-7-14 | Postage | 4.83 |
| 2-11-14 | Mileage expense (160 mi. @ $0.56/mi.) | 89.60 |
| 2-11-14 | Postage | .69 |
| 2-28-14 | Photocopies for the month of February, 2014 (253 @ $0.20 ea.) | 50.60 |
| 7-11-14 | Postage | 16.79 |
| **Total Expenses** | | **$854.55** |

164

CAUSE NO. 11-01-13703

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## NOTICE TO PREPARE REPORTER'S RECORD

TO: ROBYN WILEY, OFFICIAL COURT REPORTER OF SAID COURT:

Now comes **DOMINIQUE DONTAE LASKER**, Defendant in the above-entitled and numbered cause, by and through his attorneys of record, and makes this request, in writing, for the Court Reporter to prepare an official Reporter's Record to be used for the Petition for Writ of Mandamus pending in the First Court of Criminal Appeals under Cause Number 01-14-00630 styled In re Dominique Dontae Lasker A designation of the material requested is as follows:

1. All pre-trial hearings in Cause No. 11-01-13703 including June 4, 2013; September 9, 2013; November 4, 2013; and February 11, 2014; and

2. All exhibits used, marked, offered, and/or admitted during any proceeding of this cause;

Applicant has been determined to be indigent for purposes of this proceeding and the cost of preparing the Reporter's Record, if any, will be paid by the Treasurer of Grimes County, Texas. A copy of this request has been filed with the Clerk of said Court and another copy served on the attorney for the State.



Respectfully submitted,

SMITHER, MARTIN,
HENDERSON & BLAZEK, P.C.
1414 11th Street
Huntsville, Texas 77340
(936) 295-2624
(936) 294-9784 [Telecopier]

By _____
Frank Blazek
State Bar No. 02475500

165

William F. Carter
State Bar No. 03932800
108 E. William J. Bryan Parkway
Bryan, Texas 77803-5334
(979) 779-0712
(979) 779-9243 [Telecopier]

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing *Designation Items to Be Included in the Record* has been forwarded to opposing counsel on this the 2nd day of September, 2014, by U.S. Mail, postage prepaid, and addressed as follows:

Elton R. Mathis
Criminal District Attorney
645 12th Street
Hempstead, Texas 77445

_____
Frank Blazek

NOTICE TO PREPARE REPORTER'S RECORD
C:\NetShare\FB\CRIM_K-O\Lasker.DD.81075\Mandamus\Notice to Prepare Reporter's Record 11-01-13703.wpd

PAGE 2

166

## CAUSE NO. 11-01-13703

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## <u>DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes **DOMINIQUE DONTAE LASKER**, Defendant in the above-entitled and numbered cause, by and through his attorneys of record, and requests that the following instruments be included in the record for the Petition for Writ of Mandamus pending in the First Court of Criminal Appeals under Cause Number 01-14-00630 styled In re Dominique Dontae Lasker:

All pleadings and documents on file in Cause No. 11-01-13703, including:

1. Indictment;

2. Notice and Demand to District Attorney/Prosecutor for Trial or Disposition of Warrants, Informations, Detainers or Indictments by Federal Prison dated July 2, 2012;

3. Notice of Imprisonment and Request for Speedy Trial and Final Disposition dated July 3, 2012, with small piece of paper indicating "no action at this time" initialed "AM";

4. IAD - Placement of Imprisonment and Request for Final Disposition dated January 30, 2013;

5. Certificate of Inmate Status dated January 30, 2013;

6. IAD - Offer to Deliver Temporary Custody dated January 30, 2013;

7. Order Appointing Counsel dated June 6, 2013;

8. Defendant's First Amended Motion to Dismiss dated October 29, 2013;

9. State's Response to Defendant's Motion to Dismiss;

10. Order dated March 11, 2014, denying Defendant's Motion to Dismiss;

11. Defendant's Motion to Dismiss for Violation of the Interstate Agreement on Detainers filed July 14, 2014;

12. Notice to Prepare Reporter's Record;

13. Designation of Items to be Included in the Record;

14. All exhibits used, marked, offered and or admitted during any proceedings of this cause; and

15. Docket Sheet.

Respectfully submitted,

SMITHER, MARTIN,
HENDERSON & BLAZEK, P.C.
1414 11th Street 210
Huntsville, Texas 77340
(936) 295-2624
(936) 294-9784 [Telecopier]

By _____
Frank Blazek
State Bar No. 02475500

William F. Carter
State Bar No. 03932800
108 E. William J. Bryan Parkway
Bryan, Texas 77803-5334
(979) 779-0712
(979) 779-9243 [Telecopier]

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing *Designation Items to Be Included in the Record* has been forwarded to opposing counsel on this the ᴏ̸ᴿᵈ day of September, 2014, by U.S. Mail, postage prepaid, and addressed as follows:

Elton R. Mathis
Criminal District Attorney
645 12th Street
Hempstead, Texas 77445

_____
Frank Blazek

*16 8*

No. 11-01-13703, 11-01-13704 and 11-01-13705

THE STATE OF TEXAS          §     IN THE 506th DISTRICT

VS.                         §     COURT OF

DOMINIQUE DONTAE LASKER  §     WALLER COUNTY, TEXAS

STATE'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the State of Texas by and through the undersigned Assistant District Attorney and submits this STATE'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS and would show as follows:

**FACTS:**

Stanley Ray Jackson and Janella Edwards were found murdered in their residence in Brookshire, Texas in the early morning hours of March 10, 2010. Both Edwards and Jackson had been shot in the head with a firearm. A lengthy investigation ensued whereby it was discovered that Dominique Dontae Lasker was home on leave from the United States Marine Corp during the time that Edwards and Jackson were murdered. Lasker had lived with Edwards and Jackson at times during his childhood. It was also determined through an FBI firearm analysis that a firearm used in a October 30, 2010 bank robbery in California was the same firearm used to murder Edwards and Jackson on March 10, 2010. The firearm used in the bank robbery was in the possession of Dominique Dontae Lasker. Lasker was interviewed

1

by Texas Rangers while he was being held in California and confessed to the murder of Edwards and Jackson. Lasker was indicted by a Waller County Grand Jury of two counts of murder and one count of Capital Murder on January 27, 2011 and although it is not clear from the court's records, the State presumes that a detainer was issued a short time after indictment asking that Lasker be held to stand trial here in Waller County.

While the murder charges were pending in Waller County, Lasker was sentence to one hundred and twenty-one (121) months imprisonment in a Federal penitentiary on or about January 30, 2013 for the California bank robbery charges.

On July 19th, 2012 the State received a *"Notice and Demand to District Attorney for Trial or Disposition of Warrants, Informations, Detainers or Indictments by Federal Prisoners,"* presumably under Tex. Code Crim. Proc., Art. 51.14, **_Art. III_**. It appears that the motion was received by the Waller County District Attorney's Office via standard U.S. mail directly from Lasker without participation or knowledge of the Federal Prison authorities and **not certified mail** as required by Tex. Code Crim. Proc., Art. 51.14, Art. III. The motion did not contain the requisite certificate from the warden of the holding authority and in its failure did not contain any of the required information such as date of parole eligibility, good time calculation, decisions of the parole board, time remaining to be served and time already served by the prisoner.

2

On August 31, 2012, Waller County requested and received IAD Form V from Ed Perez, an administrator for the Federal holding facility. The State intended to bring Lasker back to Waller County in accordance with Tex. Code Crim. Proc., Art. 51.14, Art. IV.

On January 2, 2013 the State sent a request to the Warden of the holding authority for temporary custody of Lasker. This request included copies of the indictments and warrants as well as IAD Form V, "Request for Temporary Custody." Of note is the inclusion of a signature block for the Judge of this Court on IAD Form V.

On January 31, 2013 (the actual date of receipt is unclear but the letter was presumably written on January 31, 2013), Waller County received a response to its request for temporary custody of the inmate advising Waller County that the inmate had waived his thirty day notice to object to the temporary custody. The Warden further advised that yet another form (IAD Form VI, "Evidence of Agent's Authority to Act for Receiving State), would be required along with signatures of the actual agents who would eventually pick up the prisoner.

Also attached to the above were IAD Forms "Notice of Untried Indictment", "Placement of Imprisonment", "Certificate of Inmate Status" and "Offer to Deliver Temporary Custody." The effect of these Forms was to make a demand on Waller County, State of Texas to bring the inmate back to Waller County for trial

3

*121*

in accordance with Article III of the Interstate Agreement on Detainers Act. This notice was delivered on or about February 8, 2013. It should be noted that the Certificate of Inmate Status was not in compliance with Article III in that (1)it left blank the date of parole eligibility and (2) left blank any mention of decisions that may or may not have been made by the parole board concerning the inmate.

On April 8, 2013 Waller County received by FAX a copy of the request IAD Form VI from the Federal Warden.

On April 17, 2013, Waller County sent IAD Form VI to the Texas IAD administrator, Donna Bell.

On May 1, 2013, Waller County forwarded on IAD Form VI that had now been signed by the Texas IAD Administrator to the Federal Warden.

Lasker was returned to Waller County on May 24, 2013 and has been in Waller County custody since that time.

The Defendant's first court date in Waller County was on June 4, 2013. At that time the Defendant informed the Court that there were a number of motions on file and that he wanted a decision on those motions. The Court informed the Defendant that he needed to be represented by counsel. The Defendant had in fact requested in his IAD Form "Placement of Imprisonment," that he be appointed counsel by the requesting Court for all matters preliminary to trial. With that in mind the Court appointed the Regional Public Defender on June 4, 2013 and continued the

4

172

matter until such time as the Regional Public Defender could consult with Lasker and otherwise become prepared to be to heard on the various motions that Lasker had filed.

At some point after June 4, 2013 it was determined that the Regional Public Defender could not represent this Defendant. The Court then appointed Mr. Frank Blazek on June 6, 2013. A few days later Mr. William Carter was appointed as co-counsel.

After the State met and discussed the case with Mr. Blazak it became apparent that the Defense was not going to initiate any sort of court settings. The State requested a Court date so that certain matters could be heard. On September 9, 2013 the Court heard and granted its second continuance for good cause shown until November 4, 2013 whereby the Defendant waived arraignment and a scheduling order was signed by this Court.

## APPLICABLE LAW:

The IADA is a congressionally-sanctioned compact between the United **States** and the **states.** Cuyler v. Adams, 449 U.S. 433, 442, 101 S. Ct. 703, 709, 66 L. Ed. 2d 641 (1981). As stated in Article I of the Act, "the policy of the party **states** and the purpose of the IADA is to encourage the expeditious and orderly disposition of outstanding charges and determination of the proper status of any and all detainers based on untried indictments, informations, or complaints."

123

Birdwell v. Skeen, 983 F.2d 1332, 1335 (5th Cir. 1993). Consistent with this purpose, the IADA permits a **state** to file a detainer against a defendant residing in a prison in another **state,** gain temporary custody of the defendant, and prosecute the defendant on the charge that forms the basis of the detainer. U.S. v. Mauro, 436 U.S. 340, 351-53, 98 S. Ct. 1834, 1842-44, 56 L. Ed. 2d 329 (1978).

The IADA also provides a mechanism for a person incarcerated in one jurisdiction with charges pending against him in another jurisdiction to be tried on the pending charges before being released from incarceration in the first jurisdiction. Tex. Code Crim. Proc. Ann. art. 51.14, Art. I (Vernon 1979). Either the defendant or the jurisdiction where charges are pending may demand that the defendant be tried on the pending charges. *Id.* Arts.I, III, V.

Article III

(a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party **state,** and whenever during the continuance of the term of imprisonment there is pending in any other party **state** any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint...

The IAD also **states** that the prisoner's request in Article III (a):

Shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under

6

which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decision of the **state** parole agency relating to the prisoner.

ARTICLE V.

(c) If the appropriate authority shall refuse or fail to accept temporary custody of said person, or in the event that an action on the indictment, information, or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided in Article III or Article IV hereof, the appropriate court of the jurisdiction where the indictment, information, or complaint has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect.

To request final disposition under article III, the defendant must cause "to be delivered *to the prosecuting officer* and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment." *Id.* art. III(a) (emphasis added). The IADA provides that a defendant can perform this requirement by sending the written notice and request for final disposition to the official having custody of him, who would then forward it to the appropriate prosecuting official and court by registered (certified mail, return receipt requested). *Id.* art. III(b). The Supreme Court has held that the 180-day provision "does not commence until the prisoner's request for final disposition of the charges against him has actually been delivered to the court and prosecuting officer of the

7

175

jurisdiction that lodged the detainer against him." Fex v. Michigan, 507 U.S. 43, 113 S. Ct. 1085, 1091, 122 L. Ed. 2d 406 (1993); **State** v. Powell, 971 S.W.2d 577, 580 (Tex.App.--Dallas 1998, no pet.).

The inmate bears the burden of demonstrating compliance with the formal procedural requirements of Article III." *Morganfield v. State*, 919 SW2d 731, 734 (Ct. App. – San Antonio [4th Dist] 1996), U.S. v. Henson, 945 F.2d 430, 434 (1st Cir. 1991); Bryant v. **State,** 819 S.W.2d 927, 930-31 (Tex.App.--Houston [14th Dist.] 1991, pet. ref'd).

The failure of another state to follow the IAD does not require dismissal of the Texas [receiving state] charges." *Bryant v. State*, at 929. Delay caused by holding jurisdiction tolled until the receiving State receives the completed request form. *Id.* at 931.

In *Bryant*, the court found that when the holding jurisdiction failed to send Bryant to Texas because of pending charges in other jurisdictions, that time the defendant was unavailable to Texas should not be taxed against Texas because Bryant was unavailable to her. At 931.

The denial of a defendant's motion to dismiss an indictment under the IADA is a question of law reviewed *de novo* and the factual findings underlying that decision are reviewed on a clearly erroneous standard. United **States** v. Hall, 974 F.2d 1201, 1204 (9th Cir.1992).

8

*176*

A prisoner seeking to benefit from the statutory provisions [of the Uniform Mandatory Disposition of Retainers Act] must first meet the burden of compliance with the 'agreement.' *McCallum v. State,* 407 So.2d 865, 869 (Ala.Cr.App.1981). There must be strict compliance by the prisoner with the requirements . . ., otherwise, a conniving prisoner could finagle procedures to frustrate efforts of the prosecution to give the prisoner the benefit of the Interstate Compact on Detainers'), and attempts to deal directly with officials in the receiving state, he must satisfy the additional requirements of the agreement which would normally be executed by officials in the sending state." *McCallum v. State, supra,* at 869." *Seymore v. State,* 429 So.2d 1188, 1193-4 (Ala.Cr.App.1983). *Whitley v. State,* 392 So.2d 1220, 1224 (Ala.Cr.App.1980), *cert. denied,* 392 So.2d 1225 (Ala.1981).

If a Defendant takes it upon himself to notify the prosecutor and the Court directly, he is responsible for seeing that the notice is sent in the form required by the IAD. If Defendant's correspondences never properly comply with the notice requirements of the IAD so as to constitute "the required request," the 180 day period does not begin to run until Texas authorities have received the completed request form. *Burton v. State,* 805 S.W.2d at 575. When an inmate fails to serve the court where charges are pending, then he has failed to comply with the requirements of Art. III and the clock does not start ticking against the receiving

9

jurisdiction. *State v. Votta*, 299 SW3d 130, 137 (Ct. Crim App 2009).

Article III, section (a) of the IADA states that the prisoner's request must be "accompanied by a certificate of the appropriate official having custody of the prisoner stating the term of commitment . . . the time already served, the time remaining . . . on the sentence, the amount of good time earned, the time of parole eligibility. . . and any decision of the state parole agency relating to the prisoner." TEX. CODE CRIM. PROC. ANN. art. 51.14, Art. III(a) (West 2006). And, should that information not be forwarded with the request for final disposition, the 180 day timeline remains dormant. *Lara v. State*, 909 S.W.2d 615 (Tex. App.-Fort Worth 1995, pet. ref'd), State v. Garcia, 2011 Tex. App. LEXIS 4272 (Tex. App. Amarillo, 2012).

In a long line of cases that includes *Powell* v. *Alabama*, 287 U.S. 45 (1932), *Johnson* v. *Zerbst*, 304 U.S. 458 (1938), and *Gideon* v. *Wainwright*, 372 U.S. 335 (1963), this Court has recognized that the Sixth Amendment right to counsel exists, and is needed, in order to protect the fundamental right to a fair trial. The Constitution guarantees a fair trial through the Due Process Clauses, but it defines the basic elements of a fair trial largely through the several provisions of the Sixth Amendment.

**ARGUMENT:**

This case has become convoluted for a couple of reasons. The

Defendant allegedly committed the murders in Waller County on or about March 10, 2010 and fled the jurisdiction. He did not become a suspect until facts became known about a bank robbery and his arrest in California on October 30, 2010. From that time until December 16, 2011, the Defendant was being held in California for trial. He was sentenced on December 16, 2011 and was committed for one hundred twenty-one months on January 12, 2012 to a Federal Penitentiary in California. The Defendant was indicted on the Waller County murder charges a couple weeks later on January 27, 2011 and presumably a detainer was placed on the Defendant shortly thereafter.

The Waller County District Attorney's Office entered into a number of informal telephone conversations through the Waller County Sheriff's Office with Mr. Ed Perez at the Victorville Federal Penitentiary in California about what was needed to get the Defendant back to our jurisdiction for trial.

Then on July 19, 2012 the Waller County District Attorney's Office received through regular mail attachment Number 1. The document is entitled *"Notice and Demand to District Attorney/Prosecutor for Trial or Disposition of Warrant, Informations, Detainers or Indictments by Federal Prisoner"* and attached to that motion was what appears to be some sort of sentence monitoring sheet. It further appears that the document was sent by the Defendant without any participation or notice to the warden or the prison authorities there in California.

11

179

This is one of the documents that the Defendant claims in effect to be a notice under Tex. Code Crim. Proc., Article 51.14, Art. III, demanding trial within 180 days of receipt of the notice by the Court and the District Attorney. If such were the case, then trial would have had to be commenced on or before January 16, 2013. Another consequence of this notice, if it were effective, is that it in effect waives the right of the Defendant to insist on the formal extradition process and renders consent to be taken back to the jurisdiction seeking the Defendant for trial.

There are a number of problems with this Defendant's attempt at giving an Art. III notice. The notice has a few "shalls" in its wording. First, in Art.III (b) the notice "shall" be sent by <u>registered or certified mail, return receipt requested</u>. This requirement among other things gives both the prosecuting attorney and the Count some idea of just when the 180 days begins to run and does not leave that important date up to the vagrancies of in-office date stamping, claims of in-office routing problems and the like.

The second "shall" in Art.III (a) requires that a "certificate" be included by and from the warden of the holding facility. The Article goes on to say that there are at a least five pieces of information this certificate shall contain: 1) the term of commitment, 2) the time already served, 3) the time remaining to be served on the sentence, 4) the amount of good time earned, 5) the time of parole eligibility of the prisoner and 6) any decision of the state parole agency relation to

180

the prisoner. All of this information is vital to the decision making process that may come into play by the trying Court and to the prosecutor. Another important concern that comes into play in this case is that the request by the Defendant through the warden of the holding authority gets the warden into the information loop, the import of which will be discussed below.

It is clear from the case law cited above that a failure on the warden OR the Defendant to strictly comply with the Interstate Agreement requirements in Article III results in no notice to the trying Court and the prosecutor. (*See Fex, Powell, Morganfield, Henson, Bryant, McCullum, Seymore, Whitley, (...the 180 day period does not begin to run until Texas authorities have received the complete request form...)Burton, Lara, Garcia.*

The failure of the Defendant to make his request through the warden caused the prison authorities to be in the dark about the Defendants intentions concerning returning back to Waller County. The warden did not know that Defendant had made a demand to be returned, so that when answering inquiries from Waller County about the Defendant's return, the holding authorities advised Waller County would have to make our request in accordance with <u>Art. IV</u>. This procedure requires the filing out of various forms and the obtaining of various signatures before Art. V (also requiring additional forms) could be triggered and the Defendant could eventually be picked up. Art. V also triggers different time

13

requirements. If the Defendant were obtained via Art. IV, then his trial had to commence within 120 days of his arrival back in the requesting jurisdiction unless good cause was shown for the Court to continue the case.

Waller County began this procedure beginning informally after we determined that the Defendant had been arrested in California. It continued more formally after he was sentenced in California in January 2013. and continued November 2012 (attachment #2) through May 2013 (attachment #3).

On February 8, 2013 Waller County and the Court received another Art.III request (attachment #4) by certified mail this time through the warden of the holding authority. This demand contained a cover letter from the warden, "Notice of Untried Indictment," "Placement of Imprisonment," and a "Certificate of Inmate Status." The Certificate, however, did not contain the full information required by Art III in that it omitted 1) the date of parole eligibility of the prisoner and, 2) the decisions of the U.S. Parole Commission relating to the prisoner.

It is the position of the State that his February 2013 "notice" is likewise ineffective for the same reasons stated above. The Court and the prosecution are entitled to full and strict adherence by the Defendant and the holding authority in accordance with Art III and the cited case law.

If, for the sake of argument, the Court determines that the State has been placed on notice in accordance with the requirements of Art III, then the 180

14

182

day trial dead line may apply thus requiring trial by August 7, 2013. However, this court may find that good cause has been shown and continue the case.

> Art III(a)...provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

On June 4, 2013 the Defendant appeared in this honorable Court (a Court of proper jurisdiction) (see docket sheet) and in open court and on the record demanded that certain previously filed motions be heard. The Court inquired of the Defendant if he was represented by counsel. Defendant advised that he was not yet represented by counsel and in view of Defendant's request to have court appointed counsel (see attachment #4, page 4), the Court reset the case until such time as appropriate counsel could be appointed. Later on in the day and NOT in open court, the Defendant was appointed the Regional Public Defender, However on June 6, 2013 the Court reconsidered this appointment and subsequently appointed present counsel to represent the Defendant.

This Court had no alternative but to appoint counsel for the Defendant and reset the matter. The Defendant had filed adversarial motions that needed to be heard, argued and decided. The Defendant made no request to represent himself either explicitly or implicitly. The Defendant had in fact given notice of his desire to be represented by court appointed counsel through his paperwork filed with the Court. If this Court had permitted the Defendant to proceed without representation,

15

183

the Court would have clearly run afoul of the long line of cases that require a Defendant to have the availability of competent counsel in a criminal trial. (*Powell v. Alabama*, 287 U.S. 45 (1932).

The notice to the State failed by virtue of missing material in the certificate. The case was continued for good cause shown namely so that the Defendant could consult with court appointed counsel and become prepared for previously filed pre-trial motions.

## Tex. Code Crim. Proc., Article 51.14, Art. III's Constitutionality

The State argues in the alternative that Tex. Code Crim. Proc., Article 51.14, Art. III is unconstitutional as violating the Texas Constitution's separation-of-powers provision because it unduly infringes upon the judiciary. *See Tex. Const. art. II, Sec. 1)*. The separation of powers may be violated in one of two ways: (1) when one branch of government assumes or is delegated a power "more properly attached" to another branch or (2) when one branch unduly interferes with another branch so that the other branch cannot effectively exercise its constitutionally assigned powers. *Armadillo Bail Bond v. State, 802 S.W. 2d 237, 239 (Tex. Crim.App.1990)*. The State's position is that Tex. Code Crim. Proc., Article 51.14, Art. III, unduly interferes with the judicial powers of the Waller Criminal District Attorney, specifically by preventing the State of Texas from prosecuting the case against the Defendant, who has been lawfully indicted. *(Meshell v. State, 739*

16

/84

*S.W.2d 246, 253 (Tex.Crim.App. 1987)*("By establishing the office of the county attorney under Article V, the authors of the Texas Constitution placed county, district and criminal district attorneys within the Judicial department."). The law imposes on the State a strict prohibition from prosecution based on the expiration of a time limit that has no meaningful relationship to evidence or procedure. The deadline of 180 days is completely controlled by the action of the Defendant. Unlike the obligation on the part of the judiciary to set bail in accordance with Code of Criminal Procedure Article 17.151, resulting in a mandatory admission to personal recognizance bond, a violation of Tex. Code Crim. Proc., Article 51.14, Art. III mandates that the indictment be dismissed with prejudice. *Id. Armadillo* at 240-41 (quoting A. Leo Levin & Anthony G. Amsterdam, *Legislative Control Over Judicial Rule-Making: A Problem in Constitutional Revision*, 107 U. Pa L. Rev.1,32 (1958)). This requirement that an indictment be dismissed with prejudice bars the judiciary (prosecution) from exercising its exclusive power to act on an indictment, try an indictment to a judge or jury, and have the case decided based on the evidence. Courts have held that certain realms of judicial process are "so fundamental and so necessary to a court, so inherent in its very nature as a court," that they must be entirely free from legislative interference. Id *Armadillo* at 240-41. To arbitrarily bar the prosecution from proceeding based on any other factor other than the evidence or matters of Constitutional procedure is an improper

17

infringement on the judicial power to bring, try and render judgment on criminal matters.

PRAYER:

For the above reasons and law, the State of Texas respectfully prays that the Defendant's motion be denied by this honorable Court.

Respectfully Submitted,

_____
Frederick A. Edwards
Assistant District Attorney
Waller County, Texas
645 12th Street
Hempstead, Texas 77445
(979) 826-7718, FAX (7722)
SBN: 06435100

18

186

# NOTICE AND DEMAND TO DISTRICT ATTORNEY/PROSECUTOR
## FOR TRIAL OR DISPOSITION OF WARRANTS, INFORMATIONS, DETAINERS OR INDICTMENTS BY FEDERAL PRISONER

TO: Office of District Attorney

646 6ᵗʰ Street Suite 1

Hempstead TX 77445

FROM: Dominique Dontae Lasker
Reg. No. 22867-298
United States Penitentiary
Victorville FCC
PO Box XXX 3900
Adelanto, CA 92301

Dear Sir/Madam:

1. I have been informed that I have the following outstanding warrant(s), indictment(s), or complaint(s) under the following case numbers, issuing from your jurisdiction:

| | |
|---|---|
| Capital Murder Charge | # 11-01-13703 979-826-8282 |
| Capital Murder Charge | # 11-01-13704 979-826-8282 |
| Capital Murder Charge | # 11-01-13705 979-826-8282 |
| | # |

2. I am presently a federal prisoner in the custody of the United States Attorney General, incarcerated at the Victorville Federal Correctional Complex, located in Adelanto, California.

3. I was sentenced in the United States District Court for the __Southern__ District of __California__, to a term of __121__ months. My current projected release date from federal custody is __August__, __13__, 20 __19__, as found in the attached BOP documentation (see Sentence Monitoring/Data Computation printout).

4. The outstanding charges pending from this jurisdiction adversely affect the conditions of my incarceration, and do not allow my participation in certain rehabilitative programs. I remain in a higher security classification category and the delay in prosecution prejudices my defense against these outstanding charges.

5. I have provided this communication to invoke the statutes, rules and procedures of this State for speedy trial and disposition of untried warrants, indictments and complaints. Based upon these provisions I would demand a speedy trial or disposition within one-hundred and twenty (120) days, on any and all criminal actions in your jurisdiction and/or alternatively, that you submit request for temporary custody to the federal bureau of prison authorities, pursuant to the requirements of applicable statutes for Interstate Agreement on Detainers ("IAD").

Cordially,

Dated: __2012 / 07 / 2__

REQUESTOR
Mr. Dominique Dontae Lasker

E Hambuck, Hambruck

Authorizated by the Act of
WITNESS-PRISON STAFF MEMBER July 7, 1955, as amended,
to administer oaths (18

COPIES: ORIGINAL TO DISTRICT ATTORNEY. A BRIEF COPY FOR YOUR RECORDS TO BE USED WITH REQUEST TO COURT FOR DISMISSAL. ALSO: INCLUDE DOCUMENTATION FROM THE CASE U.S.C. § 4004) REGARDING THE WARRANT, DETAINER, AND IF POSSIBLE YOUR SENTENCE MONITORING/DATA COMPUTATION PRINTOUT SHOWING YOUR PROJECTED RELEASE DATE.

EXHIBIT
St. 1

187

IN THE <u>District</u> COURT OF <u>Waller</u> COUNTY

FOR THE STATE OF <u>Texas</u> [ <u>506 District</u>]

| | |
|---|---|
| <u>Waller County Sheriffs</u>, ) | NOTICE OF PLACE OF IMPRISONMENT AND |
| **Plaintiff,** ) | REQUEST FOR SPEEDY TRIAL AND FINAL |
| ) | DISPOSITION...Pursuant to ........ |
| **v.** ) | (<u>Tex.Code Crim.Proc. Ann.Art. 51.14</u> ) |
| ) | (<u>Constitution, Art. VI, § 10</u> ) |
| ) | |
| <u>Dominique Dontae Lasker</u>, ) | CASE NO. <u>11-01-13703 979-826-8282</u> |
| **Defendant.** ) | <u>11-01-13704 979-826-8282</u> |
| | <u>11-01-13705 979-826-8282</u> |

Notice is hereby given that the above-named Defendant, <u>Dominique Dontae Lasker</u>, is currently a federal prisoner in the custody of the United States Attorney General, and is incarcerated at the Victorville Federal Correctional Complex located in Adelanto, California. Defendant would further show:

1. The defendant is serving an approximate term of <u>121</u> months of imprisonment from a judgment imposed by the United District Court for the <u>Southern</u> District of <u>California</u>, on <u>December</u>, <u>16</u>, <u>2011</u>. Defendant has a projected release date from federal custody on <u>August</u>, <u>13</u>, 20 <u>19</u>. (see attached sentencing computation/data sheet).

2. The defendant has been advised that there are, or may be, outstanding citations, warrants, informations, charges, and/or complaints pending in this jurisdiction. Specifically:
<u>1). Capital Murder Charges...Warrant # 11-01-13703 979-826-8282</u>
<u>2). Capital Murder Charges...Warrant # 11-01-13704 979-826-8282</u>
<u>3). Capital Murder Charges...Warrant # 11-01-13705 979-826-8282</u>

3. The defendant moves this Court to order he be brought for trial, and that prosecuting authorities arrange temporary custody under the appropriate provisions for Interstate Agreement on Detainers. The Defendant further requests in an absence of availability of trial, an *in abstentia* resolution be arranged.

*188*

4. This Motion is based upon the Defendant's Sixth Amendment speedy trial guarentee that is binding on the states through the Due Process Clause of the Fourteenth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 222-223 (1967). A state is responsible for a defendant's speedy trial rights, even where a defendant is held in federal prison. see: *Smith v Hooey*, 393 U.S. 374 (1969). This notice would further trigger defendant's request under the Interstate Agreement on Detainers. see: *Fex v. Michigan*, 507 U.S. 43, 113 S.Ct. 1088, 122 L.Ed.2d 406 (1993).

WHEREFORE, the defendant prays that the Court initiate all needed and necessary orders and actions required to resolve this matter by trial or settlement *in abstentia*, including an order for the district attorney/prosecutor to seek temporary custody from federal authorities under IAD provisions, and the dismissal of any outstanding citations, warrants, informations, charges, and/or complaints, presently pending in this jurisdiction, within a reasonable period of time not to exceed 120 days.

Respectfully Submitted,

Dated: __2012/07/03__

Dominique Dontae Lasker
Reg. No. 22867-298
United States Penitentiary
Victorville FCC
PO Box ~~3300~~ 3900
Adelanto, CA 92031

## CERTIFCATE OF SERVICE

I hereby certify that a copy of this document was mailed to the office of the district attorney/ prosecutor for this jurisdiction, addressed as below.:

District Attorney
346 6th Street Suite 1
Hempstead TX, 77445

Date: __2012/07/3__

Mr. Dominique Dontae Lasker

2

189

# CERTIFICATE OF SERVICE

I, ___Dominique Dontae Lasker___ , hereby certify that I have served a true and complete copy of the following: Notice of place of imprisonment and request for speedy trial and final disposition...pursuant to: Tex. Code. Crim. Proc. Ann. Art. 51.14, and Tex. Constitution, Art. VI, § 10

By placing the same in the care and custody of prison officials of the United States Penitentiary, Victorville USP/FCC, at Adelanto, California, on this __16__ day of _____January_____, 20 _12_, with sufficient postage affixed. It would be noted that this service would be deemed filed at the time it was delivered to prison authorities for forwarding to the court. see: *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). This service was addressed to the following party or parties:

1). District Court, 506th District
    Attn: Patricia Spadachene, District Clerk
    Waller County Courthouse
    836 Austin Ct., Room 318
    Heapstead, TX 77445-4673

2). District Attorney/Prosecutors
    OFFICE
    FOR WALLER COUNTY

    __846 6th Street Suite 1__
    __Hempstead TX, 77445__

Dominique Dontae Lasker
Reg. No. 22867-298
United States Penitentiary
Victorville FCC
PO Box 5300
Adelanto, CA 92301

```
REGNO..: 22867-298 NAME: LASKER, DOMINIQUE DONTAE


FBI NO...........: 201461KD5           DATE OF BIRTH: 03-21-1984
ARS1.............: VIP/A-DES
UNIT.............: 6 A                 QUARTERS.....: F61-119L
DETAINERS........: YES                 NOTIFICATIONS: NO

HOME DETENTION ELIGIBILITY DATE: 02-13-2019

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE: 08-13-2019 VIA GCT REL.


-------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

COURT OF JURISDICTION...........: CALIFORNIA, SOUTHERN DISTRICT
DOCKET NUMBER...................: 10CR4732-DMS
JUDGE...........................: SABRAW
DATE SENTENCED/PROBATION IMPOSED: 12-16-2011
DATE COMMITTED..................: 01-12-2012
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO


                 FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $200.00         $00.00          $00.00       $00.00

RESTITUTION...:  PROPERTY: YES SERVICES:  NO       AMOUNT: $2,714.50

----------------------CURRENT OBLIGATION NO: 010 -------------------------
OFFENSE CODE....: 551
OFF/CHG: 18:2113(A),(D) AND 18:2 ARMED BANK ROBBERY AND AIDING AND
         ABETTING.(CT.1)

 SENTENCE PROCEDURE..............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    37 MONTHS
 TERM OF SUPERVISION.............:     3 YEARS
 DATE OF OFFENSE.................: 10-30-2010




G0002      MORE PAGES TO FOLLOW . . .
```

191

Mr. Dominique Dontae Lasker
Fed. Reg. 22867-298
United States Penitentiary Victorville
P.O. BOX. 3900
ADELANTO, CA. 92301

"Legal Mail"

SM EVERROWINDUMM ≤29

11 JUL 2012 PM 1



District Attorney/Prosecutors Office
For Waller County

846 6th Street Suite 1

Hemastead TX. 77445

DISA      773   5E  L N  C 22 07/16/12
UNABLE TO FORWARD/FOR REVIEW

BC: 77445540246 DU *2804-12515-11-39

7744554024E
77445 05402

||..||..|..|.|..|.|.|.|..|.|..|.|..||.....||.|.||

| | | | | |
|---|---|---|---|---|
| Date/Time | 01-09-2013 | 04:06:37 p.m. | Transmit Header Text | WALLER CNTY D.A. MATHIS OFFICE |
| Local ID 1 | 9798267722 | | Local Name 1 | WALLER CNTY. DA OFFICE |
| Local ID 2 | | | Local Name 2 | |

## This document : Confirmed
## (reduced sample and details below)
## Document size : 8.5"x11"



645 12th Street
Hempstead, Texas 77445

# Elton R. Mathis
Criminal District Attorney
Waller County

(979) 826-7718
(979) 826-7722 Fax

January 2, 2013

Warden
United States Penitentiary
Victorville FCC,
P.O. Box 3900
Adelanto, California 92301

In Re: Inmate DOMINIGUE DONTAE LASKER, 22867-289
Request for Temporary Custody (IAD Form V)

Dear Warden,

Please find our county's request for temporary custody so that Inmate Dominque Dontae Lasker may stand trial for Capital Murder in Waller County, Texas.

I have attached certified copies of the indictments and warrants in this matter. There are no fingerprints or photographs because the Defendant fled our jurisdiction before arrest. He was however interviewed by Texas Rangers there in California.

If there is anything more that is needed to facilitate this temporary transfer, please let me know.

Best Regards,

Frederick A. Edwards
First Assistant District Attorney
Waller County, Texas

**EXHIBIT**
S1 2

Total Pages Scanned : 8          Total Pages Confirmed : 8

| No. | Job | Remote Station | Start Time | Duration | Pages | Line | Mode | Job Type | Results |
|---|---|---|---|---|---|---|---|---|---|
| 001 | 578 | 7605305750 | 04:04:15 p.m. 01-09-2013 | 00:01:41 | 8/8 | 1 | EC | HS | CP24000 |

Abbreviations:

| | | | | |
|---|---|---|---|---|
| HS: Host send | PL: Polled local | MP: Mailbox print | TU: Terminated by user | |
| HR: Host receive | PR: Polled remote | CP: Completed | TS: Terminated by system | G3: Group 3 |
| WS: Waiting send | MS: Mailbox save | FA: Fail | RP: Report | EC: Error Correct |

193



COPY

645 12th Street
Hempstead, Texas 77445

# Elton R. Mathis

Criminal District Attorney
Waller County

(979) 826-7718
(979) 826-7722 Fax

January 2, 2013

Warden
United States Penitentiary
Victorville FCC,
P.O. Box 3900
Adelanto, California 92301

In Re: Inmate DOMINIGUE DONTAE LASKER, 22867-289
Request for Temporary Custody (IAD Form V)

Dear Warden,

Please find our county's request for temporary custody so that Inmate Dominque Dontae Lasker may stand trial for Capital Murder in Waller County, Texas.

I have attached certified copies of the indictments and warrants in this matter. There are no fingerprints or photographs because the Defendant fled our jurisdiction before arrest. He was however interviewed by Texas Rangers there in California.

If there is anything more that is needed to facilitate this temporary transfer, please let me know.

Best Regards,

Frederick A. Edwards
First Assistant District Attorney
Waller County, Texas

*194*

BP-S568.051 **IAD FORM V - REQUEST FOR TEMPORARY CUSTODY** CDFRM AMARILLO FEB 94
**U.S. DEPARTMENT OF JUSTICE** **FEDERAL BUREAU OF PRISONS**

Six copies. Signed copies must be sent to the prisoner and to the official who has the prisoner in custody. A copy should be sent to the Agreement Administrator of both the sending and the receiving state. Copies should be retained by the person filing the request and the judge who signs the request. Prior to transfer under this Agreement, an Inmate may be afforded a judicial hearing (Cuyler) similar to that provided under the Uniform Extradition Act, in which the inmate may bring a limited challenge to the receiving state's request.

### Request for Temporary custody

To: (Warden-Superintendent-Director) - Institution and Address
United States Penitentiary, Victorville FCC., P.O. Box 3900, Adelanto, C. 92301

Please be advised that (Name of Inmate) DOMINIQUE DONTAE LASKER 22867-298, who is ~~presently~~ an inmate of your institution, is under [indicate appropriate] (indictment) (~~information~~) (~~complaint~~) in the (Jurisdiction) 506th District Ct. Waller County Texas, of which I am the (Title of Prosecuting Officer) District Attorney . Said inmate is therein charged with the offense(s) enumerated below:

#### Offense(s)

① Capital Murder 11-01-13703, ② ~~Capital Murder~~ 11-01-13704 ③ 11-01-1 Capital Murder

I propose to bring this person to trial on this [indicate appropriate] (indictment) (~~information~~) (~~complaint~~) within the time specified in Article IV(c) of the Agreement.

In order that proceedings in this matter may be properly had, I hereby request temporary custody of such persons pursuant to Article IV(a) of the Agreement on Detainers.

Attached herewith find in triplicate:
a. Certified copies of the complaint, information or indictment
b. Certified copies of the warrant
c. Certified copies of fingerprints, photographs or physical description

I hereby agree that immediately after trial is completed in this jurisdiction, I will return the prisoner directly to you or allow any jurisdiction you have designated to take temporary custody. I agree also to complete Form IX, The Notice of Disposition of a Detainer, immediately after trial.

| Printed Name and Signature Elton R. Mathis | Title Criminal District Attorney | Date Nov 26, 201: |
|---|---|---|

| Address: 645 12th Street | City/State: Hempstead, Texas 77445 | Telephone No.: 979-826-7718 |
|---|---|---|

I hereby certify that the person whose signature appears above is an appropriate officer within the meaning of Article IV(a) and that the facts recited in this request for temporary custody are correct and that having duly recorded said request, I hereby transmit it for action in accordance with its term and the provisions of the Agreement on Detainers.

| Judge's Printed Name and Signature Albert M. McCaig | Date Nov 26, 2012 |
|---|---|

| Court 506 th Judicial District Court | Judicial District 506th |
|---|---|

| City/State Hempstead, Waller County, Texas | Telephone No. 979-826-921-0921 |
|---|---|

(This form may be replicated via WP)

Albert M. McCaig, Jr.
Judge, 506th Judicial District Court
Waller and Grimes Counties, Texas

*195*

NO. _11-01-13735_

| THE STATE OF TEXAS | IN THE DISTRICT COURT OF |
|---|---|
| VS. | WALLER COUNTY, TEXAS |
| DOMINIQUE DONTAE LASKER | 506th JUDICIAL DISTRICT |
| B/M          DOB:  03/21/1984 | |

Charge: CAPITAL MURDER
Section: 19.03
Degree: CAPITAL FELONY

Filed
AT 1:05 O'Clock P. M
PATRICIA JAMES SPRADACHENE
WALLER COUNTY, TEXAS
1-27-11
BY
DEPUTY

## INDICTMENT

**IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS;**

The Grand Jury for the County of Waller and the State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the January term, A.D. 2011 of the 506th Judicial District Court of said County, upon their oaths present in and to said Court at said term that DOMINIQUE DONTAE LASKER, hereinafter styled Defendant, on or about the 11TH day of MARCH, 2010, and before the presentment of this indictment, in Waller County, Texas, did then and there intentionally or knowingly cause the death of an individual, namely, Stanley Ray Jackson, by shooting Stanley Ray Jackson with a firearm, and did then and there intentionally or knowingly cause the death of another individual, namely, Janella Edwards, by shooting Janella Edwards with a firearm, and both murders were committed during the same criminal transaction.

The Grand Jury for the County of Waller and the State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the January term, A.D. 2011 of the 506th Judicial District Court of said County, upon their oaths present in and to said Court at said term that DOMINIQUE DONTAE LASKER, hereinafter styled Defendant, on or about the 11TH day of MARCH, 2010, and before the presentment of this indictment, in Waller County, Texas, did then and there intentionally cause the death of an individual, namely, Stanley Ray Jackson, by shooting Stanley Ray Jackson with a firearm, and the defendant was then and there in the course of committing or attempting to commit the offense of robbery of Stanley Ray Jackson.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Foreman of the Grand Jury

196

Cause No. 11-01-13703

THE STATE OF TEXAS

VS.

IN THE DISTRICT COURT OF

WALLER COUNTY, TEXAS

DOMINIQUE DONTAE LASKER
DISTRICT
Black/Male   DOB: 03/21/84

506TH JUDICIAL

CAPIAS INSTANTER

TO ANY PEACE OFFICER OF THE STATE OF TEXAS - GREETINGS:

YOU ARE HEREBY COMMANDED to arrest DOMINIQUE DONTAE LASKER and him safely keep so that you have him/her before the Honorable 506TH District Court of Waller County, Texas, at the Courthouse of said County, in Hempstead, Texas, instanter, then and there to answer the State of Texas upon an indictment pending in said Court, changing him with CAPITAL MURDER MULTIPLE, a felony.

HEREIN FAIL NOT, but make due return hereof to this Court forthwith, showing how you have executed the same.

Witness my hand and seal of office, at Hempstead, Texas, this 27th day of January, 2011.

PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS
BY:_____
Fran Haggard, Deputy

SHERIFF'S RETURN

CAME TO HAND the _____ day of _____, _____, at _____ o'clock ____.m., and executed by arresting _____
At _____, in _____ County, Texas, and placing him/her in the Waller County Jail on the _____ day of _____,
_____.

I actually and necessarily traveled _____ miles in the service of this writ, in addition to any other mileage I may have traveled in the service of other process in this case during the same trip.

FEES:  Making Arrest           _____ , Sheriff
       Mileage _____ miles    _____ County, Texas
       Taking Bond             _____
       Commitment          By: _____
                               Deputy

*/97*

NO. _11-01-13704_

THE STATE OF TEXAS

VS.

DOMINIQUE DONTAE LASKER
B/M          DOB:  03/21/1984

Charge: MURDER
Section: 19.02
Degree:  FIRST DEGREE FELONY

IN THE DISTRICT COURT OF

WALLER COUNTY, TEXAS

_506_ JUDICIAL DISTRICT

Filed
AT _1.05_ O'Clock _P_ M
PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS
BY
DEPUTY
1-27-11

## INDICTMENT

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS;

The Grand Jury for the County of Waller and the State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the January term, A.D. 2011 of the 506th Judicial District Court of said County, upon their oaths present in and to said Court at said term that DOMINIQUE DONTAE LASKER, hereinafter styled Defendant, on or about the 11TH day of MARCH, 2010, and before the presentment of this indictment, in Waller County, Texas, did then and there intentionally or knowingly cause the death of an individual, namely, Stanley Ray Jackson, by shooting Stanley Ray Jackson with a firearm.


AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Foreman of the Grand Jury

198

Cause No. 11-01-13704

THE STATE OF TEXAS                    IN THE DISTRICT COURT OF

VS.                                   WALLER COUNTY, TEXAS

DOMINIQUE DONTAE LASKER              506TH JUDICIAL
DISTRICT
Black/Male   DOB: 03/21/84
                    CAPIAS INSTANTER

TO ANY PEACE OFFICER OF THE STATE OF TEXAS - GREETINGS:

        YOU ARE HEREBY COMMANDED to arrest DOMINIQUE DONTAE
LASKER  and him  safely keep so that you have him/her before the Honorable
506TH District Court of Waller County, Texas, at the Courthouse of said County, in
Hempstead, Texas, instanter, then and there to answer the State of Texas upon an
indictment pending in said Court, changing him with MURDER, a felony.
        HEREIN FAIL NOT, but make due return hereof to this Court forthwith,
showing how you have executed the same.
        Witness my hand and seal of office, at Hempstead, Texas, this 27th day of
January, 2011.
                            PATRICIA JAMES SPADACHENE
                            WALLER COUNTY, TEXAS
                            BY: _____
                                  Fran Haggard, Deputy


                        SHERIFF'S RETURN

        CAME TO HAND the _____ day of _____, _____, at _____ o'clock
_____.m., and executed by arresting _____
At _____, in _____ County, Texas, and placing
him/her in the Waller County Jail on the _____ day of _____,
_____.


        I actually and necessarily traveled _____ miles in the service of this writ, in
addition to any other mileage I may have traveled in the service of other process in
this case during the same trip.


FEES:  Making Arrest              _____ , Sheriff
       Mileage _____ miles      _____ County, Texas
       Taking Bond
       Commitment                 By: _____
                                      Deputy

*199*

NO. _11-01-13705_

THE STATE OF TEXAS

VS.

DOMINIQUE DONTAE LASKER
B/M          DOB:   03/21/1984

Charge: MURDER
Section: 19.02
Degree:  FIRST DEGREE FELONY

IN THE DISTRICT COURT OF

WALLER COUNTY, TEXAS

_506th_ JUDICIAL DISTRICT

## INDICTMENT

**IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS;**

The Grand Jury for the County of Waller and the State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the January term, A.D. 2011 of the 506th Judicial District Court of said County, upon their oaths present in and to said Court at said term that DOMINIQUE DONTAE LASKER, hereinafter styled Defendant, on or about the 11TH day of MARCH, 2010, and before the presentment of this indictment, in Waller County, Texas, did then and there intentionally or knowingly cause the death of an individual, namely, Janella Edwards, by shooting Janella Edwards with a firearm.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_Paul A. Wood_
Foreman of the Grand Jury

Filed
AT 1:25 O'Clock P.M
PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS
BY
DEPUTY
1-27-11

200

Cause No. 11-01-13705

THE STATE OF TEXAS                          IN THE DISTRICT COURT OF

VS.                                         WALLER COUNTY, TEXAS

DOMINIQUE DONTAE LASKER                     506TH JUDICIAL
DISTRICT
Black/Male   DOB: 03/21/84
                    CAPIAS INSTANTER

TO ANY PEACE OFFICER OF THE STATE OF TEXAS - GREETINGS:

    YOU ARE HEREBY COMMANDED to arrest DOMINIQUE DONTAE LASKER and him safely keep so that you have him/her before the Honorable 506TH District Court of Waller County, Texas, at the Courthouse of said County, in Hempstead, Texas, instanter, then and there to answer the State of Texas upon an indictment pending in said Court, changing him with MURDER, a felony.

    HEREIN FAIL NOT, but make due return hereof to this Court forthwith, showing how you have executed the same.

    Witness my hand and seal of office, at Hempstead, Texas, this 27th day of January, 2011.

PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS
BY: _____
    Fran Haggard, Deputy

SHERIFF'S RETURN

    CAME TO HAND the _____ day of _____, _____, at _____ o'clock ____.m., and executed by arresting _____
At _____, in _____ County, Texas, and placing him/her in the Waller County Jail on the _____ day of _____,
_____.

    I actually and necessarily traveled _____ miles in the service of this writ, in addition to any other mileage I may have traveled in the service of other process in this case during the same trip.

FEES: Making Arrest          _____ , Sheriff
      Mileage _____ miles     _____ County, Texas
      Taking Bond
      Commitment          By: _____
                    Deputy

201

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com™

OFFICIAL USE

ADELANTO CA 92301

| | | |
|---|---|---|
| Postage | $ 12.70 | 0445 |
| Certified Fee | 2.95 | 05 Postmark Here |
| Return Reciept Fee (Endorsement Required) | 2.35 | |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ 8.00 | 01/10/2013 |

Sent To Warden, U.S. Penitentary
Victorville FCC.
Street, Apt. No.; or PO Box No. P.O. Box 3900
City, State, ZIP+4 Adelanto, CA 92301

7002 3150 0000 3033 7161

PS Form 3800, June 2002    See Reverse for Instructions

---

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Warden, U.S. Penitentary
Victorville FCC.
P.O. Box 3900
Adelanto, CA 92301

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____  ☐ Agent
             ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)    7002 3150 0000 3033 7161

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

202



# Elton R. Mathis

645 12th Street
Hempstead, Texas 77445

Criminal District Attorney
Waller County

(979) 826-7718
(979) 826-7722 Fax

May 1, 2013

Ms. Linda T. McGrew
Warden, FCC-USP
c/o Correctional Officer J. Kaawaloa
P.O. Box 5400
Victorsville, CA 92301

RE:     Dominique Lasker, 22867-298

Dear Warden McGrew:

Please find enclosed IAD Form VI signed by the Texas IAD Administrator. I believe this was the last form needed to effectuate the transfer of Dominique Lasker into Texas custody. Please do not hesitate to contact me with any questions or concerns you may have, and let Chief Deputy Joe Hester at the Waller County Sheriff's Office (979-826-8282) know when Mr. Lasker is ready for transport. Thank you for your help in these matters.

Sincerely yours,

Elton R. Mathis
Waller County District Attorney

Enc.

Cc:     R. Glenn Smith
Waller County Sheriff



EXHIBIT
St 3
203

BP-A0564
APR 10

**IAD FORM VI - EVIDENCE OF AGENT'S AUTHORITY** CDFRM

**U.S. DEPARTMENT OF JUSTICE**          **FEDERAL BUREAU OF PRISONS**

Five copies. All copies, with original signatures by the Prosecutor and the Agents, should be sent to the Administrator in the RECEIVING State. After signing all copies, the Administrator should retain one copy for his file, send one copy to the Warden, Superintendent or Director of the Institution in which the prisoner is located and return two copies to the Prosecutor who will give one to the Agents for use in establishing their authority and place one in his file. One copy should also be forwarded to the Agreement Administrator in the sending file.

**Evidence of Agent's Authority to Act for Receiving State**

To: (Administrator and Address) FCC-USP
Linda T. McGrew, Warden    P.O. Box 5400
       Victorville, CA 92301

| Inmate (Name and Register No.) | is confined in (Institution and address) |
|---|---|
| Lasker, Dominique Dontae 22867-298 | FCC Victorville Complex - USP P.O. Box 5400 Adelanto, CA 92301 |

and will be taken into custody at said Institution on (date) _____ for return to the County of WALKER _____, State of TEXAS _____ for trial. In accordance with Article V(b), of said Agreement, I have designated:

Agent's Name and Department Represented

*Samuel Maxwell*    Waller Co. Sheriff's Office

Agent's Name and Department Represented

*JAMES WATSON*    Waller Co. Sheriff's Office

Agent's Name and Department Represented

*Byron Frusset*    Waller Co. Sheriff's Office

whose signatures appear below as Agents to return the prisoner.
(Agent's Signature)          (Agent's Signature)

SEE ABOVE

| Dated | Prosecuting Official's Signature |
|---|---|
| 2-5-2013 | *Elton R. Mathis* Waller Co. D.A. |

a. Title - Waller Co. D.A.
b. County - Waller
c. Address - 645 12th Street

d. City/State - Hempstead, TX 774
e. Telephone No -
979 826-7718

**Evidence of Agent's Authority Continued**

To: (Warden-Superintendent-Director)

Linda T. McGraw, Warden

In accordance with the above representations and the provisions of the Agreement on Detainers, the persons listed above are hereby designated as Agents for the State of ___TEXAS___ to return (Inmate's Name and Register No.) ___LASKER, DOMINIQUE DONTAE___ ___22867-298___ to the county of ___WALLER___, State of ___TEXAS___, for trial.

At the completion of the trial (Inmate) ___LASKER, DOMINIQUE DONTAE___ ___22867-298___ shall be returned to the (Institution and Address):

FCC Victorville Complex - USP
P.O. Box 5400
Adelanto, CA 92301

| Dated | Detainer Administrator's Signature |
|---|---|
| 4-26-13 | Jon M White |

a. Name - T.D.C.J.
b. Address P.O. BOX 99
PDF

c. City/State   Huntsville, Texas 77341
d. Telephone No.   936-437-6484

Prescribed by P5875

2

205

THE STATE OF TEXAS

TEX

Cla
Det:
P.O
Hun

7011 0470 0001 6549 2771

CERTIFIED MAIL

Waller County
District Attorney
645 12th Street
Hempstead, Texas 77445
Attn: Elton R. Mathis

77445\$4445

MAY - 1 2013

206



**U.S. Department of Justice**

**Federal Bureau of Prisons**

**Federal Correctional Complex**
_Victorville, California_

January 31, 2013

Office of the District Attorney
Elton R. Mathis, Criminal District Attorney
Waller County
506th Judicial District
645 12th Street
Hempstead, Texas 77445

Re: Lasker, Dominique Dontae
   Register Number 22867-289280
   STATE CASE/REFERENCE NO. 11-01-13703; 11-01-13704; 11-01-13705

Dear Mr. Mathis:

In response to your request for temporary custody pursuant to the Interstate Agreement on Detainers Act (IADA), applicable forms are enclosed.

Please be advised subject has been notified of your request and has been afforded a 30-day period in which to contact the Warden of this institution as to any reasons why he should not be produced in your State pursuant to the Agreement.

 X  The inmate has waived this 30-day period. You may contact this facility directly to arrange for temporary custody.

 ___  The inmate has elected this 30-day period, provided under Article IV(a), which expires on (___DATE_). Any court proceedings must occur after this date.

Please remit to this office the _original_ completed Form VI, "Evidence of Agent's Authority to Act for Receiving State" (BP-A564) and _originals_ of the IAD Form V (BP-568) and IAD FormVI (BP-565). The persons designated as agents to return the prisoner to your State must also be the persons whose signatures appear on the Form VI. Naming alternative agents would be advisable in case your primary agents cannot make the trip. The alternate agents' signatures should also appear on the Form VI. Also be advised that the designated agents must have in their possession a copy of the warrant when assuming custody of the prisoner.

**EXHIBIT**
St. 4

Exhibit

207

Page Two
RE:  Lasker, Dominique Dontae
     Register No. 22867-289


Inmates who are temporarily transferred pursuant to the IAD remain
under the primary jurisdiction of Federal authorities.  Should you
accept temporary custody of this inmate, we wish to remind you that
under Article V(e) of the IADA, you are required to return the above-
named inmate to this institution after prosecution on all pending
charges.

While this inmate is in your temporary custody, he/she will be held in
a suitable jail that meets the level of security required by the Bureau
of Prisons.  In addition, security requirements for the inmate must
be met.  Two law enforcement escort officers, handcuffs, martin chains
and leg irons are required.  Contract Guard Services are not allowed.

Any problems associated with this inmate must be reported to the
individual listed below.  This inmate may not be released on bail or
bond or any other agency while in your custody.  Additionally, this
inmate is not to be committed to a state correctional institution for
service of any state sentence(s) that may be imposed because of your
prosecution.

To help us with processing, please fill out the enclosed certification
form and return to us before scheduling a date for assuming custody.
Before making scheduling arrangements, please contact this individual
below to ensure all required paperwork and approvals have been met.

If you have any questions on this matter, please call: D.
Wren, Supervisory Correctional Systems Specialist at 760-530-
5748.

                              Sincerely

                              Linda T. McGrew, Warden

                              /s/ D.
                              Wren, SCSS


Enclosures:  BP-Forms A235, A236, A238, A239
             BP-A565, IAD/State Writ - Prosecutor's Certification Form

cc:  Clerk of Court
     State IADA Administrator



                                                          208



BP-S235 (51)   IAD -NOTICE OF UNTRIED INDICTMENT

U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

| INMATE NAME:<br>LASKER, DOMINIQUE DONTAE | REGISTER NUMBER:<br>22867-298 | INSTITUTION:<br>FCC VICTORVILLE COMPLEX |
|---|---|---|

Pursuant to the Interstate Agreement on Detainers Act, you are hereby informed that the following are the untried indictments, information, or complaints against you concerning which the undersigned has knowledge, and the source and contents of each:  **WALLER COUNTY SHERIFF'S OFFICE. CAPITOL MURDER CAUSE #11-01-13703, 11-01-13704 AND 11-01-13705.**

You are hereby further advised that the provisions of said Agreement you have the right to request the appropriate prosecuting officer of the jurisdiction in which any such indictment, information or complaint is pending and the appropriate court that a final disposition be made thereof. You shall then be brought to trial within 180 days, unless extended pursuant to provisions of the Agreement, after you have caused to be delivered to said prosecuting officer and said court written notice of the place of your imprisonment and your said request, together with a certificate of the custodial authority as more fully set forth in said Agreement. However, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

Your request for final disposition will operate as a request for final disposition of all untried indictments, information or complaints on the basis of which detainers have been lodged against you from the state to whose prosecuting official your request for final disposition is specifically directed. Your request will also be deemed to be a waiver of extradition with respect to any charge or proceedings contemplated thereby or there imposed upon you, after completion of your term of imprisonment in this state. Your request will also constitute a consent by you to the production of your body in any court where your presence may be required in order to effectuate the purposes of the Agreement on Detainer and a further consent voluntarily to be returned to the institution in which you are now confined.

Should you desire such a request for final disposition of any untried indictment, information or complaint, you are to notify the Inmate Systems Manager of the institution in which you are now confined.

You are also advised that under provisions of said Agreement the prosecuting officer of a jurisdiction in which any such indictment, information or complaint is pending may oppose the request that you be delivered to such prosecuting officer or court. You may request the Warden to disapprove any such request for your temporary custody but you cannot oppose delivery on the ground that the Warden has not affirmatively consented to or ordered such delivery.

| DATE:<br><br>August 31, 2012 | NAME AND TITLE OF<br>CUSTODIAL AUTHORITY<br><br>Charles E Samuels Jr.<br>Director, Bureau of Prisons | Linda T. McGrew,<br>Complex Warden<br><br>BY: D. Wren, Correctional<br>Systems Specialist |
|---|---|---|

| DATED:<br><br>    2011/ 09/17 | INMATE SIGNATURE |
|---|---|

Original   Inmate
Copy:      J&C File
           Central file

BP-S236.051 **IAD – PLACEMENT OF IMPRISONMENT** CDFRM

FEB 94
U.S. DEPARTMENT OF JUSTICE                                         FEDERAL BUREAU OF PRISONS

| To: Prosecuting Officer ELTON R. MATHIS | Jurisdiction: WALLER COUNTY, TX |
|---|---|
| Court: 506th JUDICIAL DISTRICT | Jurisdiction: WALLER COUNTY, TX |

And to all other prosecuting officers and courts of jurisdiction listed below from which indictments, information or complaints are pending, you are hereby notified that the undersigned is now imprisoned in:

Institution:
Federal Correctional Complex - United States Penitentiary P.O. Box 5400, Victorville, CA 92301

And I hereby request that a final disposition be made of the following indictments, information or complaints now pending against me: **WARRANT No. 11-01-13703, 11-01-13704 and 11-01-13705**
**CAPITAL MURDER SECTION: 19.03 DEGREE: CAPITAL FELONY**

Failure to take action in accordance with the Interstate Agreement on Detainers Act, to which your state is committed by Law, will result in the invalidation of the indictments, information or complaints.

I hereby agree that this request will operate as a request for final disposition of all untried indictments, information or complaints on the basis of which detainers have been lodged against me from your state. I also agree that this request shall be deemed to be my waiver of extradition with respect to any charge or proceedings contemplated hereby or included herein, and a waiver of extradition to your state to serve any sentence there imposed upon me, after completion of my term of imprisonment in this state. I also agree that this request shall constitute a consent by me to the production of my body in any court where my presence may be required in order to effectuate the purposes of the Interstate Agreement on Detainers Act and a further consent voluntarily to be returned to the institution in which I now am confined.

If jurisdiction over this matter is properly in another agency, court or officer, please designate the proper agency, court or officer and return this form to the sender.

Forms BP-S238(51), Certificate of Inmate Status, and BP-S239(51), Offer of To Deliver Temporary Custody, are attached.
Dated:

Inmate's Name and Register No.:

January 30, 2013                                 LASKER, DOMINIQUE DONTAE
Federal Register: 22867-298

The inmate must indicate below whether he has counsel or wishes the court in the receiving state to appoint counsel for purposes of any proceedings preliminary to trial in the receiving state which may take place before his delivery to the jurisdiction in which the indictment, information or complaint is pending. Failure to list the name and address of counsel will be construed to indicate the Inmate's consent to the appointment of counsel by the appropriate court in the receiving state.

| A.  My Counsel is (give name) | Address is: (Street, City, State, Zip Code) |
|---|---|
|  |  |

B.  I request the Court to appoint Counsel. (Inmate's Signature)

210

BP-S238.051 IAD – CERTIFICATE OF INMATE STATUS   CDFRM
February 19 94
U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

| Inmate's Name: LASKER, DOMINIQUE DONTAE | Register No.: 22867-298 | Institution: FCC VICTORVILLE COMPLEX |

Institution Address: **Federal Correctional Complex, P.O. BOX 5400 Adelanto, CA 92301**

The (Custodial Authority) hereby certifies:

1. The term of commitment under which the prisoner above named is being held:
   **121 MONTHS**

2. The Time Already Served:     **1 YEAR 3 MONTHS 4 DAYS**

3. Time Remaining to be Served on the Sentence:   **6 YEARS 6 MONTHS 15 DAYS**

4. The Amount of Good Time Earned: **108**

5. The Date of Parole Eligibility of the Prisoner:

6. The decisions of the U.S. Parole Commission relating to the Prisoner:

7. Maximum expiration date under present sentence: **11-29-2020**

Detainers currently on file against this inmate from your state are as follows:
   **WARRANT No. 11-01-13703, 11-01-13704 AND 11-01-13705**

| Date: | Name and Title of Custodial Authority **Charles E. Samuels Jr.** **Director, Bureau of Prisons** | By: (Chief Executive Officer) **Linda T. McGrew,** **Complex Warden** |
| 1/30/13 | | ⨍ᵖᴿ *(signature)* **D. Wren** **Correctional Systems Specialist** |

Record Copy - State IAD Administrator
Copy - J&C File
Copy - Central File (Sect. 1)
Copy - Prosecuting Official (Mail Certified Return Receipt)
Copy - Clerk of Court (Mail Certified Return Receipt)

211

BP-S239.051   IAD - OFFER TO DELIVER TEMPORARY CUSTODY    CDFRM
February 1994
U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

Date:  January 30, 2013

| To: Prosecuting Officer<br>**ELTON R. MATHIS** | Name and Title (if known)<br>**Criminal District Attorney** | Jurisdiction:<br>**WALLER COUNTY, TX** |
| --- | --- | --- |

And to all other prosecuting officers and courts of jurisdiction listed below from which indictments, information or complaints are pending

Re: (Inmate's Name)                            Register Number
**LASKER, DOMINIQUE DONTAE**
     **22867-298**

Pursuant to the provisions of Article V of the Interstate Agreement on Detainers Act between this state and your state, the undersigned hereby offers to deliver temporary custody of the above-named prisoner to the appropriate authority in your state in order that speedy and efficient prosecution may be had of the indictment, information or complaint which is described in the attached inmate's request dated:
**September 27, 2012**
     The required Certificate of Inmate Status is enclosed. dated: **January 30, 2013**

     If proceedings under Article IV(d) of the Interstate Agreement on Detainers Act are indicated, an explanation is attached.

     Indictments, information or complaints charging the following offenses also are pending against the inmate in your state and you are hereby authorized to transfer the inmate to custody of appropriate authorities in these jurisdictions for purposes of these indictments, information or complaints.

**CAPITAL MURDER**              **DISTRICT COURT OF WALLER COUNTY, TEXAS**
**19.03**                      **506TH JUDICIAL DISTRICT**
**CAPITAL FELONY**

If you do not intend to bring the inmate to trial, will you please inform us as soon as possible? Kindly acknowledge.

| By: (Chief Executive Officer)  Institution & Address: | Name/Title Custodial Authority: |
| --- | --- |
| D. Wren<br>Correctional Systems Specialist | FCC Victorville - USP<br>P.O. Box 5400<br>Adelanto, CA 92301 | Charles E. Samuels Jr.<br>Director<br>Bureau of Prisons |

Linda T. McGrew
Complex Warden

2/2

# CRIMINAL DOCKET

No. 11-01-13703

| Number of Case | STYLE OF CASE | ATTORNEYS | OFFENSE | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | Month | Day | Year |
| 11-01-13703 | THE STATE OF TEXAS vs. | Ellen Mathis State | Capital Murder | 1 | 27 | 11 |
| | Dominique Dontae Lasker | | | Information, Index or Indictment | | |
| | | Defendant | | Fee Book | | |
| | | | | Vol. 8 | | Page |

| Date of Orders | | | ORDERS OF COURT | Minute Book | | WITNESSES |
|---|---|---|---|---|---|---|
| Month | Day | Year | Was Stenographer Used | Vol. | Page | |
| 6 | 4 | 13 | Δ present - Counsel appointed through Regional Public Defender for Capital Cases. | | | |
| 9 | 9 | 13 | Δ present w/counsel Mr. Blazek in courtroom. State appeared through Mr. Mathis. State's motion for continuance was heard together with Defendant's motion to Dismiss. After hearing argument of counsel and considering same, the Court found good cause to grant the State's motion for continuance on the basis of Article IV of the Interstate Detainer's Act. Defense counsel will further brief his motion to Dismiss. State's motion for Incompetency Exam was heard, and the Court heard arguments for and against the same; motion deferred pending further Investigation by the defense. Standard Discovery Order was signed and copies provided to the State and the defense. No further | | | |

CSR: Wiley

STATE OF TEXAS

VS. NO. 11-01-13703

Dominique Dontae Lasker

| Date of Orders | | | ORDERS OF COURT | Minute Book | | PROCESS |
| Month | Day | Year | | Vol. | Page | |
|---|---|---|---|---|---|---|
| 9 | 9 | 13 (cont) | matters being heard, the hearing was adjourned. | | | |
| 11 | 4 | 13 | Δ present w/ counsel Frank Blazek and william F. Carter in courtroom - State appeared through mr. Elton mathis and Mr. Fred Edwards - Discussion was held on scheduling - | | | CSR: Sheila May |
| 2 | 11 | 14 | Δ present w/ counsel Frank Blazek and william F. Carter in courtroom - State appeared through mr. Elton mathis and mr. Fred Edwards - After argument, various stipulations of fact were received in the record; State's Exhibits 1 through 4 were admitted. and, after further discussion, states #5 was admitted. The Court took Defendant's Motion to dismiss under the federal IADA under advisement. Defenses' Motion to suppress was deferred for a later hearing. Current pretrial and trial dates are continued pending further orders of the Court. | | | CSR: R. Wiley |

THE STATE OF TEXAS )(

COUNTY OF WALLER )(


I, PATRICIA JAMES SPADACHENE, Clerk of the District Courts of Waller County, Texas, do hereby certify that the record on Petition for Writ of Mandamus to the Court of Appeals for the First Supreme Judicial District of Texas, Houston, Texas, in Cause 01-14-00630-CR (Count 1)and Waller County Cause No. 11-01-13703, styled IN RE: DOMINIQUE DONTAE LASKER, to which this certification is attached and made a part, comprise a true and correct transcript of all the matters and proceedings had and done in said cause,

GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Hempstead, Texas, this 10th day of September, 2014.


## Pat J. Spadachene

PATRICIA JAMES SPADACHENE
DISTRICT CLERK
WALLER COUNTY, TEXAS

By: _Liz Pirkle_

Liz Pirkle, Deputy



215

# CLERK'S RECORD
## (Petition for Writ of Mandamus)
First Court of Appeals
Court of Appeals No. 01-14-00630-CR (Count 2)
Trial Court Cause No 11-01-13704
In the 506th District Court
Of Waller County, Texas
Hon. Albert M. McCaig, Jr.

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
9/10/2014 11:28:00 AM
CHRISTOPHER A. PRINE
Clerk

## IN RE:
## DOMINIQUE DONTAE LASKER

Appealed to the
Court of Appeals for the FIRST District of Texas, at Houston, Texas

| | |
|---|---|
| Relator | DOMINIQUE DONTAE LASKER |
| Attorneys for Relator | Frank Blazek |
| | 1414 11th Street |
| | Huntsville, Texas 77340 |
| | Tel: (936)295-2624 |
| | SBOT No.: 02475500 |
| | |
| | William F. Carter |
| | 108 E. William J. Bryan Parkway |
| | Bryan, Texas 77803-5334 |
| | Tel: (979)779-0712 |
| | SBOT No.: 03932800 |
| Real Party In Interest | The State of Texas |
| Attorney for State of Texas/ Real Party In Interest | Elton Mathis |
| | Waller County District Attorney |
| | 645 12th Street |
| | Hempstead, Texas 77445 |
| | Phone: (979) 826-7718 |
| | SBOT No. 24014568 |
| Court: | 506th Judicial District Court |
| Judge: | Hon. Albert M. McCaig, Jr. |

Court Reporter:                    Robyn Wiley
                                   836 Austin Street, Rm 307
                                   Hempstead, Texas 77445
                                   (979) 921-0921

---

Delivered to the First Court of Appeals
For the State of Texas
301 Fannin Street
Houston, Texas 77002
The 10th day of September, 2014

**PATRICIA J. SPADACHENE**
**DISTRICT CLERK OF**
**WALLER COUNTY, TEXAS**

**By:** _____ **, Deputy**

---

*Appellate Court Cause No. 01-14-00630-CR (Count 2)*
*Filed in the First Court of Appeals at Houston, Texas*
*This the _____ day of _____, 2014.*

*By _____, Deputy*

| | | |
|---|---|---|
| **IN RE** | § | **IN THE COURT OF APPEALS** |
| | § | |
| | § | **FIRST DISTRICT** |
| | § | |
| **DOMINIQUE DONTAE LASKER** | § | **HOUSTON, TEXAS** |

**PETITION FOR WRIT OF MANDAMUS**
**CLERK'S RECORD, VOL. 1 OF 1**
**(COUNT 2)**

*INDEX*

| *VOLUME* | | *PAGE* |
|---|---|---|
| *Caption* | | *1* |
| *Indictment* | *Filed 01/27/2011* | *2* |
| *Notice of Place of Imprisonment And Request for Speedy Trial And Final Disposition* | *Filed 07/16/2012* | *3* |
| *Notice of Demand to District Attorney/Prosecutor for Trial or Disposition of Warrants, Informations, Detainers or Indictments by Federal Prisoner* | *Dated 07/02/2012* | *6* |
| *Motion to Dismiss for Denial of Constitutional Rights of Due Process and Right to Speedy Trial* | *Dated 12/13/2012* | *8* |
| *Letter to Elton R. Mathis, D.A., From U.S. Dept. of Justice Federal Bureau of Prisions Federal Correctional Complex* | *Filed 02/08/2013* | *15* |

*Defendant's Pro Se Motion to*
*Dismiss the Indictment or Information*
*Herein, or in the Alternative,*
*Defendant's Pro Se Motion for*
*Appointment of Counsel at*
*Public Expense*                          *Filed 04/10/2013*                        *23*

*Scheduling Order – Criminal*        *Dated 05/24/2013*                      *29*

*Waller County Magistrate's*
*Admonishment form Warning of*
*Constitutional Rights*                    *Dated 05/24/2013*                      *30*

*Returned Capias Instanter*           *Filed 05/28/2013*                        *32*

*Returned Served Precept to Serve*
*Copy of Indictment*                      *Filed 05/28/2013*                        *33*

*Order Appointing Counsel*           *Signed 06/04/2013*                     *34*

*Order Appointing Counsel*           *Signed 06/06/2013*                     *35*

*Defendant's Waiver of*
*Arraignment and Entry of*
*Plea of Not Guilty*                        *Filed 07/15/2013*                        *36*

*Motion for Appointment of*
*Attorney as Co-Defense Counsel*  *Filed 07/15/2013*                        *38*

*Order Appointing Attorney*          *Signed 07/18/2013*                     *40*

*State's Motion for Discovery of*
*Expert Witnesses*                         *Filed 08/30/2013*                        *41*

*State's First Motion for Continuance Filed 08/30/2013*                        *44*

*State's Motion for Competency*
*Examination*                                *Filed 08/30/2013*                        *51*

*State's First Motion for*
*Continuance*                               *Filed 08/30/2013*                        *54*

State's Motion for Competency
Examination                          Filed 08/30/2013                     61

State's Motion for Discovery of
Expert Witnesses                     Filed 08/30/2013                     63

Motion to Dismiss                    Filed 09/09/2013                     65

Motion for Disclosure of
Favorable Evidence                   Filed 09/09/2013                     69

Standard Discovery Order             Signed 09/09/2013                    73

Scheduling Order – Criminal          Dated 09/09/2013                     74

First Amended Motion to Dismiss      Filed 10/30/2013                     75

Scheduling Order – Criminal          Dated 11/04/2013                     78

Letter from Defendant to Court       Filed 11/08/2013                     79

Copy of Letter from D.A. to Mr.
Blazek including Attachments         Filed 11/18/2013                     83

Scheduling Order – Criminal          Dated 01/08/2014                     134

Defendant's First Motion for
Continuance                          Filed 01/21/2014                     135

Order                                Signed 01/21/2014                    139

Motion to Suppress Confession        Filed 02/10/2014                     140

Notice of Preferential Trial
Setting                              Dated 04/04/2014                     144

Scheduling Order – Criminal          Dated 04/04/2014                     145

Agreed Motion for Transcription
Of Pretrial Hearings                 Dated 04/09/2014                     146

Order                                Signed 04/09/2014                    148

Order (Motion to Dismiss)            Signed 07/02/2014                    149

*Motion to Dismiss for Violation*
*Of the Interstate Agreement*
*On Detainers*        *Filed 07/14/2014*        *150*

*Order*        *Signed 07/15/2014*        *154*

*Attorney Fee Voucher*        *Signed 07/15/2014*        *155*

*Notice to Prepare Reporters Record* *Filed 09/03/2014*        *162*

*Designation of Items to be*
*Included in the Record*        *Filed 09/03/2014*        *164*

*State's Response to Defendant's*
*Motion to Dismiss*        *Filed 09/04/2014*        *166*

*Court's Docket Sheet*        *210*

*Certification*        *212*

*THE STATE OF TEXAS*

*COUNTY OF WALLER*

*In the 506th Judicial District Court of Waller County, Texas, the Honorable Albert M. McCaig, Jr., presiding, the following proceedings were held and the following instruments and other papers were filed in this cause, to wit:*

1st COURT OF APPEAL NO. 01-14-00630-CR (Count 2)
***TRIAL COURT CAUSE NO. 11-01-13704***

**CLERK'S RECORD**

**VOLUME 1OF 1**

| | | |
|---|---|---|
| **IN RE** | § | **IN THE COURT OF APPEALS** |
| | § | |
| | § | **FIRST DISTRICT** |
| | § | |
| **DOMINIQUE DONTAE LASKER** | § | **HOUSTON, TEXAS** |

*l*

NO. *11-01-13704*

THE STATE OF TEXAS

VS.

DOMINIQUE DONTAE LASKER
B/M         DOB: 03/21/1984

Charge: MURDER
Section: 19.02
Degree: FIRST DEGREE FELONY

IN THE DISTRICT COURT OF

WALLER COUNTY, TEXAS

*506th* JUDICIAL DISTRICT

Filed
AT 1:05 O'Clock P M
PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS
BY
DEPUTY
1-27-11

## INDICTMENT

**IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS;**

The Grand Jury for the County of Waller and the State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the January term, A.D. 2011 of the 506th Judicial District Court of said County, upon their oaths present in and to said Court at said term that DOMINIQUE DONTAE LASKER, hereinafter styled Defendant, on or about the 11TH day of MARCH, 2010, and before the presentment of this indictment, in Waller County, Texas, did then and there intentionally or knowingly cause the death of an individual, namely, Stanley Ray Jackson, by shooting Stanley Ray Jackson with a firearm.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Foreman of the Grand Jury

2

IN THE ___District___ COURT OF ___Waller___ COUNTY

FOR THE STATE OF ___Texas___ [ 506 District]

| | | |
|---|---|---|
| Waller County Sheriffs, | ) | NOTICE OF PLACE OF IMPRISONMENT AND |
| **Plaintiff,** | ) | REQUEST FOR SPEEDY TRIAL AND FINAL |
| | ) | DISPOSITION...Pursuant to ......... |
| v. | ) | ( Tex.Code Crim.Proc. Ann.Art. 51.14 ) |
| | ) | ( Constitution, Art. VI, § 10 ) |
| | ) | |
| Dominique Dontae Lasker, | ) | CASE NO. 11-01-13703 979-826-8282 |
| **Defendant.** | ) | 11-01-13704 979-826-8282 |
| | | 11-01-13705 979-826-8282 |

Notice is hereby given that the above-named Defendant, Dominique Dontae Lasker , is currently a federal prisoner in the custody of the United States Attorney General, and is incarcerated at the Victorville Federal Correctional Complex located in Adelanto, California. Defendant would further show:

1. The defendant is serving an approximate term of __121__ months of imprisonment from a judgment imposed by the United District Court for the __Southern__ District of __California__, on __December__, __16__, __2011__. Defendant has a projected release date from federal custody on __August__, __13__, 20 __19__. (see attached sentencing computation/data sheet).

2. The defendant has been advised that there are, or may be, outstanding citations, warrants, informations, charges, and/or complaints pending in this jurisdiction. Specifically:

1). Capital Murder Charges...Warrant # 11-01-13703 979-826-8282

2). Capital Murder Charges...Warrant # 11-01-13704 979-826-8282

3). Capital Murder Charges...Warrant # 11-01-13705 979-826-8282

3. The defendant moves this Court to order he be brought for trial, and that prosecuting authorities arrange temporary custody under the appropriate provisions for Interstate Agreement on Detainers. The Defendant further requests in an absence of availability of trial, an *in absentia* resolution be arranged.

4. This Motion is based upon the Defendant's Sixth Amendment speedy trial guarentee that is binding on the states through the Due Process Clause of the Fourteenth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 222-223 (1967). A state is responsible for a defendant's speedy trial rights, even where a defendant is held in federal prison. see: *Smith v Hooey*, 393 U.S. 374 (1969). This notice would further trigger defendant's request under the Interstate Agreement on Detainers. see: *Fex v. Michigan*, 507 U.S. 43, 113 S.Ct. 1088, 122 L.Ed.2d 406 (1993).

WHEREFORE, the defendant prays that the Court initiate all needed and necessary orders and actions required to resolve this matter by trial or settlement *in abstentia*, including an order for the district attorney/prosecutor to seek temporary custody from federal authorities under IAD provisions, and the dismissal of any outstanding citations, warrants, informations, charges, and/or complaints presently pending in this jurisdiction, within a reasonable period of time not

*Put District Attorneys Add(s) down here !*

Respectfully Submitted,

Dated: ~~2012~~ / 07 / 03

Dominique Dontae Las
Reg. No. 22867-298
United States Penitentiary
Victorville FCC
PO Box ~~XXXX~~ 3900
Adelanto, CA 92031

## CERTIFCATE OF SERVICE

I hereby certify that a copy of this document was mailed to the office of the district attorney/ prosecutor for this jurisdiction, addressed as below.:

*District Attorney*
*846 6th Street Suite 1*
*Hempstead TX, 77445*

Date: ~~2012~~ / 07 / 3

Mr. Dominique Dontae Lasker

2

VIP Law Library Forms/NoticeSpeedyTrial-Detainer (Rev. 9/11)

4

# CERTIFICATE OF SERVICE

I, ___Dominique Dontae Lasker___, hereby certify that I have served a true and complete copy of the following: Notice of place of imprisonment and request for speedy trial and final disposition...pursuant to: Tex. Code. Crim. Proc. Ann. Art. 51.14, and Tex. Constitution, Art. VI, § 10

By placing the same in the care and custody of prison officials of the United States Penitentiary, Victorville USP/FCC, at Adelanto, California, on this __16__ day of ___January___, 20 __12__, with sufficient postage affixed. It would be noted that this service would be deemed filed at the time it was delivered to prison authorities for forwarding to the court. see: *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). This service was addressed to the following party or parties:

1). District Court, 506th District
Attn: Patricia Spadachene, District Clerk
Waller County Courthouse
836 Austin Ct., Room 318
Heapstead, TX 77445-4673

2). District Attorney/Prosecutors
OFFICE
FOR WALLER COUNTY

___846 6th Street Suite 1___
___Hempstead TX, 77445___

Dominique Dontae Lasker
Reg. No. 22867-298
United States Penitentiary
Victorville FCC
PO Box 5300
Adelanto, CA 92301

# NOTICE AND DEMAND TO DISTRICT ATTORNEY/PROSECUTOR
# FOR TRIAL OR DISPOSITION OF WARRANTS, INFORMATIONS, DETAINERS OR
# INDICTMENTS BY FEDERAL PRISONER

TO: Office of District Attorney

846 6th Street Suite 1

Hempstead TX 77445

FROM: Dominique Dontae Lasker
Reg. No. 22867-298
United States Penitentiary
Victorville FCC
PO Box XXX 3900
Adelanto, CA 92301

Dear Sir/Madam:

1. I have been informed that I have the following outstanding warrant(s), indictment(s), or complaint(s) under the following case numbers, issuing from your jurisdiction:

| Capital Murder Charge | # 11-01-13703 979-826-8282 |
| Capital Murder Charge | # 11-01-13704 979-826-8282 |
| Capital Murder Charge | # 11-01-13705 979-826-8282 |
| | # |

2. I am presently a federal prisoner in the custody of the United States Attorney General, incarcerated at the Victorville Federal Correctional Complex, located in Adelanto, California.

3. I was sentenced in the United States District Court for the __Southern__ District of __California__, to a term of __121__ months. My current projected release date from federal custody is __August__, __13__, 20 __19__, as found in the attached BOP documentation (see Sentence Monitoring/Data Computation printout).

4. The outstanding charges pending from this jurisdiction adversely affect the conditions of my incarceration, and do not allow my participation in certain rehabilitative programs. I remain in a higher security classification category and the delay in prosecution prejudices my defense against these outstanding charges.

5. I have provided this communication to invoke the statutes, rules and procedures of this State for speedy trial and disposition of untried warrants, indictments and complaints. Based upon these provisions I would demand a speedy trial or disposition within one-hundred and twenty (120) days, on any and all criminal actions in your jurisdiction and/or alternatively, that you submit request for temporary custody to the federal bureau of prison authorities, pursuant to the requirements of applicable statutes for Interstate Agreement on Detainers ("IAD").

Cordially,

Dated: 2012/07/12 _ChammuckHamhk_

Authorizated by the Act of July 7, 1955, as amended, to administer oaths (18 U.S.C. § 4004).

REQUESTOR
Dominique Dontae Lasker

_____
WITNESS-PRISON STAFF MEMBER

COPIES: ORIGINAL TO DISTRICT ATTORNEY, AND KEEP COPY FOR OWN RECORDS TO BE USED WITH REQUEST TO COURT FOR DISMISSAL. ALSO: INCLUDE DOCUMENTATION FROM THE CASE MANAGER/RECORDS REGARDING THE WARRANT/DETAINER AND IF POSSIBLE YOUR SENTENCE MONITORING/DATA COMPUTATION PRINTOUT SHOWING YOUR PROJECTED RELEASE DATE

VIP Law Library Forms/NoticeSpeedyTrial-Detainer (Rev. 9/11)

REGNO...: 22867-298   NAME: LASKER, DOMINIQUE DONTAE
ARS 1...: VIP A-DES                              PLRA
COMPUTATION NUMBER..: 010                 PRT   ACT DT:
LAST UPDATED:  DATE.: 12-30-2011    FACL..: DSC    CALC: AUTOMATIC
UNIT................: 6 A           QUARTERS............: F61-119L
DATE COMP BEGINS....: 12-16-2011    COMP STATUS.........: COMPLETE
TOTAL JAIL CREDIT...: 412           TOTAL INOP TIME.....: 0
CURRENT REL DT......: 10-06-2020 TUE  EXPIRES FULL TERM DT: 11-29-2020
PROJ SATISFACT DT...: 08-13-2019 TUE  PROJ SATISF METHOD..: GCT REL
ACTUAL SATISFACT DT.:               ACTUAL SATISF METHOD:
DAYS REMAINING......:               FINAL PUBLC LAW DAYS:
GED PART STATUS.....:               DEPORT ORDER DATED..:


-------------------------GOOD CONDUCT TIME AMOUNTS-------------------------

| START DATE | STOP DATE | MAX DIS | POSSIBLE TO FFT | ACTUAL TOTALS DIS | FFT | VESTED AMOUNT | VESTED DATE |
|---|---|---|---|---|---|---|---|
| 10-31-2010 | 10-30-2011 | 54 | 54 | | | | |
| 10-31-2011 | 10-30-2012 | 54 | | | | | |
| 10-31-2012 | 10-30-2013 | 54 | | | | | |
| 10-31-2013 | 10-30-2014 | 54 | | | | | |
| 10-31-2014 | 10-30-2015 | 54 | | | | | |
| 10-31-2015 | 10-30-2016 | 54 | | | | | |
| 10-31-2016 | 10-30-2017 | 54 | | | | | |
| 10-31-2017 | 10-30-2018 | 54 | | | | | |
| 10-31-2018 | 08-13-2019 | 42 | | | | | |

        TOTAL EARNED AMOUNT..........................................:      54
        TOTAL EARNED AND PROJECTED AMOUNT............................:     474


G0005     TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

7

MOTION TO DISMISS FOR DENIAL OF
CONSTITUTIONAL RIGHTS OF DUE PROCESS AND RIGHT TO SPEEDY
TRIAL

THE DEFENDANT, IN PROPRIA PERSONA, MOVES THE COURT TO
ORDER THAT THIS CAUSE BE DISMISSED PURSUANT TO THE PROVISIONS
OF THE SPEEDY TRIAL ACT OF 1974(18 U.S.C. 3161-3174).

THE GROUNDS FOR THE MOTION ARE THAT THE DEFENDANTS
DUE PROCESS right UNDER THE FOURTEENTH AMENDMENT TO THE
UNITED STATES CONSTITUTION TO PROMPT INITIATION OF THE
PROSECUTION, THE DEFENDANT'S RIGHT TO A SPEEDY TRIAL UNDER
THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION HAVE
ALL BEEN DENIED BY THE GOVERNMENT'S DELIBERATE AND PERSISTENT
PATTERN OF oppressive AND PREJUDICIAL DELAYS IN THIS ACTION,
ALL OFF WHICH HAVE COMBINED TO PREVENT THE DEFENDANT FROM
ADEQUATELY PREPARING A DEFENSE AGAINST CHARGES.

THE RIGHT TO A SPEEDY TRIAL WAS DECLARED
"FUNDAMENTAL" AND IMPOSED ON THE STATES BY THE DUE PROCESS
CLAUSE OF THE FOURTEENTH AMENDMENT IN KLOPFER V. NORTH
CAROLINA 386 U.S. 213,222-223

1.THE DEFENDANT IS SERVING A SENTENCE OF 121 MONTHS,
IN THE UNITED STATES PENITENTIARY AT VICTORVILLE FEDERAL
CORRECTION COMPLEX, SAN BERNADINO COUNTY, AT ADELANTO,
CALIFORNIA, WITH PROJECTED RELEASE DATE: AUG 13,2019

THE DEFENDANT HAS PENDING CHARGE(S), WARRANT(S)

8

INDICTMENT(S) OR COMPLAINT(S) IN THIS JURISDICTION, WHICH DO NOT INVOLVE EITHER PENDING PROBATION OR PAROLE VIOLATIONS AND MORE SPECIFICALLY ARE:

1. CAPITAL MURDER 11-01-13703

2. CAPITAL MURDER 11-01-13704

3. CAPITAL MURDER 11-01-13705

3. THE DEFENDANT HAS DEMANDED A SPEEDY TRIAL ON OR ABOUT JULY 07 2012, ALL TO NO AVAIL. DEFFENDANT SERVED A NOTICE AND DEMAND FOR SPEEDY TRIAL OR FINAL DISPOSITION, PURSUANT TO TEX. CODE CRIM.PROC.ANN.ART.51.14

CONSTITUTION, ART 6 SEC 10 VIA FORM, ON THE OFFICE OF DISTRICT ATTORNEY. AT THE TIME OF NOTICE UPON THE DISTRICT ATTORNEY THE DEFENDANT PROVIDED A NOTICE WITH THIS COURT CONCERNING THE OUTSTANDING CHARGES, WARRANTS OR COMPLAINTS.

4. ADDITIONALLY THIS ACTION MAY BE CONSTRUED AS AN INTERSTATE AGREEMENT ON DETAINER REQUEST, AND SO DOING, THE DISTRICT ATTORNEY AFTER NOTICE HAS MADE NO EFFORT TO RESOLVE THE MATTER.

5. BASED THEREON, VIRTUALLY ALL LEGISLATURES HAVE ESTABLISHED STATUES DURING WHICH THE TRIAL OF A DEFENDANT MAY OR MAY NOT BE COMMENCED (TEX.CRIM.PROC.CODE.ANN ART 12.01 ET SEQ).

6. MORE THAN 120 DAYS HAVE ELAPSED, WITH NO ACTION BEING TAKEN BY THE DISTRICT ATTORNEY'S OFFICE. THE DEFENDANT MAKES CLEAR INDICATION THAT HE HAS BEEN PREJUDICED

9

BY DELAY IN THIS CASE AND FURTHER THAT HIS PRESENT

INCARCERATION HAVE BEEN ADVERSELY AFFECTED. THE SUPREME COURT

STATED THAT THE ONLY POSSIBLE REMEDY FOR THE DENIAL OF AN

ACCUSED'S RIGHT OF SPEEDY TRIAL UNDER THE FEDERAL

CONSTITUTIONS SIXTH AMENDMENT WAS DISMISSAL OF THE

INDICTMENT. PURSUANT  TO 18 U.S.C. PENAL CODE 3161, THIS

COURT HAS THE AUTHORITY TO DISMISS THIS CASE WITH PREJUDICE.


RESPECTFULLY SUBMITTED


DATE: 2012/12/13

DOMINIQUE D LASKER

DATE: 13 Dec 2012

STAFF


SUBSCRIBED AND SWORN BEFORE ME
THIS 13 DAY Dec 20 12
FEDERAL CORRECTIONAL COMPLEX, VICTORVILLE, CA
SAN BERNARDINO COUNTY

CASE MANAGER
AUTHORIZED BY ACT OF CONGRESS JULY 7, 1955
TO ADMINISTER OATHS
(TITLE 18, U.S.C. SECTION 4004)

10

IN THE __District__ COURT OF __Waller__ COUNTY

FOR THE STATE OF __Texas__ [ __506__ District]

| | | |
|---|---|---|
| <u>Waller County Sheriffs</u>, | ) | NOTICE OF PLACE OF IMPRISONMENT AND |
| **Plaintiff,** | ) | REQUEST FOR SPEEDY TRIAL AND FINAL |
| | ) | DISPOSITION...Pursuant to ........ |
| v. | ) | ( <u>Tex.Code Crim.Proc. Ann.Art. 51.14</u> ) |
| | ) | ( <u>Constitution, Art. VI, § 10</u> ) |
| | ) | |
| <u>Dominique Dontae Lasker</u> | ) | CASE NO. <u>11-01-13703 979-826-8282</u> |
| **Defendant.** | ) | <u>11-01-13704 979-826-8282</u> |
| | | <u>11-01-13705 979-826-8282</u> |

Notice is hereby given that the above-named Defendant, Dominique Dontae Lasker , is currently a federal prisoner in the custody of the United States Attorney General, and is incarcerated at the Victorville Federal Correctional Complex located in Adelanto, California. Defendant would further show:

1. The defendant is serving an approximate term of __121__ months of imprisonment from a judgment imposed by the United District Court for the __Southern__ District of __California__, on __December__, __16__, __2011__. Defendant has a projected release date from federal custody on __August__, __13__, 20 __19__. (see attached sentencing computation/data sheet).

2. The defendant has been advised that there are, or may be, outstanding citations, warrants, informations, charges, and/or complaints pending in this jurisdiction. Specifically:

1). Capital Murder Charges...Warrant # 11-01-13703 979-826-8282

2). Capital Murder Charges...Warrant # 11-01-13704 979-826-8282

3). Capital Murder Charges...Warrant # 11-01-13705 979-826-8282 .

3. The defendant moves this Court to order he be brought for trial, and that prosecuting authorities arrange temporary custody under the appropriate provisions for Interstate Agreement on Detainers. The Defendant further requests in an absence of availability of trial, an *in abstentia* resolution be arranged.

VIP Law Library Forms/NoticeSpeedyTrial-Detainer (Rev 9/11)

/|

4. This Motion is based upon the Defendant's Sixth Amendment speedy trial guarentee that is binding on the states through the Due Process Clause of the Fourteenth Amendment. *Klopfer v. North* 18 Led 2d 1,87    173 Led 2d 1315 *Carolina*, 386 U.S. 213, 222-223 (1967). A state is responsible for a defendant's speedy trial rights, even where a defendant is held in federal prison. see: *Smith v Hooey*, 393 U.S. 374 (1969). This notice would further trigger defendant's request under the Interstate Agreement on Detainers. see: *Fex v. Michigan*, 507 U.S. 43, 113 S.Ct. 1088, 122 L.Ed.2d 406 (1993).

WHEREFORE, the defendant prays that the Court initiate all needed and necessary orders and actions required to resolve this matter by trial or settlement *in abstentia*, including an order for the district attorney/prosecutor to seek temporary custody from federal authorities under IAD provisions, and the dismissal of any outstanding citations, warrants, informations, charges, and/or complaint presently pending in this jurisdiction, within a reasonable period of time not

Respectfully Submitted,

Dated: ~~2018/07/03~~

_____
Dominique Dontae La:
Reg. No. 22867-298
United States Penitentiary
Victorville FCC
PO Box ~~5900~~ 3900
Adelanto, CA 92031

## CERTIFCATE OF SERVICE

I hereby certify that a copy of this document was mailed to the office of the district attorney/ prosecutor for this jurisdiction, addressed as below.:

District Attorney
846 6th Street Suite 1
Hempstead TX, 77445

Date: ~~2018/07/3~~

_____
Mr. Dominique Dontae Lasker

2

12

# NOTICE AND DEMAND TO DISTRICT ATTORNEY/PROSECUTOR
## FOR TRIAL OR DISPOSITION OF WARRANTS, INFORMATIONS, DETAINERS OR
## INDICTMENTS BY FEDERAL PRISONER

TO: Office of District Attorney

846 6th Street Suite 1

Hempstead TX 77445

FROM: Dominique Dontae Lasker
Reg. No. 22867-298
United States Penitentiary
Victorville FCC
PO Box XXX 3900
Adelanto, CA 92301

Dear Sir/Madam:

1. I have been informed that I have the following outstanding warrant(s), indictment(s), or complaint(s) under the following case numbers, issuing from your jurisdiction:

| | |
|---|---|
| Capital Murder Charge | # 11-01-13703 979-826-8282 |
| Capital Murder Charge | # 11-01-13704 979-826-8282 |
| Capital Murder Charge | # 11-01-13705 979-826-8282 |
| | # |

2. I am presently a federal prisoner in the custody of the United States Attorney General, incarcerated at the Victorville Federal Correctional Complex, located in Adelanto, California.

3. I was sentenced in the United States District Court for the __Southern__ District of __California__, to a term of __121__ months. My current projected release date from federal custody is __August__, __13__, 20 __19__, as found in the attached BOP documentation (see Sentence Monitoring/Data Computation printout).

4. The outstanding charges pending from this jurisdiction adversely affect the conditions of my incarceration, and do not allow my participation in certain rehabilitative programs. I remain in a higher security classification category and the delay in prosecution prejudices my defense against these outstanding charges.

5. I have provided this communication to invoke the statutes, rules and procedures of this State for speedy trial and disposition of untried warrants, indictments and complaints. Based upon these provisions I would demand a speedy trial or disposition within one-hundred and twenty (120) days, on any and all criminal actions in your jurisdiction and/or alternatively, that you submit request for temporary custody to the federal bureau of prison authorities, pursuant to the requirements of applicable statutes for Interstate Agreement on Detainers ("IAD").

Cordially,

Dated: _____

Authorizated by the Act of
July 7, 1955, as amended,
to administer oaths (18
U.S.C. § 4004).

REQUESTOR
Mr. Dominique Dontae Lasker

WITNESS-PRISON STAFF MEMBER

COPIES: ORIGINAL TO DISTRICT ATTORNEY, AND KEEP COPY FOR OWN RECORDS TO BE USED WITH REQUEST TO COURT FOR DISMISSAL. ALSO: INCLUDE DOCUMENTATION FROM THE CASE MANAGER RECORDS REGARDING THE WARRANT DETAINER AND IF POSSIBLE YOUR SENTENCE MONITORING/DATA COMPUTATION PRINTOUT SHOWING YOUR PROJECTED RELEASE DATE

13

BP-4258

# CERTIFICATE OF SERVICE

I, __Dominique Dontae Lasker__, hereby certify that I have served a true and complete copy of the following: Notice of place of imprisonment and request for speedy trial and final disposition...pursuant to: Tex. Code. Crim. Proc. Ann. Art. 51.14, and Tex. Constitution, Art. VI, § 10

By placing the same in the care and custody of prison officials of the United States Penitentiary, Victorville USP/FCC, at Adelanto, California, on this _16_ day of ____January____, 20 _12_, with sufficient postage affixed. It would be noted that this service would be deemed filed at the time it was delivered to prison authorities for forwarding to the court. see: *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). This service was addressed to the following party or parties:

1). District Court, 506th District
Attn: Patricia Spadachene, District Clerk
Waller County Courthouse
836 Austin Ct., Room 318
Heapstead, TX 77445-4673

2). District Attorney/Prosecutors
OFFICE
FOR WALLER COUNTY

____846 6th Street Suite 1____

____Hempstead TX, 77445____

Dominique Dontae Lasker
Reg. No. 22867-298
United States Penitentiary
Victorville FCC
PO Box 5300
Adelanto, CA 92301

U.S. Courthouse
515 Rusk Street
Houston TX, 77002

14





**U.S. Department of Justice**

**Federal Bureau of Prisons**

**Federal Correctional Complex**

Office of the Correctional Systems

*Victorville, California*

January 31, 2013

Office of the District Attorney

Elton R. Mathis, Criminal District Attorney
Waller County
506th Judicial District
645 12th Street
Hempstead, Texas 77445

Re: Lasker, Dominique Dontae
    Register Number 22867-289280
    STATE CASE/REFERENCE NO. 11-01-13703; 11-01-13704; 11-01-13705

Dear Mr. Mathis:

In response to your request for temporary custody pursuant to the
Interstate Agreement on Detainers Act (IADA), applicable forms are
enclosed.

Please be advised subject has been notified of your request and has been
afforded a 30-day period in which to contact the Warden of this
institution as to any reasons why he should not be
produced in your State pursuant to the Agreement.

 X  The inmate has waived this 30-day period.  You may contact
this facility directly to arrange for temporary custody.

___ The inmate has elected this 30-day period, provided  under
Article IV(a), which expires on (___DATE___).   Any court proceedings
must occur after this date.

Please remit to this office the original completed Form VI,
"Evidence of Agent's Authority to Act for Receiving State" (BP-A564)
and originals of the IAD Form V (BP-568) and IAD FormVI (BP-565).
The persons designated as agents to return the prisoner to your
State must also be the persons whose signatures appear on the Form
VI.  Naming alternative agents would be advisable in case your
primary agents cannot make the trip.  The alternate agents'
signatures should also appear on the Form VI.  Also be advised that
the designated agents must have in their possession a copy of the
warrant when assuming custody of the prisoner.

*15*

Page Two
RE: Lasker, Dominique Dontae
    Register No. 22867-289

Inmates who are temporarily transferred pursuant to the IAD remain under the primary jurisdiction of Federal authorities. Should you accept temporary custody of this inmate, we wish to remind you that under Article V(e) of the IADA, you are required to return the above-named inmate to this institution after prosecution on all pending charges.

While this inmate is in your temporary custody, he/she will be held in a suitable jail that meets the level of security required by the Bureau of Prisons. In addition, security requirements for the inmate must be met. Two law enforcement escort officers, handcuffs, martin chains and leg irons are required. Contract Guard Services are not allowed.

Any problems associated with this inmate must be reported to the individual listed below. This inmate may not be released on bail or bond or any other agency while in your custody. Additionally, this inmate is not to be committed to a state correctional institution for service of any state sentence(s) that may be imposed because of your prosecution.

To help us with processing, please fill out the enclosed certification form and return to us before scheduling a date for assuming custody. Before making scheduling arrangements, please contact this individual below to ensure all required paperwork and approvals have been met.

If you have any questions on this matter, please call: D. Wren, Supervisory Correctional Systems Specialist at 760-530-5748.

Sincerely

Linda T. McGrew, Warden

/s/ D.
Wren, SCSS

Enclosures:   BP-Forms A235, A236, A238, A239
              BP-A565, IAD/State Writ - Prosecutor's Certification Form

cc:   Clerk of Court
      State IADA Administrator

16

**U.S. DEPARTMENT OF JUSTICE**                                      **FEDERAL BUREAU OF PRISONS**

| INMATE NAME: | REGISTER NUMBER: | INSTITUTION: |
|---|---|---|
| LASKER, DOMINIQUE DONTAE | 22867-298 | FCC VICTORVILLE COMPLEX |

Pursuant to the Interstate Agreement on Detainers Act, you are hereby informed that the following are the untried indictments, information, or complaints against you concerning which the undersigned has knowledge, and the source and contents of each:  **WALLER COUNTY SHERIFF'S OFFICE. CAPITOL MURDER CAUSE #11-01-13703, 11-01-13704 AND 11-01-13705.**

You are hereby further advised that the provisions of said Agreement you have the right to request the appropriate prosecuting officer of the jurisdiction in which any such indictment, information or complaint is pending and the appropriate court that a final disposition be made thereof. You shall then be brought to trial within 180 days, unless extended pursuant to provisions of the Agreement, after you have caused to be delivered to said prosecuting officer and said court written notice of the place of your imprisonment and your said request, together with a certificate of the custodial authority as more fully set forth in said Agreement. However, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

Your request for final disposition will operate as a request for final disposition of all untried indictments, information or complaints on the basis of which detainers have been lodged against you from the state to whose prosecuting official your request for final disposition is specifically directed. Your request will also be deemed to be a waiver of extradition with respect to any charge or proceedings contemplated thereby or there imposed upon you, after completion of your term of imprisonment in this state. Your request will also constitute a consent by you to the production of your body in any court where your presence may be required in order to effectuate the purposes of the Agreement on Detainer and a further consent voluntarily to be returned to the institution in which you are now confined.

Should you desire such a request for final disposition of any untried indictment, information or complaint, you are to notify the Inmate Systems Manager of the institution in which you are now confined.

You are also advised that under provisions of said Agreement the prosecuting officer of a jurisdiction in which any such indictment, information or complaint is pending may oppose the request that you be delivered to such prosecuting officer or court. You may request the Warden to disapprove any such request for your temporary custody but you cannot oppose delivery on the ground that the Warden has not affirmatively consented to or ordered such delivery.

| DATE: | NAME AND TITLE OF CUSTODIAL AUTHORITY | Linda T. McGrew, Complex Warden |
|---|---|---|
| August 31, 2012 | Charles E Samuels Jr. Director, Bureau of Prisons | BY: D. Wren, Correctional Systems Specialist |

| DATED: | INMATE SIGNATURE |
|---|---|
| ꜰꝋ\ᴸ/ꝋꝶ/ᴅꞭ | |

Original    Inmate
Copy:       J&C File
            Central file

*/7*

BP-S236.051 **IAD – PLACEMENT OF IMPRISONMENT**   CDFRM

FEB 94
U.S. DEPARTMENT OF JUSTICE

FEDERAL BUREAU OF PRISONS

| To: Prosecuting Officer<br>  ELTON R. MATHIS | Jurisdiction:<br>WALLER COUNTY, TX |
|---|---|
| Court:<br>  506th JUDICIAL DISTRICT | Jurisdiction:<br>WALLER COUNTY, TX |

And to all other prosecuting officers and courts of jurisdiction listed below from which indictments, information or complaints are pending, you are hereby notified that the undersigned is now imprisoned in:

Institution:

Federal Correctional Complex - United States Penitentiary  P.O. Box 5400, Victorville, CA 92301

And I hereby request that a final disposition be made of the following indictments, information or complaints now pending against me:  **WARRANT No. 11-01-13703, 11-01-13704 and 11-01-13705**
**CAPITAL MURDER SECTION: 19.03 DEGREE: CAPITAL FELONY**

Failure to take action in accordance with the Interstate Agreement on Detainers Act, to which your state is committed by Law, will result in the invalidation of the indictments, information or complaints.

I hereby agree that this request will operate as a request for final disposition of all untried indictments, information or complaints on the basis of which detainers have been lodged against me from your state. I also agree that this request shall be deemed to be my waiver of extradition with respect to any charge or proceedings contemplated hereby or included herein, and a waiver of extradition to your state to serve any sentence there imposed upon me, after completion of my term of imprisonment in this state. I also agree that this request shall constitute a consent by me to the production of my body in any court where my presence may be required in order to effectuate the purposes of the Interstate Agreement on Detainers Act and a further consent voluntarily to be returned to the institution in which I now am confined.

If jurisdiction over this matter is properly in another agency, court or officer, please designate the proper agency, court or officer and return this form to the sender.

Forms BP-S238(51), Certificate of Inmate Status, and BP-S239(51), Offer of To Deliver Temporary Custody, are attached.
Dated:

Inmate's Name and Register No.:

**January 30, 2013**

**LASKER, DOMINIQUE DONTAE**
**Federal Register: 22867-298**

The inmate must indicate below whether he has counsel or wishes the court in the receiving state to appoint counsel for purposes of any proceedings preliminary to trial in the receiving state which may take place before his delivery to the jurisdiction in which the indictment, information or complaint is pending. Failure to list the name and address of counsel will be construed to indicate the Inmate's consent to the appointment of counsel by the appropriate court in the receiving state.

| A.   My Counsel is (give name) | Address is: (Street, City, State, Zip Code) |
|---|---|
|  |  |

B.   I request the Court to appoint Counsel. (Inmate's Signature)

/8

BP-S238.051 **IAD – CERTIFICATE OF INMATE STATUS** CDFRM
February 19 94
U.S. DEPARTMENT OF JUSTICE                         FEDERAL BUREAU OF PRISONS

| Inmate's Name:<br>**LASKER, DOMINIQUE<br>DONTAE** | Register No.:<br>**22867-298** | Institution:<br>**FCC VICTORVILLE<br>COMPLEX** |
|---|---|---|

Institution Address: **Federal Correctional Complex, P.O. BOX 5400 Adelanto, CA 92301**

The (Custodial Authority) hereby certifies:

1. The term of commitment under which the prisoner above named is being held:
   **121 MONTHS**

2. The Time Already Served:    **1 YEAR 3 MONTHS 4 DAYS**

3. Time Remaining to be Served on the Sentence:   **6 YEARS 6 MONTHS 15 DAYS**

4. The Amount of Good Time Earned: **108**

5. The Date of Parole Eligibility of the Prisoner:

6. The decisions of the U.S. Parole Commission relating to the Prisoner:

7. Maximum expiration date under present sentence: **11-29-2020**

Detainers currently on file against this inmate from your state are as follows:
   **WARRANT No. 11-01-13703, 11-01-13704 AND 11-01-13705**

| Date:<br><br>**1/30/13** | Name and Title of Custodial Authority<br>**Charles E. Samuels Jr.**<br>**Director, Bureau of Prisons** | By: (Chief Executive Officer)<br>**Linda T. McGrew,**<br>**Complex Warden**<br>**D. Wren**<br>**Correctional Systems Specialist** |
|---|---|---|

Record Copy - State IAD Administrator
Copy - J&C File
Copy - Central File (Sect. 1)
Copy - Prosecuting Official (Mail Certified Return Receipt)
Copy - Clerk of Court (Mail Certified Return Receipt)

*/9*

BP-S239.051   IAD - OFFER TO DELIVER TEMPORARY CUSTODY      CDFRM
February 1994
U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

| Date:   January 30, 2013 | | |
|---|---|---|
| To:  Prosecuting Officer **ELTON R. MATHIS** | Name and Title (if known) **Criminal District Attorney** | Jurisdiction: **WALLER COUNTY, TX** |

And to all other prosecuting officers and courts of jurisdiction listed below from which indictments, information or complaints are pending

| Re: (Inmate's Name) **LASKER, DOMINIQUE DONTAE** **22867-298** | Register Number |
|---|---|

Pursuant to the provisions of Article V of the Interstate Agreement on Detainers Act between this state and your state, the undersigned hereby offers to deliver temporary custody of the above-named prisoner to the appropriate authority in your state in order that speedy and efficient prosecution may be had of the indictment, information or complaint which is described in the attached inmate's request dated:
**September 27, 2012**
The required Certificate of Inmate Status is enclosed. dated: **January 30, 2013**

If proceedings under Article IV(d) of the Interstate Agreement on Detainers Act are indicated, an explanation is attached.

Indictments, information or complaints charging the following offenses also are pending against the inmate in your state and you are hereby authorized to transfer the inmate to custody of appropriate authorities in these jurisdictions for purposes of these indictments, information or complaints.

**CAPITAL MURDER**
**19.03**
**CAPITAL FELONY**

**DISTRICT COURT OF WALLER COUNTY, TEXAS**
**506TH JUDICIAL DISTRICT**

If you do not intend to bring the inmate to trial, will you please inform us as soon as possible? Kindly acknowledge.

| By: (Chief Executive Officer) | Institution & Address: | Name/Title Custodial Authority: |
|---|---|---|
| **D. Wren** **Correctional Systems Specialist** Linda T. McGrew **Complex Warden** | FCC Victorville - USP P.O. Box 5400 Adelanto, CA 92301 | Charles E. Samuels Jr. Director Bureau of Prisons |

20

**BP-S565.051  IAD / STATE WRIT - PROSECUTOR'S CERTIFICATION** CDFRMDEC 02
**U.S. DEPARTMENT OF JUSTICE**                                    **FEDERAL BUREAU OF PRISONS**

This is to certify that I, ELTON R. MATHIS, Criminal District Attorney, hereby request temporary custody of **LASKER, DOMINIQUE DONTAE, Federal Register Number 22867-298** via __X__ **IAD** ___ **State Writ** (check one), and do hereby agree to the following conditions in connection with the request for custody of said inmate.

### Conditions

a. Agree that said inmate will be provided safekeeping, custody, and care and will assume responsibility for that custody to include providing the inmate with the same level of security required by Bureau of Prisons Policy.

b. Agree to report to the Bureau of Prisons any problems associated with said inmate, to include disciplinary problems, medical emergencies, suicide attempt, escape or attempted escape or any other problem arising during commitment.

c. Agree not to release said inmate on bail or bond or to commit them to an institution for service of any sentence imposed in connection with our prosecution.

d. Agree to return said inmate to the federal institution from which they were obtained at the conclusion of the inmate's appearance in the proceeding for which obtained.

e. Agree to notify the local jail authority of the responsibility to return the inmate to federal custody.

As the Prosecuting Official for the State of **Texas** I, **ELTON R. MATHIS, Criminal District Attorney,** hereby submit the following information in connection with my request for temporary custody of **LASKER, DOMINIQUE DONTAE, Federal Register Number 22867-298**.

### Information

1. Name of facility, location, contact person, and phone number where the inmate will be confined during legal proceedings.

| 2. Scheduled date for trial. | 3. Projected date of return of the prisoner to federal custody: |
|---|---|
|  |  |

4. Name and phone number of the state agency, specific name of agent(s) who will transport the inmate at direction of the court and whether a private carrier, contractor (if permitted by Bureau of Prisons policy), state agency, or the USMS, will be transporting the inmate for the state.

5. Need for appearance of inmate and nature of action.

6. **For State Writ cases only (not required for IAD):**
   a.  Name and address of court issuing writ, name of the judge, and name, address, and phone number of clerk of the court.


   b.  Reason production on writ is necessary and reason another alternative is not available (for civil cases).

| 7. Signature and Title of Prosecutor | Date |
|---|---|
|  |  |

Subscribed and sworn before (Date):_____

| 8. Signature of Notary Public | Date |
|---|---|
|  |  |

Original - J&C File, Copy - Central File   This form replaces BP-S565 dtd FEB 94)

21

BP-S568.051   **IAD FORM V - REQUEST FOR TEMPORARY CUSTODY**   CDFRM AMARILLO FEB 94
**U.S. DEPARTMENT OF JUSTICE**      **FEDERAL BUREAU OF PRISONS**

Six copies. Signed copies must be sent to the prisoner and to the official who has the prisoner in custody. A copy should be sent to the Agreement Administrator of both the sending and the receiving state. Copies should be retained by the person filing the request and the judge who signs the request. Prior to transfer under this Agreement, an Inmate may be afforded a judicial hearing (Cuyler) similar to that provided under the Uniform Extradition Act, in which the inmate may bring a limited challenge to the receiving state's request.

### Request for Temporary custody

To: (Warden-Superintendent-Director) - Institution and Address
United States Penitentiary, Victorville FCC., P.O. Box 3900, Adelanto, C 92301

Please be advised that (Name of Inmate) DOMINIQUE DONTAE LASKER 72867-298, who is presently an inmate of your institution, is under [indicate appropriate] (indictment) (information) (complaint) in the (Jurisdiction) 506th Dist.t Ct. Waller County Texas, of which I am the (Title of Prosecuting Officer) District Attorney. Said inmate is therein charged with the offense(s) enumerated below:

**Offense(s)**

① Capital Murder 11-01-13703; ② Capital Murder 11-01-13704; ③ Capital Murder 11-01-

I propose to bring this person to trial on this [indicate appropriate] (indictment) (information) (complaint) within the time specified in Article IV(c) of the Agreement.

In order that proceedings in this matter may be properly had, I hereby request temporary custody of such persons pursuant to Article IV(a) of the Agreement on Detainers.

Attached herewith find in triplicate:
a. Certified copies of the complaint, information or indictment
b. Certified copies of the warrant
c. Certified copies of fingerprints, photographs or physical description

I hereby agree that immediately after trial is completed in this jurisdiction, I will return the prisoner directly to you or allow any jurisdiction you have designated to take temporary custody. I agree also to complete Form IX, The Notice of Disposition of a Detainer, immediately after trial.

| Printed Name and Signature Elton R. Mathis | Title Criminal District Attorney | Date Nov 26, 20 |
|---|---|---|

| Address: 645 10th street | City/State: Hempstead, Texas 77445 | Telephone No.: 979-826-7718 |
|---|---|---|

I hereby certify that the person whose signature appears above is an appropriate officer within the meaning of Article IV(a) and that the facts recited in this request for temporary custody are correct and that having duly recorded said request, I hereby transmit it for action in accordance with its term and the provisions of the Agreement on Detainers.

| Judge's Printed Name and Signature Albert M. McCaig | Date Nov 26, 201 |
|---|---|

| Court 506th Judicial District Court | Judicial District 506th |
|---|---|

| City/State Hempstead, Waller County, Texas | Telephone No. 979-826- 921-0921 |
|---|---|

(This form may be replicated via WP)

**Albert M. McCaig, Jr.**
Judge, 506th Judicial District Court
Waller and Grimes Counties, Texas

22

FILED
DISTRICT CLERK
WALLER COUNTY, TEXAS

2013 APR 10 PM 3: 37

BY _____
DEPUTY

**IN THE DISTRICT COURT OF WALLER COUNTY
FOR THE STATE OF TEXAS**
(506th District)

| | | |
|---|---|---|
| STATE OF TEXAS, | ) | No. 11-01-13703   979-826-8282 |
| | ) | 11-01-13704   979-826-8282 |
| Plaintiff, | ) | 11-01-13705   979-826-8282 |
| | ) | |
| vs. | ) | DEFENDANT'S PRO SE MOTION TO |
| | ) | DISMISS THE INDICTMENT OR |
| DOMINIQUE DONTAE LASKER, | ) | INFORMATION HEREIN, OR IN THE |
| | ) | ALTERNATIVE, DEFENDANT'S PRO |
| Defendant. | ) | SE MOTION FOR APPOINTEMENT OF |
| | ) | COUNSEL AT PUBLIC EXPENSE |

## I.  MOTION

COMES NOW pro se Defendant DOMINQUE DONTAE LASKER, without the assistance of counsel, and moves this court for an order to dismiss the indictment or information filed against him in the above entitled action.

This motion is based upon all of the files and pleadings in this case as well as the attached declaration of the Defendant.

DEFENDANT'S MOTION TO DISMISS - Page 1

23

## II. DECLARATION OF DEFENDANT

DOMINIQUE DONTAE LASKER deposes and states as follows:

(1) I am the defendant proceeding pro se herein, I am over the age of 18, and competent to testify in a court of law.

(2) I have knowledge of the facts contained herein, and I make this Declaration in support of my motion to dismiss, and in the alternative, my motion for appointment of counsel.

(3) I am currently serving a sentence in Federal custody in the United States Penitentiary at Victorville, California.

(4) In July 2012, I filed with the Prosecutor of this County a NOTICE OF PLACE OF IMPRISONMENT AND REQUEST FOR SPEEDY TRIAL AND FINAL DISPOSITION pursuant to Tex. Code Crim. Proc. Art. 51.14, const. Art. VI, § 10, and the Interstate Act on Detainers.

(5) My notice was directed to the District Attorney at the District Attorney's Office, 846-6th Street, Suite #1, Hempstead, TX, 77445. (SEE Exhibit 1, attached herein)

(6) Since the filing of this request, the State of Texas has made no attempts to have me returned to that jurisdiction to be able to face my charges, and present a defense to these allegations.

(7) More than 180 days has elapsed since the filing of my notice to the Office of the District Attorney, and they have made no efforts to resolve this matter.

DEFENDANT'S MOTION TO DISMISS - Page 2

24

(8)  I believe that any opportunity for me to have a fair trial is gone due to the passage of time, and the memory fading of any and all witnesses that I may call in my behalf.

(9)  I believe that the longer it takes for me to get to a trial will hinder my ability to present a defense, because I may not be able to contact my witnesses, and gather information to assist with proving my innocence.

(10)  I am currently indigent, and proceeded indigent at my federal trial.  I cannot afford to pay for counsel.

(11)  I am asking the court to appoint counsel for me at public expense, so that my rights my be properly protected herein.

(12)  Under penalty of perjury, under the laws of the State of Texas, I declare that the foregoing is true and correct.

DATED this 3 day of April , 2013.

_____
Dominique Lasker, Pro Se Defendant

DEFENDANT'S MOTION TO DISMISS - Page 3

25

Exhibit 1 (

IN THE __District__ COURT OF __Waller__ COUNTY

FOR THE STATE OF __Texas__ [ 506 District]

| | | |
|---|---|---|
| Waller County Sheriffs,<br>Plaintiff,<br><br>v.<br><br>Dominique Dontae Lasker,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | NOTICE OF PLACE OF IMPRISONMENT AND REQUEST FOR SPEEDY TRIAL AND FINAL DISPOSITION...Pursuant to ........<br>( Tex.Code Crim.Proc. Ann.Art. 51.14 )<br>( Constitution, Art. VI, § 10 )<br><br>CASE NO. 11-01-13703 979-826-8282<br>11-01-13704 979-826-8282<br>11-01-13705 979-826-8282 |

Notice is hereby given that the above-named Defendant, Dominique Dontae Lasker , is currently a federal prisoner in the custody of the United States Attorney General, and is incarcerated at the Victorville Federal Correctional Complex located in Adelanto, California. Defendant would further show:

1. The defendant is serving an approximate term of __121__ months of imprisonment from a judgment imposed by the United District Court for the __Southern__ District of California , on December , 16 , 2011 . Defendant has a projected release date from federal custody on August , 13 , 20 19 . (see attached sentencing computation/data sheet).

2. The defendant has been advised that there are, or may be, outstanding citations, warrants, informations, charges, and/or complaints pending in this jurisdiction. Specifically:

1). Capital Murder Charges...Warrant # 11-01-13703 979-826-8282

2). Capital Murder Charges...Warrant # 11-01-13704 979-826-8282

3). Capital Murder Charges...Warrant # 11-01-13705 979-826-8282 .

3. The defendant moves this Court to order he be brought for trial, and that prosecuting authorities arrange temporary custody under the appropriate provisions for Interstate Agreement on Detainers. The Defendant further requests in an absence of availability of trial, an *in abstentia* resolution be arranged.

26

Exhibit 1

4. This Motion is based upon the Defendant's Sixth Amendment speedy trial guarentee that is binding on the states through the Due Process Clause of the Fourteenth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 222-223 (1967). A state is responsible for a defendant's speedy trial rights, even where a defendant is held in federal prison. see: *Smith v Hooey*, 393 U.S. 374 (1969). This notice would further trigger defendant's request under the Interstate Agreement on Detainers. see: *Fex v. Michigan*, 507 U.S. 43, 113 S.Ct. 1088, 122 L.Ed.2d 406 (1993).

WHEREFORE, the defendant prays that the Court initiate all needed and necessary orders and actions required to resolve this matter by trial or settlement *in abstentia*, including an order for the district attorney/prosecutor to seek temporary custody from federal authorities under IAD provisions, and the dismissal of any outstanding citations, warrants, informations, charges, and/or complaints presently pending in this jurisdiction, within a reasonable period of time not

*Put District Attorneys Address down here!*

Respectfully Submitted,

Dated: ~~[illegible]~~

Dominique Dontae Las[ker]
Reg. No. 22867-298
United States Penitentiary
Victorville FCC
PO Box ~~3300~~ 3900
Adelanto, CA 92031

## CERTIFCATE OF SERVICE

I hereby certify that a copy of this document was mailed to the office of the district attorney/ prosecutor for this jurisdiction, addressed as below.:

District Attorney
846 6th Street Suite 1
Hempstead TX, 77445

Date: ~~[illegible]~~

~~[illegible signature]~~
Mr. Dominique Dontae Lasker

2

VIP Law Library Forms/NoticeSpeedyTrial-Detainer (Rev. 9/11)

27

alternatively, that you submit request for temporary custody to the federal bureau of prison authorities, pursuant to the

requirements of applicable statutes for Interstate Agreement on Detainers ("IAD").

Cordially,

Dated: ▓▓▓▓▓▓▓▓▓ Etambrick Hambrik

Authorized by the Act of ▔▔▔▔▔▔▔▔▔▔▔▔▔▔
July 7, 1955, as amended,                    REQUESTOR
to administer oaths (18          Mr. Dominique Dontae Lasker
WITNESS-PRISON STAFF MEMBER
U.S.C. § 4004).

COPIES: ORIGINAL TO DISTRICT ATTORNEY, AND KEEP COPY FOR OWN RECORDS TO BE USED WITH REQUEST TO COURT FOR DISMISSAL. ALSO: INCLUDE DOCUMENTATION FROM THE CASE MANAGER/RECORDS REGARDING THE WARRANT/DETAINER AND IF POSSIBLE YOUR SENTENCE MONITORING/DATA COMPUTATION PRINTOUT SHOWING YOUR PROJECTED RELEASE DATE

VIP Law Library Forms/NoticeSpeedyTrial-Detainer (Rev 9/11)

28

Cause No. _11-01-13703_
_13704_
_13705_

STATE OF TEXAS

v.

Dominique Dontae Lasker
c/o WC Jail

§
§
§
§
§
§

IN THE DISTRICT COURT

WALLER COUNTY, TEXAS

506TH JUDICIAL DISTRICT

## SCHEDULING ORDER - CRIMINAL

Defendant and counsel shall be present at all hearings. Except as otherwise modified by the Court, and pursuant to Article 28.01 of the Texas Code of Criminal Procedure, a Pretrial Hearing and other matters are hereby Ordered set as follows:

1.    _6-4-13 ✓_     9:00 a.m.     **ARRAIGNMENT**

2.    _____     10:00 a.m.    **MOTIONS & PLEAS**
All parties and Counsel shall be present and prepared to discuss all issues allowed under C.C.P., Art. 28.01.

3.    _____     1:30 p.m.     **HEARINGS & BENCH TRIALS**

4.    **On or before 10-days before Pretrial Hearing Date** all C.C.P., Art. 28.01 matters must be filed or will be considered waived.

5.    _____     10:00 a.m.    **PRETRIAL HEARING**
Pretrial hearing date is also the Plea Bargain Cutoff date. State and Defendant will announce whether the case will plead or if a trial is required, and whether trial is to the Court or to a jury.

At the Pretrial hearing all motions and other matters not previously ruled on will be heard. All parties must file and serve on opposing counsel the following: 1) Motions in Limine; 2) briefs and authorities on known issues that will be presented for hearing. Further, all counsel shall advise the Court of any special needs for presentation of their case, including technology requirements, interpreters or accommodation for disabilities.

6.    _____     9:00 a.m.     **JURY TRIAL**
Final trial date & time will be set immediately after the Pretrial hearing.

**Defendant has received a copy of the Indictment and is the same person charged therein. Defendant waives formal Arraignment and reading of the Indictment and enters a plea of NOT GUILTY.**

Dated: _____5-24-13_____, replacing prior Scheduling Orders.

_____     _____     _____
Defendant's Signature          Counsel for Defendant          Counsel for State

_____
ALBERT M. McCAIG, JR., Judge Presiding

Copies:    White--Clerk        Yellow--State        Pink--Defendant        Gold--Defendant's Attorney

29

11-01-13704

# WALLER COUNTY MAGISTRATE'S ADMONISHMENT FORM
## WARNING OF CONSTITUTIONAL RIGHTS

This is to certify that the undersigned magistrate did, 24th day of May, 2013 at _2:48_ a.m./p.m., administer the following warnings to:

NAME: LASKER, DOMINIQUE DONTAE DOB: 03/21/1984 AGE: 29
S.S#: 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/ D.L./I.D.#: TX-02477217

Address:  24875 PRIELIPP ROAD
          WILDOMOR, CA  92595
Phone:    760-508-9212
BUSINESS NAME AND PHONE:    Felony

(√) 1. You are charged with the offense of MURDER. An affidavit, or complaint, charging you with this offense (has) ~~(has not)~~ been filed with the appropriate court.
(√) 2. You have the right to remain silent, the right to have an attorney present during any interview with peace officers or attorneys representing the state, and the right to terminate that interview at any time.
(√) 3. You are not required to make any statement. Any statement made by you may be used against you in court.
(√) 4. You have the right to retain or hire an attorney. If you are unable to employ an attorney, you have the right to request the appointment of an attorney by completing a financial assessment form. This form is available for you to complete at this time, and assistance in filling out the form is available if necessary. You may be ordered to reimburse the cost of that attorney if you are found guilty of the offence.
(√) ~~5. You have the right to an examining trial in a felony case.~~
(√) 6. Are you currently out of jail on bond on any other charges? Yes or (No) (circle one)
       Charge:_____ County:_____
(√) 7. Are you currently on probation or deferred adjudication? Yes or (No) (circle one)
(√) 8. Are you currently on parole?                        Yes or (No) (circle one)
(√) 9. Are you requesting the appointment of an attorney at this time? (Yes) or No (circle one)
(√) 10. Are you a United States citizen? (Yes) or No    If no, Do you want us to contact your consulate?   Yes or No    (attach correct paperwork)

X_____        _Charles T Kanull_
Defendant's Signature                    Magistrate's Signature

_____         _JP #1_
Witness                                  Official Title

The Magistrate determines that the defendant (does/~~does not~~)_____ speak the English language. The Defendant (~~is or~~ is not)_____deaf.
Interpreter (If needed)  Name:_____
                         Address:_____
                         Phone:_____  date:_____  Time:_____

## BOND AMOUNT

Surety or Cash    _____
Personal          _____
Not Determined    _____
~~Bail Denied~~   _____

30

Cause No. 11-01-13704

THE STATE OF TEXAS                          IN THE DISTRICT COURT OF

VS.                                         WALLER COUNTY, TEXAS

DOMINIQUE DONTAE LASKER                      506TH JUDICIAL
DISTRICT
Black/Male    DOB: 03/21/84
                      CAPIAS INSTANTER

TO ANY PEACE OFFICER OF THE STATE OF TEXAS - GREETINGS:

YOU ARE HEREBY COMMANDED to arrest DOMINIQUE DONTAE
LASKER and him safely keep so that you have him/her before the Honorable
506TH District Court of Waller County, Texas, at the Courthouse of said County, in
Hempstead, Texas, instanter, then and there to answer the State of Texas upon an
indictment pending in said Court, changing him with MURDER, a felony.
HEREIN FAIL NOT, but make due return hereof to this Court forthwith,
showing how you have executed the same.
Witness my hand and seal of office, at Hempstead, Texas, this 27th day of
January, 2011.

PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS
BY: _____
        Fran Haggard, Deputy

SHERIFF'S RETURN

CAME TO HAND the _2 2_ day of _M A Y_ , _2013_ , at _1_ o'clock
_P_ .m., and executed by arresting _Dominique Lasker_
At _Victorville, CA_ , in _____ County, Texas, and placing
him/her in the Waller County Jail on the _2 4_ day of _M A Y_ ,
_2013_ .

I actually and necessarily traveled _____ miles in the service of this writ, in
addition to any other mileage I may have traveled in the service of other process in
this case during the same trip.

FEES:  Making Arrest            _Glenn Smith_ , Sheriff
       Mileage _____ miles    _Waller._ County, Texas
       Taking Bond
       Commitment               By: _____
                                    Deputy

31

Cause No. 11-01-13704

THE STATE OF TEXAS                    IN THE DISTRICT COURT OF

VS.                                   WALLER COUNTY, TEXAS

DOMINIQUE DONTAE LASKER                         506TH JUDICIAL
DISTRICT
Black/Male    DOB: 03/21/84

CAPIAS INSTANTER

TO ANY PEACE OFFICER OF THE STATE OF TEXAS - GREETINGS:

YOU ARE HEREBY COMMANDED to arrest DOMINIQUE DONTAE
LASKER and him safely keep so that you have him/her before the Honorable
506TH District Court of Waller County, Texas, at the Courthouse of said County, in
Hempstead, Texas, instanter, then and there to answer the State of Texas upon an
indictment pending in said Court, changing him with MURDER, a felony.

HEREIN FAIL NOT, but make due return hereof to this Court forthwith,
showing how you have executed the same.

Witness my hand and seal of office, at Hempstead, Texas, this 27th day of
January, 2011.

PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS
BY: _____
Fran Haggard, Deputy

SHERIFF'S RETURN

CAME TO HAND the _22_ day of _MAY_, _2013_, at _1_ o'clock
_P_.m., and executed by arresting _Dominique laskerr_____
At _Victorville, CA_____, in _____ County, Texas, and placing
him/her in the Waller County Jail on the _24_ day of _MAY_____,
_2013___.

I actually and necessarily traveled _____ miles in the service of this writ, in
addition to any other mileage I may have traveled in the service of other process in
this case during the same trip.

FEES: Making Arrest          _Glenn Smith_____, Sheriff
      Mileage _____ miles  _WALLER._____ County, Texas
      Taking Bond
      Commitment             By: _____
                             Deputy

32

Cause No. 11-01-13704

THE STATE OF TEXAS

VS.

DOMINIQUE DONTAE LASKER

IN THE DISTRICT COURT OF

WALLER COUNTY, TEXAS

506TH JUDICIAL DISTRICT

### PRECEPT TO SERVE COPY OF INDICTMENT

TO THE SHERIFF OF WALLER COUNTY - GREETING

YOU ARE HEREBY COMMANDED to serve DOMINIQUE DONTAE LASKER , the defendant in Cause No. 11-01-13704, wherein the State of Texas is Plaintiff and DOMINIQUE DONTAE LASKER  is Defendant, in person, with the accompanying certified copy of the original indictment charging him/her with MURDER  now on file in said Court.

HEREIN FAIL NOT, but of this writ make due return as the law directs.

GIVEN UNDER MY HAND AND OFFICIAL SEAL, THIS 27th day of January, 2011.

PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS

BY: _____
Fran Haggard, Deputy

### SHERIFF'S RETURN

CAME TO HAND THE _22_ day of _MAY_ , _2013_ at _1_ o'clock _P_. M. and executed by delivering the accompanying certified copy of Indictment No. _11-01-13704_ to _DOMINIQUE LASKER_ _____, the defendant herein, in person, at __1__ o'clock _P_.M. on the _22_ day of _MAY_ _2013_ , _____.

GLENN SMITH, SHERIFF
WALLER COUNTY, TEXAS

BY: _____
Deputy

33

Cause No. 11-01-13704

| STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## ORDER APPOINTING COUNSEL

**Offense: CAPITAL MURDER**

The defendant having made application to the Court for the appointment of an attorney, and the defendant represented through an affidavit or testimony or information received of indigence, the Court is of the opinion that the defendant is indigent and is entitled to appointment of counsel in this cause of action.

Therefore, the Court hereby appoints:

REGIONAL PUBLIC DEFENDER FOR CAPITAL CASES
P.O. Box 2097
Lubbock, Texas    79408-2097
806-775-5660

to represent the Defendant through the trial of this matter. Representation through any appeal to the Court of Appeals or the Court of Criminal Appeals will be taken up by the Court at a later date.

Copies of this Order shall be provided by the Clerk to the Defendant, appointed counsel and counsel for the State.

Dated: June 4, 2013.

ALBERT M. McCAIG, JR., Judge
506th Judicial District

orig:     Waller County District Clerk
cc:       Waller County District Attorney
cc:       Waller County Sheriff's Department
cc:       Attorney
cc:       Defendant % Waller County Jail

34

Cause No. 11-01-13704

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## ORDER APPOINTING COUNSEL

**Offense: CAPITAL MURDER**

The defendant having made application to the Court for the appointment of an attorney, and the defendant represented through an affidavit or testimony or information received of indigence, the Court is of the opinion that the defendant is indigent and is entitled to appointment of counsel in this cause of action.

Therefore, the Court hereby appoints:

Frank Blazek
Attorney at Law
1414 11th Street
Huntsville, Texas 77340
936-295-2624

to represent the Defendant through the trial of this matter. Representation through any appeal to the Court of Appeals or the Court of Criminal Appeals will be taken up by the Court at a later date.

Copies of this Order shall be provided by the Clerk to the Defendant, appointed counsel and counsel for the State.

Dated: June 6, 2013.

ALBERT M. McCAIG, JR., Judge
506th Judicial District

| | |
|---|---|
| orig: | Waller County District Clerk |
| cc: | Waller County District Attorney |
| cc: | Waller County Sheriff's Department |
| cc: | Attorney |
| cc: | Defendant % Waller County Jail |

35

CAUSE NO. 11-01-13704

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## DEFENDANT'S WAIVER OF ARRAIGNMENT
## AND ENTRY OF PLEA OF NOT GUILTY

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now **DOMINIQUE DONTAE LASKER**, Defendant herein, by and through his

attorney of record, FRANK BLAZEK, and submits this his Waiver of Arraignment and Entry of

Plea of Not Guilty.

Defendant herein waives the arraignment required.

Respectfully submitted,

**SMITHER, MARTIN,**
**HENDERSON & BLAZEK, P.C.**
1414 11th Street
Huntsville, Texas 77340
(936) 295-2624
(936) 294-9784 [Telecopier]

By _____
Frank Blazek
State Bar No. 02475500

36

## Certificate of Service

I do hereby certify that a true and correct copy of the above and foregoing *Waiver of Arraignment and Plea of Not Guilty* has been forwarded to opposing counsel on this the ⎯12th⎯ day of July, 2013, by U.S. Mail, postage prepaid, and addressed as follows:

Elton Mathis
Criminal District Attorney
846 6th Street, Suite 1
Hempstead, Texas 77445

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Frank Blazek

37

CAUSE NO. 11-01-13703
CAUSE NO. 11-01-13704
CAUSE NO. 11-01-13705



| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## MOTION FOR APPOINTMENT OF ATTORNEY AS CO-DEFENSE COUNSEL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant, **DOMINIQUE DONTAE LASKER**, by and through his court-appointed counsel, and moves the Court to appoint an attorney to assist as co-counsel in the defense of the above-referenced matter, and in support thereof would show the Court the following:

(1)     The Defendant has been charged with Capital Murder and Murder (2 counts).

(2)     The undersigned counsel was appointed by Judge McCaig on June 6, 2013, to represent the Defendant.

(3)     The State has not indicated its intent to seek the death penalty. If convicted, Defendant could be required to serve as much as life in prison. The case appears to be complex. Based on preliminary information from the prosecution it is expected that evidentiary issues likely to arise include: (1) custodial interrogation of the Defendant; (2) mental health problems suffered by Defendant; (3) extraneous offenses; and (4) D.N.A. It is necessary for the undersigned counsel to have the assistance of an attorney as co-counsel to adequately represent the Defendant.

38

(4)    The undersigned counsel has conferred with William F. Carter, State Bar No. 03932800, 108 E. William J. Bryan Parkway, Bryan, Texas 77803-5334, 979-779-0712, who has indicated his availability and willingness to serve as co-counsel.  William F. Carter is an experienced and competent criminal defense attorney.

WHEREFORE, PREMISES CONSIDERED, Applicant prays that this Honorable Court will appoint William F. Carter as co-defense counsel in the above-referenced matter.

Respectfully submitted,

SMITHER, MARTIN,
HENDERSON & BLAZEK, P.C.
1414 11th Street
Huntsville, Texas  77340
(936) 295-2624
(936) 294-9784 [Telecopier]

By _____
Frank Blazek
State Bar No. 02475500


## Certificate of Service

I do hereby certify that a true and correct copy of the above and foregoing *Motion for Appointment of Co-Defense Counsel* has been forwarded to opposing counsel on this the _10th_ day of July, 2013, by U.S. Mail, postage prepaid, and addressed as follows:

Elton Mathis
Criminal District Attorney
846 6th Street, Suite 1
Hempstead, Texas 77445

_____
Frank Blazek

CAUSE NO. 11-01-13703
CAUSE NO. 11-01-13704
CAUSE NO. 11-01-13705

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## ORDER APPOINTING ATTORNEY

BE IT REMEMBERED, that on the 18th day of _July_, 2013, came on to be considered the above and foregoing Motion for Appointment of Co-Defense Counsel. After consideration of the same, it is the opinion of the Court that Defendant's Motion be:

(X) GRANTED, and WILLIAM F. CARTER, an attorney found by the Court to be competent, is hereby appointed to represent the Defendant as co-defense counsel until the trial of this case is concluded, or until released by written order of this Court.

( ) DENIED, to which ruling the Defendant excepts.

SIGNED: July 18, 2013

_____
JUDGE PRESIDING

40

**11-01-13703, 11-01-13704 and 11-01-13705**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 506th DISTRICT |
| V. | | COURT OF |
| DOMINIQUE DONTAE LASKER | § | WALLER COUNTY, TEXAS |

BY DEPUTY

2013 AUG 30 PH 2:30

FILED
DISTRICT CLERK
WALLER COUNTY, TEXAS

## STATE'S MOTION FOR DISCOVERY OF EXPERT WITNESSES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the undersigned district attorney of Waller County, Texas, in the above-entitled and numbered cause, and makes this Motion for Discovery of Expert Witnesses, and for good cause shows the following:

1. This motion is filed under Article 39.14 of the Texas Code of Criminal Procedure.

2. This motion requests the following information which is known by the attorney for the defendant: the name and address of each person the defendant may use at trial to present evidence under Rules 702, 703, and 705 of the Texas Rules of Evidence.

WHEREFORE, PREMISES CONSIDERED, the State respectfully prays that this Honorable Court will grant this Motion for Discovery of Expert Witnesses, or in the alternative, that this Court will set this matter down for a hearing prior to trial on the merits and that at such hearing this motion will be granted.

Respectfully submitted,

Elton R. Mathis
District Attorney
Waller County, Texas

41

## NOTICE OF HEARING

Please be advised that the foregoing Motion is set for hearing before the 506th Judicial District Court of Waller County, Texas on September 9, 2013 at 4:30 p.m.

Elton R. Mathis

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing document was served on opposing counsel Frank Blazek on this the 30th day of August 2013 via first class U.S. Mail and by facsimile transfer.

Elton R. Mathis

42

No. 11-01-13703, 11-01-13704 and 11-01-13705

| THE STATE OF TEXAS | § | IN THE 506th DISTRICT |
| VS. | § | COURT OF |
| DOMINIQUE DONTAE LASKER | § | WALLER COUNTY, TEXAS |

## ORDER ON STATE'S MOTION FOR DISCOVERY OF EXPERT WITNESSES

Upon the foregoing State's Motion for Discovery of Expert Witnesses, it is hereby ORDERED that such motion be, and hereby is, GRANTED as to those things requested.

It is further ordered that the attorney for the defendant furnish counsel for the State the requested information on or before the 30th day before trial pursuant to Article 39.14 of the *Texas Code of Criminal Procedure*, at the District Attorney's Office, or at such other time and place as the parties may agree.

SIGNED this the _____ day of _____, 2013.

_____
Judge Presiding

43

**11-01-13703, 11-01-13704 and 11-01-13705**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 506th DISTRICT |
| V. | § | COURT OF |
| DOMINIQUE DONTAE LASKER | § | WALLER COUNTY, TEXAS |

FILED
DISTRICT CLERK
WALLER COUNTY, TEXAS
2013 AUG 30 PM 2: 28
BY _____ DEPUTY

## STATE'S FIRST MOTION FOR CONTINUANCE

Now comes the State of Texas, by and through her Waller County Criminal District Attorney, Elton R. Mathis, and moves this Court for a continuance in the above styled and numbered cause as provided under Article 29.03 of the *Texas Code of Criminal Procedure*, and as allowed by Article 51.14 of the *Texas Code of Criminal Procedure* and would respectfully show:

1. The Defendant, Dominique Dontae Lasker is charged by indictment with Capital Murder and two indictments of Murder in the First Degree alleged to have occurred on or about March 11, 2010 in Waller County, Texas. The indictments were signed on January 27, 2011 after a lengthy investigation.

2. The Defendant absconded from the scene, the county, and the State of Texas shortly after the murders.

3. Following the murders the Defendant committed an aggravated bank robbery in California and was apprehended. He was sentenced on the resulting charges on December 16, 2011 in the federal court system. On information and belief the Defendant has been in state and/or federal custody in California since the aggravated bank robbery.

4. The Defendant was returned to this jurisdiction on the above numbered and styled

44

causes on or about May 24, 2013.

5.      The Defendant appeared before this Court for the first time on June 4th, 2013 and this Honorable Court appointed counsel from the Regional Public Defender for Capital Cases.

6.      The Regional Public Defender refused to accept the appointment, and the Defendant was reassigned court appointed counsel on June 6th, 2013.

7.      The Defendant waived arraignment and entered a not guilty plea on July 15th, 2013.

8.      The Defendant requested and was granted additional counsel on July 18th, 2013.

9.      No discovery of any kind has been requested by counsel for the Defendant until counsel met together at the District Attorney's Office on August 28th, 2013.

10.     No court date has been requested by counsel for the Defendant. There has never been a request for trial or pretrial dates. No trial date has been set by the court.

11.     No motions have been filed by counsel with the exception of a request for additional counsel.

12.     To the knowledge of the undersigned attorney no request for investigator fees or psychological evaluation has been made by counsel.

13.     To the knowledge of the undersigned attorney there has been no request to see and inspect the State's file.

14.     Defense counsel has not reviewed any evidence in the possession of the District Attorney and has not reviewed the State's file.

15.     On or about June 12, 2013 the elected Criminal District Attorney Elton R. Mathis spoke with defense counsel Frank Blazek over the telephone regarding this case. As a result of that discussion Elton R. Mathis believed that defense counsel was requesting

45

that the case be put on hold pending time for Frank Blazek to assemble a mitigation packet to present to Elton R. Mathis in an attempt to get Elton R. Mathis to refrain from seeking the death penalty in the capital case. The District Attorney's Office has been actively preparing this case for trial, yet not anticipating a trial date in September 2013.

16. The State's trial case requires the presences of several out of state witnesses from various law enforcement agencies in California and Virginia. Given the present posture of the case, the State will require more time to coordinate and assure those witnesses' presence.

17. The Defense has not yet designated the expert witnesses it expects to call in their case in chief or in sentencing for purposes of mitigation. The State anticipates a significant time necessary to prepare for rebuttal. The State has filed a request for the names and addresses of any such defense experts.

18. The State has filed a motion for the psychological evaluation of the Defendant which has not been heard or completed.

19. The first assistant criminal district attorney is scheduled for hip replacement surgery on September 3rd, 2013. Recovery time is anticipated to be up to eight weeks. This surgery has already been rescheduled once so that the attorney would be able to try *The State of Texas v. Taylor McShan*. The first assistant has been primarily involved in the investigation and prosecution of this cause. To assign the case to another attorney in the office other than the elected Criminal District Attorney would be a hardship.

20. Defense counsel Blazek in his *Motion for Appointment of Attorney as Co-Defense Counsel* indicates that this case is complex and requires more than one attorney. This statement is true on behalf of the State of Texas as well.

46

21. The State of Texas intends to seek the death penalty in this case. It is anticipated that the jury selection and trial of this case could take four to six weeks or possibly more.

22. The Defendant in this cause faces the death penalty and has only been represented by counsel for approximately 85 days. To proceed to trial at this time or any time in the near future would be reversible and harmful error.

23. While acknowledging the existence of Article 51.14 of the *Texas Code of Criminal Procedure* the undersigned does hereby assert that any provisions therein mandating trial by a date certain are impermissibly restrictive, are overbroad, and violate the separation of powers doctrines of the Texas and/or Federal Constitutions. Whether or not a case is ready for trial is based on numerous factors and cannot be reduced to a simple formula that applies equally to Class C Misdemeanors and Capital Felonies. The determination of when a case is ready for trial is in the province of the judiciary not the legislature.

Counsel would further show that this is the first request for a continuance by the State of Texas.

## II.

This Motion is made in the interest of justice and not for the purpose of delay, but so that justice may be done. A continuance is requested for only as long as is necessary.

THEREFORE, PREMISES CONSIDERED, the State of Texas prays that this Motion be granted and this cause be set at a later date.

47

Respectfully Submitted,

Elton R. Mathis
Criminal District Attorney
Waller County, Texas
TBN 24014568
645 12th Street
Hempstead, Texas 77445
(979) 826-7718
(979) 826-7722 (FAX)

## NOTICE OF HEARING

Please be advised that the foregoing Motion is set for hearing before the 506th Judicial District Court of Waller County, Texas on September 9, 2013 at 4:30 p.m.

Elton R. Mathis

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing document was served on opposing counsel Frank Blazek on this the 30th day of August 2013 via first class U.S. Mail and by facsimile transfer.

Elton R. Mathis

48

**11-01-13703, 11-01-13704 and 11-01-13705**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 506th DISTRICT |
| V. | § | COURT OF |
| DOMINIQUE DONTAE LASKER | § | WALLER COUNTY, TEXAS |

## AFFIDAVIT

BEFORE ME, the undersigned authority on this day personally appeared Elton R. Mathis, Criminal District Attorney, Waller County, Texas, known to me to be the person whose name is being subscribed to the foregoing State's First Motion for Continuance, and who after being duly sworn on his oath states that he has personal knowledge of the facts relied on for the Motion and that the statements therein contained are true and correct to the best of his knowledge.

_____
Elton R. Mathis

Given under my hand and seal of office, this the 30th day of August, 2013.

_____
Notary Public in and for
Waller County, Texas

ELMA MURRAY
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES
10-27-2014

49

**11-01-13703, 11-01-13704 and 11-01-13705**

THE STATE OF TEXAS            §       IN THE 506th DISTRICT

V.                            §             COURT OF

DOMINIQUE DONTAE LASKER  §    WALLER COUNTY, TEXAS

## ORDER ON STATE'S FIRST MOTION FOR CONTINUANCE

It is hereby ordered that the State's First Motion for Continuance is hereby **Granted**

Furthermore, this cause is set for trial on _____.


_____
Judge Presiding

*50*

## No. 11-01-13703, 11-01-13704 and 11-01-13705

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 506th DISTRICT |
| VS. | § | COURT OF |
| DOMINIQUE DONTAE LASKER | § | WALLER COUNTY, TEXAS |

## STATES MOTION FOR COMPETENCY EXAMINATION

COMES NOW, the State of Texas, through the undersigned District Attorney and moves this honorable Court, in accordance with the provisions Art. 46B.005, 46B.021 and 46C.104 of Texas Code of Criminal Procedure to appoint a suitable expert to examine the Defendant and make written report to the Court, without delay, as to the competency of the Defendant to stand trial and otherwise answer to these criminal charges.

In support of this motion the State would show the following:

1. The Defendant is charged by indictment with one Capital Murder and two indictments of Murder in the first degree alleged to have occurred on or about March 11, 2010. Issues of mitigation may be and will likely be at issue during the course of the Defendant's trial and a psychological examination would aid the Court or jury in any determination it may be asked to make concerning competency and matters of sentencing.
2. The Defendant made statements to Texas Rangers during an interview to the effect that he saw a ghost at the time of the offenses and that he often thinks about hurting and killing other people.
3. The Defendant in correspondence made during his incarceration in California made statements to the effect he feels there might be something "wrong" with him and he wanted his wife to check on the internet with the "Veteran's Court."
4. The Defendant in telephone conversations while incarcerated in California makes mention of a discussion he had with a prison counselor to the effect that he has "questioned himself" on the need for help on mental issues in the past.
5. The Defendant during a Court appearance before this Court

2013 AUG 30 PM 2:29

FILED
DISTRICT CLERK
WALLER COUNTY, TEXAS

BY
DEPUTY

51

demonstrated in his demeanor a lack of understanding of the proceedings when this Court inquired into his desire to have court-appointed counsel, insisting instead that he wanted to have a ruling on an unrelated motion made pro se to the Court.

The State of Texas reasonably believes that the above behavior warrants an expert's determination of the Defendants competency to stand trial.

Respectfully submitted,

Elton R. Mathis
District Attorney
Waller County, Texas
SBN: 24014568

## ORDER

THIS MOTION having been duly considered, the COURT hereby GRANTS/ DENIES the States Motion for Competency Examination and appoints_____, to examine the Defendant and to report in writing as to the Defendant's competency to stand trial and otherwise answer to these criminal charges.

Date:_____

_____
Judge Presiding

## NOTICE OF HEARING

Please be advised that the foregoing Motion is set for hearing before the 506th Judicial District Court of Waller County, Texas on September 9, 2013 at 4:30 p.m.

Elton R. Mathis

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing document was served on opposing counsel Frank Blazek on this the 30th day of August 2013 via first class U.S. Mail and by facsimile transfer.

Elton R. Mathis

53

**11-01-13703, 11-01-13704 and 11-01-13705**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 506th DISTRICT |
| V. | § | COURT OF |
| DOMINIQUE DONTAE LASKER | § | WALLER COUNTY, TEXAS |

FILED
DISTRICT CLERK
WALLER COUNTY, TEXAS
2013 AUG 30 PM 2: 04
BY
DEPUTY

## STATE'S FIRST MOTION FOR CONTINUANCE

Now comes the State of Texas, by and through her Waller County Assistant Criminal District Attorney, Frederick A. Edwards, and moves this Court for a continuance in the above styled and numbered cause as provided under Article 29.03 of the *Texas Code of Criminal Procedure*, and as allowed by Article 51.14 of the *Texas Code of Criminal Procedure* and would respectfully show:

1. The Defendant, Dominique Dontae Lasker is charged by indictment with Capital Murder and two indictments of Murder in the First Degree alleged to have occurred on or about March 11, 2010 in Waller County, Texas. The indictments were signed on January 27, 2011 after a lengthy investigation.

2. The Defendant absconded from the scene, the county, and the State of Texas shortly after the murders.

3. Following the murders the Defendant committed an aggravated bank robbery in California and was apprehended. He was sentenced on the resulting charges on December 16, 2011 in the federal court system. On information and belief the Defendant has been in state and/or federal custody in California since the aggravated bank robbery.

4. The Defendant was returned to this jurisdiction on the above numbered and styled

54

causes on or about May 24, 2013.

5.     The Defendant appeared before this Court for the first time on June 4th, 2013 and this Honorable Court appointed counsel from the Regional Public Defender for Capital Cases.

6.     The Regional Public Defender refused to accept the appointment, and the Defendant was reassigned court appointed counsel on June 6th, 2013.

7.     The Defendant waived arraignment and entered a not guilty plea on July 15th, 2013.

8.     The Defendant requested and was granted additional counsel on July 18th, 2013.

9.     No discovery of any kind has been requested by counsel for the Defendant until counsel met together at the District Attorney's Office on August 28th, 2013.

10.     No court date has been requested by counsel for the Defendant. There has never been a request for trial or pretrial dates. No trial date has been set by the court.

11.     No motions have been filed by counsel with the exception of a request for additional counsel.

12.     To the knowledge of the undersigned attorney no request for investigator fees or psychological evaluation has been made by counsel.

13.     To the knowledge of the undersigned attorney there has been no request to see and inspect the State's file.

14.     Defense counsel has not reviewed any evidence in the possession of the District Attorney and has not reviewed the State's file.

15.     On or about June 12, 2013 the elected Criminal District Attorney Elton R. Mathis spoke with defense counsel Frank Blazek over the telephone regarding this case. As a result of that discussion Elton R. Mathis believed that defense counsel was requesting

that the case be put on hold pending time for Frank Blazek to assemble a mitigation packet to present to Elton R. Mathis in an attempt to get Elton R. Mathis to refrain from seeking the death penalty in the capital case. The District Attorney's Office has been actively preparing this case for trial, yet not anticipating a trial date in September 2013.

16. The State's trial case requires the presences of several out of state witnesses from various law enforcement agencies in California and Virginia. Given the present posture of the case, the State will require more time to coordinate and assure those witnesses' presence.

17. The Defense has not yet designated the expert witnesses it expects to call in their case in chief or in sentencing for purposes of mitigation. The State anticipates a significant time necessary to prepare for rebuttal. The State has filed a request for the names and addresses of any such defense experts.

18. The State has filed a motion for the psychological evaluation of the Defendant which has not been heard or completed.

19. The undersigned attorney is scheduled for hip replacement surgery on September 3rd, 2013. Recovery time is anticipated to be up to eight weeks. This surgery has already been rescheduled once so that the undersigned attorney would be able to try *The State of Texas v. Taylor McShan*. The undersigned attorney has been primarily involved in the investigation and prosecution of this cause. To assign the case to another attorney in the office other than the elected Criminal District Attorney would be a hardship.

20. Defense counsel Blazek in his *Motion for Appointment of Attorney as Co-Defense Counsel* indicates that this case is complex and requires more than one attorney. This statement is true on behalf of the State of Texas as well.

*5 6*

21. The State of Texas intends to seek the death penalty in this case. It is anticipated that the jury selection and trial of this case could take four to six weeks or possibly more.

22. The Defendant in this cause faces the death penalty and has only been represented by counsel for approximately 85 days. To proceed to trial at this time or any time in the near future would be reversible and harmful error.

23. While acknowledging the existence of Article 51.14 of the *Texas Code of Criminal Procedure* the undersigned does hereby assert that any provisions therein mandating trial by a date certain are impermissibly restrictive, are overbroad, and violate the separation of powers doctrines of the Texas and/or Federal Constitutions. Whether or not a case is ready for trial is based on numerous factors and cannot be reduced to a simple formula that applies equally to Class C Misdemeanors and Capital Felonies. The determination of when a case is ready for trial is in the providence of the judiciary not the legislature. Counsel would further show that this is the first request for a continuance by the State of Texas.

## II.

This Motion is made in the interest of justice and not for the purpose of delay, but so that justice may be done. A continuance is requested for only as long as is necessary.

THEREFORE, PREMISES CONSIDERED, the State of Texas prays that this Motion be granted and this cause be set at a later date.

57

Respectfully Submitted,

Frederick A. Edwards
Assistant District Attorney
Waller County, Texas
TBN 06435100
645 12th Street
Hempstead, Texas 77445
(979) 826-7718
(979) 826-7722 (FAX)

58

**11-01-13703, 11-01-13704 and 11-01-13705**

| THE STATE OF TEXAS | § | IN THE 506th DISTRICT |
|---|---|---|
| V. | § | COURT OF |
| DOMINIQUE DONTAE LASKER | § | WALLER COUNTY, TEXAS |

## AFFIDAVIT

BEFORE ME, the undersigned authority on this day personally appeared Frederick A. Edwards, Assistant Criminal District Attorney, Waller County, Texas, known to me to be the person whose name is being subscribed to the foregoing State's First Motion for Continuance, and who after being duly sworn on his oath states that he has personal knowledge of the facts relied on for the Motion and that the statements therein contained are true and correct to the best of his knowledge.

_____
Frederick A. Edwards

Given under my hand and seal of office, this the _____ day of _____, 2013.

_____
Notary Public in and for
Waller County, Texas

*59*

**11-01-13703, 11-01-13704 and 11-01-13705**

THE STATE OF TEXAS                    §        IN THE 506th DISTRICT

V.                                                  §              COURT OF

DOMINIQUE DONTAE LASKER §        WALLER COUNTY, TEXAS

## ORDER ON STATE'S FIRST MOTION FOR CONTINUANCE

It is hereby ordered that the State's First Motion for Continuance is hereby **Granted**

Furthermore, this cause is set for trial on _____.


_____
Judge Presiding

60

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 506th DISTRICT |
| VS. | § | COURT OF |
| DOMINIQUE DONTAE LASKER | § | WALLER COUNTY, TEXAS |

## STATES MOTION FOR COMPETENCY EXAMINATION

COMES NOW, the State of Texas, through the undersigned Assistant District Attorney and moves this honorable Court, in accordance with the provisions Art. 46B.005, 46B.021 and 46C.104 of Texas Code of Criminal Procedure to appoint a suitable expert to examine the Defendant and make written report to the Court, without delay, as to the competency of the Defendant to stand trial and otherwise answer to these criminal charges.

In support of this motion the State would show the following:

1.  The Defendant is charged by indictment with one Capital Murder and two indictments of Murder in the first degree alleged to have occurred on or about March 11, 2010. Issues of mitigation may be and will likely be at issue during the course of the Defendant's trial and a psychological examination would aid the Court or jury in any determination it may be asked to make concerning competency and matters of sentencing.
2.  The Defendant made statements to Texas Rangers during an interview to the effect that he saw a ghost at the time of the offenses and that he often thinks about hurting and killing other people.
3.  The Defendant in correspondence made during his incarceration in California made statements to the effect he feels there might be something "wrong" with him and he wanted his wife to check on the internet with the "Veteran's Court."
4.  The Defendant in telephone conversations while incarcerated in California makes mention of a discussion he had with a prison counselor to the effect that he has "questioned himself" on the need for help on mental issues in the past.
5.  The Defendant during a Court appearance before this Court

demonstrated in his demeanor a lack of understanding of the proceedings when this Court inquired into his desire to have court-appointed counsel, insisting instead that he wanted to have a ruling on an unrelated motion made pro se to the Court.

The State of Texas reasonably believes that the above behavior warrants an expert's determination of the Defendants competency to stand trial.

Respectfully submitted,

Frederick A. Edwards
Assistant District Attorney
Waller County, Texas
SBN: 06435100

## ORDER

THIS MOTION having been duly considered, the COURT hereby GRANTS/ DENIES the States Motion for Competency Examination and appoints

_____, to examine the Defendant and to report in writing as to the Defendant's competency to stand trial and otherwise answer to these criminal charges.

Date:_____

_____
Judge Presiding

**11-01-13703, 11-01-13704 and 11-01-13705**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 506th DISTRICT |
| V. | | COURT OF |
| DOMINIQUE DONTAE LASKER | § | WALLER COUNTY, TEXAS |

FILED
DISTRICT CLERK
WALLER COUNTY, TEXAS
2013 AUG 30 PM 2: 03
BY
DEPUTY

### STATE'S MOTION FOR DISCOVERY OF EXPERT WITNESSES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the undersigned assistant district attorney of Waller County, Texas, in the above-entitled and numbered cause, and makes this Motion for Discovery of Expert Witnesses, and for good cause shows the following:

1. This motion is filed under Article 39.14 of the Texas Code of Criminal Procedure.

2. This motion requests the following information which is known by the attorney for the defendant: the name and address of each person the defendant may use at trial to present evidence under Rules 702, 703, and 705 of the Texas Rules of Evidence.

WHEREFORE, PREMISES CONSIDERED, the State respectfully prays that this Honorable Court will grant this Motion for Discovery of Expert Witnesses, or in the alternative, that this Court will set this matter down for a hearing prior to trial on the merits and that at such hearing this motion will be granted.

Respectfully submitted,

Frederick A. Edwards
Assistant District Attorney
Waller County, Texas

63

No. 11-01-13703, 11-01-13704 and 11-01-13705

| THE STATE OF TEXAS | § | IN THE 506th DISTRICT |
|---|---|---|
| VS. | § | COURT OF |
| DOMINIQUE DONTAE LASKER | § | WALLER COUNTY, TEXAS |

## ORDER ON STATE' S MOTION FOR DISCOVERY OF EXPERT WITNESSES

Upon the foregoing State's Motion for Discovery of Expert Witnesses, it is hereby ORDERED that such motion be, and hereby is, GRANTED as to those things requested.

It is further ordered that the attorney for the defendant furnish counsel for the State the requested information on or before the 30th day before trial pursuant to Article 39.14 of the *Texas Code of Criminal Procedure*, at the District Attorney's Office, or at such other time and place as the parties may agree.

SIGNED this the _____ day of _____, 2013.

_____
Judge Presiding

*6 4*

CAUSE NO. 11-01-13704

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes the Defendant, **DOMINIQUE DONTAE LASKER**, by and through his attorneys of record, and submits this his Motion to Dismiss and for cause would show the Court the following:

1. The State of Texas obtained an indictment for Murder in this cause in January 2011. Waller County placed a detainer on Defendant while he was serving time in a federal prison. Defendant requested a final disposition to the indictment which was the basis of the detainer under the Interstate Agreement on Detainers (IADA), Art. 51.14 Texas Code of Criminal Procedure. Such request also demanded a speedy trial under the constitutional provision of the Sixth, and Fourteenth amendments of the United States Constitution.

2. More than 180 days have passed since the District Attorney and the Prosecutor received Defendant's written notice and request. The District Clerk of Waller County received the request on July 16, 2012. Defendant contends that the District Attorney of Waller County received the request on or about that day as well.

3. No delay has been sought by the Defendant. The Court has not found that good cause exists for any delay prior to the passing of 180 days. No trial has been commenced despite the passage of over 180 days.

See TEX. CODE CRIM. PROC. art. 51.14, Article V § (c) ("in the event that an action on the indictment . . . on the basis of which the detainer has been lodged is not brought to trial within the period provided in . . . Article IV hereof, the appropriate court of the jurisdiction where the indictment . . . has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect.")

*Davis v. State*, 345 S.W.3d 71, 75 (Tex. Crim. App. 2011).

4.    Defendant is entitled to have the cause dismissed under both the IADA and federal constitutional right to a speedy trial.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court will order the indictment herein be dismissed with prejudice.

Respectfully submitted,

**SMITHER, MARTIN,
HENDERSON & BLAZEK, P.C.**
1414 11th Street
Huntsville, Texas 77340
(936) 295-2624
(936) 294-9784 [Telecopier]

By _____
    Frank Blazek
    State Bar No. 02475500

William F. Carter
State Bar No. 03932800
108 E. William J. Bryan Parkway
Bryan, Texas 77803-5334
(979) 779-0712
(979) 779-9243 [Telecopier]

ATTORNEYS FOR DEFENDANT

66

## Certificate of Service

I do hereby certify that a true and correct copy of the above and foregoing *Motion for Disclosure of Favorable Evidence* has been forwarded to opposing counsel on this the 6th day of September, 2013, by facsimile to 1-979-779-9243, and addressed as follows:

Elton R. Mathis
Criminal District Attorney
645 12th Street
Hempstead, Texas 77445

_____
Frank Blazek

67

CAUSE NO. 11-01-13704

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, T E X A S |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

ORDER

BE IT REMEMBERED, that on the _____ day of _____, 2013, came on to be considered the above and foregoing Motion to Dismiss. After consideration of the same, it is the opinion of the Court that Defendant's Motion be:

( )   GRANTED, and the indictment is hereby dismissed with prejudice.

( )   DENIED, to which ruling the Defendant excepts.

SIGNED:   _____, 2013.


_____
JUDGE PRESIDING

*68*

CAUSE NO. 11-01-13704

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## MOTION FOR DISCLOSURE OF FAVORABLE EVIDENCE

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes the Defendant, **DOMINIQUE DONTAE LASKER**, by and through his attorneys of record, and submits this his Motion for Disclosure of Favorable Evidence, and for cause would show the Court the following:

1.     The State of Texas and its prosecutors have a duty to disclose favorable evidence to the defense. *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

It should be noted that the definition of favorable evidence is very broad and includes evidence that is mitigating, even if it does not exculpate. The subject evidence in the *Brady* case was merely mitigating.

2.     The State of Texas and its prosecutors have a duty to disclose any evidence suggesting that Defendant is not competent to stand trial. *Ex Parte Lewis*, 587 S.W.2d 697 (Texas Court Crim App. 1979).

3.     In this case Defendant is entitled to relief under the Interstate Agreement on Detainers (IADA). Art. 51.14 Texas Code of Criminal Procedure. Defendant is also entitled to relief under the Federal Constitutional provisions of the Sixth and Fourteenth Amendments thereto relating to a speedy trial. Defendant is entitled to production of any evidence that would support such claims.

69

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court will Order the District Attorney of Waller County to disclose any favorable evidence to counsel for Defendant, instanter.

Respectfully submitted,

**SMITHER, MARTIN, HENDERSON & BLAZEK, P.C.**
1414 11th Street
Huntsville, Texas 77340
(936) 295-2624
(936) 294-9784 [Telecopier]

By _____
Frank Blazek
State Bar No. 02475500

William F. Carter
State Bar No. 03932800
108 E. William J. Bryan Parkway
Bryan, Texas 77803-5334
(979) 779-0712
(979) 779-9243 [Telecopier]

ATTORNEYS FOR DEFENDANT

## Certificate of Service

I do hereby certify that a true and correct copy of the above and foregoing *Motion for Disclosure of Favorable Evidence* has been forwarded to opposing counsel on this the ___ day of September, 2013, by facsimile to 1-979-779-9243, and addressed as follows:

Elton R. Mathis
Criminal District Attorney
645 12th Street
Hempstead, Texas 77445

_____
Frank Blazek

71

CAUSE NO. 11-01-13704

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## ORDER

On this day came on to be heard Defendant DOMINIQUE DONTAE LASKER's Motion

for Disclosure of Favorable Evidence, and the same is GRANTED/DENIED as indicated above

and the time for such discovery to be completed by the prosecution is set at _____ o'clock

___.m., on _____, 2013. Such disclosure shall be made in writing by

delivering said writing to Defendant's attorney of record. **IT IS SO ORDERED.**

SIGNED and ENTERED this the _____ day of _____, 2013.


_____
JUDGE PRESIDING

72

Cause # 11-01-13704

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS | § | WALLER COUNTY, TEXAS |
| | § | |
| Dominque Dontae Lasker | § | 506TH JUDICIAL DISTRICT |
| | § | |

## STANDARD DISCOVERY ORDER

STATE IS ORDERED TO FURNISH:

1. A list of all anticipated trial witnesses, to be supplemented as others are discovered.
2. All written or recorded statements of the Defendant, along with all confessions or statements, whether verbal or otherwise, made pursuant to Art. 38.22 C.C.P.
3. Inspection of:
   a. All items seized from the defendant, any co-defendant or accomplice.
   b. All physical objects to be introduced as part of the State's case.
   c. All documents, photographs and investigative charts or diagrams to be introduced at trial.
   d. All contraband, weapons and implements of criminal activity seized or acquired by the State or its agents in the investigation of the alleged crime.
   e. All records of conviction which may be admissible in evidence or used for impeachment of the defendant.
   f. All tangible items of physical evidence collected by the State or its agents concerning the alleged offense to include latent fingerprints, footprints, hairs, fibers, fingernail scrapings, body fluids, tire tracks, paint scrapings, etc.
4. All promises of benefit or leniency afforded to any accomplice or prospective witness in connection with his proposed testimony or other cooperation with regard to the alleged offense.
5. All known convictions which are admissible for impeachment concerning any of the State's proposed witnesses.
6. All known convictions, pending charges or suspected criminal offenses concerning any accomplice proposed to be used as a witness by the State.
7. Copies of all complaints, search warrants, (related affidavits), autopsy reports, laboratory reports and laboratory reports of all examinations of contraband, fluids, hairs, fingerprints, blood samples, ballistics, soil, fibers and paints.
8. Inspection of all business records or governmental records expected to be introduced by the State.
9. All exculpatory evidence pursuant to *Brady v. Maryland* and related cases.
10. The State will furnish all such above items which are in the possession of the State's attorneys or which are known to be in the possession of the investigating officers or other agents of the State. Reasonable inquiry by the State and the defense is required.
11. In appropriate cases, the State is encouraged to furnish offense reports and witness statements in addition to the above items. However, such reports and statements are normally work product of the State and are therefore protected from mandatory disclosure unless the contents are exculpatory. Such statements and reports must be tendered to the defense for cross-examination on proper request under *Gaskin* or related requirements.
12. In the event that photographs, diagrams or models are prepared as "jury aids" at the direction of the State's attorneys before trial, such items will be considered work product unless the defense demonstrates a "particularized need" for inspection thereof.
13. This order will dispose of all pretrial discovery motions heretofore filed. Because of the extensive nature of the discovery herein ordered, it will be considered that such order is acceptable to the defense pending the review of evidence and documents as ordered. In the event that further particularized discovery is considered necessary, the defense may file a Motion for Discovery, addressing only matters not covered in this Order and such Motion will be presented to the Court at the earliest practical opportunity before trial. Such motion shall describe how the additional discovery differs from this Order.

The State is ordered to furnish the above inspection and copying on or before ten (10) days prior to trial. DEFENSE COUNSEL SHALL PICK UP DISCOVERY AT THE DISTRICT ATTORNEY'S OFFICE ON OR AFTER SUCH TIME. The Defense shall exercise reasonable diligence in contacting the State's attorney to arrange a mutually convenient time for the appointment.

The State is ordered to prepare a list of exhibited or furnished items to be filed among the papers of this cause within seven (7) days after discovery is completed.

ORDERED and ENTERED this 9 day of Sept , 20 13 .

ALBERT M. McCAIG, JR. Presiding Judge

73

Cause No. 11-01-13703
11-01-13704
11-801-13705

STATE OF TEXAS                                        IN THE DISTRICT COURT

v.                                                    WALLER COUNTY, TEXAS

Dominque Dontae Lasker                               506TH JUDICIAL DISTRICT

# SCHEDULING ORDER - CRIMINAL

Defendant and counsel shall be present at all hearings. Except as otherwise modified by the Court, and pursuant to Article 28.01 of the Texas Code of Criminal Procedure, a Pretrial Hearing and other matters are hereby Ordered set as follows:

1. _____    9:00 a.m.    **ARRAIGNMENT**

2. __11-4-13✓__    10:00 a.m.    **MOTIONS & PLEAS**
   All parties and Counsel shall be present and prepared to discuss all issues allowed under C.C.P., Art. 28.01.

3. _____    1:30 p.m.    **HEARINGS & BENCH TRIALS**

4. **On or before 10-days before Pretrial Hearing Date** all C.C.P., Art. 28.01 matters must be filed or will be considered waived.

5. _____    10:00 a.m.    **PRETRIAL HEARING**
   Pretrial hearing date is also the Plea Bargain Cutoff date. State and Defendant will announce whether the case will plead or if a trial is required, and whether trial is to the Court or to a jury.

At the Pretrial hearing all motions and other matters not previously ruled on will be heard. All parties must file and serve on opposing counsel the following: 1) Motions in Limine; 2) briefs and authorities on known issues that will be presented for hearing. Further, all counsel shall advise the Court of any special needs for presentation of their case, including technology requirements, interpreters or accommodation for disabilities.

6. __2-24-14✓__    9:00 a.m.    **JURY TRIAL**
   Final trial date & time will be set immediately after the Pretrial hearing.

**Defendant has received a copy of the Indictment and is the same person charged therein. Defendant waives formal Arraignment and reading of the Indictment and enters a plea of NOT GUILTY.**

Dated: __9-9-13__, replacing prior Scheduling Orders.

_____    _____    _____
Defendant's Signature        Counsel for Defendant Blazek    Counsel for State

_____
ALBERT M. McCAIG, JR., Judge Presiding

Copies:    White--Clerk    Yellow--State    Pink--Defendant    Gold--Defendant's Attorney

CAUSE NO. 11-01-13704

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## FIRST AMENDED MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes the Defendant, **DOMINIQUE DONTAE LASKER**, by and through his attorneys of record, and submits this his First Amended Motion to Dismiss and for cause would show the Court the following:

1.     The State of Texas obtained an indictment for Capital Murder in this cause in January, 2011. Waller County placed a detainer concerning this cause on Defendant while he was serving time in a federal prison. Defendant has twice requested a final disposition to the indictment which was the basis of the detainer under the Interstate Agreement on Detainers (IADA), Art. 51.14 Texas Code of Criminal Procedure. Such request also demanded a speedy trial under the constitutional provisions of the Sixth and Fourteenth Amendments of the United States Constitution.

2.     More than 180 days have passed since the District Clerk and the Prosecutor received Defendant's written notice and request. The District Clerk of Waller County received the request on July 16, 2012. The District Clerk of Waller County received a second such request on February 8, 2013. The District Attorney of Waller County received the two requests on or about July 16, 2012, and February 8, 2013, as well. The second request was properly transmitted by and through the warden of the federal prison facility in which Defendant was incarcerated.

25

3.    No delay has been sought by the Defendant. The Court has not found that good cause exists for any delay prior to the passing of 180 days. No trial has been commenced despite the passage of over 180 days.

> See TEX. CODE CRIM. PROC. art. 51.14, Article V § (c) ("in the event that an action on the indictment . . . on the basis of which the detainer has been lodged is not brought to trial within the period provided in . . . Article IV hereof, the appropriate court of the jurisdiction where the indictment . . . has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect.")

*Davis v. State*, 345 S.W.3d 71, 75 (Tex. Crim. App. 2011).

If the 180-day time period set by Art. III(a) of the IADA began running on February 8, 2013, trial should have commenced on or before August 7, 2013. If that period began running on July 16, 2012, commencement of trial should have been on or before January 14, 2013.

4.    Defendant is entitled to have the cause dismissed under both the IADA and federal constitutional right to a speedy trial.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court will Order the indictment herein be dismissed with prejudice.

Respectfully submitted,

SMITHER, MARTIN,
HENDERSON & BLAZEK, P.C.
1414 11th Street
Huntsville, Texas 77340
(936) 295-2624
(936) 294-9784 [Telecopier]

By _____
Frank Blazek
State Bar No. 02475500

William F. Carter
State Bar No. 03932800
108 E. William J. Bryan Parkway
Bryan, Texas 77803-5334
(979) 779-0712
(979) 779-9243 [Telecopier]

ATTORNEYS FOR DEFENDANT

## Certificate of Service

I do hereby certify that a true and correct copy of the above and foregoing *First Amended Motion to Dismiss* has been forwarded to opposing counsel on this the ____ day of October, 2013, by facsimile to 1-979-779-9243, and addressed as follows:

Elton R. Mathis
Criminal District Attorney
645 12th Street
Hempstead, Texas 77445

Frank Blazek

Cause No. 11-01-13703
13704
13705

STATE OF TEXAS § IN THE DISTRICT COURT

v. § WALLER COUNTY, TEXAS

Dominique Dontae Lasker § 506TH JUDICIAL DISTRICT

## SCHEDULING ORDER - CRIMINAL

Defendant and counsel shall be present at all hearings. Except as otherwise modified by the Court, and pursuant to Article 28.01 of the Texas Code of Criminal Procedure, a Pretrial Hearing and other matters are hereby Ordered set as follows:

1. _____ 9:00 a.m. **ARRAIGNMENT**

2. _1-22-14_ ✓ ~~10:00 a.m.~~ 1:30 **MOTIONS & PLEAS**
   All parties and Counsel shall be present and prepared to discuss all issues allowed under C.C.P., Art. 28.01.

3. _1-10-14_ ✓ ~~1:30 p.m.~~ 10:00 **HEARINGS & BENCH TRIALS** Suppression Hearing

4. **On or before 10-days before Pretrial Hearing Date** all C.C.P., Art. 28.01 matters must be filed or will be considered waived.

5. _2-14-14_ ✓ 10:00 a.m. **PRETRIAL HEARING**
   Pretrial hearing date is also the Plea Bargain Cutoff date. State and Defendant will announce whether the case will plead or if a trial is required, and whether trial is to the Court or to a jury.

At the Pretrial hearing all motions and other matters not previously ruled on will be heard. All parties must file and serve on opposing counsel the following: 1) Motions in Limine; 2) briefs and authorities on known issues that will be presented for hearing. Further, all counsel shall advise the Court of any special needs for presentation of their case, including technology requirements, interpreters or accommodation for disabilities.

6. _2-24-14_ ✓ 9:00 a.m. **JURY TRIAL**
   Final trial date & time will be set immediately after the Pretrial hearing.

**Defendant has received a copy of the Indictment and is the same person charged therein. Defendant waives formal Arraignment and reading of the Indictment and enters a plea of NOT GUILTY.**

Dated: _11-4-13_ , replacing prior Scheduling Orders.

X _____          _____          _____
Defendant's Signature        Counsel for Defendant        Counsel for State

_____
ALBERT M. McCAIG, JR., Judge Presiding

To: Honorable Judge McCaig Jr
    836 Austin Street
    Hempstead Texas, 77445

From: Dominique D. Lasker 025113
    701 Calvit Street
    Hempstead Texas, 77445

Dear, Honorable Judge McCaig Jr

I know that you are a busy man, but I beg you to hear by your courtesy, a few words from me. I feel that I have been deprived of my constitutional rights, and since you are the Judge, and the Judge is suppose to be Judge of right and wrong between the state and opposing Attorneys, with all due respect I believe it starts with you Sir. I feel that you have been against me (biased) Since I set foot on deck due to what was said at the informal Arraignment. I asked you about the motions that I sent the court, and you told me that Texas law does not permit me to do that on my own. You did not state a law concerning that matter but Article 1.05 of the code of criminal procedure States that its my right to represent myself, or counsel or both. And Article 1.052 States that a defendant who is not represented by an attorney must Sign any pleading, motion, or other paper filed for or on the defendant's behalf and state the defendant's address.

☐ Original to Court File
☐ Copy to District Attorney
☑ Copy to Defense Attorney

CC: DA, Judge
Atti Blazek

79

I asked you if you received my paper-work and you quickly thumbed through a purple folder saying that you do see entries. I asked you for a copy of my docket sheet and you said I didn't have one. How can I have indictments pending against me; motions that have been received and filed but no docket sheet to show entries of these things? I felt highly disrespected and intellectually undermined that day. According to Merriam-Webster's Dictionary, honorable means deserving of honor and or characterized by Integrity. We stand at your presence and call you honorable but that day I questioned within myself "Where is the honor In that?". I Sent the court and The District Attorney A Speedy Trial and Final disposition request in Accordance With Texas CCP Article 51.14. You said yourself you received it (And that should be on record) and that you didn't Act on It. I Even have a sheet of paper Saying "No Action at this Time" with your Initials. The whole process starts With you Sir. The IAD Request is basically Telling you that I'm at my place of Imprisonment and I'm ready for Your Jurisdiction to get custody of me to handle pending indictments, informations or complaints against me. I don't know how familiar you are with the IAD Request that I made to both your court and the District Attorney but on the First page in Section 3 It clearly states that The defendant (Dominique D. Lasker) moves this court to order he be brought to trial, and that the prosecuting Authorities arrange temporary custody under the appropriate provisions of The IAD Article 51.14. The DA is not on his own, The order has to come from the court (Judge) that is why the DA's Request for Temporary custody has to be Signed by the Judge. The District Attorney's main three arguments for my first Request is that: It was not Sent Certified, It was Sent to wrong address, and that it did not go through the Warden.

80

The only Argument that is even close to being Valid is that it did not go through the Warden of the prison. These are all Safety Valves put in place for my protection and my benefit, not to deprive or deny me my Speedy trial rights that is binding on the States by the fourteenth amendment. Sending mail Certified Just makes sure it arrives at destination or can be tracked. It was Said that it was Sent to wrong address but DA Still claim to have both received and filed papers 3 days after Court received and filed their papers, So it makes that argument frivolous. The issue about being forwarded through the warden can be tricky but over all things the warden cannot deny me from requesting for Speedy trial either. It is my constitutional right. There is no Signature Spot for the warden on my request or any other request. Also See Article 51.14 IV (d) if there is any confusion. The point of the matter is that It doesn't matter if I go through the Warden or not because the agreement is not between me and the warden, its between the Sending and receiving States. So in each Case of Forwarding through Warden or not, the DA Still has to Contact Sending Authorities to make proper arrangements. As you now know I made a Second request on September 27, 2012 and this one was done correctly According to Article 51.14 Sec III. Not that the first Request is invalid, the Second Request is everything the District Attorney claim the first one was not. I Sense that it will not be acknowledged that the court dropped the ball and therefore my Constitutional rights have been violated. If by chance it is acknowledge and the law is obeyed by those who enforce the law then according to Article 28.061 The Court Shall discharge defendant with prejudice. If laws are broken to be enforced then who is the real Criminal??? Its like Paul Said in the bible Acts 23:3 " you Sit to Judge me according to the law, and you command me to be Struck Contrary to the law".

To be honest I heard you were a good Judge and that you had a military background and that is why I am revealing to you what is See In your court before I Start writing letters to prominent men and women I have met to look into these things. I do not prefer such publicity but I have to do what I have to do also. I am very familiar with The IAD Request and Article 51.14 and I hope you are also The battle is not mine but I do have to show up. The System with either operate according to law (not the Waller County Version) or find itself fighting against God, And I guarantee all of our arms are to short to box with God. Since It is also a right to have access to legal material, I Respectfully Request such material. It Can be in the form of books or on a computer with publications on a thumb drive. In Court yesterday my lawyer said that If you grant our motion to dismiss, the State would appeal, and if you denied it we will go to a higher court (writ of mandamus) but either way it will Give higher courts a peek into how Waller County does business. My mind, body, and Soul is prepared to go whatever distance. I do know that the Case will be dismissed either now down here or later up there (Higher court). Dont worry the Ex Parte Funds will be well used to make Sure that every Rock is overturned and that every word be proved beyond a reasonable doubt. So I guess when you receive the Stipulations from both parties you will make your ruling on it, So Some time in the near future I will know what I need to Concoct and Send to those prominent people and those who care. Im Just mentioning that the Continuance you gave the DA was not reasonable. Yes It is true that the case is complex but from June 6 to Sept 9? a whole 3 months no court and no showing of evidence? So eleven days before Your 180 day limit pass you give a Continuance. that will be brought up also. The Dates and Times Speak for Themselves.

Thank you for Your time Sir.                    Dominique D. Leeks

82.





645 12th Street
Hempstead, Texas 77445

# Elton R. Mathis
Criminal District Attorney
Waller County

November 18, 2013

Mr. Frank Blazek
1414 11th Street
Huntsville, Texas 77340

      In Re:  State of Texas v. Dominique Dontae Lasker
              Cause Nos. 11-01-13703, 11-01-13704 and 11-01-13705
              506th Judicial District Court, Waller County, Texas

*Delivered by FAX and by Certified Mail receipt # 7002 3150 0000 3033 7222*

Dear Mr. Blazek,

      Please find attached the State's proposed *"Stipulation of Evidence"* consisting of a number of attachments. I have taken the liberty of filing these documents with the Court as well for purposes of argument in your motion for dismissal.

Best Regards

Fred Edwards, Assistant District Attorney
Waller County District Attorney's Office
Waller County, Texas

Enclosures
Cc: 506th Judicial District Court

*83*

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY. TEXAS |
| | § | |
| DOMINQUE DONTAE LASKER | § | 506TH[TH] JUDICIAL DISTRICT |

## STIPULATION OF EVIDENCE

COMES NOW, the State of Texas and the Defendant through their undersigned attorneys and enters into the following stipulation of evidence for all purposes and all aspects of the trial of these causes, and would stipulate as follows:

1. The State of Texas stipulates that the State received documents marked as State's Exhibit A (consisting of eight pages) on February 8, 2013.

2. The State of Texas stipulates that the State received documents marked as State's Exhibit B (consisting of five pages and an envelope) on July 19, 2012.

3. The State of Texas stipulates that the State of Texas through the Waller County Sheriff's Office obtained custody of the Defendant on May 24, 2013.

4. The Defendant stipulates that the State of Texas sent by facsimile copies of the indictments against the Defendant to Kelly Palmer, U.S.P.O., SD/CA, on October 7, 2011, consisting of five pages, marked State's Exhibit C.

5. The Defendant stipulates that the State of Texas received facsimile from Ed Perez concerning necessary forms for transfer on August 31, 2012, consisting of one page marked as State's Exhibit D.

6. The Defendant stipulates to correspondence from Waller County DA's Office to Warden USP, Victorsville, CA forwarding completed IAD and required documents and USPS Certified Mail Receipt card, dated January 2, 2013, consisting of nine pages and card, marled as State's Exhibit G.

7. The Defendant stipulates to correspondence received by the Waller County DA's Office from USDJ, Victorsville, Warden McGrew, forwarding on more forms, dated January 31, 2013, consisting of two pages and forms, marked as State's Exhibit H.

8. The Defendant stipulates to a letter from USDJ, Victorsville, CA, Corrections Systems Officer dated April 8, 2013, received by facsimile attaching Prosecutor's certification and IAD VI, consisting of three pages, marked as State's Exhibit F.

9. The Defendant stipulates that the State of Texas sent a copy of the State of Texas , Texas Administrator cover letter and IAD Form VI to Linda T. McGrew, Warden, USPO, Victorsville, CA on April 17, 2013, consisting of three pages and U.S. Postal Service Receipt, marked as State's Exhibit E.

1

84

10. The Defendant stipulates that the Waller County DA's Office received from USDJ, Victorsville a facsimile correspondence acknowledging receipt of Waller County DA's Office letter of March 20, 2013, this facsimile received April 9, 2013, consisting of one page, marked as State's Exhibit I.

11. The Defendant stipulates that the State of Texas sent a letter to the Warden of FCC-USP, Victorsville, CA providing a IAD Form VI signed by the Texas IAD Administrator, on May 1, 2013, consisting of three pages and envelope, marked as State's Exhibit J.


Agreed to this the _____ day of _____, 2013.


_____

Defendant's Signature


Sworn to and subscribed before me on _____ day of _____ 2013.


_____

County Clerk, Waller, County, Texas


Approved:


_____

Frank Blazek/Billy Carter
Attorney for Defendant


_____

Elton Mathis
Criminal District Attorney, Waller County


_____

Judge Presiding
506th Judicial District Court

2

*85*

**U.S. Department of Justice**

**Federal Bureau of Prisons**

**Federal Correctional Complex**
*Victorville, California*

January 31, 2013

Office of the District Attorney

Elton R. Mathis, Criminal District Attorney
Waller County
506th Judicial District
645 12th Street
Hempstead, Texas 77445

Re: Lasker, Dominique Dontae
   Register Number 22867-289280
   STATE CASE/REFERENCE NO. 11-01-13703; 11-01-13704; 11-01-13705

Dear Mr. Mathis:

In response to your request for temporary custody pursuant to the Interstate Agreement on Detainers Act (IADA), applicable forms are enclosed.

Please be advised subject has been notified of your request and has been afforded a 30-day period in which to contact the Warden of this institution as to any reasons why he should not be produced in your State pursuant to the Agreement.

 X  The inmate has waived this 30-day period.  You may contact this facility directly to arrange for temporary custody.

___  The inmate has elected this 30-day period, provided under Article IV(a), which expires on (___DATE___).  Any court proceedings must occur after this date.

Please remit to this office the original completed Form VI, "Evidence of Agent's Authority to Act for Receiving State" (BP-A564) and originals of the IAD Form V (BP-568) and IAD FormVI (BP-565). The persons designated as agents to return the prisoner to your State must also be the persons whose signatures appear on the Form VI.  Naming alternative agents would be advisable in case your primary agents cannot make the trip.  The alternate agents' signatures should also appear on the Form VI.  Also be advised that the designated agents must have in their possession a copy of the warrant when assuming custody of the prisoner.

**EXHIBIT**

St - A.

86

Page Two
RE: Lasker, Dominique Dontae
    Register No. 22867-289

Inmates who are temporarily transferred pursuant to the IAD remain under the primary jurisdiction of Federal authorities. Should you accept temporary custody of this inmate, we wish to remind you that under Article V(e) of the IADA, you are required to return the above-named inmate to this institution after prosecution on all pending charges.

While this inmate is in your temporary custody, he/she will be held in a suitable jail that meets the level of security required by the Bureau of Prisons. In addition, security requirements for the inmate must be met. Two law enforcement escort officers, handcuffs, martin chains and leg irons are required. Contract Guard Services are not allowed.

Any problems associated with this inmate must be reported to the individual listed below. This inmate may not be released on bail or bond or any other agency while in your custody. Additionally, this inmate is not to be committed to a state correctional institution for service of any state sentence(s) that may be imposed because of your prosecution.

To help us with processing, please fill out the enclosed certification form and return to us before scheduling a date for assuming custody. Before making scheduling arrangements, please contact this individual below to ensure all required paperwork and approvals have been met.

If you have any questions on this matter, please call: D. Wren, Supervisory Correctional Systems Specialist at 760-530-5748.

                              Sincerely

                              Linda T. McGrew, Warden

                              /s/ D.
                              Wren, SCSS

Enclosures:   BP-Forms A235, A236, A238, A239
              BP-A565, IAD/State Writ – Prosecutor's Certification Form

cc:   Clerk of Court
      State IADA Administrator

87



BP-S235(51)   IAD -NOTICE  'UNTRIED INDICTMENT

U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| INMATE NAME: | REGISTER NUMBER: | INSTITUTION: |
|---|---|---|
| LASKER, DOMINIQUE DONTAE | 22867-298 | FCC VICTORVILLE COMPLEX |

Pursuant to the Interstate Agreement on Detainers Act, you are hereby informed that the following are the untried indictments, information, or complaints against you concerning which the undersigned has knowledge, and the source and contents of each:  **WALLER COUNTY SHERIFF'S OFFICE. CAPITOL MURDER CAUSE #11-01-13703, 11-01-13704 AND 11-01-13705.**

You are hereby further advised that the provisions of said Agreement you have the right to request the appropriate prosecuting officer of the jurisdiction in which any such indictment, information or complaint is pending and the appropriate court that a final disposition be made thereof. You shall then be brought to trial within 180 days, unless extended pursuant to provisions of the Agreement, after you have caused to be delivered to said prosecuting officer and said court written notice of the place of your imprisonment and your said request, together with a certificate of the custodial authority as more fully set forth in said Agreement. However, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

Your request for final disposition will operate as a request for final disposition of all untried indictments, information or complaints on the basis of which detainers have been lodged against you from the state to whose prosecuting official your request for final disposition is specifically directed. Your request will also be deemed to be a waiver of extradition with respect to any charge or proceedings contemplated thereby or there imposed upon you, after completion of your term of imprisonment in this state. Your request will also constitute a consent by you to the production of your body in any court where your presence may be required in order to effectuate the purposes of the Agreement on Detainer and a further consent voluntarily to be returned to the institution in which you are now confined.

Should you desire such a request for final disposition of any untried indictment, information or complaint, you are to notify the Inmate Systems Manager of the institution in which you are now confined.

You are also advised that under provisions of said Agreement the prosecuting officer of a jurisdiction in which any such indictment, information or complaint is pending may oppose the request that you be delivered to such prosecuting officer or court. You may request the Warden to disapprove any such request for your temporary custody but you cannot oppose delivery on the ground that the Warden has not affirmatively consented to or ordered such delivery.

| DATE: | NAME AND TITLE OF CUSTODIAL AUTHORITY | Linda T. McGrew, Complex Warden |
|---|---|---|
| August 31, 2012 | Charles E Samuels Jr. Director, Bureau of Prisons | BY: D. Wren, Correctional Systems Specialist |

| DATED: | INMATE SIGNATURE |
|---|---|
| ᴊ๐\ᴋ/ ๏า/ᴌา | |

Original   Inmate
Copy:      J&C File
           Central file

**BP-S236.051 IAD – PLACEMENT OF IMPRISONMENT  CDFRM**

FEB 94
U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

| To: Prosecuting Officer | Jurisdiction: |
|---|---|
| ELTON R. MATHIS | WALLER COUNTY, TX |
| Court: | Jurisdiction: |
| 506th JUDICIAL DISTRICT | WALLER COUNTY, TX |

And to all other prosecuting officers and courts of jurisdiction listed below from which indictments, information or complaints are pending, you are hereby notified that the undersigned is now imprisoned in:

Institution:
Federal Correctional Complex - United States Penitentiary  P.O. Box 5400, Victorville, CA 92301

And I hereby request that a final disposition be made of the following indictments, information or complaints now pending against me:     **WARRANT No. 11-01-13703,  11-01-13704 and 11-01-13705**
                **CAPITAL MURDER SECTION: 19.03 DEGREE: CAPITAL FELONY**

Failure to take action in accordance with the Interstate Agreement on Detainers Act, to which your state is committed by Law, will result in the invalidation of the indictments, information or complaints.

I hereby agree that this request will operate as a request for final disposition of all untried indictments, information or complaints on the basis of which detainers have been lodged against me from your state. I also agree that this request shall be deemed to be my waiver of extradition with respect to any charge or proceedings contemplated hereby or included herein, and a waiver of extradition to your state to serve any sentence there imposed upon me, after completion of my term of imprisonment in this state. I also agree that this request shall constitute a consent by me to the production of my body in any court where my presence may be required in order to effectuate the purposes of the Interstate Agreement on Detainers Act and a further consent voluntarily to be returned to the institution in which I now am confined.

If jurisdiction over this matter is properly in another agency, court or officer, please designate the proper agency, court or officer and return this form to the sender.

Forms BP-S238(51), Certificate of Inmate Status, and BP-S239(51), Offer of To Deliver Temporary Custody, are attached.
Dated:

                        Inmate's Name and Register No.:
January 30, 2013                    **LASKER, DOMINIQUE DONTAE**
                        **Federal Register: 22867-298**

The inmate must indicate below whether he has counsel or wishes the court in the receiving state to appoint counsel for purposes of any proceedings preliminary to trial in the receiving state which may take place before his delivery to the jurisdiction in which the indictment, information or complaint is pending. Failure to list the name and address of counsel will be construed to indicate the Inmate's consent to the appointment of counsel by the appropriate court in the receiving state.

| A.  My Counsel is (give name) | Address is: (Street, City, State, Zip Code) |
|---|---|
|  |  |

B.  I request the Court to appoint Counsel. (Inmate's Signature)

89

BP-S238.051 IAD – CERTIFICATE OF INMATE STATUS   CDFRM
February 19 94
U.S. DEPARTMENT OF JUSTICE                          FEDERAL BUREAU OF PRISONS

| Inmate's Name:<br>LASKER, DOMINIQUE<br>DONTAE | Register No.:<br>22867-298 | Institution:<br>FCC VICTORVILLE<br>COMPLEX |
|---|---|---|

Institution Address: **Federal Correctional Complex, P.O. BOX 5400 Adelanto, CA 92301**

The (Custodial Authority) hereby certifies:

1. The term of commitment under which the prisoner above named is being held:
   **121 MONTHS**

2. The Time Already Served:   **1 YEAR 3 MONTHS 4 DAYS**

3. Time Remaining to be Served on the Sentence:   **6 YEARS 6 MONTHS 15 DAYS**

4. The Amount of Good Time Earned: **108**

5. The Date of Parole Eligibility of the Prisoner:

6. The decisions of the U.S. Parole Commission relating to the Prisoner:

7. Maximum expiration date under present sentence: **11-29-2020**

Detainers currently on file against this inmate from your state are as follows:
   **WARRANT No. 11-01-13703, 11-01-13704 AND 11-01-13705**

| Date:<br><br>1/30/13 | Name and Title of Custodial Authority<br>**Charles E. Samuels Jr.**<br>**Director, Bureau of Prisons** | By: (Chief Executive Officer)<br>**Linda T. McGrew,**<br>**Complex Warden**<br><br>*(signature)*<br>**D. Wren**<br>**Correctional Systems Specialist** |
|---|---|---|

Record Copy - State IAD Administrator
Copy - J&C File
Copy - Central File (Sect. 1)
Copy - Prosecuting Official (Mail Certified Return Receipt)
Copy - Clerk of Court (Mail Certified Return Receipt)

*90*

BP-S239.051     IAD - OFFER TO DELIVER TEMPORARY CUSTODY          CDFRM
February 1994
U.S. DEPARTMENT OF JUSTICE                                        FEDERAL BUREAU OF PRISONS

Date:   January 30, 2013

| To:  Prosecuting Officer **ELTON R. MATHIS** | Name and Title (if known) **Criminal District Attorney** | Jurisdiction: **WALLER COUNTY, TX** |
|---|---|---|

And to all other prosecuting officers and courts of jurisdiction listed below from which indictments, information or complaints are pending

| Re: (Inmate's Name) **LASKER, DOMINIQUE DONTAE** **22867-298** | Register Number |
|---|---|

          Pursuant to the provisions of Article V of the Interstate Agreement on Detainers Act between this state and your state, the undersigned hereby offers to deliver temporary custody of the above-named prisoner to the appropriate authority in your state in order that speedy and efficient prosecution may be had of the indictment, information or complaint which is described in the attached inmate's request dated:
**September 27, 2012**
          The required Certificate of Inmate Status is enclosed. dated: **January 30, 2013**

          If proceedings under Article IV(d) of the Interstate Agreement on Detainers Act are indicated, an explanation is attached.

          Indictments, information or complaints charging the following offenses also are pending against the inmate in your state and you are hereby authorized to transfer the inmate to custody of appropriate authorities in these jurisdictions for purposes of these indictments, information or complaints.

**CAPITAL MURDER**                          **DISTRICT COURT OF WALLER COUNTY, TEXAS**
**19.03**                                   **506TH JUDICIAL DISTRICT**
**CAPITAL FELONY**

If you do not intend to bring the inmate to trial, will you please inform us as soon as possible? Kindly acknowledge.

| By: (Chief Executive Officer) | Institution & Address: | Name/Title Custodial Authority: |
|---|---|---|
| D. Wren Correctional Systems Specialist Linda T. McGrew Complex Warden | FCC Victorville - USP P.O. Box 5400 Adelanto, CA 92301 | Charles E. Samuels Jr. Director Bureau of Prisons |

*91*

BP-S565.051  **IAD / STATE WRIT - PROSECUTOR'S CERTIFICATION** CDFRMDEC 02
**U.S. DEPARTMENT OF JUSTICE**                                     **FEDERAL BUREAU OF PRISONS**

This is to certify that I, ELTON R. MATHIS, Criminal District Attorney, hereby request
temporary custody of **LASKER, DOMINIQUE DONTAE, Federal Register Number 22867-298** via __X__
**IAD** __**State Writ**__ (check one), and do hereby agree to the following conditions in connection
with the request for custody of said inmate.

### Conditions

a. Agree that said inmate will be provided safekeeping, custody, and care and will assume
   responsibility for that custody to include providing the inmate with the same level of
   security required by Bureau of Prisons Policy.

b. Agree to report to the Bureau of Prisons any problems associated with said inmate, to
   include disciplinary problems, medical emergencies, suicide attempt, escape or attempted
   escape or any other problem arising during commitment.

c. Agree not to release said inmate on bail or bond or to commit them to an institution for
   service of any sentence imposed in connection with our prosecution.

d. Agree to return said inmate to the federal institution from which they were obtained at
   the conclusion of the inmate's appearance in the proceeding for which obtained.

e. Agree to notify the local jail authority of the responsibility to return the inmate to
   federal custody.

As the Prosecuting Official for the State of **Texas** I, **ELTON R. MATHIS, Criminal District
Attorney,** hereby submit the following information in connection with my request for
temporary custody of **LASKER, DOMINIQUE DONTAE, Federal Register Number 22867-298.**

### Information

1. Name of facility, location, contact person, and phone number where the inmate will be
   confined during legal proceedings. Walker Co. Sheriff's Office, 701 Calvit Hempstead, TX 77445

| 1.+ 2. Scheduled date for trial. R. Glenn Smith, Sheriff (979) 826-8282  Not scheduled | 3. Projected date of return of the prisoner to federal custody:  2-12- 2014 |
| --- | --- |

4. Name and phone number of the state agency, specific name of agent(s) who will transport
   the inmate at direction of the court and whether a private carrier, contractor (if
   permitted by Bureau of Prisons policy), state agency, or the USMS, will be transporting
   the inmate for the state. Walker Co. S.O. 979 826-8282

5. Need for appearance of inmate and nature of action.
   Trial for capital murder

6. **For State Writ cases only (not required for IAD):**
   a.  Name and address of court issuing writ, name of the judge, and name, address, and
   phone number of clerk of the court.



   b.  Reason production on writ is necessary and reason another alternative is not
   available (for civil cases).

| 7. Signature and Title of Prosecutor | Date |
| --- | --- |

Subscribed and sworn before (Date): _____

| 8. Signature of Notary Public | Date |
| --- | --- |

Original - J&C File, Copy - Central File   This form replaces BP-S565 dtd FEB 94)

92

BP-S568.051 **IAD FORM V - REQUEST FOR TEMPORARY CUSTODY** CDFRM AMARLLO FEB 94
**U.S. DEPARTMENT OF JUSTICE** **FEDERAL BUREAU OF PRISONS**

Six copies. Signed copies must be sent to the prisoner and to the official who has the prisoner in custody. A copy should be sent to the Agreement Administrator of both the sending and the receiving state. Copies should be retained by the person filing the request and the judge who signs the request. Prior to transfer under this Agreement, an Inmate may be afforded a judicial hearing (Cuyler) similar to that provided under the Uniform Extradition Act, in which the inmate may bring a limited challenge to the receiving state's request.

#### Request for Temporary custody

To: (Warden-Superintendent-Director) - Institution and Address
United States Penitentiary, Victorville FCC, P.O. Box 3900, Adelanto, C 92301

Please be advised that (Name of Inmate) DOMINIQUE DONTAE LASKER 22867-248, who is presently an inmate of your institution, is under [indicate appropriate] (indictment) (information) (complaint) in the (Jurisdiction) 506th District Ct. Waller County Texas, of which I am the (Title of Prosecuting Officer) District Attorney. Said inmate is therein charged with the offense(s) enumerated below:

**Offense(s)**

① Capital Murder 11-01-13703, ② Capital Murder 11-01-13704, ③ Capital Murder 11-01-

I propose to bring this person to trial on this [indicate appropriate] (indictment) (information) (complaint) within the time specified in Article IV(c) of the Agreement.

In order that proceedings in this matter may be properly had, I hereby request temporary custody of such persons pursuant to Article IV(a) of the Agreement on Detainers.

Attached herewith find in triplicate:
a. Certified copies of the complaint, information or indictment
b. Certified copies of the warrant
c. Certified copies of fingerprints, photographs or physical description

I hereby agree that immediately after trial is completed in this jurisdiction, I will return the prisoner directly to you or allow any jurisdiction you have designated to take temporary custody. I agree also to complete Form IX, The Notice of Disposition of a Detainer, immediately after trial.

| Printed Name and Signature Elton R. Mathis | Title Criminal District Attorney | Date Nov 26, 20 |

| Address: 645 12th Street | City/State: Hempstead, Texas 77445 | Telephone No.: 979-826-7718 |

I hereby certify that the person whose signature appears above is an appropriate officer within the meaning of Article IV(a) and that the facts recited in this request for temporary custody are correct and that having duly recorded said request, I hereby transmit it for action in accordance with its term and the provisions of the Agreement on Detainers.

| Judge's Printed Name and Signature Albert M. McCaig | Date Nov 26, 201 |

| Court 506th Judicial District Court | Judicial Distict 506th |

| City/State Hempstead, Waller County, Texas | Telephone No. 979-826-921-0921 |

(This form may be replicated via WP)

Albert M. McCaig, Jr.
Judge, 506th Judicial District Court
Waller and Grimes Counties, Texas

93

# NOTICE AND DEMAND TO DISTRICT ATTORNEY/PROSECUTOR
# FOR TRIAL OR DISPOSITION OF WARRANTS, INFORMATIONS, DETAINERS OR
# INDICTMENTS BY FEDERAL PRISONER

TO: Office of District Attorney

  646 6ᵗʰ Street Suite 1

  Hempstead TX 77445

FROM:   Dominique Dontae Lasker
Reg. No. __22867-298__
United States Penitentiary
Victorville FCC
PO Box ~~XXX~~ 3900
Adelanto, CA 92301

Dear Sir/Madam:

 1. I have been informed that I have the following outstanding warrant(s), indictment(s), or complaint(s) under the following case numbers, issuing from your jurisdiction:

| | |
|---|---|
| Capital Murder Charge | # 11-01-13703 979-826-8282 |
| Capital Murder Charge | # 11-01-13704 979-826-8282 |
| Capital Murder Charge | # 11-01-13705 979-826-8282 |
| | # |

 2. I am presently a federal prisoner in the custody of the United States Attorney General, incarcerated at the Victorville Federal Correctional Complex, located in Adelanto, California.

 3. I was sentenced in the United States District Court for the __Southern__ District of __California__, to a term of __121__ months. My current projected release date from federal custody is __August__, __13__, 20 __19__, as found in the attached BOP documentation (see Sentence Monitoring/Data Computation printout).

 4. The outstanding charges pending from this jurisdiction adversely affect the conditions of my incarceration, and do not allow my participation in certain rehabilitative programs. I remain in a higher security classification category and the delay in prosecution prejudices my defense against these outstanding charges.

 5. I have provided this communication to invoke the statutes, rules and procedures of this State for speedy trial and disposition of untried warrants, indictments and complaints. Based upon these provisions I would demand a speedy trial or disposition within one-hundred and twenty (120) days, on any and all criminal actions in your jurisdiction and/or alternatively, that you submit request for temporary custody to the federal bureau of prison authorities, pursuant to the requirements of applicable statutes for Interstate Agreement on Detainers ("IAD").

                   Cordially,

Dated: __2012 / 07 / 2__

                         REQUESTOR
             Mr. Dominique Dontae Lasker

__E. Hambruck , Hambruck__
Authorizated by the Act of
WITNESS-PRISON STAFF MEMBER July 7, 1955, as amended,
to administer oaths (18

COPIES: ORIGINAL TO DISTRICT ATTORNEY; KEEP COPY OF RECORDS TO BE USED WITH REQUEST TO COURT FOR DISMISSAL. ALSO: INCLUDE DOCUMENTATION FROM THE CASE U.S.C. § 4004) REGARDING THE WARRANT/DETAINER, AND IF POSSIBLE YOUR SENTENCE MONITORING/DATA COMPUTATION PRINTOUT SHOWING YOUR PROJECTED RELEASE DATE

VIP Law Library Forms/NoticeSpeedyTrial-Detainer (Rev 9/11)

EXHIBIT

St-B   94

IN THE  District  COURT OF  Waller  COUNTY

FOR THE STATE OF  Texas  [ 506 District]

| | | |
|---|---|---|
| Waller County Sheriffs, | ) | NOTICE OF PLACE OF IMPRISONMENT AND |
| Plaintiff, | ) | REQUEST FOR SPEEDY TRIAL AND FINAL |
| | ) | DISPOSITION...Pursuant to ......... |
| v. | ) | ( Tex.Code Crim.Proc. Ann.Art. 51.14 ) |
| | ) | ( Constitution, Art. VI, § 10 ) |
| | ) | |
| Dominique Dontae Lasker, | ) | CASE NO. 11-01-13703 979-826-8282 |
| Defendant. | ) | 11-01-13704 979-826-8282 |
| | | 11-01-13705 979-826-8282 |

Notice is hereby given that the above-named Defendant, Dominique Dontae Lasker , is currently a federal prisoner in the custody of the United States Attorney General, and is incarcerated at the Victorville Federal Correctional Complex located in Adelanto, California. Defendant would further show:

1. The defendant is serving an approximate term of  121  months of imprisonment from a judgment imposed by the United District Court for the  Southern  District of California , on December , 16 , 2011 . Defendant has a projected release date from federal custody on  August , 13 , 20 19 . (see attached sentencing computation/data sheet).

2. The defendant has been advised that there are, or may be, outstanding citations, warrants, informations, charges, and/or complaints pending in this jurisdiction. Specifically:

1). Capital Murder Charges...Warrant # 11-01-13703 979-826-8282

2). Capital Murder Charges...Warrant # 11-01-13704 979-826-8282

3). Capital Murder Charges...Warrant # 11-01-13705 979-826-8282 .

3. The defendant moves this Court to order he be brought for trial, and that prosecuting authorities arrange temporary custody under the appropriate provisions for Interstate Agreement on Detainers. The Defendant further requests in an absence of availability of trial, an *in abstentia* resolution be arranged.

4. This Motion is based upon the Defendant's Sixth Amendment speedy trial guarentee that is binding on the states through the Due Process Clause of the Fourteenth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 222-223 (1967). A state is responsible for a defendant's speedy trial rights, even where a defendant is held in federal prison. see: *Smith v Hooey*, 393 U.S. 374 (1969). This notice would further trigger defendant's request under the Interstate Agreement on Detainers. see: *Fex v. Michigan*, 507 U.S. 43, 113 S.Ct. 1088, 122 L.Ed.2d 406 (1993).

WHEREFORE, the defendant prays that the Court initiate all needed and necessary orders and actions required to resolve this matter by trial or settlement *in abstentia*, including an order for the district attorney/prosecutor to seek temporary custody from federal authorities under IAD provisions, and the dismissal of any outstanding citations, warrants, informations, charges, and/or complaints, presently pending in this jurisdiction, within a reasonable period of time not to exceed 120 days.

Respectfully Submitted,

Dated: 2012 / 07 / 03

Dominique Dontae Lasker
Reg. No. 22867-298
United States Penitentiary
Victorville FCC
PO Box 3900
Adelanto, CA 92031

## CERTIFCATE OF SERVICE

I hereby certify that a copy of this document was mailed to the office of the district attorney/prosecutor for this jurisdiction, addressed as below.:

District Attorney
846 6ᵗʰ Street Suite 1
Hempstead TX, 77445

Date: 2012 / 07 / 3

Mr. Dominique Dontae Lasker

2

# CERTIFICATE OF SERVICE

I, ___Dominique Dontae Lasker___ , hereby certify that I have served a true and complete copy of the following:   Notice of place of imprisonment and request for speedy trial and final disposition...pursuant to:

Tex. Code. Crim. Proc. Ann. Art. 51.14, and

Tex. Constitution, Art. VI, § 10

By placing the same in the care and custody of prison officials of the United States Penitentiary, Victorville USP/FCC, at Adelanto, California, on this __16__ day of _____January_____ , 20 _12_ , with sufficient postage affixed. It would be noted that this service would be deemed filed at the time it was delivered to prison authorities for forwarding to the court. see: *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). This service was addressed to the following party or parties:

1). District Court, 506th District
Attn: Patricia Spadachene, District Clerk
Waller County Courthouse
836 Austin Ct., Room 318
Heapstead, TX 77445-4673

2). District Attorney/Prosecutors OFFICE
FOR WALLER COUNTY

___846 6th Street Suite 1___
___Hempstead TX, 77445___

_____
Dominique Dontae Lasker
Reg. No. 22867-298
United States Penitentiary
Victorville FCC
PO Box 5300
Adelanto, CA 92301

REGNO..: 22867-298 NAME: LASKER, DOMINIQUE DONTAE


FBI NO...........: 201461KD5          DATE OF BIRTH: 03-21-1984
ARS1.............: VIP/A-DES
UNIT.............: 6 A               QUARTERS.....: F61-119L
DETAINERS........: YES               NOTIFICATIONS: NO

HOME DETENTION ELIGIBILITY DATE: 02-13-2019

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE: 08-13-2019 VIA GCT REL


---------------------CURRENT JUDGMENT/WARRANT NO: 010 ------------------------

COURT OF JURISDICTION...........: CALIFORNIA, SOUTHERN DISTRICT
DOCKET NUMBER...................: 10CR4732-DMS
JUDGE...........................: SABRAW
DATE SENTENCED/PROBATION IMPOSED: 12-16-2011
DATE COMMITTED..................: 01-12-2012
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO


                 FELONY ASSESS   MISDMNR ASSESS   FINES        COSTS
NON-COMMITTED.:  $200.00         $00.00           $00.00       $00.00

RESTITUTION...:  PROPERTY:  YES SERVICES:  NO       AMOUNT:  $2,714.50

----------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....: 551
OFF/CHG: 18:2113(A),(D) AND 18:2 ARMED BANK ROBBERY AND AIDING AND
        ABETTING.(CT.1)

SENTENCE PROCEDURE..............: 3559 PLRA SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.:    37 MONTHS
TERM OF SUPERVISION.............:     3 YEARS
DATE OF OFFENSE.................: 10-30-2010


G0002       MORE PAGES TO FOLLOW . . .

Mr. Dominique Dontae Lasker
Fed. Reg. 22867-298
United States Penitentiary Victorville
P.O. BOX. 3900
ADELANTO, CA. 92301



"Legal Mail"

District Attorney/Prosecutors Office
For Waller County

846 6th Street Suite I

Hemostead TX, 77445

DISA      773   5E  1  N   C 22 07/16/12
UNABLE  TO  FORWARD/FOR  REVIEW
                                    **#####**

BC:  77445540246  DU  *2B04-12515-11-39

77445540246
77445@5402



# ELTON R. MATHIS

### CRIMINAL DISTRICT ATTORNEY
### WALLER COUNTY

## FACSIMILE TRANSMITTAL SHEET

TO: Kelly Palmer      FROM: Elton R. Mathis

COMPANY: U.S.P.O, SD/CA      DATE: 10-7-11

FAX NUMBER: 619-557-2749      TOTAL NO. OF PAGES INCLUDING COVER: 4

PHONE NUMBER: 615-6094      SENDER'S REFERENCE NUMBER:

RE: Dominique Dontae LASKER      YOUR REFERENCE NUMBER:

☐ URGENT   ☒ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Three (3) indictments included.

EXHIBIT
St-C

100

## Transmission Report

| | | |
|---|---|---|
| Date/Time | 10-07-2011    04:55:31 p.m. | Transmit Header Text    WALLER CNTY D.A. MATHIS OFFICE |
| Local ID 1 | 9798267722 | Local Name 1    WALLER CNTY. DA OFFICE |
| Local ID 2 | | Local Name 2 |

This document : Confirmed

(reduced sample and details below)

Document size : 8.5"x11"



## ELTON R. MATHIS
### CRIMINAL DISTRICT ATTORNEY
### WALLER COUNTY

**FACSIMILE TRANSMITTAL SHEET**

TO: Kelly Palmer                    FROM: Elton R. Mathis

COMPANY: U.S.P.O. SD/CA          DATE: 10-7-11

FAX NUMBER: 619-557-2~~~      TOTAL NO. OF PAGES INCLUDING COVER: 4

PHONE NUMBER: 615-6094           SENDER'S REFERENCE NUMBER:

RE: Dominique Dontae LASKER      YOUR REFERENCE NUMBER:

☐ URGENT  ☒ FOR REVIEW  ☐ PLEASE COMMENT  ☐ PLEASE REPLY  ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Three (3) indictments included.

846 6TH STREET, STE. 1 • HEMPSTEAD, TEXAS 77445
PHONE 979 826-7718 • FAX: 979 826 7722

---

Total Pages Scanned : 4                    Total Pages Confirmed : 4

| No. | Job | Remote Station | Start Time | Duration | Pages | Line | Mode | Job Type | Results |
|---|---|---|---|---|---|---|---|---|---|
| 001 | 838 | U.S. Probation | 04:51:33 p.m. 10-07-2011 | 00:03:34 | 4/4 | 1 | EC | HS | CP14400 |

Abbreviations:

| | | | | | |
|---|---|---|---|---|---|
| HS: Host send | PL: Polled local | MP: Mailbox print | TU: Terminated by user | | |
| HR: Host receive | PR: Polled remote | CP: Completed | TS: Terminated by system | G3: Group 3 | |
| WS: Waiting send | MS: Mailbox save | FA: Fail | RP: Report | EC: Error Correct | |

101

NO. _____

THE STATE OF TEXAS

VS.

DOMINIQUE DONTAE LASKER
B/M          DOB:  03/21/1984

Charge: CAPITAL MURDER
Section: 19.03
Degree: CAPITAL FELONY

IN THE DISTRICT COURT OF

WALLER COUNTY, TEXAS

_____ JUDICIAL DISTRICT

Filed
AT 1:05 O'Clock ___ M
PATRICIA JAMES SPRADACHENE
WALLER COUNTY, TEXAS
1-27-11
BY
DEPUTY

## INDICTMENT

**IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS;**

      The Grand Jury for the County of Waller and the State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the January term, A.D. 2011 of the 506th Judicial District Court of said County, upon their oaths present in and to said Court at said term that DOMINIQUE DONTAE LASKER, hereinafter styled Defendant, on or about the 11TH day of MARCH, 2010, and before the presentment of this indictment, in Waller County, Texas, did then and there intentionally or knowingly cause the death of an individual, namely, Stanley Ray Jackson, by shooting Stanley Ray Jackson with a firearm, and did then and there intentionally or knowingly cause the death of another individual, namely, Janella Edwards, by shooting Janella Edwards with a firearm, and both murders were committed during the same criminal transaction.

      The Grand Jury for the County of Waller and the State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the January term, A.D. 2011 of the 506th Judicial District Court of said County, upon their oaths present in and to said Court at said term that DOMINIQUE DONTAE LASKER, hereinafter styled Defendant, on or about the 11TH day of MARCH, 2010, and before the presentment of this indictment, in Waller County, Texas, did then and there intentionally cause the death of an individual, namely, Stanley Ray Jackson, by shooting Stanley Ray Jackson with a firearm, and the defendant was then and there in the course of committing or attempting to commit the offense of robbery of Stanley Ray Jackson.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Foreman of the Grand Jury

NO. _11 C1-13705_

THE STATE OF TEXAS

VS.

DOMINIQUE DONTAE LASKER
B/M         DOB: 03/21/1984

Charge: MURDER
Section: 19.02
Degree: FIRST DEGREE FELONY

IN THE DISTRICT COURT OF

WALLER COUNTY, TEXAS

_506th_ JUDICIAL DISTRICT

## INDICTMENT

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS;

The Grand Jury for the County of Waller and the State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the January term, A.D. 2011 of the 506th Judicial District Court of said County, upon their oaths present in and to said Court at said term that DOMINIQUE DONTAE LASKER, hereinafter styled Defendant, on or about the 11TH day of MARCH, 2010, and before the presentment of this indictment, in Waller County, Texas, did then and there intentionally or knowingly cause the death of an individual, namely, Janella Edwards, by shooting Janella Edwards with a firearm.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Foreman of the Grand Jury

103

NO. _11-01-13704_

| THE STATE OF TEXAS | IN THE DISTRICT COURT OF |
|---|---|
| VS. | WALLER COUNTY, TEXAS |
| DOMINIQUE DONTAE LASKER<br>B/M       DOB: 03/21/1984 | _506_ JUDICIAL DISTRICT |

Charge: MURDER
Section: 19.02
Degree: FIRST DEGREE FELONY

## INDICTMENT

**IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS;**

The Grand Jury for the County of Waller and the State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the January term, A.D. 2011 of the 506th Judicial District Court of said County, upon their oaths present in and to said Court at said term that DOMINIQUE DONTAE LASKER, hereinafter styled Defendant, on or about the 11TH day of MARCH, 2010, and before the presentment of this indictment, in Waller County, Texas, did then and there intentionally or knowingly cause the death of an individual, namely, Stanley Ray Jackson, by shooting Stanley Ray Jackson with a firearm.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Foreman of the Grand Jury

104



# FAX MESSAGE

**DATE:** 08/31/2012

**TO:** FRED EDWARDS/ WALLER COUNTY S.O.

**FAX:** 979-826-7722

**PHONE:** 979-826-7718

**FROM:** ED PEREZ

**FAX:** 760-530-5750

**PHONE:** 760-530-5700 EXT: 5881

**PAGES:** 3

**RE:** IAD FORM V

**CC:**

## COMMENTS:

Please complete the attached form. Once I receive the form V back, I will complete the request here and forward the remaining documents to you. If you have any questions please feel free to contact me at my direct line. 760-530-5881, if I do not answer please leave a message.

This message is intended for official use and may contain 'SENSITIVE BUT UNCLASSIFIED (SBU) INFORMATION'. If this message contains SENSITIVE BUT UNCLASSIFIED INFORMATION, it should be properly delivered, labeled, stored, and disposed of according to Federal Bureau of Prisons policy.

☐ URGENT

☐ PLEASE COMMENT

☑ PLEASE REVIEW

☐ FOR YOUR RECORDS



**EXHIBIT**

St - D

## U.S. Postal Service™
## CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com™

OFFICIAL USE

ATLANTA CA 92101

| | | | |
|---|---|---|---|
| Postage | $ | $0.46 | 0445 |
| Certified Fee | | 3.10 | 02 |
| Return Receipt Fee (Endorsement Required) | | 2.55 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $6.11 | 05/02/2013 |

Sent To  Ms. Linda T. McGrew, Warden, FCC-USP  c/o Correctional Officer J. Krawaton

Street, Apt. No.; or PO Box No.  P.O. Box 5400

City, State, ZIP+4  Victorsville CA 92901

PS Form 3800, August 2006          See Reverse for Instructions

EXHIBIT

St - E          106

**ENDER: COMPLETE THIS SECTION**

I Complete items 1, 2, and 3. Also complete
   item 4 if Restricted Delivery is desired.
I Print your name and address on the reverse
   so that we can return the card to you.
I Attach this card to the back of the mailpiece,
   or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ⟨signature⟩    ☐ Agent
                 ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below.         ☐ No

. Article Addressed to:

Ms. Linda T. McGrew
Warden, FEE-USP.
% Correctional Officer J. Kawabe
P.O. Box 5400
Victorville, CA 92301

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

. Article Number:
(Transfer from service label)

7012 1010 0001 9924 2234

S Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

107

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

Sender: Please print your name, address, and ZIP+4 in this box

CRIMINAL DISTRICT ATTORNEY
WALLER COUNTY
645 12TH STREET
HEMPSTEAD, TX 77445

RECEIVED
MAY - 9 2013
ELTON R. MATHIS
WALLER COUNTY DISTRICT ATTORNEY

(ERM)

444545

108



| 645 12th Street | **Elton R. Mathis** | (979) 826-7718 |
| Hempstead, Texas 77445 | Criminal District Attorney | (979) 826-7722 Fax |
| | Waller County | |

April 17, 2013

Texas Administrator – IAD
c/o Ms. Donna Bell
P.O. Box 99
Huntsville, Texas 77320

RE:    Dominique Dontae Lasker – Capital Murder Charges in the 506th Judicial District Court
         of Waller County, Texas

Dear Ms. Bell:

It was a pleasure speaking to you earlier today. I am enclosing IAD Form VI for the return of Dominique Dontae Lasker to face capital murder charges in Waller County. Mr. Lasker is currently serving time in a federal prison facility in California for bank robbery. Do not hesitate to contact me with any questions or concerns you may have or if you need further documentation.

Sincerely yours,

Elton R. Mathis
Waller County District Attorney

Enc.

*109*

BP-A0564
APR 10

# IAD FORM VI - EVIDENCE OF AGENT'S AUTHORITY  CDFRM

## U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

Five copies. All copies, with original signatures by the Prosecutor and the Agents, should be sent to the Administrator in the RECEIVING State. After signing all copies, the Administrator should retain one copy for his file, send one copy to the Warden, Superintendent or Director of the Institution in which the prisoner is located and return two copies to the Prosecutor who will give one to the Agents for use in establishing their authority and place one in his file. One copy should also be forwarded to the Agreement Administrator in the sending file.

### Evidence of Agent's Authority to Act for Receiving State

To: (Administrator and Address) FCC-USP
Linda T. McGrew, Warden    P.O. Box 5400
                            Victorville, CA 92301

| Inmate (Name and Register No.) | is confined in (Institution and address) |
|---|---|
| Lasker, Dominique Dontae  22867-298 | FCC Victorville Complex - USP  P.O. Box 5400  Adelanto, CA 92301 |

and will be taken into custody at said Institution on (date) _____ for return to the County of _____ WALLER _____, State of _ TEXAS _____ for trial. In accordance with Article V(b), of said Agreement, I have designated:

Agent's Name and Department Represented

_____ Samuel Maxwell    Waller Co. Sheriff's Office

Agent's Name and Department Represented

_____ JAMES WATSON    Waller Co. Sheriff's Office

Agent's Name and Department Represented

_____ Byron Frusset    Waller Co. Sheriff's Office

whose signatures appear below as Agents to return the prisoner.
(Agent's Signature)                          (Agent's Signature)

SEE ABOVE

| Dated | Prosecuting Official's Signature |
|---|---|
| 2-5-2013 | _____  Ellen R. Mathis Waller Co. D.A. |

a. Title - Waller Co. D.A.       d. City/State - Hempstead, TX 77445
b. County - Waller              e. Telephone No -
c. Address - 645 12th Street               979 826-7718

## Evidence of Agent's Authority Continued

To: (Warden-Superintendent-Director)

Linda T. McGraw, Warden

In accordance with the above representations and the provisions of the Agreement on Detainers, the persons listed above are hereby designated as Agents for the State of _____ TEXAS _____ to return (Inmate's Name and Register No.) LASKER, DOMINIQUE DONTAE 22867-298 to the county of _____ WALLER _____, State of TEXAS , for trial.

At the completion of the trial (Inmate) LASKER, DOMINIQUE DONTAE 22867-298 shall be returned to the (Institution and Address):

FCC Victorville Complex - USP
P.O. Box 5400
Adelanto, CA 92301

| Dated | Detainer Administrator's Signature |
|-------|-----------------------------------|
|       |                                   |

a. Name -                    c. City/State
b. Address -                 d. Telephone No.

PDF                          Prescribed by P5875

2



U.S. Department    ustice

## Federal Bureau of Prisons

Office of Inmate Systems
Victorville, California 92394

Date:    April 8, 2013

From:    J. Kaawaloa
Title: Correctional Systems Officer
Phone: (760) 530-5882
Fax: (760) 530-5750

To: ELTON R. MATHIS
CRIMINAL DISTRICT ATTORNEY

Telephone: 979-826-7718
Fax: 979-826-7722

SUBJECT:  - LASKER, DOMINIGUE 22867-289

COMMENTS:  Attached is the Prosecutor's certification and the IAD form VI
evidence of agent's authority. I will need the originals before
we could make arrangements for pick up. If you have any
questions please give me a call.

Thank you,

J. Kaawaloa

PAGES (Including Cover Sheet) 4

EXHIBIT

St-E

RECORDS

BP-S565.051   IAD / STATE WRIT - PROSECUTOR'S CERTIFICATION   CDFMEC 02
U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISON

This is to certify that I, ELTON R. MATHIS, Criminal District Attorney, hereby request
temporary custody of LASKER, DOMINIQUE DONTAE, Federal Register Number 22867-298 via __X__
IAD __ State Writ (check one), and do hereby agree to the following conditions in connecti
with the request for custody of said inmate.

**Conditions**

a. Agree that said inmate will be provided safekeeping, custody, and care and will assume
   responsibility for that custody to include providing the inmate with the same level of
   security required by Bureau of Prisons Policy.

b. Agree to report to the Bureau of Prisons any problems associated with said inmate, to
   include disciplinary problems, medical emergencies, suicide attempt, escape or attempted
   escape or any other problem arising during commitment.

c. Agree not to release said inmate on bail or bond or to commit them to an institution fo
   service of any sentence imposed in connection with our prosecution.

d. Agree to return said inmate to the federal institution from which they were obtained at
   the conclusion of the inmate's appearance in the proceeding for which obtained.

e. Agree to notify the local jail authority of the responsibility to return the inmate to
   federal custody.

As the Prosecuting Official for the State of Texas I, ELTON R. MATHIS, Criminal District
Attorney, hereby submit the following information in connection with my request for
temporary custody of LASKER, DOMINIQUE DONTAE, Federal Register Number 22867-298.

**Information**

1. Name of facility, location, contact person, and phone number where the inmate will be
   confined during legal proceedings.

2. Scheduled date for trial.

3. Projected date of return of the prisoner to federal custody:

4. Name and phone number of the state agency, specific name of agent(s) who will transport
   the inmate at direction of the court and whether a private carrier, contractor (if
   permitted by Bureau of Prisons policy), state agency, or the USMS, will be transporting
   the inmate for the state.

5. Need for appearance of inmate and nature of action.

6. For State Writ cases only (not required for IAD):
   a. Name and address of court issuing writ, name of the judge, and name, address, and
      phone number of clerk of the court.

   b. Reason production on writ is necessary and reason another alternative is not
      available (for civil cases).

7. Signature and Title of Prosecutor
_____

Subscribed and sworn before (Date):
_____ | Date

8. Signature of Notary Public
_____

Original - J&C File, Copy - Central File   This form replaces BP-S565 dtd FEB 94)
                                                                          | Date

113

Five copies. All copies, with original signatures by the Prosecutor and the Agents should be sent to the Administrator in the RECEIVING State. After signing all copies, the Administrator should retain one copy for his file, send one copy to the Warden, Superintendent or Director of the Institution in which the prisoner is located and return two copies to the Prosecutor who will give one to the Agents for use in establishing their authority and place one in his file. One copy should also be forwarded to the Agreement Administrator in the sending file.

## Evidence of Agent's Authority to Act for Receiving State

To: (Administrator and Address)

| Inmate (Name and Register No.) | is confined in (Institution and address) |
|---|---|
| | |

and will be taken into custody at said Institution on (date) _____ for return to the County of _____ for trial. In accordance ,State of __
with Article V(b), of said Agreement, I have designated:

Agent's Name and Department Represented

Agent's Name and Department Represented

Agent's Name and Department Represented

whose signatures appear below as Agents to return the prisoner.
(Agent's Signature)                          (Agent's Signature)

| Dated | Prosecuting Official's Signature |
|---|---|
| | |

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X _____  ☐ Agent  ☐ Addressee <br> B. Received by (*Printed Name*)    C. Date of Delivery |
| 1. Article Addressed to: <br><br> Warden, U.S. Penitentiary <br> Victorville FCC <br> P.O. Box 3900 <br> Adelanto, CA 92301 | D. Is delivery address different from item 1?  ☐ Yes <br> If YES, enter delivery address below:  ☐ No <br><br> 3. Service Type <br> ☑ Certified Mail   ☐ Express Mail <br> ☐ Registered   ☐ Return Receipt for Merchandise <br> ☐ Insured Mail   ☐ C.O.D. <br> 4. Restricted Delivery? (*Extra Fee*)   ☐ Yes |
| 2. Article Number <br> (*Transfer from service label*)   7002 3150 0000 3033 7161 | |
| PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540 | |

EXHIBIT

St-G

115



SAN BERNARDINO CA 92
UNITED STATES POSTAL SERVICE

14 JAN 2013 PM

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box

**CRIMINAL DISTRICT ATTORNEY**
**WALLER COUNTY**
**645 12TH STREET**
**HEMPSTEAD, TX 77445**

Re: D. Lasker (F

RECEIVED

JAN 1 8 2013

ELTON R. MATHIS
WALLER COUNTY DISTRICT ATTORNEY

116

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEI**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com₀

OFFICIAL USE

ADELANTO CA 92301

| | | |
|---|---|---|
| Postage | $ $2.70 | 0445 |
| Certified Fee | 2.95 | 05 Postmark Here |
| Return Reciept Fee (Endorsement Required) | 2.35 | |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $8.00 | 01/10/2013 |

Sent To Warden, U.S. Penitentiary
Victorville FCC
Street, Apt. No.;
or PO Box No. P.O. Box 3900
City, State, ZIP+4
Adelanto, CA 92301

PS Form 3800, June 2002    See Reverse for Instructions

117

## Transmission Report

| | | | | |
|---|---|---|---|---|
| Date/Time | 01-09-2013 | 04:06:37 p.m. | Transmit Header Text | WALLER CNTY D.A. MATHIS OFFICE |
| Local ID 1 | 9798267722 | | Local Name 1 | WALLER CNTY. DA OFFICE |
| Local ID 2 | | | Local Name 2 | |

### This document : Confirmed
### (reduced sample and details below)
### Document size : 8.5"x11"



645 12th Street
Hempstead. Texas 77445

**Elton R. Mathis**
Criminal District Attorney
Waller County

(979) 826-7718
(979) 826-7722 Fax

January 2, 2013

Warden
United States Penitentiary
Victorville FCC,
P.O. Box 3900
Adelanto, California 92301

In Re: Inmate DOMINIGUE DONTAE LASKER, 22867-289
Request for Temporary Custody (IAD Form V)

Dear Warden,

Please find our county's request for temporary custody so that Inmate Dominque Dontae Lasker may stand trial for Capital Murder in Waller County, Texas.

I have attached certified copies of the indictments and warrants in this matter. There are no fingerprints or photographs because the Defendant fled our jurisdiction before arrest. He was however interviewed by Texas Rangers there in California.

If there is anything more that is needed to facilitate this temporary transfer, please let me know.

Best Regards,

Frederick A. Edwards
First Assistant District Attorney
Waller County, Texas

Total Pages Scanned : 8          Total Pages Confirmed : 8

| No. | Job | Remote Station | Start Time | Duration | Pages | Line | Mode | Job Type | Results |
|---|---|---|---|---|---|---|---|---|---|
| 001 | 578 | 7605305750 | 04:04:15 p.m. 01-09-2013 | 00:01:41 | 8/8 | 1 | EC | HS | CP24000 |

Abbreviations:
| | | | | |
|---|---|---|---|---|
| HS: Host send | PL: Polled local | MP: Mailbox print | TU: Terminated by user | |
| HR: Host receive | PR: Polled remote | CP: Completed | TS: Terminated by system | G3: Group 3 |
| WS: Waiting send | MS: Mailbox save | FA: Fail | RP: Report | EC: Error Correct |

118



COPY

645 12th Street
Hempstead, Texas 77445

# Elton R. Mathis

Criminal District Attorney
Waller County

(979) 826-7718
(979) 826-7722 Fax

January 2, 2013

Warden
United States Penitentiary
Victorville FCC,
P.O. Box 3900
Adelanto, California 92301

> In Re: Inmate DOMINIGUE DONTAE LASKER, 22867-289
> Request for Temporary Custody (IAD Form V)

Dear Warden,

Please find our county's request for temporary custody so that Inmate Dominque Dontae Lasker may stand trial for Capital Murder in Waller County, Texas.

I have attached certified copies of the indictments and warrants in this matter. There are no fingerprints or photographs because the Defendant fled our jurisdiction before arrest. He was however interviewed by Texas Rangers there in California.

If there is anything more that is needed to facilitate this temporary transfer, please let me know.

Best Regards,

Frederick A. Edwards
First Assistant District Attorney
Waller County, Texas

119

BP-S568.051 **IAD FORM V - REQUEST FOR TEMPORARY CUSTODY** CDFRM AMARILLO FEB 94
**U.S. DEPARTMENT OF JUSTICE** **FEDERAL BUREAU OF PRISONS**

Six copies. Signed copies must be sent to the prisoner and to the official who has the prisoner in custody. A copy should be sent to the Agreement Administrator of both the sending and the receiving state. Copies should be retained by the person filing the request and the judge who signs the request. Prior to transfer under this Agreement, an Inmate may be afforded a judicial hearing (Cuyler) similar to that provided under the Uniform Extradition Act, in which the inmate may bring a limited challenge to the receiving state's request.

### Request for Temporary custody

To: (Warden-Superintendent-Director) - Institution and Address
United States Penitentiary, Victorville FCC., P.O. Box 3900, Adelanto, CA 92301

Please be advised that (Name of Inmate) DOMINIQUE DONTAE LAS KER 72867-248, who is presently an inmate of your institution, is under [indicate appropriate] (indictment) (information) (complaint) in the (Jurisdiction) 506th District Ct. Waller County Texas, of which I am the (Title of Prosecuting Officer) District Attorney . Said inmate is therein charged with the offense(s) enumerated below:

#### Offense(s)

① Capital Murder 11-01-13 703, ② Capital Murder 11-01-13 704 ③ Capital Murder 11-01-13

I propose to bring this person to trial on this [indicate appropriate] (indictment) (information) (complaint) within the time specified in Article IV(c) of the Agreement.

In order that proceedings in this matter may be properly had, I hereby request temporary custody of such persons pursuant to Article IV(a) of the Agreement on Detainers.

Attached herewith find in triplicate:
a. Certified copies of the complaint, information or indictment
b. Certified copies of the warrant
c. Certified copies of fingerprints, photographs or physical description

I hereby agree that immediately after trial is completed in this jurisdiction, I will return the prisoner directly to you or allow any jurisdiction you have designated to take temporary custody. I agree also to complete Form IX, The Notice of Disposition of a Detainer, immediately after trial.

| Printed Name and Signature | Title | Date |
|---|---|---|
| Elton R. Mathis | Criminal District Attorney | Nov 26, 2012 |

Address: 645 12th Street   City/State: Hempstead, Texas 77445   Telephone No.: 979-826-7718

I hereby certify that the person whose signature appears above is an appropriate officer within the meaning of Article IV(a) and that the facts recited in this request for temporary custody are correct and that having duly recorded said request, I hereby transmit it for action in accordance with its term and the provisions of the Agreement on Detainers.

| Judge's Printed Name and Signature | Date |
|---|---|
| Albert M. McCaig | Nov 26, 2012 |

Court 506 th Judicial District Court   Judicial District 506th

City/State Hempstead, Waller County, Texas   Telephone No. 979-826-921-0921

(This form may be replicated via WP)

Albert M. McCaig, Jr.
Judge, 506th Judicial District Court
Waller and Grimes Counties, Texas

120

NO. _11-01-13715_

| THE STATE OF TEXAS | IN THE DISTRICT COURT OF |
|---|---|
| VS. | WALLER COUNTY, TEXAS |
| DOMINIQUE DONTAE LASKER | _506th_ JUDICIAL DISTRICT |
| B/M          DOB:  03/21/1984 | |

Charge: CAPITAL MURDER
Section: 19.03
Degree: CAPITAL FELONY

Filed
AT 1:05 O'Clock P M
PATRICIA JAMES SPRADACHENE
WALLER COUNTY, TEXAS
BY
DEPUTY
1-27-11

## INDICTMENT

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS;

The Grand Jury for the County of Waller and the State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the January term, A.D. 2011 of the 506th Judicial District Court of said County, upon their oaths present in and to said Court at said term that DOMINIQUE DONTAE LASKER, hereinafter styled Defendant, on or about the 11TH day of MARCH, 2010, and before the presentment of this indictment, in Waller County, Texas, did then and there intentionally or knowingly cause the death of an individual, namely, Stanley Ray Jackson, by shooting Stanley Ray Jackson with a firearm, and did then and there intentionally or knowingly cause the death of another individual, namely, Janella Edwards, by shooting Janella Edwards with a firearm, and both murders were committed during the same criminal transaction.

The Grand Jury for the County of Waller and the State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the January term, A.D. 2011 of the 506th Judicial District Court of said County, upon their oaths present in and to said Court at said term that DOMINIQUE DONTAE LASKER, hereinafter styled Defendant, on or about the 11TH day of MARCH, 2010, and before the presentment of this indictment, in Waller County, Texas, did then and there intentionally cause the death of an individual, namely, Stanley Ray Jackson, by shooting Stanley Ray Jackson with a firearm, and the defendant was then and there in the course of committing or attempting to commit the offense of robbery of Stanley Ray Jackson.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Foreman of the Grand Jury

121

Cause No. 11-01-13703

| | |
|---|---|
| THE STATE OF TEXAS | IN THE DISTRICT COURT OF |
| VS. | WALLER COUNTY, TEXAS |
| DOMINIQUE DONTAE LASKER<br>DISTRICT<br>Black/Male   DOB: 03/21/84 | 506TH JUDICIAL |

CAPIAS INSTANTER

TO ANY PEACE OFFICER OF THE STATE OF TEXAS - GREETINGS:

YOU ARE HEREBY COMMANDED to arrest DOMINIQUE DONTAE LASKER and him safely keep so that you have him/her before the Honorable 506TH District Court of Waller County, Texas, at the Courthouse of said County, in Hempstead, Texas, instanter, then and there to answer the State of Texas upon an indictment pending in said Court, changing him with CAPITAL MURDER MULTIPLE, a felony.

HEREIN FAIL NOT, but make due return hereof to this Court forthwith, showing how you have executed the same.

Witness my hand and seal of office, at Hempstead, Texas, this 27th day of January, 2011.

PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS
BY: _Fran Haggard_____
Fran Haggard, Deputy

SHERIFF'S RETURN

CAME TO HAND the _____ day of _____, _____, at _____ o'clock _____.m., and executed by arresting _____ At _____, in _____ County, Texas, and placing him/her in the Waller County Jail on the _____ day of _____, _____.

I actually and necessarily traveled _____ miles in the service of this writ, in addition to any other mileage I may have traveled in the service of other process in this case during the same trip.

FEES:  Making Arrest                     _____ , Sheriff
        Mileage _____ miles        _____ County, Texas
        Taking Bond                          _____
        Commitment                  By: _____
                                 Deputy

122

NO. _11-01-13704_

THE STATE OF TEXAS

VS.

DOMINIQUE DONTAE LASKER
B/M          DOB:  03/21/1984

Charge: MURDER
Section: 19.02
Degree:  FIRST DEGREE FELONY

IN THE DISTRICT COURT OF

WALLER COUNTY, TEXAS

____JUDICIAL DISTRICT

Filed
AT ___ 1.05 O'Clock
PATRICIA JAMES SPRADACHENE
WALLER COUNTY, TEXAS
BY ___
DEPUTY ___
1-27-11
M

## INDICTMENT

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS;

The Grand Jury for the County of Waller and the State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the January term, A.D. 2011 of the 506th Judicial District Court of said County, upon their oaths present in and to said Court at said term that DOMINIQUE DONTAE LASKER, hereinafter styled Defendant, on or about the 11TH day of MARCH, 2010, and before the presentment of this indictment, in Waller County, Texas, did then and there intentionally or knowingly cause the death of an individual, namely, Stanley Ray Jackson, by shooting Stanley Ray Jackson with a firearm.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Foreman of the Grand Jury

123

Cause No. 11-01-13704

THE STATE OF TEXAS

VS.

DOMINIQUE DONTAE LASKER
DISTRICT
Black/Male   DOB: 03/21/84

IN THE DISTRICT COURT OF

WALLER COUNTY, TEXAS

506TH JUDICIAL

CAPIAS INSTANTER

TO ANY PEACE OFFICER OF THE STATE OF TEXAS - GREETINGS:

        YOU ARE HEREBY COMMANDED to arrest DOMINIQUE DONTAE
LASKER  and him  safely keep so that you have him/her before the Honorable
506TH District Court of Waller County, Texas, at the Courthouse of said County, in
Hempstead, Texas, instanter, then and there to answer the State of Texas upon an
indictment pending in said Court, changing him with MURDER, a felony.
        HEREIN FAIL NOT, but make due return hereof to this Court forthwith,
showing how you have executed the same.
        Witness my hand and seal of office, at Hempstead, Texas, this 27th day of
January, 2011.

                                    PATRICIA JAMES SPADACHENE
                                    WALLER COUNTY, TEXAS
                                    BY: _____
                                          Fran Haggard, Deputy

SHERIFF'S RETURN

        CAME TO HAND the _____ day of _____, _____, at _____ o'clock
_____.m., and executed by arresting _____
At _____, in _____ County, Texas, and placing
him/her in the Waller County Jail on the _____ day of _____,
_____.

        I actually and necessarily traveled _____ miles in the service of this writ, in
addition to any other mileage I may have traveled in the service of other process in
this case during the same trip.

FEES:  Making Arrest            _____ , Sheriff
          Mileage _____ miles   _____ County, Texas
          Taking Bond             _____
          Commitment            By: _____
                                          Deputy

124

NO. _11 C1 13705_

THE STATE OF TEXAS

VS.

DOMINIQUE DONTAE LASKER
B/M          DOB:  03/21/1984

IN THE DISTRICT COURT OF

WALLER COUNTY, TEXAS

_506th_ JUDICIAL DISTRICT

Charge: MURDER
Section: 19.02
Degree: FIRST DEGREE FELONY

# INDICTMENT

## IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS;

The Grand Jury for the County of Waller and the State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the January term, A.D. 2011 of the 506th Judicial District Court of said County, upon their oaths present in and to said Court at said term that DOMINIQUE DONTAE LASKER, hereinafter styled Defendant, on or about the 11TH day of MARCH, 2010, and before the presentment of this indictment, in Waller County, Texas, did then and there intentionally or knowingly cause the death of an individual, namely, Janella Edwards, by shooting Janella Edwards with a firearm.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_Paul A Wood_
Foreman of the Grand Jury

Filed AT 1:05 O'Clock P.M.
PATRICIA JAMES SPRADACHENE
WALLER COUNTY, TEXAS
BY
DEPUTY
1-27-11

125

Cause No. 11-01-13705

THE STATE OF TEXAS

VS.

DOMINIQUE DONTAE LASKER
DISTRICT
Black/Male    DOB: 03/21/84

IN THE DISTRICT COURT OF

WALLER COUNTY, TEXAS

506TH JUDICIAL

CAPIAS INSTANTER

TO ANY PEACE OFFICER OF THE STATE OF TEXAS - GREETINGS:

YOU ARE HEREBY COMMANDED to arrest DOMINIQUE DONTAE LASKER and him safely keep so that you have him/her before the Honorable 506TH District Court of Waller County, Texas, at the Courthouse of said County, in Hempstead, Texas, instanter, then and there to answer the State of Texas upon an indictment pending in said Court, changing him with MURDER, a felony.

HEREIN FAIL NOT, but make due return hereof to this Court forthwith, showing how you have executed the same.

Witness my hand and seal of office, at Hempstead, Texas, this 27th day of January, 2011.

PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS
BY: _Fran Haggard_
Fran Haggard, Deputy

SHERIFF'S RETURN

CAME TO HAND the _____ day of _____, _____, at _____ o'clock ____.m., and executed by arresting _____
At _____, in _____ County, Texas, and placing him/her in the Waller County Jail on the _____ day of _____,
_____.

I actually and necessarily traveled _____ miles in the service of this writ, in addition to any other mileage I may have traveled in the service of other process in this case during the same trip.

FEES: Making Arrest
      Mileage _____ miles
      Taking Bond
      Commitment

_____ , Sheriff
_____ County, Texas
_____
By: _____
    Deputy

126



U.S. Department of Justice

Federal Bureau of Prisons

**Federal Correctional Complex**

Office of the Correctional Systems          Victorville, California

January 31, 2013

Office of the District Attorney
Elton R. Mathis, Criminal District Attorney
Waller County
506th Judicial District
645 12th Street
Hempstead, Texas 77445

Re: Lasker, Dominique Dontae
    Register Number 22867-289280
    STATE CASE/REFERENCE NO. 11-01-13703; 11-01-13704; 11-01-13705


Dear Mr. Mathis:

In response to your request for temporary custody pursuant to the Interstate Agreement on Detainers Act (IADA), applicable forms are enclosed.

Please be advised subject has been notified of your request and has been afforded a 30-day period in which to contact the Warden of this institution as to any reasons why he should not be

produced in your State pursuant to the Agreement.

 X  The inmate has waived this 30-day period.  You may contact this facility directly to arrange for temporary custody.


___  The inmate has elected this 30-day period, provided  under Article IV(a), which expires on (___DATE__).   Any court proceedings must occur after  this date.

Please remit to this office the <u>original</u> completed Form VI, "Evidence of Agent's Authority to Act for Receiving State" (BP-A564) and <u>originals</u> of the IAD Form V (BP-568) and IAD FormVI (BP-565). The persons designated as agents to return the prisoner to your State must also be the persons whose signatures appear on the Form VI.  Naming alternative agents would be advisable in case your primary agents cannot make the trip.  The alternate agents' signatures should also appear on the Form VI.  Also be advised that the designated agents must have in their possession a copy of the warrant when assuming custody of the prisoner.



127

Page Two
RE:   Lasker, Dominique Dontae
      Register No. 22867-289


Inmates who are temporarily transferred pursuant to the IAD remain
under the primary jurisdiction of Federal authorities.  Should you
accept temporary custody of this inmate, we wish to remind you that
under Article V(e) of the IADA, you are required to return the above-
named inmate to this institution after prosecution on all pending
charges.

While this inmate is in your temporary custody, he/she will be held in
a suitable jail that meets the level of security required by the Bureau
of Prisons.  In addition, security requirements for the inmate must
be met.  Two law enforcement escort officers, handcuffs, martin chains
and leg irons are required.  Contract Guard Services are not allowed.

Any problems associated with this inmate must be reported to the
individual listed below.  This inmate may not be released on bail or
bond or any other agency while in your custody.  Additionally, this
inmate is not to be committed to a state correctional institution for
service of any state sentence(s) that may be imposed because of your
prosecution.

To help us with processing, please fill out the enclosed certification
form and return to us before scheduling a date for assuming custody.
Before making scheduling arrangements, please contact this individual
below to ensure all required paperwork and approvals have been met.

If you have any questions on this matter, please call: D.
Wren, Supervisory Correctional Systems Specialist at 760-530-
5748.

                              Sincerely

                              Linda T. McGrew, Warden

                              /s/ D.
                              Wren, SCSS


Enclosures:   BP-Forms A235, A236, A238, A239
              BP-A565, IAD/State Writ - Prosecutor's Certification Form

cc:   Clerk of Court
      State IADA Administrator


128



## U.S. Department of Justice

## Federal Bureau of Prisons

*Office of Inmate Systems*
*Victorville, California 92394*

Date:    April 9, 2013

From:    J. Kaawaloa
Title: Correctional Systems Officer
Phone: (760) 530-5882
Fax: (760) 530-5750

To: ELTON R. MATHIS
CRIMINAL DISTRICT ATTORNEY

Telephone: 979-826-7718
Fax: 979-826-7722

SUBJECT:    LASKER, DOMINIGUE 22867-289

COMMENTS:    I have received your letter that was addressed to the Warden dated 03-20-2013. I will go over it and give Jose Hester. If I need anything I will give you a call.

Thank you,

J. Kaawaloa

PAGES (Including Cover Sheet) 1





645 12th Street
Hempstead, Texas 77445

# Elton R. Mathis
Criminal District Attorney
Waller County

(979) 826-7718
(979) 826-7722 Fax

May 1, 2013

Ms. Linda T. McGrew
Warden, FCC-USP
c/o Correctional Officer J. Kaawaloa
P.O. Box 5400
Victorsville, CA 92301

RE:    Dominique Lasker, 22867-298

Dear Warden McGrew:

Please find enclosed IAD Form VI signed by the Texas IAD Administrator. I believe this was the last form needed to effectuate the transfer of Dominique Lasker into Texas custody. Please do not hesitate to contact me with any questions or concerns you may have, and let Chief Deputy Joe Hester at the Waller County Sheriff's Office (979-826-8282) know when Mr. Lasker is ready for transport. Thank you for your help in these matters.

Sincerely yours,

Elton R. Mathis
Waller County District Attorney

Enc.

Cc:    R. Glenn Smith
       Waller County Sheriff

**EXHIBIT**
S1 J        130

BP-A0564
APR 10

**IAD FORM VI - EVIDENCE OF AGENT'S AUTHORITY** CDFRM

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

Five copies. All copies, with original signatures by the Prosecutor and the Agents, should be sent to the Administrator in the RECEIVING State. After signing all copies, the Administrator should retain one copy for his file, send one copy to the Warden, Superintendent or Director of the Institution in which the prisoner is located and return two copies to the Prosecutor who will give one to the Agents for use in establishing their authority and place one in his file. One copy should also be forwarded to the Agreement Administrator in the sending file.

**Evidence of Agent's Authority to Act for Receiving State**

To:   (Administrator and Address) FCC-USP
Linda T. McGrew, Warden      P.O. Box 5400
                             Victorville, CA 92301

| Inmate (Name and Register No.) | is confined in (Institution and address) |
|---|---|
| Lasker, Dominique Dontae 22867-298 | FCC Victorville Complex - USP P.O. Box 5400 Adelanto, CA 92301 |

and will be taken into custody at said Institution on (date) _____ for return to the County of ____ WALKER _____ ,State of _
____ TEXAS _____ for trial. In accordance with Article V(b), of said Agreement, I have designated:

Agent's Name and Department Represented

_Samuel Maxwell_    Walker Co. Sheriff's Office

Agent's Name and Department Represented

_JAMES WATSON_    Walker Co. Sheriff's Office

Agent's Name and Department Represented

_Byron Frasset_    Walker Co. Sheriff's Office

whose signatures appear below as Agents to return the prisoner.
(Agent's Signature)                              (Agent's Signature)

SEE ABOVE

| Dated | Prosecuting Official's Signature |
|---|---|
| 2-5-2013 | Ethan R. Mathis Walker Co. D.A. |

131

a. Title - Waller Co. D.A.
b. County - Waller
c. Address - 645 12th Street

d. City/State - Hempstead, TX 7744
e. Telephone No - 979 826-7718

---

**Evidence of Agent's Authority Continued**

To: (Warden-Superintendent-Director)

Linda T. McGraw, Warden

In accordance with the above representations and the provisions of the Agreement on Detainers, the persons listed above are hereby designated as Agents for the State of ____TEXAS____ to return (Inmate's Name and Register No.) LASKER, DOMINIQUE DONTAE 22867-298 to the county of ____WALLER____, State of ____TEXAS____, for trial.

At the completion of the trial (Inmate) LASKER, DOMINIQUE DONTAE 22867-298 shall be returned to the (Institution and Address):

FCC Victorville Complex - USP
P.O. Box 5400
Adelanto, CA 92301

| Dated | Detainer Administrator's Signature |
|---|---|
| 4-26-13 | Jon M White |

a. Name - T.D.C.J.
b. Address - P.O. BOX 99

c. City/State    Huntsville, Texas 77342
d. Telephone No.    936-437-6484

PDF    Prescribed by P5875

2

132

THE STATE OF TEXAS

TEX
Cla:
Det:
P.O
Hun

CERTIFIED MAIL™

PLACE STICKER AT TOP OF ENVELOPE
OF THE RETURN ADDRESS, FOLD AT D...

7011 0470 0001 6549 2771

Waller County
District Attorney
645 12th Street
Hempstead, Texas 77445
Attn: Elton R. Mathis

77445-4445

RECEIVED
MAY - 1 2013

133

Cause No. 11-01-13703
11-01-13704
11-01-13705

STATE OF TEXAS

v.

Dominique Dontae Lasker

§
§
§
§
§
§

IN THE DISTRICT COURT

WALLER COUNTY, TEXAS

506TH JUDICIAL DISTRICT

## SCHEDULING ORDER - CRIMINAL

Defendant and counsel shall be present at all hearings. Except as otherwise modified by the Court, and pursuant to Article 28.01 of the Texas Code of Criminal Procedure, a Pretrial Hearing and other matters are hereby Ordered set as follows:

1. _____ 9:00 a.m. **ARRAIGNMENT**

2. _1-22-14_ ✓ ~~10:00 a.m.~~ **MOTIONS & PLEAS**
   1:30                  All parties and Counsel shall be present and prepared to discuss all issues allowed under C.C.P., Art. 28.01.

3. _2-11-14_ ✓ ~~1:30 p.m.~~ **HEARINGS & BENCH TRIALS** _Suppression_
   9:00            R/S from 1-10-14               _Hearing_

4. **On or before 10-days before Pretrial Hearing** Date all C.C.P., Art. 28.01 matters must be filed or will be considered waived.

5. _2-14-14_ ✓ ~~10:00 a.m.~~ **PRETRIAL HEARING**
   9:00                  Pretrial hearing date is also the Plea Bargain Cutoff date. State and Defendant will announce whether the case will plead or if a trial is required, and whether trial is to the Court or to a jury.

At the Pretrial hearing all motions and other matters not previously ruled on will be heard. All parties must file and serve on opposing counsel the following: 1) Motions in Limine; 2) briefs and authorities on known issues that will be presented for hearing. Further, all counsel shall advise the Court of any special needs for presentation of their case, including technology requirements, interpreters or accommodation for disabilities.

6. _2-24-14_ ✓ 9:00 a.m. **JURY TRIAL**
                          Final trial date & time will be set immediately after the Pretrial hearing.

**Defendant has received a copy of the Indictment and is the same person charged therein. Defendant waives formal Arraignment and reading of the Indictment and enters a plea of NOT GUILTY.**

Dated: _1-8-14_ , replacing prior Scheduling Orders.

_____
Defendant's Signature

Frank Blazek
Counsel for Defendant
Billy Carter

_____
Counsel for State

_____
ALBERT M. McCAIG, JR., Judge Presiding

Copies: White--Clerk          Yellow--State          Pink--Defendant          Gold--Defendant's Attorney          134

CAUSE NO. 11-01-13704

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## DEFENDANT'S FIRST MOTION FOR CONTINUANCE

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Defendant, **DOMINIQUE DONTAE LASKER**, by and through his attorney, Frank Blazek, and submits this his First Motion for Continuance, and would show the Court the following:

1. This cause is set for Motions and Pleas on January 22, 2014.

2. Defense Counsel, Frank Blazek, is scheduled for trial beginning January 21, 2014, in Cause No. 25,790 - *The State of Texas v. Plato August Splawn, Jr.*, in the 12th Judicial District Court of Walker County, Texas. The case is first on the docket. The charge is attempted capital murder and it is anticipated that the trial will continue through the end of the week and possibly into the next week.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Honorable Court grant a continuance to Friday, February 7, 2014, at 1:30 p.m.

Respectfully submitted,

SMITHER, MARTIN,
HENDERSON & BLAZEK, P.C.
1414 11th Street
Huntsville, Texas 77340
(936) 295-2624
(936) 294-9784 [Telecopier]

By:_____
Frank Blazek
State Bar No. 02475500

William F. Carter
State Bar No. 03932800
108 E. William J. Bryan Parkway
Bryan, Texas 77803-5334
(979) 779-0712
(979) 779-9243 [Telecopier]

ATTORNEYS FOR DEFENDANT

136

# VERIFICATION

THE STATE OF TEXAS §
§
COUNTY OF WALKER §

BEFORE ME, the undersigned Notary Public, on this day personally appeared **FRANK BLAZEK**, who, being by me duly sworn on oath deposed and said that he is the Attorney for Defendant in the above entitled and numbered cause; that he has read the Motion for Continuance; and that the facts stated therein are true.



_____
FRANK BLAZEK

SUBSCRIBED AND SWORN TO BEFORE ME on the 17th day of January, 2014, to certify which witness my hand and official seal.

MARILYN BATTERTON
Notary Public
STATE OF TEXAS
My Comm. Exp. June 30, 2016

_____
Notary Public, State of Texas

137

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing *Defendant's First Motion for Continuance* has been forwarded to opposing counsel on this the ⬚ day of January, 2014, by facsimile to 1-979-826-7722, addressed as follows:

Elton R. Mathis
Criminal District Attorney
645 12th Street
Hempstead, Texas 77445

Frank Blazek

138

CAUSE NO. 11-01-13704

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## ORDER

BE IT REMEMBERED, that on the 21st day of January, 2014, came on to be considered the above and foregoing Motion for Continuance. After consideration of the same, it is the opinion of the Court that Defendant's Motion be:

____X____ GRANTED, and the present cause is hereby continued until February 7 2014, at 1:30 p.m. ✓

( ) DENIED, to which ruling the Defendant excepts.

SIGNED: January 21, 2014

_____
JUDGE PRESIDING

139

CAUSE NO. 11-01-13704

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## MOTION TO SUPPRESS CONFESSION

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Defendant, **DOMINIQUE DONTAE LASKER**, by and through his attorneys, Frank Blazek and William Carter, and submits this his Motion to Suppress Confession, and for cause would show the following:

1.    Defendant would show that the State intends to offer an alleged confession of the Defendant; that said confession was taken without his attorney being present, in violation of the Defendant's right to have his attorney present to consult with under Article I, Section 10 of the Constitution of the State of Texas and the 6th Amendment of the United States Constitution; that said confession was taken involuntarily from the Defendant in response to threats, in violation of his right to remain silent as protected by Article I, Section 10 of the Constitution of the State of Texas and the 5th Amendment of the United States Constitution; that said confession was taken in violation of his right to due process as protected by the 5th and 6th Amendments of the United States Constitution and the 14th Amendment thereto; and that said confession was taken in violation of his right to due course of law as established by Article I, Section 19 of the Texas Constitution. Admission of said confession would be in violation of Article 38.22 and Article 38.23, Code of Criminal Procedure.

2.    Defendant's purported confession is not audible on the tape. The jury would be required to speculate as to the statement actually made by the Defendant. The tape does contain many statements made by law enforcement that characterize the evidence developed in the investigation and relate their account of what statement they purport the Defendant has

*140*

made.  Such statements by law enforcement on the recording constitute a speaking offense report and are inadmissible hearsay.  To the extent that they are a statement of what they contend the Defendant told them, they constitute a violation of Code of Criminal Procedure Art. 38.22, which requires that Defendant's statement be recorded, not the officers' verbal account thereof.

3.    Defendant is entitled to a hearing on this matter wherein the State should be required to prove beyond a reasonable doubt that any confession which the State intends to offer was lawfully obtained and that the Defendant's rights under the Constitutions and the laws of the State of Texas and the United States were fully protected.  Defendant is entitled to such hearing outside the presence of the jury and prior to the trial on this matter.

WHEREFORE, PREMISES CONSIDERED, the Defendant would urge this Court to set this hearing prior to trial and that, at the conclusion of that hearing, any confession or statement by the Defendant, whether written, oral, or otherwise, and the recorded statements by peace officers during the interview wherein the officers recount evidence against the Defendant and state their version of what the Defendant has told them  proffered by the State be suppressed and the State be ordered not to refer to, or introduce, any such confessions or statements by the Defendant in the presence of the jury.

Respectfully submitted,

SMITHER, MARTIN,
HENDERSON & BLAZEK, P.C.
1414 11th Street
Huntsville, Texas  77340
(936) 295-2624
(936) 294-9784 [Telecopier]

By _____
Frank Blazek
State Bar No. 02475500

141

William F. Carter
State Bar No. 03932800
108 E. William J. Bryan Parkway
Bryan, Texas 77803-5334
(979) 779-0712
(979) 779-9243 [Telecopier]

ATTORNEYS FOR DEFENDANT

## Certificate of Service

I do hereby certify that a true and correct copy of the above and foregoing *Motion to Suppress Confession* has been forwarded to opposing counsel on this the 7th day of February, 2014, by facsimile to 1-979-826-7722 and addressed as follows:

Elton R. Mathis
Criminal District Attorney
645 12th Street
Hempstead, Texas 77445

_____
Frank Blazek

142

CAUSE NO. 11-01-13704

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## ORDER

BE IT REMEMBERED, that on the _____ day of _____, 2014, came on to

be considered the above and foregoing Motion to Suppress Confession. After consideration of

the same, it is the opinion of the Court that Defendant's Motion be:

( )    GRANTED.

( )    DENIED, to which ruling the Defendant excepts.

SIGNED:

_____
JUDGE PRESIDING

143

# 506th Judicial District Court

Albert M. McCaig, Jr., Judge



www.Court506.com

Court Coordinator
Susie Schubert

Court Reporter
Robyn S. Wiley
-----------------------
Grimes County
Waller County

836 Austin Street, Suite 307
Hempstead, Texas 77445
Fax: 979.826.9149
Ofc: 979.921.0921

April 4, 2014

## Notice of Preferential Trial Setting
## Waller County

Frank Blazek
Attorney at Law
1414 11th Street
Huntsville, Texas    77340

William Carter
Attorney at Law
108 E. Wm. J. Bryan
Bryan, Texas    77803

Honorable Elton Mathis
Criminal District Attorney
Waller County, Texas
645 12th Street
Hempstead, Texas    77445

Re:    Cause #11-01-13703, 11-01-13704 & 11-01-13705
       State of Texas vs Dominique Dontae Lasker
       506th Judicial District Court of Waller County, Texas

Motions:            **October 6, 2014 at 9:00 a.m.**
Jury Trial Setting: **March 30, 2015 at 9:00 a.m.**

The referenced matter has been preferentially set as stated above. Please see the Rules of the Second Administrative Judicial Region of Texas for further explanation of preferentially set matters.

Please contact the Court Coordinator for a continuance or request for resetting the matter. Unless prior approval for a continuance or reset of a preferentially set matter is obtained from the Court the matter will be called as stated.

SUSIE SCHUBERT
Court Coordinator

c:    District Clerk

144

Cause No. 11-01-13703
11-01-13704
11-01-13705

STATE OF TEXAS                                          IN THE DISTRICT COURT

v.                                                      WALLER COUNTY, TEXAS

Dominique Dontae Lasker                                506TH JUDICIAL DISTRICT

§
§
§
§
§

# SCHEDULING ORDER - CRIMINAL

Defendant and counsel shall be present at all hearings. Except as otherwise modified by the Court, and pursuant to Article 28.01 of the Texas Code of Criminal Procedure, a Pretrial Hearing and other matters are hereby Ordered set as follows:

1. _____    1:30 p.m.    **ARRAIGNMENT**

2. 10-6-14 ✓    9:00 a.m.    **MOTIONS & PLEAS**
   All parties and Counsel shall be present and prepared to discuss all issues allowed under C.C.P., Art. 28.01.

3. _____    _____    **HEARINGS & BENCH TRIALS**

4. **On or before 10-days before Pretrial Hearing Date** all C.C.P., Art. 28.01 matters must be filed or will be considered waived.

5. _____    9:00 a.m.    **PRETRIAL HEARING**
   Pretrial hearing date is also the Plea Bargain Cutoff date. State and Defendant will announce whether the case will plead or if a trial is required, and whether trial is to the Court or to a jury.

At the Pretrial hearing all motions and other matters not previously ruled on will be heard. All parties must file and serve on opposing counsel the following: 1) Motions in Limine; 2) briefs and authorities on known issues that will be presented for hearing. Further, all counsel shall advise the Court of any special needs for presentation of their case, including technology requirements, interpreters or accommodation for disabilities.

6. 3-30-15    9:00 a.m.    **JURY TRIAL**  Pref Set
   Final trial date & time will be set immediately after the Pretrial hearing.

**Defendant has received a copy of the Indictment and is the same person charged therein. Defendant waives formal Arraignment and reading of the Indictment and enters a plea of NOT GUILTY.**

Dated: 4-4-14 , replacing prior Scheduling Orders.

Frank Blazek

_____        _____        _____
Defendant's Signature           Counsel for Defendant            Counsel for State

                                Billy Carter

                                                                ALBERT M. McCAIG, JR., Judge Presiding

Copies:   White--Clerk       Yellow--State       Pink--Defendant       Gold--Defendant's Attorney

145



CAUSE NO. 11-01-13703
CAUSE NO. 11-01-13704
CAUSE NO. 11-01-13705

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## AGREED MOTION FOR TRANSCRIPTION OF PRETRIAL HEARINGS

TO THE HONORABLE JUDGE OF SAID COURT:

Now Defendant, DOMINIQUE DONTAE LASKER, by and through his attorneys of record, with the consent and approval of the state of Texas, and submits this his Agreed Motion for Transcription of Pretrial Hearings and for cause would show the Court the following:

1.      Defendant intends to apply for a writ of mandamus with the appellate courts of Texas seeking dismissal of this cause in accordance with the Interstate Agreement on Detainers. The Court's denial of that motion is based on the events and stipulations that occurred at various pretrial hearings.   Any application for such a writ will require that those hearings be transcribed.

2.      Undersigned counsel certifies that he has consulted with Assistant District Attorney Fred Edwards and the State agrees that these hearing be transcribed.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court will Order the Court Reporter to transcribe the pretrial hearings herein and provide copies to the State and defense counsel.

146

Respectfully submitted,

SMITHER, MARTIN,
HENDERSON & BLAZEK, P.C.
1414 11th Street
Huntsville, Texas 77340
(936) 295-2624
(936) 294-9784 [Telecopier]

By _____
Frank Blazek
State Bar No. 02475500

William F. Carter
State Bar No. 03932800
108 E. William J. Bryan Parkway
Bryan, Texas 77803-5334
(979) 779-0712
(979) 779-9243 [Telecopier]

ATTORNEYS FOR DEFENDANT

### Certificate of Service

I do hereby certify that a true and correct copy of the above and foregoing *Motion for Transcription of Pretrial Hearings* has been forwarded to opposing counsel on this the 9th day of March, 2014, by facsimile to 1-979-779-9243; and addressed as follows: *email to Fred Edwan w.f.edwards@wallcounty.us*

Elton R. Mathis
Criminal District Attorney
645 12th Street
Hempstead, Texas 77445

_____
Frank Blazek

147

CAUSE NO. 11-01-13703
CAUSE NO. 11-01-13704
CAUSE NO. 11-01-13705

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## ORDER

BE IT REMEMBERED, that on the 9th day of _April_, 2014, came on to be considered the above and foregoing Agreed Motion for Transcription of Pretrial Hearings.

After consideration of the same, it is the opinion of the Court that Defendant's Motion be:

(X) GRANTED, and the Court Reporter is hereby ORDERED to transcribe the pretrial hearings held herein and provide copies to the State and defense counsel.

( ) DENIED, to which ruling the Defendant excepts.

SIGNED: _April 9_, 2014.

_____
JUDGE PRESIDING

APPROVED:

_____
Elton Mathis _by F.H. EDWARDS_
Asst Criminal District Attorney
Waller County, Texas

By:_____

148

CAUSE NO. 11-01-13704

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## ORDER

BE IT REMEMBERED, that on the _11th_ day of _February_ , 2014, came on to

be considered the above and foregoing Motion to Dismiss. After consideration of the same, it

is the opinion of the Court that Defendant's Motion be:

( )    GRANTED, and the indictment is hereby dismissed with prejudice.

(X)    DENIED, to which ruling the Defendant excepts.

SIGNED: _on_ _July 2_ , 2014, _although ruled on March 11, 2014_

_____
JUDGE PRESIDING

CAUSE NO. 11-01-13704

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## MOTION TO DISMISS FOR VIOLATION
## OF THE INTERSTATE AGREEMENT ON DETAINERS

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes the Defendant, **DOMINIQUE DONTAE LASKER**, by and through his attorneys of record, and submits this his Motion to Dismiss for Violation of the Interstate Agreement on Detainers and for cause would show the Court the following:

1.      On February 11, 2014, a hearing was held in this Court concerning Defendant's First Amended Motion to Dismiss. In that motion Defendant argued that the State had violated the 180-day rule of the Interstate Agreement on Detainers (IADA). That rule requires the State commence the trial of the charge within 180 days of receiving a request for speedy disposition of a detainer. Tex. Code of Criminal Procedure Art. 51.14, Art. III (a). At the February hearing, the State argued that the two requests for speedy disposition made by Defendant were deficient and that the 180-day rule did not apply, but that the 120-day rule of Art. IV (c) of the IADA applied. This motion is intended to make clear that, assuming arguendo that the 120-day rule applied, Defendant is still entitled to a dismissal under the IADA.

2.      At the February hearing the following facts were established by stipulation, by clear documentation in the Court's file or the transcription of notes from the pretrial hearings:

a.      Defendant was indicted in this cause on January 27, 2011.

150

b.     Defendant was sentenced to federal prison on December 16, 2011, on an unrelated charge.

c.     While in the federal prison and with a detainer lodged against him for this offense Defendant filed a first request for speedy disposition which was received by the Court on July 16, 2012, and the District Attorney on July 19, 2012.

d.     While in the federal prison and with a detainer lodged against him for this offense Defendant filed a second request for speedy disposition which was received by the Court and the District Attorney on February 8, 2013. The second request was mailed by certified mail.

e.     The State of Texas acquired Defendant's presence in Waller County on May 24, 2013.

f.     On June 4, 2013, Defendant appeared in Court and was appointed counsel after his indigency was determined. The Defendant informed the Court that he had motions on file and wanted them to be heard. The Court informed him they were not scheduled to be heard at that time and that he needed to consult with his attorney before proceeding.

g.     The next court date was September 9, 2014. At that hearing Defendant invoked his rights to a speedy trial under the IADA. On that day the Court granted the State's motion for continuance based on the delay in getting the Defendant from the federal authorities, the seriousness of the charge, the availability of providing adequate and competent counsel and the complexity of the case.

151

3. If either of Defendant's requests for speedy disposition is deemed sufficient, then the 180-day rule applies and Defendant is entitled to a dismissal because the 180 days lapsed before the continuance was granted.

4. Assuming arguendo that both requests are deficient, then the 120-day rule applies. Defendant is still entitled to a dismissal because the continuance was not granted for good cause. A trial did not commence within 120 days of his arrival.

5. Defendant believes it was necessary to file this motion because, although the 120-day rule was invoked on September 9, 2013, Counsel for Defendant only invoked the 180-day rule at the February 11, 2014 hearing. Counsel did not want to waive any right to a dismissal for violation of the 120-day rule should it be determined that 180-day rule was not applicable.

6. Defendant believes that it is appropriate for the Court to rule on this motion by submission. The relevant facts are clearly developed in the record and the prior court hearings have been transcribed for review.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court will Order the indictment herein be dismissed with prejudice.

Respectfully submitted,

SMITHER, MARTIN,
HENDERSON & BLAZEK, P.C.
1414 11th Street
Huntsville, Texas 77340
(936) 295-2624
(936) 294-9784 [Telecopier]

By _____
Frank Blazek
State Bar No. 02475500

William F. Carter
State Bar No. 03932800
108 E. William J. Bryan Parkway
Bryan, Texas 77803-5334
(979) 779-0712
(979) 779-9243 [Telecopier]

ATTORNEYS FOR DEFENDANT

### Certificate of Service

I do hereby certify that a true and correct copy of the above and foregoing *Motion to Dismiss for Violation of the Interstate Agreement on Detainers* has been forwarded to opposing counsel on this the 11ᵗʰ day of July, 2014, by U.S. Mail, postage prepaid, and addressed as follows:

Elton R. Mathis
Criminal District Attorney
645 12th Street
Hempstead, Texas 77445

_____
Frank Blazek

153

CAUSE NO. 11-01-13704

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## ORDER

BE IT REMEMBERED, that on the _14th_ day of _July_, 2014, came on to be considered the above and foregoing Motion to Dismiss for Violation of the Interstate Agreement on Detainers. After consideration of the same, it is the opinion of the Court that Defendant's Motion be:

( ) GRANTED, and the indictment is hereby dismissed with prejudice.

(X) DENIED, to which ruling the Defendant excepts.

SIGNED: _July 15_, 2014.

_____
JUDGE PRESIDING

154

# Attorney Fee Voucher

**1. Jurisdiction**
[X] District  [ ] County
[ ] County Court at Law
Court # _506th_

**2. County**
Waller
~~Grimes~~

**3. Cause Number / Offense**
11-01-13703  Capital Murder
11-01-13704  Murder
11-01-13705  Murder

**4. Proceedings**
[ ] Trial-Jury  [ ] Trial-Court
[ ] Plea-Open  [ ] Plea-Bargain
[ ] Other _____

**5. In the case of:**
State of Texas v  Dominique Dontae Lasker

**6. Case Level**

[X] Felony I  [ ] Felony II  [ ] Felony III  [ ] Felony SJ  [ ] Misdemeanor  [ ] Juvenile  [ ] Appeal  [X] Capital Case

[ ] Revocation – Felony  [ ] Revocation – Misdemeanor  [ ] No Charges Filed  [ ] Other _____

**7. Attorney (Full Name)**
Frank Blazek

**8. State Bar Number**
02475500

**8a. Tax ID Number**
76-0311086

**9. Attorney Address (Include Law Firm Name if Applicable)**
Smither, Martin, Henderson & Blazek, P.C.
1414 11th Street
Huntsville, Texas 77340

**10. Telephone**
295-2624

**11. Fax**
294-9784

**12. Flat Fee – Court Appointed Services**

**12a. Total Flat Fee**
$

| 13. | In Court Services | Hours | Dates | 13a. Total In Court Compensation. |
|---|---|---|---|---|
| | See attached | 12.0 | | 2400.00 |
| | Rate per Hour = $200   Total hours 12 | | | $ |

| 14. | Out of Court Services | Hours | Dates | 14a. Total Out of Court Compensation. |
|---|---|---|---|---|
| | See attached | 91.1 | | $18220.00 |
| | Rate per Hour = $200   Total hours 91.1 | | | |

| 15. | Investigator | | Amount | 15a. Total Investigator Expenses $ |
|---|---|---|---|---|

| 16. | Expert Witness | | Amount | 16a. Total Expert Witness Expenses $ |
|---|---|---|---|---|

| 17. | Other Litigation Expenses | | Amount | 17a. Total Other Litigation Expenses $ 854.55 |
|---|---|---|---|---|
| | See attached | | | |

**18. Time Period of service Rendered:** From 6/6/13 to 7/11/14

**19. Additional Comments**

**20. Total Compensation and Expenses Claimed**
$21474.55

**21. Attorney Certification** – I, the undersigned attorney, certify that the above information is true and correct and in accordance with the laws of the State of Texas. The compensation and expenses claimed were reasonable and necessary to provide effective assistance of counsel.

[ ] Final Payment  [X] Partial Payment _____
Signature                                                     Date  7-14-14

**22. SIGNATURE OF PRESIDING JUDGE:**

Amount Approved: $21,474.55

Reason(s) for Denial or Variation



No. 11-01-13703, No. 11-01-13704 and No. 11-01-13705 - *The State of Texas v. Dominique Dontae Lasker*; In the 506th Judicial District Court of Waller County, Texas

| Date | Description | Time |
|---|---|---|
| **In-Court:** | | |
| 9-9-13 | Court appearance (motions) | 4.00 hrs. |
| 11-4-13 | Court appearance (motions) | 4.00 hrs. |
| 2-11-14 | Court appearance (motions) | <u>4.00 hrs.</u> |
| **Total In-Court** | | <u>12.00 hrs.</u> |
| | | |
| **Out-of-Court:** | | |
| 6-6-13 | Telephone conference with Judge McCaig | .25 hr. |
| 6-9-13 | Review internet accounts; visit client in jail | 5.00 hrs. |
| 6-10-13 | Telephone conference with potential co-counsel | .25 hr. |
| 6-11-13 | Telephone call to DA (left message); search internet for information regarding client | 1.00 hrs. |
| 6-13-13 | Telephone conference with DA | .50 hr. |
| 7-11-13 | Telephone conference with potential co-counsel | .50 hr. |
| 7-12-13 | Motion for Appointment of Attorney as Co-Counsel in each case; Waiver of Arraignment and Entry of Plea of Not Guilty in each case | 1.50 hr. |
| 7-15-13 | Telephone conference with client's wife; telephone conference with client's California attorney | .70 hr. |
| 7-23-13 | Call to jail for booking information | .30 hr. |
| 8-27-13 | Telephone conference with ADA Edwards | .25 hr. |
| 8-28-13 | Telephone conferences (2) with DA; telephone conference with co-counsel; visit client; visit with DA and ADA Edwards; letter from client | 8.00 hrs. |

C:\NetShare\FB\CRIM_K-O\Lasker.DD.81075\Statement.001.wpd

156

| Date | Description | Time |
|------|-------------|------|
| 8-30-13 | Telephone conference with client's wife; receive and review State's Motion for Continuance; State's Motion for Competency Evaluation; State's Motion for Discovery of Expert Witnesses and State's Notice of Intention to Seek the Death Penalty | 2.00 hrs. |
| 9-3-13 | Telephone conference with client's wife | .3 hr. |
| 9-4-13 | Visit Clerk and obtain copies from file; telephone conferences (2) with DA; visit client at jail; telephone conference with client's wife | 8.00 hrs. |
| 9-6-13 | Motion for Disclosure of Favorable Evidence; Motion to Dismiss | 2.00 hrs. |
| 9-11-13 | Letter from client | .25 hr. |
| 9-24-13 | Work on IADA time line | 3.00 hrs. |
| 9-25-13 | Telephone conference with District Clerk's office; telephone conference with DA; telephone conference with co-counsel; visit client in jail; pick up copies of documents from District Clerk; receive and review discovery | 8.00 hrs. |
| 10-4-13 | Letter from client | .25 hr. |
| 10-8-13 | Review confession (audio) of January 12, 2011 | 2.00 hrs. |
| 10-9-13 | Continue listening to audio of confession; letter to co-counsel | 2.00 hrs. |
| 10-10-13 | Telephone conference with Craig Davis; telephone conference with Brody of Federal Bureau of Prisons; letter to Federal Bureau of Prisons | 1.5 hrs. |
| 10-16-13 | Letter from client | .25 hr. |
| 10-23-13 | Telephone conference with client's wife | .25 hr. |
| 10-28-13 | Telephone conference with co-counsel | .25 hr. |
| 10-29-13 | First Amended Motion to Dismiss in each case | 1.50 hr. |
| 10-30-13 | Telephone conference with potential investigator; telephone call to co-counsel's office | .30 hr. |
| 11-1-13 | Meet with client and co-counsel at jail | 4.00 hrs. |

157

| Date | Description | Time |
|------|-------------|------|
| 11-4-13 | Telephone conference with potential expert | .25 hr. |
| 11-6-13 | Letter to DA (w/proposed stipulations) | 1.00 hr. |
| 11-7-13 | Telephone conference with potential expert; exchange emails with DA; Ex parte motions for funding for experts | 1.00 hr. |
| 11-11-13 | Telephone conference with potential investigator | .30 hr. |
| 11-12-13 | Letter from client | .25 hr. |
| 11-13-13 | Letter to client; letter to DA (with additional proposed stipulation) | 1.00 hr. |
| 11-14-13 | Telephone conference with potential investigator; telephone conference with co-counsel | .50 hr. |
| 11-17-13 | Ex parte motion for funding for expert assistance | .25 hr. |
| 11-18-13 | Telephone conference with co-counsel | .25 hr. |
| 11-19-13 | Telephone conference with ADA Edwards | .25 hr. |
| 12-4-13 | Telephone conference with potential investigator; email to co-counsel; telephone conference with ADA Edwards; telephone conference with co-counsel | 1.00 hr. |
| 12-16-13 | Telephone call to ADA Edwards; left detailed message | N/C |
| 12-17-13 | Telephone call to ADA Edwards; left voice mail | N/C |
| 12-31-13 | Letter to DA | .25 hr. |
| 1-17-14 | Defendant's First Motion for Continuance (of Motions and Pleas setting) in each case | .50 hr. |
| 1-22-14 | Letter from client | .25 hr. |
| 1-29-14 | Letter to client | .25 hr. |
| 1-31-14 | Telephone conference with client's wife | .25 hr. |
| 2-3-14 | Telephone conference with co-counsel; telephone conference with client's wife; telephone conference with expert | 1.00 hr. |
| 2-4-14 | Telephone conference with ADA Edwards; telephone message to client's wife re: hearing schedule | .30 hr. |

| Date | Description | Time |
|------|-------------|------|
| 2-7-14 | Motion to Suppress Confession in each case | 1.00 hr. |
| 2-10-14 | Listen to audio statement; receive and review State's Response to Defendant's Motion to Dismiss | 5.00 hrs. |
| 2-14-14 | Letter from client | .25 hr. |
| 2-18-14 | Letter to client | .25 hr. |
| 3-4-14 | Telephone call to ADA Edwards, left message | N/C |
| 3-10-14 | Letter from client | .25 hr. |
| 3-11-14 | Letter to client | .25 hr. |
| 3-12-14 | Telephone conference with ADA Edwards | .25 hr. |
| 3-18-14 | Prepare Agreed Motion for Transcription of Pretrial Hearings; instructions to staff | 1.00 hr. |
| 3-19-14 | Telephone conference with client's wife | .25 hr. |
| 3-27-14 | Telephone conference with expert | .25 hr. |
| 3-31-14 | Telephone conference with ADA Edwards | .25 hr. |
| 5-9-14 | Telephone conference with expert | .25 hr. |
| 5-27-14 | Telephone conference with client's wife; telephone call and email to court coordinator | .40 hr. |
| 6-12-14 | Telephone exchange client's wife | .25 hr. |
| 7-1-14 | Telephone call to Attorney Victor Amador | .25 hr. |
| 7-3-14 | Research re: Mandamus; drafting motion | 4.00 hrs. |
| 7-7-14 | Research re: Mandamus; drafting motion | 4.00 hrs. |
| 7-8-14 | Research re: Mandamus; drafting motion | 4.00 hrs. |
| 7-10-14 | Work on new Motion to Dismiss; telephone call to co-counsel | 4.00 hrs. |
| 7-11-14 | Telephone call to co-counsel; telephone conference with ADA Edwards; finalize Motion to Dismiss for Violation of the Interstate Agreement on Detainers in each case; letter to Judge McCaig | 2.00 hrs. |

159

| Date | Description | Time |
|---|---|---|
| Total Out-of-Court | | 91.10 hrs. |

Expenses:

| Date | Description | Amount |
|---|---|---|
| 6-9-13 | Mileage expense (160 mi. @ $0.565/mi.) | $ 90.40 |
| 7-12-13 | Postage | 6.80 |
| 7-31-13 | Photocopies for the month of July, 2013 (61 @ $0.20 ea.) | 12.20 |
| 8-28-13 | Mileage expense (160 mi. @ $0.565/mi.) | 90.40 |
| 9-4-13 | Mileage expense (160 mi. @ $0.565/mi.) | 90.40 |
| 9-10-13 | Postage | 1.92 |
| 9-25-13 | Mileage expense (160 mi. @ $0.565/mi.) | 90.40 |
| 9-30-13 | Photocopies for the month of September, 2013 (167 @ $0.20 ea.) | 33.40 |
| 10-3-13 | Postage | 1.12 |
| 10-9-13 | Postage | 2.84 |
| 10-29-13 | Postage | 4.56 |
| 11-1-13 | Mileage expense (160 mi. @ $0.565/mi.) | 90.40 |
| 11-4-13 | Postage | 4.42 |
| 11-4-13 | Mileage expense (160 mi. @ $0.565/mi.) | 90.40 |
| 11-6-13 | Postage | 2.64 |
| 11-7-13 | Postage | 3.10 |
| 11-8-13 | Postage | 4.10 |
| 11-13-13 | Postage | 2.38 |

160

| | | |
|---|---|---:|
| 11-30-13 | Photocopies for the month of November, 2013 (253 @ $0.20 ea.) | 50.60 |
| 12-31-13 | Photocopies for the month of December, 2013 (40 @ $0.20 ea.) | 8.00 |
| 12-31-13 | Postage | 2.64 |
| 1-13-14 | Postage | 1.58 |
| 1-17-14 | Postage | 4.96 |
| 1-20-14 | Postage | 2.38 |
| 2-7-14 | Postage | 4.83 |
| 2-11-14 | Mileage expense (160 mi. @ $0.56/mi.) | 89.60 |
| 2-11-14 | Postage | .69 |
| 2-28-14 | Photocopies for the month of February, 2014 (253 @ $0.20 ea.) | 50.60 |
| 7-11-14 | Postage | 16.79 |
| Total Expenses | | **$854.55** |

161

CAUSE NO. 11-01-13704

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## NOTICE TO PREPARE REPORTER'S RECORD

TO: ROBYN WILEY, OFFICIAL COURT REPORTER OF SAID COURT:

Now comes **DOMINIQUE DONTAE LASKER**, Defendant in the above-entitled and numbered cause, by and through his attorneys of record, and makes this request, in writing, for the Court Reporter to prepare an official Reporter's Record to be used for the Petition for Writ of Mandamus pending in the First Court of Criminal Appeals under Cause Number 01-14-00630 styled In re Dominique Dontae Lasker A designation of the material requested is as follows:

1. All pre-trial hearings in Cause No. 11-01-13704 including, June 4, 2013; September 9, 2013; November 4, 2013; and February 11, 2014; and

2. All exhibits used, marked, offered, and/or admitted during any proceeding of this cause;

Applicant has been determined to be indigent for purposes of this proceeding and the cost of preparing the Reporter's Record, if any, will be paid by the Treasurer of Grimes County, Texas. A copy of this request has been filed with the Clerk of said Court and another copy served on the attorney for the State.

Respectfully submitted,

SMITHER, MARTIN,
HENDERSON & BLAZEK P.C.
1414 11th Street
Huntsville, Texas 77340
(936) 295-2624
(936) 294-9784 [Telecopier]

By _____
Frank Blazek
State Bar No. 02475500

William F. Carter
State Bar No. 03932800
108 E. William J. Bryan Parkway
Bryan, Texas 77803-5334
(979) 779-0712
(979) 779-9243 [Telecopier]

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing *Designation Items to Be Included in the Record* has been forwarded to opposing counsel on this the ⸯⁿ day of September, 2014, by U.S. Mail, postage prepaid, and addressed as follows:

Elton R. Mathis
Criminal District Attorney
645 12th Street
Hempstead, Texas 77445

Frank Blazek

163

CAUSE NO. 11-01-13704

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes **DOMINIQUE DONTAE LASKER**, Defendant in the above-entitled and numbered cause, by and through his attorneys of record, and requests that the following instruments be included in the record for the Petition for Writ of Mandamus pending in the First Court of Criminal Appeals under Cause Number 01-14-00631 styled In re Dominique Dontae Lasker:

All pleadings and documents on file in Cause No. 11-01-13704, including:

1.     Indictment;

2.     Notice and Demand to District Attorney/Prosecutor for Trial or Disposition of Warrants, Informations, Detainers or Indictments by Federal Prison dated July 2, 2012;

3.     Notice of Imprisonment and Request for Speedy Trial and Final Disposition dated July 3, 2012, with small piece of paper indicating "no action at this time" initialed "AM";

4.     IAD - Placement of Imprisonment and Request for Final Disposition dated January 30, 2013;

5.     Certificate of Inmate Status dated January 30, 2013;

6.     IAD - Offer to Deliver Temporary Custody dated January 30, 2013;

7.     Order Appointing Counsel dated June 6, 2013;

8.     Defendant's First Amended Motion to Dismiss dated October 29, 2013;

9.     State's Response to Defendant's Motion to Dismiss;

10.     Order dated July 2, 2014, although ruled on March 11, 2014, denying Defendant's Motion to Dismiss;

11.     Defendant's Motion to Dismiss for Violation of the Interstate Agreement on Detainers filed July 14, 2014;

12. Notice to Prepare Reporter's Record;

13. Designation of Items to be Included in the Record;

14. All exhibits used, marked, offered and or admitted during any proceedings of this cause; and

15. Docket Sheet.

Respectfully submitted,

SMITHER, MARTIN,
HENDERSON & BLAZEK, P.C.
1414 11th Street210
Huntsville, Texas 77340
(936) 295-2624
(936) 294-9784 [Telecopier]

By _____
Frank Blazek
State Bar No. 02475500

William F. Carter
State Bar No. 03932800
108 E. William J. Bryan Parkway
Bryan, Texas 77803-5334
(979) 779-0712
(979) 779-9243 [Telecopier]

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing *Designation Items to Be Included in the Record* has been forwarded to opposing counsel on this the ___ day of September, 2014, by U.S. Mail, postage prepaid, and addressed as follows:

Elton R. Mathis
Criminal District Attorney
645 12th Street
Hempstead, Texas 77445

_____
Frank Blazek

No. 11-01-13703, 11-01-13704 and 11-01-13705

| THE STATE OF TEXAS | § | IN THE 506th DISTRICT |
| VS. | § | COURT OF |
| DOMINIQUE DONTAE LASKER | § | WALLER COUNTY, TEXAS |

FILED
DISTRICT CLERK
WALLER COUNTY, TEXAS
2014 SEP -4 PH 2: 30
BY
DEPUTY

## STATE'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the State of Texas by and through the undersigned Assistant District Attorney and submits this STATE'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS and would show as follows:

**FACTS:**

Stanley Ray Jackson and Janella Edwards were found murdered in their residence in Brookshire, Texas in the early morning hours of March 10, 2010. Both Edwards and Jackson had been shot in the head with a firearm. A lengthy investigation ensued whereby it was discovered that Dominique Dontae Lasker was home on leave from the United States Marine Corp during the time that Edwards and Jackson were murdered. Lasker had lived with Edwards and Jackson at times during his childhood. It was also determined through an FBI firearm analysis that a firearm used in a October 30, 2010 bank robbery in California was the same firearm used to murder Edwards and Jackson on March 10, 2010. The firearm used in the bank robbery was in the possession of Dominique Dontae Lasker. Lasker was interviewed

1

*166*

by Texas Rangers while he was being held in California and confessed to the murder of Edwards and Jackson. Lasker was indicted by a Waller County Grand Jury of two counts of murder and one count of Capital Murder on January 27, 2011 and although it is not clear from the court's records, the State presumes that a detainer was issued a short time after indictment asking that Lasker be held to stand trial here in Waller County.

While the murder charges were pending in Waller County, Lasker was sentence to one hundred and twenty-one (121) months imprisonment in a Federal penitentiary on or about January 30, 2013 for the California bank robbery charges.

On July 19th, 2012 the State received a *"Notice and Demand to District Attorney for Trial or Disposition of Warrants, Informations, Detainers or Indictments by Federal Prisoners,"* presumably under Tex. Code Crim. Proc., Art. 51.14, *Art. III*. It appears that the motion was received by the Waller County District Attorney's Office via standard U.S. mail directly from Lasker without participation or knowledge of the Federal Prison authorities and **not certified mail** as required by Tex. Code Crim. Proc., Art. 51.14, Art. III. The motion did not contain the requisite certificate from the warden of the holding authority and in its failure did not contain any of the required information such as date of parole eligibility, good time calculation, decisions of the parole board, time remaining to be served and time already served by the prisoner.

167

On August 31, 2012, Waller County requested and received IAD Form V from Ed Perez, an administrator for the Federal holding facility. The State intended to bring Lasker back to Waller County in accordance with Tex. Code Crim. Proc., Art. 51.14, Art. IV.

On January 2, 2013 the State sent a request to the Warden of the holding authority for temporary custody of Lasker. This request included copies of the indictments and warrants as well as IAD Form V, "Request for Temporary Custody." Of note is the inclusion of a signature block for the Judge of this Court on IAD Form V.

On January 31, 2013 (the actual date of receipt is unclear but the letter was presumably written on January 31, 2013), Waller County received a response to its request for temporary custody of the inmate advising Waller County that the inmate had waived his thirty day notice to object to the temporary custody. The Warden further advised that yet another form (IAD Form VI, "Evidence of Agent's Authority to Act for Receiving State), would be required along with signatures of the actual agents who would eventually pick up the prisoner.

Also attached to the above were IAD Forms "Notice of Untried Indictment", "Placement of Imprisonment", "Certificate of Inmate Status" and "Offer to Deliver Temporary Custody." The effect of these Forms was to make a demand on Waller County, State of Texas to bring the inmate back to Waller County for trial

3

in accordance with Article III of the Interstate Agreement on Detainers Act. This notice was delivered on or about February 8, 2013. It should be noted that the Certificate of Inmate Status was not in compliance with Article III in that (1)it left blank the date of parole eligibility and (2) left blank any mention of decisions that may or may not have been made by the parole board concerning the inmate.

On April 8, 2013 Waller County received by FAX a copy of the request IAD Form VI from the Federal Warden.

On April 17, 2013, Waller County sent IAD Form VI to the Texas IAD administrator, Donna Bell.

On May 1, 2013, Waller County forwarded on IAD Form VI that had now been signed by the Texas IAD Administrator to the Federal Warden.

Lasker was returned to Waller County on May 24, 2013 and has been in Waller County custody since that time.

The Defendant's first court date in Waller County was on June 4, 2013. At that time the Defendant informed the Court that there were a number of motions on file and that he wanted a decision on those motions. The Court informed the Defendant that he needed to be represented by counsel. The Defendant had in fact requested in his IAD Form "Placement of Imprisonment," that he be appointed counsel by the requesting Court for all matters preliminary to trial. With that in mind the Court appointed the Regional Public Defender on June 4, 2013 and continued the

4

169

matter until such time as the Regional Public Defender could consult with Lasker and otherwise become prepared to be to heard on the various motions that Lasker had filed.

At some point after June 4, 2013 it was determined that the Regional Public Defender could not represent this Defendant. The Court then appointed Mr. Frank Blazek on June 6, 2013. A few days later Mr. William Carter was appointed as co-counsel.

After the State met and discussed the case with Mr. Blazak it became apparent that the Defense was not going to initiate any sort of court settings. The State requested a Court date so that certain matters could be heard. On September 9, 2013 the Court heard and granted its second continuance for good cause shown until November 4, 2013 whereby the Defendant waived arraignment and a scheduling order was signed by this Court.

**APPLICABLE LAW**:

The IADA is a congressionally-sanctioned compact between the United **States** and the **states.** Cuyler v. Adams, 449 U.S. 433, 442, 101 S. Ct. 703, 709, 66 L. Ed. 2d 641 (1981). As stated in Article I of the Act, "the policy of the party **states** and the purpose of the IADA is to encourage the expeditious and orderly disposition of outstanding charges and determination of the proper status of any and all detainers based on untried indictments, informations, or complaints."

5

Birdwell v. Skeen, 983 F.2d 1332, 1335 (5th Cir. 1993). Consistent with this purpose, the IADA permits a **state** to file a detainer against a defendant residing in a prison in another **state,** gain temporary custody of the defendant, and prosecute the defendant on the charge that forms the basis of the detainer. U.S. v. Mauro, 436 U.S. 340, 351-53, 98 S. Ct. 1834, 1842-44, 56 L. Ed. 2d 329 (1978).

The IADA also provides a mechanism for a person incarcerated in one jurisdiction with charges pending against him in another jurisdiction to be tried on the pending charges before being released from incarceration in the first jurisdiction. Tex. Code Crim. Proc. Ann. art. 51.14, Art. I (Vernon 1979). Either the defendant or the jurisdiction where charges are pending may demand that the defendant be tried on the pending charges. *Id.* Arts.I, III, V.

Article III

(a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party **state,** and whenever during the continuance of the term of imprisonment there is pending in any other party **state** any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint...

The IAD also **states** that the prisoner's request in Article III (a):

Shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under

6

171

which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decision of the **state** parole agency relating to the prisoner.

ARTICLE V.

(c) If the appropriate authority shall refuse or fail to accept temporary custody of said person, or in the event that an action on the indictment, information, or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided in Article III or Article IV hereof, the appropriate court of the jurisdiction where the indictment, information, or complaint has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect.

To request final disposition under article III, the defendant must cause "to be delivered *to the prosecuting officer* and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment." *Id.* art. III(a) (emphasis added). The IADA provides that a defendant can perform this requirement by sending the written notice and request for final disposition to the official having custody of him, who would then forward it to the appropriate prosecuting official and court by registered (certified mail, return receipt requested). *Id.* art. III(b). The Supreme Court has held that the 180-day provision "does not commence until the prisoner's request for final disposition of the charges against him has actually been delivered to the court and prosecuting officer of the

7

jurisdiction that lodged the detainer against him." Fex v. Michigan, 507 U.S. 43, 113 S. Ct. 1085, 1091, 122 L. Ed. 2d 406 (1993); **State** v. Powell, 971 S.W.2d 577, 580 (Tex.App.--Dallas 1998, no pet.).

The inmate bears the burden of demonstrating compliance with the formal procedural requirements of Article III." *Morganfield v. State*, 919 SW2d 731, 734 (Ct. App. – San Antonio [4th Dist] 1996), U.S. v. Henson, 945 F.2d 430, 434 (1st Cir. 1991); Bryant v. **State,** 819 S.W.2d 927, 930-31 (Tex.App.--Houston [14th Dist.] 1991, pet. ref'd).

The failure of another state to follow the IAD does not require dismissal of the Texas [receiving state] charges." *Bryant v. State*, at 929. Delay caused by holding jurisdiction tolled until the receiving State receives the completed request form. *Id.* at 931.

In *Bryant*, the court found that when the holding jurisdiction failed to send Bryant to Texas because of pending charges in other jurisdictions, that time the defendant was unavailable to Texas should not be taxed against Texas because Bryant was unavailable to her. At 931.

The denial of a defendant's motion to dismiss an indictment under the IADA is a question of law reviewed *de novo* and the factual findings underlying that decision are reviewed on a clearly erroneous standard. United **States** v. Hall, 974 F.2d 1201, 1204 (9th Cir.1992).

8

173

A prisoner seeking to benefit from the statutory provisions [of the Uniform Mandatory Disposition of Retainers Act] must first meet the burden of compliance with the 'agreement.' *McCallum v. State*, 407 So.2d 865, 869 (Ala.Cr.App.1981). There must be strict compliance by the prisoner with the requirements . . ., otherwise, a conniving prisoner could finagle procedures to frustrate efforts of the prosecution to give the prisoner the benefit of the Interstate Compact on Detainers'), and attempts to deal directly with officials in the receiving state, he must satisfy the additional requirements of the agreement which would normally be executed by officials in the sending state." *McCallum v. State, supra,* at 869." *Seymore v. State*, 429 So.2d 1188, 1193-4 (Ala.Cr.App.1983). *Whitley v. State*, 392 So.2d 1220, 1224 (Ala.Cr.App.1980), *cert. denied*, 392 So.2d 1225 (Ala.1981).

If a Defendant takes it upon himself to notify the prosecutor and the Court directly, he is responsible for seeing that the notice is sent in the form required by the IAD. If Defendant's correspondences never properly comply with the notice requirements of the IAD so as to constitute "the required request," the 180 day period does not begin to run until Texas authorities have received the completed request form. *Burton v. State,* 805 S.W.2d at 575. When an inmate fails to serve the court where charges are pending, then he has failed to comply with the requirements of Art. III and the clock does not start ticking against the receiving

jurisdiction. *State v. Votta*, 299 SW3d 130, 137 (Ct. Crim App 2009).

Article III, section (a) of the IADA states that the prisoner's request must be "accompanied by a certificate of the appropriate official having custody of the prisoner stating the term of commitment . . . the time already served, the time remaining . . . on the sentence, the amount of good time earned, the time of parole eligibility. . . and any decision of the state parole agency relating to the prisoner." TEX. CODE CRIM. PROC. ANN. art. 51.14, Art. III(a) (West 2006). And, should that information not be forwarded with the request for final disposition, the 180 day timeline remains dormant. *Lara v. State*, 909 S.W.2d 615 (Tex. App.-Fort Worth 1995, pet. ref'd), State v. Garcia, 2011 Tex. App. LEXIS 4272 (Tex. App. Amarillo, 2012).

In a long line of cases that includes *Powell* v. *Alabama*, 287 U.S. 45 (1932), *Johnson* v. *Zerbst*, 304 U.S. 458 (1938), and *Gideon* v. *Wainwright*, 372 U.S. 335 (1963), this Court has recognized that the Sixth Amendment right to counsel exists, and is needed, in order to protect the fundamental right to a fair trial. The Constitution guarantees a fair trial through the Due Process Clauses, but it defines the basic elements of a fair trial largely through the several provisions of the Sixth Amendment.

**ARGUMENT:**

This case has become convoluted for a couple of reasons. The

10

Defendant allegedly committed the murders in Waller County on or about March 10, 2010 and fled the jurisdiction. He did not become a suspect until facts became known about a bank robbery and his arrest in California on October 30, 2010. From that time until December 16, 2011, the Defendant was being held in California for trial. He was sentenced on December 16, 2011 and was committed for one hundred twenty-one months on January 12, 2012 to a Federal Penitentiary in California. The Defendant was indicted on the Waller County murder charges a couple weeks later on January 27, 2011 and presumably a detainer was placed on the Defendant shortly thereafter.

The Waller County District Attorney's Office entered into a number of informal telephone conversations through the Waller County Sheriff's Office with Mr. Ed Perez at the Victorville Federal Penitentiary in California about what was needed to get the Defendant back to our jurisdiction for trial.

Then on July 19, 2012 the Waller County District Attorney's Office received through regular mail attachment Number 1. The document is entitled *"Notice and Demand to District Attorney/Prosecutor for Trial or Disposition of Warrant, Informations, Detainers or Indictments by Federal Prisoner"* and attached to that motion was what appears to be some sort of sentence monitoring sheet. It further appears that the document was sent by the Defendant without any participation or notice to the warden or the prison authorities there in California.

11

*176*

This is one of the documents that the Defendant claims in effect to be a notice under Tex. Code Crim. Proc., Article 51.14, Art. III, demanding trial within 180 days of receipt of the notice by the Court and the District Attorney. If such were the case, then trial would have had to be commenced on or before January 16, 2013. Another consequence of this notice, if it were effective, is that it in effect waives the right of the Defendant to insist on the formal extradition process and renders consent to be taken back to the jurisdiction seeking the Defendant for trial.

There are a number of problems with this Defendant's attempt at giving an Art. III notice. The notice has a few "shalls" in its wording. First, in Art.III (b) the notice "shall" be sent by <u>registered or certified mail, return receipt requested</u>. This requirement among other things gives both the prosecuting attorney and the Count some idea of just when the 180 days begins to run and does not leave that important date up to the vagrancies of in-office date stamping, claims of in-office routing problems and the like.

The second "shall" in Art.III (a) requires that a "certificate" be included by and from the warden of the holding facility. The Article goes on to say that there are at a least five pieces of information this certificate shall contain: 1) the term of commitment, 2) the time already served, 3) the time remaining to be served on the sentence, 4) the amount of good time earned, 5) the time of parole eligibility of the prisoner and 6) any decision of the state parole agency relation to

12

the prisoner. All of this information is vital to the decision making process that may come into play by the trying Court and to the prosecutor. Another important concern that comes into play in this case is that the request by the Defendant through the warden of the holding authority gets the warden into the information loop, the import of which will be discussed below.

It is clear from the case law cited above that a failure on the warden OR the Defendant to strictly comply with the Interstate Agreement requirements in Article III results in no notice to the trying Court and the prosecutor. (*See Fex, Powell, Morganfield, Henson, Bryant, McCullum, Seymore, Whitley, (...the 180 day period does not begin to run until Texas authorities have received the complete request form...)Burton, Lara, Garcia.*

The failure of the Defendant to make his request through the warden caused the prison authorities to be in the dark about the Defendants intentions concerning returning back to Waller County. The warden did not know that Defendant had made a demand to be returned, so that when answering inquiries from Waller County about the Defendant's return, the holding authorities advised Waller County would have to make our request in accordance with Art. IV. This procedure requires the filing out of various forms and the obtaining of various signatures before Art. V (also requiring additional forms) could be triggered and the Defendant could eventually be picked up. Art. V also triggers different time

13

*178*

requirements. If the Defendant were obtained via Art. IV, then his trial had to commence within 120 days of his arrival back in the requesting jurisdiction unless good cause was shown for the Court to continue the case.

Waller County began this procedure beginning informally after we determined that the Defendant had been arrested in California. It continued more formally after he was sentenced in California in January 2013. and continued November 2012 (attachment #2) through May 2013 (attachment #3).

On February 8, 2013 Waller County and the Court received another Art.III request (attachment #4) by certified mail this time through the warden of the holding authority. This demand contained a cover letter from the warden, "Notice of Untried Indictment," "Placement of Imprisonment," and a "Certificate of Inmate Status." The Certificate, however, did not contain the full information required by Art III in that it omitted 1) the date of parole eligibility of the prisoner and, 2) the decisions of the U.S. Parole Commission relating to the prisoner.

It is the position of the State that his February 2013 "notice" is likewise ineffective for the same reasons stated above. The Court and the prosecution are entitled to full and strict adherence by the Defendant and the holding authority in accordance with Art III and the cited case law.

If, for the sake of argument, the Court determines that the State has been placed on notice in accordance with the requirements of Art III, then the 180

129

day trial dead line may apply thus requiring trial by August 7, 2013. However, this court may find that good cause has been shown and continue the case.

> Art III(a)...provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

On June 4, 2013 the Defendant appeared in this honorable Court (a Court of proper jurisdiction) (see docket sheet) and in open court and on the record demanded that certain previously filed motions be heard. The Court inquired of the Defendant if he was represented by counsel. Defendant advised that he was not yet represented by counsel and in view of Defendant's request to have court appointed counsel (see attachment #4, page 4), the Court reset the case until such time as appropriate counsel could be appointed. Later on in the day and NOT in open court, the Defendant was appointed the Regional Public Defender, However on June 6, 2013 the Court reconsidered this appointment and subsequently appointed present counsel to represent the Defendant.

This Court had no alternative but to appoint counsel for the Defendant and reset the matter. The Defendant had filed adversarial motions that needed to be heard, argued and decided. The Defendant made no request to represent himself either explicitly or implicitly. The Defendant had in fact given notice of his desire to be represented by court appointed counsel through his paperwork filed with the Court. If this Court had permitted the Defendant to proceed without representation,

15

180

the Court would have clearly run afoul of the long line of cases that require a Defendant to have the availability of competent counsel in a criminal trial. (*Powell v. Alabama*, 287 U.S. 45 (1932).

The notice to the State failed by virtue of missing material in the certificate. The case was continued for good cause shown namely so that the Defendant could consult with court appointed counsel and become prepared for previously filed pre-trial motions.

## Tex. Code Crim. Proc., Article 51.14, Art. III's Constitutionality

The State argues in the alternative that Tex. Code Crim. Proc., Article 51.14, Art. III is unconstitutional as violating the Texas Constitution's separation-of-powers provision because it unduly infringes upon the judiciary. *See Tex. Const. art. II, Sec. 1)*. The separation of powers may be violated in one of two ways: (1) when one branch of government assumes or is delegated a power "more properly attached" to another branch or (2) when one branch unduly interferes with another branch so that the other branch cannot effectively exercise its constitutionally assigned powers. *Armadillo Bail Bond v. State, 802 S.W. 2d 237, 239 (Tex. Crim.App.1990)*. The State's position is that Tex. Code Crim. Proc., Article 51.14, Art. III, unduly interferes with the judicial powers of the Waller Criminal District Attorney, specifically by preventing the State of Texas from prosecuting the case against the Defendant, who has been lawfully indicted. (*Meshell v. State, 739*

16

/8/

*S.W.2d 246, 253 (Tex.Crim.App. 1987)*("By establishing the office of the county attorney under Article V, the authors of the Texas Constitution placed county, district and criminal district attorneys within the Judicial department."). The law imposes on the State a strict prohibition from prosecution based on the expiration of a time limit that has no meaningful relationship to evidence or procedure. The deadline of 180 days is completely controlled by the action of the Defendant. Unlike the obligation on the part of the judiciary to set bail in accordance with Code of Criminal Procedure Article 17.151, resulting in a mandatory admission to personal recognizance bond, a violation of Tex. Code Crim. Proc., Article 51.14, Art. III mandates that the indictment be dismissed with prejudice. *Id. Armadillo* at 240-41 (quoting A. Leo Levin & Anthony G. Amsterdam, *Legislative Control Over Judicial Rule-Making: A Problem in Constitutional Revision*, 107 U. Pa L. Rev.1,32 (1958)). This requirement that an indictment be dismissed with prejudice bars the judiciary (prosecution) from exercising its exclusive power to act on an indictment, try an indictment to a judge or jury, and have the case decided based on the evidence. Courts have held that certain realms of judicial process are "so fundamental and so necessary to a court, so inherent in its very nature as a court," that they must be entirely free from legislative interference. Id *Armadillo* at 240-41. To arbitrarily bar the prosecution from proceeding based on any other factor other than the evidence or matters of Constitutional procedure is an improper

17

/8 2

infringement on the judicial power to bring, try and render judgment on criminal matters.

PRAYER:

For the above reasons and law, the State of Texas respectfully prays that the Defendant's motion be denied by this honorable Court.

Respectfully Submitted,

_____
Frederick A. Edwards
Assistant District Attorney
Waller County, Texas
645 12th Street
Hempstead, Texas 77445
(979) 826-7718, FAX (7722)
SBN: 06435100

18

/83

# NOTICE AND DEMAND TO DISTRICT ATTORNEY/PROSECUTOR
## FOR TRIAL OR DISPOSITION OF WARRANTS, INFORMATIONS, DETAINERS OR INDICTMENTS BY FEDERAL PRISONER

TO: Office of District Attorney

646 6th Street Suite 1

Hempstead TX 77445

FROM: **Dominique Dontae Lasker**
Reg. No. __22867-298__
United States Penitentiary
Victorville FCC
PO Box ~~XXX~~ 3900
Adelanto, CA 92301

Dear Sir/Madam:

1. I have been informed that I have the following outstanding warrant(s), indictment(s), or complaint(s) under the following case numbers, issuing from your jurisdiction:

| | |
|---|---|
| Capital Murder Charge | # 11-01-13703 979-826-8282 |
| Capital Murder Charge | # 11-01-13704 979-826-8282 |
| Capital Murder Charge | # 11-01-13705 979-826-8282 |
| | # |

2. I am presently a federal prisoner in the custody of the United States Attorney General, incarcerated at the Victorville Federal Correctional Complex, located in Adelanto, California.

3. I was sentenced in the United States District Court for the __Southern__ District of __California__, to a term of __121__ months. My current projected release date from federal custody is __August__, __13__, 20 __19__, as found in the attached BOP documentation (see Sentence Monitoring/Data Computation printout).

4. The outstanding charges pending from this jurisdiction adversely affect the conditions of my incarceration, and do not allow my participation in certain rehabilitative programs. I remain in a higher security classification category and the delay in prosecution prejudices my defense against these outstanding charges.

5. I have provided this communication to invoke the statutes, rules and procedures of this State for speedy trial and disposition of untried warrants, indictments and complaints. Based upon these provisions I would demand a speedy trial or disposition within one-hundred and twenty (120) days, on any and all criminal actions in your jurisdiction and/or alternatively, that you submit request for temporary custody to the federal bureau of prison authorities, pursuant to the requirements of applicable statutes for Interstate Agreement on Detainers ("IAD").

Cordially,

Dated: __2012 / 07 / 2__

REQUESTOR
Mr. Dominique Dontae Lasker

E Hambrick, Hambrick

Authorizated by the Act of
WITNESS-PRISON STAFF MEMBER July 7, 1955, as amended, to administer oaths (18 U.S.C. §4004)

COPIES: ORIGINAL TO DISTRICT ATTORNEY, AND KEEP COPY FOR YOUR RECORDS TO BE USED WITH REQUEST TO COURT FOR DISMISSAL. ALSO: INCLUDE DOCUMENTATION FROM THE CASE REGARDING THE WARRANT, DETAINER AND IF POSSIBLE YOUR SENTENCE MONITORING DATA COMPUTATION PRINTOUT SHOWING YOUR PROJECTED RELEASE DATE.

VIP Law Library Forms/NoticeSpeedyTrial-Detainer (Rev 9/11)

**EXHIBIT**
St. 1
/84

IN THE __District__ COURT OF __Waller__ COUNTY

FOR THE STATE OF __Texas__ [ 506 District]

| | |
|---|---|
| Waller County Sheriffs, ) | NOTICE OF PLACE OF IMPRISONMENT AND |
| **Plaintiff,** ) | REQUEST FOR SPEEDY TRIAL AND FINAL |
| ) | DISPOSITION...Pursuant to ......... |
| v. ) | ( Tex.Code Crim.Proc. Ann.Art. 51.14 ) |
| ) | ( Constitution, Art. VI, § 10 ) |
| ) | |
| Dominique Dontae Lasker, ) | CASE NO. 11-01-13703 979-826-8282 |
| **Defendant.** ) | 11-01-13704 979-826-8282 |
| | 11-01-13705 979-826-8282 |

Notice is hereby given that the above-named Defendant, Dominique Dontae Lasker , is currently a federal prisoner in the custody of the United States Attorney General, and is incarcerated at the Victorville Federal Correctional Complex located in Adelanto, California. Defendant would further show:

1. The defendant is serving an approximate term of __121__ months of imprisonment from a judgment imposed by the United District Court for the __Southern__ District of California , on __December__ , __16__ , __2011__ . Defendant has a projected release date from federal custody on __August__ , __13__ , 20 __19__ . (see attached sentencing computation/data sheet).

2. The defendant has been advised that there are, or may be, outstanding citations, warrants, informations, charges, and/or complaints pending in this jurisdiction. Specifically:
1). Capital Murder Charges...Warrant # 11-01-13703 979-826-8282
2). Capital Murder Charges...Warrant # 11-01-13704 979-826-8282
3). Capital Murder Charges...Warrant # 11-01-13705 979-826-8282 .

3. The defendant moves this Court to order he be brought for trial, and that prosecuting authorities arrange temporary custody under the appropriate provisions for Interstate Agreement on Detainers. The Defendant further requests in an absence of availability of trial, an *in abstentia* resolution be arranged.

/85

4. This Motion is based upon the Defendant's Sixth Amendment speedy trial guarentee that is binding on the states through the Due Process Clause of the Fourteenth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 222-223 (1967). A state is responsible for a defendant's speedy trial rights, even where a defendant is held in federal prison. see: *Smith v Hooey*, 393 U.S. 374 (1969). This notice would further trigger defendant's request under the Interstate Agreement on Detainers. see: *Fex v. Michigan*, 507 U.S. 43, 113 S.Ct. 1088, 122 L.Ed.2d 406 (1993).

WHEREFORE, the defendant prays that the Court initiate all needed and necessary orders and actions required to resolve this matter by trial or settlement *in abstentia*, including an order for the district attorney/prosecutor to seek temporary custody from federal authorities under IAD provisions, and the dismissal of any outstanding citations, warrants, informations, charges, and/or complaints, presently pending in this jurisdiction, within a reasonable period of time not to exceed 120 days.

Respectfully Submitted,

Dated: __2012/07/03__

Dominique Dontae Lasker
Reg. No. 22867-298
United States Penitentiary
Victorville FCC
PO Box ~~3300~~ 3900
Adelanto, CA 92031

## CERTIFCATE OF SERVICE

I hereby certify that a copy of this document was mailed to the office of the district attorney/ prosecutor for this jurisdiction, addressed as below.:

District Attorney
346 6th Street Suite 1
Hempstead TX, 77445

Date: __2012/07/3__

Mr. Dominique Dontae Lasker

2

186

# CERTIFICATE OF SERVICE

I, _____Dominique Dontae Lasker_____ , hereby certify that I have served a true and

complete copy of the following: Notice of place of imprisonment and request for speedy trial and final disposition...pursuant to: Tex. Code. Crim. Proc. Ann. Art. 51.14, and Tex. Constitution, Art. VI, § 10

By placing the same in the care and custody of prison officials of the United States Penitentiary, Victorville USP/FCC, at Adelanto, California, on this _16_ day of _____January_____ , 20 _12_ , with sufficient postage affixed. It would be noted that this service would be deemed filed at the time it was delivered to prison authorities for forwarding to the court. see: *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). This service was addressed to the following party or parties:

1). District Court, 506th District
Attn: Patricia Spadachene, District Clerk
Waller County Courthouse
836 Austin Ct., Room 318
Heapstead, TX 77445-4673

2). District Attorney/Prosecutors OFFICE FOR WALLER COUNTY

_____846 6th Street Suite 1_____

_____Hempstead TX, 77445_____

_____Dominique Dontae Lasker_____
Reg. No. 22867-298
United States Penitentiary
Victorville FCC
PO Box 5300
Adelanto, CA 92301

/8 7

```
     VIPC3   540*23 *           SENTENCE MONITORING        *      04-04-2012
     PAGE 001          *          COMPUTATION DATA          *      15:38:24
                                 AS OF 04-04-2012

     REGNO..: 22867-298 NAME: LASKER, DOMINIQUE DONTAE


     FBI NO...........: 201461KD5          DATE OF BIRTH: 03-21-1984
     ARS1.............: VIP/A-DES
     UNIT.............: 6 A                QUARTERS.....: F61-119L
     DETAINERS........: YES                NOTIFICATIONS: NO

     HOME DETENTION ELIGIBILITY DATE: 02-13-2019

     THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
     THE INMATE IS PROJECTED FOR RELEASE: 08-13-2019 VIA GCT REL


     -------------------CURRENT JUDGMENT/WARRANT NO: 010 -------------------

     COURT OF JURISDICTION...........: CALIFORNIA, SOUTHERN DISTRICT
     DOCKET NUMBER...................: 10CR4732-DMS
     JUDGE...........................: SABRAW
     DATE SENTENCED/PROBATION IMPOSED: 12-16-2011
     DATE COMMITTED..................: 01-12-2012
     HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
     PROBATION IMPOSED...............: NO

                    FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
     NON-COMMITTED.: $200.00        $00.00         $00.00       $00.00

     RESTITUTION...: PROPERTY: YES SERVICES:  NO       AMOUNT:  $2,714.50

     --------------------CURRENT OBLIGATION NO: 010 ----------------------
     OFFENSE CODE....: 551
     OFF/CHG: 18:2113(A),(D) AND 18:2 ARMED BANK ROBBERY AND AIDING AND
              ABETTING.(CT.1)

      SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
      SENTENCE IMPOSED/TIME TO SERVE.:    37 MONTHS
      TERM OF SUPERVISION............:     3 YEARS
      DATE OF OFFENSE................: 10-30-2010


     G0002       MORE PAGES TO FOLLOW . . .
```

188

Mr. Dominique Dontae Lasker
Fed. Reg. 22867-298
United States Penitentiary Victorville
P.O. BOX. 3900
ADELANTO, CA. 92301

"Legal Mail"



District Attorney/Prosecutors Office
    For Waller County

846 6ᵗʰ Street Suite 1
Hempstead TX, 77445

DISA 773 5E 1 N C 22 07/16/12
UNABLE TO FORWARD/FOR REVIEW

BC: 77445540246 DU *2804-12515-11-39

7744554024E
77445 05 402

| | Transmission Report | |
|---|---|---|

| | | | |
|---|---|---|---|
| Date/Time | 01-09-2013 | 04:06:37 p.m. | Transmit Header Text | WALLER CNTY D.A. MATHIS OFFICE |
| Local ID 1 | 9798267722 | | Local Name 1 | WALLER CNTY. DA OFFICE |
| Local ID 2 | | | Local Name 2 | |

## This document : Confirmed
## (reduced sample and details below)
## Document size : 8.5"x11"



645 12th Street
Hempstead, Texas 77445

# Elton R. Mathis
Criminal District Attorney
Waller County

(979) 826-7718
(979) 826-7722 Fax

January 2, 2013

Warden
United States Penitentiary
Victorville FCC,
P.O. Box 3900
Adelanto, California 92301

In Re:  Inmate DOMINIGUE DONTAE LASKER, 22867-289
Request for Temporary Custody (IAD Form V)

Dear Warden,

Please find our county's request for temporary custody so that inmate Dominque Dontae Lasker may stand trial for Capital Murder in Waller County, Texas.

I have attached certified copies of the indictments and warrants in this matter. There are no fingerprints or photographs because the Defendant fled our jurisdiction before arrest. He was however interviewed by Texas Rangers there in California.

If there is anything more that is needed to facilitate this temporary transfer, please let me know.

Best Regards,

Frederick A. Edwards
First Assistant District Attorney
Waller County, Texas

EXHIBIT
Tabbles° S1 2

Total Pages Scanned : 8          Total Pages Confirmed : 8

| No. | Job | Remote Station | Start Time | Duration | Pages | Line | Mode | Job Type | Results |
|---|---|---|---|---|---|---|---|---|---|
| 001 | 578 | 7605305750 | 04:04:15 p.m. 01-09-2013 | 00:01:41 | 8/8 | 1 | EC | HS | CP24000 |

Abbreviations:

| | | | | |
|---|---|---|---|---|
| HS: Host send | PL: Polled local | MP: Mailbox print | TU: Terminated by user | |
| HR: Host receive | PR: Polled remote | CP: Completed | TS: Terminated by system | G3: Group 3 |
| WS: Waiting send | MS: Mailbox save | FA: Fail | RP: Report | EC: Error Correct |

190

 **COPY**

645 12th Street
Hempstead, Texas 77445

# Elton R. Mathis

Criminal District Attorney
Waller County

(979) 826-7718
(979) 826-7722 Fax

January 2, 2013

Warden
United States Penitentiary
Victorville FCC,
P.O. Box 3900
Adelanto, California 92301

In Re: Inmate DOMINIGUE DONTAE LASKER, 22867-289
Request for Temporary Custody (IAD Form V)

Dear Warden,

Please find our county's request for temporary custody so that Inmate Dominque Dontae Lasker may stand trial for Capital Murder in Waller County, Texas.

I have attached certified copies of the indictments and warrants in this matter. There are no fingerprints or photographs because the Defendant fled our jurisdiction before arrest. He was however interviewed by Texas Rangers there in California.

If there is anything more that is needed to facilitate this temporary transfer, please let me know.

Best Regards,

Frederick A. Edwards
First Assistant District Attorney
Waller County, Texas

*191*

BP-S568.051   **IAD FORM V - REQUEST FOR TEMPORARY CUSTODY**  CDFRM AMARILLO FEB 94
**U.S. DEPARTMENT OF JUSTICE**                              **FEDERAL BUREAU OF PRISONS**

Six copies. Signed copies must be sent to the prisoner and to the official who has the prisoner in custody. A copy should be sent to the Agreement Administrator of both the sending and the receiving state. Copies should be retained by the person filing the request and the judge who signs the request. Prior to transfer under this Agreement, an Inmate may be afforded a judicial hearing (Cuyler) similar to that provided under the Uniform Extradition Act, in which the inmate may bring a limited challenge to the receiving state's request.

**Request for Temporary custody**

To: (Warden-Superintendent-Director) - Institution and Address
United States Penitentiary, Victorville FCC., P.O. Box 3900, Adelanto, C. 92301
Please be advised that (Name of Inmate) DOMINIQUE DONTAE LASKER 22867-298, who is ~~presently~~ an inmate of your institution, is under [indicate appropriate] (indictment) (~~information~~) (~~complaint~~) in the (Jurisdiction) 506th District Ct. Waller County Texas, of which I am the (Title of Prosecuting Officer) District Attorney . Said inmate is therein charged with the offense(s) enumerated below:

Offense(s)

① Capital Murder 11-01-13 703, ② ~~Capital Murder 11-01-13 704~~ ③ Capital Murder 11-01-1

I propose to bring this person to trial on this [indicate appropriate] (indictment) ~~(information)~~ (~~complaint~~) within the time specified in Article IV(c) of the Agreement.

In order that proceedings in this matter may be properly had, I hereby request temporary custody of such persons pursuant to Article IV(a) of the Agreement on Detainers.

Attached herewith find in triplicate:
a. Certified copies of the complaint, information or indictment
b. Certified copies of the warrant
c. Certified copies of fingerprints, photographs or physical description

I hereby agree that immediately after trial is completed in this jurisdiction, I will return the prisoner directly to you or allow any jurisdiction you have designated to take temporary custody. I agree also to complete Form IX, The Notice of Disposition of a Detainer, immediately after trial.

| Printed Name and Signature | Title | Date |
|---|---|---|
| Elton R. Mathis | Criminal District Attorney | Nov 26, 201? |

| Address: 645 12th Street | City/State: Hempstead, Texas 77445 | Telephone No.: 979-826-7718 |
|---|---|---|

I hereby certify that the person whose signature appears above is an appropriate officer within the meaning of Article IV(a) and that the facts recited in this request for temporary custody are correct and that having duly recorded said request, I hereby transmit it for action in accordance with its term and the provisions of the Agreement on Detainers.

| Judge's Printed Name and Signature | Date |
|---|---|
| Albert M. McCaig | Nov 26, 2012 |

| Court  506th Judicial District Court | Judicial District  506th |
|---|---|

| City/State  Hempstead, Waller County, Texas | Telephone No.  979-826-0921 |
|---|---|

(This form may be replicated via WP)

Albert M. McCaig, Jr.
Judge, 506th Judicial District Court
Waller and Grimes Counties, Texas

NO. _11-01-13735_

THE STATE OF TEXAS

VS.

DOMINIQUE DONTAE LASKER
B/M          DOB: 03/21/1984

Charge: CAPITAL MURDER
Section: 19.03
Degree: CAPITAL FELONY

IN THE DISTRICT COURT OF

WALLER COUNTY, TEXAS

_506th_ JUDICIAL DISTRICT

Filed
AT 1:05 O'Clock P.M
PATRICIA JAMES SPRADACHENE
WALLER COUNTY, TEXAS
BY
DEPUTY
1-27-11

## INDICTMENT

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS;

The Grand Jury for the County of Waller and the State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the January term, A.D. 2011 of the 506th Judicial District Court of said County, upon their oaths present in and to said Court at said term that DOMINIQUE DONTAE LASKER, hereinafter styled Defendant, on or about the 11TH day of MARCH, 2010, and before the presentment of this indictment, in Waller County, Texas, did then and there intentionally or knowingly cause the death of an individual, namely, Stanley Ray Jackson, by shooting Stanley Ray Jackson with a firearm, and did then and there intentionally or knowingly cause the death of another individual, namely, Janella Edwards, by shooting Janella Edwards with a firearm, and both murders were committed during the same criminal transaction.

The Grand Jury for the County of Waller and the State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the January term, A.D. 2011 of the 506th Judicial District Court of said County, upon their oaths present in and to said Court at said term that DOMINIQUE DONTAE LASKER, hereinafter styled Defendant, on or about the 11TH day of MARCH, 2010, and before the presentment of this indictment, in Waller County, Texas, did then and there intentionally cause the death of an individual, namely, Stanley Ray Jackson, by shooting Stanley Ray Jackson with a firearm, and the defendant was then and there in the course of committing or attempting to commit the offense of robbery of Stanley Ray Jackson.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Foreman of the Grand Jury

193

Cause No. 11-01-13703

THE STATE OF TEXAS                    IN THE DISTRICT COURT OF

VS.                                   WALLER COUNTY, TEXAS

DOMINIQUE DONTAE LASKER                        506TH JUDICIAL
DISTRICT
Black/Male    DOB: 03/21/84
                    CAPIAS INSTANTER

TO ANY PEACE OFFICER OF THE STATE OF TEXAS - GREETINGS:

     YOU ARE HEREBY COMMANDED to arrest DOMINIQUE DONTAE
LASKER and him safely keep so that you have him/her before the Honorable
506TH District Court of Waller County, Texas, at the Courthouse of said County, in
Hempstead, Texas, instanter, then and there to answer the State of Texas upon an
indictment pending in said Court, changing him with CAPITAL MURDER
MULTIPLE, a felony.
     HEREIN FAIL NOT, but make due return hereof to this Court forthwith,
showing how you have executed the same.
     Witness my hand and seal of office, at Hempstead, Texas, this 27th day of
January, 2011.

              PATRICIA JAMES SPADACHENE
              WALLER COUNTY, TEXAS
              BY:_____
                Fran Haggard, Deputy

SHERIFF'S RETURN

     CAME TO HAND the _____ day of _____, _____, at _____ o'clock
_____.m., and executed by arresting _____
At _____, in _____ County, Texas, and placing
him/her in the Waller County Jail on the _____ day of _____,
_____.

     I actually and necessarily traveled _____ miles in the service of this writ, in
addition to any other mileage I may have traveled in the service of other process in
this case during the same trip.

FEES:  Making Arrest              _____ , Sheriff
       Mileage _____ miles           _____ County, Texas
       Taking Bond                _____
       Commitment            By: _____
                          Deputy

194

NO. _11-01-13704_

THE STATE OF TEXAS

VS.

DOMINIQUE DONTAE LASKER
B/M          DOB:  03/21/1984

Charge: MURDER
Section: 19.02
Degree:  FIRST DEGREE FELONY

IN THE DISTRICT COURT OF

WALLER COUNTY, TEXAS

_506_ JUDICIAL DISTRICT

Filed
AT _1:05_ O'Clock _P_ M
PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS
BY
DEPUTY
1-27-11

## INDICTMENT

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS;

The Grand Jury for the County of Waller and the State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the January term, A.D. 2011 of the 506th Judicial District Court of said County, upon their oaths present in and to said Court at said term that DOMINIQUE DONTAE LASKER, hereinafter styled Defendant, on or about the 11TH day of MARCH, 2010, and before the presentment of this indictment, in Waller County, Texas, did then and there intentionally or knowingly cause the death of an individual, namely, Stanley Ray Jackson, by shooting Stanley Ray Jackson with a firearm.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Foreman of the Grand Jury

195

Cause No. 11-01-13704

THE STATE OF TEXAS

VS.

DOMINIQUE DONTAE LASKER
DISTRICT
Black/Male   DOB: 03/21/84

IN THE DISTRICT COURT OF

WALLER COUNTY, TEXAS

506TH JUDICIAL

CAPIAS INSTANTER

TO ANY PEACE OFFICER OF THE STATE OF TEXAS - GREETINGS:

YOU ARE HEREBY COMMANDED to arrest DOMINIQUE DONTAE LASKER and him safely keep so that you have him/her before the Honorable 506TH District Court of Waller County, Texas, at the Courthouse of said County, in Hempstead, Texas, instanter, then and there to answer the State of Texas upon an indictment pending in said Court, changing him with MURDER, a felony.

HEREIN FAIL NOT, but make due return hereof to this Court forthwith, showing how you have executed the same.

Witness my hand and seal of office, at Hempstead, Texas, this 27th day of January, 2011.

PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS
BY: _____
         Fran Haggard, Deputy

SHERIFF'S RETURN

CAME TO HAND the _____ day of _____, _____, at _____ o'clock _____.m., and executed by arresting _____
At _____, in _____ County, Texas, and placing him/her in the Waller County Jail on the _____ day of _____,
_____.

I actually and necessarily traveled _____ miles in the service of this writ, in addition to any other mileage I may have traveled in the service of other process in this case during the same trip.

FEES: Making Arrest                    _____ , Sheriff
          Mileage _____ miles       _____ County, Texas
          Taking Bond                    _____
          Commitment                   By: _____
                                                    Deputy

*194*

NO. _11-01-13705_

THE STATE OF TEXAS

VS.

DOMINIQUE DONTAE LASKER
B/M          DOB:  03/21/1984

IN THE DISTRICT COURT OF

WALLER COUNTY, TEXAS

_506th_ JUDICIAL DISTRICT

Charge: MURDER
Section: 19.02
Degree:  FIRST DEGREE FELONY

## INDICTMENT

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS;

The Grand Jury for the County of Waller and the State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the January term, A.D. 2011 of the 506th Judicial District Court of said County, upon their oaths present in and to said Court at said term that DOMINIQUE DONTAE LASKER, hereinafter styled Defendant, on or about the 11TH day of MARCH, 2010, and before the presentment of this indictment, in Waller County, Texas, did then and there intentionally or knowingly cause the death of an individual, namely, Janella Edwards, by shooting Janella Edwards with a firearm.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Foreman of the Grand Jury

Filed
AT ___ 1:05 ___ O'Clock ___ A ___ M
PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS
BY _____
DEPUTY _____
1-27-11

197

THE STATE OF TEXAS

IN THE DISTRICT COURT OF

VS.

WALLER COUNTY, TEXAS

DOMINIQUE DONTAE LASKER
DISTRICT

506TH JUDICIAL

Black/Male   DOB: 03/21/84

CAPIAS INSTANTER

TO ANY PEACE OFFICER OF THE STATE OF TEXAS - GREETINGS:

YOU ARE HEREBY COMMANDED to arrest DOMINIQUE DONTAE LASKER and him safely keep so that you have him/her before the Honorable 506TH District Court of Waller County, Texas, at the Courthouse of said County, in Hempstead, Texas, instanter, then and there to answer the State of Texas upon an indictment pending in said Court, changing him with MURDER, a felony.

HEREIN FAIL NOT, but make due return hereof to this Court forthwith, showing how you have executed the same.

Witness my hand and seal of office, at Hempstead, Texas, this 27th day of January, 2011.

PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS
BY: _____
Fran Haggard, Deputy

SHERIFF'S RETURN

CAME TO HAND the _____ day of _____, _____, at _____ o'clock ____.m., and executed by arresting _____

At _____, in _____ County, Texas, and placing him/her in the Waller County Jail on the _____ day of _____,
_____.

I actually and necessarily traveled _____ miles in the service of this writ, in addition to any other mileage I may have traveled in the service of other process in this case during the same trip.

FEES: Making Arrest         _____ , Sheriff
      Mileage _____ miles  _____ County, Texas
      Taking Bond           _____
      Commitment            By: _____
                                Deputy

*198*

U.S. Postal Service™
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com™

OFFICIAL USE

ADELANTO CA 92301

| | | |
|---|---|---|
| Postage | $ 12.70 | 0445 |
| Certified Fee | 2.95 | 05 Postmark Here |
| Return Reciept Fee (Endorsement Required) | 2.35 | |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ 8.00 | 01/10/2013 |

Sent To Warden, U.S. Penitentiary
Victorville FCC
Street, Apt. No.; or PO Box No. P.O. Box 3900
City, State, ZIP+4 Adelanto, CA 92301

See Reverse for Instructions

PS Form 3800, June 2002

7002 3150 0000 3033 7161

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Warden, U.S. Penitentiary
Victorville FCC
P.O. Box 3900
Adelanto, CA 92301

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent
☐ Addressee

B. Received by ( Printed Name)     C. Date of Delivery

D. Is delivery address different from Item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)
7002 3150 0000 3033 7161

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

199



# Elton R. Mathis

645 12th Street
Hempstead, Texas 77445

Criminal District Attorney
Waller County

(979) 826-7718
(979) 826-7722 Fax

May 1, 2013

Ms. Linda T. McGrew
Warden, FCC-USP
c/o Correctional Officer J. Kaawaloa
P.O. Box 5400
Victorsville, CA 92301

RE:     Dominique Lasker, 22867-298

Dear Warden McGrew:

Please find enclosed IAD Form VI signed by the Texas IAD Administrator. I believe this was the last form needed to effectuate the transfer of Dominique Lasker into Texas custody. Please do not hesitate to contact me with any questions or concerns you may have, and let Chief Deputy Joe Hester at the Waller County Sheriff's Office (979-826-8282) know when Mr. Lasker is ready for transport. Thank you for your help in these matters.

Sincerely yours,

Elton R. Mathis
Waller County District Attorney

Enc.

Cc:     R. Glenn Smith
Waller County Sheriff

EXHIBIT
St 3
200

BP-A0564
APR 10

**IAD FORM VI – EVIDENCE OF AGENT'S AUTHORITY** CDFRM

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

Five copies. All copies, with original signatures by the Prosecutor and the Agents, should be sent to the Administrator in the RECEIVING State. After signing all copies, the Administrator should retain one copy for his file, send one copy to the Warden, Superintendent or Director of the Institution in which the prisoner is located and return two copies to the Prosecutor who will give one to the Agents for use in establishing their authority and place one in his file. One copy should also be forwarded to the Agreement Administrator in the sending file.

### Evidence of Agent's Authority to Act for Receiving State

To: (Administrator and Address) FCC-USP
Linda T. McGrew, Warden    P.O. Box 5400
                            Victorville, CA 92301

| Inmate (Name and Register No.) | is confined in (Institution and address) |
|---|---|
| Lasker, Dominique Dontae 22867-298 | FCC Victorville Complex – USP P.O. Box 5400 Adelanto, CA 92301 |

and will be taken into custody at said Institution on (date) _____ for return to the County of ____WALKER____, State of ___TEXAS____ for trial. In accordance with Article V(b), of said Agreement, I have designated:

Agent's Name and Department Represented

~~_Samuel Maxwell_~~    Walker Co. Sheriff's Office

Agent's Name and Department Represented

_James Watson_    Walker Co. Sheriff's Office

Agent's Name and Department Represented

_Byron Frusset_    Walker Co. Sheriff's Office

whose signatures appear below as Agents to return the prisoner.
(Agent's Signature)                         (Agent's Signature)

SEE ABOVE

| Dated | Prosecuting Official's Signature |
|---|---|
| 2-5-2013 | _____ Ellen R. Mattis Walker Co. D.A. |

1 2 0 1

a. Title - Waller Co. D.A.    d. City/State - Hempstead, TX 774
b. County - Waller    e. Telephone No -
c. Address - 645 12th Street          979 826-7718

**Evidence of Agent's Authority Continued**

To: (Warden-Superintendent-Director)

Linda T. McGraw, Warden

In accordance with the above representations and the provisions of the Agreement on Detainers, the persons listed above are hereby designated as Agents for the State of ___TEXAS___ to return (Inmate's Name and Register No.) LASKER, DOMINIQUE DONTAE 22867-298 to the county of ___WALLER___, State of ___TEXAS___, for trial.

At the completion of the trial (Inmate) LASKER, DOMINIQUE DONTAE 22867-298 shall be returned to the (Institution and Address):

FCC Victorville Complex - USP
P.O. Box 5400
Adelanto, CA 92301

| Dated | Detainer Administrator's Signature |
|---|---|
| 4-26-13 | Jon M White |

a. Name - T.D.C.J.    c. City/State - Huntsville, Texas 773
b. Address - P.O. Box 99    d. Telephone No. - 936-437-6484
PDF    Prescribed by P5875

2

202

04/08/2013 10:40  7605385750  RECORDS  PAGE 04/04

THE STATE OF TEXAS

TEX

Cla:
Det:
P.O
Hun

7011 0470 0001 6549 2771

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS FOLD AT DOTTED LINE

CERTIFIED MAIL™

Waller County
District Attorney
645 12th Street
Hempstead, Texas 77445
Attn: Elton R. Mathis

77445\$4445

MAY - 1 2013

203



U.S. Department of Justice

Federal Bureau of Prisons

**Federal Correctional Complex**
Victorville, California

January 31, 2013

Office of the District Attorney
Elton R. Mathis, Criminal District Attorney
Waller County
506th Judicial District
645 12th Street
Hempstead, Texas 77445

Re: Lasker, Dominique Dontae
    Register Number 22867-289280
    STATE CASE/REFERENCE NO. 11-01-13703; 11-01-13704; 11-01-13705

Dear Mr. Mathis:

In response to your request for temporary custody pursuant to the Interstate Agreement on Detainers Act (IADA), applicable forms are enclosed.

Please be advised subject has been notified of your request and has been afforded a 30-day period in which to contact the Warden of this institution as to any reasons why he should not be produced in your State pursuant to the Agreement.

 X  The inmate has waived this 30-day period.  You may contact this facility directly to arrange for temporary custody.

___  The inmate has elected this 30-day period, provided under Article IV(a), which expires on (___DATE___).  Any court proceedings must occur after this date.

Please remit to this office the original completed Form VI, "Evidence of Agent's Authority to Act for Receiving State" (BP-A564) and originals of the IAD Form V (BP-568) and IAD FormVI (BP-565). The persons designated as agents to return the prisoner to your State must also be the persons whose signatures appear on the Form VI.  Naming alternative agents would be advisable in case your primary agents cannot make the trip.  The alternate agents' signatures should also appear on the Form VI.  Also be advised that the designated agents must have in their possession a copy of the warrant when assuming custody of the prisoner.

EXHIBIT
St. 4

Exhibit

204

Page Two
RE: Lasker, Dominique Dontae
Register No. 22867-289


Inmates who are temporarily transferred pursuant to the IAD remain
under the primary jurisdiction of Federal authorities. Should you
accept temporary custody of this inmate, we wish to remind you that
under Article V(e) of the IADA, you are required to return the above-
named inmate to this institution after prosecution on all pending
charges.

While this inmate is in your temporary custody, he/she will be held in
a suitable jail that meets the level of security required by the Bureau
of Prisons. In addition, security requirements for the inmate must
be met. Two law enforcement escort officers, handcuffs, martin chains
and leg irons are required. Contract Guard Services are not allowed.

Any problems associated with this inmate must be reported to the
individual listed below. This inmate may not be released on bail or
bond or any other agency while in your custody. Additionally, this
inmate is not to be committed to a state correctional institution for
service of any state sentence(s) that may be imposed because of your
prosecution.

To help us with processing, please fill out the enclosed certification
form and return to us before scheduling a date for assuming custody.
Before making scheduling arrangements, please contact this individual
below to ensure all required paperwork and approvals have been met.

If you have any questions on this matter, please call: D.
Wren, Supervisory Correctional Systems Specialist at 760-530-
5748.

                              Sincerely

                              Linda T. McGrew, Warden

                              /s/ D.
                              Wren, SCSS


Enclosures:   BP-Forms A235, A236, A238, A239
              BP-A565, IAD/State Writ - Prosecutor's Certification Form

cc:   Clerk of Court
      State IADA Administrator

 

BP-S235(51)   IAD -NOTICE OF UNTRIED INDICTMENT

U.S. DEPARTMENT OF JUSTICE                                  FEDERAL BUREAU OF PRISONS

| INMATE NAME:<br>LASKER, DOMINIQUE DONTAE | REGISTER NUMBER:<br>22867-298 | INSTITUTION:<br>FCC VICTORVILLE COMPLEX |
|---|---|---|

Pursuant to the Interstate Agreement on Detainers Act, you are hereby informed that the following are the untried indictments, information, or complaints against you concerning which the undersigned has knowledge, and the source and contents of each: **WALLER COUNTY SHERIFF'S OFFICE. CAPITOL MURDER CAUSE #11-01-13703, 11-01-13704 AND 11-01-13705.**

You are hereby further advised that the provisions of said Agreement you have the right to request the appropriate prosecuting officer of the jurisdiction in which any such indictment, information or complaint is pending and the appropriate court that a final disposition be made thereof. You shall then be brought to trial within 180 days, unless extended pursuant to provisions of the Agreement, after you have caused to be delivered to said prosecuting officer and said court written notice of the place of your imprisonment and your said request, together with a certificate of the custodial authority as more fully set forth in said Agreement. However, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

Your request for final disposition will operate as a request for final disposition of all untried indictments, information or complaints on the basis of which detainers have been lodged against you from the state to whose prosecuting official your request for final disposition is specifically directed. Your request will also be deemed to be a waiver of extradition with respect to any charge or proceedings contemplated thereby or there imposed upon you, after completion of your term of imprisonment in this state. Your request will also constitute a consent by you to the production of your body in any court where your presence may be required in order to effectuate the purposes of the Agreement on Detainer and a further consent voluntarily to be returned to the institution in which you are now confined.

Should you desire such a request for final disposition of any untried indictment, information or complaint, you are to notify the Inmate Systems Manager of the institution in which you are now confined.

You are also advised that under provisions of said Agreement the prosecuting officer of a jurisdiction in which any such indictment, information or complaint is pending may oppose the request that you be delivered to such prosecuting officer or court. You may request the Warden to disapprove any such request for your temporary custody but you cannot oppose delivery on the ground that the Warden has not affirmatively consented to or ordered such delivery.

| DATE:<br><br>August 31, 2012 | NAME AND TITLE OF<br>CUSTODIAL AUTHORITY<br><br>Charles E Samuels Jr.<br>Director, Bureau of Prisons | Linda T. McGrew,<br>Complex Warden<br><br>BY: D. Wren, Correctional<br>Systems Specialist |
|---|---|---|

| DATED:<br><br>ᴋᴏ\\_/ ᴇᴛ /ᴌᴈ | INMATE SIGNATURE |
|---|---|

Original   Inmate
Copy:      J&C File
           Central file

2 06

BP-S236.051 **IAD – PLACEMENT OF IMPRISONMENT** CDFRM

FEB 94
U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

| To: Prosecuting Officer<br>    ELTON R. MATHIS | Jurisdiction:<br>WALLER COUNTY, TX |
|---|---|
| Court:<br>    506th JUDICIAL DISTRICT | Jurisdiction:<br>WALLER COUNTY, TX |

And to all other prosecuting officers and courts of jurisdiction listed below from which indictments, information or complaints are pending, you are hereby notified that the undersigned is now imprisoned in:

Institution:

Federal Correctional Complex - United States Penitentiary P.O. Box 5400, Victorville, CA 92301

And I hereby request that a final disposition be made of the following indictments, information or complaints now pending against me:        **WARRANT No. 11-01-13703, 11-01-13704 and 11-01-13705**
        **CAPITAL MURDER SECTION: 19.03 DEGREE: CAPITAL FELONY**

Failure to take action in accordance with the Interstate Agreement on Detainers Act, to which your state is committed by Law, will result in the invalidation of the indictments, information or complaints.

I hereby agree that this request will operate as a request for final disposition of all untried indictments, information or complaints on the basis of which detainers have been lodged against me from your state. I also agree that this request shall be deemed to be my waiver of extradition with respect to any charge or proceedings contemplated hereby or included herein, and a waiver of extradition to your state to serve any sentence there imposed upon me, after completion of my term of imprisonment in this state. I also agree that this request shall constitute a consent by me to the production of my body in any court where my presence may be required in order to effectuate the purposes of the Interstate Agreement on Detainers Act and a further consent voluntarily to be returned to the institution in which I now am confined.

If jurisdiction over this matter is properly in another agency, court or officer, please designate the proper agency, court or officer and return this form to the sender.

Forms BP-S238(51), Certificate of Inmate Status, and BP-S239(51), Offer of To Deliver Temporary Custody, are attached.
Dated:

                                                Inmate's Name and Register No.:
**January 30, 2013**                            **LASKER, DOMINIQUE DONTAE**
                                                **Federal Register: 22867-298**

The inmate must indicate below whether he has counsel or wishes the court in the receiving state to appoint counsel for purposes of any proceedings preliminary to trial in the receiving state which may take place before his delivery to the jurisdiction in which the indictment, information or complaint is pending. Failure to list the name and address of counsel will be construed to indicate the Inmate's consent to the appointment of counsel by the appropriate court in the receiving state.

| A.   My Counsel is (give name) | Address is: (Street, City, State, Zip Code) |
|---|---|
|  |  |

B.   I request the Court to appoint Counsel. (Inmate's Signature)

Record Copy - State IAD Administrator; Copy - J&C File; Copy - Central File (Sect. 1); Copy - Prosecuting Official (Mail Certified Return Receipt); Copy - Clerk of Court (Mail Certified Return Receipt)

*1.*

BP-S238.051 IAD – CERTIFICATE OF INMATE STATUS   CDFRM
February 19 94
U.S. DEPARTMENT OF JUSTICE                          FEDERAL BUREAU OF PRISONS

| Inmate's Name: | Register No.: | Institution: |
|---|---|---|
| **LASKER, DOMINIQUE DONTAE** | **22867-298** | **FCC VICTORVILLE COMPLEX** |

Institution Address: **Federal Correctional Complex, P.O. BOX 5400 Adelanto, CA 92301**

The (Custodial Authority) hereby certifies:

1. The term of commitment under which the prisoner above named is being held:
   **121 MONTHS**

2. The Time Already Served:     **1 YEAR 3 MONTHS 4 DAYS**

3. Time Remaining to be Served on the Sentence:   **6 YEARS 6 MONTHS 15 DAYS**

4. The Amount of Good Time Earned: **108**

5. The Date of Parole Eligibility of the Prisoner:

6. The decisions of the U.S. Parole Commission relating to the Prisoner:

7. Maximum expiration date under present sentence: **11-29-2020**

Detainers currently on file against this inmate from your state are as follows:
   **WARRANT No. 11-01-13703, 11-01-13704 AND 11-01-13705**

| Date: | Name and Title of Custodial Authority | By: (Chief Executive Officer) |
|---|---|---|
| 1/30/13 | **Charles E. Samuels Jr.** **Director, Bureau of Prisons** | **Linda T. McGrew,** **Complex Warden** |

*bn* **D. Wren**
**Correctional Systems Specialist**

Record Copy - State IAD Administrator
Copy - J&C File
Copy - Central File (Sect. 1)
Copy - Prosecuting Official (Mail Certified Return Receipt)
Copy - Clerk of Court (Mail Certified Return Receipt)

*208*

BP-S239.051   IAD - OFFER TO DELIVER TEMPORARY CUSTODY        CDFRM
February 1994
U.S. DEPARTMENT OF JUSTICE                              FEDERAL BUREAU OF PRISONS

Date:   January 30, 2013

| To:  Prosecuting Officer **ELTON R. MATHIS** | Name and Title (if known) **Criminal District Attorney** | Jurisdiction: **WALLER COUNTY, TX** |

And to all other prosecuting officers and courts of jurisdiction listed below from which indictments, information or complaints are pending

| Re: (Inmate's Name) **LASKER, DOMINIQUE DONTAE** **22867-298** | Register Number |

Pursuant to the provisions of Article V of the Interstate Agreement on Detainers Act between this state and your state, the undersigned hereby offers to deliver temporary custody of the above-named prisoner to the appropriate authority in your state in order that speedy and efficient prosecution may be had of the indictment, information or complaint which is described in the attached inmate's request dated: **September 27, 2012**

The required Certificate of Inmate Status is enclosed. dated: **January 30, 2013**

If proceedings under Article IV(d) of the Interstate Agreement on Detainers Act are indicated, an explanation is attached.

Indictments, information or complaints charging the following offenses also are pending against the inmate in your state and you are hereby authorized to transfer the inmate to custody of appropriate authorities in these jurisdictions for purposes of these indictments, information or complaints.

**CAPITAL MURDER**                **DISTRICT COURT OF WALLER COUNTY, TEXAS**
**19.03**                         **506TH JUDICIAL DISTRICT**
**CAPITAL FELONY**

If you do not intend to bring the inmate to trial, will you please inform us as soon as possible? Kindly acknowledge.

| By: (Chief Executive Officer)   Institution & Address: | Name/Title Custodial Authority: |

**D. Wren**
**Correctional Systems Specialist**

**Linda T. McGrew**
**Complex Warden**

FCC Victorville - USP
P.O. Box 5400
Adelanto, CA 92301

**Charles E. Samuels Jr.**
**Director**
**Bureau of Prisons**

209

# CRIMINAL DOCKET

No. 11-01-13704

| | Number of Case | | | STYLE OF CASE | ATTORNEYS | | OFFENSE | DATE OF FILING | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Month | Day | Year |
| | 11-01-13704 | | | THE STATE OF TEXAS vs. | Elta Mathis | State | Murder F1 | 1 | 27 | 11 |
| | | | | Domenique Dontae Lester | | | | Information, Index or Indictment | | |
| | | | | | | Defendant | | Fee Book Vol. 8 | Page | |

| | Date of Orders | | | Was Stenographer Used | ORDERS OF COURT | Minute Book | | WITNESSES |
|---|---|---|---|---|---|---|---|---|
| | Month | Day | Year | | | Vol. | Page | |
| CSR: Wiley | 6 | 4 | 13 | | Δ present - Counsel appointed through Regional Public Defender for Capital Cases. | | | |
| CSR: Wiley | 9 | 9 | 13 | | Δ present w/ Counsel Mr. Blazek in courtroom - State appeared through Mr. Mathis. State's motion for continuance was heard together with Defendant's motion to Dismiss. After hearing argument of counsel and considering same, the court found good cause to grant the State's motion for continuance on the basis of Article IV of the Interstate Detainers Act. Defense Counsel will further brief his Motion to Dismiss. State's motion for Incompetency Exam was heard, and the court heard arguments for and against the same; motion deferred pending further investigation by the defense. Standard Discovery Order was signed and copies provided to the state and to the defense. No further matters being heard, the hearing was adjourned. | | | |

STATE OF TEXAS

VS. NO. 11-01-13704

Dominique Dontae Lasker

| Date of Orders | | | ORDERS OF COURT | Minute Book | | PROCESS |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Vol. | Page | |
| 11 | 4 | 13 | Δ present w/counsel Frank Blazek and William F. Carter in courtroom - State appeared through Mr. Elton Mathis and Mr. Fred Edwards - Discussion was held on scheduling /s/ Judge McCaig | | | CSR: Sheila May |
| 2 | 11 | 14 | Δ present w/counsel Frank Blazek and William F. Carter in courtroom - State appeared through Mr. Elton Mathis and Mr. Fred Edwards - After argument, various stipulations of fact were received in the record; States Exhibits 1 through 4 were admitted and, after further discussion, State's #5 was admitted. The court took Defendant's motion to dismiss under the federal IADA under advisement. Defense's motion to suppress was deferred for a later hearing. Current pretrial and trial dates are continued pending further orders of the court /s/ AMcCaig | | | CSR: R. Wiley |

THE STATE OF TEXAS )(

COUNTY OF WALLER )(


      *I, PATRICIA JAMES SPADACHENE, Clerk of the District Courts of Waller County, Texas, do hereby certify that the record on Petition for Writ of Mandamus to the Court of Appeals for the First Supreme Judicial District of Texas, Houston, Texas, in Cause 01-14-00630-CR (Count 2)and Waller County Cause No. 11-01-13704, styled IN RE: DOMINIQUE DONTAE LASKER, to which this certification is attached and made a part, comprise a true and correct transcript of all the matters and proceedings had and done in said cause,*

      *GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Hempstead, Texas, this 10th day of September, 2014.*


## Pat J. Spadachene

PATRICIA JAMES SPADACHENE
DISTRICT CLERK
WALLER COUNTY, TEXAS

By: Liz Pirkle

*Liz Pirkle, Deputy*



212

# CLERK'S RECORD
## (Petition for Writ of Mandamus)
First Court of Appeals
Court of Appeals No. 01-14-00630-CR (Count 3)
Trial Court Cause No 11-01-13705
In the 506th District Court
Of Waller County, Texas
Hon. Albert M. McCaig, Jr.

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
9/10/2014 11:31:42 AM
CHRISTOPHER A. PRINE
Clerk

---

## IN RE:
## DOMINIQUE DONTAE LASKER

---

Appealed to the
Court of Appeals for the FIRST District of Texas, at Houston, Texas

---

| | |
|---|---|
| Relator | DOMINIQUE DONTAE LASKER |
| Attorneys for Relator | Frank Blazek<br>1414 11th Street<br>Huntsville, Texas 77340<br>Tel: (936)295-2624<br>SBOT No.: 02475500 |
| | William F. Carter<br>108 E. William J. Bryan Parkway<br>Bryan, Texas 77803-5334<br>Tel: (979)779-0712<br>SBOT No.: 03932800 |
| Real Party In Interest | The State of Texas |
| Attorney for State of Texas/<br>Real Party In Interest | Elton Mathis<br>Waller County District Attorney<br>645 12th Street<br>Hempstead, Texas 77445<br>Phone: (979) 826-7718<br>SBOT No. 24014568 |
| Court: | 506th Judicial District Court |
| Judge: | Hon. Albert M. McCaig, Jr. |

Court Reporter:  Robyn Wiley
836 Austin Street, Rm 307
Hempstead, Texas 77445
(979) 921-0921

---

Delivered to the First Court of Appeals
For the State of Texas
301 Fannin Street
Houston, Texas 77002
The 10th day of September, 2014

**PATRICIA J. SPADACHENE**
**DISTRICT CLERK OF**
**WALLER COUNTY, TEXAS**

**By:** _____, **Deputy**

---

*Appellate Court Cause No. 01-14-00630-CR (Count 3)*
*Filed in the First Court of Appeals at Houston, Texas*
*This the _____ day of _____, 2014.*

*By _____ _____, Deputy*

*FILED IN THE FIRST COURT OF APPEALS,   Cause No.   01-14-00630-CR (Count 3)*
*Trial Court Cause No. 11-01-13705*

IN RE                                    §      IN THE COURT OF APPEALS
                                         §
                                         §      FIRST DISTRICT
                                         §
DOMINIQUE DONTAE LASKER                  §      HOUSTON, TEXAS


PETITION FOR WRIT OF MANDAMUS
CLERK'S RECORD, VOL. 1 OF 1
(COUNT 3)


<u>*INDEX*</u>

<u>*VOLUME*</u>                                                              <u>*PAGE*</u>

*Caption*                                                              *1*

*Indictment*                      *Filed 01/27/2011*                   *2*

*Notice of Place of Imprisonment*
*And Request for Speedy Trial*
*And Final Disposition*           *Filed 07/16/2012*                   *3*

*Notice of Demand to District*
*Attorney/Prosecutor for Trial or*
*Disposition of Warrants,*
*Informations, Detainers or*
*Indictments by Federal Prisioner*   *Dated 07/02/2012*                *6*

*Motion to Dismiss for Denial of*
*Constitutional Rights of Due*
*Process and Right to Speedy Trial*   *Dated 12/13/2012*               *8*

*Letter to Elton R. Mathis, D.A.,*
*From U.S. Dept. of Justice*
*Federal Bureau of Prisions*
*Federal Correctional Complex*    *Filed 02/08/2013*                   *15*

*Defendant's Pro Se Motion to*
*Dismiss the Indictment or Information*
*Herein, or in the Alternative,*
*Defendant's Pro Se Motion for*
*Appointment of Counsel at*
*Public Expense*            *Filed 04/10/2013*            *23*

*Scheduling Order – Criminal*    *Dated 05/24/2013*        *29*

*Waller County Magistrate's*
*Admonishment form Warning of*
*Constitutional Rights*        *Dated 05/24/2013*        *30*

*Returned Capias Instanter*    *Filed 05/28/2013*        *32*

*Returned Served Precept to Serve*
*Copy of Indictment*        *Filed 05/28/2013*        *33*

*Order Appointing Counsel*    *Signed 06/04/2013*        *34*

*Order Appointing Counsel*    *Signed 06/06/2013*        *35*

*Defendant's Waiver of*
*Arraignment and Entry of*
*Plea of Not Guilty*        *Filed 07/15/2013*        *36*

*Motion for Appointment of*
*Attorney as Co-Defense Counsel*    *Filed 07/15/2013*    *38*

*Order Appointing Attorney*    *Signed 07/18/2013*        *40*

*State's Motion for Discovery of*
*Expert Witnesses*        *Filed 08/30/2013*        *41*

*State's First Motion for Continuance* *Filed 08/30/2013*    *44*

*State's Motion for Competency*
*Examination*            *Filed 08/30/2013*        *51*

*State's First Motion for*
*Continuance*            *Filed 08/30/2013*        *54*

*State's Motion for Competency Examination*          *Filed 08/30/2013*          *61*

*State's Motion for Discovery of Expert Witnesses*          *Filed 08/30/2013*          *63*

*Motion to Dismiss*          *Filed 09/09/2013*          *65*

*Motion for Disclosure of Favorable Evidence*          *Filed 09/09/2013*          *69*

*Standard Discovery Order*          *Signed 09/09/2013*          *73*

*Scheduling Order – Criminal*          *Dated 09/09/2013*          *74*

*First Amended Motion to Dismiss*          *Filed 10/30/2013*          *75*

*Scheduling Order – Criminal*          *Dated 11/04/2013*          *78*

*Letter from Defendant to Court*          *Filed 11/08/2013*          *79*

*Copy of Letter from D.A. to Mr.83 Blazek including Attachments*          *Filed 11/18/2013*          *83*

*Scheduling Order – Criminal*          *Dated 01/08/2014*          *134*

*Defendant's First Motion for Continuance*          *Filed 01/21/2014*          *135*

*Order*          *Signed 01/21/2014*          *139*

*Motion to Suppress Confession*          *Filed 02/10/2014*          *140*

*Notice of Preferential Trial Setting*          *Dated 04/04/2014*          *144*

*Scheduling Order – Criminal*          *Dated 04/04/2014*          *145*

*Agreed Motion for Transcription Of Pretrial Hearings*          *Dated 04/09/2014*          *146*

*Order*          *Signed 04/09/2014*          *148*

*Order (Motion to Dismiss)*          *Signed 07/02/2014*          *149*

*Motion to Dismiss for Violation*
*Of the Interstate Agreement*
*On Detainers*                                    *Filed 07/14/2014*                              *150*

*Order*                                           *Signed 07/15/2014*                            *154*

*Attorney Fee Voucher*                            *Signed 07/15/2014*                            *155*

*Notice to Prepare Reporters Record*  *Filed 09/03/2014*                              *162*

*Designation of Items to be*
*Included in the Record*                          *Filed 09/03/2014*                              *164*

*State's Response to Defendant's*
*Motion to Dismiss*                               *Filed 09/04/2014*                              *166*

*Court's Docket Sheet*                                                                            *210*

*Certification*                                                                                   *212*

*THE STATE OF TEXAS*

*COUNTY OF WALLER*

*In the 506th Judicial District Court of Waller County, Texas, the Honorable Albert M. McCaig, Jr., presiding, the following proceedings were held and the following instruments and other papers were filed in this cause, to wit:*

1st COURT OF APPEAL NO. 01-14-00630-CR (Count 3)
***TRIAL COURT CAUSE NO. 11-01-13705***

**CLERK'S RECORD**

**VOLUME 1OF 1**

| | | |
|---|---|---|
| **IN RE** | § | **IN THE COURT OF APPEALS** |
| | § | |
| | § | **FIRST DISTRICT** |
| | § | |
| **DOMINIQUE DONTAE LASKER** | § | **HOUSTON, TEXAS** |

*1*

NO. 11-01-13705

THE STATE OF TEXAS                    IN THE DISTRICT COURT OF

VS.                                   WALLER COUNTY, TEXAS

DOMINIQUE DONTAE LASKER              506th JUDICIAL DISTRICT
B/M            DOB:  03/21/1984

Charge: MURDER
Section: 19.02
Degree: FIRST DEGREE FELONY

## INDICTMENT

**IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS;**

The Grand Jury for the County of Waller and the State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the January term, A.D. 2011 of the 506th Judicial District Court of said County, upon their oaths present in and to said Court at said term that DOMINIQUE DONTAE LASKER, hereinafter styled Defendant, on or about the 11TH day of MARCH, 2010, and before the presentment of this indictment, in Waller County, Texas, did then and there intentionally or knowingly cause the death of an individual, namely, Janella Edwards, by shooting Janella Edwards with a firearm.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Foreman of the Grand Jury

Filed
AT 1:05 O'Clock P M
PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS
BY
DEPUTY
1-27-11

IN THE <u>District</u> COURT OF <u>Waller</u> COUNTY

FOR THE STATE OF <u>Texas</u> [ 506 District]

| | | |
|---|---|---|
| <u>Waller County Sheriffs,</u> | ) | NOTICE OF PLACE OF IMPRISONMENT AND |
| Plaintiff, | ) | REQUEST FOR SPEEDY TRIAL AND FINAL |
| | ) | DISPOSITION...Pursuant to ......... |
| v., | ) | ( <u>Tex.Code Crim.Proc. Ann.Art. 51.14</u> ) |
| | ) | ( <u>Constitution, Art. VI, § 10</u> ) |
| | ) | |
| <u>Dominique Dontae Lasker,</u> | ) | CASE NO. <u>11-01-13703 979-826-8282</u> |
| Defendant. | ) | <u>11-01-13704 979-826-8282</u> |
| | | <u>11-01-13705 979-826-8282</u> |

Notice is hereby given that the above-named Defendant, <u>Dominique Dontae Lasker</u>, is currently a federal prisoner in the custody of the United States Attorney General, and is incarcerated at the Victorville Federal Correctional Complex located in Adelanto, California. Defendant would further show:

1. The defendant is serving an approximate term of <u>121</u> months of imprisonment from a judgment imposed by the United District Court for the <u>Southern</u> District of <u>California</u>, on <u>December</u>, <u>16</u>, <u>2011</u>. Defendant has a projected release date from federal custody on <u>August</u>, <u>13</u>, 20 <u>19</u>. (see attached sentencing computation/data sheet).

2. The defendant has been advised that there are, or may be, outstanding citations, warrants, informations, charges, and/or complaints pending in this jurisdiction. Specifically:

1). <u>Capital Murder Charges...Warrant # 11-01-13703 979-826-8282</u>

2). <u>Capital Murder Charges...Warrant # 11-01-13704 979-826-8282</u>

3). <u>Capital Murder Charges...Warrant # 11-01-13705 979-826-8282</u>.

3. The defendant moves this Court to order he be brought for trial, and that prosecuting authorities arrange temporary custody under the appropriate provisions for Interstate Agreement on Detainers. The Defendant further requests in an absence of availability of trial, an *in abstentia* resolution be arranged.

3

4. This Motion is based upon the Defendant's Sixth Amendment speedy trial guarentee that is binding on the states through the Due Process Clause of the Fourteenth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 222-223 (1967). A state is responsible for a defendant's speedy trial rights, even where a defendant is held in federal prison. see: *Smith v Hooev*, 393 U.S. 374 (1969). This notice would further trigger defendant's request under the Interstate Agreement on Detainers. see: *Fex v. Michigan*, 507 U.S. 43, 113 S.Ct. 1088, 122 L.Ed.2d 406 (1993).

WHEREFORE, the defendant prays that the Court initiate all needed and necessary orders and actions required to resolve this matter by trial or settlement *in abstentia*, including an order for the district attorney/prosecutor to seek temporary custody from federal authorities under IAD provisions, and the dismissal of any outstanding citations, warrants, informations, charges. and/or ~~complaints~~ presently pending in this jurisdiction, within a reasonable period of time not *Put District Attorneys Add.(s) down here !*

Respectfully Submitted,

Dated: ~~2013/07/03~~

Dominique Dontae Las
Reg. No. 22867-298
United States Penitentiary
Victorville FCC
PO Box ~~5500~~ 3900
Adelanto, CA 92031

## CERTIFCATE OF SERVICE

I hereby certify that a copy of this document was mailed to the office of the district attorney/ prosecutor for this jurisdiction, addressed as below.:

*District Attorney
846 6th Street Suite 1
Hempstead TX, 77445*

Date: ~~2013/07/3~~

Mr. Dominique Dontae Lasker

2

4

# CERTIFICATE OF SERVICE

I, ___Dominique Dontae Lasker___ , hereby certify that I have served a true and complete copy of the following: Notice of place of imprisonment and request for speedy trial and final disposition...pursuant to: Tex. Code. Crim. Proc. Ann. Art. 51.14, and Tex. Constitution, Art. VI, § 10

By placing the same in the care and custody of prison officials of the United States Penitentiary, Victorville USP/FCC, at Adelanto, California, on this __16__ day of ___January___ , 20 __12__ , with sufficient postage affixed. It would be noted that this service would be deemed filed at the time it was delivered to prison authorities for forwarding to the court. see: *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). This service was addressed to the following party or parties:

1). District Court, 506th District
    Attn: Patricia Spadachene, District Clerk
    Waller County Courthouse
    836 Austin Ct., Room 318
    Heapstead, TX 77445-4673

2). District Attorney/Prosecutors
    OFFICE
    FOR WALLER COUNTY

    ___846 6th Street Suite 1___
    ___Hempstead TX, 77445___

Dominique Dontae Lasker
Reg. No. 22867-298
United States Penitentiary
Victorville FCC
PO Box 5300
Adelanto, CA 92301

5

# NOTICE AND DEMAND TO DISTRICT ATTORNEY/PROSECUTOR
## FOR TRIAL OR DISPOSITION OF WARRANTS, INFORMATIONS, DETAINERS OR INDICTMENTS BY FEDERAL PRISONER

TO: Office of District Attorney

846 6ᵗʰ Street Suite 1

Hempstead TX 77445

FROM: Dominique Dontae Lasker
Reg. No. 22867-298
United States Penitentiary
Victorville FCC
PO Box XXOX 3900
Adelanto, CA 92301

Dear Sir/Madam:

1. I have been informed that I have the following outstanding warrant(s), indictment(s), or complaint(s) under the following case numbers, issuing from your jurisdiction:

| | |
|---|---|
| Capital Murder Charge | # 11-01-13703  979-826-8282 |
| Capital Murder Charge | # 11-01-13704  979-826-8282 |
| Capital Murder Charge | # 11-01-13705  979-826-8282 |
| | # |

2. I am presently a federal prisoner in the custody of the United States Attorney General, incarcerated at the Victorville Federal Correctional Complex, located in Adelanto, California.

3. I was sentenced in the United States District Court for the __Southern__ District of __California__, to a term of __121__ months. My current projected release date from federal custody is __August__, __13__, 20 __19__, as found in the attached BOP documentation (see Sentence Monitoring/Data Computation printout).

4. The outstanding charges pending from this jurisdiction adversely affect the conditions of my incarceration, and do not allow my participation in certain rehabilitative programs. I remain in a higher security classification category and the delay in prosecution prejudices my defense against these outstanding charges.

5. I have provided this communication to invoke the statutes, rules and procedures of this State for speedy trial and disposition of untried warrants, indictments and complaints. Based upon these provisions I would demand a speedy trial or disposition within one-hundred and twenty (120) days, on any and all criminal actions in your jurisdiction and/or alternatively, that you submit request for temporary custody to the federal bureau of prison authorities, pursuant to the requirements of applicable statutes for Interstate Agreement on Detainers ("IAD").

Cordially,

Dated: 2012 / 07 / 2

Authorized by the Act of
July 7, 1955, as amended,
to administer oaths (18
U.S.C. § 4004).

REQUESTOR
Dominique Dontae Lasker

_____
WITNESS-PRISON STAFF MEMBER

COPIES: ORIGINAL TO DISTRICT ATTORNEY, AND KEEP COPY FOR OWN RECORDS TO BE USED WITH REQUEST TO COURT FOR DISMISSAL. ALSO: INCLUDE DOCUMENTATION FROM THE CASE MANAGER/RECORDS REGARDING THE WARRANT/DETAINER AND IF POSSIBLE YOUR SENTENCE MONITORING/DATA COMPUTATION PRINTOUT SHOWING YOUR PROJECTED RELEASE DATE

```
REGNO...: 22867-298   NAME: LASKER, DOMINIQUE DONTAE
ARS 1...: VIP A-DES                              PLRA
COMPUTATION NUMBER..: 010              PRT    ACT DT:
LAST UPDATED:  DATE.: 12-30-2011    FACL..: DSC    CALC: AUTOMATIC
UNIT................: 6 A           QUARTERS...........: F61-119L
DATE COMP BEGINS....: 12-16-2011    COMP STATUS........: COMPLETE
TOTAL JAIL CREDIT...: 412           TOTAL INOP TIME....: 0
CURRENT REL DT......: 10-06-2020 TUE  EXPIRES FULL TERM DT: 11-29-2020
PROJ SATISFACT DT...: 08-13-2019 TUE  PROJ SATISF METHOD..: GCT REL
ACTUAL SATISFACT DT.:               ACTUAL SATISF METHOD:
DAYS REMAINING......:               FINAL PUBLC LAW DAYS:
GED PART STATUS.....:               DEPORT ORDER DATED..:
```

------------------------GOOD CONDUCT TIME AMOUNTS-------------------------

| START DATE | STOP DATE | MAX DIS | POSSIBLE TO FFT | ACTUAL TOTALS DIS | FFT | VESTED AMOUNT | VESTED DATE |
|---|---|---|---|---|---|---|---|
| 10-31-2010 | 10-30-2011 | 54 | 54 | | | | |
| 10-31-2011 | 10-30-2012 | 54 | | | | | |
| 10-31-2012 | 10-30-2013 | 54 | | | | | |
| 10-31-2013 | 10-30-2014 | 54 | | | | | |
| 10-31-2014 | 10-30-2015 | 54 | | | | | |
| 10-31-2015 | 10-30-2016 | 54 | | | | | |
| 10-31-2016 | 10-30-2017 | 54 | | | | | |
| 10-31-2017 | 10-30-2018 | 54 | | | | | |
| 10-31-2018 | 08-13-2019 | 42 | | | | | |

```
    TOTAL EARNED AMOUNT.......................................:      54
    TOTAL EARNED AND PROJECTED AMOUNT.........................:     474
```

G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

MOTION TO DISMISS FOR DENIAL OF CONSTITUTIONAL RIGHTS OF DUE PROCESS AND RIGHT TO SPEEDY TRIAL

THE DEFENDANT, IN PROPRIA PERSONA, MOVES THE COURT TO ORDER THAT THIS CAUSE BE DISMISSED PURSUANT TO THE PROVISIONS OF THE SPEEDY TRIAL ACT OF 1974 (18 U.S.C. 3161-3174).

THE GROUNDS FOR THE MOTION ARE THAT THE DEFENDANTS DUE PROCESS right UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION TO PROMPT INITIATION OF THE PROSECUTION, THE DEFENDANT'S RIGHT TO A SPEEDY TRIAL UNDER THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION HAVE ALL BEEN DENIED BY THE GOVERNMENT'S DELIBERATE AND PERSISTENT PATTERN OF oppressive AND PREJUDICIAL DELAYS IN THIS ACTION, ALL OFF WHICH HAVE COMBINED TO PREVENT THE DEFENDANT FROM ADEQUATELY PREPARING A DEFENSE AGAINST CHARGES.

THE RIGHT TO A SPEEDY TRIAL WAS DECLARED "FUNDAMENTAL" AND IMPOSED ON THE STATES BY THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT IN KLOPFER V. NORTH CAROLINA 386 U.S. 213,222-223

1. THE DEFENDANT IS SERVING A SENTENCE OF 121 MONTHS, IN THE UNITED STATES PENITENTIARY AT VICTORVILLE FEDERAL CORRECTION COMPLEX, SAN BERNADINO COUNTY, AT ADELANTO, CALIFORNIA, WITH PROJECTED RELEASE DATE: AUG 13,2019

THE DEFENDANT HAS PENDING CHARGE(S), WARRANT(S)

8

INDICTMENT(S) OR COMPLAINT(S) IN THIS JURISDICTION, WHICH DO NOT INVOLVE EITHER PENDING PROBATION OR PAROLE VIOLATIONS AND MORE SPECIFICALLY ARE:

1. CAPITAL MURDER 11-01-13703

2. CAPITAL MURDER 11-01-13704

3. CAPITAL MURDER 11-01-13705

3. THE DEFENDANT HAS DEMANDED A SPEEDY TRIAL ON OR ABOUT JULY 07 2012, ALL TO NO AVAIL. DEFFENDANT SERVED A NOTICE AND DEMAND FOR SPEEDY TRIAL OR FINAL DISPOSITION, PURSUANT TO TEX. CODE CRIM.PROC.ANN.ART.51.14

CONSTITUTION, ART 6 SEC 10 VIA FORM, ON THE OFFICE OF DISTRICT ATTORNEY. AT THE TIME OF NOTICE UPON THE DISTRICT ATTORNEY THE DEFENDANT PROVIDED A NOTICE WITH THIS COURT CONCERNING THE OUTSTANDING CHARGES, WARRANTS OR COMPLAINTS.

4. ADDITIONALLY THIS ACTION MAY BE CONSTRUED AS AN INTERSTATE AGREEMENT ON DETAINER REQUEST, AND SO DOING, THE DISTRICT ATTORNEY AFTER NOTICE HAS MADE NO EFFORT TO RESOLVE THE MATTER.

5. BASED THEREON, VIRTUALLY ALL LEGISLATURES HAVE ESTABLISHED STATUES DURING WHICH THE TRIAL OF A DEFENDANT MAY OR MAY NOT BE COMMENCED (TEX.CRIM.PROC.CODE.ANN ART 12.01 ET SEQ).

6. MORE THAN 120 DAYS HAVE ELAPSED, WITH NO ACTION BEING TAKEN BY THE DISTRICT ATTORNEY'S OFFICE. THE DEFENDANT MAKES CLEAR INDICATION THAT HE HAS BEEN PREJUDICED

9

BY DELAY IN THIS CASE AND FURTHER THAT HIS PRESENT

INCARCERATION HAVE BEEN ADVERSELY AFFECTED. THE SUPREME COURT

STATED THAT THE ONLY POSSIBLE REMEDY FOR THE DENIAL OF AN

ACCUSED'S RIGHT OF SPEEDY TRIAL UNDER THE FEDERAL

CONSTITUTIONS SIXTH AMENDMENT WAS DISMISSAL OF THE

INDICTMENT. PURSUANT  TO 18 U.S.C. PENAL CODE 3161, THIS

COURT HAS THE AUTHORITY TO DISMISS THIS CASE WITH PREJUDICE.


RESPECTFULLY SUBMITTED


DATE: 2012/12/13

DOMINIQUE D LASKER

DATE: 13 Dec 2012

STAFF

SUBSCRIBED AND SWORN BEFORE ME
THIS 13 DAY Dec 20 12
FEDERAL CORRECTIONAL COMPLEX, VICTORVILLE, CA
SAN BERNARDINO COUNTY

CASE-MANAGER
AUTHORIZED BY ACT OF CONGRESS JULY 7, 1955
TO ADMINISTER OATHS
(TITLE 18, U.S.C. SECTION 4004)

10

IN THE __District__ COURT OF __Waller__ COUNTY

FOR THE STATE OF __Texas__ [ 506 District]

| | | |
|---|---|---|
| Waller County Sheriffs, | ) | NOTICE OF PLACE OF IMPRISONMENT AND |
| Plaintiff, | ) | REQUEST FOR SPEEDY TRIAL AND FINAL |
| | ) | DISPOSITION...Pursuant to ......... |
| v. | ) | ( Tex.Code Crim.Proc. Ann.Art. 51.14   ) |
| | ) | ( Constitution, Art. VI, § 10            ) |
| | ) | |
| Dominique Dontae Lasker, | ) | CASE NO. 11-01-13703 979-826-8282 |
| Defendant. | ) | 11-01-13704 979-826-8282 |
| | | 11-01-13705 979-826-8282 |

Notice is hereby given that the above-named Defendant, Dominique Dontae Lasker , is currently a federal prisoner in the custody of the United States Attorney General, and is incarcerated at the Victorville Federal Correctional Complex located in Adelanto, California. Defendant would further show:

1. The defendant is serving an approximate term of __121__ months of imprisonment from a judgment imposed by the United District Court for the __Southern__ District of __California__, on __December__, __16__, __2011__. Defendant has a projected release date from federal custody on __August__, __13__, 20 __19__. (see attached sentencing computation/data sheet).

2. The defendant has been advised that there are, or may be, outstanding citations, warrants, informations, charges, and/or complaints pending in this jurisdiction. Specifically:

1). Capital Murder Charges...Warrant # 11-01-13703 979-826-8282

2). Capital Murder Charges...Warrant # 11-01-13704 979-826-8282

3). Capital Murder Charges...Warrant # 11-01-13705 979-826-8282

3. The defendant moves this Court to order he be brought for trial, and that prosecuting authorities arrange temporary custody under the appropriate provisions for Interstate Agreement on Detainers. The Defendant further requests in an absence of availability of trial, an *in abstentia* resolution be arranged.

VIP Law Library Forms/NoticeSpeedyTrial-Detainer (Rev 9/11)

11

IAD Article 34 4c    ( 18 U.S.C. 3136    (

4. This Motion is based upon the Defendant's Sixth Amendment speedy trial guarentee that is binding on the states through the Due Process Clause of the Fourteenth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 222-223 (1967). A state is responsible for a defendant's speedy trial rights, even where a defendant is held in federal prison. see: *Smith v Hooey*, 393 U.S. 374 (1969). This notice would further trigger defendant's request under the Interstate Agreement on Detainers. see: *Fex v. Michigan*, 507 U.S. 43, 113 S.Ct. 1088, 122 L.Ed.2d 406 (1993).

WHEREFORE, the defendant prays that the Court initiate all needed and necessary orders and actions required to resolve this matter by trial or settlement *in abstentia*, including an order for the district attorney/prosecutor to seek temporary custody from federal authorities under IAD provisions, and the dismissal of any outstanding citations, warrants, informations, charges, and/or complaints presently pending in this jurisdiction, within a reasonable period of time not

Put District of
Attorneys Address)
don't
here !

Respectfully Submitted,

Dated: ~~2018/07/03~~

Dominique Dontae Las
Reg. No. 22867-298
United States Penitentiary
Victorville FCC
PO Box ~~XXXX~~ 3900
Adelanto, CA 92031

## CERTIFCATE OF SERVICE

I hereby certify that a copy of this document was mailed to the office of the district attorney/ prosecutor for this jurisdiction, addressed as below.:

District Attorney
846 6th Street Suite 1
Hempstead TX, 77445

Date: ~~2018/07/3~~

Mr. Dominique Dontae Lasker

2

VIP Law Library Forms/NoticeSpeedyTrial-Detainer (Rev. 9/11)

12

# NOTICE AND DEMAND TO DISTRICT ATTORNEY/PROSECUTOR
## FOR TRIAL OR DISPOSITION OF WARRANTS, INFORMATIONS, DETAINERS OR INDICTMENTS BY FEDERAL PRISONER

TO: Office of District Attorney

846 6th Street Suite 1

Hempstead TX 77445

FROM: Dominique Dontae Lasker
Reg. No. 22867-298
United States Penitentiary
Victorville FCC
PO Box XXX 3900
Adelanto, CA 92301

Dear Sir/Madam:

1. I have been informed that I have the following outstanding warrant(s), indictment(s), or complaint(s) under the following case numbers, issuing from your jurisdiction:

| | |
|---|---|
| Capital Murder Charge | # 11-01-13703 979-826-8282 |
| Capital Murder Charge | # 11-01-13704 979-826-8282 |
| Capital Murder Charge | # 11-01-13705 979-826-8282 |
| | # |

2. I am presently a federal prisoner in the custody of the United States Attorney General, incarcerated at the Victorville Federal Correctional Complex, located in Adelanto, California.

3. I was sentenced in the United States District Court for the __Southern__ District of __California__, to a term of __121__ months. My current projected release date from federal custody is __August__, __13__, 20 __19__, as found in the attached BOP documentation (see Sentence Monitoring/Data Computation printout).

4. The outstanding charges pending from this jurisdiction adversely affect the conditions of my incarceration, and do not allow my participation in certain rehabilitative programs. I remain in a higher security classification category and the delay in prosecution prejudices my defense against these outstanding charges.

5. I have provided this communication to invoke the statutes, rules and procedures of this State for speedy trial and disposition of untried warrants, indictments and complaints. Based upon these provisions I would demand a speedy trial or disposition within one-hundred and twenty (120) days, on any and all criminal actions in your jurisdiction and/or alternatively, that you submit request for temporary custody to the federal bureau of prison authorities, pursuant to the requirements of applicable statutes for Interstate Agreement on Detainers ("IAD").

Cordially,

Dated: _____

Authorizated by the Act of
July 7, 1955, as amended,
to administer oaths (18
U.S.C. § 4004).

WITNESS-PRISON STAFF MEMBER

REQUESTOR
Mr. Dominique Dontae Lasker

COPIES: ORIGINAL TO DISTRICT ATTORNEY, AND KEEP COPY FOR OWN RECORDS TO BE USED WITH REQUEST TO COURT FOR DISMISSAL. ALSO: INCLUDE DOCUMENTATION FROM THE CASE MANAGER/RECORDS REGARDING THE WARRANT/DETAINER AND IF POSSIBLE YOUR SENTENCE MONITORING/DATA COMPUTATION PRINTOUT SHOWING YOUR PROJECTED RELEASE DATE.

VIP Law Library Forms/NoticeSpeedyTrial-Detainer (Rev 9/11)

13

BP-4258

# CERTIFICATE OF SERVICE

I, _____Dominique Dontae Lasker_____, hereby certify that I have served a true and

complete copy of the following: Notice of place of imprisonment and request for speedy trial and final disposition...pursuant to:

Tex. Code. Crim. Proc. Ann. Art. 51.14, and

Tex. Constitution, Art. VI, § 10

By placing the same in the care and custody of prison officials of the United States Penitentiary,

Victorville USP/FCC, at Adelanto, California, on this __16__ day of

_____January_____, 20 __12__, with sufficient postage affixed. It would be

noted that this service would be deemed filed at the time it was delivered to prison authorities for

forwarding to the court. see: *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245

(1988). This service was addressed to the following party or parties:

1). District Court, 506th District
Attn: Patricia Spadachene, District Clerk
Waller County Courthouse
836 Austin Ct., Room 318
Heapstead, TX 77445-4673

2). District Attorney/Prosecutors
OFFICE
FOR WALLER COUNTY

_____846 6th Street Suite 1_____
_____Hempstead TX, 77445_____

Dominique Dontae Lasker
Reg. No. 22867-298
United States Penitentiary
Victorville FCC
PO Box 5300
Adelanto, CA 92301

Stk

U.S. Courthouse
515 Rusk Street
Houston TX, 77002

14



**U.S. Department of Justice**

**Federal Bureau of Prisons**

**Federal Correctional Complex**
*Victorville, California*

January 31, 2013

Office of the District Attorney
Elton R. Mathis, Criminal District Attorney
Waller County
506th Judicial District
645 12th Street
Hempstead, Texas 77445

Re: Lasker, Dominique Dontae
   Register Number 22867-289280
   STATE CASE/REFERENCE NO. 11-01-13703; 11-01-13704; 11-01-13705

Dear Mr. Mathis:

In response to your request for temporary custody pursuant to the Interstate Agreement on Detainers Act (IADA), applicable forms are enclosed.

Please be advised subject has been notified of your request and has been afforded a 30-day period in which to contact the Warden of this institution as to any reasons why he should not be
produced in your State pursuant to the Agreement.

 X  The inmate has waived this 30-day period.  You may contact this facility directly to arrange for temporary custody.

    The inmate has elected this 30-day period, provided  under Article IV(a), which expires on (   DATE  ).  Any court proceedings must occur after this date.

Please remit to this office the <u>original</u> completed Form VI, "Evidence of Agent's Authority to Act for Receiving State" (BP-A564) and <u>originals</u> of the IAD Form V (BP-568) and IAD FormVI (BP-565). The persons designated as agents to return the prisoner to your State must also be the persons whose signatures appear on the Form VI.  Naming alternative agents would be advisable in case your primary agents cannot make the trip.  The alternate agents' signatures should also appear on the Form VI.  Also be advised that the designated agents must have in their possession a copy of the warrant when assuming custody of the prisoner.

15

Page Two
RE: Lasker, Dominique Dontae
    Register No. 22867-289


Inmates who are temporarily transferred pursuant to the IAD remain under the primary jurisdiction of Federal authorities. Should you accept temporary custody of this inmate, we wish to remind you that under Article V(e) of the IADA, you are required to return the above-named inmate to this institution after prosecution on all pending charges.

While this inmate is in your temporary custody, he/she will be held in a suitable jail that meets the level of security required by the Bureau of Prisons. In addition, security requirements for the inmate must be met. Two law enforcement escort officers, handcuffs, martin chains and leg irons are required. Contract Guard Services are not allowed.

Any problems associated with this inmate must be reported to the individual listed below. This inmate may not be released on bail or bond or any other agency while in your custody. Additionally, this inmate is not to be committed to a state correctional institution for service of any state sentence(s) that may be imposed because of your prosecution.

To help us with processing, please fill out the enclosed certification form and return to us before scheduling a date for assuming custody. Before making scheduling arrangements, please contact this individual below to ensure all required paperwork and approvals have been met.

If you have any questions on this matter, please call: D. Wren, Supervisory Correctional Systems Specialist at 760-530-5748.

                              Sincerely

                              Linda T. McGrew, Warden

                              /s/ D.
                              Wren, SCSS


Enclosures:   BP-Forms A235, A236, A238, A239
              BP-A565, IAD/State Writ - Prosecutor's Certification Form

cc:   Clerk of Court
      State IADA Administrator

16

BP-S235(51) IAD -NOTICE OF UNTRIED INDICTMENT

**U.S. DEPARTMENT OF JUSTICE**                    FEDERAL BUREAU OF PRISONS

| INMATE NAME: | REGISTER NUMBER: | INSTITUTION: |
|---|---|---|
| LASKER, DOMINIQUE DONTAE | 22867-298 | FCC VICTORVILLE COMPLEX |

Pursuant to the Interstate Agreement on Detainers Act, you are hereby informed that the following are the untried indictments, information, or complaints against you concerning which the undersigned has knowledge, and the source and contents of each: **WALLER COUNTY SHERIFF'S OFFICE. CAPITOL MURDER CAUSE #11-01-13703, 11-01-13704 AND 11-01-13705.**

You are hereby further advised that the provisions of said Agreement you have the right to request the appropriate prosecuting officer of the jurisdiction in which any such indictment, information or complaint is pending and the appropriate court that a final disposition be made thereof. You shall then be brought to trial within 180 days, unless extended pursuant to provisions of the Agreement, after you have caused to be delivered to said prosecuting officer and said court written notice of the place of your imprisonment and your said request, together with a certificate of the custodial authority as more fully set forth in said Agreement. However, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

Your request for final disposition will operate as a request for final disposition of all untried indictments, information or complaints on the basis of which detainers have been lodged against you from the state to whose prosecuting official your request for final disposition is specifically directed. Your request will also be deemed to be a waiver of extradition with respect to any charge or proceedings contemplated thereby or there imposed upon you, after completion of your term of imprisonment in this state. Your request will also constitute a consent by you to the production of your body in any court where your presence may be required in order to effectuate the purposes of the Agreement on Detainer and a further consent voluntarily to be returned to the institution in which you are now confined.

Should you desire such a request for final disposition of any untried indictment, information or complaint, you are to notify the Inmate Systems Manager of the institution in which you are now confined.

You are also advised that under provisions of said Agreement the prosecuting officer of a jurisdiction in which any such indictment, information or complaint is pending may oppose the request that you be delivered to such prosecuting officer or court. You may request the Warden to disapprove any such request for your temporary custody but you cannot oppose delivery on the ground that the Warden has not affirmatively consented to or ordered such delivery.

| DATE: | NAME AND TITLE OF CUSTODIAL AUTHORITY | Linda T. McGrew, Complex Warden |
|---|---|---|
| August 31, 2012 | Charles E Samuels Jr. Director, Bureau of Prisons | BY: D. Wren, Correctional Systems Specialist |

| DATED: | INMATE SIGNATURE |
|---|---|
| 2012 / 09 / 27 | |

Original  Inmate
Copy:     J&C File
          Central file

/7

U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

| To: Prosecuting Officer<br>   ELTON R. MATHIS | Jurisdiction:<br>   WALLER COUNTY, TX |
|---|---|
| Court:<br>   506th JUDICIAL DISTRICT | Jurisdiction:<br>   WALLER COUNTY, TX |

And to all other prosecuting officers and courts of jurisdiction listed below from which indictments, information or complaints are pending, you are hereby notified that the undersigned is now imprisoned in:

Institution:

Federal Correctional Complex - United States Penitentiary P.O. Box 5400, Victorville, CA 92301

And I hereby request that a final disposition be made of the following indictments, information or complaints now pending against me:    **WARRANT No. 11-01-13703, 11-01-13704 and 11-01-13705**
           **CAPITAL MURDER SECTION: 19.03 DEGREE: CAPITAL FELONY**

Failure to take action in accordance with the Interstate Agreement on Detainers Act, to which your state is committed by Law, will result in the invalidation of the indictments, information or complaints.

   I hereby agree that this request will operate as a request for final disposition of all untried indictments, information or complaints on the basis of which detainers have been lodged against me from your state. I also agree that this request shall be deemed to be my waiver of extradition with respect to any charge or proceedings contemplated hereby or included herein, and a waiver of extradition to your state to serve any sentence there imposed upon me, after completion of my term of imprisonment in this state. I also agree that this request shall constitute a consent by me to the production of my body in any court where my presence may be required in order to effectuate the purposes of the Interstate Agreement on Detainers Act and a further consent voluntarily to be returned to the institution in which I now am confined.

   If jurisdiction over this matter is properly in another agency, court or officer, please designate the proper agency, court or officer and return this form to the sender.

   Forms BP-S238(51), Certificate of Inmate Status, and BP-S239(51), Offer of To Deliver Temporary Custody, are attached.
Dated:

                              Inmate's Name and Register No.:
**January 30, 2013**                       **LASKER, DOMINIQUE DONTAE**
                                **Federal Register: 22867-298**

The inmate must indicate below whether he has counsel or wishes the court in the receiving state to appoint counsel for purposes of any proceedings preliminary to trial in the receiving state which may take place before his delivery to the jurisdiction in which the indictment, information or complaint is pending. Failure to list the name and address of counsel will be construed to indicate the Inmate's consent to the appointment of counsel by the appropriate court in the receiving state.

| A. My Counsel is (give name) | Address is: (Street, City, State, Zip Code) |
|---|---|
| | |

B. I request the Court to appoint Counsel. (Inmate's Signature)

18

**BP-S238.051 IAD – CERTIFICATE OF INMATE STATUS   CDFRM**
February 19 94
**U.S. DEPARTMENT OF JUSTICE**                                                    FEDERAL BUREAU OF PRISONS

| Inmate's Name:<br>**LASKER, DOMINIQUE<br>DONTAE** | Register No.:<br>**22867-298** | Institution:<br>**FCC VICTORVILLE<br>COMPLEX** |
|---|---|---|

Institution Address: **Federal Correctional Complex, P.O. BOX 5400  Adelanto, CA 92301**

The (Custodial Authority) hereby certifies:

1. The term of commitment under which the prisoner above named is being held:
   **121 MONTHS**

2. The Time Already Served:     **1 YEAR 3 MONTHS 4 DAYS**

3. Time Remaining to be Served on the Sentence:   **6 YEARS 6 MONTHS 15 DAYS**

4. The Amount of Good Time Earned: **108**

5. The Date of Parole Eligibility of the Prisoner:

6. The decisions of the U.S. Parole Commission relating to the Prisoner:

7. Maximum expiration date under present sentence: **11-29-2020**

Detainers currently on file against this inmate from your state are as follows:
   **WARRANT No. 11-01-13703, 11-01-13704 AND 11-01-13705**

| Date:<br><br>1/30/13 | Name and Title of Custodial Authority<br>**Charles E. Samuels Jr.**<br>**Director,  Bureau of Prisons** | By: (Chief Executive Officer)<br>**Linda T. McGrew,**<br>**Complex Warden**<br>_for_ 〿〿〿〿<br>**D. Wren**<br>**Correctional Systems Specialist** |
|---|---|---|

Record Copy - State IAD Administrator
Copy - J&C File
Copy - Central File (Sect. 1)
Copy - Prosecuting Official (Mail Certified Return Receipt)
Copy - Clerk of Court (Mail Certified Return Receipt)

*19*

BP-S239.051    **IAD - OFFER TO DELIVER TEMPORARY CUSTODY**      CDFRM
February 1994
**U.S. DEPARTMENT OF JUSTICE**                                   **FEDERAL BUREAU OF PRISONS**

Date:   January 30, 2013

| To:  Prosecuting Officer **ELTON R. MATHIS** | Name and Title (if known) **Criminal District Attorney** | Jurisdiction: **WALLER COUNTY, TX** |
|---|---|---|

And to all other prosecuting officers and courts of jurisdiction listed below from which indictments, information or complaints are pending

Re: (Inmate's Name)                                          Register Number
**LASKER, DOMINIQUE DONTAE**
     **22867-298**

Pursuant to the provisions of Article V of the Interstate Agreement on Detainers Act between this state and your state, the undersigned hereby offers to deliver temporary custody of the above-named prisoner to the appropriate authority in your state in order that speedy and efficient prosecution may be had of the indictment, information or complaint which is described in the attached inmate's request dated:
**September 27, 2012**
The required Certificate of Inmate Status is enclosed. dated: **January 30, 2013**

If proceedings under Article IV(d) of the Interstate Agreement on Detainers Act are indicated, an explanation is attached.

Indictments, information or complaints charging the following offenses also are pending against the inmate in your state and you are hereby authorized to transfer the inmate to custody of appropriate authorities in these jurisdictions for purposes of these indictments, information or complaints.

**CAPITAL MURDER**              **DISTRICT COURT OF WALLER COUNTY, TEXAS**
**19.03**                       **506TH JUDICIAL DISTRICT**
**CAPITAL FELONY**

If you do not intend to bring the inmate to trial, will you please inform us as soon as possible? Kindly acknowledge.

| By: (Chief Executive Officer)   Institution & Address: | | Name/Title Custodial Authority: |
|---|---|---|
| **D. Wren** **Correctional Systems Specialist** **Linda T. McGrew** **Complex Warden** | **FCC Victorville - USP** **P.O. Box 5400** **Adelanto, CA 92301** | **Charles E. Samuels Jr.** **Director** **Bureau of Prisons** |

BP-S565.051  **IAD / STATE WRIT - PROSECUTOR'S CERTIFICATION** CDFRMDEC 02
**U.S. DEPARTMENT OF JUSTICE**                                    **FEDERAL BUREAU OF PRISONS**

This is to certify that I, ELTON R. MATHIS, Criminal District Attorney, hereby request
temporary custody of **LASKER, DOMINIQUE DONTAE, Federal Register Number 22867-298** via **_X_**
**IAD** __**State Writ** (check one), and do hereby agree to the following conditions in connection
with the request for custody of said inmate.

### Conditions

a. Agree that said inmate will be provided safekeeping, custody, and care and will assume
   responsibility for that custody to include providing the inmate with the same level of
   security required by Bureau of Prisons Policy.

b. Agree to report to the Bureau of Prisons any problems associated with said inmate, to
   include disciplinary problems, medical emergencies, suicide attempt, escape or attempted
   escape or any other problem arising during commitment.

c. Agree not to release said inmate on bail or bond or to commit them to an institution for
   service of any sentence imposed in connection with our prosecution.

d. Agree to return said inmate to the federal institution from which they were obtained at
   the conclusion of the inmate's appearance in the proceeding for which obtained.

e. Agree to notify the local jail authority of the responsibility to return the inmate to
   federal custody.

As the Prosecuting Official for the State of **Texas** I, **ELTON R. MATHIS, Criminal District**
**Attorney,** hereby submit the following information in connection with my request for
temporary custody of **LASKER, DOMINIQUE DONTAE, Federal Register Number 22867-298.**

### Information

1. Name of facility, location, contact person, and phone number where the inmate will be
   confined during legal proceedings.

| 2. Scheduled date for trial. | 3. Projected date of return of the prisoner to federal custody: |
|---|---|
| | |

4. Name and phone number of the state agency, specific name of agent(s) who will transport
   the inmate at direction of the court and whether a private carrier, contractor (if
   permitted by Bureau of Prisons policy), state agency, or the USMS, will be transporting
   the inmate for the state.

5. Need for appearance of inmate and nature of action.

6. **For State Writ cases only (not required for IAD):**
   a.  Name and address of court issuing writ, name of the judge, and name, address, and
phone number of clerk of the court.

   b.  Reason production on writ is necessary and reason another alternative is not
available (for civil cases).

| 7. Signature and Title of Prosecutor | Date |
|---|---|
| | |

Subscribed and sworn before (Date):_____

| 8. Signature of Notary Public | Date |
|---|---|
| | |

Original - J&C File, Copy - Central File   This form replaces BP-S565 dtd FEB 94)

*21*

BP-S568.051    IAD FORM V - REQUEST FOR TEMPORARY CUSTODY   CDFRM ARAULLO FEB 94
U.S. DEPARTMENT OF JUSTICE               FEDERAL BUREAU OF PRISONS

Six copies. Signed copies must be sent to the prisoner and to the official who has the prisoner in custody. A copy should be sent to the Agreement Administrator of both the sending and the receiving state. Copies should be retained by the person filing the request and the judge who signs the request. Prior to transfer under this Agreement, an Inmate may be afforded a judicial hearing (Cuyler) similar to that provided under the Uniform Extradition Act, in which the inmate may bring a limited challenge to the receiving state's request.

### Request for Temporary custody

To: (Warden-Superintendent-Director) - Institution and Address
United States Penitentiary, Victorville FCC., P.O. Box 3900, Adelanto, C 92301

Please be advised that (Name of Inmate) DOMINIQUE DONTAE LASKER 22867-298, who is presently an inmate of your institution, is under [indicate appropriate] (indictment), (information) (complaint) in the (Jurisdiction) 506th District Ct. Waller County Texas, of which I am the (Title of Prosecuting Officer) District Attorney . Said inmate is therein charged with the offense(s) enumerated below:

#### Offense(s)

① Capital Murder 11-01-13703, ② Capital Murder 11-01-13704 ③ Capital Murder 11-01-

I propose to bring this person to trial on this [indicate appropriate] (indictment) (information) (complaint) within the time specified in Article IV(c) of the Agreement.

In order that proceedings in this matter may be properly had, I hereby request temporary custody of such persons pursuant to Article IV(a) of the Agreement on Detainers.

Attached herewith find in triplicate:
a. Certified copies of the complaint, information or indictment
b. Certified copies of the warrant
c. Certified copies of fingerprints, photographs or physical description

I hereby agree that immediately after trial is completed in this jurisdiction, I will return the prisoner directly to you or allow any jurisdiction you have designated to take temporary custody. I agree also to complete Form IX, The Notice of Disposition of a Detainer, immediately after trial.

| Printed Name and Signature Elton R. Mathis | Title Criminal District Attorney | Date Nov 26, 20 |
|---|---|---|

| Address: 645 12th Street | City/State: Hempstead, Texas 77445 | Telephone No.: 979-826-7718 |
|---|---|---|

I hereby certify that the person whose signature appears above is an appropriate officer within the meaning of Article IV(a) and that the facts recited in this request for temporary custody are correct and that having duly recorded said request, I hereby transmit it for action in accordance with its term and the provisions of the Agreement on Detainers.

| Judge's Printed Name and Signature Albert M. McCaig | Date Nov 26, 201 |
|---|---|

| Court 506th Judicial District Court | Judicial District 506th |
|---|---|

| City/State Hempstead, Waller County, Texas | Telephone No. 979-826-921-0921 |
|---|---|

(This form may be replicated via WP)

Albert M. McCaig, Jr.
Judge, 506th Judicial District Court
Waller and Grimes Counties, Texas

22

FILED
DISTRICT CLERK
WALLER COUNTY TEXAS

2013 APR 10 PM 3:37

BY_____
DEPUTY

IN THE DISTRICT COURT OF WALLER COUNTY
FOR THE STATE OF TEXAS
(506th District)

STATE OF TEXAS,

   Plaintiff,

 vs.

DOMINIQUE DONTAE LASKER,

   Defendant.

No. 11-01-13703 979-826-8282
11-01-13704 979-826-8282
11-01-13705 979-826-8282

DEFENDANT'S PRO SE MOTION TO DISMISS THE INDICTMENT OR INFORMATION HEREIN, OR IN THE ALTERNATIVE, DEFENDANT'S PRO SE MOTION FOR APPOINTEMENT OF COUNSEL AT PUBLIC EXPENSE

## I. MOTION

COMES NOW pro se Defendant DOMINQUE DONTAE LASKER, without the assistance of counsel, and moves this court for an order to dismiss the indictment or information filed against him in the above entitled action.

This motion is based upon all of the files and pleadings in this case as well as the attached declaration of the Defendant.

DEFENDANT'S MOTION TO DISMISS - Page 1

23

## II. DECLARATION OF DEFENDANT

DOMINIQUE DONTAE LASKER deposes and states as follows:

(1) I am the defendant proceeding pro se herein, I am over the age of 18, and competent to testify in a court of law.

(2) I have knowledge of the facts contained herein, and I make this Declaration in support of my motion to dismiss, and in the alternative, my motion for appointment of counsel.

(3) I am currently serving a sentence in Federal custody in the United States Penitentiary at Victorville, California.

(4) In July 2012, I filed with the Prosecutor of this County a NOTICE OF PLACE OF IMPRISONMENT AND REQUEST FOR SPEEDY TRIAL AND FINAL DISPOSITION pursuant to Tex. Code Crim. Proc. Art. 51.14, const. Art. VI, § 10, and the Interstate Act on Detainers.

(5) My notice was directed to the District Attorney at the District Attorney's Office, 846-6th Street, Suite #1, Hempstead, TX, 77445. (SEE Exhibit 1, attached herein)

(6) Since the filing of this request, the State of Texas has made no attempts to have me returned to that jurisdiction to be able to face my charges, and present a defense to these allegations.

(7) More than 180 days has elapsed since the filing of my notice to the Office of the District Attorney, and they have made no efforts to resolve this matter.

DEFENDANT'S MOTION TO DISMISS - Page 2

(8)   I believe that any opportunity for me to have a fair trial is gone due to the passage of time, and the memory fading of any and all witnesses that I may call in my behalf.

(9)   I believe that the longer it takes for me to get to a trial will hinder my ability to present a defense, because I may not be able to contact my witnesses, and gather information to assist with proving my innocence.

(10)   I am currently indigent, and proceeded indigent at my federal trial.  I cannot afford to pay for counsel.

(11)   I am asking the court to appoint counsel for me at public expense, so that my rights my be properly protected herein.

(12)   Under penalty of perjury, under the laws of the State of Texas, I declare that the foregoing is true and correct.

DATED this __3__ day of ___April___, 2013.

_____
Dominique Lasker, Pro Se Defendant

DEFENDANT'S MOTION TO DISMISS - Page 3

25

Exhibit 1

IN THE __District__ COURT OF __Waller__ COUNTY

FOR THE STATE OF __Texas__ [ __506 District__]

| | |
|---|---|
| <u>Waller County Sheriffs</u>, )<br>**Plaintiff,** )<br> )<br>v. )<br> )<br> )<br><u>Dominique Dontae Lasker</u>, )<br>**Defendant.** ) | **NOTICE OF PLACE OF IMPRISONMENT AND REQUEST FOR SPEEDY TRIAL AND FINAL DISPOSITION.. .Pursuant to .........** <br>( <u>Tex.Code Crim.Proc. Ann.Art. 51.14</u> )<br>( <u>Constitution, Art. VI, § 10</u> )<br><br>CASE NO. <u>11-01-13703 979-826-8282</u><br>      <u>11-01-13704 979-826-8282</u><br>      <u>11-01-13705 979-826-8282</u> |

Notice is hereby given that the above-named Defendant, <u>Dominique Dontae Lasker</u>, is currently a federal prisoner in the custody of the United States Attorney General, and is incarcerated at the Victorville Federal Correctional Complex located in Adelanto, California. Defendant would further show:

1. The defendant is serving an approximate term of __121__ months of imprisonment from a judgment imposed by the United District Court for the ___Southern___ District of __California__, on __December__, __16__, __2011__. Defendant has a projected release date from federal custody on __August__, __13__, 20 __19__. (see attached sentencing computation/data sheet).

2. The defendant has been advised that there are, or may be, outstanding citations, warrants, informations, charges, and/or complaints pending in this jurisdiction. Specifically:
1). <u>Capital Murder Charges...Warrant # 11-01-13703 979-826-8282</u>
2). <u>Capital Murder Charges...Warrant # 11-01-13704 979-826-8282</u>
3). <u>Capital Murder Charges...Warrant # 11-01-13705 979-826-8282</u>

3. The defendant moves this Court to order he be brought for trial, and that prosecuting authorities arrange temporary custody under the appropriate provisions for Interstate Agreement on Detainers. The Defendant further requests in an absence of availability of trial, an *in abstentia* resolution be arranged.

26

Exhibit 1

4. This Motion is based upon the Defendant's Sixth Amendment speedy trial guarentee that is binding on the states through the Due Process Clause of the Fourteenth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 222-223 (1967). A state is responsible for a defendant's speedy trial rights, even where a defendant is held in federal prison. see: *Smith v Hooey*, 393 U.S. 374 (1969). This notice would further trigger defendant's request under the Interstate Agreement on Detainers. see: *Fex v. Michigan*, 507 U.S. 43, 113 S.Ct. 1088, 122 L.Ed.2d 406 (1993).

WHEREFORE, the defendant prays that the Court initiate all needed and necessary orders and actions required to resolve this matter by trial or settlement *in abstentia*, including an order for the district attorney/prosecutor to seek temporary custody from federal authorities under IAD provisions, and the dismissal of any outstanding citations, warrants, informations, charges, and/or complaints presently pending in this jurisdiction, within a reasonable period of time not

*Put District Attorneys Address down here!*

Respectfully Submitted,

Dated: ~~2018 / 07 / 03~~

Dominique Dontae Las
Reg. No. 22867-298
United States Penitentiary
Victorville FCC
PO Box ~~5300~~ 3900
Adelanto, CA 92031

## CERTIFCATE OF SERVICE

I hereby certify that a copy of this document was mailed to the office of the district attorney/ prosecutor for this jurisdiction, addressed as below.:

District Attorney
846 6th Street Suite 1
Hempstead TX, 77445

Date: ~~2018 / 07 / 03~~

Mr. Dominique Dontae Lasker

2

alternatively, that you submit request for temporary custody to the federal bureau of prison authorities, pursuant to the

requirements of applicable statutes for Interstate Agreement on Detainers ("IAD").

Cordially,

Dated: ~~2012 / 07 / 8~~ *Etambmet Hambmt*

Authorizated by the Act of
July 7, 1955, as amended,
to administer oaths (18
U.S.C. § 4004).

_____
WITNESS-PRISON STAFF MEMBER

_____
REQUESTOR
Mr. Dominique Dontae Lasker

COPIES: ORIGINAL TO DISTRICT ATTORNEY, AND KEEP COPY FOR OWN RECORDS TO BE USED WITH REQUEST TO COURT FOR DISMISSAL. ALSO: INCLUDE DOCUMENTATION FROM THE CASE MANAGER/RECORDS REGARDING THE WARRANT/DETAINER AND IF POSSIBLE YOUR SENTENCE MONITORING/DATA COMPUTATION PRINTOUT SHOWING YOUR PROJECTED RELEASE DATE

VIP Law Library Forms/NoticeSpeedyTrial-Detainer (Rev 9/11)

28

Cause No. *11-01-13703*
*13704*
*13705*

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| v. | § | WALLER COUNTY, TEXAS |
| *Dominique Dontae Lasker* | § | 506ᵀᴴ JUDICIAL DISTRICT |
| *c/o W.C. Jail* | § | |

## SCHEDULING ORDER - CRIMINAL

Defendant and counsel shall be present at all hearings. Except as otherwise modified by the Court, and pursuant to Article 28.01 of the Texas Code of Criminal Procedure, a Pretrial Hearing and other matters are hereby Ordered set as follows:

1. _____*6-4-13*_____ ✓   **9:00 a.m.**   **ARRAIGNMENT**

2. _____   **10:00 a.m.**   **MOTIONS & PLEAS**
   All parties and Counsel shall be present and prepared to discuss all issues allowed under C.C.P., Art. 28.01.

3. _____   **1:30 p.m.**   **HEARINGS & BENCH TRIALS**

4. **On or before 10-days before Pretrial Hearing Date** all C.C.P., Art. 28.01 matters must be filed or will be considered waived.

5. _____   **10:00 a.m.**   **PRETRIAL HEARING**
   Pretrial hearing date is also the Plea Bargain Cutoff date. State and Defendant will announce whether the case will plead or if a trial is required, and whether trial is to the Court or to a jury.

At the Pretrial hearing all motions and other matters not previously ruled on will be heard. All parties must file and serve on opposing counsel the following: 1) Motions in Limine; 2) briefs and authorities on known issues that will be presented for hearing. Further, all counsel shall advise the Court of any special needs for presentation of their case, including technology requirements, interpreters or accommodation for disabilities.

6. _____   **9:00 a.m.**   **JURY TRIAL**
   Final trial date & time will be set immediately after the Pretrial hearing.

**Defendant has received a copy of the Indictment and is the same person charged therein. Defendant waives formal Arraignment and reading of the Indictment and enters a plea of NOT GUILTY.**

Dated: _____*5-24-13*_____, replacing prior Scheduling Orders.

_____        _____        _____
Defendant's Signature          Counsel for Defendant          Counsel for State

_____
ALBERT M. McCAIG, JR., Judge Presiding

Copies:   White--Clerk       Yellow--State       Pink--Defendant       Gold--Defendant's Attorney

*29*

11-01-13705

# WALLER COUNTY MAGISTRATE'S ADMONISHMENT FORM
## WARNING OF CONSTITUTIONAL RIGHTS

This is to certify that the undersigned magistrate did, 24th day of May, 2013 at 2:48 a.m./p.m., administer the following warnings to:

NAME: LASKER, DOMINIQUE DONTAE DOB: 03/21/1984 AGE: 29
S.S#: 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/ D.L./I.D.#: TX-02477217

Address:     24875 PRIELIPP ROAD
            WILDOMOR CA  92595
Phone:      760-508-9212
BUSINESS NAME AND PHONE:        Felony

(√) 1. You are charged with the offense of MURDER. An affidavit, or complaint, charging you with this offense (has) (has not) been filed with the appropriate court.
(√) 2. You have the right to remain silent, the right to have an attorney present during any interview with peace officers or attorneys representing the state, and the right to terminate that interview at any time.
(√) 3. You are not required to make any statement. Any statement made by you may be used against you in court.
(√) 4. You have the right to retain or hire an attorney. If you are unable to employ an attorney, you have the right to request the appointment of an attorney by completing a financial assessment form. This form is available for you to complete at this time, and assistance in filling out the form is available if necessary.  You may be ordered to reimburse the cost of that attorney if you are found guilty of the offence.
~~5. You have the right to an examining trial in a felony case.~~
(√) 6. Are you currently out of jail on bond on any other charges? Yes or (No) (circle one)
     Charge:_____ County:_____
(√) 7. Are you currently on probation or deferred adjudication?   Yes or (No) (circle one)
(√) 8. Are you currently on parole?                        Yes or (No) (circle one)
(√) 9. Are you requesting the appointment of an attorney at this time? (Yes) or No (circle one)
(√) 10. Are you a United States citizen? (Yes) or No    If no, Do you want us to contact your consulate?   Yes or No    (attach correct paperwork)

X _____           _Charles T Kamul_____
Defendant's Signature                   Magistrate's Signature

_____            _JP#1_____
Witness                             Official Title

The Magistrate determines that the defendant (does/does not)_____ speak the English language. The Defendant (is or is not)_____ deaf.
Interpreter (If needed)  Name:_____
                        Address:_____
                        Phone:_____ date:_____ Time:_____

## BOND AMOUNT

Surety or Cash    _____
Personal         _____
(Not Determined)  _____
Bail Denied      _____

30

Cause No. 11-01-13705

THE STATE OF TEXAS

VS.

DOMINIQUE DONTAE LASKER
DISTRICT
Black/Male   DOB: 03/21/84

IN THE DISTRICT COURT OF

WALLER COUNTY, TEXAS

506TH JUDICIAL

CAPIAS INSTANTER

TO ANY PEACE OFFICER OF THE STATE OF TEXAS - GREETINGS:

YOU ARE HEREBY COMMANDED to arrest DOMINIQUE DONTAE LASKER and him safely keep so that you have him/her before the Honorable 506TH District Court of Waller County, Texas, at the Courthouse of said County, in Hempstead, Texas, instanter, then and there to answer the State of Texas upon an indictment pending in said Court, changing him with MURDER, a felony.

HEREIN FAIL NOT, but make due return hereof to this Court forthwith, showing how you have executed the same.

Witness my hand and seal of office, at Hempstead, Texas, this 27th day of January, 2011.

PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS
BY: _____
    Bryan Haggard, Deputy

SHERIFF'S RETURN

CAME TO HAND the 22nd day of May, 2013, at 1:0 o'clock p.m., and executed by arresting Dominique Lasker At _____, in _____ County, Texas, and placing him/her in the Waller County Jail on the 23rd day of May, 2013.

I actually and necessarily traveled _____ miles in the service of this writ, in addition to any other mileage I may have traveled in the service of other process in this case during the same trip.

FEES: Making Arrest
      Mileage _____ miles
      Taking Bond
      Commitment

Glynn Smith _____, Sheriff
Waller _____ County, Texas

By: _____
    Deputy

31

Cause No. 11-01-13705

THE STATE OF TEXAS                           IN THE DISTRICT COURT OF

VS.                                          WALLER COUNTY, TEXAS

DOMINIQUE DONTAE LASKER                       506TH JUDICIAL
DISTRICT
Black/Male   DOB: 03/21/84

CAPIAS INSTANTER

TO ANY PEACE OFFICER OF THE STATE OF TEXAS - GREETINGS:

YOU ARE HEREBY COMMANDED to arrest DOMINIQUE DONTAE LASKER and him safely keep so that you have him/her before the Honorable 506TH District Court of Waller County, Texas, at the Courthouse of said County, in Hempstead, Texas, instanter, then and there to answer the State of Texas upon an indictment pending in said Court, changing him with MURDER, a felony.

HEREIN FAIL NOT, but make due return hereof to this Court forthwith, showing how you have executed the same.

Witness my hand and seal of office, at Hempstead, Texas, this 27th day of January, 2011.

PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS
BY: _Fran Haggard_
Fran Haggard, Deputy

SHERIFF'S RETURN

CAME TO HAND the 22nd day of May, 2013, at 1:0 o'clock P.m., and executed by arresting _Dominique Lasker_ At _____, in _____ County, Texas, and placing him/her in the Waller County Jail on the 23rd day of May, 2013.

I actually and necessarily traveled _____ miles in the service of this writ, in addition to any other mileage I may have traveled in the service of other process in this case during the same trip.

FEES:  Making Arrest                    _Glenn Smith_ , Sheriff
       Mileage _____ miles             _Waller_ County, Texas
       Taking Bond
       Commitment                       By: _____
                                        Deputy

Cause No. 11-01-13705

THE STATE OF TEXAS                IN THE DISTRICT COURT OF

VS.                                   WALLER COUNTY, TEXAS

DOMINIQUE DONTAE LASKER        506TH JUDICIAL DISTRICT

### PRECEPT TO SERVE COPY OF INDICTMENT

TO THE SHERIFF OF WALLER COUNTY - GREETING

    YOU ARE HEREBY COMMANDED to serve DOMINIQUE DONTAE LASKER , the defendant in Cause No. 11-01-13705, wherein the State of Texas is Plaintiff and DOMINIQUE DONTAE LASKER is Defendant, in person, with the accompanying certified copy of the original indictment charging him/her with MURDER now on file in said Court.

    HEREIN FAIL NOT, but of this writ make due return as the law directs.

    GIVEN UNDER MY HAND AND OFFICIAL SEAL, THIS 27th day of January, 2011.

PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS

BY: _____
       Fran Haggard, Deputy

### SHERIFF'S RETURN

    CAME TO HAND THE _23rd_ day of _May_ , _2013_ , at _1_ o'clock _p_. M. and executed by delivering the accompanying certified copy of Indictment No. _11-01-1325_ to _Dominque Lasker_ , the defendant herein, in person, at _1_ o'clock _p_.M. on the _22_ day of _May_ _2013_ , _____.

GLENN SMITH, SHERIFF
WALLER COUNTY, TEXAS

BY: _____
       Deputy

33

Cause No. 11-01-13705

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## ORDER APPOINTING COUNSEL

**Offense: CAPITAL MURDER**

The defendant having made application to the Court for the appointment of an attorney, and the defendant represented through an affidavit or testimony or information received of indigence, the Court is of the opinion that the defendant is indigent and is entitled to appointment of counsel in this cause of action.

Therefore, the Court hereby appoints:

REGIONAL PUBLIC DEFENDER FOR CAPITAL CASES
P.O. Box 2097
Lubbock, Texas    79408-2097
806-775-5660

to represent the Defendant through the trial of this matter. Representation through any appeal to the Court of Appeals or the Court of Criminal Appeals will be taken up by the Court at a later date.

Copies of this Order shall be provided by the Clerk to the Defendant, appointed counsel and counsel for the State.

Dated: June 4, 2013.

ALBERT M. McCAIG, JR., Judge
506th Judicial District

orig:    Waller County District Clerk
cc:      Waller County District Attorney
cc:      Waller County Sheriff's Department
cc:      Attorney
cc:      Defendant % Waller County Jail

3 4

Cause No. 11-01-13705

| STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## ORDER APPOINTING COUNSEL

### Offense: CAPITAL MURDER

The defendant having made application to the Court for the appointment of an attorney, and the defendant represented through an affidavit or testimony or information received of indigence, the Court is of the opinion that the defendant is indigent and is entitled to appointment of counsel in this cause of action.

Therefore, the Court hereby appoints:

Frank Blazek
Attorney at Law
1414 11th Street
Huntsville, Texas 77340
936-295-2624

to represent the Defendant through the trial of this matter. Representation through any appeal to the Court of Appeals or the Court of Criminal Appeals will be taken up by the Court at a later date.

Copies of this Order shall be provided by the Clerk to the Defendant, appointed counsel and counsel for the State.

Dated: June 6, 2013.

ALBERT M. McCAIG, JR., Judge
506th Judicial District

orig:   Waller County District Clerk
cc:     Waller County District Attorney
cc:     Waller County Sheriff's Department
cc:     Attorney
cc:     Defendant % Waller County Jail

35

CAUSE NO. 11-01-13705

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## DEFENDANT'S WAIVER OF ARRAIGNMENT
## AND ENTRY OF PLEA OF NOT GUILTY

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now **DOMINIQUE DONTAE LASKER**, Defendant herein, by and through his

attorney of record, FRANK BLAZEK, and submits this his Waiver of Arraignment and Entry of

Plea of Not Guilty.

Defendant herein waives the arraignment required.

Respectfully submitted,

SMITHER, MARTIN,
HENDERSON & BLAZEK, P.C.
1414 11th Street
Huntsville, Texas 77340
(936) 295-2624
(936) 294-9784 [Telecopier]

By _____
Frank Blazek
State Bar No. 02475500

*36*

## Certificate of Service

I do hereby certify that a true and correct copy of the above and foregoing *Waiver of Arraignment and Plea of Not Guilty* has been forwarded to opposing counsel on this the ⏤th day of July, 2013, by U.S. Mail, postage prepaid, and addressed as follows:

Elton Mathis
Criminal District Attorney
846 6th Street, Suite 1
Hempstead, Texas 77445

_____
Frank Blazek

37

CAUSE NO. 11-01-13703
CAUSE NO. 11-01-13704
CAUSE NO. 11-01-13705



| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## MOTION FOR APPOINTMENT OF ATTORNEY AS
## CO-DEFENSE COUNSEL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant, DOMINIQUE DONTAE LASKER, by and through his court-appointed counsel, and moves the Court to appoint an attorney to assist as co-counsel in the defense of the above-referenced matter, and in support thereof would show the Court the following:

(1)    The Defendant has been charged with Capital Murder and Murder (2 counts).

(2)    The undersigned counsel was appointed by Judge McCaig on June 6, 2013, to represent the Defendant.

(3)    The State has not indicated its intent to seek the death penalty. If convicted, Defendant could be required to serve as much as life in prison. The case appears to be complex. Based on preliminary information from the prosecution it is expected that evidentiary issues likely to arise include: (1) custodial interrogation of the Defendant; (2) mental health problems suffered by Defendant; (3) extraneous offenses; and (4) D.N.A. It is necessary for the undersigned counsel to have the assistance of an attorney as co-counsel to adequately represent the Defendant.

*38*

(4)    The undersigned counsel has conferred with William F. Carter, State Bar No. 03932800, 108 E. William J. Bryan Parkway, Bryan, Texas 77803-5334, 979-779-0712, who has indicated his availability and willingness to serve as co-counsel.  William F. Carter is an experienced and competent criminal defense attorney.

WHEREFORE, PREMISES CONSIDERED, Applicant prays that this Honorable Court will appoint William F. Carter as co-defense counsel in the above-referenced matter.

Respectfully submitted,

SMITHER, MARTIN,
HENDERSON & BLAZEK, P.C.
1414 11th Street
Huntsville, Texas  77340
(936) 295-2624
(936) 294-9784 [Telecopier]

By _____
Frank Blazek
State Bar No. 02475500

## Certificate of Service

I do hereby certify that a true and correct copy of the above and foregoing *Motion for Appointment of Co-Defense Counsel* has been forwarded to opposing counsel on this the 12th day of July, 2013, by U.S. Mail, postage prepaid, and addressed as follows:

Elton Mathis
Criminal District Attorney
846 6th Street, Suite 1
Hempstead, Texas 77445

_____
Frank Blazek

MOTION FOR APPOINTMENT OF ATTORNEY AS CO-DEFENSE COUNSEL                    PAGE 2
C:\FB\CRIM_K-O\Lasker.DD.81075\Motion for Co-Defense Counsel.001.wpd

39

CAUSE NO. 11-01-13703
CAUSE NO. 11-01-13704
CAUSE NO. 11-01-13705

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## ORDER APPOINTING ATTORNEY

BE IT REMEMBERED, that on the _18th_ day of _July_____, 2013, came on to be considered the above and foregoing Motion for Appointment of Co-Defense Counsel. After consideration of the same, it is the opinion of the Court that Defendant's Motion be:

(X) GRANTED, and WILLIAM F. CARTER, an attorney found by the Court to be competent, is hereby appointed to represent the Defendant as co-defense counsel until the trial of this case is concluded, or until released by written order of this Court.

( ) DENIED, to which ruling the Defendant excepts.

SIGNED: _July 18, 2013_

_____
JUDGE PRESIDING

40

**11-01-13703, 11-01-13704 and 11-01-13705**

FILED
DISTRICT CLERK
WALLER COUNTY, TEXAS
2013 AUG 30 PH 2: 31
BY_____ DEPUTY

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 506th DISTRICT |
| V. | | COURT OF |
| DOMINIQUE DONTAE LASKER | § | WALLER COUNTY, TEXAS |

## STATE'S MOTION FOR DISCOVERY OF EXPERT WITNESSES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the undersigned district attorney of Waller County, Texas, in the above-entitled and numbered cause, and makes this Motion for Discovery of Expert Witnesses, and for good cause shows the following:

1.  This motion is filed under Article 39.14 of the Texas Code of Criminal Procedure.

2.  This motion requests the following information which is known by the attorney for the defendant: the name and address of each person the defendant may use at trial to present evidence under Rules 702, 703, and 705 of the Texas Rules of Evidence.

WHEREFORE, PREMISES CONSIDERED, the State respectfully prays that this Honorable Court will grant this Motion for Discovery of Expert Witnesses, or in the alternative, that this Court will set this matter down for a hearing prior to trial on the merits and that at such hearing this motion will be granted.

Respectfully submitted,

Elton R. Mathis
District Attorney
Waller County, Texas

41

## NOTICE OF HEARING

Please be advised that the foregoing Motion is set for hearing before the 506th Judicial District Court of Waller County, Texas on September 9, 2013 at 4:30 p.m.

Elton R. Mathis

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing document was served on opposing counsel Frank Blazek on this the 30th day of August 2013 via first class U.S. Mail and by facsimile transfer.

Elton R. Mathis

42

No. 11-01-13703, 11-01-13704 and 11-01-13705

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 506th DISTRICT |
| VS. | § | COURT OF |
| DOMINIQUE DONTAE LASKER | § | WALLER COUNTY, TEXAS |

## ORDER ON STATE'S MOTION FOR DISCOVERY OF EXPERT WITNESSES

Upon the foregoing State's Motion for Discovery of Expert Witnesses, it is hereby ORDERED that such motion be, and hereby is, GRANTED as to those things requested.

It is further ordered that the attorney for the defendant furnish counsel for the State the requested information on or before the 30th day before trial pursuant to Article 39.14 of the *Texas Code of Criminal Procedure*, at the District Attorney's Office, or at such other time and place as the parties may agree.

SIGNED this the _____ day of _____, 2013.

_____
Judge Presiding

43

**11-01-13703, 11-01-13704 and 11-01-13705**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 506th DISTRICT |
| V. | § | COURT OF |
| DOMINIQUE DONTAE LASKER | § | WALLER COUNTY, TEXAS |

FILED DISTRICT CLERK WALLER COUNTY, TEXAS 2013 AUG 30 PM 2:28 BY DEPUTY

## STATE'S FIRST MOTION FOR CONTINUANCE

Now comes the State of Texas, by and through her Waller County Criminal District Attorney, Elton R. Mathis, and moves this Court for a continuance in the above styled and numbered cause as provided under Article 29.03 of the *Texas Code of Criminal Procedure*, and as allowed by Article 51.14 of the *Texas Code of Criminal Procedure* and would respectfully show:

1. The Defendant, Dominique Dontae Lasker is charged by indictment with Capital Murder and two indictments of Murder in the First Degree alleged to have occurred on or about March 11, 2010 in Waller County, Texas. The indictments were signed on January 27, 2011 after a lengthy investigation.

2. The Defendant absconded from the scene, the county, and the State of Texas shortly after the murders.

3. Following the murders the Defendant committed an aggravated bank robbery in California and was apprehended. He was sentenced on the resulting charges on December 16, 2011 in the federal court system. On information and belief the Defendant has been in state and/or federal custody in California since the aggravated bank robbery.

4. The Defendant was returned to this jurisdiction on the above numbered and styled

44

causes on or about May 24, 2013.

5.    The Defendant appeared before this Court for the first time on June 4th, 2013 and this Honorable Court appointed counsel from the Regional Public Defender for Capital Cases.

6.    The Regional Public Defender refused to accept the appointment, and the Defendant was reassigned court appointed counsel on June 6th, 2013.

7.    The Defendant waived arraignment and entered a not guilty plea on July 15th, 2013.

8.    The Defendant requested and was granted additional counsel on July 18th, 2013.

9.    No discovery of any kind has been requested by counsel for the Defendant until counsel met together at the District Attorney's Office on August 28th, 2013.

10.    No court date has been requested by counsel for the Defendant. There has never been a request for trial or pretrial dates. No trial date has been set by the court.

11.    No motions have been filed by counsel with the exception of a request for additional counsel.

12.    To the knowledge of the undersigned attorney no request for investigator fees or psychological evaluation has been made by counsel.

13.    To the knowledge of the undersigned attorney there has been no request to see and inspect the State's file.

14.    Defense counsel has not reviewed any evidence in the possession of the District Attorney and has not reviewed the State's file.

15.    On or about June 12, 2013 the elected Criminal District Attorney Elton R. Mathis spoke with defense counsel Frank Blazek over the telephone regarding this case. As a result of that discussion Elton R. Mathis believed that defense counsel was requesting

45

that the case be put on hold pending time for Frank Blazek to assemble a mitigation packet to present to Elton R. Mathis in an attempt to get Elton R. Mathis to refrain from seeking the death penalty in the capital case. The District Attorney's Office has been actively preparing this case for trial, yet not anticipating a trial date in September 2013.

16. The State's trial case requires the presences of several out of state witnesses from various law enforcement agencies in California and Virginia. Given the present posture of the case, the State will require more time to coordinate and assure those witnesses' presence.

17. The Defense has not yet designated the expert witnesses it expects to call in their case in chief or in sentencing for purposes of mitigation. The State anticipates a significant time necessary to prepare for rebuttal. The State has filed a request for the names and addresses of any such defense experts.

18. The State has filed a motion for the psychological evaluation of the Defendant which has not been heard or completed.

19. The first assistant criminal district attorney is scheduled for hip replacement surgery on September 3rd, 2013. Recovery time is anticipated to be up to eight weeks. This surgery has already been rescheduled once so that the attorney would be able to try *The State of Texas v. Taylor McShan*. The first assistant has been primarily involved in the investigation and prosecution of this cause. To assign the case to another attorney in the office other than the elected Criminal District Attorney would be a hardship.

20. Defense counsel Blazek in his *Motion for Appointment of Attorney as Co-Defense Counsel* indicates that this case is complex and requires more than one attorney. This statement is true on behalf of the State of Texas as well.

46

21. The State of Texas intends to seek the death penalty in this case. It is anticipated that the jury selection and trial of this case could take four to six weeks or possibly more.

22. The Defendant in this cause faces the death penalty and has only been represented by counsel for approximately 85 days. To proceed to trial at this time or any time in the near future would be reversible and harmful error.

23. While acknowledging the existence of Article 51.14 of the *Texas Code of Criminal Procedure* the undersigned does hereby assert that any provisions therein mandating trial by a date certain are impermissibly restrictive, are overbroad, and violate the separation of powers doctrines of the Texas and/or Federal Constitutions. Whether or not a case is ready for trial is based on numerous factors and cannot be reduced to a simple formula that applies equally to Class C Misdemeanors and Capital Felonies. The determination of when a case is ready for trial is in the province of the judiciary not the legislature.

Counsel would further show that this is the first request for a continuance by the State of Texas.

## II.

This Motion is made in the interest of justice and not for the purpose of delay, but so that justice may be done. A continuance is requested for only as long as is necessary.

THEREFORE, PREMISES CONSIDERED, the State of Texas prays that this Motion be granted and this cause be set at a later date.

47

Respectfully Submitted,

Elton R. Mathis
Criminal District Attorney
Waller County, Texas
TBN 24014568
645 12th Street
Hempstead, Texas 77445
(979) 826-7718
(979) 826-7722 (FAX)

## NOTICE OF HEARING

Please be advised that the foregoing Motion is set for hearing before the 506th Judicial District Court of Waller County, Texas on September 9, 2013 at 4.30 p.m.

Elton R. Mathis

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing document was served on opposing counsel Frank Blazek on this the 30th day of August 2013 via first class U.S. Mail and by facsimile transfer.

Elton R. Mathis

48

**11-01-13703, 11-01-13704 and 11-01-13705**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 506th DISTRICT |
| V. | § | COURT OF |
| DOMINIQUE DONTAE LASKER | § | WALLER COUNTY, TEXAS |

## AFFIDAVIT

BEFORE ME, the undersigned authority on this day personally appeared Elton R. Mathis, Criminal District Attorney, Waller County, Texas, known to me to be the person whose name is being subscribed to the foregoing State's First Motion for Continuance, and who after being duly sworn on his oath states that he has personal knowledge of the facts relied on for the Motion and that the statements therein contained are true and correct to the best of his knowledge.

_____
Elton R. Mathis

Given under my hand and seal of office, this the 30th day of August, 2013.

_____
Notary Public in and for
Waller County, Texas

49

**11-01-13703, 11-01-13704 and 11-01-13705**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 506th DISTRICT |
| V. | § | COURT OF |
| DOMINIQUE DONTAE LASKER | § | WALLER COUNTY, TEXAS |

### ORDER ON STATE'S FIRST MOTION FOR CONTINUANCE

It is hereby ordered that the State's First Motion for Continuance is hereby **Granted**

Furthermore, this cause is set for trial on _____.


_____
Judge Presiding

*50*

No. 11-01-13703, 11-01-13704 and 11-01-13705

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 506th DISTRICT |
| VS. | § | COURT OF |
| DOMINIQUE DONTAE LASKER | § | WALLER COUNTY, TEXAS |

FILED
DISTRICT CLERK
WALLER COUNTY, TEXAS
2013 AUG 30 PH 2:30
BY_____
DEPUTY

## STATES MOTION FOR COMPETENCY EXAMINATION

COMES NOW, the State of Texas, through the undersigned District Attorney and moves this honorable Court, in accordance with the provisions Art. 46B.005, 46B.021 and 46C.104 of Texas Code of Criminal Procedure to appoint a suitable expert to examine the Defendant and make written report to the Court, without delay, as to the competency of the Defendant to stand trial and otherwise answer to these criminal charges.

In support of this motion the State would show the following:

1. The Defendant is charged by indictment with one Capital Murder and two indictments of Murder in the first degree alleged to have occurred on or about March 11, 2010. Issues of mitigation may be and will likely be at issue during the course of the Defendant's trial and a psychological examination would aid the Court or jury in any determination it may be asked to make concerning competency and matters of sentencing.
2. The Defendant made statements to Texas Rangers during an interview to the effect that he saw a ghost at the time of the offenses and that he often thinks about hurting and killing other people.
3. The Defendant in correspondence made during his incarceration in California made statements to the effect he feels there might be something "wrong" with him and he wanted his wife to check on the internet with the "Veteran's Court."
4. The Defendant in telephone conversations while incarcerated in California makes mention of a discussion he had with a prison counselor to the effect that he has "questioned himself" on the need for help on mental issues in the past.
5. The Defendant during a Court appearance before this Court

51

demonstrated in his demeanor a lack of understanding of the proceedings when this Court inquired into his desire to have court-appointed counsel, insisting instead that he wanted to have a ruling on an unrelated motion made pro se to the Court.

The State of Texas reasonably believes that the above behavior warrants an expert's determination of the Defendants competency to stand trial.

Respectfully submitted,

Elton R. Mathis
District Attorney
Waller County, Texas
SBN: 24014568

## ORDER

THIS MOTION having been duly considered, the COURT hereby GRANTS/ DENIES the States Motion for Competency Examination and appoints_____, to examine the Defendant and to report in writing as to the Defendant's competency to stand trial and otherwise answer to these criminal charges.

Date:_____

_____
Judge Presiding

## NOTICE OF HEARING

Please be advised that the foregoing Motion is set for hearing before the 506th Judicial District Court of Waller County, Texas on September 9, 2013 at 4:30 p.m.

Elton R. Mathis


## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing document was served on opposing counsel Frank Blazek on this the 30th day of August 2013 via first class U.S. Mail and by facsimile transfer.

Elton R. Mathis

53

**11-01-13703, 11-01-13704 and 11-01-13705**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 506th DISTRICT |
| V. | § | COURT OF |
| DOMINIQUE DONTAE LASKER | § | WALLER COUNTY, TEXAS |

## STATE'S FIRST MOTION FOR CONTINUANCE

Now comes the State of Texas, by and through her Waller County Assistant Criminal District Attorney, Frederick A. Edwards, and moves this Court for a continuance in the above styled and numbered cause as provided under Article 29.03 of the *Texas Code of Criminal Procedure*, and as allowed by Article 51.14 of the *Texas Code of Criminal Procedure* and would respectfully show:

1.      The Defendant, Dominique Dontae Lasker is charged by indictment with Capital Murder and two indictments of Murder in the First Degree alleged to have occurred on or about March 11, 2010 in Waller County, Texas. The indictments were signed on January 27, 2011 after a lengthy investigation.

2.      The Defendant absconded from the scene, the county, and the State of Texas shortly after the murders.

3.      Following the murders the Defendant committed an aggravated bank robbery in California and was apprehended. He was sentenced on the resulting charges on December 16, 2011 in the federal court system. On information and belief the Defendant has been in state and/or federal custody in California since the aggravated bank robbery.

4.      The Defendant was returned to this jurisdiction on the above numbered and styled

54

causes on or about May 24, 2013.

5.    The Defendant appeared before this Court for the first time on June 4th, 2013 and this Honorable Court appointed counsel from the Regional Public Defender for Capital Cases.

6.    The Regional Public Defender refused to accept the appointment, and the Defendant was reassigned court appointed counsel on June 6th, 2013.

7.    The Defendant waived arraignment and entered a not guilty plea on July 15th, 2013.

8.    The Defendant requested and was granted additional counsel on July 18th, 2013.

9.    No discovery of any kind has been requested by counsel for the Defendant until counsel met together at the District Attorney's Office on August 28th, 2013.

10.   No court date has been requested by counsel for the Defendant. There has never been a request for trial or pretrial dates. No trial date has been set by the court.

11.   No motions have been filed by counsel with the exception of a request for additional counsel.

12.   To the knowledge of the undersigned attorney no request for investigator fees or psychological evaluation has been made by counsel.

13.   To the knowledge of the undersigned attorney there has been no request to see and inspect the State's file.

14.   Defense counsel has not reviewed any evidence in the possession of the District Attorney and has not reviewed the State's file.

15.   On or about June 12, 2013 the elected Criminal District Attorney Elton R. Mathis spoke with defense counsel Frank Blazek over the telephone regarding this case. As a result of that discussion Elton R. Mathis believed that defense counsel was requesting

55

that the case be put on hold pending time for Frank Blazek to assemble a mitigation packet to present to Elton R. Mathis in an attempt to get Elton R. Mathis to refrain from seeking the death penalty in the capital case. The District Attorney's Office has been actively preparing this case for trial, yet not anticipating a trial date in September 2013.

16. The State's trial case requires the presences of several out of state witnesses from various law enforcement agencies in California and Virginia. Given the present posture of the case, the State will require more time to coordinate and assure those witnesses' presence.

17. The Defense has not yet designated the expert witnesses it expects to call in their case in chief or in sentencing for purposes of mitigation. The State anticipates a significant time necessary to prepare for rebuttal. The State has filed a request for the names and addresses of any such defense experts.

18. The State has filed a motion for the psychological evaluation of the Defendant which has not been heard or completed.

19. The undersigned attorney is scheduled for hip replacement surgery on September 3rd, 2013. Recovery time is anticipated to be up to eight weeks. This surgery has already been rescheduled once so that the undersigned attorney would be able to try *The State of Texas v. Taylor McShan*. The undersigned attorney has been primarily involved in the investigation and prosecution of this cause. To assign the case to another attorney in the office other than the elected Criminal District Attorney would be a hardship.

20. Defense counsel Blazek in his *Motion for Appointment of Attorney as Co-Defense Counsel* indicates that this case is complex and requires more than one attorney. This statement is true on behalf of the State of Texas as well.

*56*

21. The State of Texas intends to seek the death penalty in this case. It is anticipated that the jury selection and trial of this case could take four to six weeks or possibly more.

22. The Defendant in this cause faces the death penalty and has only been represented by counsel for approximately 85 days. To proceed to trial at this time or any time in the near future would be reversible and harmful error.

23. While acknowledging the existence of Article 51.14 of the *Texas Code of Criminal Procedure* the undersigned does hereby assert that any provisions therein mandating trial by a date certain are impermissibly restrictive, are overbroad, and violate the separation of powers doctrines of the Texas and/or Federal Constitutions. Whether or not a case is ready for trial is based on numerous factors and cannot be reduced to a simple formula that applies equally to Class C Misdemeanors and Capital Felonies. The determination of when a case is ready for trial is in the providence of the judiciary not the legislature. Counsel would further show that this is the first request for a continuance by the State of Texas.

## II.

This Motion is made in the interest of justice and not for the purpose of delay, but so that justice may be done. A continuance is requested for only as long as is necessary.

THEREFORE, PREMISES CONSIDERED, the State of Texas prays that this Motion be granted and this cause be set at a later date.

Respectfully Submitted,

Frederick A. Edwards
Assistant District Attorney
Waller County, Texas
TBN 06435100
645 12th Street
Hempstead, Texas 77445
(979) 826-7718
(979) 826-7722 (FAX)

58

**11-01-13703, 11-01-13704 and 11-01-13705**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 506th DISTRICT |
| V. | § | COURT OF |
| DOMINIQUE DONTAE LASKER | § | WALLER COUNTY, TEXAS |

## AFFIDAVIT

BEFORE ME, the undersigned authority on this day personally appeared Frederick A. Edwards, Assistant Criminal District Attorney, Waller County, Texas, known to me to be the person whose name is being subscribed to the foregoing State's First Motion for Continuance, and who after being duly sworn on his oath states that he has personal knowledge of the facts relied on for the Motion and that the statements therein contained are true and correct to the best of his knowledge.

_____
Frederick A. Edwards


Given under my hand and seal of office, this the _____ day of _____, 2013.



_____
Notary Public in and for
Waller County, Texas

59

**11-01-13703, 11-01-13704 and 11-01-13705**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 506th DISTRICT |
| V. | § | COURT OF |
| DOMINIQUE DONTAE LASKER | § | WALLER COUNTY, TEXAS |

## ORDER ON STATE'S FIRST MOTION FOR CONTINUANCE

It is hereby ordered that the State's First Motion for Continuance is hereby **Granted**

Furthermore, this cause is set for trial on _____.

_____
Judge Presiding

60

## No. 11-01-13703, 11-01-13704 and 11-01-13705

THE STATE OF TEXAS      §     IN THE 506th DISTRICT

VS.      §     COURT OF

DOMINIQUE DONTAE LASKER §    WALLER COUNTY, TEXAS

## STATES MOTION FOR COMPETENCY EXAMINATION

COMES NOW, the State of Texas, through the undersigned Assistant District Attorney and moves this honorable Court, in accordance with the provisions Art. 46B.005, 46B.021 and 46C.104 of Texas Code of Criminal Procedure to appoint a suitable expert to examine the Defendant and make written report to the Court, without delay, as to the competency of the Defendant to stand trial and otherwise answer to these criminal charges.

In support of this motion the State would show the following:

1. The Defendant is charged by indictment with one Capital Murder and two indictments of Murder in the first degree alleged to have occurred on or about March 11, 2010. Issues of mitigation may be and will likely be at issue during the course of the Defendant's trial and a psychological examination would aid the Court or jury in any determination it may be asked to make concerning competency and matters of sentencing.
2. The Defendant made statements to Texas Rangers during an interview to the effect that he saw a ghost at the time of the offenses and that he often thinks about hurting and killing other people.
3. The Defendant in correspondence made during his incarceration in California made statements to the effect he feels there might be something "wrong" with him and he wanted his wife to check on the internet with the "Veteran's Court."
4. The Defendant in telephone conversations while incarcerated in California makes mention of a discussion he had with a prison counselor to the effect that he has "questioned himself" on the need for help on mental issues in the past.
5. The Defendant during a Court appearance before this Court

demonstrated in his demeanor a lack of understanding of the proceedings when this Court inquired into his desire to have court-appointed counsel, insisting instead that he wanted to have a ruling on an unrelated motion made pro se to the Court.

The State of Texas reasonably believes that the above behavior warrants an expert's determination of the Defendants competency to stand trial.

Respectfully submitted,

Frederick A. Edwards
Assistant District Attorney
Waller County, Texas
SBN: 06435100

ORDER

THIS MOTION having been duly considered, the COURT hereby GRANTS/ DENIES the States Motion for Competency Examination and appoints

_____, to examine the
Defendant and to report in writing as to the Defendant's competency to stand trial and otherwise answer to these criminal charges.

Date:_____

_____
Judge Presiding

**11-01-13703, 11-01-13704 and 11-01-13705**

| | | | |
|---|---|---|---|
| THE STATE OF TEXAS | § | IN THE 506th DISTRICT | |
| V. | | COURT OF | |
| DOMINIQUE DONTAE LASKER | § | WALLER COUNTY, TEXAS | |

FILED
DISTRICT CLERK
WALLER COUNTY, TEXAS
2013 AUG 30 PM 2:03
BY
DEPUTY

## STATE'S MOTION FOR DISCOVERY OF EXPERT WITNESSES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the undersigned assistant district attorney of Waller County, Texas, in the above-entitled and numbered cause, and makes this Motion for Discovery of Expert Witnesses, and for good cause shows the following:

1.   This motion is filed under Article 39.14 of the Texas Code of Criminal Procedure.

2.   This motion requests the following information which is known by the attorney for the defendant: the name and address of each person the defendant may use at trial to present evidence under Rules 702, 703, and 705 of the Texas Rules of Evidence.

WHEREFORE, PREMISES CONSIDERED, the State respectfully prays that this Honorable Court will grant this Motion for Discovery of Expert Witnesses, or in the alternative, that this Court will set this matter down for a hearing prior to trial on the merits and that at such hearing this motion will be granted.

Respectfully submitted,

Frederick A. Edwards
Assistant District Attorney
Waller County, Texas

63

No. 11-01-13703, 11-01-13704 and 11-01-13705

| THE STATE OF TEXAS | § | IN THE 506th DISTRICT |
|---|---|---|
| VS. | § | COURT OF |
| DOMINIQUE DONTAE LASKER | § | WALLER COUNTY, TEXAS |

## ORDER ON STATE'S MOTION FOR DISCOVERY OF EXPERT WITNESSES

Upon the foregoing State's Motion for Discovery of Expert Witnesses, it is hereby ORDERED that such motion be, and hereby is, GRANTED as to those things requested.

It is further ordered that the attorney for the defendant furnish counsel for the State the requested information on or before the 30th day before trial pursuant to Article 39.14 of the *Texas Code of Criminal Procedure*, at the District Attorney's Office, or at such other time and place as the parties may agree.

SIGNED this the _____ day of _____, 2013.

_____
Judge Presiding

64

CAUSE NO. 11-01-13705

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes the Defendant, **DOMINIQUE DONTAE LASKER**, by and through his attorneys of record, and submits this his Motion to Dismiss and for cause would show the Court the following:

1. The State of Texas obtained an indictment for Murder in this cause in January 2011. Waller County placed a detainer on Defendant while he was serving time in a federal prison. Defendant requested a final disposition to the indictment which was the basis of the detainer under the Interstate Agreement on Detainers (IADA), Art. 51.14 Texas Code of Criminal Procedure. Such request also demanded a speedy trial under the constitutional provision of the Sixth, and Fourteenth amendments of the United States Constitution.

2. More than 180 days have passed since the District Attorney and the Prosecutor received Defendant's written notice and request. The District Clerk of Waller County received the request on July 16, 2012. Defendant contends that the District Attorney of Waller County received the request on or about that day as well.

3. No delay has been sought by the Defendant. The Court has not found that good cause exists for any delay prior to the passing of 180 days. No trial has been commenced despite the passage of over 180 days.

**MOTION TO DISMISS**
C:\FB\CRIM_K-O\Lasker.DD.81075\11-01-13704\Motion to Dismiss.001.wpd

**PAGE 1**

65

See TEX. CODE CRIM. PROC. art. 51.14, Article V § (c) ("in the event that an action on the indictment . . . on the basis of which the detainer has been lodged is not brought to trial within the period provided in . . . Article IV hereof, the appropriate court of the jurisdiction where the indictment . . . has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect.")

*Davis v. State*, 345 S.W.3d 71, 75 (Tex. Crim. App. 2011).

4.      Defendant is entitled to have the cause dismissed under both the IADA and federal constitutional right to a speedy trial.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court will order the indictment herein be dismissed with prejudice.

Respectfully submitted,

SMITHER, MARTIN,
HENDERSON & BLAZEK, P.C.
1414 11th Street
Huntsville, Texas 77340
(936) 295-2624
(936) 294-9784 [Telecopier]

By _____
Frank Blazek
State Bar No. 02475500

William F. Carter
State Bar No. 03932800
108 E. William J. Bryan Parkway
Bryan, Texas 77803-5334
(979) 779-0712
(979) 779-9243 [Telecopier]

ATTORNEYS FOR DEFENDANT

## Certificate of Service

I do hereby certify that a true and correct copy of the above and foregoing *Motion for Disclosure of Favorable Evidence* has been forwarded to opposing counsel on this the 6th day of September, 2013, by facsimile to 1-979-779-9243, and addressed as follows:

Elton R. Mathis
Criminal District Attorney
645 12th Street
Hempstead, Texas 77445

_____
Frank Blazek

CAUSE NO. 11-01-13705

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## ORDER

BE IT REMEMBERED, that on the _____ day of _____, 2013, came on to

be considered the above and foregoing Motion to Dismiss. After consideration of the same, it

is the opinion of the Court that Defendant's Motion be:

( )    GRANTED, and the indictment is hereby dismissed with prejudice.

( )    DENIED, to which ruling the Defendant excepts.

SIGNED:    _____, 2013.


_____
JUDGE PRESIDING

CAUSE NO. 11-01-13705

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## MOTION FOR DISCLOSURE OF FAVORABLE EVIDENCE

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes the Defendant, **DOMINIQUE DONTAE LASKER**, by and through his attorneys of record, and submits this his Motion for Disclosure of Favorable Evidence, and for cause would show the Court the following:

1.    The State of Texas and its prosecutors have a duty to disclose favorable evidence to the defense. *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

It should be noted that the definition of favorable evidence is very broad and includes evidence that is mitigating, even if it does not exculpate. The subject evidence in the *Brady* case was merely mitigating.

2.    The State of Texas and its prosecutors have a duty to disclose any evidence suggesting that Defendant is not competent to stand trial. *Ex Parte Lewis*, 587 S.W.2d 697 (Texas Court Crim App. 1979).

3.    In this case Defendant is entitled to relief under the Interstate Agreement on Detainers (IADA). Art. 51.14 Texas Code of Criminal Procedure. Defendant is also entitled to relief under the Federal Constitutional provisions of the Sixth and Fourteenth Amendments thereto relating to a speedy trial. Defendant is entitled to production of any evidence that would support such claims.

69

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court will Order the District Attorney of Waller County to disclose any favorable evidence to counsel for Defendant, instanter.

Respectfully submitted,

SMITHER, MARTIN,
HENDERSON & BLAZEK, P.C.
1414 11th Street
Huntsville, Texas 77340
(936) 295-2624
(936) 294-9784 [Telecopier]

By _____
Frank Blazek
State Bar No. 02475500

William F. Carter
State Bar No. 03932800
108 E. William J. Bryan Parkway
Bryan, Texas 77803-5334
(979) 779-0712
(979) 779-9243 [Telecopier]

ATTORNEYS FOR DEFENDANT

70

## Certificate of Service

I do hereby certify that a true and correct copy of the above and foregoing *Motion for Disclosure of Favorable Evidence* has been forwarded to opposing counsel on this the \_\_\_\_ day of September, 2013, by facsimile to 1-979-779-9243, and addressed as follows:

Elton R. Mathis
Criminal District Attorney
645 12th Street
Hempstead, Texas 77445

Frank Blazek

71

CAUSE NO. 11-01-13705

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## ORDER

On this day came on to be heard Defendant DOMINIQUE DONTAE LASKER's Motion

for Disclosure of Favorable Evidence, and the same is GRANTED/DENIED as indicated above

and the time for such discovery to be completed by the prosecution is set at _____ o'clock

___.m., on _____, 2013. Such disclosure shall be made in writing by

delivering said writing to Defendant's attorney of record. **IT IS SO ORDERED.**

SIGNED and ENTERED this the _____ day of _____, 2013.


_____
JUDGE PRESIDING

72

Cause # *11-01-13705*

THE STATE OF TEXAS                 §            IN THE DISTRICT COURT OF

                                    §

VS                               §            WALLER COUNTY, TEXAS

*Dominque Dontae Lasker*      §           

                                      §            506TH JUDICIAL DISTRICT

## STANDARD DISCOVERY ORDER

STATE IS ORDERED TO FURNISH:
1.   A list of all anticipated trial witnesses, to be supplemented as others are discovered.
2.   All written or recorded statements of the Defendant, along with all confessions or statements, whether verbal or otherwise, made pursuant to Art. 38.22 C.C.P.
3.   Inspection of:
   a.   All items seized from the defendant, any co-defendant or accomplice.
   b.   All physical objects to be introduced as part of the State's case.
   c.   All documents, photographs and investigative charts or diagrams to be introduced at trial.
   d.   All contraband, weapons and implements of criminal activity seized or acquired by the State or its agents in the investigation of the alleged crime.
   e.   All records of conviction which may be admissible in evidence or used for impeachment of the defendant.
   f.   All tangible items of physical evidence collected by the State or its agents concerning the alleged offense to include latent fingerprints, footprints, hairs, fibers, fingernail scrapings, body fluids, tire tracks, paint scrapings, etc.
4.   All promises of benefit or leniency afforded to any accomplice or prospective witness in connection with his proposed testimony or other cooperation with regard to the alleged offense.
5.   All known convictions which are admissible for impeachment concerning any of the State's proposed witnesses.
6.   All known convictions, pending charges or suspected criminal offenses concerning any accomplice proposed to be used as a witness by the State.
7.   Copies of all complaints, search warrants, (related affidavits), autopsy reports, laboratory reports and laboratory reports of all examinations of contraband, fluids, hairs, fingerprints, blood samples, ballistics, soil, fibers and paints.
8.   Inspection of all business records or governmental records expected to be introduced by the State.
9.   All exculpatory evidence pursuant to ***Brady v. Maryland*** and related cases.
10.   The State will furnish all such above items which are in the possession of the State's attorneys or which are known to be in the possession of the investigating officers or other agents of the State. Reasonable inquiry by the State and the defense is required.
11.   In appropriate cases, the State is encouraged to furnish offense reports and witness statements in addition to the above items. However, such reports and statements are normally work product of the State and are therefore protected from mandatory disclosure unless the contents are exculpatory. Such statements and reports must be tendered to the defense for cross-examination on proper request under ***Gaskin*** or related requirements.
12.   In the event that photographs, diagrams or models are prepared as "jury aids" at the direction of the State's attorneys before trial, such items will be considered work product unless the defense demonstrates a "particularized need" for inspection thereof.
13.   This order will dispose of all pretrial discovery motions heretofore filed. Because of the extensive nature of the discovery herein ordered, it will be considered that such order is acceptable to the defense pending the review of evidence and documents as ordered. In the event that further particularized discovery is considered necessary, the defense may file a Motion for Discovery, addressing only matters not covered in this Order and such Motion will be presented to the Court at the earliest practical opportunity before trial. Such motion shall describe how the additional discovery differs from this Order.

      The State is ordered to furnish the above inspection and copying on or before ten (10) days prior to trial. DEFENSE COUNSEL SHALL PICK UP DISCOVERY AT THE DISTRICT ATTORNEY'S OFFICE ON OR AFTER SUCH TIME. The Defense shall exercise reasonable diligence in contacting the State's attorney to arrange a mutually convenient time for the appointment.

      The State is ordered to prepare a list of exhibited or furnished items to be filed among the papers of this cause within seven (7) days after discovery is completed.

ORDERED and ENTERED this __9__ day of __Sept__ , 20 *13*.

_____
ALBERT M. McCAIG, JR. Presiding Judge

*23*

Cause No. 11-01-13703
11-§01-13704
11-§01-13705

STATE OF TEXAS

v.

Dominque Donthe Lasker §

IN THE DISTRICT COURT

WALLER COUNTY, TEXAS

506TH JUDICIAL DISTRICT

## SCHEDULING ORDER - CRIMINAL

Defendant and counsel shall be present at all hearings. Except as otherwise modified by the Court, and pursuant to Article 28.01 of the Texas Code of Criminal Procedure, a Pretrial Hearing and other matters are hereby Ordered set as follows:

1. _____ 9:00 a.m. **ARRAIGNMENT**

2. 11-4-13 10:00 a.m. **MOTIONS & PLEAS**
   All parties and Counsel shall be present and prepared to discuss all issues allowed under C.C.P., Art. 28.01.

3. _____ 1:30 p.m. **HEARINGS & BENCH TRIALS**

4. **On or before 10-days before Pretrial Hearing Date** all C.C.P., Art. 28.01 matters must be filed or will be considered waived.

5. _____ 10:00 a.m. **PRETRIAL HEARING**
   Pretrial hearing date is also the Plea Bargain Cutoff date. State and Defendant will announce whether the case will plead or if a trial is required, and whether trial is to the Court or to a jury.

At the Pretrial hearing all motions and other matters not previously ruled on will be heard. All parties must file and serve on opposing counsel the following: 1) Motions in Limine; 2) briefs and authorities on known issues that will be presented for hearing. Further, all counsel shall advise the Court of any special needs for presentation of their case, including technology requirements, interpreters or accommodation for disabilities.

6. 2-24-14 9:00 a.m. **JURY TRIAL**
   Final trial date & time will be set immediately after the Pretrial hearing.

**Defendant has received a copy of the Indictment and is the same person charged therein. Defendant waives formal Arraignment and reading of the Indictment and enters a plea of NOT GUILTY.**

Dated: 9-9-13 , replacing prior Scheduling Orders.

_____
Defendant's Signature

_____
Counsel for Defendant Blazek

_____
Counsel for State

_____
ALBERT M. McCAIG, JR., Judge Presiding

CAUSE NO. 11-01-13705

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## FIRST AMENDED MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes the Defendant, **DOMINIQUE DONTAE LASKER**, by and through his attorneys of record, and submits this his First Amended Motion to Dismiss and for cause would show the Court the following:

1. The State of Texas obtained an indictment for Capital Murder in this cause in January, 2011. Waller County placed a detainer concerning this cause on Defendant while he was serving time in a federal prison. Defendant has twice requested a final disposition to the indictment which was the basis of the detainer under the Interstate Agreement on Detainers (IADA), Art. 51.14 Texas Code of Criminal Procedure. Such request also demanded a speedy trial under the constitutional provisions of the Sixth and Fourteenth Amendments of the United States Constitution.

2. More than 180 days have passed since the District Clerk and the Prosecutor received Defendant's written notice and request. The District Clerk of Waller County received the request on July 16, 2012. The District Clerk of Waller County received a second such request on February 8, 2013. The District Attorney of Waller County received the two requests on or about July 16, 2012, and February 8, 2013, as well. The second request was properly transmitted by and through the warden of the federal prison facility in which Defendant was incarcerated.

FIRST AMENDED MOTION TO DISMISS                                                PAGE 1
C:\FB\CRIM_K-O\Lasker.DD.81075\11-01-13705\Motion to Dismiss.002.wpd

3.    No delay has been sought by the Defendant. The Court has not found that good cause exists for any delay prior to the passing of 180 days. No trial has been commenced despite the passage of over 180 days.

> See TEX. CODE CRIM. PROC. art. 51.14, Article V § (c) ("in the event that an action on the indictment . . . on the basis of which the detainer has been lodged is not brought to trial within the period provided in . . . Article IV hereof, the appropriate court of the jurisdiction where the indictment . . . has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect.")

*Davis v. State*, 345 S.W.3d 71, 75 (Tex. Crim. App. 2011).

If the 180-day time period set by Art. III(a) of the IADA began running on February 8, 2013, trial should have commenced on or before August 7, 2013.   If that period began running on July 16, 2012, commencement of trial should have been on or before January 14, 2013.

4.    Defendant is entitled to have the cause dismissed under both the IADA and federal constitutional right to a speedy trial.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court will Order the indictment herein be dismissed with prejudice.

Respectfully submitted,

SMITHER, MARTIN,
HENDERSON & BLAZEK, P.C.
1414 11th Street
Huntsville, Texas 77340
(936) 295-2624
(936) 294-9784 [Telecopier]

By _____
Frank Blazek
State Bar No. 02475500

William F. Carter
State Bar No. 03932800
108 E. William J. Bryan Parkway
Bryan, Texas 77803-5334
(979) 779-0712
(979) 779-9243 [Telecopier]

ATTORNEYS FOR DEFENDANT

## Certificate of Service

I do hereby certify that a true and correct copy of the above and foregoing *First Amended Motion to Dismiss* has been forwarded to opposing counsel on this the ⎯ day of October, 2013, by facsimile to 1-979-779-9243, and addressed as follows:

Elton R. Mathis
Criminal District Attorney
645 12th Street
Hempstead, Texas 77445

_____
Frank Blazek

77

Cause No. 11-01-13703
13704
13705

STATE OF TEXAS                                    §                    IN THE DISTRICT COURT

v.                                               §
                                                 §
                                                 §                    WALLER COUNTY, TEXAS
Dominique Dontae Lasker                          §
                                                 §                    506TH JUDICIAL DISTRICT

# SCHEDULING ORDER - CRIMINAL

Defendant and counsel shall be present at all hearings. Except as otherwise modified by the Court, and pursuant to Article 28.01 of the Texas Code of Criminal Procedure, a Pretrial Hearing and other matters are hereby Ordered set as follows:

1. _____        9:00 a.m.        **ARRAIGNMENT**

2. *1-22-14* ✓                *1:30* ~~10:00 a.m.~~   **MOTIONS & PLEAS**
                                               All parties and Counsel shall be present and prepared to discuss all issues allowed under C.C.P., Art. 28.01.

3. *1-10-14* ✓                *10:00* ~~1:30 p.m.~~   **HEARINGS & BENCH TRIALS** *Suppression Hearing*

4. **On or before 10-days before Pretrial Hearing Date** all C.C.P., Art. 28.01 matters must be filed or will be considered waived.

5. *2-14-14* ✓               10:00 a.m.        **PRETRIAL HEARING**
                                               Pretrial hearing date is also the Plea Bargain Cutoff date. State and Defendant will announce whether the case will plead or if a trial is required, and whether trial is to the Court or to a jury.

At the Pretrial hearing all motions and other matters not previously ruled on will be heard. All parties must file and serve on opposing counsel the following: 1) Motions in Limine; 2) briefs and authorities on known issues that will be presented for hearing. Further, all counsel shall advise the Court of any special needs for presentation of their case, including technology requirements, interpreters or accommodation for disabilities.

6. *2-24-14* ✓               9:00 a.m.         **JURY TRIAL**
                                               Final trial date & time will be set immediately after the Pretrial hearing.

**Defendant has received a copy of the Indictment and is the same person charged therein. Defendant waives formal Arraignment and reading of the Indictment and enters a plea of NOT GUILTY.**

Dated: *11-4-13*                    , replacing prior Scheduling Orders.

X _____        _____        _____
Defendant's Signature            Counsel for Defendant          Counsel for State

                                               _____
                                               ALBERT M. McCAIG, JR., Judge Presiding

Copies:   White--Clerk        Yellow--State        Pink--Defendant        Gold--Defendant's Attorney        78

To: Honorable Judge McCaig Jr
836 Austin Street
Hempstead Texas, 77445

FILED
DISTRICT CLERK
WALLER COUNTY, TEXAS
2013 NOV -8 AM 11:17
BY
DEPUTY
KLK

From: Dominique D. Lasker 025118
701 Calvit Street
Hempstead Texas, 77445

Dear, Honorable Judge McCaig Jr

     I Know that you are a busy man, but I beg you to hear by your courtesy, a few words from me. I feel that I have been deprived of my Constitutional rights, and since you are the Judge, and the Judge is suppose to be Judge of right and wrong between the state and opposing Attorneys, with all due respect I believe it starts with you sir. I feel that you have been against me (biased) since I set foot on deck due to what was said at the informal Arraignment. I asked you about the motions that I sent the Court, and you told me that Texas law does not permit me to do that on my own. You did not state a law concerning that matter but Article 1.05 of the code of Criminal procedure states that its my right to represent myself, or counsel or both. And Article 1.051 states that a defendant who is not represented by an attorney must sign any pleading, motion, or other paper filed for or on the defendant's behalf and state the defendant's address.

☑ Original to Court File
☐ Copy to District Attorney
☑ Copy to Defense Attorney

CC: DA, Judge
Atty Blazek

79

I asked you if you received my paper-work and you quickly thumbed through a purple folder saying that you do see entries. I asked you for a copy of my docket sheet and you said I didn't have one. How can I have indictments pending against me, motions that have been received and filed but no docket sheet to show entries of these things? I felt highly disrespected and intellectually undermined that day. According to Merriam-Webster's Dictionary, honorable means deserving of honor and or characterized by integrity. We stand at your presence and call you honorable but that day I questioned within myself "where is the honor in that?". I sent the court and The District Attorney A speedy Trial and Final disposition request in Accordance with Texas CCP Article 51.14. You said yourself you received it (And that should be on record) and that you didn't act on it. I even have a sheet of paper saying "No Action at this Time" with your Initials. The whole process starts with you sir. The IAD Request is basically Telling you that I'm at my place of imprisonment and I'm ready for Your Jurisdiction to get custody of me to handle pending indictments, informations or complaints against me. I don't know how familiar you are with the IAD Request that I made to both your court and the District Attorney but on the First page in Section 3. It clearly states that The defendant (Dominique D. Lasker) moves this court to order he be brought to trial, and that the prosecuting Authorities arrange temporary custody under the appropriate provisions of The IAD Article 51.14. The DA is not on his own, The order has to come from the Court (Judge) that is why the DA's Request for Temporary custody has to be signed by the Judge. The District Attorney's main three arguments for my first Request is that: It was not Sent Certified, It was Sent to wrong address, and that it did not go through the Warden.

80

The only Argument that is even close to being Valid is that it did not go through the Warden of the prison. These are all Safety Valves put in place for my protection and my benefit, not to deprive or deny me my Speedy trial rights that is binding on the States by the fourteenth amendment. Sending mail Certified Just makes sure it arrives at destination or can be tracked. It was Said that it was Sent to wrong address but DA still Claim to have both received and filed papers 3 days after Court received and filed their papers, So it makes that argument frivolous. The issue about being forwarded through the warden can be tricky but over all things the warden cannot deny me from Requesting for Speedy trial either. It is my constitutional right. There is no Signature Spot for the warden on my request or any other request. Also See Article 51.14 IV (d) if there is any confusion. The point of the matter is that It doesnt matter if I go through the Warden or not because the agreement is not between me and the warden, its between the Sending and receiving States. So in each Case of forwarding through warden or not, the DA still has to Contact Sending Authorities to make proper arrangements. As you now know I made a Second Request on September 27, 2012 and this one was done correctly According to Article 51.14 Sec III. Not that the first Request is invalid, the Second Request is everything the District Attorney claim the first one was not. I Sense that It will not be acknowledged that the court dropped the ball and therefore my Constitutional rights have been violated. If by chance it is acknowledge and the law is obeyed by those who enforce the law then according to Article 28.061 The Court Shall discharge defendant with prejudice. If laws are broken to be enforced then who is the real Criminal ??? Its like Paul Said in the bible Acts 23:3 " you Sit to Judge me according to the law, and you command me to be struck contrary to the law".

81

To be honest I heard you were a good Judge and that you had a military background and that is why I am revealing to you what is See In your court before I start writing letters to prominent men and women I have met to look into these things. I do not prefer such publicity but I have to do what I have to do also. I am very familiar with The IAD Request and Article 51.14 and I hope you are also The battle is not mine but I do have to show up. The System with either operate according to law (not the Waller County Version) or find itself fighting against God, And I guarantee all of our arms are to short to box with God. Since It is also a right to have access to legal material, I Respectfully Request such material. It Can be in the form of books or on a computer with publications on a thumb drive. In Court yesterday my lawyer Said that if you grant our motion to dismiss, the State would appeal, and if you denied it we will go to a higher Court (writ of mandamus) but either way it will Give higher Courts a peek into how Waller County does business. My mind, body and Soul is prepared to go whatever distance. I do know that the Case will be dismissed either now down here or later up there (Higher Court). Dont worry the Ex Parte Funds will be well used to make Sure that every Rock is overturned and that every word be proved beyond a reasonable doubt. So I guess when you receive the Stipulations from both parties you will make your ruling on it, So Some time in the near future I will know what I need to Concoct and Send to those prominent people and those who care. Im Just mentioning that the Continuance you gave the Da was not reasonable. Yes It is true that the Case is complex but from June 6 to Sept 9? a whole 3 months no court and no showing of evidence? So eleven days before Your 180 day limit pass you give a Continuance - that will be brought up also. The Dates and Times Speak for themselves.

Thank you for Your time Sir.

Dominique D. Leeke

82





645 12th Street
Hempstead, Texas 77445

# Elton R. Mathis

Criminal District Attorney
Waller County

FILED
DISTRICT CLERK
WALLER COUNTY, TEXAS
2013 NOV 18 PM 2:18
BY _____
DEPUTY

(979) 826-7718
(979) 826-7722 Fax

November 18, 2013

Mr. Frank Blazek
1414 11th Street
Huntsville, Texas 77340

In Re: State of Texas v. Dominique Dontae Lasker
Cause Nos. 11-01-13703, 11-01-13704 and 11-01-13705
506th Judicial District Court, Waller County, Texas

*Delivered by FAX and by Certified Mail receipt # 7002 3150 0000 3033 7222*

Dear Mr. Blazek,

Please find attached the State's proposed *"Stipulation of Evidence"* consisting of a number of attachments. I have taken the liberty of filing these documents with the Court as well for purposes of argument in your motion for dismissal.

Best Regards

Fred Edwards, Assistant District Attorney
Waller County District Attorney's Office
Waller County, Texas

Enclosures
Cc: 506th Judicial District Court

83

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY. TEXAS |
| | § | |
| DOMINQUE DONTAE LASKER | § | 506TH<sup>TH</sup> JUDICIAL DISTRICT |

## STIPULATION OF EVIDENCE

COMES NOW, the State of Texas and the Defendant through their undersigned attorneys and enters into the following stipulation of evidence for all purposes and all aspects of the trial of these causes, and would stipulate as follows:

1. The State of Texas stipulates that the State received documents marked as State's Exhibit A (consisting of eight pages) on February 8, 2013.

2. The State of Texas stipulates that the State received documents marked as State's Exhibit B (consisting of five pages and an envelope) on July 19, 2012.

3. The State of Texas stipulates that the State of Texas through the Waller County Sheriff's Office obtained custody of the Defendant on May 24, 2013.

4. The Defendant stipulates that the State of Texas sent by facsimile copies of the indictments against the Defendant to Kelly Palmer, U.S.P.O., SD/CA, on October 7, 2011, consisting of five pages, marked State's Exhibit C.

5. The Defendant stipulates that the State of Texas received facsimile from Ed Perez concerning necessary forms for transfer on August 31, 2012, consisting of one page marked as State's Exhibit D.

6. The Defendant stipulates to correspondence from Waller County DA's Office to Warden USP, Victorsville, CA forwarding completed IAD and required documents and USPS Certified Mail Receipt card, dated January 2, 2013, consisting of nine pages and card, marled as State's Exhibit G.

7. The Defendant stipulates to correspondence received by the Waller County DA's Office from USDJ, Victorsville, Warden McGrew, forwarding on more forms, dated January 31, 2013, consisting of two pages and forms, marked as State's Exhibit H.

8. The Defendant stipulates to a letter from USDJ, Victorsville, CA, Corrections Systems Officer dated April 8, 2013, received by facsimile attaching Prosecutor's certification and IAD VI, consisting of three pages, marked as State's Exhibit F.

9. The Defendant stipulates that the State of Texas sent a copy of the State of Texas , Texas Administrator cover letter and IAD Form VI to Linda T. McGrew, Warden, USPO, Victorsville, CA on April 17, 2013, consisting of three pages and U.S. Postal Service Receipt, marked as State's Exhibit E.

1

*84*

10. The Defendant stipulates that the Waller County DA's Office received from USDJ, Victorsville a facsimile correspondence acknowledging receipt of Waller County DA's Office letter of March 20, 2013, this facsimile received April 9, 2013, consisting of one page, marked as State's Exhibit I.

11. The Defendant stipulates that the State of Texas sent a letter to the Warden of FCC-USP, Victorsville, CA providing a IAD Form VI signed by the Texas IAD Administrator, on May 1, 2013, consisting of three pages and envelope, marked as State's Exhibit J.

Agreed to this the _____ day of _____, 2013.

_____
Defendant's Signature

Sworn to and subscribed before me on _____ day of _____ 2013.

_____
County Clerk, Waller, County, Texas

Approved:

_____
Frank Blazek/Billy Carter
Attorney for Defendant

_____
Elton Mathis
Criminal District Attorney, Waller County

_____
Judge Presiding
506th Judicial District Court

2



**U.S. Department of Justice**

**Federal Bureau of Prisons**

**Federal Correctional Complex**
Victorville, California

January 31, 2013

Office of the District Attorney

Elton R. Mathis, Criminal District Attorney
Waller County
506th Judicial District
645 12th Street
Hempstead, Texas 77445

Re: Lasker, Dominique Dontae
   Register Number 22867-289280
   STATE CASE/REFERENCE NO. 11-01-13703; 11-01-13704; 11-01-13705

Dear Mr. Mathis:

In response to your request for temporary custody pursuant to the Interstate Agreement on Detainers Act (IADA), applicable forms are enclosed.

Please be advised subject has been notified of your request and has been afforded a 30-day period in which to contact the Warden of this institution as to any reasons why he should not be produced in your State pursuant to the Agreement.

_X_ The inmate has waived this 30-day period. You may contact this facility directly to arrange for temporary custody.

___ The inmate has elected this 30-day period, provided under Article IV(a), which expires on (___DATE___). Any court proceedings must occur after this date.

Please remit to this office the original completed Form VI, "Evidence of Agent's Authority to Act for Receiving State" (BP-A564) and originals of the IAD Form V (BP-568) and IAD FormVI (BP-565). The persons designated as agents to return the prisoner to your State must also be the persons whose signatures appear on the Form VI. Naming alternative agents would be advisable in case your primary agents cannot make the trip. The alternate agents' signatures should also appear on the Form VI. Also be advised that the designated agents must have in their possession a copy of the warrant when assuming custody of the prisoner.



EXHIBIT

St - A.

86

Page Two
RE:  Lasker, Dominique Dontae
     Register No. 22867-289


Inmates who are temporarily transferred pursuant to the IAD remain under the primary jurisdiction of Federal authorities.  Should you accept temporary custody of this inmate, we wish to remind you that under Article V(e) of the IADA, you are required to return the above-named inmate to this institution after prosecution on all pending charges.

While this inmate is in your temporary custody, he/she will be held in a suitable jail that meets the level of security required by the Bureau of Prisons.  In addition, security requirements for the inmate must be met.  Two law enforcement escort officers, handcuffs, martin chains and leg irons are required.  Contract Guard Services are not allowed.

Any problems associated with this inmate must be reported to the individual listed below.  This inmate may not be released on bail or bond or any other agency while in your custody.  Additionally, this inmate is not to be committed to a state correctional institution for service of any state sentence(s) that may be imposed because of your prosecution.

To help us with processing, please fill out the enclosed certification form and return to us before scheduling a date for assuming custody. Before making scheduling arrangements, please contact this individual below to ensure all required paperwork and approvals have been met.

If you have any questions on this matter, please call: D. Wren, Supervisory Correctional Systems Specialist at 760-530-5748.

                              Sincerely

                              Linda T. McGrew, Warden

                              /s/ D.
                              Wren, SCSS


Enclosures:   BP-Forms A235, A236, A238, A239
              BP-A565, IAD/State Writ – Prosecutor's Certification Form

cc:   Clerk of Court
      State IADA Administrator

87

BP-S235(51)    IAD -NOTICE   UNTRIED INDICTMENT

U.S. DEPARTMENT OF JUSTICE                          FEDERAL BUREAU OF PRISONS

| INMATE NAME: | REGISTER NUMBER: | INSTITUTION: |
|---|---|---|
| LASKER, DOMINIQUE DONTAE | 22867-298 | FCC VICTORVILLE COMPLEX |

Pursuant to the Interstate Agreement on Detainers Act, you are hereby informed that the following are the untried indictments, information, or complaints against you concerning which the undersigned has knowledge, and the source and contents of each:   **WALLER COUNTY SHERIFF'S OFFICE. CAPITOL MURDER CAUSE #11-01-13703, 11-01-13704 AND 11-01-13705.**

You are hereby further advised that the provisions of said Agreement you have the right to request the appropriate prosecuting officer of the jurisdiction in which any such indictment, information or complaint is pending and the appropriate court that a final disposition be made thereof. You shall then be brought to trial within 180 days, unless extended pursuant to provisions of the Agreement, after you have caused to be delivered to said prosecuting officer and said court written notice of the place of your imprisonment and your said request, together with a certificate of the custodial authority as more fully set forth in said Agreement. However, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

Your request for final disposition will operate as a request for final disposition of all untried indictments, information or complaints on the basis of which detainers have been lodged against you from the state to whose prosecuting official your request for final disposition is specifically directed. Your request will also be deemed to be a waiver of extradition with respect to any charge or proceedings contemplated thereby or there imposed upon you, after completion of your term of imprisonment in this state. Your request will also constitute a consent by you to the production of your body in any court where your presence may be required in order to effectuate the purposes of the Agreement on Detainer and a further consent voluntarily to be returned to the institution in which you are now confined.

Should you desire such a request for final disposition of any untried indictment, information or complaint, you are to notify the Inmate Systems Manager of the institution in which you are now confined.

You are also advised that under provisions of said Agreement the prosecuting officer of a jurisdiction in which any such indictment, information or complaint is pending may oppose the request that you be delivered to such prosecuting officer or court. You may request the Warden to disapprove any such request for your temporary custody but you cannot oppose delivery on the ground that the Warden has not affirmatively consented to or ordered such delivery.

| DATE: | NAME AND TITLE OF CUSTODIAL AUTHORITY | Linda T. McGrew, Complex Warden |
|---|---|---|
| August 31, 2012 | Charles E Samuels Jr. Director, Bureau of Prisons | BY: D. Wren, Correctional Systems Specialist |

| DATED: | INMATE SIGNATURE |
|---|---|
| 2011/09/27 | |

Original    Inmate
Copy:      J&C File
            Central file

*88*

BP-S236.051 **IAD – PLACEMENT OF IMPRISONMENT**   CDFRM

FEB 94
U.S. DEPARTMENT OF JUSTICE                                   FEDERAL BUREAU OF PRISONS

| To: Prosecuting Officer ELTON R. MATHIS | Jurisdiction: WALLER COUNTY, TX |
|---|---|
| Court: 506th JUDICIAL DISTRICT | Jurisdiction: WALLER COUNTY, TX |

And to all other prosecuting officers and courts of jurisdiction listed below from which indictments, information or complaints are pending, you are hereby notified that the undersigned is now imprisoned in:

Institution:
Federal Correctional Complex - United States Penitentiary  P.O. Box 5400, Victorville, CA 92301

And I hereby request that a final disposition be made of the following indictments, information or complaints now pending against me:      **WARRANT No. 11-01-13703,  11-01-13704 and 11-01-13705**
**CAPITAL MURDER SECTION: 19.03 DEGREE: CAPITAL FELONY**

Failure to take action in accordance with the Interstate Agreement on Detainers Act, to which your state is committed by Law, will result in the invalidation of the indictments, information or complaints.

I hereby agree that this request will operate as a request for final disposition of all untried indictments, information or complaints on the basis of which detainers have been lodged against me from your state. I also agree that this request shall be deemed to be my waiver of extradition with respect to any charge or proceedings contemplated hereby or included herein, and a waiver of extradition to your state to serve any sentence there imposed upon me, after completion of my term of imprisonment in this state. I also agree that this request shall constitute a consent by me to the production of my body in any court where my presence may be required in order to effectuate the purposes of the Interstate Agreement on Detainers Act and a further consent voluntarily to be returned to the institution in which I now am confined.

If jurisdiction over this matter is properly in another agency, court or officer, please designate the proper agency, court or officer and return this form to the sender.

Forms BP-S238(51), Certificate of Inmate Status, and BP-S239(51), Offer of To Deliver Temporary Custody, are attached.
Dated:

Inmate's Name and Register No.:

January 30, 2013                           **LASKER, DOMINIQUE DONTAE**
                                          **Federal Register: 22867-298**

The inmate must indicate below whether he has counsel or wishes the court in the receiving state to appoint counsel for purposes of any proceedings preliminary to trial in the receiving state which may take place before his delivery to the jurisdiction in which the indictment, information or complaint is pending. Failure to list the name and address of counsel will be construed to indicate the Inmate's consent to the appointment of counsel by the appropriate court in the receiving state.

| A.  My Counsel is (give name) | Address is: (Street, City, State, Zip Code) |
|---|---|
| | |

B.  I request the Court to appoint Counsel. (Inmate's Signature)

89

BP-S238.051 IAD – CERTIFICATE OF INMATE STATUS   CDFRM
February 19 94
U.S. DEPARTMENT OF JUSTICE                                     FEDERAL BUREAU OF PRISONS

| Inmate's Name: LASKER, DOMINIQUE DONTAE | Register No.: 22867-298 | Institution: FCC VICTORVILLE COMPLEX |
|---|---|---|

Institution Address: **Federal Correctional Complex, P.O. BOX 5400  Adelanto, CA 92301**

The (Custodial Authority) hereby certifies:

1. The term of commitment under which the prisoner above named is being held:
   **121 MONTHS**

2. The Time Already Served:    **1 YEAR 3 MONTHS 4 DAYS**

3. Time Remaining to be Served on the Sentence:   **6 YEARS 6 MONTHS 15 DAYS**

4. The Amount of Good Time Earned: **108**

5. The Date of Parole Eligibility of the Prisoner:

6. The decisions of the U.S. Parole Commission relating to the Prisoner:

7. Maximum expiration date under present sentence: **11-29-2020**

Detainers currently on file against this inmate from your state are as follows:
   **WARRANT No. 11-01-13703, 11-01-13704 AND 11-01-13705**

| Date: | Name and Title of Custodial Authority **Charles E. Samuels Jr.** | By: (Chief Executive Officer) **Linda T. McGrew,** |
|---|---|---|
| 1/30/13 | **Director,  Bureau of Prisons** | **Complex Warden** |
| | | *⨏* 𝒫ⅅ𝓊𝓏𝑒𝓃 |
| | | **D. Wren** |
| | | **Correctional Systems Specialist** |

Record Copy - State IAD Administrator
Copy - J&C File
Copy - Central File (Sect. 1)
Copy - Prosecuting Official (Mail Certified Return Receipt)
Copy - Clerk of Court (Mail Certified Return Receipt)

*90*

BP-S239.051   IAD - OFFER TO DELIVER TEMPORARY CUSTODY        CDFRM
February 1994
U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

Date:   January 30, 2013

| To:  Prosecuting Officer **ELTON R. MATHIS** | Name and Title (if known) **Criminal District Attorney** | Jurisdiction: **WALLER COUNTY, TX** |

And to all other prosecuting officers and courts of jurisdiction listed below from which indictments, information or complaints are pending

Re: (Inmate's Name)                                          Register Number
**LASKER, DOMINIQUE DONTAE**
    **22867-298**

Pursuant to the provisions of Article V of the Interstate Agreement on Detainers Act between this state and your state, the undersigned hereby offers to deliver temporary custody of the above-named prisoner to the appropriate authority in your state in order that speedy and efficient prosecution may be had of the indictment, information or complaint which is described in the attached inmate's request dated:
**September 27, 2012**
The required Certificate of Inmate Status is enclosed. dated: **January 30, 2013**

If proceedings under Article IV(d) of the Interstate Agreement on Detainers Act are indicated, an explanation is attached.

Indictments, information or complaints charging the following offenses also are pending against the inmate in your state and you are hereby authorized to transfer the inmate to custody of appropriate authorities in these jurisdictions for purposes of these indictments, information or complaints.

**CAPITAL MURDER**               **DISTRICT COURT OF WALLER COUNTY, TEXAS**
**19.03**                         **506TH JUDICIAL DISTRICT**
**CAPITAL FELONY**

If you do not intend to bring the inmate to trial, will you please inform us as soon as possible? Kindly acknowledge.

| By: (Chief Executive Officer)    Institution & Address: | | Name/Title Custodial Authority: |
| --- | --- | --- |
| **D. Wren**<br>Correctional Systems Specialist | **FCC Victorville - USP**<br>**P.O. Box 5400**<br>**Adelanto, CA 92301** | **Charles E. Samuels Jr.**<br>**Director**<br>**Bureau of Prisons** |
| **Linda T. McGrew**<br>**Complex Warden** | | |

*9/*

**BP-S565.051** **IAD / STATE WRIT - PROSECUTOR'S CERTIFICATION** CDFRMDEC 02
**U.S. DEPARTMENT OF JUSTICE** **FEDERAL BUREAU OF PRISONS**

This is to certify that I, ELTON R. MATHIS, Criminal District Attorney, hereby request temporary custody of **LASKER, DOMINIQUE DONTAE, Federal Register Number 22867-298** via **X** **IAD** __**State Writ** (check one), and do hereby agree to the following conditions in connection with the request for custody of said inmate.

### Conditions

a. Agree that said inmate will be provided safekeeping, custody, and care and will assume responsibility for that custody to include providing the inmate with the same level of security required by Bureau of Prisons Policy.

b. Agree to report to the Bureau of Prisons any problems associated with said inmate, to include disciplinary problems, medical emergencies, suicide attempt, escape or attempted escape or any other problem arising during commitment.

c. Agree not to release said inmate on bail or bond or to commit them to an institution for service of any sentence imposed in connection with our prosecution.

d. Agree to return said inmate to the federal institution from which they were obtained at the conclusion of the inmate's appearance in the proceeding for which obtained.

e. Agree to notify the local jail authority of the responsibility to return the inmate to federal custody.

As the Prosecuting Official for the State of **Texas** I, **ELTON R. MATHIS, Criminal District Attorney,** hereby submit the following information in connection with my request for temporary custody of **LASKER, DOMINIQUE DONTAE, Federal Register Number 22867-298.**

### Information

1. Name of facility, location, contact person, and phone number where the inmate will be confined during legal proceedings. Walker Co. Sheriff's Office, 701 Calvit Hempstead, TX 77445

| 2. Scheduled date for trial. R. Glenn Smith, Sheriff (979) 826-8282  Not scheduled | 3. Projected date of return of the prisoner to federal custody: 2-12-2014 |
|---|---|

4. Name and phone number of the state agency, specific name of agent(s) who will transport the inmate at direction of the court and whether a private carrier, contractor (if permitted by Bureau of Prisons policy), state agency, or the USMS, will be transporting the inmate for the state. Walker Co. S.O. 979 826-8282

5. Need for appearance of inmate and nature of action.
Trial for capital murder

6. **For State Writ cases only (not required for IAD):**

   a. Name and address of court issuing writ, name of the judge, and name, address, and phone number of clerk of the court.

   b. Reason production on writ is necessary and reason another alternative is not available (for civil cases).

| 7. Signature and Title of Prosecutor | Date |
|---|---|

Subscribed and sworn before (Date): _____

| 8. Signature of Notary Public | Date |
|---|---|

Original - J&C File, Copy - Central File  This form replaces BP-S565 dtd FEB 94)

92

BP-S568.051    IAD FORM V - REQUEST FOR TEMPORARY CUSTODY  CDFRM ᴀᴍᴀʀʟʟᴏ FEB 94
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

Six copies. Signed copies must be sent to the prisoner and to the official who has the prisoner in custody. A copy should be sent to the Agreement Administrator of both the sending and the receiving state. Copies should be retained by the person filing the request and the judge who signs the request. Prior to transfer under this Agreement, an Inmate may be afforded a judicial hearing (Cuyler) similar to that provided under the Uniform Extradition Act, in which the inmate may bring a limited challenge to the receiving state's request.

### Request for Temporary custody

To: (Warden-Superintendent-Director) - Institution and Address
United States Penitentiary, Victorville FCC., P.O. Box 3900, Adelanto, C 92301

Please be advised that (Name of Inmate) DOMINIQUE DONTAE LASKER 22867-248, who is presently an inmate of your institution, is under [indicate appropriate] (indictment) (information) (complaint) in the (Jurisdiction) 506th District Ct. Waller County Texas, of which I am the (Title of Prosecuting Officer) District Attorney . Said inmate is therein charged with the offense(s) enumerated below:

#### Offense(s)

① Capital Murder 11-01-13 703, ② Capital Murder 11-01-13 704 ③ Capital Murder 11-01-

I propose to bring this person to trial on this [indicate appropriate] (indictment) (information) (complaint) within the time specified in Article IV(c) of the Agreement.

In order that proceedings in this matter may be properly had, I hereby request temporary custody of such persons pursuant to Article IV(a) of the Agreement on Detainers.

Attached herewith find in triplicate:
a. Certified copies of the complaint, information or indictment
b. Certified copies of the warrant
c. Certified copies of fingerprints, photographs or physical description

I hereby agree that immediately after trial is completed in this jurisdiction, I will return the prisoner directly to you or allow any jurisdiction you have designated to take temporary custody. I agree also to complete Form IX, The Notice of Disposition of a Detainer, immediately after trial.

| Printed Name and Signature | Title | Date |
|---|---|---|
| Elton R. Mathis | Criminal District Attorney | Nov 26, 20 |

| Address: 645 12th Street | City/State: Hempstead, Texas 77445 | Telephone No.: 979-826-7718 |

I hereby certify that the person whose signature appears above is an appropriate officer within the meaning of Article IV(a) and that the facts recited in this request for temporary custody are correct and that having duly recorded said request, I hereby transmit it for action in accordance with its term and the provisions of the Agreement on Detainers.

| Judge's Printed Name and Signature | Date |
|---|---|
| Albert M. McCaig | Nov 26, 201 |

| Court 506th Judicial District Court | Judicial District 506th |

| City/State Hempstead, Waller County, Texas | Telephone No. 979-826-0921 |

(This form may be replicated via WP)

**Albert M. McCaig, Jr.**
Judge, 506th Judicial District Court
Waller and Grimes Counties, Texas

93

# NOTICE AND DEMAND TO DISTRICT ATTORNEY/PROSECUTOR
## FOR TRIAL OR DISPOSITION OF WARRANTS, INFORMATIONS, DETAINERS OR INDICTMENTS BY FEDERAL PRISONER

TO: Office of District Attorney

846 6th Street Suite 1

Hempstead TX 77445

FROM: Dominique Dontae Lasker
Reg. No. 22867-298
United States Penitentiary
Victorville FCC
PO Box XXXX 3900
Adelanto, CA 92301

Dear Sir/Madam:

1. I have been informed that I have the following outstanding warrant(s), indictment(s), or complaint(s) under the following case numbers, issuing from your jurisdiction:

| | |
|---|---|
| Capital Murder Charge | # 11-01-13703 979-826-8282 |
| Capital Murder Charge | # 11-01-13704 979-826-8282 |
| Capital Murder Charge | # 11-01-13705 979-826-8282 |
| | # |

2. I am presently a federal prisoner in the custody of the United States Attorney General, incarcerated at the Victorville Federal Correctional Complex, located in Adelanto, California.

3. I was sentenced in the United States District Court for the Southern District of California, to a term of 121 months. My current projected release date from federal custody is August, 13, 20 19, as found in the attached BOP documentation (see Sentence Monitoring/Data Computation printout).

4. The outstanding charges pending from this jurisdiction adversely affect the conditions of my incarceration, and do not allow my participation in certain rehabilitative programs. I remain in a higher security classification category and the delay in prosecution prejudices my defense against these outstanding charges.

5. I have provided this communication to invoke the statutes, rules and procedures of this State for speedy trial and disposition of untried warrants, indictments and complaints. Based upon these provisions I would demand a speedy trial or disposition within one-hundred and twenty (120) days, on any and all criminal actions in your jurisdiction and/or alternatively, that you submit request for temporary custody to the federal bureau of prison authorities, pursuant to the requirements of applicable statutes for Interstate Agreement on Detainers ("IAD").

Cordially,

Dated: 2012 / 07 / 2

REQUESTOR
Mr. Dominique Dontae Lasker

Ettambuck, Hambrus

WITNESS-PRISON STAFF MEMBER

Authorizated by the Act of July 7, 1955, as amended, to administer oaths (18 U.S.C. § 4004)

COPIES: ORIGINAL TO DISTRICT ATTORNEY, KEEP COPIES OF ALL RECORDS TO BE USED WITH REQUEST TO COURT FOR DISMISSAL. ALSO: INCLUDE DOCUMENTATION FROM THE CASE REGARDING THE WARRANT/DETAINER AND IF POSSIBLE YOUR SENTENCE MONITORING/DATA COMPUTATION PRINTOUT SHOWING YOUR PROJECTED RELEASE DATE.

**EXHIBIT**

St-B

94

IN THE __District__ COURT OF __Waller__ COUNTY

FOR THE STATE OF __Texas__ [ __506__ District]

| | | |
|---|---|---|
| __Waller County Sheriffs__, | ) | NOTICE OF PLACE OF IMPRISONMENT AND |
| Plaintiff, | ) | REQUEST FOR SPEEDY TRIAL AND FINAL |
| | ) | DISPOSITION...Pursuant to ......... |
| v. | ) | (__Tex.Code Crim.Proc. Ann.Art. 51.14__ ) |
| | ) | (__Constitution, Art. VI, § 10__ ) |
| | ) | |
| __Dominique Dontae Lasker__, | ) | CASE NO. __11-01-13703 979-826-8282__ |
| Defendant. | ) | __11-01-13704 979-826-8282__ |
| | | __11-01-13705 979-826-8282__ |

Notice is hereby given that the above-named Defendant, __Dominique Dontae Lasker__ , is currently a federal prisoner in the custody of the United States Attorney General, and is incarcerated at the Victorville Federal Correctional Complex located in Adelanto, California. Defendant would further show:

1. The defendant is serving an approximate term of __121__ months of imprisonment from a judgment imposed by the United District Court for the __Southern__ District of __California__, on __December__, __16__, __2011__. Defendant has a projected release date from federal custody on __August__, __13__, 20 __19__. (see attached sentencing computation/data sheet).

2. The defendant has been advised that there are, or may be, outstanding citations, warrants, informations, charges, and/or complaints pending in this jurisdiction. Specifically:

1). __Capital Murder Charges...Warrant # 11-01-13703 979-826-8282__

2). __Capital Murder Charges...Warrant # 11-01-13704 979-826-8282__

3). __Capital Murder Charges...Warrant # 11-01-13705 979-826-8282__

3. The defendant moves this Court to order he be brought for trial, and that prosecuting authorities arrange temporary custody under the appropriate provisions for Interstate Agreement on Detainers. The Defendant further requests in an absence of availability of trial, an *in abstentia* resolution be arranged.

4. This Motion is based upon the Defendant's Sixth Amendment speedy trial guarentee that is binding on the states through the Due Process Clause of the Fourteenth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213. 222-223 (1967). A state is responsible for a defendant's speedy trial rights. even where a defendant is held in federal prison. see: *Smith v Hooey*, 393 U.S. 374 (1969). This notice would further trigger defendant's request under the Interstate Agreement on Detainers. see: *Fex v. Michigan*, 507 U.S. 43. 113 S.Ct. 1088, 122 L.Ed.2d 406 (1993).

WHEREFORE, the defendant prays that the Court initiate all needed and necessary orders and actions required to resolve this matter by trial or settlement *in abstentia*, including an order for the district attorney/prosecutor to seek temporary custody from federal authorities under IAD provisions, and the dismissal of any outstanding citations, warrants, informations, charges, and/or complaints, presently pending in this jurisdiction, within a reasonable period of time not to exceed 120 days.

Respectfully Submitted,

Dated: 2012/07/03

Dominique Dontae Lasker
Reg. No. 22867-298
United States Penitentiary
Victorville FCC
PO Box 3900
Adelanto, CA 92031

## CERTIFCATE OF SERVICE

I hereby certify that a copy of this document was mailed to the office of the district attorney/ prosecutor for this jurisdiction. addressed as below.:

District Attorney
846 6th Street Suite 1
Hempstead TX, 77445

Date: 2012/07/3

Mr. Dominique Dontae Lasker

2

# CERTIFICATE OF SERVICE

I, ___Dominique Dontae Lasker___, hereby certify that I have served a true and complete copy of the following: Notice of place of imprisonment and request for speedy trial and final disposition...pursuant to: Tex. Code. Crim. Proc. Ann. Art. 51.14, and Tex. Constitution, Art. VI, § 10

By placing the same in the care and custody of prison officials of the United States Penitentiary, Victorville USP/FCC, at Adelanto, California, on this __16__ day of ___January___, 20 __12__, with sufficient postage affixed. It would be noted that this service would be deemed filed at the time it was delivered to prison authorities for forwarding to the court. see: *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). This service was addressed to the following party or parties:

1). District Court, 506th District
Attn: Patricia Spadachene, District Clerk
Waller County Courthouse
836 Austin Ct., Room 318
Heapstead, TX 77445-4673

2). District Attorney/Prosecutors
OFFICE
FOR WALLER COUNTY

___846 6th Street Suite 1___
___Hempstead TX, 77445___

Dominique Dontae Lasker
Reg. No. 22867-298
United States Penitentiary
Victorville FCC
PO Box 5300
Adelanto, CA 92301

REGNO..: 22867-298 NAME: LASKER, DOMINIQUE DONTAE


FBI NO...........: 201461KD5         DATE OF BIRTH: 03-21-1984
ARS1.............: VIP/A-DES
UNIT.............: 6 A                QUARTERS.....: F61-119L
DETAINERS........: YES                NOTIFICATIONS: NO

HOME DETENTION ELIGIBILITY DATE: 02-13-2019

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE: 08-13-2019 VIA GCT REL


---------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

COURT OF JURISDICTION...........: CALIFORNIA, SOUTHERN DISTRICT
DOCKET NUMBER...................: 10CR4732-DMS
JUDGE...........................: SABRAW
DATE SENTENCED/PROBATION IMPOSED: 12-16-2011
DATE COMMITTED..................: 01-12-2012
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                 FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.:  $200.00        $00.00          $00.00       $00.00

RESTITUTION...:  PROPERTY:  YES SERVICES:  NO       AMOUNT:  $2,714.50

----------------------CURRENT OBLIGATION NO: 010 ---------------------------
OFFENSE CODE....:  551
OFF/CHG: 18:2113(A),(D) AND 18:2 ARMED BANK ROBBERY AND AIDING AND
         ABETTING.(CT.1)

SENTENCE PROCEDURE..............: 3559 PLRA SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.:   37 MONTHS
TERM OF SUPERVISION.............:    3 YEARS
DATE OF OFFENSE.................: 10-30-2010




G0002      MORE PAGES TO FOLLOW . . .

Mr. Dominique Dontae Lasker
Fed. Reg. 22867-298
United States Penitentiary Victorville
P.O. BOX. 3900
ADELANTO, CA. 92301



"Legal Mail"

District Attorney/Prosecutors Office
For Waller County

846 6ᵗʰ Street Suite l

Hemostead TX. 77445

DISA     773  5E 1 N  C 22 07/16/12
UNABLE TO FORWARD/FOR REVIEW
**####**

BC: 77445540246 DU *2804-12515-11-39

77445540246
77445@5402



# ELTON R. MATHIS

### CRIMINAL DISTRICT ATTORNEY

### WALLER COUNTY

## FACSIMILE TRANSMITTAL SHEET

TO: Kelly Palmer

FROM: Elton R. Mathis

COMPANY: U.S.P.O, SD/CA

DATE: 10-7-11

FAX NUMBER: 619-557-~~2~~~~7~~

TOTAL NO. OF PAGES INCLUDING COVER: 4

PHONE NUMBER: 615-6094

SENDER'S REFERENCE NUMBER:

RE: Dominique Dontae LASKER

YOUR REFERENCE NUMBER:

☐ URGENT   ☒ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Three (3) indictments included.

EXHIBIT

St - G

100

## Transmission Report

| | | | | |
|---|---|---|---|---|
| Date/Time | 10-07-2011 | 04:55:31 p.m. | Transmit Header Text | WALLER CNTY D.A. MATHIS OFFICE |
| Local ID 1 | 9798267722 | | Local Name 1 | WALLER CNTY. DA OFFICE |
| Local ID 2 | | | Local Name 2 | |

### This document : Confirmed
### (reduced sample and details below)
### Document size : 8.5"x11"



### ELTON R. MATHIS
#### CRIMINAL DISTRICT ATTORNEY
#### WALLER COUNTY

**FACSIMILE TRANSMITTAL SHEET**

TO: *Kelly Palmer*  FROM: *Elton R. Mathis*

COMPANY: *U.S.P.O. SD/CA*  DATE: *10-7-11*

FAX NUMBER: *619-~~555-2~~*  TOTAL NO. OF PAGES INCLUDING COVER: *4*

PHONE NUMBER: *615-6094*  SENDER'S REFERENCE NUMBER:

RE: *Dominique Dontae LASKER*  YOUR REFERENCE NUMBER:

☐ URGENT  ☒ FOR REVIEW  ☐ PLEASE COMMENT  ☐ PLEASE REPLY  ☐ PLEASE RECYCLE

NOTES/COMMENTS:

*Three (3) indictments included.*

846 6TH STREET, STE. 1 • HEMPSTEAD, TEXAS 77445
PHONE 979 826-7711 • FAX: 979 826 7732

---

Total Pages Scanned : 4          Total Pages Confirmed : 4

| No. | Job | Remote Station | Start Time | Duration | Pages | Line | Mode | Job Type | Results |
|---|---|---|---|---|---|---|---|---|---|
| 001 | 838 | U.S. Probation | 04:51:33 p.m. 10-07-2011 | 00:03:34 | 4/4 | 1 | EC | HS | CP14400 |

**Abbreviations:**

| | | | | |
|---|---|---|---|---|
| HS: Host send | PL: Polled local | MP: Mailbox print | TU: Terminated by user | |
| HR: Host receive | PR: Polled remote | CP: Completed | TS: Terminated by system | G3: Group 3 |
| WS: Waiting send | MS: Mailbox save | FA: Fail | RP: Report | EC: Error Correct |

*101*

NO. _____

THE STATE OF TEXAS

VS.

DOMINIQUE DONTAE LASKER
B/M         DOB: 03/21/1984

Charge: CAPITAL MURDER
Section: 19.03
Degree: CAPITAL FELONY

IN THE DISTRICT COURT OF

WALLER COUNTY, TEXAS

_____ JUDICIAL DISTRICT

Filed AT 1:05 O'Clock ___ M
PATRICIA JAMES SPRADACHENE
WALLER COUNTY, TEXAS
BY
DEPUTY
1-27-11

## INDICTMENT

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS;

The Grand Jury for the County of Waller and the State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the January term, A.D. 2011 of the 506th Judicial District Court of said County, upon their oaths present in and to said Court at said term that DOMINIQUE DONTAE LASKER, hereinafter styled Defendant, on or about the 11TH day of MARCH, 2010, and before the presentment of this indictment, in Waller County, Texas, did then and there intentionally or knowingly cause the death of an individual, namely, Stanley Ray Jackson, by shooting Stanley Ray Jackson with a firearm, and did then and there intentionally or knowingly cause the death of another individual, namely, Janella Edwards, by shooting Janella Edwards with a firearm, and both murders were committed during the same criminal transaction.

The Grand Jury for the County of Waller and the State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the January term, A.D. 2011 of the 506th Judicial District Court of said County, upon their oaths present in and to said Court at said term that DOMINIQUE DONTAE LASKER, hereinafter styled Defendant, on or about the 11TH day of MARCH, 2010, and before the presentment of this indictment, in Waller County, Texas, did then and there intentionally cause the death of an individual, namely, Stanley Ray Jackson, by shooting Stanley Ray Jackson with a firearm, and the defendant was then and there in the course of committing or attempting to commit the offense of robbery of Stanley Ray Jackson.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Foreman of the Grand Jury

102

NO. _11 C1 · 13700_

THE STATE OF TEXAS

VS.

DOMINIQUE DONTAE LASKER
B/M          DOB:  03/21/1984

IN THE DISTRICT COURT OF

WALLER COUNTY, TEXAS

_506th_ JUDICIAL DISTRICT

Charge: MURDER
Section: 19.02
Degree: FIRST DEGREE FELONY

## INDICTMENT

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS;

The Grand Jury for the County of Waller and the State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the January term, A.D. 2011 of the 506th Judicial District Court of said County, upon their oaths present in and to said Court at said term that DOMINIQUE DONTAE LASKER, hereinafter styled Defendant, on or about the 11TH day of MARCH, 2010, and before the presentment of this indictment, in Waller County, Texas, did then and there intentionally or knowingly cause the death of an individual, namely, Janella Edwards, by shooting Janella Edwards with a firearm.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_Paul A Wood_
Foreman of the Grand Jury

103

NO. _11-01-13704_

THE STATE OF TEXAS                    IN THE DISTRICT COURT OF

VS.                                   WALLER COUNTY, TEXAS

DOMINIQUE DONTAE LASKER              _506_ JUDICIAL DISTRICT
B/M            DOB: 03/21/1984

Charge: MURDER
Section: 19.02
Degree: FIRST DEGREE FELONY

## INDICTMENT

**IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS;**

The Grand Jury for the County of Waller and the State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the January term, A.D. 2011 of the 506th Judicial District Court of said County, upon their oaths present in and to said Court at said term that DOMINIQUE DONTAE LASKER, hereinafter styled Defendant, on or about the 11TH day of MARCH, 2010, and before the presentment of this indictment, in Waller County, Texas, did then and there intentionally or knowingly cause the death of an individual, namely, Stanley Ray Jackson, by shooting Stanley Ray Jackson with a firearm.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Foreman of the Grand Jury

Filed
AT 1:05 O'Clock _____ M
PATRICIA JAMES SPRADACHENE
WALLER COUNTY, TEXAS
BY
DEPUTY
1-27-11

104

# FAX MESSAGE

**DATE:**   08/31/2012

**TO:**   FRED EDWARDS/ WALLER COUNTY S.O.

**FAX:**   979-826-7722

**PHONE:**   979-826-7718

**FROM:**   ED PEREZ

**FAX:**   760-530-5750

**PHONE:**   760-530-5700 EXT:  5881

**PAGES:**   3

**RE:**   IAD FORM V

**CC:**

**COMMENTS:**

Please complete the attached form.  Once I receive the form V back, I will complete the request here and forward the remaining documents to you.  If you have any questions please feel free to contact me at my direct line. 760-530-5881, if I do not answer please leave a message.

This message is intended for official use and may contain "SENSITIVE BUT UNCLASSIFIED (SBU) INFORMATION". If this message contains SENSITIVE BUT UNCLASSIFIED INFORMATION, it should be properly delivered, labeled, stored, and disposed of according to Federal Bureau of Prisons policy.

☐ URGENT

☐ PLEASE COMMENT

☑ PLEASE REVIEW

☐ FOR YOUR RECORDS



EXHIBIT

St - D

105

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEI**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

ADLANTH CA 2301 OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ $0.46 | 0445 |
| Certified Fee | 3.40 | 02 |
| Return Receipt Fee (Endorsement Required) | 2.55 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $6.11 | 05/02/2013 |

Sent To Ms. Linda T. McGrew, c/o Correctional Officer J.
Warden, FEE USP Knowles

Street, Apt. No.; or PO Box No. P.O. Box 5400

City, State, ZIP+4 Victorsville CA 92301

PS Form 3800, August 2006                 See Reverse for Instructions

EXHIBIT

St - E

106

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

1. Article Addressed to:

Ms. Linda T. McGrew
Warden, FEE-USP.
% Correctional Officer J. Kawabe
P.O. Box 5400
Victorsville, CA 92301

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below.    ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered    ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)

7012 1010 0001 9924 2234

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

102

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

CRIMINAL DISTRICT ATTORNEY
WALLER COUNTY
645 12TH STREET
HEMPSTEAD, TX 77445

RECEIVED

MAY - 9 2013

ELTON R. MATHIS
WALLER COUNTY DISTRICT ATTORNEY

(ERM)

144545

108



645 12th Street
Hempstead, Texas 77445

# Elton R. Mathis

Criminal District Attorney
Waller County

(979) 826-7718
(979) 826-7722 Fax

April 17, 2013

Texas Administrator – IAD
c/o Ms. Donna Bell
P.O. Box 99
Huntsville, Texas 77320

RE:     Dominique Dontae Lasker – Capital Murder Charges in the 506th Judicial District Court
of Waller County, Texas

Dear Ms. Bell:

It was a pleasure speaking to you earlier today. I am enclosing IAD Form VI for the return of Dominique Dontae Lasker to face capital murder charges in Waller County. Mr. Lasker is currently serving time in a federal prison facility in California for bank robbery. Do not hesitate to contact me with any questions or concerns you may have or if you need further documentation.

Sincerely yours,

Elton R. Mathis
Waller County District Attorney

Enc.

/09

IAD FORM VI – EVIDENCE OF AGENT'S AUTHORITY  CDFRM

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

Five copies. All copies, with original signatures by the Prosecutor and the Agents, should be sent to the Administrator in the RECEIVING State. After signing all copies, the Administrator should retain one copy for his file, send one copy to the Warden, Superintendent or Director of the Institution in which the prisoner is located and return two copies to the Prosecutor who will give one to the Agents for use in establishing their authority and place one in his file. One copy should also be forwarded to the Agreement Administrator in the sending file.

**Evidence of Agent's Authority to Act for Receiving State**

To:  (Administrator and Address)  FCC-USP
Linda T. McGrew, Warden    P.O. Box 5400
                          Victorville, CA 92301

| Inmate (Name and Register No.) | is confined in (Institution and address) |
|---|---|
| Lasker, Dominique Dontae  22867-298 | FCC Victorville Complex – USP  P.O. Box 5400  Adelanto, CA 92301 |

and will be taken into custody at said Institution on (date) _____ for return to the County of _____ WALLER _____, State of _ TEXAS _ for trial. In accordance with Article V(b), of said Agreement, I have designated:

Agent's Name and Department Represented
Samuel Maxwell    Waller Co. Sheriff's Office

Agent's Name and Department Represented
JAMES WATSON    Waller Co. Sheriff's Office

Agent's Name and Department Represented
Byron Frusset    Waller Co. Sheriff's Office

whose signatures appear below as Agents to return the prisoner.
(Agent's Signature)                    (Agent's Signature)

SEE ABOVE

| Dated | Prosecuting Official's Signature |
|---|---|
| 3-5-2013 | Elton R. Mathis Waller Co. D.A. |

a.  Title – Waller Co. D.A.    d. City/State – Hempstead, TX 77445
b.  County – Waller    e. Telephone No –
c.  Address – 645 12th Street    979 826-7718

**Evidence of Agent's Authority Continued**

To: (Warden-Superintendent-Director)

Linda T. McGraw, Warden

In accordance with the above representations and the provisions of the Agreement on Detainers, the persons listed above are hereby designated as Agents for the State of _____TEXAS_____ to return (Inmate's Name and Register No.) LASKER, DOMINIQUE DONTAE 22867-298 to the county of WALLER, State of TEXAS, for trial.

At the completion of the trial (Inmate) LASKER, DOMINIQUE DONTAE 22867-298 shall be returned to the (Institution and Address):

FCC Victorville Complex – USP
P.O. Box 5400
Adelanto, CA 92301

| Dated | Detainer Administrator's Signature |
|---|---|
|  |  |

a. Name –    c. City/State
b. Address –    d. Telephone No.

PDF    Prescribed by P5875

2



*Office of Inmate Systems*
*Victorville, California 92394*

Date:   April 8, 2013

From:   J. Kaawaloa
Title: Correctional Systems Officer
Phone: (760) 530-5882
Fax: (760) 530-5750

To: ELTON R. MATHIS
CRIMINAL DISTRICT ATTORNEY


Telephone: 979-826-7718
Fax: 979-826-7722


SUBJECT:  - LASKER, DOMINIGUE 22867-289


COMMENTS:   Attached is the Prosecutor's certification and the IAD form VI
evidence of agent's authority. I will need the originals before
we could make arrangements for pick up. If you have any
questions please give me a call.

Thank you,

J. Kaawaloa

PAGES (Including Cover Sheet) 4

EXHIBIT

St-F

BP-S565.051 **IAD / STATE WRIT - PROSECUTOR'S CERTIFICATION** CDFRM 02

U.S. DEPARTMENT OF JUSTICE                                      FEDERAL BUREAU OF PRISONS

This is to certify that I, ELTON R. MATHIS, Criminal District Attorney, hereby request temporary custody of LASKER, DOMINIQUE DONTAE, Federal Register Number 22867-298 via __X__ IAD ___ State Writ (check one), and do hereby agree to the following conditions in connecti with the request for custody of said inmate.

**Conditions**

a. Agree that said inmate will be provided safekeeping, custody, and care and will assume responsibility for that custody to include providing the inmate with the same level of security required by Bureau of Prisons Policy.

b. Agree to report to the Bureau of Prisons any problems associated with said inmate, to include disciplinary problems, medical emergencies, suicide attempt, escape or attempte escape or any other problem arising during commitment.

c. Agree not to release said inmate on bail or bond or to commit them to an institution fo service of any sentence imposed in connection with our prosecution.

d. Agree to return said inmate to the federal institution from which they were obtained at the conclusion of the inmate's appearance in the proceeding for which obtained.

e. Agree to notify the local jail authority of the responsibility to return the inmate to federal custody.

As the Prosecuting Official for the State of Texas I, ELTON R. MATHIS, Criminal District Attorney, hereby submit the following information in connection with my request for temporary custody of LASKER, DOMINIQUE DONTAE, Federal Register Number 22867-298.

**Information**

1. Name of facility, location, contact person, and phone number where the inmate will be confined during legal proceedings.

| | |
|---|---|
| 2. Scheduled date for trial. | 3. Projected date of return of the prisoner to federal custody: |

4. Name and phone number of the state agency, specific name of agent(s) who will transport the inmate at direction of the court and whether a private carrier, contractor (if permitted by Bureau of Prisons policy), state agency, or the USMS, will be transporting the inmate for the state.

5. Need for appearance of inmate and nature of action.

6. For State Writ cases only (not required for IAD):
   a. Name and address of court issuing writ, name of the judge, and name, address, and phone number of clerk of the court.

   b. Reason production on writ is necessary and reason another alternative is not available (for civil cases).

| 7. Signature and Title of Prosecutor | Date |
|---|---|

Subscribed and sworn before (Date): _____

| 8. Signature of Notary Public | Date |
|---|---|

Original - J&C File, Copy - Central File   This form replaces BP-S565 dtd FEB 94)

RECORDS

Five copies. All copies, with original signatures by the Prosecutor and the Agents, should be sent to the Administrator in the RECEIVING State. After signing all copies, the Administrator should retain one copy for his file, send one copy to the Warden, Superintendent or Director of the Institution in which the prisoner is located and return two copies to the Prosecutor who will give one to the Agents for use in establishing their authority and place one in his file. One copy should also be forwarded to the Agreement Administrator in the sending file.

### Evidence of Agent's Authority to Act for Receiving State

TO: (Administrator and Address)

| Inmate (Name and Register No.) | is confined in (Institution and address) |
|---|---|
| | |

and will be taken into custody at said Institution on (date) _____ for return to the County of _____, State of __ for trial. In accordance with Article V(b), of said Agreement, I have designated:

Agent's Name and Department Represented

Agent's Name and Department Represented

Agent's Name and Department Represented

whose signatures appear below as Agents to return the prisoner.
(Agent's Signature)                                    (Agent's Signature)

| Dated | Prosecuting Official's Signature |
|---|---|
| | |

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
  Item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____

☐ Agent
☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

1. Article Addressed to:

Warden, U.S. Penitentary
Victorville FCC
P.O. Box 3900
Adelanto, CA 92301

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7002 3150 0000 3033 7161

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

EXHIBIT

St-G

115



SAN BERNARDINO CA 92
UNITED STATES POSTAL SERVICE

14 JAN 2013 PM

First Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box

**CRIMINAL DISTRICT ATTORNEY**
**WALLER COUNTY**
**645 12TH STREET**
**HEMPSTEAD, TX 77445**

RECEIVED

JAN 1 8 2013

ELTON R. MATHIS
WALLER COUNTY DISTRICT ATTORNEY

Re: D. Lasker (F

116

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEI...**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com™

OFFICIAL USE

ADELANTO CA 9230

| | | |
|---|---|---|
| Postage | $ $2.70 | 0445 |
| Certified Fee | 2.95 | 05 |
| Return Reciept Fee (Endorsement Required) | 2.35 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ 8.20 | 01/10/2013 |

Sent To Warden, U.S. Penitentiary
Victorville FCC
Street, Apt. No.; or PO Box No. P.O. Box 3900
City, State, ZIP+4 Adelanto, CA 92301

PS Form 3800, June 2002          See Reverse for instructions

117

## Transmission Report

| | | | |
|---|---|---|---|
| Date/Time | 01-09-2013 | 04:06:37 p.m. | Transmit Header Text | WALLER CNTY D.A. MATHIS OFFICE |
| Local ID 1 | 9798267722 | | Local Name 1 | WALLER CNTY. DA OFFICE |
| Local ID 2 | | | Local Name 2 | |

### This document : Confirmed
### (reduced sample and details below)
### Document size : 8.5"x11"



645 12th Street
Hempstead, Texas 77445

# Elton R. Mathis
Criminal District Attorney
Waller County

(979) 826-7718
(979) 826-7722 Fax

January 2, 2013

Warden
United States Penitentiary
Victorville FCC,
P.O. Box 3900
Adelanto, California 92301

In Re: Inmate DOMINIGUE DONTAE LASKER, 22867-289
Request for Temporary Custody (IAD Form V)

Dear Warden,

Please find our county's request for temporary custody so that inmate Dominque Dontae Lasker may stand trial for Capital Murder in Waller County, Texas.

I have attached certified copies of the indictments and warrants in this matter. There are no fingerprints or photographs because the Defendant fled our jurisdiction before arrest. He was however interviewed by Texas Rangers there in California.

If there is anything more that is needed to facilitate this temporary transfer, please let me know.

Best Regards,

Frederick A. Edwards
First Assistant District Attorney
Waller County, Texas

Total Pages Scanned : 8          Total Pages Confirmed : 8

| No. | Job | Remote Station | Start Time | Duration | Pages | Line | Mode | Job Type | Results |
|---|---|---|---|---|---|---|---|---|---|
| 001 | 578 | 7605305750 | 04:04:15 p.m. 01-09-2013 | 00:01:41 | 8/8 | 1 | EC | HS | CP24000 |

Abbreviations:
| | | | | |
|---|---|---|---|---|
| HS: Host send | PL: Polled local | MP: Mailbox print | TU: Terminated by user | |
| HR: Host receive | PR: Polled remote | CP: Completed | TS: Terminated by system | G3: Group 3 |
| WS: Waiting send | MS: Mailbox save | FA: Fail | RP: Report | EC: Error Correct |

*118*



645 12th Street
Hempstead, Texas 77445

# Elton R. Mathis
Criminal District Attorney
Waller County

(979) 826-7718
(979) 826-7722 Fax

January 2, 2013

Warden
United States Penitentiary
Victorville FCC,
P.O. Box 3900
Adelanto, California 92301

In Re: Inmate DOMINIGUE DONTAE LASKER, 22867-289
Request for Temporary Custody (IAD Form V)

Dear Warden,

Please find our county's request for temporary custody so that Inmate Dominque Dontae Lasker may stand trial for Capital Murder in Waller County, Texas.

I have attached certified copies of the indictments and warrants in this matter. There are no fingerprints or photographs because the Defendant fled our jurisdiction before arrest. He was however interviewed by Texas Rangers there in California.

If there is anything more that is needed to facilitate this temporary transfer, please let me know.

Best Regards,

Frederick A. Edwards
First Assistant District Attorney
Waller County, Texas

119

BP-S568.051   IAD FORM V - REQUEST FOR TEMPORARY CUSTODY  CDFRM ~~~~ FEB 94
**U.S. DEPARTMENT OF JUSTICE**                           **FEDERAL BUREAU OF PRISONS**

Six copies. Signed copies must be sent to the prisoner and to the official who has the prisoner in
custody. A copy should be sent to the Agreement Administrator of both the sending and the receiving
state. Copies should be retained by the person filing the request and the judge who signs the request.
Prior to transfer under this Agreement, an Inmate may be afforded a judicial hearing (Cuyler) similar
to that provided under the Uniform Extradition Act, in which the inmate may bring a limited challenge
to the receiving state's request.

## Request for Temporary custody

To: (Warden-Superintendent-Director) - Institution and Address
United States Penitentiary, Victorville FCC., P.O. Box 3900, Adelanto, Ci 92301

Please be advised that (Name of Inmate) DOMINIQUE DONTAE LASKER 72867-298, who
is presently an inmate of your institution, is under [indicate appropriate]
(indictment)   (information)   (complaint)   in   the   (Jurisdiction)
506th District Ct. Waller County Texas, of which I am the (Title of Prosecuting
Officer) District Attorney                                    . Said inmate is
therein charged with the offense(s) enumerated below:

Offense(s)                                                        11-01-13

① Capital Murder 11-01-13 703, ② Capital Murder 11-01-13 704 ③ Capital Murder

I propose to bring this person to trial on this [indicate appropriate] (indictment) (information)
(complaint) within the time specified in Article IV(c) of the Agreement.

In order that proceedings in this matter may be properly had, I hereby request temporary custody of
such persons pursuant to Article IV(a) of the Agreement on Detainers.

Attached herewith find in triplicate:
a. Certified copies of the complaint, information or indictment
b. Certified copies of the warrant
c. Certified copies of fingerprints, photographs or physical description

I hereby agree that immediately after trial is completed in this jurisdiction, I will return the prisoner
directly to you or allow any jurisdiction you have designated to take temporary custody. I agree also
to complete Form IX, The Notice of Disposition of a Detainer, immediately after trial.

| Printed Name and Signature Elton R. Mathis | Title Criminal District Attorney | Date Nov 26, 2012 |
| Address: 645 12th Street | City/State: Hempstead, Texas 77445 | Telephone No.: 979-826-7718 |

I hereby certify that the person whose signature appears above is an appropriate officer within the
meaning of Article IV(a) and that the facts recited in this request for temporary custody are correct
and that having duly recorded said request, I hereby transmit it for action in accordance with its term
and the provisions of the Agreement on Detainers.

| Judge's Printed Name and Signature  Albert M. McCaig | Date Nov 26, 2012 |
| Court  506th Judicial District Court | Judicial District  506th |
| City/State  Hempstead, Waller County, Texas | Telephone No.  979-826- |

(This form may be replicated via WP)                          921-0921

**Albert M. McCaig, Jr.**
Judge, 506th Judicial District Court
Waller and Grimes Counties, Texas

NO. ___11-01-13735___

THE STATE OF TEXAS

VS.

DOMINIQUE DONTAE LASKER
B/M          DOB:  03/21/1984

Charge: CAPITAL MURDER
Section: 19.03
Degree: CAPITAL FELONY

IN THE DISTRICT COURT OF

WALLER COUNTY, TEXAS

_506th_ JUDICIAL DISTRICT

Filed
AT 1:05 O'Clock P M
PATRICIA JAMES SPRADACHENE
WALLER COUNTY, TEXAS
BY
DEPUTY
1-27-11

## INDICTMENT

**IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS;**

The Grand Jury for the County of Waller and the State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the January term, A.D. 2011 of the 506th Judicial District Court of said County, upon their oaths present in and to said Court at said term that DOMINIQUE DONTAE LASKER, hereinafter styled Defendant, on or about the 11TH day of MARCH, 2010, and before the presentment of this indictment, in Waller County, Texas, did then and there intentionally or knowingly cause the death of an individual, namely, Stanley Ray Jackson, by shooting Stanley Ray Jackson with a firearm, and did then and there intentionally or knowingly cause the death of another individual, namely, Janella Edwards, by shooting Janella Edwards with a firearm, and both murders were committed during the same criminal transaction.

The Grand Jury for the County of Waller and the State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the January term, A.D. 2011 of the 506th Judicial District Court of said County, upon their oaths present in and to said Court at said term that DOMINIQUE DONTAE LASKER, hereinafter styled Defendant, on or about the 11TH day of MARCH, 2010, and before the presentment of this indictment, in Waller County, Texas, did then and there intentionally cause the death of an individual, namely, Stanley Ray Jackson, by shooting Stanley Ray Jackson with a firearm, and the defendant was then and there in the course of committing or attempting to commit the offense of robbery of Stanley Ray Jackson.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Foreman of the Grand Jury

121

Cause No. 11-01-13703

THE STATE OF TEXAS

IN THE DISTRICT COURT OF

VS.

WALLER COUNTY, TEXAS

DOMINIQUE DONTAE LASKER
DISTRICT

506TH JUDICIAL

Black/Male    DOB: 03/21/84

CAPIAS INSTANTER

TO ANY PEACE OFFICER OF THE STATE OF TEXAS - GREETINGS:

YOU ARE HEREBY COMMANDED to arrest DOMINIQUE DONTAE LASKER and him safely keep so that you have him/her before the Honorable 506TH District Court of Waller County, Texas, at the Courthouse of said County, in Hempstead, Texas, instanter, then and there to answer the State of Texas upon an indictment pending in said Court, changing him with CAPITAL MURDER MULTIPLE, a felony.

HEREIN FAIL NOT, but make due return hereof to this Court forthwith, showing how you have executed the same.

Witness my hand and seal of office, at Hempstead, Texas, this 27th day of January, 2011.

PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS
BY:_____
Fran Haggard, Deputy

SHERIFF'S RETURN

CAME TO HAND the _____ day of _____, _____, at _____ o'clock ____.m., and executed by arresting _____
At _____, in _____ County, Texas, and placing him/her in the Waller County Jail on the _____ day of _____, _____.

I actually and necessarily traveled _____ miles in the service of this writ, in addition to any other mileage I may have traveled in the service of other process in this case during the same trip.

FEES:  Making Arrest                        _____ , Sheriff
       Mileage _____ miles               _____ County, Texas
       Taking Bond                         _____
       Commitment               By: _____
                                    Deputy

122

NO. _11-01-13704_

THE STATE OF TEXAS          IN THE DISTRICT COURT OF

VS.                              WALLER COUNTY, TEXAS

DOMINIQUE DONTAE LASKER      506 JUDICIAL DISTRICT
B/M            DOB: 03/21/1984

Charge: MURDER
Section: 19.02
Degree: FIRST DEGREE FELONY

## INDICTMENT

**IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS;**

       The Grand Jury for the County of Waller and the State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the January term, A.D. 2011 of the 506th Judicial District Court of said County, upon their oaths present in and to said Court at said term that DOMINIQUE DONTAE LASKER, hereinafter styled Defendant, on or about the 11TH day of MARCH, 2010, and before the presentment of this indictment, in Waller County, Texas, did then and there intentionally or knowingly cause the death of an individual, namely, Stanley Ray Jackson, by shooting Stanley Ray Jackson with a firearm.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Foreman of the Grand Jury

123

Cause No. 11-01-13704

THE STATE OF TEXAS                    IN THE DISTRICT COURT OF

VS.                                   WALLER COUNTY, TEXAS

DOMINIQUE DONTAE LASKER              506TH JUDICIAL
DISTRICT
Black/Male   DOB: 03/21/84
                    CAPIAS INSTANTER

TO ANY PEACE OFFICER OF THE STATE OF TEXAS - GREETINGS:

YOU ARE HEREBY COMMANDED to arrest DOMINIQUE DONTAE LASKER and him safely keep so that you have him/her before the Honorable 506TH District Court of Waller County, Texas, at the Courthouse of said County, in Hempstead, Texas, instanter, then and there to answer the State of Texas upon an indictment pending in said Court, changing him with MURDER, a felony.

HEREIN FAIL NOT, but make due return hereof to this Court forthwith, showing how you have executed the same.

Witness my hand and seal of office, at Hempstead, Texas, this 27th day of January, 2011.

PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS
BY: _____
        Fran Haggard, Deputy


SHERIFF'S RETURN

CAME TO HAND the _____ day of _____, _____, at _____ o'clock _____.m., and executed by arresting _____

At _____, in _____ County, Texas, and placing him/her in the Waller County Jail on the _____ day of _____,
_____.

I actually and necessarily traveled _____ miles in the service of this writ, in addition to any other mileage I may have traveled in the service of other process in this case during the same trip.

FEES: Making Arrest            _____ , Sheriff
      Mileage _____ miles    _____ County, Texas
      Taking Bond
      Commitment               By: _____
                                   Deputy

124

NO. _11 C1 13705_

THE STATE OF TEXAS

VS.

DOMINIQUE DONTAE LASKER
B/M            DOB:  03/21/1984

Charge: MURDER
Section: 19.02
Degree:  FIRST DEGREE FELONY

IN THE DISTRICT COURT OF

WALLER COUNTY, TEXAS

_506th_ JUDICIAL DISTRICT

## INDICTMENT

## IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS;

The Grand Jury for the County of Waller and the State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the January term, A.D. 2011 of the 506th Judicial District Court of said County, upon their oaths present in and to said Court at said term that DOMINIQUE DONTAE LASKER, hereinafter styled Defendant, on or about the 11TH day of MARCH, 2010, and before the presentment of this indictment, in Waller County, Texas, did then and there intentionally or knowingly cause the death of an individual, namely, Janella Edwards, by shooting Janella Edwards with a firearm.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_Paul A. Wood_
Foreman of the Grand Jury

Filed
AT _1:25_ O'Clock
PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS
BY
DEPUTY

125

Cause No. 11-01-13705

THE STATE OF TEXAS                    IN THE DISTRICT COURT OF

VS.                                   WALLER COUNTY, TEXAS

DOMINIQUE DONTAE LASKER              506TH JUDICIAL
DISTRICT
Black/Male    DOB: 03/21/84
                    CAPIAS INSTANTER

TO ANY PEACE OFFICER OF THE STATE OF TEXAS - GREETINGS:

     YOU ARE HEREBY COMMANDED to arrest DOMINIQUE DONTAE LASKER and him safely keep so that you have him/her before the Honorable 506TH District Court of Waller County, Texas, at the Courthouse of said County, in Hempstead, Texas, instanter, then and there to answer the State of Texas upon an indictment pending in said Court, changing him with MURDER, a felony.

     HEREIN FAIL NOT, but make due return hereof to this Court forthwith, showing how you have executed the same.

     Witness my hand and seal of office, at Hempstead, Texas, this 27th day of January, 2011.

PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS
BY: _____
    / Fran Haggard, Deputy

SHERIFF'S RETURN

     CAME TO HAND the _____ day of _____, _____, at _____ o'clock _____.m., and executed by arresting _____

At _____, in _____ County, Texas, and placing him/her in the Waller County Jail on the _____ day of _____,

_____.

     I actually and necessarily traveled _____ miles in the service of this writ, in addition to any other mileage I may have traveled in the service of other process in this case during the same trip.

FEES: Making Arrest
      Mileage _____ miles
      Taking Bond
      Commitment

_____, Sheriff
_____ County, Texas
_____
By: _____
      Deputy

<u>Office of the Correctional Systems</u>   Victorville, California

January 31, 2013

Office of the District Attorney
Elton R. Mathis, Criminal District Attorney
Waller County
506th Judicial District
645 12th Street
Hempstead, Texas 77445

Re: Lasker, Dominique Dontae
    Register Number 22867-289280
    STATE CASE/REFERENCE NO. 11-01-13703; 11-01-13704; 11-01-13705

Dear Mr. Mathis:

In response to your request for temporary custody pursuant to the Interstate Agreement on Detainers Act (IADA), applicable forms are enclosed.

Please be advised subject has been notified of your request and has been afforded a 30-day period in which to contact the Warden of this institution as to any reasons why he should not be

produced in your State pursuant to the Agreement.

 X  The inmate has waived this 30-day period.  You may contact this facility directly to arrange for temporary custody.


___  The inmate has elected this 30-day period, provided under Article IV(a), which expires on (___DATE__).   Any court proceedings must occur after this date.

Please remit to this office the <u>original</u> completed Form VI, "Evidence of Agent's Authority to Act for Receiving State" (BP-A564) and <u>originals</u> of the IAD Form V (BP-568) and IAD FormVI (BP-565). The persons designated as agents to return the prisoner to your State must also be the persons whose signatures appear on the Form VI.  Naming alternative agents would be advisable in case your primary agents cannot make the trip.  The alternate agents' signatures should also appear on the Form VI.  Also be advised that the designated agents must have in their possession a copy of the warrant when assuming custody of the prisoner.



EXHIBIT
St-14

127

Page Two
RE:   Lasker, Dominique Dontae
      Register No. 22867-289

Inmates who are temporarily transferred pursuant to the IAD remain
under the primary jurisdiction of Federal authorities.  Should you
accept temporary custody of this inmate, we wish to remind you that
under Article V(e) of the IADA, you are required to return the above-
named inmate to this institution after prosecution on all pending
charges.

While this inmate is in your temporary custody, he/she will be held in
a suitable jail that meets the level of security required by the Bureau
of Prisons.  In addition, security requirements for the inmate must
be met.  Two law enforcement escort officers, handcuffs, martin chains
and leg irons are required.  Contract Guard Services are not allowed.

Any problems associated with this inmate must be reported to the
individual listed below.  This inmate may not be released on bail or
bond or any other agency while in your custody.  Additionally, this
inmate is not to be committed to a state correctional institution for
service of any state sentence(s) that may be imposed because of your
prosecution.

To help us with processing, please fill out the enclosed certification
form and return to us before scheduling a date for assuming custody.
Before making scheduling arrangements, please contact this individual
below to ensure all required paperwork and approvals have been met.

If you have any questions on this matter, please call: D.
Wren, Supervisory Correctional Systems Specialist at 760-530-
5748.

                          Sincerely

                          Linda T. McGrew, Warden

                          /s/ D.
                          Wren, SCSS


Enclosures:   BP-Forms A235, A236, A238, A239
              BP-A565, IAD/State Writ - Prosecutor's Certification Form

cc:   Clerk of Court
      State IADA Administrator

128



U.S. Department of Justice

**Federal Bureau of Prisons**

*Office of Inmate Systems*
*Victorville, California 92394*

Date:    April 9, 2013

From:    J. Kaawaloa
Title: Correctional Systems Officer
Phone: (760) 530-5882
Fax: (760) 530-5750

To: ELTON R. MATHIS
    CRIMINAL DISTRICT ATTORNEY

Telephone: 979-826-7718
Fax: 979-826-7722

SUBJECT:    LASKER, DOMINIGUE 22867-289

COMMENTS:    I have received your letter that was addressed to the Warden
             dated 03-20-2013. I will go over it and give Jose Hester. If I
             need anything I will give you a call.

Thank you,

J. Kaawaloa

PAGES (Including Cover Sheet) 1



EXHIBIT

St - I



645 12th Street
Hempstead, Texas 77445

# Elton R. Mathis

Criminal District Attorney
Waller County

(979) 826-7718
(979) 826-7722 Fax

May 1, 2013

Ms. Linda T. McGrew
Warden, FCC-USP
c/o Correctional Officer J. Kaawaloa
P.O. Box 5400
Victorsville, CA 92301

RE:     Dominique Lasker, 22867-298

Dear Warden McGrew:

    Please find enclosed IAD Form VI signed by the Texas IAD Administrator. I believe this was the last form needed to effectuate the transfer of Dominique Lasker into Texas custody. Please do not hesitate to contact me with any questions or concerns you may have, and let Chief Deputy Joe Hester at the Waller County Sheriff's Office (979-826-8282) know when Mr. Lasker is ready for transport. Thank you for your help in these matters.

                Sincerely yours,

                Elton R. Mathis
                Waller County District Attorney

Enc.

Cc:    R. Glenn Smith
       Waller County Sheriff

EXHIBIT
S1 J
13º

BP-A0564
APR 10

IAD FORM VI - EVIDENCE OF AGENT'S AUTHORITY  CDFRM

U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

Five copies. All copies, with original signatures by the Prosecutor and the Agents, should be sent to the Administrator in the RECEIVING State. After signing all copies, the Administrator should retain one copy for his file, send one copy to the Warden, Superintendent or Director of the Institution in which the prisoner is located and return two copies to the Prosecutor who will give one to the Agents for use in establishing their authority and place one in his file. One copy should also be forwarded to the Agreement Administrator in the sending file.

### Evidence of Agent's Authority to Act for Receiving State

To:   (Administrator and Address)  FCC - USP
Linda T. McGrew, Warden      P.O. Box 5400
                             Victorville, CA  92301

| Inmate (Name and Register No.) | is confined in (Institution and address) |
|---|---|
| Lasker, Dominique Dontae  22867-298 | FCC Victorville Complex – USP  P.O. Box 5400  Adelanto, CA  92301 |

and will be taken into custody at said Institution on (date) _____ for return to the County of _____ WALLER _____, State of _ TEXAS _____ for trial.  In accordance with Article V(b), of said Agreement, I have designated:

Agent's Name and Department Represented

_Samuel Maxwell_  Waller Co. Sheriff's Office

Agent's Name and Department Represented

_JAMES WATSON_  Waller Co. Sheriff's Office

Agent's Name and Department Represented

_Byron Fausset_  Waller Co. Sheriff's Office

whose signatures appear below as Agents to return the prisoner.
(Agent's Signature)                              (Agent's Signature)

SEE ABOVE

| Dated | Prosecuting Official's Signature |
|---|---|
| 2-5-2013 | _Elton R. Mathis Waller Co. D.A._ |

131

a. Title - Waller Co. D.A.          d. City/State - Hempstead, TX 7744
b. County - Waller                  e. Telephone No -
c. Address - 645 12th Street                     979 826-7718

## Evidence of Agent's Authority Continued

To: (Warden-Superintendent-Director)

Linda T. McGraw, Warden

In accordance with the above representations and the provisions of the Agreement
on Detainers, the persons listed above are hereby designated as Agents for the
State of ___TEXAS_____ to return
(Inmate's Name and Register No.) LASKER, DOMINIQUE DONTAE
22867-298 to the county of ___WALLER_____, State of
___TEXAS_____, for trial.

At the completion of the trial (Inmate) LASKER, DOMINIQUE DONTAE
22867-298 shall be returned to the (Institution and
Address):

FCC Victorville Complex - USP
P.O. Box 5400
Adelanto, CA 92301

| Dated | Detainer Administrator's Signature |
|-------|-----------------------------------|
| 4-26-13 | Jon M White |

a. Name - T.D.C.J.              c. City/State  Huntsville, Texas 77342
b. Address P.O. Box 99          d. Telephone No. 936-437-6484
PDF                             Prescribed by P5875

2

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL™

TEX

Cla:
Det:
P.O
Hun

7011 0470 0001 6549 2771

Waller County
District Attorney
645 12th Street
Hempstead, Texas 77445
Attn: Elton R. Mathis

77445₄₄₄₅



RECEIVED

MAY - 1 2013

133

C    —    C

Cause No. 11-01-13703
11-01-13704
11-01-13705

STATE OF TEXAS                IN THE DISTRICT COURT

v.                             WALLER COUNTY, TEXAS

Dominique Dontae Lasker      §      506TH JUDICIAL DISTRICT

§
§
§

# SCHEDULING ORDER - CRIMINAL

Defendant and counsel shall be present at all hearings. Except as otherwise modified by the Court, and pursuant to Article 28.01 of the Texas Code of Criminal Procedure, a Pretrial Hearing and other matters are hereby Ordered set as follows:

1. _____    9:00 a.m.     **ARRAIGNMENT**

2. _1-22-14_ ✓    ~~10:00 a.m.~~    **MOTIONS & PLEAS**
                 1:30        All parties and Counsel shall be present and prepared to discuss all issues allowed under C.C.P., Art. 28.01.

3. _2-11-14_ ✓    ~~1:30 p.m.~~    **HEARINGS & BENCH TRIALS** _Suppression_
                 9:00       R/S from 1-10-14    _Hearing_

4. **On or before 10-days before Pretrial Hearing Date** all C.C.P., Art. 28.01 matters must be filed or will be considered waived.

5. _2-14-14_ ✓    ~~10:00 a.m.~~    **PRETRIAL HEARING**
                 9:00       Pretrial hearing date is also the Plea Bargain Cutoff date. State and Defendant will announce whether the case will plead or if a trial is required, and whether trial is to the Court or to a jury.

At the Pretrial hearing all motions and other matters not previously ruled on will be heard. All parties must file and serve on opposing counsel the following: 1) Motions in Limine; 2) briefs and authorities on known issues that will be presented for hearing. Further, all counsel shall advise the Court of any special needs for presentation of their case, including technology requirements, interpreters or accommodation for disabilities.

6. _2-24-14_ ✓    9:00 a.m.     **JURY TRIAL**
                                 Final trial date & time will be set immediately after the Pretrial hearing.

**Defendant has received a copy of the Indictment and is the same person charged therein. Defendant waives formal Arraignment and reading of the Indictment and enters a plea of NOT GUILTY.**

Dated: _1-8-14_ , replacing prior Scheduling Orders.

_Frank Blazek_

_____     Counsel for Defendant         _____
Defendant's Signature       _Billy Carter_              Counsel for State

_____
ALBERT M. McCAIG, JR., Judge Presiding

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## DEFENDANT'S FIRST MOTION FOR CONTINUANCE

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Defendant, **DOMINIQUE DONTAE LASKER**, by and through his attorney, Frank Blazek, and submits this his First Motion for Continuance, and would show the Court the following:

1.      This cause is set for Motions and Pleas on January 22, 2014.

2.      Defense Counsel, Frank Blazek, is scheduled for trial beginning January 21, 2014, in Cause No. 25,790 - *The State of Texas v. Plato August Splawn, Jr.*, in the 12th Judicial District Court of Walker County, Texas. The case is first on the docket. The charge is attempted capital murder and it is anticipated that the trial will continue through the end of the week and possibly into the next week.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Honorable Court grant a continuance to Friday, February 7, 2014, at 1:30 p.m.

Respectfully submitted,

SMITHER, MARTIN,
HENDERSON & BLAZEK, P.C.
1414 11th Street
Huntsville, Texas 77340
(936) 295-2624
(936) 294-9784 [Telecopier]

By:_____
Frank Blazek
State Bar No. 02475500

/35

William F. Carter
State Bar No. 03932800
108 E. William J. Bryan Parkway
Bryan, Texas 77803-5334
(979) 779-0712
(979) 779-9243 [Telecopier]

ATTORNEYS FOR DEFENDANT

136

# VERIFICATION

THE STATE OF TEXAS   §
                   §
COUNTY OF WALKER   §

BEFORE ME, the undersigned Notary Public, on this day personally appeared **FRANK BLAZEK**, who, being by me duly sworn on oath deposed and said that he is the Attorney for Defendant in the above entitled and numbered cause; that he has read the Motion for Continuance; and that the facts stated therein are true.



_____
FRANK BLAZEK

SUBSCRIBED AND SWORN TO BEFORE ME on the 17th day of January, 2014, to certify which witness my hand and official seal.

MARILYN BATTERTON
Notary Public
STATE OF TEXAS
My Comm. Exp. June 30, 2016

_____
Notary Public, State of Texas

---

137

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing *Defendant's First Motion for Continuance* has been forwarded to opposing counsel on this the ___ day of January, 2014, by facsimile to 1-979-826-7722, addressed as follows:

Elton R. Mathis
Criminal District Attorney
645 12th Street
Hempstead, Texas 77445

_____
Frank Blazek

*138*

CAUSE NO. 11-01-13705

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## ORDER

BE IT REMEMBERED, that on the _21st_ day of January, 2014, came on to be considered the above and foregoing Motion for Continuance. After consideration of the same, it is the opinion of the Court that Defendant's Motion be:

X̸ GRANTED, and the present cause is hereby continued until _February 7_ 2014, at _1:30_ p.m. ✓

( ) DENIED, to which ruling the Defendant excepts.

SIGNED: _January 21, 2014_

_[signature]_

JUDGE PRESIDING

_139_

CAUSE NO. 11-01-13705

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

MOTION TO SUPPRESS CONFESSION

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Defendant, **DOMINIQUE DONTAE LASKER**, by and through his attorneys, Frank Blazek and William Carter, and submits this his Motion to Suppress Confession, and for cause would show the following:

1.     Defendant would show that the State intends to offer an alleged confession of the Defendant; that said confession was taken without his attorney being present, in violation of the Defendant's right to have his attorney present to consult with under Article I, Section 10 of the Constitution of the State of Texas and the 6th Amendment of the United States Constitution; that said confession was taken involuntarily from the Defendant in response to threats, in violation of his right to remain silent as protected by Article I, Section 10 of the Constitution of the State of Texas and the 5th Amendment of the United States Constitution; that said confession was taken in violation of his right to due process as protected by the 5th and 6th Amendments of the United States Constitution and the 14th Amendment thereto; and that said confession was taken in violation of his right to due course of law as established by Article I, Section 19 of the Texas Constitution. Admission of said confession would be in violation of Article 38.22 and Article 38.23, Code of Criminal Procedure.

2.     Defendant's purported confession is not audible on the tape. The jury would be required to speculate as to the statement actually made by the Defendant. The tape does contain many statements made by law enforcement that characterize the evidence developed in the investigation and relate their account of what statement they purport the Defendant has

/40

made. Such statements by law enforcement on the recording constitute a speaking offense report and are inadmissible hearsay. To the extent that they are a statement of what they contend the Defendant told them, they constitute a violation of Code of Criminal Procedure Art. 38.22, which requires that Defendant's statement be recorded, not the officers' verbal account thereof.

3. Defendant is entitled to a hearing on this matter wherein the State should be required to prove beyond a reasonable doubt that any confession which the State intends to offer was lawfully obtained and that the Defendant's rights under the Constitutions and the laws of the State of Texas and the United States were fully protected. Defendant is entitled to such hearing outside the presence of the jury and prior to the trial on this matter.

WHEREFORE, PREMISES CONSIDERED, the Defendant would urge this Court to set this hearing prior to trial and that, at the conclusion of that hearing, any confession or statement by the Defendant, whether written, oral, or otherwise, and the recorded statements by peace officers during the interview wherein the officers recount evidence against the Defendant and state their version of what the Defendant has told them proffered by the State be suppressed and the State be ordered not to refer to, or introduce, any such confessions or statements by the Defendant in the presence of the jury.

Respectfully submitted,

SMITHER, MARTIN,
HENDERSON & BLAZEK, P.C.
1414 11th Street
Huntsville, Texas 77340
(936) 295-2624
(936) 294-9784 [Telecopier]

By _____
Frank Blazek
State Bar No. 02475500

141

William F. Carter
State Bar No. 03932800
108 E. William J. Bryan Parkway
Bryan, Texas 77803-5334
(979) 779-0712
(979) 779-9243 [Telecopier]

ATTORNEYS FOR DEFENDANT

## Certificate of Service

I do hereby certify that a true and correct copy of the above and foregoing *Motion to Suppress Confession* has been forwarded to opposing counsel on this the 7th day of February, 2014, by facsimile to 1-979-826-7722 and addressed as follows:

Elton R. Mathis
Criminal District Attorney
645 12th Street
Hempstead, Texas 77445

_____
Frank Blazek

142

CAUSE NO. 11-01-13705

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## ORDER

BE IT REMEMBERED, that on the _____ day of _____, 2014, came on to be considered the above and foregoing Motion to Suppress Confession. After consideration of the same, it is the opinion of the Court that Defendant's Motion be:

( )    GRANTED.

( )    DENIED, to which ruling the Defendant excepts.

SIGNED:


                                                  _____
                                                  JUDGE PRESIDING

143

# 506th Judicial District Court

Albert M. McCaig, Jr., Judge



www.Court506.com

**Court Coordinator**
Susie Schubert

**Court Reporter**
Robyn S. Wiley
----------------------
Grimes County
**Waller County**

836 Austin Street, Suite 307
Hempstead, Texas 77445
Fax: 979.826.9149
Ofc: 979.921.0921

April 4, 2014

## Notice of Preferential Trial Setting
## Waller County

Frank Blazek
Attorney at Law
1414 11th Street
Huntsville, Texas  77340

William Carter
Attorney at Law
108 E. Wm. J. Bryan
Bryan, Texas  77803

Honorable Elton Mathis
Criminal District Attorney
Waller County, Texas
645 12th Street
Hempstead, Texas  77445

> Re:  Cause #11-01-13703, 11-01-13704 & 11-01-13705
> State of Texas vs Dominique Dontae Lasker
> 506th Judicial District Court of Waller County, Texas
>
> Motions:  **October 6, 2014 at 9:00 a.m.**
> Jury Trial Setting:  **March 30, 2015 at 9:00 a.m.**

The referenced matter has been preferentially set as stated above. Please see the Rules of the Second Administrative Judicial Region of Texas for further explanation of preferentially set matters.

Please contact the Court Coordinator for a continuance or request for resetting the matter. Unless prior approval for a continuance or reset of a preferentially set matter is obtained from the Court the matter will be called as stated.

SUSIE SCHUBERT
Court Coordinator

c:  District Clerk

144

Cause No. 11-01-13703
11-01-13704
11-01-13705

STATE OF TEXAS

v.

Dominique Dontae Lasker

§
§
§
§
§
§

IN THE DISTRICT COURT

WALLER COUNTY, TEXAS

506ᵀᴴ JUDICIAL DISTRICT

## SCHEDULING ORDER - CRIMINAL

Defendant and counsel shall be present at all hearings. Except as otherwise modified by the Court, and pursuant to Article 28.01 of the Texas Code of Criminal Procedure, a Pretrial Hearing and other matters are hereby Ordered set as follows:

1. _____  1:30 p.m.  **ARRAIGNMENT**

2. 10-6-14 ✓  9:00 a.m.  **MOTIONS & PLEAS**
   All parties and Counsel shall be present and prepared to discuss all issues allowed under C.C.P., Art. 28.01.

3. _____  _____  **HEARINGS & BENCH TRIALS**

4. **On or before 10-days before Pretrial Hearing Date** all C.C.P., Art. 28.01 matters must be filed or will be considered waived.

5. _____  9:00 a.m.  **PRETRIAL HEARING**
   Pretrial hearing date is also the Plea Bargain Cutoff date. State and Defendant will announce whether the case will plead or if a trial is required, and whether trial is to the Court or to a jury.

At the Pretrial hearing all motions and other matters not previously ruled on will be heard. All parties must file and serve on opposing counsel the following: 1) Motions in Limine; 2) briefs and authorities on known issues that will be presented for hearing. Further, all counsel shall advise the Court of any special needs for presentation of their case, including technology requirements, interpreters or accommodation for disabilities.

6. 3-30-15  9:00 a.m.  **JURY TRIAL** Pref Set
   Final trial date & time will be set immediately after the Pretrial hearing.

**Defendant has received a copy of the Indictment and is the same person charged therein. Defendant waives formal Arraignment and reading of the Indictment and enters a plea of NOT GUILTY.**

Dated: 4-4-14 , replacing prior Scheduling Orders.

_____
Defendant's Signature

Frank Blazek
_____
Counsel for Defendant
Billy Carter

_____
Counsel for State

_____
ALBERT M. McCAIG, JR., Judge Presiding

Copies:    White--Clerk        Yellow--State        Pink--Defendant        Gold--Defendant's Attorney

145



CAUSE NO. 11-01-13703
CAUSE NO. 11-01-13704
CAUSE NO. 11-01-13705

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

### AGREED MOTION FOR TRANSCRIPTION OF PRETRIAL HEARINGS

TO THE HONORABLE JUDGE OF SAID COURT:

Now Defendant, DOMINIQUE DONTAE LASKER, by and through his attorneys of record, with the consent and approval of the state of Texas, and submits this his Agreed Motion for Transcription of Pretrial Hearings and for cause would show the Court the following:

1.     Defendant intends to apply for a writ of mandamus with the appellate courts of Texas seeking dismissal of this cause in accordance with the Interstate Agreement on Detainers. The Court's denial of that motion is based on the events and stipulations that occurred at various pretrial hearings.   Any application for such a writ will require that those hearings be transcribed.

2.     Undersigned counsel certifies that he has consulted with Assistant District Attorney Fred Edwards and the State agrees that these hearing be transcribed.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court will Order the Court Reporter to transcribe the pretrial hearings herein and provide copies to the State and defense counsel.

*J 4 6*

Respectfully submitted,

SMITHER, MARTIN,
HENDERSON & BLAZEK, P.C.
1414 11th Street
Huntsville, Texas 77340
(936) 295-2624
(936) 294-9784 [Telecopier]

By _____
Frank Blazek
State Bar No. 02475500

William F. Carter
State Bar No. 03932800
108 E. William J. Bryan Parkway
Bryan, Texas 77803-5334
(979) 779-0712
(979) 779-9243 [Telecopier]

ATTORNEYS FOR DEFENDANT

## Certificate of Service

I do hereby certify that a true and correct copy of the above and foregoing *Motion for Transcription of Pretrial Hearings* has been forwarded to opposing counsel on this the _____ day of March, 2014, by facsimile to 1-979-779-9243; and addressed as follows:

Elton R. Mathis
Criminal District Attorney
645 12th Street
Hempstead, Texas 77445

_____
Frank Blazek

CAUSE NO. 11-01-13703
CAUSE NO. 11-01-13704
CAUSE NO. 11-01-13705

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## ORDER

BE IT REMEMBERED, that on the 9th day of April , 2014, came on to

be considered the above and foregoing Agreed Motion for Transcription of Pretrial Hearings.

After consideration of the same, it is the opinion of the Court that Defendant's Motion be:

(X)   GRANTED, and the Court Reporter is hereby ORDERED to transcribe the pretrial hearings held herein and provide copies to the State and defense counsel.

( )   DENIED, to which ruling the Defendant excepts.

SIGNED:  April 9 , 2014.

_____
JUDGE PRESIDING

APPROVED:

_____
Elton Mathis   by F.H. Edwards
Asst Criminal District Attorney
Waller County, Texas

By:_____

148

CAUSE NO. 11-01-13705

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## ORDER

BE IT REMEMBERED, that on the _11th_ day of _February_, 2014, came on to

be considered the above and foregoing Motion to Dismiss. After consideration of the same, it

is the opinion of the Court that Defendant's Motion be:

( )  GRANTED, and the indictment is hereby dismissed with prejudice.

(X)  DENIED, to which ruling the Defendant excepts.

SIGNED: On _July 2_, 2014, although ruled on
March 11, 2014

_____
JUDGE PRESIDING

CAUSE NO. 11-01-13705

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## MOTION TO DISMISS FOR VIOLATION
## OF THE INTERSTATE AGREEMENT ON DETAINERS

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes the Defendant, **DOMINIQUE DONTAE LASKER**, by and through his attorneys of record, and submits this his Motion to Dismiss for Violation of the Interstate Agreement on Detainers and for cause would show the Court the following:

1.     On February 11, 2014, a hearing was held in this Court concerning Defendant's First Amended Motion to Dismiss. In that motion Defendant argued that the State had violated the 180-day rule of the Interstate Agreement on Detainers (IADA). That rule requires the State commence the trial of the charge within 180 days of receiving a request for speedy disposition of a detainer. Tex. Code of Criminal Procedure Art. 51.14, Art. III (a). At the February hearing, the State argued that the two requests for speedy disposition made by Defendant were deficient and that the 180-day rule did not apply, but that the 120-day rule of Art. IV (c) of the IADA applied. This motion is intended to make clear that, assuming arguendo that the 120-day rule applied, Defendant is still entitled to a dismissal under the IADA.

2.     At the February hearing the following facts were established by stipulation, by clear documentation in the Court's file or the transcription of notes from the pretrial hearings:

a.     Defendant was indicted in this cause on January 27, 2011.

150

b.	Defendant was sentenced to federal prison on December 16, 2011, on an unrelated charge.

c.	While in the federal prison and with a detainer lodged against him for this offense Defendant filed a first request for speedy disposition which was received by the Court on July 16, 2012, and the District Attorney on July 19, 2012.

d.	While in the federal prison and with a detainer lodged against him for this offense Defendant filed a second request for speedy disposition which was received by the Court and the District Attorney on February 8, 2013. The second request was mailed by certified mail.

e.	The State of Texas acquired Defendant's presence in Waller County on May 24, 2013.

f.	On June 4, 2013, Defendant appeared in Court and was appointed counsel after his indigency was determined. The Defendant informed the Court that he had motions on file and wanted them to be heard. The Court informed him they were not scheduled to be heard at that time and that he needed to consult with his attorney before proceeding.

g.	The next court date was September 9, 2014. At that hearing Defendant invoked his rights to a speedy trial under the IADA. On that day the Court granted the State's motion for continuance based on the delay in getting the Defendant from the federal authorities, the seriousness of the charge, the availability of providing adequate and competent counsel and the complexity of the case.

/5/

3.     If either of Defendant's requests for speedy disposition is deemed sufficient, then the 180-day rule applies and Defendant is entitled to a dismissal because the 180 days lapsed before the continuance was granted.

4.     Assuming arguendo that both requests are deficient, then the 120-day rule applies. Defendant is still entitled to a dismissal because the continuance was not granted for good cause. A trial did not commence within 120 days of his arrival.

5.     Defendant believes it was necessary to file this motion because, although the 120-day rule was invoked on September 9, 2013, Counsel for Defendant only invoked the 180-day rule at the February 11, 2014 hearing. Counsel did not want to waive any right to a dismissal for violation of the 120-day rule should it be determined that 180-day rule was not applicable.

6.     Defendant believes that it is appropriate for the Court to rule on this motion by submission. The relevant facts are clearly developed in the record and the prior court hearings have been transcribed for review.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court will Order the indictment herein be dismissed with prejudice.

Respectfully submitted,

SMITHER, MARTIN,
HENDERSON & BLAZEK, P.C.
1414 11th Street
Huntsville, Texas  77340
(936) 295-2624
(936) 294-9784 [Telecopier]

By _____
Frank Blazek
State Bar No. 02475500

152

William F. Carter
State Bar No. 03932800
108 E. William J. Bryan Parkway
Bryan, Texas 77803-5334
(979) 779-0712
(979) 779-9243 [Telecopier]

ATTORNEYS FOR DEFENDANT

## Certificate of Service

I do hereby certify that a true and correct copy of the above and foregoing *Motion to Dismiss for Violation of the Interstate Agreement on Detainers* has been forwarded to opposing counsel on this the ⏡⏡th day of July, 2014, by U.S. Mail, postage prepaid, and addressed as follows:

Elton R. Mathis
Criminal District Attorney
645 12th Street
Hempstead, Texas 77445

_____
Frank Blazek

153

CAUSE NO. 11-01-13705

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## ORDER

BE IT REMEMBERED, that on the _14th_ day of _July_____, 2014, came on to be considered the above and foregoing Motion to Dismiss for Violation of the Interstate Agreement on Detainers. After consideration of the same, it is the opinion of the Court that Defendant's Motion be:

( )     GRANTED, and the indictment is hereby dismissed with prejudice.

(X)     DENIED, to which ruling the Defendant excepts.

SIGNED: _____July 15_____, 2014.

JUDGE PRESIDING

154

# Attorney Fee Voucher

| 1. Jurisdiction<br>☒ District ☐ County<br>☐ County Court at Law<br>Court # _506th_ | 2. County<br>_Waller_<br>~~Grimes~~ | 3. Cause Number     Offense<br>_11-01-13703 Capital Murder_<br>_11-01-13704 Murder_<br>_11-01-13705 Murder_ | 4. Proceedings<br>☐ Trial-Jury ☐ Trial-Court<br>☐ Plea-Open ☐ Plea-Bargain<br>☐ Other _____ |
|---|---|---|---|

**5. In the case of:** State of Texas v _Dominique Dontae Lasker_

**6. Case Level**

☒ Felony I ☐ Felony II ☐ Felony III ☐ Felony SJ ☐ Misdemeanor ☐ Juvenile ☐ Appeal ☒ Capital Case

☐ Revocation – Felony ☐ Revocation – Misdemeanor ☐ No Charges Filed ☐ Other _____

| 7. Attorney (Full Name)<br>_Frank Blazek_ | 9. Attorney Address (Include Law Firm Name if Applicable)<br>**Smither, Martin, Henderson & Blazek, P.C.**<br>**1414 11th Street**<br>**Huntsville, Texas 77340** | 10. Telephone<br>_295-2624_ |
|---|---|---|
| 8. State Bar Number<br>_02475500_    8a. Tax ID Number<br>_76-0311086_ | | 11. Fax<br>_294-9784_ |

| 12. Flat Fee – Court Appointed Services | | | | 12a. Total Flat Fee<br><br>$ |
|---|---|---|---|---|

| 13. | In Court Services<br>_See attached_ | Hours<br>_12.0_ | Dates | 13a. Total In Court Compensation.<br><br>_2400.00_<br>$ |
|---|---|---|---|---|
| | Rate per Hour =<br>_$200_   Total hours<br>_12_ | | | |

| 14. | Out of Court Services<br>_See attached_ | Hours<br>_91.1_ | Dates | 14a. Total Out of Court Compensation.<br><br>$ _18220.00_ |
|---|---|---|---|---|
| | Rate per Hour =<br>_$200_   Total hours<br>_91.1_ | | | |

| 15. | Investigator | | Amount | 15a. Total Investigator Expenses<br>$ |
|---|---|---|---|---|

| 16. | Expert Witness | | Amount | 16a. Total Expert Witness Expenses<br>$ |
|---|---|---|---|---|

| 17. | Other Litigation Expenses<br>_See attached_ | | Amount | 17a. Total Other Litigation Expenses<br>$ _854.55_ |
|---|---|---|---|---|

**18. Time Period of service Rendered:** From _6/6/13_ to _7/11/14_

| 19. Additional Comments | 20. Total Compensation and Expenses Claimed<br>$ _21474.55_ |
|---|---|

**21. Attorney Certification –** I, the undersigned attorney, certify that the above information is true and correct and in accordance with the laws of the State of Texas. The compensation and expenses claimed were reasonable and necessary to provide effective assistance of counsel.

☐ Final Payment ☒ Partial Payment    _[signature]_    _7-14-14_
Signature                  Date

**22. SIGNATURE OF PRESIDING JUDGE:** _[signature]_

Amount Approved: _$21,474.55_

Reason(s) for Denial or Variation

AT _____ 10:59 ___ O'Clock _A_ M
TRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS
BY _____ 1 P
DEPUTY



No. 11-01-13703, No. 11-01-13704 and No. 11-01-13705 - *The State of Texas v. Dominique Dontae Lasker*; In the 506th Judicial District Court of Waller County, Texas

| Date | Description | Time |
|---|---|---|
| **In-Court:** | | |
| 9-9-13 | Court appearance (motions) | 4.00 hrs. |
| 11-4-13 | Court appearance (motions) | 4.00 hrs. |
| 2-11-14 | Court appearance (motions) | 4.00 hrs. |
| **Total In-Court** | | 12.00 hrs. |
| | | |
| **Out-of-Court:** | | |
| 6-6-13 | Telephone conference with Judge McCaig | .25 hr. |
| 6-9-13 | Review internet accounts; visit client in jail | 5.00 hrs. |
| 6-10-13 | Telephone conference with potential co-counsel | .25 hr. |
| 6-11-13 | Telephone call to DA (left message); search internet for information regarding client | 1.00 hrs. |
| 6-13-13 | Telephone conference with DA | .50 hr. |
| 7-11-13 | Telephone conference with potential co-counsel | .50 hr. |
| 7-12-13 | Motion for Appointment of Attorney as Co-Counsel in each case; Waiver of Arraignment and Entry of Plea of Not Guilty in each case | 1.50 hr. |
| 7-15-13 | Telephone conference with client's wife; telephone conference with client's California attorney | .70 hr. |
| 7-23-13 | Call to jail for booking information | .30 hr. |
| 8-27-13 | Telephone conference with ADA Edwards | .25 hr. |
| 8-28-13 | Telephone conferences (2) with DA; telephone conference with co-counsel; visit client; visit with DA and ADA Edwards; letter from client | 8.00 hrs. |

C:\NetShare\FB\CRIM_K-O\Lasker.DD.81075\Statement.001.wpd

156

| Date | Description | Time |
|------|-------------|------|
| 8-30-13 | Telephone conference with client's wife; receive and review State's Motion for Continuance; State's Motion for Competency Evaluation; State's Motion for Discovery of Expert Witnesses and State's Notice of Intention to Seek the Death Penalty | 2.00 hrs. |
| 9-3-13 | Telephone conference with client's wife | .3 hr. |
| 9-4-13 | Visit Clerk and obtain copies from file; telephone conferences (2) with DA; visit client at jail; telephone conference with client's wife | 8.00 hrs. |
| 9-6-13 | Motion for Disclosure of Favorable Evidence; Motion to Dismiss | 2.00 hrs. |
| 9-11-13 | Letter from client | .25 hr. |
| 9-24-13 | Work on IADA time line | 3.00 hrs. |
| 9-25-13 | Telephone conference with District Clerk's office; telephone conference with DA; telephone conference with co-counsel; visit client in jail; pick up copies of documents from District Clerk; receive and review discovery | 8.00 hrs. |
| 10-4-13 | Letter from client | .25 hr. |
| 10-8-13 | Review confession (audio) of January 12, 2011 | 2.00 hrs. |
| 10-9-13 | Continue listening to audio of confession; letter to co-counsel | 2.00 hrs. |
| 10-10-13 | Telephone conference with Craig Davis; telephone conference with Brody of Federal Bureau of Prisons; letter to Federal Bureau of Prisons | 1.5 hrs. |
| 10-16-13 | Letter from client | .25 hr. |
| 10-23-13 | Telephone conference with client's wife | .25 hr. |
| 10-28-13 | Telephone conference with co-counsel | .25 hr. |
| 10-29-13 | First Amended Motion to Dismiss in each case | 1.50 hr. |
| 10-30-13 | Telephone conference with potential investigator; telephone call to co-counsel's office | .30 hr. |
| 11-1-13 | Meet with client and co-counsel at jail | 4.00 hrs. |

*157*

| Date | Description | Time |
|------|-------------|------|
| 11-4-13 | Telephone conference with potential expert | .25 hr. |
| 11-6-13 | Letter to DA (w/proposed stipulations) | 1.00 hr. |
| 11-7-13 | Telephone conference with potential expert; exchange emails with DA; Ex parte motions for funding for experts | 1.00 hr. |
| 11-11-13 | Telephone conference with potential investigator | .30 hr. |
| 11-12-13 | Letter from client | .25 hr. |
| 11-13-13 | Letter to client; letter to DA (with additional proposed stipulation) | 1.00 hr. |
| 11-14-13 | Telephone conference with potential investigator; telephone conference with co-counsel | .50 hr. |
| 11-17-13 | Ex parte motion for funding for expert assistance | .25 hr. |
| 11-18-13 | Telephone conference with co-counsel | .25 hr. |
| 11-19-13 | Telephone conference with ADA Edwards | .25 hr. |
| 12-4-13 | Telephone conference with potential investigator; email to co-counsel; telephone conference with ADA Edwards; telephone conference with co-counsel | 1.00 hr. |
| 12-16-13 | Telephone call to ADA Edwards; left detailed message | N/C |
| 12-17-13 | Telephone call to ADA Edwards; left voice mail | N/C |
| 12-31-13 | Letter to DA | .25 hr. |
| 1-17-14 | Defendant's First Motion for Continuance (of Motions and Pleas setting) in each case | .50 hr. |
| 1-22-14 | Letter from client | .25 hr. |
| 1-29-14 | Letter to client | .25 hr. |
| 1-31-14 | Telephone conference with client's wife | .25 hr. |
| 2-3-14 | Telephone conference with co-counsel; telephone conference with client's wife; telephone conference with expert | 1.00 hr. |
| 2-4-14 | Telephone conference with ADA Edwards; telephone message to client's wife re: hearing schedule | .30 hr. |

*158*

| Date | Description | Time |
|------|-------------|------|
| 2-7-14 | Motion to Suppress Confession in each case | 1.00 hr. |
| 2-10-14 | Listen to audio statement; receive and review State's Response to Defendant's Motion to Dismiss | 5.00 hrs. |
| 2-14-14 | Letter from client | .25 hr. |
| 2-18-14 | Letter to client | .25 hr. |
| 3-4-14 | Telephone call to ADA Edwards, left message | N/C |
| 3-10-14 | Letter from client | .25 hr. |
| 3-11-14 | Letter to client | .25 hr. |
| 3-12-14 | Telephone conference with ADA Edwards | .25 hr. |
| 3-18-14 | Prepare Agreed Motion for Transcription of Pretrial Hearings; instructions to staff | 1.00 hr. |
| 3-19-14 | Telephone conference with client's wife | .25 hr. |
| 3-27-14 | Telephone conference with expert | .25 hr. |
| 3-31-14 | Telephone conference with ADA Edwards | .25 hr. |
| 5-9-14 | Telephone conference with expert | .25 hr. |
| 5-27-14 | Telephone conference with client's wife; telephone call and email to court coordinator | .40 hr. |
| 6-12-14 | Telephone exchange client's wife | .25 hr. |
| 7-1-14 | Telephone call to Attorney Victor Amador | .25 hr. |
| 7-3-14 | Research re: Mandamus; drafting motion | 4.00 hrs. |
| 7-7-14 | Research re: Mandamus; drafting motion | 4.00 hrs. |
| 7-8-14 | Research re: Mandamus; drafting motion | 4.00 hrs. |
| 7-10-14 | Work on new Motion to Dismiss; telephone call to co-counsel | 4.00 hrs. |
| 7-11-14 | Telephone call to co-counsel; telephone conference with ADA Edwards; finalize Motion to Dismiss for Violation of the Interstate Agreement on Detainers in each case; letter to Judge McCaig | 2.00 hrs. |

159

| Date | Description | Time |
|---|---|---|
| Total Out-of-Court | | 91.10 hrs. |

Expenses:

| Date | Description | Amount |
|---|---|---|
| 6-9-13 | Mileage expense (160 mi. @ $0.565/mi.) | $    90.40 |
| 7-12-13 | Postage | 6.80 |
| 7-31-13 | Photocopies for the month of July, 2013 (61 @ $0.20 ea.) | 12.20 |
| 8-28-13 | Mileage expense (160 mi. @ $0.565/mi.) | 90.40 |
| 9-4-13 | Mileage expense (160 mi. @ $0.565/mi.) | 90.40 |
| 9-10-13 | Postage | 1.92 |
| 9-25-13 | Mileage expense (160 mi. @ $0.565/mi.) | 90.40 |
| 9-30-13 | Photocopies for the month of September, 2013 (167 @ $0.20 ea.) | 33.40 |
| 10-3-13 | Postage | 1.12 |
| 10-9-13 | Postage | 2.84 |
| 10-29-13 | Postage | 4.56 |
| 11-1-13 | Mileage expense (160 mi. @ $0.565/mi.) | 90.40 |
| 11-4-13 | Postage | 4.42 |
| 11-4-13 | Mileage expense (160 mi. @ $0.565/mi.) | 90.40 |
| 11-6-13 | Postage | 2.64 |
| 11-7-13 | Postage | 3.10 |
| 11-8-13 | Postage | 4.10 |
| 11-13-13 | Postage | 2.38 |

160

| | | |
|---|---|---:|
| 11-30-13 | Photocopies for the month of November, 2013 (253 @ $0.20 ea.) | 50.60 |
| 12-31-13 | Photocopies for the month of December, 2013 (40 @ $0.20 ea.) | 8.00 |
| 12-31-13 | Postage | 2.64 |
| 1-13-14 | Postage | 1.58 |
| 1-17-14 | Postage | 4.96 |
| 1-20-14 | Postage | 2.38 |
| 2-7-14 | Postage | 4.83 |
| 2-11-14 | Mileage expense (160 mi. @ $0.56/mi.) | 89.60 |
| 2-11-14 | Postage | .69 |
| 2-28-14 | Photocopies for the month of February, 2014 (253 @ $0.20 ea.) | 50.60 |
| 7-11-14 | Postage | 16.79 |
| Total Expenses | | **$854.55** |

CAUSE NO. 11-01-13705

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## NOTICE TO PREPARE REPORTER'S RECORD

TO:  ROBYN WILEY, OFFICIAL COURT REPORTER OF SAID COURT:

Now comes **DOMINIQUE DONTAE LASKER**, Defendant in the above-entitled and numbered cause, by and through his attorneys of record, and makes this request, in writing, for the Court Reporter to prepare an official Reporter's Record to be used for the Petition for Writ of Mandamus pending in the First Court of Criminal Appeals under Cause Number 01-14-00630 styled In re Dominique Dontae Lasker  A designation of the material requested is as follows:

1.  All pre-trial hearings in Cause No. 11-01-13705 including June 4, 2013; September 9, 2013; November 4, 2013; and February 11, 2014; and

2.  All exhibits used, marked, offered, and/or admitted during any proceeding of this cause;

Applicant has been determined to be indigent for purposes of this proceeding and the cost of preparing the Reporter's Record, if any, will be paid by the Treasurer of Grimes County, Texas.  A copy of this request has been filed with the Clerk of said Court and another copy served on the attorney for the State.

Respectfully submitted,

SMITHER, MARTIN, HENDERSON & BLAZEK, P.C.
1414 11th Street
Huntsville, Texas  77340
(936) 295-2624
(936) 294-9784 [Telecopier]

By _____
Frank Blazek
State Bar No. 02475500

162

William F. Carter
State Bar No. 03932800
108 E. William J. Bryan Parkway
Bryan, Texas 77803-5334
(979) 779-0712
(979) 779-9243 [Telecopier]

ATTORNEYS FOR DEFENDANT


## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing *Designation Items to Be Included in the Record* has been forwarded to opposing counsel on this the ⅔rd day of September, 2014, by U.S. Mail, postage prepaid, and addressed as follows:

Elton R. Mathis
Criminal District Attorney
645 12th Street
Hempstead, Texas 77445

Frank Blazek

NOTICE TO PREPARE REPORTER'S RECORD                                        PAGE 2
C:\NetShare\FB\CRIM_K-O\Lasker.DD.81075\Mandamus\Notice to Prepare Reporter's Record 11-01-13705.wpd

143

CAUSE NO. 11-01-13705

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes **DOMINIQUE DONTAE LASKER**, Defendant in the above-entitled and numbered cause, by and through his attorneys of record, and requests that the following instruments be included in the record for the Petition for Writ of Mandamus pending in the First Court of Criminal Appeals under Cause Number 01-14-00632 styled In re Dominique Dontae Lasker:

All pleadings and documents on file in Cause No. 11-01-13705, including:

1. Indictment;

2. Notice and Demand to District Attorney/Prosecutor for Trial or Disposition of Warrants, Informations, Detainers or Indictments by Federal Prison dated July 2, 2012;

3. Notice of Imprisonment and Request for Speedy Trial and Final Disposition dated July 3, 2012, with small piece of paper indicating "no action at this time" initialed "AM";

4. IAD - Placement of Imprisonment and Request for Final Disposition dated January 30, 2013;

5. Certificate of Inmate Status dated January 30, 2013;

6. IAD - Offer to Deliver Temporary Custody dated January 30, 2013;

7. Order Appointing Counsel dated June 6, 2013;

8. Defendant's First Amended Motion to Dismiss dated October 29, 2013;

9. State's Response to Defendant's Motion to Dismiss;

10. Order dated July 2, 2014, although ruled on March 11, 2014, denying Defendant's Motion to Dismiss;

11. Defendant's Motion to Dismiss for Violation of the Interstate Agreement on Detainers filed July 14, 2014;

/64

12. Notice to Prepare Reporter's Record;

13. Designation of Items to be Included in the Record;

14. All exhibits used, marked, offered and or admitted during any proceedings of this cause; and

15. Docket Sheet.

Respectfully submitted,

SMITHER, MARTIN,
HENDERSON & BLAZEK, P.C.
1414 11th Street210
Huntsville, Texas 77340
(936) 295-2624
(936) 294-9784 [Telecopier]

By _____
Frank Blazek
State Bar No. 02475500

William F. Carter
State Bar No. 03932800
108 E. William J. Bryan Parkway
Bryan, Texas 77803-5334
(979) 779-0712
(979) 779-9243 [Telecopier]

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing *Designation Items to Be Included in the Record* has been forwarded to opposing counsel on this the  day of September, 2014, by U.S. Mail, postage prepaid, and addressed as follows:

Elton R. Mathis
Criminal District Attorney
645 12th Street
Hempstead, Texas 77445

_____
Frank Blazek

165

No. 11-01-13703, 11-01-13704 and 11-01-13705

| THE STATE OF TEXAS | § | IN THE 506th DISTRICT |
| VS. | § | COURT OF |
| DOMINIQUE DONTAE LASKER | § | WALLER COUNTY, TEXAS |

## STATE'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the State of Texas by and through the undersigned Assistant District Attorney and submits this STATE'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS and would show as follows:

**FACTS:**

Stanley Ray Jackson and Janella Edwards were found murdered in their residence in Brookshire, Texas in the early morning hours of March 10, 2010. Both Edwards and Jackson had been shot in the head with a firearm. A lengthy investigation ensued whereby it was discovered that Dominique Dontae Lasker was home on leave from the United States Marine Corp during the time that Edwards and Jackson were murdered. Lasker had lived with Edwards and Jackson at times during his childhood. It was also determined through an FBI firearm analysis that a firearm used in a October 30, 2010 bank robbery in California was the same firearm used to murder Edwards and Jackson on March 10, 2010. The firearm used in the bank robbery was in the possession of Dominique Dontae Lasker. Lasker was interviewed

1

166

by Texas Rangers while he was being held in California and confessed to the murder of Edwards and Jackson. Lasker was indicted by a Waller County Grand Jury of two counts of murder and one count of Capital Murder on January 27, 2011 and although it is not clear from the court's records, the State presumes that a detainer was issued a short time after indictment asking that Lasker be held to stand trial here in Waller County.

While the murder charges were pending in Waller County, Lasker was sentence to one hundred and twenty-one (121) months imprisonment in a Federal penitentiary on or about January 30, 2013 for the California bank robbery charges.

On July 19th, 2012 the State received a *"Notice and Demand to District Attorney for Trial or Disposition of Warrants, Informations, Detainers or Indictments by Federal Prisoners,"* presumably under Tex. Code Crim. Proc., Art. 51.14, *Art. III*. It appears that the motion was received by the Waller County District Attorney's Office via standard U.S. mail directly from Lasker without participation or knowledge of the Federal Prison authorities and **not certified mail** as required by Tex. Code Crim. Proc., Art. 51.14, Art. III. The motion did not contain the requisite certificate from the warden of the holding authority and in its failure did not contain any of the required information such as date of parole eligibility, good time calculation, decisions of the parole board, time remaining to be served and time already served by the prisoner.

2

On August 31, 2012, Waller County requested and received IAD Form V from Ed Perez, an administrator for the Federal holding facility. The State intended to bring Lasker back to Waller County in accordance with Tex. Code Crim. Proc., Art. 51.14, Art. IV.

On January 2, 2013 the State sent a request to the Warden of the holding authority for temporary custody of Lasker. This request included copies of the indictments and warrants as well as IAD Form V, "Request for Temporary Custody." Of note is the inclusion of a signature block for the Judge of this Court on IAD Form V.

On January 31, 2013 (the actual date of receipt is unclear but the letter was presumably written on January 31, 2013), Waller County received a response to its request for temporary custody of the inmate advising Waller County that the inmate had waived his thirty day notice to object to the temporary custody. The Warden further advised that yet another form (IAD Form VI, "Evidence of Agent's Authority to Act for Receiving State), would be required along with signatures of the actual agents who would eventually pick up the prisoner.

Also attached to the above were IAD Forms "Notice of Untried Indictment", "Placement of Imprisonment", "Certificate of Inmate Status" and "Offer to Deliver Temporary Custody." The effect of these Forms was to make a demand on Waller County, State of Texas to bring the inmate back to Waller County for trial

3

168

in accordance with Article III of the Interstate Agreement on Detainers Act. This notice was delivered on or about February 8, 2013. It should be noted that the Certificate of Inmate Status was not in compliance with Article III in that (1)it left blank the date of parole eligibility and (2) left blank any mention of decisions that may or may not have been made by the parole board concerning the inmate.

On April 8, 2013 Waller County received by FAX a copy of the request IAD Form VI from the Federal Warden.

On April 17, 2013, Waller County sent IAD Form VI to the Texas IAD administrator, Donna Bell.

On May 1, 2013, Waller County forwarded on IAD Form VI that had now been signed by the Texas IAD Administrator to the Federal Warden.

Lasker was returned to Waller County on May 24, 2013 and has been in Waller County custody since that time.

The Defendant's first court date in Waller County was on June 4, 2013. At that time the Defendant informed the Court that there were a number of motions on file and that he wanted a decision on those motions. The Court informed the Defendant that he needed to be represented by counsel. The Defendant had in fact requested in his IAD Form "Placement of Imprisonment," that he be appointed counsel by the requesting Court for all matters preliminary to trial. With that in mind the Court appointed the Regional Public Defender on June 4, 2013 and continued the

4

169

matter until such time as the Regional Public Defender could consult with Lasker and otherwise become prepared to be to heard on the various motions that Lasker had filed.

At some point after June 4, 2013 it was determined that the Regional Public Defender could not represent this Defendant. The Court then appointed Mr. Frank Blazek on June 6, 2013. A few days later Mr. William Carter was appointed as co-counsel.

After the State met and discussed the case with Mr. Blazak it became apparent that the Defense was not going to initiate any sort of court settings. The State requested a Court date so that certain matters could be heard. On September 9, 2013 the Court heard and granted its second continuance for good cause shown until November 4, 2013 whereby the Defendant waived arraignment and a scheduling order was signed by this Court.

## APPLICABLE LAW:

The IADA is a congressionally-sanctioned compact between the United **States** and the **states.** Cuyler v. Adams, 449 U.S. 433, 442, 101 S. Ct. 703, 709, 66 L. Ed. 2d 641 (1981). As stated in Article I of the Act, "the policy of the party **states** and the purpose of the IADA is to encourage the expeditious and orderly disposition of outstanding charges and determination of the proper status of any and all detainers based on untried indictments, informations, or complaints."

Birdwell v. Skeen, 983 F.2d 1332, 1335 (5th Cir. 1993). Consistent with this purpose, the IADA permits a **state** to file a detainer against a defendant residing in a prison in another **state,** gain temporary custody of the defendant, and prosecute the defendant on the charge that forms the basis of the detainer. U.S. v. Mauro, 436 U.S. 340, 351-53, 98 S. Ct. 1834, 1842-44, 56 L. Ed. 2d 329 (1978).

The IADA also provides a mechanism for a person incarcerated in one jurisdiction with charges pending against him in another jurisdiction to be tried on the pending charges before being released from incarceration in the first jurisdiction. Tex. Code Crim. Proc. Ann. art. 51.14, Art. I (Vernon 1979). Either the defendant or the jurisdiction where charges are pending may demand that the defendant be tried on the pending charges. *Id.* Arts.I, III, V.

Article III

(a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party **state,** and whenever during the continuance of the term of imprisonment there is pending in any other party **state** any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint...

The IAD also **states** that the prisoner's request in Article III (a):

Shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under

6

which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decision of the **state** parole agency relating to the prisoner.

ARTICLE V.

(c) If the appropriate authority shall refuse or fail to accept temporary custody of said person, or in the event that an action on the indictment, information, or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided in Article III or Article IV hereof, the appropriate court of the jurisdiction where the indictment, information, or complaint has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect.

To request final disposition under article III, the defendant must cause "to be delivered *to the prosecuting officer* and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment." *Id.* art. III(a) (emphasis added). The IADA provides that a defendant can perform this requirement by sending the written notice and request for final disposition to the official having custody of him, who would then forward it to the appropriate prosecuting official and court by registered (certified mail, return receipt requested). *Id.* art. III(b). The Supreme Court has held that the 180-day provision "does not commence until the prisoner's request for final disposition of the charges against him has actually been delivered to the court and prosecuting officer of the

7

/72

jurisdiction that lodged the detainer against him." Fex v. Michigan, 507 U.S. 43, 113 S. Ct. 1085, 1091, 122 L. Ed. 2d 406 (1993); **State** v. Powell, 971 S.W.2d 577, 580 (Tex.App.--Dallas 1998, no pet.).

The inmate bears the burden of demonstrating compliance with the formal procedural requirements of Article III." *Morganfield v. State*, 919 SW2d 731, 734 (Ct. App. – San Antonio [4th Dist] 1996), U.S. v. Henson, 945 F.2d 430, 434 (1st Cir. 1991); Bryant v. **State,** 819 S.W.2d 927, 930-31 (Tex.App.--Houston [14th Dist.] 1991, pet. ref'd).

The failure of another state to follow the IAD does not require dismissal of the Texas [receiving state] charges." *Bryant v. State*, at 929. Delay caused by holding jurisdiction tolled until the receiving State receives the completed request form. *Id.* at 931.

In *Bryant*, the court found that when the holding jurisdiction failed to send Bryant to Texas because of pending charges in other jurisdictions, that time the defendant was unavailable to Texas should not be taxed against Texas because Bryant was unavailable to her. At 931.

The denial of a defendant's motion to dismiss an indictment under the IADA is a question of law reviewed *de novo* and the factual findings underlying that decision are reviewed on a clearly erroneous standard. United **States** v. Hall, 974 F.2d 1201, 1204 (9th Cir.1992).

8

*173*

A prisoner seeking to benefit from the statutory provisions [of the Uniform Mandatory Disposition of Retainers Act] must first meet the burden of compliance with the 'agreement.' *McCallum v. State*, 407 So.2d 865, 869 (Ala.Cr.App.1981). There must be strict compliance by the prisoner with the requirements . . ., otherwise, a conniving prisoner could finagle procedures to frustrate efforts of the prosecution to give the prisoner the benefit of the Interstate Compact on Detainers'), and attempts to deal directly with officials in the receiving state, he must satisfy the additional requirements of the agreement which would normally be executed by officials in the sending state." *McCallum v. State, supra*, at 869." *Seymore v. State*, 429 So.2d 1188, 1193-4 (Ala.Cr.App.1983). *Whitley v. State*, 392 So.2d 1220, 1224 (Ala.Cr.App.1980), *cert. denied*, 392 So.2d 1225 (Ala.1981).

If a Defendant takes it upon himself to notify the prosecutor and the Court directly, he is responsible for seeing that the notice is sent in the form required by the IAD. If Defendant's correspondences never properly comply with the notice requirements of the IAD so as to constitute "the required request," the 180 day period does not begin to run until Texas authorities have received the completed request form. *Burton v. State*, 805 S.W.2d at 575. When an inmate fails to serve the court where charges are pending, then he has failed to comply with the requirements of Art. III and the clock does not start ticking against the receiving

9

174

jurisdiction. *State v. Votta*, 299 SW3d 130, 137 (Ct. Crim App 2009).

Article III, section (a) of the IADA states that the prisoner's request must be "accompanied by a certificate of the appropriate official having custody of the prisoner stating the term of commitment . . . the time already served, the time remaining . . . on the sentence, the amount of good time earned, the time of parole eligibility. . . and any decision of the state parole agency relating to the prisoner." TEX. CODE CRIM. PROC. ANN. art. 51.14, Art. III(a) (West 2006). And, should that information not be forwarded with the request for final disposition, the 180 day timeline remains dormant. *Lara v. State*, 909 S.W.2d 615 (Tex. App.-Fort Worth 1995, pet. ref'd), State v. Garcia, 2011 Tex. App. LEXIS 4272 (Tex. App. Amarillo, 2012).

In a long line of cases that includes *Powell* v. *Alabama*, 287 U.S. 45 (1932), *Johnson* v. *Zerbst*, 304 U.S. 458 (1938), and *Gideon* v. *Wainwright*, 372 U.S. 335 (1963), this Court has recognized that the Sixth Amendment right to counsel exists, and is needed, in order to protect the fundamental right to a fair trial. The Constitution guarantees a fair trial through the Due Process Clauses, but it defines the basic elements of a fair trial largely through the several provisions of the Sixth Amendment.

**ARGUMENT:**

This case has become convoluted for a couple of reasons. The

*125*

Defendant allegedly committed the murders in Waller County on or about March 10, 2010 and fled the jurisdiction. He did not become a suspect until facts became known about a bank robbery and his arrest in California on October 30, 2010. From that time until December 16, 2011, the Defendant was being held in California for trial. He was sentenced on December 16, 2011 and was committed for one hundred twenty-one months on January 12, 2012 to a Federal Penitentiary in California. The Defendant was indicted on the Waller County murder charges a couple weeks later on January 27, 2011 and presumably a detainer was placed on the Defendant shortly thereafter.

The Waller County District Attorney's Office entered into a number of informal telephone conversations through the Waller County Sheriff's Office with Mr. Ed Perez at the Victorville Federal Penitentiary in California about what was needed to get the Defendant back to our jurisdiction for trial.

Then on July 19, 2012 the Waller County District Attorney's Office received through regular mail attachment Number 1. The document is entitled *"Notice and Demand to District Attorney/Prosecutor for Trial or Disposition of Warrant, Informations, Detainers or Indictments by Federal Prisoner"* and attached to that motion was what appears to be some sort of sentence monitoring sheet. It further appears that the document was sent by the Defendant without any participation or notice to the warden or the prison authorities there in California.

11

176

This is one of the documents that the Defendant claims in effect to be a notice under Tex. Code Crim. Proc., Article 51.14, Art. III, demanding trial within 180 days of receipt of the notice by the Court and the District Attorney. If such were the case, then trial would have had to be commenced on or before January 16, 2013. Another consequence of this notice, if it were effective, is that it in effect waives the right of the Defendant to insist on the formal extradition process and renders consent to be taken back to the jurisdiction seeking the Defendant for trial.

There are a number of problems with this Defendant's attempt at giving an Art. III notice. The notice has a few "shalls" in its wording. First, in Art.III (b) the notice "shall" be sent by <u>registered or certified mail, return receipt requested</u>. This requirement among other things gives both the prosecuting attorney and the Count some idea of just when the 180 days begins to run and does not leave that important date up to the vagrancies of in-office date stamping, claims of in-office routing problems and the like.

The second "shall" in Art.III (a) requires that a "certificate" be included by and from the warden of the holding facility. The Article goes on to say that there are at a least five pieces of information this certificate shall contain: 1) the term of commitment, 2) the time already served, 3) the time remaining to be served on the sentence, 4) the amount of good time earned, 5) the time of parole eligibility of the prisoner and 6) any decision of the state parole agency relation to

12

*/ ??*

the prisoner. All of this information is vital to the decision making process that may come into play by the trying Court and to the prosecutor. Another important concern that comes into play in this case is that the request by the Defendant through the warden of the holding authority gets the warden into the information loop, the import of which will be discussed below.

It is clear from the case law cited above that a failure on the warden OR the Defendant to strictly comply with the Interstate Agreement requirements in Article III results in no notice to the trying Court and the prosecutor. (*See Fex, Powell, Morganfield, Henson, Bryant, McCullum, Seymore, Whitley, (...the 180 day period does not begin to run until Texas authorities have received the complete request form...)Burton, Lara, Garcia.*

The failure of the Defendant to make his request through the warden caused the prison authorities to be in the dark about the Defendants intentions concerning returning back to Waller County. The warden did not know that Defendant had made a demand to be returned, so that when answering inquiries from Waller County about the Defendant's return, the holding authorities advised Waller County would have to make our request in accordance with <u>Art. IV</u>. This procedure requires the filing out of various forms and the obtaining of various signatures before Art. V (also requiring additional forms) could be triggered and the Defendant could eventually be picked up. Art. V also triggers different time

13

*178*

requirements. If the Defendant were obtained via Art. IV, then his trial had to commence within 120 days of his arrival back in the requesting jurisdiction unless good cause was shown for the Court to continue the case.

Waller County began this procedure beginning informally after we determined that the Defendant had been arrested in California. It continued more formally after he was sentenced in California in January 2013. and continued November 2012 (attachment #2) through May 2013 (attachment #3).

On February 8, 2013 Waller County and the Court received another Art.III request (attachment #4) by certified mail this time through the warden of the holding authority. This demand contained a cover letter from the warden, "Notice of Untried Indictment," "Placement of Imprisonment," and a "Certificate of Inmate Status." The Certificate, however, did not contain the full information required by Art III in that it omitted 1) the date of parole eligibility of the prisoner and, 2) the decisions of the U.S. Parole Commission relating to the prisoner.

It is the position of the State that his February 2013 "notice" is likewise ineffective for the same reasons stated above. The Court and the prosecution are entitled to full and strict adherence by the Defendant and the holding authority in accordance with Art III and the cited case law.

If, for the sake of argument, the Court determines that the State has been placed on notice in accordance with the requirements of Art III, then the 180

14

/79

day trial dead line may apply thus requiring trial by August 7, 2013. However, this court may find that good cause has been shown and continue the case.

> Art III(a)...provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

On June 4, 2013 the Defendant appeared in this honorable Court (a Court of proper jurisdiction) (see docket sheet) and in open court and on the record demanded that certain previously filed motions be heard. The Court inquired of the Defendant if he was represented by counsel. Defendant advised that he was not yet represented by counsel and in view of Defendant's request to have court appointed counsel (see attachment #4, page 4), the Court reset the case until such time as appropriate counsel could be appointed. Later on in the day and NOT in open court, the Defendant was appointed the Regional Public Defender, However on June 6, 2013 the Court reconsidered this appointment and subsequently appointed present counsel to represent the Defendant.

This Court had no alternative but to appoint counsel for the Defendant and reset the matter. The Defendant had filed adversarial motions that needed to be heard, argued and decided. The Defendant made no request to represent himself either explicitly or implicitly. The Defendant had in fact given notice of his desire to be represented by court appointed counsel through his paperwork filed with the Court. If this Court had permitted the Defendant to proceed without representation,

15

180

the Court would have clearly run afoul of the long line of cases that require a Defendant to have the availability of competent counsel in a criminal trial. (*Powell v. Alabama*, 287 U.S. 45 (1932).

The notice to the State failed by virtue of missing material in the certificate. The case was continued for good cause shown namely so that the Defendant could consult with court appointed counsel and become prepared for previously filed pre-trial motions.

## Tex. Code Crim. Proc., Article 51.14, Art. III's Constitutionality

The State argues in the alternative that Tex. Code Crim. Proc., Article 51.14, Art. III is unconstitutional as violating the Texas Constitution's separation-of-powers provision because it unduly infringes upon the judiciary. *See Tex. Const. art. II, Sec. 1)*. The separation of powers may be violated in one of two ways: (1) when one branch of government assumes or is delegated a power "more properly attached" to another branch or (2) when one branch unduly interferes with another branch so that the other branch cannot effectively exercise its constitutionally assigned powers. *Armadillo Bail Bond v. State, 802 S.W. 2d 237, 239 (Tex. Crim.App.1990)*. The State's position is that Tex. Code Crim. Proc., Article 51.14, Art. III, unduly interferes with the judicial powers of the Waller Criminal District Attorney, specifically by preventing the State of Texas from prosecuting the case against the Defendant, who has been lawfully indicted. (*Meshell v. State, 739*

16

*181*

*S.W.2d 246, 253 (Tex.Crim.App. 1987)*("By establishing the office of the county attorney under Article V, the authors of the Texas Constitution placed county, district and criminal district attorneys within the Judicial department."). The law imposes on the State a strict prohibition from prosecution based on the expiration of a time limit that has no meaningful relationship to evidence or procedure. The deadline of 180 days is completely controlled by the action of the Defendant. Unlike the obligation on the part of the judiciary to set bail in accordance with Code of Criminal Procedure Article 17.151, resulting in a mandatory admission to personal recognizance bond, a violation of Tex. Code Crim. Proc., Article 51.14, Art. III mandates that the indictment be dismissed with prejudice. *Id. Armadillo* at 240-41 (quoting A. Leo Levin & Anthony G. Amsterdam, *Legislative Control Over Judicial Rule-Making: A Problem in Constitutional Revision*, 107 U. Pa L. Rev.1,32 (1958)). This requirement that an indictment be dismissed with prejudice bars the judiciary (prosecution) from exercising its exclusive power to act on an indictment, try an indictment to a judge or jury, and have the case decided based on the evidence. Courts have held that certain realms of judicial process are "so fundamental and so necessary to a court, so inherent in its very nature as a court," that they must be entirely free from legislative interference. Id *Armadillo* at 240-41. To arbitrarily bar the prosecution from proceeding based on any other factor other than the evidence or matters of Constitutional procedure is an improper

17

*182*

infringement on the judicial power to bring, try and render judgment on criminal matters.

PRAYER:

For the above reasons and law, the State of Texas respectfully prays that the Defendant's motion be denied by this honorable Court.

Respectfully Submitted,

Frederick A. Edwards
Assistant District Attorney
Waller County, Texas
645 12th Street
Hempstead, Texas 77445
(979) 826-7718, FAX (7722)
SBN: 06435100

18

# NOTICE AND DEMAND TO DISTRICT ATTORNEY/PROSECUTOR
## FOR TRIAL OR DISPOSITION OF WARRANTS, INFORMATIONS, DETAINERS OR INDICTMENTS BY FEDERAL PRISONER

TO: Office of District Attorney

646 6th Street Suite 1

Hempstead TX 77445

FROM: **Dominique Dontae Lasker**
Reg. No. __22867-298__
United States Penitentiary
Victorville FCC
PO Box ~~XXX~~ 3900
Adelanto, CA 92301

Dear Sir/Madam:

1. I have been informed that I have the following outstanding warrant(s), indictment(s), or complaint(s) under the following case numbers, issuing from your jurisdiction:

| | |
|---|---|
| Capital Murder Charge | # 11-01-13703 979-826-8282 |
| Capital Murder Charge | # 11-01-13704 979-826-8282 |
| Capital Murder Charge | # 11-01-13705 979-826-8282 |
| | # |

2. I am presently a federal prisoner in the custody of the United States Attorney General, incarcerated at the Victorville Federal Correctional Complex, located in Adelanto, California.

3. I was sentenced in the United States District Court for the __Southern__ District of __California__, to a term of __121__ months. My current projected release date from federal custody is __August__, __13__, 20 __19__, as found in the attached BOP documentation (see Sentence Monitoring/Data Computation printout).

4. The outstanding charges pending from this jurisdiction adversely affect the conditions of my incarceration, and do not allow my participation in certain rehabilitative programs. I remain in a higher security classification category and the delay in prosecution prejudices my defense against these outstanding charges.

5. I have provided this communication to invoke the statutes, rules and procedures of this State for speedy trial and disposition of untried warrants, indictments and complaints. Based upon these provisions I would demand a speedy trial or disposition within one-hundred and twenty (120) days, on any and all criminal actions in your jurisdiction and/or alternatively, that you submit request for temporary custody to the federal bureau of prison authorities, pursuant to the requirements of applicable statutes for Interstate Agreement on Detainers ("IAD").

Cordially,

Dated: __2012 / 07 / 2__

REQUESTOR
Mr. Dominique Dontae Lasker

E Hambrick, Hambrick
Authorizated by the Act of
WITNESS-PRISON STAFF MEMBER July 7, 1955, as amended,
to administer oaths (18
U.S.C. § 4004)

COPIES: ORIGINAL TO DISTRICT ATTORNEY, KEEP COPY OF THIS FORM & RECORDS TO BE USED WITH REQUEST TO COURT FOR DISMISSAL. ALSO: INCLUDE DOCUMENTATION FROM THE CASE U.S.C. § 4004 REGARDING THE WARRANT/DETAINER AND IF POSSIBLE YOUR SENTENCE MONITORING DATA COMPUTATION PRINTOUT SHOWING YOUR PROJECTED RELEASE DATE.

**EXHIBIT**
St. 1

184

IN THE <u>District</u> COURT OF <u>Waller</u> COUNTY

FOR THE STATE OF <u>Texas</u> [ <u>506 District</u>]

<table>
<tr><td><u>Waller County Sheriffs</u>,<br>Plaintiff,<br><br>v.<br><br><u>Dominique Dontae Lasker</u>,<br>Defendant.</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>NOTICE OF PLACE OF IMPRISONMENT AND<br>REQUEST FOR SPEEDY TRIAL AND FINAL<br>DISPOSITION...Pursuant to ........<br>(<u>Tex.Code Crim.Proc. Ann.Art. 51.14</u>     )<br>(<u>Constitution, Art. VI, § 10</u>           )<br><br>CASE NO. <u>11-01-13703 979-826-8282</u><br>　　　　　<u>11-01-13704 979-826-8282</u><br>　　　　　<u>11-01-13705 979-826-8282</u></td></tr>
</table>

Notice is hereby given that the above-named Defendant, <u>Dominique Dontae Lasker</u>, is currently a federal prisoner in the custody of the United States Attorney General, and is incarcerated at the Victorville Federal Correctional Complex located in Adelanto, California. Defendant would further show:

1. The defendant is serving an approximate term of <u>121</u> months of imprisonment from a judgment imposed by the United District Court for the <u>Southern</u> District of <u>California</u>, on <u>December</u>, <u>16</u>, <u>2011</u>. Defendant has a projected release date from federal custody on <u>August</u>, <u>13</u>, 20 <u>19</u>. (see attached sentencing computation/data sheet).

2. The defendant has been advised that there are, or may be, outstanding citations, warrants, informations, charges, and/or complaints pending in this jurisdiction. Specifically:

<u>1). Capital Murder Charges...Warrant # 11-01-13703 979-826-8282</u>

<u>2). Capital Murder Charges...Warrant # 11-01-13704 979-826-8282</u>

<u>3). Capital Murder Charges...Warrant # 11-01-13705 979-826-8282</u>.

3. The defendant moves this Court to order he be brought for trial, and that prosecuting authorities arrange temporary custody under the appropriate provisions for Interstate Agreement on Detainers. The Defendant further requests in an absence of availability of trial, an *in abstentia* resolution be arranged.

/85

4. This Motion is based upon the Defendant's Sixth Amendment speedy trial guarentee that is binding on the states through the Due Process Clause of the Fourteenth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 222-223 (1967). A state is responsible for a defendant's speedy trial rights, even where a defendant is held in federal prison. see: *Smith v Hooey*, 393 U.S. 374 (1969). This notice would further trigger defendant's request under the Interstate Agreement on Detainers. see: *Fex v. Michigan*, 507 U.S. 43, 113 S.Ct. 1088, 122 L.Ed.2d 406 (1993).

WHEREFORE, the defendant prays that the Court initiate all needed and necessary orders and actions required to resolve this matter by trial or settlement *in abstentia*, including an order for the district attorney/prosecutor to seek temporary custody from federal authorities under IAD provisions, and the dismissal of any outstanding citations, warrants, informations, charges, and/or complaints, presently pending in this jurisdiction, within a reasonable period of time not to exceed 120 days.

Respectfully Submitted,

Dated: 2012/07/03

Dominique Dontae Lasker
Reg. No. 22867-298
United States Penitentiary
Victorville FCC
PO Box 3900
Adelanto, CA 92031

## CERTIFCATE OF SERVICE

I hereby certify that a copy of this document was mailed to the office of the district attorney/ prosecutor for this jurisdiction, addressed as below.:

District Attorney
346 6th Street Suite 1
Hempstead TX, 77445

Date: 2012/07/3

Mr. Dominique Dontae Lasker

2

# CERTIFICATE OF SERVICE

I, ___Dominique Dontae Lasker___, hereby certify that I have served a true and complete copy of the following: Notice of place of imprisonment and request for speedy trial and final disposition...pursuant to: Tex. Code. Crim. Proc. Ann. Art. 51.14, and Tex. Constitution, Art. VI, § 10

By placing the same in the care and custody of prison officials of the United States Penitentiary, Victorville USP/FCC, at Adelanto, California, on this ___16___ day of ___January___, 20 ___12___, with sufficient postage affixed. It would be noted that this service would be deemed filed at the time it was delivered to prison authorities for forwarding to the court. see: *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). This service was addressed to the following party or parties:

1).  District Court, 506th District
     Attn: Patricia Spadachene, District Clerk
     Waller County Courthouse
     836 Austin Ct., Room 318
     Heapstead, TX 77445-4673

2).  District Attorney/Prosecutors
     OFFICE
     FOR WALLER COUNTY

     ___846 6th Street Suite 1___
     ___Hempstead TX, 77445___

___Dominique Dontae Lasker___
Reg. No. 22867-298
United States Penitentiary
Victorville FCC
PO Box 5300
Adelanto, CA 92301

```
     VIPC3  540*23  *           SENTENCE MONITORING          *      04-04-2012
     PAGE 001         *          COMPUTATION DATA             *      15:38:24
                                 AS OF 04-04-2012

     REGNO..: 22867-298 NAME: LASKER, DOMINIQUE DONTAE


     FBI NO...........: 201461KD5          DATE OF BIRTH: 03-21-1984
     ARS1.............: VIP/A-DES
     UNIT.............: 6 A                QUARTERS.....: F61-119L
     DETAINERS........: YES                NOTIFICATIONS: NO

     HOME DETENTION ELIGIBILITY DATE: 02-13-2019

     THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
     THE INMATE IS PROJECTED FOR RELEASE: 08-13-2019 VIA GCT REL


     -------------------CURRENT JUDGMENT/WARRANT NO: 010 --------------------

     COURT OF JURISDICTION...........: CALIFORNIA, SOUTHERN DISTRICT
     DOCKET NUMBER...................: 10CR4732-DMS
     JUDGE...........................: SABRAW
     DATE SENTENCED/PROBATION IMPOSED: 12-16-2011
     DATE COMMITTED..................: 01-12-2012
     HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
     PROBATION IMPOSED...............: NO

                   FELONY ASSESS  MISDMNR ASSESS  FINES         COSTS
     NON-COMMITTED.: $200.00       $00.00          $00.00        $00.00

     RESTITUTION...:  PROPERTY:  YES SERVICES:  NO      AMOUNT:  $2,714.50

     --------------------CURRENT OBLIGATION NO: 010 -------------------------
     OFFENSE CODE....: 551
     OFF/CHG: 18:2113(A),(D) AND 18:2 ARMED BANK ROBBERY AND AIDING AND
             ABETTING.(CT.1)

      SENTENCE PROCEDURE..............: 3559 PLRA SENTENCE
      SENTENCE IMPOSED/TIME TO SERVE.:    37 MONTHS
      TERM OF SUPERVISION.............:     3 YEARS
      DATE OF OFFENSE.................: 10-30-2010




     G0002      MORE PAGES TO FOLLOW . . .
```

188

Mr. Dominique Dontae Lasker
Fed. Reg. 22867-298
United States Penitentiary Victorville
P.O. BOX. 3900
ADELANTO, CA. 92301

"Legal Mail"



District Attorney/Prosecutors Office
    For Waller County

846 6th Street Suite 1

Hempstead TX, 77445

DISA        773   5E  L N   C 22 07/16/12
        UNABLE TO FORWARD/FOR REVIEW

BC:  77445540246  DU  2804-12515-11-39

7744554024E
77445 05402

# Transmission Report

| | | | |
|---|---|---|---|
| Date/Time | 01-09-2013 | 04:06:37 p.m. | Transmit Header Text — WALLER CNTY D.A. MATHIS OFFICE |
| Local ID 1 | 9798267722 | | Local Name 1 — WALLER CNTY. DA OFFICE |
| Local ID 2 | | | Local Name 2 |

## This document : Confirmed
### (reduced sample and details below)
### Document size : 8.5"x11"



645 12th Street
Hempstead, Texas 77445

# Elton R. Mathis
Criminal District Attorney
Waller County

(979) 826-7718
(979) 826-7722 Fax

January 2, 2013

Warden
United States Penitentiary
Victorville FCC,
P.O. Box 3900
Adelanto, California 92301

In Re:  Inmate DOMINIGUE DONTAE LASKER, 22867-289
Request for Temporary Custody (IAD Form V)

Dear Warden,

Please find our county's request for temporary custody so that Inmate Dominque Dontae Lasker may stand trial for Capital Murder in Waller County, Texas.

I have attached certified copies of the indictments and warrants in this matter. There are no fingerprints or photographs because the Defendant fled our jurisdiction before arrest. He was however interviewed by Texas Rangers there in California.

If there is anything more that is needed to facilitate this temporary transfer, please let me know.

Best Regards,

Frederick A. Edwards
First Assistant District Attorney
Waller County, Texas

**EXHIBIT
St 2**

Total Pages Scanned : 8          Total Pages Confirmed : 8

| No. | Job | Remote Station | Start Time | Duration | Pages | Line | Mode | Job Type | Results |
|---|---|---|---|---|---|---|---|---|---|
| 001 | 578 | 7605305750 | 04:04:15 p.m. 01-09-2013 | 00:01:41 | 8/8 | 1 | EC | HS | CP24000 |

Abbreviations:
| | | | | |
|---|---|---|---|---|
| HS: Host send | PL: Polled local | MP: Mailbox print | TU: Terminated by user | |
| HR: Host receive | PR: Polled remote | CP: Completed | TS: Terminated by system | G3: Group 3 |
| WS: Waiting send | MS: Mailbox save | FA: Fail | RP: Report | EC: Error Correct |



**COPY**

645 12th Street
Hempstead, Texas 77445

# Elton R. Mathis

Criminal District Attorney
Waller County

(979) 826-7718
(979) 826-7722 Fax

January 2, 2013

Warden
United States Penitentiary
Victorville FCC,
P.O. Box 3900
Adelanto, California 92301

In Re: Inmate DOMINIGUE DONTAE LASKER, 22867-289
Request for Temporary Custody (IAD Form V)

Dear Warden,

Please find our county's request for temporary custody so that Inmate Dominque Dontae Lasker may stand trial for Capital Murder in Waller County, Texas.

I have attached certified copies of the indictments and warrants in this matter. There are no fingerprints or photographs because the Defendant fled our jurisdiction before arrest. He was however interviewed by Texas Rangers there in California.

If there is anything more that is needed to facilitate this temporary transfer, please let me know.

Best Regards,

Frederick A. Edwards
First Assistant District Attorney
Waller County, Texas

/91

BP-S568.051 **IAD FORM V - REQUEST FOR TEMPORARY CUSTODY** CDFRM AMARILLO FEB 94
**U.S. DEPARTMENT OF JUSTICE** **FEDERAL BUREAU OF PRISONS**

Six copies. Signed copies must be sent to the prisoner and to the official who has the prisoner in custody. A copy should be sent to the Agreement Administrator of both the sending and the receiving state. Copies should be retained by the person filing the request and the judge who signs the request. Prior to transfer under this Agreement, an Inmate may be afforded a judicial hearing (Cuyler) similar to that provided under the Uniform Extradition Act, in which the inmate may bring a limited challenge to the receiving state's request.

**Request for Temporary custody**

To: (Warden-Superintendent-Director) - Institution and Address
United States Penitentiary, Victorville FCC., P.O. Box 3900, Adelanto, C. 92301

Please be advised that (Name of Inmate) DOMINIQUE DONTAE LASKER 22867-298, who is presently an inmate of your institution, is under [indicate appropriate] (indictment) (information) (complaint) in the (Jurisdiction) 506th District Ct. Waller County Texas, of which I am the (Title of Prosecuting Officer) District Attorney . Said inmate is therein charged with the offense(s) enumerated below:

**Offense(s)**

① Capital Murder 11-01-13703, ② Capital Murder 11-01-13704, ③ Capital Murder 11-01-1

I propose to bring this person to trial on this [indicate appropriate] (indictment) (information) (complaint) within the time specified in Article IV(c) of the Agreement.

In order that proceedings in this matter may be properly had, I hereby request temporary custody of such persons pursuant to Article IV(a) of the Agreement on Detainers.

Attached herewith find in triplicate:
a. Certified copies of the complaint, information or indictment
b. Certified copies of the warrant
c. Certified copies of fingerprints, photographs or physical description

I hereby agree that immediately after trial is completed in this jurisdiction, I will return the prisoner directly to you or allow any jurisdiction you have designated to take temporary custody. I agree also to complete Form IX, The Notice of Disposition of a Detainer, immediately after trial.

| Printed Name and Signature Elton R. Mathis | Title Criminal District Attorney | Date Nov 26, 201? |
|---|---|---|

| Address: 645 12th Street | City/State: Hempstead, Texas 77445 | Telephone No.: 979-826-7718 |
|---|---|---|

I hereby certify that the person whose signature appears above is an appropriate officer within the meaning of Article IV(a) and that the facts recited in this request for temporary custody are correct and that having duly recorded said request, I hereby transmit it for action in accordance with its term and the provisions of the Agreement on Detainers.

| Judge's Printed Name and Signature Albert M. McCaig | Date Nov 26, 2012 |
|---|---|

| Court 506 th Judicial District Court | Judicial District 506th |
|---|---|

| City/State Hempstead, Waller County, Texas | Telephone No. 979-826-0921 |
|---|---|

(This form may be replicated via WP)

Albert M. McCaig, Jr.
Judge, 506th Judicial District Court
Waller and Grimes Counties, Texas

NO. _11-01-13713_

THE STATE OF TEXAS

VS.

DOMINIQUE DONTAE LASKER
B/M       DOB:  03/21/1984

Charge: CAPITAL MURDER
Section: 19.03
Degree: CAPITAL FELONY

IN THE DISTRICT COURT OF

WALLER COUNTY, TEXAS

506th JUDICIAL DISTRICT

Filed ___ AT 1:05 O'Clock P M
PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS
1-27-11
BY ___
DEPUTY ___

## INDICTMENT

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS;

The Grand Jury for the County of Waller and the State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the January term, A.D. 2011 of the 506th Judicial District Court of said County, upon their oaths present in and to said Court at said term that DOMINIQUE DONTAE LASKER, hereinafter styled Defendant, on or about the 11TH day of MARCH, 2010, and before the presentment of this indictment, in Waller County, Texas, did then and there intentionally or knowingly cause the death of an individual, namely, Stanley Ray Jackson, by shooting Stanley Ray Jackson with a firearm, and did then and there intentionally or knowingly cause the death of another individual, namely, Janella Edwards, by shooting Janella Edwards with a firearm, and both murders were committed during the same criminal transaction.

The Grand Jury for the County of Waller and the State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the January term, A.D. 2011 of the 506th Judicial District Court of said County, upon their oaths present in and to said Court at said term that DOMINIQUE DONTAE LASKER, hereinafter styled Defendant, on or about the 11TH day of MARCH, 2010, and before the presentment of this indictment, in Waller County, Texas, did then and there intentionally cause the death of an individual, namely, Stanley Ray Jackson, by shooting Stanley Ray Jackson with a firearm, and the defendant was then and there in the course of committing or attempting to commit the offense of robbery of Stanley Ray Jackson.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_Paula Wood_
Foreman of the Grand Jury

193

Cause No. 11-01-13703

THE STATE OF TEXAS                    IN THE DISTRICT COURT OF

VS.                                   WALLER COUNTY, TEXAS

DOMINIQUE DONTAE LASKER               506TH JUDICIAL
DISTRICT
Black/Male    DOB: 03/21/84
CAPIAS INSTANTER

TO ANY PEACE OFFICER OF THE STATE OF TEXAS - GREETINGS:

YOU ARE HEREBY COMMANDED to arrest DOMINIQUE DONTAE
LASKER and him safely keep so that you have him/her before the Honorable
506TH District Court of Waller County, Texas, at the Courthouse of said County, in
Hempstead, Texas, instanter, then and there to answer the State of Texas upon an
indictment pending in said Court, changing him with CAPITAL MURDER
MULTIPLE, a felony.
HEREIN FAIL NOT, but make due return hereof to this Court forthwith,
showing how you have executed the same.
Witness my hand and seal of office, at Hempstead, Texas, this 27th day of
January, 2011.

PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS
BY:_____
Fran Haggard, Deputy

SHERIFF'S RETURN

CAME TO HAND the _____ day of _____, _____, at _____ o'clock
____.m., and executed by arresting _____
At _____, in _____ County, Texas, and placing
him/her in the Waller County Jail on the _____ day of _____,
_____.

I actually and necessarily traveled _____ miles in the service of this writ, in
addition to any other mileage I may have traveled in the service of other process in
this case during the same trip.

FEES:  Making Arrest                _____ , Sheriff
       Mileage _____ miles        _____ County, Texas
       Taking Bond                  _____
       Commitment                   By: _____
                                       Deputy

194

NO. _11-01-13704_

THE STATE OF TEXAS

VS.

DOMINIQUE DONTAE LASKER
B/M          DOB: 03/21/1984

Charge: MURDER
Section: 19.02
Degree: FIRST DEGREE FELONY

IN THE DISTRICT COURT OF

WALLER COUNTY, TEXAS

506TH JUDICIAL DISTRICT

## INDICTMENT

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS;

The Grand Jury for the County of Waller and the State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the January term, A.D. 2011 of the 506th Judicial District Court of said County, upon their oaths present in and to said Court at said term that DOMINIQUE DONTAE LASKER, hereinafter styled Defendant, on or about the 11TH day of MARCH, 2010, and before the presentment of this indictment, in Waller County, Texas, did then and there intentionally or knowingly cause the death of an individual, namely, Stanley Ray Jackson, by shooting Stanley Ray Jackson with a firearm.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Foreman of the Grand Jury

Filed
AT _1:05_ O'Clock ____ M
PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS
BY _____
DEPUTY _____
1-27-11

195

Cause No. 11-01-13704

THE STATE OF TEXAS          IN THE DISTRICT COURT OF

VS.          WALLER COUNTY, TEXAS

DOMINIQUE DONTAE LASKER          506TH JUDICIAL
DISTRICT
Black/Male    DOB: 03/21/84

CAPIAS INSTANTER

TO ANY PEACE OFFICER OF THE STATE OF TEXAS - GREETINGS:

YOU ARE HEREBY COMMANDED to arrest DOMINIQUE DONTAE
LASKER and him safely keep so that you have him/her before the Honorable
506TH District Court of Waller County, Texas, at the Courthouse of said County, in
Hempstead, Texas, instanter, then and there to answer the State of Texas upon an
indictment pending in said Court, changing him with MURDER, a felony.

HEREIN FAIL NOT, but make due return hereof to this Court forthwith,
showing how you have executed the same.

Witness my hand and seal of office, at Hempstead, Texas, this 27th day of
January, 2011.

         PATRICIA JAMES SPADACHENE
         WALLER COUNTY, TEXAS
         BY: _____
                 Fran Haggard, Deputy

SHERIFF'S RETURN

CAME TO HAND the _____ day of _____, _____, at _____ o'clock
____.m., and executed by arresting _____
At _____, in _____ County, Texas, and placing
him/her in the Waller County Jail on the _____ day of _____,
_____.

I actually and necessarily traveled _____ miles in the service of this writ, in
addition to any other mileage I may have traveled in the service of other process in
this case during the same trip.

FEES: Making Arrest      _____ , Sheriff
       Mileage _____ miles      _____ County, Texas
       Taking Bond      _____
       Commitment      By: _____
                       Deputy

196

NO. _11-01-13705_

THE STATE OF TEXAS | IN THE DISTRICT COURT OF

VS. | WALLER COUNTY, TEXAS

DOMINIQUE DONTAE LASKER | _506th_ JUDICIAL DISTRICT
B/M           DOB: 03/21/1984

Charge: MURDER
Section: 19.02
Degree: FIRST DEGREE FELONY

## INDICTMENT

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS;

The Grand Jury for the County of Waller and the State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the January term, A.D. 2011 of the 506th Judicial District Court of said County, upon their oaths present in and to said Court at said term that DOMINIQUE DONTAE LASKER, hereinafter styled Defendant, on or about the 11TH day of MARCH, 2010, and before the presentment of this indictment, in Waller County, Texas, did then and there intentionally or knowingly cause the death of an individual, namely, Janella Edwards, by shooting Janella Edwards with a firearm.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Foreman of the Grand Jury

Filed
AT 1:05 O'Clock
PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS
BY
DEPUTY
1-27-11

197

Cause No. 11-01-13705

THE STATE OF TEXAS

VS.

DOMINIQUE DONTAE LASKER
DISTRICT
Black/Male    DOB: 03/21/84

IN THE DISTRICT COURT OF

WALLER COUNTY, TEXAS

506TH JUDICIAL

CAPIAS INSTANTER

TO ANY PEACE OFFICER OF THE STATE OF TEXAS - GREETINGS:

YOU ARE HEREBY COMMANDED to arrest DOMINIQUE DONTAE LASKER and him safely keep so that you have him/her before the Honorable 506TH District Court of Waller County, Texas, at the Courthouse of said County, in Hempstead, Texas, instanter, then and there to answer the State of Texas upon an indictment pending in said Court, changing him with MURDER, a felony.

HEREIN FAIL NOT, but make due return hereof to this Court forthwith, showing how you have executed the same.

Witness my hand and seal of office, at Hempstead, Texas, this 27th day of January, 2011.

PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS
BY: _____
Fran Haggard, Deputy

SHERIFF'S RETURN

CAME TO HAND the _____ day of _____, _____, at _____ o'clock ____.m., and executed by arresting _____
At _____, in _____ County, Texas, and placing him/her in the Waller County Jail on the _____ day of _____,
_____.

I actually and necessarily traveled _____ miles in the service of this writ, in addition to any other mileage I may have traveled in the service of other process in this case during the same trip.

FEES:  Making Arrest                _____ , Sheriff
       Mileage _____ miles        _____ County, Texas
       Taking Bond                 _____
       Commitment             By: _____
                                   Deputy

198

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com™

OFFICIAL USE

ADELANTO CA 9230?

| | | |
|---|---|---|
| Postage | $ 12.70 | 0445 |
| Certified Fee | 2.95 | 05  Postmark Here |
| Return Reciept Fee (Endorsement Required) | 2.35 | |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ 8.28  $8.00 | 01/10/2013 |

7002 3150 0000 3033 7161

Sent To  Warden, U.S. Penitentiary
Street, Apt. No.;  Victorville FCC
or PO Box No.  P.O. Box 3900
City, State, ZIP+4  Adelanto, CA 92301

PS Form 3800, June 2002     See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Warden, U.S. Penitentiary
Victorville FCC
P.O. Box 3900
Adelanto, CA 92301

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered    ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)
7002 3150 0000 3033 7161

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

199



# Elton R. Mathis

645 12th Street
Hempstead, Texas 77445

Criminal District Attorney
Waller County

(979) 826-7718
(979) 826-7722 Fax

May 1, 2013

Ms. Linda T. McGrew
Warden, FCC-USP
c/o Correctional Officer J. Kaawaloa
P.O. Box 5400
Victorsville, CA 92301

RE:     Dominique Lasker, 22867-298

Dear Warden McGrew:

Please find enclosed IAD Form VI signed by the Texas IAD Administrator. I believe this was the last form needed to effectuate the transfer of Dominique Lasker into Texas custody. Please do not hesitate to contact me with any questions or concerns you may have, and let Chief Deputy Joe Hester at the Waller County Sheriff's Office (979-826-8282) know when Mr. Lasker is ready for transport. Thank you for your help in these matters.

Sincerely yours,

Elton R. Mathis
Waller County District Attorney

Enc.

Cc:     R. Glenn Smith
        Waller County Sheriff

EXHIBIT
St 3



BP-A0564
APR 10

## IAD FORM VI – EVIDENCE OF AGENT'S AUTHORITY CDFRM

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

Five copies. All copies, with original signatures by the Prosecutor and the Agents, should be sent to the Administrator in the RECEIVING State. After signing all copies, the Administrator should retain one copy for his file, send one copy to the Warden, Superintendent or Director of the Institution in which the prisoner is located and return two copies to the Prosecutor who will give one to the Agents for use in establishing their authority and place one in his file. One copy should also be forwarded to the Agreement Administrator in the sending file.

### Evidence of Agent's Authority to Act for Receiving State

To: (Administrator and Address)  FCC-USP
Linda T. McGrew, Warden    P.O. Box 5400
Victorville, CA  92301

| Inmate (Name and Register No.) | is confined in (Institution and address) |
|---|---|
| Lasker, Dominique Dontae  22867-298 | FCC Victorville Complex – USP  P.O. Box 5400  Adelanto, CA  92301 |

and will be taken into custody at said Institution on (date) _____ for return to the County of _____WALLER_____, State of _____TEXAS_____ for trial. In accordance with Article V(b), of said Agreement, I have designated:

Agent's Name and Department Represented
_Samuel Maxwell_    Waller Co. Sheriff's Office

Agent's Name and Department Represented
_JAMES WATSON_    Waller Co. Sheriff's Office

Agent's Name and Department Represented
_Byron Fausset_    Waller Co. Sheriff's Office

whose signatures appear below as Agents to return the prisoner.
(Agent's Signature)                    (Agent's Signature)

SEE ABOVE

| Dated | Prosecuting Official's Signature |
|---|---|
| 2-5-2013 | _____  Elton R. Mathis  Waller Co. D.A. |

201

a. Title - Waller Co. D.A.      d. City/State - Hempstead, TX 774
b. County - Waller
c. Address - 645 12th Street      e. Telephone No -
                                              979 826-7718

### Evidence of Agent's Authority Continued

To: (Warden-Superintendent-Director)

Linda T. McGraw, Warden

In accordance with the above representations and the provisions of the Agreement on Detainers, the persons listed above are hereby designated as Agents for the State of TEXAS to return (Inmate's Name and Register No.) LASKER, DOMINIQUE DONTAE 22867-298 to the county of WALLER, State of TEXAS, for trial.

At the completion of the trial (Inmate) LASKER, DOMINIQUE DONTAE 22867-298 shall be returned to the (Institution and Address):

FCC Victorville Complex - USP
P.O. Box 5400
Adelanto, CA 92301

| Dated | Detainer Administrator's Signature |
| --- | --- |
| 4-26-13 | Jon M White |

a. Name - T.D.C.J.          c. City/State   Huntsville, Texas 774
b. Address P.O. BOX 99        d. Telephone No.   936-437-6484
PDF                     Prescribed by P5873

2

THE STATE OF TEXAS

TEX

Cla
Det
P.O
Hun

CERTIFIED MAIL

PLACE
THE RETURN ADDRESS IN THIS

7011 0470 0001 6549 2771

Waller County
District Attorney
645 12th Street
Hempstead, Texas 77445
Attn: Elton R. Mathis

77445-4445

MAY - 1 2013

2 03



FILED

2013 FEB -3 PM 10:59

Office of the Correctional Systems

DEPUTY

U.S. Department of Justice

Federal Bureau of Prisons

Federal Correctional Complex
Victorville, California

January 31, 2013

Office of the District Attorney
Elton R. Mathis, Criminal District Attorney
Waller County
506th Judicial District
645 12th Street
Hempstead, Texas 77445

Re: Lasker, Dominique Dontae
    Register Number 22867-289280
    STATE CASE/REFERENCE NO. 11-01-13703; 11-01-13704; 11-01-13705

Dear Mr. Mathis:

In response to your request for temporary custody pursuant to the
Interstate Agreement on Detainers Act (IADA), applicable forms are
enclosed.

Please be advised subject has been notified of your request and has been
afforded a 30-day period in which to contact the Warden of this
institution as to any reasons why he should not be
produced in your State pursuant to the Agreement.

 X  The inmate has waived this 30-day period.  You may contact
this facility directly to arrange for temporary custody.

___ The inmate has elected this 30-day period, provided under
Article IV(a), which expires on (___DATE_).  Any court proceedings
must occur after this date.

Please remit to this office the original completed Form VI,
"Evidence of Agent's Authority to Act for Receiving State" (BP-A564)
and originals of the IAD Form V (BP-568) and IAD FormVI (BP-565).
The persons designated as agents to return the prisoner to your
State must also be the persons whose signatures appear on the Form
VI.  Naming alternative agents would be advisable in case your
primary agents cannot make the trip.  The alternate agents'
signatures should also appear on the Form VI.  Also be advised that
the designated agents must have in their possession a copy of the
warrant when assuming custody of the prisoner.

EXHIBIT
St. 4

Exhibit

2 P4

Page Two
RE: Lasker, Dominique Dontae
    Register No. 22867-289

Inmates who are temporarily transferred pursuant to the IAD remain under the primary jurisdiction of Federal authorities. Should you accept temporary custody of this inmate, we wish to remind you that under Article V(e) of the IADA, you are required to return the above-named inmate to this institution after prosecution on all pending charges.

While this inmate is in your temporary custody, he/she will be held in a suitable jail that meets the level of security required by the Bureau of Prisons. In addition, security requirements for the inmate must be met. Two law enforcement escort officers, handcuffs, martin chains and leg irons are required. Contract Guard Services are not allowed.

Any problems associated with this inmate must be reported to the individual listed below. This inmate may not be released on bail or bond or any other agency while in your custody. Additionally, this inmate is not to be committed to a state correctional institution for service of any state sentence(s) that may be imposed because of your prosecution.

To help us with processing, please fill out the enclosed certification form and return to us before scheduling a date for assuming custody. Before making scheduling arrangements, please contact this individual below to ensure all required paperwork and approvals have been met.

If you have any questions on this matter, please call: D. Wren, Supervisory Correctional Systems Specialist at 760-530-5748.

                              Sincerely

                              Linda T. McGrew, Warden

                              /s/ D.
                              Wren, SCSS


Enclosures:  BP-Forms A235, A236, A238, A239
             BP-A565, IAD/State Writ - Prosecutor's Certification Form

cc:  Clerk of Court
     State IADA Administrator

205

BP-S235(51)   IAD –NOTICE OF UNTRIED INDICTMENT

U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

| INMATE NAME: | REGISTER NUMBER: | INSTITUTION: |
|---|---|---|
| LASKER, DOMINIQUE DONTAE | 22867-298 | FCC VICTORVILLE COMPLEX |

Pursuant to the Interstate Agreement on Detainers Act, you are hereby informed that the following are the untried indictments, information, or complaints against you concerning which the undersigned has knowledge, and the source and contents of each:  **WALLER COUNTY SHERIFF'S OFFICE. CAPITOL MURDER CAUSE #11-01-13703, 11-01-13704 AND 11-01-13705.**

You are hereby further advised that the provisions of said Agreement you have the right to request the appropriate prosecuting officer of the jurisdiction in which any such indictment, information or complaint is pending and the appropriate court that a final disposition be made thereof. You shall then be brought to trial within 180 days, unless extended pursuant to provisions of the Agreement, after you have caused to be delivered to said prosecuting officer and said court written notice of the place of your imprisonment and your said request, together with a certificate of the custodial authority as more fully set forth in said Agreement. However, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

Your request for final disposition will operate as a request for final disposition of all untried indictments, information or complaints on the basis of which detainers have been lodged against you from the state to whose prosecuting official your request for final disposition is specifically directed. Your request will also be deemed to be a waiver of extradition with respect to any charge or proceedings contemplated thereby or there imposed upon you, after completion of your term of imprisonment in this state. Your request will also constitute a consent by you to the production of your body in any court where your presence may be required in order to effectuate the purposes of the Agreement on Detainer and a further consent voluntarily to be returned to the institution in which you are now confined.

Should you desire such a request for final disposition of any untried indictment, information or complaint, you are to notify the Inmate Systems Manager of the institution in which you are now confined.

You are also advised that under provisions of said Agreement the prosecuting officer of a jurisdiction in which any such indictment, information or complaint is pending may oppose the request that you be delivered to such prosecuting officer or court. You may request the Warden to disapprove any such request for your temporary custody but you cannot oppose delivery on the ground that the Warden has not affirmatively consented to or ordered such delivery.

| DATE: | NAME AND TITLE OF CUSTODIAL AUTHORITY | Linda T. McGrew, Complex Warden |
|---|---|---|
| August 31, 2012 | Charles E Samuels Jr. Director, Bureau of Prisons | BY: D. Wren, Correctional Systems Specialist |

| DATED:  ꞁ0ꞁꞁ / 09 / ꞁꞁ | INMATE SIGNATURE |
|---|---|

Original   Inmate
Copy:      J&C File
           Central file

206

BP-S236.051 **IAD – PLACEMENT OF IMPRISONMENT** CDFRM

FEB 94
U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| To: Prosecuting Officer ELTON R. MATHIS | Jurisdiction: WALLER COUNTY, TX |
|---|---|
| Court: 506th JUDICIAL DISTRICT | Jurisdiction: WALLER COUNTY, TX |

And to all other prosecuting officers and courts of jurisdiction listed below from which indictments, information or complaints are pending, you are hereby notified that the undersigned is now imprisoned in:

Institution:

Federal Correctional Complex - United States Penitentiary P.O. Box 5400, Victorville, CA 92301

And I hereby request that a final disposition be made of the following indictments, information or complaints now pending against me:      WARRANT No. 11-01-13703, 11-01-13704 and 11-01-13705
CAPITAL MURDER SECTION: 19.03 DEGREE: CAPITAL FELONY

Failure to take action in accordance with the Interstate Agreement on Detainers Act, to which your state is committed by Law, will result in the invalidation of the indictments, information or complaints.

I hereby agree that this request will operate as a request for final disposition of all untried indictments, information or complaints on the basis of which detainers have been lodged against me from your state. I also agree that this request shall be deemed to be my waiver of extradition with respect to any charge or proceedings contemplated hereby or included herein, and a waiver of extradition to your state to serve any sentence there imposed upon me, after completion of my term of imprisonment in this state. I also agree that this request shall constitute a consent by me to the production of my body in any court where my presence may be required in order to effectuate the purposes of the Interstate Agreement on Detainers Act and a further consent voluntarily to be returned to the institution in which I now am confined.

If jurisdiction over this matter is properly in another agency, court or officer, please designate the proper agency, court or officer and return this form to the sender.

Forms BP-S238(51), Certificate of Inmate Status, and BP-S239(51), Offer of To Deliver Temporary Custody, are attached.
Dated:

Inmate's Name and Register No.:

January 30, 2013                         LASKER, DOMINIQUE DONTAE
Federal Register: 22867-298

The inmate must indicate below whether he has counsel or wishes the court in the receiving state to appoint counsel for purposes of any proceedings preliminary to trial in the receiving state which may take place before his delivery to the jurisdiction in which the indictment, information or complaint is pending. Failure to list the name and address of counsel will be construed to indicate the Inmate's consent to the appointment of counsel by the appropriate court in the receiving state.

| A.  My Counsel is (give name) | Address is: (Street, City, State, Zip Code) |
|---|---|
|  |  |

B.   I request the Court to appoint Counsel. (Inmate's Signature)

Record Copy - State IAD Administrator; Copy - J&C File; Copy - Central File (Sect. 1); Copy - Prosecuting Official (Mail Certified Return Receipt); Copy - Clerk of Court (Mail Certified Return Receipt)

207

| Inmate's Name: LASKER, DOMINIQUE DONTAE | Register No.: 22867-298 | Institution: FCC VICTORVILLE COMPLEX |
|---|---|---|

Institution Address: **Federal Correctional Complex, P.O. BOX 5400 Adelanto, CA 92301**

The (Custodial Authority) hereby certifies:

1. The term of commitment under which the prisoner above named is being held:
   **121 MONTHS**

2. The Time Already Served:   **1 YEAR 3 MONTHS 4 DAYS**

3. Time Remaining to be Served on the Sentence:   **6 YEARS 6 MONTHS 15 DAYS**

4. The Amount of Good Time Earned: **108**

5. The Date of Parole Eligibility of the Prisoner:

6. The decisions of the U.S. Parole Commission relating to the Prisoner:

7. Maximum expiration date under present sentence: **11-29-2020**

Detainers currently on file against this inmate from your state are as follows:
   **WARRANT No. 11-01-13703, 11-01-13704 AND 11-01-13705**

| Date: | Name and Title of Custodial Authority **Charles E. Samuels Jr.** | By: (Chief Executive Officer) **Linda T. McGrew,** |
|---|---|---|
| 1/30/13 | **Director, Bureau of Prisons** | **Complex Warden** |

ᵖⁿ *D. Wren*
**D. Wren**
**Correctional Systems Specialist**

Record Copy - State IAD Administrator
Copy - J&C File
Copy - Central File (Sect. 1)
Copy - Prosecuting Official (Mail Certified Return Receipt)
Copy - Clerk of Court (Mail Certified Return Receipt)

208

BP-S239.051   IAD - OFFER TO DELIVER TEMPORARY CUSTODY      CDFRM
February 1994
U.S. DEPARTMENT OF JUSTICE                          FEDERAL BUREAU OF PRISONS

Date:   January 30, 2013

| To:  Prosecuting Officer **ELTON R. MATHIS** | Name and Title (if known) **Criminal District Attorney** | Jurisdiction: **WALLER COUNTY, TX** |
|---|---|---|

And to all other prosecuting officers and courts of jurisdiction listed below from which indictments, information or complaints are pending

| Re: (Inmate's Name) **LASKER, DOMINIQUE DONTAE**        **22867-298** | Register Number |
|---|---|

Pursuant to the provisions of Article V of the Interstate Agreement on Detainers Act between this state and your state, the undersigned hereby offers to deliver temporary custody of the above-named prisoner to the appropriate authority in your state in order that speedy and efficient prosecution may be had of the indictment, information or complaint which is described in the attached inmate's request dated: **September 27, 2012**

The required Certificate of Inmate Status is enclosed. dated: **January 30, 2013**

If proceedings under Article IV(d) of the Interstate Agreement on Detainers Act are indicated, an explanation is attached.

Indictments, information or complaints charging the following offenses also are pending against the inmate in your state and you are hereby authorized to transfer the inmate to custody of appropriate authorities in these jurisdictions for purposes of these indictments, information or complaints.

**CAPITAL MURDER                  DISTRICT COURT OF WALLER COUNTY, TEXAS**
**19.03                           506TH JUDICIAL DISTRICT**
**CAPITAL FELONY**

If you do not intend to bring the inmate to trial, will you please inform us as soon as possible? Kindly acknowledge.

| By: (Chief Executive Officer)   Institution & Address: | Name/Title Custodial Authority: |
|---|---|
| D. Wren **Correctional Systems Specialist**  **Linda T. McGrew** **Complex Warden** | FCC Victorville - USP P.O. Box 5400 Adelanto, CA 92301 | **Charles E. Samuels Jr.** **Director** **Bureau of Prisons** |

209

# CRIMINAL DOCKET

No. 11-01-13705

S/M INC., DALLAS FORM CLD

| | Number of Case | STYLE OF CASE | ATTORNEYS | | OFFENSE | DATE OF FILING | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | Month | Day | Year |
| | 11-01-13705 | THE STATE OF TEXAS vs. | Elton Mathis State | | Murder | 1 | 27 | 11 |
| | | | | | | Information, Index or Indictment | | |
| | | Dominique Dontae Lasker | | | | | | |
| | | | Defendant | | | Fee Book | | |
| | | | | | | Vol. | Page | |
| | | | | | | 8 | | |

| WITNESSES | Date of Orders | | | Was Stenographer Used | ORDERS OF COURT | Minute Book | | WITNESSES |
|---|---|---|---|---|---|---|---|---|
| | Month | Day | Year | | | Vol. | Page | |
| CSR: Wiley | 6 | 4 | 13 | | Δ present - Counsel appointed through Regional Public Defender for Capital Cases. | | | |
| CSR: Wiley | 9 | 9 | 13 | | Δ present w/ counsel Mr. Blazek in courtroom - State appeared through Mr. Mathis. State's motion for continuance was heard together with Defendant's motion to Dismiss. After hearing argument of counsel and considering same, the court found good cause to grant the State's motion for continuance on the basis of Article IV of the Interstate Detainers Act. Defense counsel will further brief his motion to Dismiss. States motion for Incompetency Exam was heard, and Court heard arguments for and against the same; Motion deferred pending further Investigation by the defense. Standard Discovery Order was Signed and Copies provided to the state and defense. No further matters being heard, the hearing was adjourned. | | | |
| CSR: Sheila May | 11 | 4 | 13 | | Δ present w/ counsel Frank Blazek and William F. Carter in Courtroom - State appeared through Mr. Elton Mathis | | | |

| Date of Orders | | | ORDERS OF COURT | Minute Book | | PROCESS |
| Month | Day | Year | | Vol. | Page | |
|---|---|---|---|---|---|---|
| 11 | (Cont) 4 | 13 | and Mr. Fred Edwards - Discussion was held on scheduling /s/ Judge McCaig | | | |
| 2 | 11 | 14 | Δ present w/ Counsel Frank Blazek and William F. Carter in courtroom. | | | CSR: R. Wiley |
| | | | State appeared through Mr. Eiton Mathis and Mr. Fred Edwards. After | | | |
| | | | argument, various stipulations of fact were received in the record; | | | |
| | | | State's exhibits 1 through 4 were admitted and, after further discussion, | | | |
| | | | State's #5 was admitted. The court took Defendant's motion to Dismiss | | | |
| | | | under the Federal IADA under advisement. Defenses motion to | | | |
| | | | suppress was deferred for a later hearing. Current pretrial and | | | |
| | | | trial dates are continued pending further orders of the court. /s/ A.M. McCaig | | | |

THE STATE OF TEXAS              )(

COUNTY OF WALLER               )(


     I, PATRICIA JAMES SPADACHENE, Clerk of the District Courts of Waller County, Texas, do hereby certify that the record on Petition for Writ of Mandamus to the Court of Appeals for the First Supreme Judicial District of Texas, Houston, Texas, in Cause 01-14-00630-CR (Count 3)and Waller County Cause No. 11-01-13705, styled IN RE: DOMINIQUE DONTAE LASKER, to which this certification is attached and made a part, comprise a true and correct transcript of all the matters and proceedings had and done in said cause,

     GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Hempstead, Texas, this 10th day of September, 2014.


# Pat J. Spadachene

PATRICIA JAMES SPADACHENE
DISTRICT CLERK
WALLER COUNTY, TEXAS

By: _____
     Liz Pirkle, Deputy



212

Court Reporter: Robyn Wiley
836 Austin Street, Rm 307
Hempstead, Texas 77445
(979) 921-0921

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
10/9/2014 8:57:13 AM
CHRISTOPHER A. PRINE
Clerk

Delivered to the First Court of Appeals
For the State of Texas
301 Fannin Street
Houston, Texas 77002
The 9th day of October, 2014

**PATRICIA J. SPADACHENE**
**DISTRICT CLERK OF**
**WALLER COUNTY, TEXAS**

By:_____, **Deputy**

*Appellate Court Cause No. 01-14-00630-CR*
*Filed in the First Court of Appeals at Houston, Texas*
*This the _____ day of_____, 2014.*

*By _____, Deputy*

*FILED IN THE FIRST COURT OF APPEALS, Cause No. 01-14-00630-CR*
*Trial Court Cause No. 11-01-13703*

| | | |
|---|---|---|
| **IN RE** | § | **IN THE COURT OF APPEALS** |
| | § | |
| | § | **FIRST DISTRICT** |
| | § | |
| **DOMINIQUE DONTAE LASKER** | § | **HOUSTON, TEXAS** |

**PETITION FOR WRIT OF MANDAMUS**
**SUPPLEMENTAL CLERK'S RECORD, VOL. 1 OF 1**

## *INDEX*

| *VOLUME* | | *PAGE* |
|---|---|---|
| *Caption* | | *1* |
| *Stipulation of Evidence* | *Filed 10/06/2014* | *2* |
| *Court's Docket Sheet* | | *4* |
| *Certification* | | *6* |

# SUPPLEMENTAL CLERK'S RECORD
## (Petition for Writ of Mandamus)
First Court of Appeals
Court of Appeals No. 01-14-00630-CR
Trial Court Cause No 11-01-13703
In the 506th District Court
Of Waller County, Texas
Hon. Albert M. McCaig, Jr.

---

# IN RE:
# DOMINIQUE DONTAE LASKER

---

Appealed to the
Court of Appeals for the FIRST District of Texas, at Houston, Texas

---

| | |
|---|---|
| Relator | DOMINIQUE DONTAE LASKER |
| Attorneys for Relator | Frank Blazek |
| | 1414 11th Street |
| | Huntsville, Texas 77340 |
| | Tel: (936)295-2624 |
| | SBOT No.: 02475500 |
| | |
| | William F. Carter |
| | 108 E. William J. Bryan Parkway |
| | Bryan, Texas 77803-5334 |
| | Tel: (979)779-0712 |
| | SBOT No.: 03932800 |
| Real Party In Interest | The State of Texas |
| Attorney for State of Texas/ | |
| Real Party In Interest | Elton Mathis |
| | Waller County District Attorney |
| | 645 12th Street |
| | Hempstead, Texas 77445 |
| | Phone: (979) 826-7718 |
| | SBOT No. 24014568 |
| Court: | 506th Judicial District Court |
| Judge: | Hon. Albert M. McCaig, Jr. |

*THE STATE OF TEXAS*

*COUNTY OF WALLER*

*In the 506th Judicial District Court of Waller County, Texas, the Honorable Albert M. McCaig, Jr., presiding, the following proceedings were held and the following instruments and other papers were filed in this cause, to wit:*

1st COURT OF APPEAL NO. 01-14-00630-CR
***TRIAL COURT CAUSE NO. 11-01-13703***

**SUPPLEMENTAL CLERK'S RECORD**

**VOLUME 1OF 1**

| | | |
|---|---|---|
| **IN RE** | § | **IN THE COURT OF APPEALS** |
| | § | |
| | § | **FIRST DISTRICT** |
| | § | |
| **DOMINIQUE DONTAE LASKER** | § | **HOUSTON, TEXAS** |

\

CAUSE NO. 11-01-13703
CAUSE NO. 11-01-13704
CAUSE NO. 11-01-13705



| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## STIPULATION OF EVIDENCE

Now come the State of Texas and the Defendant, by and through their undersigned attorneys, and stipulate that the undated State's Response to the Defendant's Motion to Dismiss, filed marked September 4, 2014, was before the trial court and considered by the trial court on February 11, 2014. [Clerk's Record pg. 169 in 1st Court of Appeals No. 01-14-00630-CR (Count 1)]

DATED September 30, 2014.

ELTON R. MATHIS
CRIMINAL DISTRICT ATTORNEY
WALLER COUNTY, TEXAS
State Bar No. 24014568
645 12th Street
Hempstead, Texas 77445
Tel. No. (979) 826-7718
Fax No. (979) 826-7722


SMITHER, MARTIN,
HENDERSON & BLAZEK, P.C.
1414 11th Street
Huntsville, Texas 77340
(936) 295-2624
(936) 294-9784 [Telecopier]

By _____
Frank Blazek
State Bar No. 02475500

William F. Carter
State Bar No. 03932800
108 E. William J. Bryan Parkway
Bryan, Texas 77803-5334
(979) 779-0712
(979) 779-9243 [Telecopier]

ATTORNEYS FOR DEFENDANT

# CRIMINAL DOCKET

No. 11-01-13703

<table>
<table>
<tr><td colspan="2">Number of Case</td><td>STYLE OF CASE</td><td>ATTORNEYS</td><td>OFFENSE</td><td colspan="3">DATE OF FILING</td></tr>
<tr><td colspan="2"></td><td></td><td></td><td></td><td>Month</td><td>Day</td><td>Year</td></tr>
<tr><td colspan="2">11-01-13703</td><td>THE STATE OF TEXAS<br>vs.<br>Dominique Dontae Lasker</td><td>Elton Mathis State</td><td>Capital Murder</td><td>1</td><td>27</td><td>11</td></tr>
<tr><td colspan="2"></td><td></td><td></td><td>Defendant</td><td colspan="3">Information, Index or (Indictment)</td></tr>
<tr><td colspan="2"></td><td></td><td></td><td></td><td colspan="3">Fee Book<br>Vol. 8   Page</td></tr>
</table>
</table>

| Date of Orders | | | Was Stenographer Used | ORDERS OF COURT | Minute Book | | WITNESSES |
|---|---|---|---|---|---|---|---|
| Month | Day | Year | | | Vol. | Page | |
| 6 | 4 | 13 | | Δ present · Counsel appointed through Regional Public Defender for Capital Cases. | | | |
| 9 | 9 | 13 | CSR: Wiley | Δ present w/counsel Mr. Blazek in courtroom - State appeared through Mr. Mathis. State's motion for continuance was heard together with Defendant's motion to Dismiss. After hearing argument of counsel and considering same, the Court found good cause to grant the State's motion for continuance on the basis of Article IV of the Interstate Detainer's Act. Defense counsel will further brief his motion to Dismiss. State's motion for Incompetency Exam was heard, and the Court heard arguments for and against the same; motion deferred pending further Investigation by the defense. Standard Discovery Order was signed and copies provided to the state and the defense. No further | | | |

| Date of Orders | | | ORDERS OF COURT | Minute Book | | PROCESS |
| Month | Day | Year | | Vol. | Page | |
|---|---|---|---|---|---|---|
| 9 | 9 (cont) | 13 | matters being heard, the hearing was adjourned. | | | |
| 11 | 4 | 13 | Δ present w/ counsel Frank Blazek and William F. Carter in courtroom - State appeared through mr. Elton mathis and mr. Fred Edwards - Discussion was held on scheduling - AMcCay | | | CSR: Sheila May |
| 2 | 11 | 14 | Δ present w/ counsel Frank Blazek and William F. Carter in courtroom - State appeared through mr. Elton mathis and mr. Fred Edwards - After argument, various stipulations of fact were received in the record; State's Exhibits 1 through 4 were admitted. and, after further discussion, states #5 was admitted. The Court took Defendant's Motion to dismiss under the federal IADA under advisement. Defense's motion to suppress was deferred for a later hearing. Current pretrial and trial dates are continued pending further orders of the Court. AMcCay | | | CSR: R. Wiley |
| 10 | 1 | 2014 | A motions hearing has been scheduled for 10-6-2014. The Court was notified by the defense, concurred by State, that no motions are pending and the hearing is not needed. Motions set for 10-6-2014 are hereby continued to a future date. AMcCay | | | |
| 9 | 10 | 14 | Clerk's Record for Writ of mandamus e-filed | | | |
| 10 | 9 | 14 | Supplemental clerk's Record e-filed | | | |

5

THE STATE OF TEXAS        )(

COUNTY OF WALLER          )(


      *I, PATRICIA JAMES SPADACHENE, Clerk of the District Courts of Waller County, Texas, do hereby certify that the supplemental record on Petition for Writ of Mandamus to the Court of Appeals for the First Supreme Judicial District of Texas, Houston, Texas, in Cause 01-14-00630-CR and Waller County Cause No. 11-01-13703, styled IN RE: DOMINIQUE DONTAE LASKER, to which this certification is attached and made a part, comprise a true and correct transcript of all the matters and proceedings had and done in said cause,*

      *GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Hempstead, Texas, this 9th day of October, 2014.*


**Pat J. Spadachene**
_____
PATRICIA JAMES SPADACHENE
DISTRICT CLERK
WALLER COUNTY, TEXAS

By: _____
      *Liz Pickle, Deputy*



ᛪ

# SUPPLEMENTAL CLERK'S RECORD
## (Petition for Writ of Mandamus)
First Court of Appeals
Court of Appeals No. 01-14-00631-CR
Trial Court Cause No 11-01-13704
In the 506th District Court
Of Waller County, Texas
Hon. Albert M. McCaig, Jr.

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

10/9/2014 8:59:19 AM

CHRISTOPHER A. PRINE
Clerk

## IN RE:
## DOMINIQUE DONTAE LASKER

Appealed to the
Court of Appeals for the FIRST District of Texas, at Houston, Texas


| | |
|---|---|
| Relator | DOMINIQUE DONTAE LASKER |
| Attorneys for Relator | Frank Blazek<br>1414 11th Street<br>Huntsville, Texas 77340<br>Tel: (936)295-2624<br>SBOT No.: 02475500<br><br>William F. Carter<br>108 E. William J. Bryan Parkway<br>Bryan, Texas 77803-5334<br>Tel: (979)779-0712<br>SBOT No.: 03932800 |
| Real Party In Interest | The State of Texas |
| Attorney for State of Texas/<br>Real Party In Interest | Elton Mathis<br>Waller County District Attorney<br>645 12th Street<br>Hempstead, Texas 77445<br>Phone: (979) 826-7718<br>SBOT No. 24014568 |
| Court: | 506th Judicial District Court |
| Judge: | Hon. Albert M. McCaig, Jr. |

Court Reporter:                    Robyn Wiley
                                   836 Austin Street, Rm 307
                                   Hempstead, Texas 77445
                                   (979) 921-0921

---

Delivered to the First Court of Appeals
For the State of Texas
301 Fannin Street
Houston, Texas 77002
The 9th day of October, 2014

**PATRICIA J. SPADACHENE
DISTRICT CLERK OF
WALLER COUNTY, TEXAS**

By:_____, Deputy

---

*Appellate Court Cause No. 01-14-00631-CR*
*Filed in the First Court of Appeals at Houston, Texas*
*This the _____ day of _____, 2014.*

*By _____, Deputy*

| IN RE | § | IN THE COURT OF APPEALS |
|---|---|---|
| | § | |
| | § | FIRST DISTRICT |
| | § | |
| DOMINIQUE DONTAE LASKER | § | HOUSTON, TEXAS |

## PETITION FOR WRIT OF MANDAMUS
## SUPPLEMENTAL CLERK'S RECORD, VOL. 1 OF 1

### *INDEX*

| *VOLUME* | | *PAGE* |
|---|---|---|
| *Caption* | | *1* |
| *Stipulation of Evidence* | *Filed 10/06/2014* | *2* |
| *Court's Docket Sheet* | | *4* |
| *Certification* | | *6* |

*THE STATE OF TEXAS*

*COUNTY OF WALLER*

*In the 506th Judicial District Court of Waller County, Texas, the Honorable Albert M. McCaig, Jr., presiding, the following proceedings were held and the following instruments and other papers were filed in this cause, to wit:*

1st COURT OF APPEAL NO. 01-14-00631-CR
***TRIAL COURT CAUSE NO. 11-01-13704***

**SUPPLEMENTAL CLERK'S RECORD**

**VOLUME 1 OF 1**

| | | |
|---|---|---|
| **IN RE** | § | **IN THE COURT OF APPEALS** |
| | § | |
| | § | **FIRST DISTRICT** |
| | § | |
| **DOMINIQUE DONTAE LASKER** | § | **HOUSTON, TEXAS** |



CAUSE NO. 11-01-13703
CAUSE NO. 11-01-13704
CAUSE NO. 11-01-13705

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, T E X A S |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## STIPULATION OF EVIDENCE

Now come the State of Texas and the Defendant, by and through their undersigned attorneys, and stipulate that the undated State's Response to the Defendant's Motion to Dismiss, filed marked September 4, 2014, was before the trial court and considered by the trial court on February 11, 2014. [Clerk's Record pg. 169 in 1st Court of Appeals No. 01-14-00630-CR (Count 1)]

DATED September 30, 2014.

ELTON R. MATHIS
CRIMINAL DISTRICT ATTORNEY
WALLER COUNTY, TEXAS
State Bar No. 24014568
645 12th Street
Hempstead, Texas 77445
Tel. No. (979) 826-7718
Fax No. (979) 826-7722

SMITHER, MARTIN,
HENDERSON & BLAZEK, P.C.
1414 11th Street
Huntsville, Texas 77340
(936) 295-2624
(936) 294-9784 [Telecopier]

By _____
Frank Blazek
State Bar No. 02475500

William F. Carter
State Bar No. 03932800
108 E. William J. Bryan Parkway
Bryan, Texas 77803-5334
(979) 779-0712
(979) 779-9243 [Telecopier]

ATTORNEYS FOR DEFENDANT

3

# CRIMINAL DOCKET

No. 11-01-13704

| Number of Case | STYLE OF CASE | ATTORNEYS | OFFENSE | DATE OF FILING |||
|---|---|---|---|---|---|---|
| | | | | Month | Day | Year |
| 11-01-13704 | THE STATE OF TEXAS vs. Dominique Dontae Laskew | Elita Mathis State | Murder F1 | 1 | 27 | 11 |
| | Defendant | | | Information, Index or Indictment |||
| | | | | Fee Book |||
| | | | | Vol. 8 | Page ||

| Date of Orders ||| Was Stenographer Used | ORDERS OF COURT | Minute Book || WITNESSES |
|---|---|---|---|---|---|---|---|
| Month | Day | Year | | | Vol. | Page | |
| CSR: Wiley | 6 | 4 | 13 | Δ present - Counsel appointed through Regional Public Defender for Capital Cases. | | | |
| CSR: Wiley | 9 | 9 | 13 | Δ present w/ Counsel Mr. Blazek in courtroom - State appeared through Mr. Mathis. State's motion for continuance was heard together with Defendant's motion to Dismiss. After hearing argument of counsel and considering same, the court found good cause to grant the State's motion for continuance on the basis of Article IV of the Interstate Detainers Act. Defense Counsel will further brief his Motion to Dismiss. State's motion for Incompetency Exam was heard, and the court heard arguments for and against the same; motion deferred pending further investigation by the defense. Standard Discovery Order was signed and copies provided to the state and to the defense. No further matters being heard, the hearing was adjourned. | | | |

STATE OF TEXAS

VS. NO. 11-01-13704
Dominique Dontae Lasker

| Date of Orders | | | ORDERS OF COURT | Minute Book | | PROCESS |
| Month | Day | Year | | Vol. | Page | |
|---|---|---|---|---|---|---|
| 11 | 4 | 13 | Δ present w/counsel Frank Blazek and william F. carter in courtroom - State appeared through Mr. Elton mathis and mr. Fred Edwards - Discussion was held on scheduling /s/ Judge McCaig | | | CSR: Sheila may |
| 2 | 11 | 14 | Δ present w/counsel Frank Blazek and william F. carter in courtroom - State appeared through mr. Elton mathis and mr. Fred Edwards - After argument, various stipulations of fact were received in the record; States Exhibits 1 through 4 were admitted and, after further discussion, State's #5 was admitted. The court took Defendant's motion to dismiss under the Federal IADA under advisement. Defense's motion to suppress was deferred for a later hearing. Current pretrial and trial dates are continued pending further orders of the court /s/ A McCaig | | | CSR: R. Wiley |
| 10 | 1 | 14 | a motions hearing has been scheduled for 10-6-14. The Court was notified by the defense, concurred by State, that no motions are pending and the hearing is not needed. Motions set for 10-6-14 are hereby continued to a future date. /s/ Judge McCaig. | | | |
| 9 | 10 | 14 | Clerk's Record for writ of mandamus e-filed | | | |
| 10 | 9 | 14 | Supplemental Clerk's Record efiled. | | | |

5

THE STATE OF TEXAS )(

COUNTY OF WALLER )(


I, PATRICIA JAMES SPADACHENE, Clerk of the District Courts of Waller County, Texas, do hereby certify that the supplemental record on Petition for Writ of Mandamus to the Court of Appeals for the First Supreme Judicial District of Texas, Houston, Texas, in Cause 01-14-00631-CR and Waller County Cause No. 11-01-13704, styled IN RE: DOMINIQUE DONTAE LASKER, to which this certification is attached and made a part, comprise a true and correct transcript of all the matters and proceedings had and done in said cause,

GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Hempstead, Texas, this 9th day of October, 2014.


# Pat J. Spadachene

PATRICIA JAMES SPADACHENE
DISTRICT CLERK
WALLER COUNTY, TEXAS

By: _____
Liz Pirkle) Deputy

# SUPPLEMENTAL CLERK'S RECORD
## (Petition for Writ of Mandamus)
First Court of Appeals
Court of Appeals No. 01-14-00632-CR
Trial Court Cause No 11-01-13705
In the 506th District Court
Of Waller County, Texas
Hon. Albert M. McCaig, Jr.

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

10/9/2014 9:01:10 AM

CHRISTOPHER A. PRINE
Clerk

## IN RE:
## DOMINIQUE DONTAE LASKER

Appealed to the
Court of Appeals for the FIRST District of Texas, at Houston, Texas

| | |
|---|---|
| Relator | DOMINIQUE DONTAE LASKER |
| Attorneys for Relator | Frank Blazek<br>1414 11th Street<br>Huntsville, Texas 77340<br>Tel: (936)295-2624<br>SBOT No.: 02475500 |
| | William F. Carter<br>108 E. William J. Bryan Parkway<br>Bryan, Texas 77803-5334<br>Tel: (979)779-0712<br>SBOT No.: 03932800 |
| Real Party In Interest | The State of Texas |
| Attorney for State of Texas/<br>Real Party In Interest | Elton Mathis<br>Waller County District Attorney<br>645 12th Street<br>Hempstead, Texas 77445<br>Phone: (979) 826-7718<br>SBOT No. 24014568 |
| Court: | 506th Judicial District Court |
| Judge: | Hon. Albert M. McCaig, Jr. |

Court Reporter:                    Robyn Wiley
                                   836 Austin Street, Rm 307
                                   Hempstead, Texas 77445
                                   (979) 921-0921

---

Delivered to the First Court of Appeals
For the State of Texas
301 Fannin Street
Houston, Texas 77002
The 9th day of October, 2014

**PATRICIA J. SPADACHENE**
**DISTRICT CLERK OF**
**WALLER COUNTY, TEXAS**

**By:** _____Liz Pirkle_____ **, Deputy**

---

*Appellate Court Cause No. 01-14-00632-CR*
*Filed in the First Court of Appeals at Houston, Texas*
*This the _____ day of_____, 2014.*

*By _____, Deputy*

| | | |
|---|---|---|
| **IN RE** | § | **IN THE COURT OF APPEALS** |
| | § | |
| | § | **FIRST DISTRICT** |
| | § | |
| **DOMINIQUE DONTAE LASKER** | § | **HOUSTON, TEXAS** |

**PETITION FOR WRIT OF MANDAMUS**
**SUPPLEMENTAL CLERK'S RECORD, VOL. 1 OF 1**

<u>*INDEX*</u>

| <u>*VOLUME*</u> | | <u>*PAGE*</u> |
|---|---|---|
| *Caption* | | *1* |
| *Stipulation of Evidence* | *Filed 10/06/2014* | *2* |
| *Court's Docket Sheet* | | *4* |
| *Certification* | | *6* |

*THE STATE OF TEXAS*

*COUNTY OF WALLER*

*In the 506th Judicial District Court of Waller County, Texas, the Honorable Albert M. McCaig, Jr., presiding, the following proceedings were held and the following instruments and other papers were filed in this cause, to wit:*

1st COURT OF APPEAL NO. 01-14-00632-CR
*TRIAL COURT CAUSE NO. 11-01-13705*

**SUPPLEMENTAL CLERK'S RECORD**

**VOLUME 1OF 1**

| | | |
|---|---|---|
| **IN RE** | § | **IN THE COURT OF APPEALS** |
| | § | |
| | § | **FIRST DISTRICT** |
| | § | |
| **DOMINIQUE DONTAE LASKER** | § | **HOUSTON, TEXAS** |

1

CAUSE NO. 11-01-13703
CAUSE NO. 11-01-13704
CAUSE NO. 11-01-13705



| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| DOMINIQUE DONTAE LASKER | § | 506TH JUDICIAL DISTRICT |

## STIPULATION OF EVIDENCE

Now come the State of Texas and the Defendant, by and through their undersigned attorneys, and stipulate that the undated State's Response to the Defendant's Motion to Dismiss, filed marked September 4, 2014, was before the trial court and considered by the trial court on February 11, 2014. [Clerk's Record pg. 169 in 1st Court of Appeals No. 01-14-00630-CR (Count 1)]

DATED September 30, 2014.

ELTON R. MATHIS
CRIMINAL DISTRICT ATTORNEY
WALLER COUNTY, TEXAS
State Bar No. 24014568
645 12th Street
Hempstead, Texas 77445
Tel. No. (979) 826-7718
Fax No. (979) 826-7722

SMITHER, MARTIN,
HENDERSON & BLAZEK, P.C.
1414 11th Street
Huntsville, Texas 77340
(936) 295-2624
(936) 294-9784 [Telecopier]

By _____
Frank Blazek
State Bar No. 02475500

STIPULATION OF EVIDENCE                                    PAGE 1
C:\NetShare\FB\CRIM_K-O\Lasker.DD.81075\Maralanna\Stipulation of Evidence.wpd

William F. Carter
State Bar No. 03932800
108 E. William J. Bryan Parkway
Bryan, Texas 77803-5334
(979) 779-0712
(979) 779-9243 [Telecopier]

ATTORNEYS FOR DEFENDANT

3

# CRIMINAL DOCKET

No. 11-01-13705

| Number of Case | STYLE OF CASE | ATTORNEYS | OFFENSE | DATE OF FILING |  |  |
|---|---|---|---|---|---|---|
|  |  |  |  | Month | Day | Year |
| 11-01-13705 | THE STATE OF TEXAS vs. | Elton Mathis State | Murder | 1 | 27 | 11 |
|  | Dominique Dortae Lasker |  |  | Information, Index or Indictment |  |  |
|  |  | Defendant |  | Fee Book |  |  |
|  |  |  |  | Vol. | | Page |
|  |  |  |  | 8 | | |

| | Date of Orders | | | Was Stenographer Used | ORDERS OF COURT | Minute Book | | WITNESSES |
|---|---|---|---|---|---|---|---|---|
| | Month | Day | Year | | | Vol. | Page | |
| CSR: Wiley | 6 | 4 | 13 | | Δ present - Counsel appointed through Regional Public Defender for Capital Cases. | | | |
| CSR: Wiley | 9 | 9 | 13 | | Δ present w/ counsel Mr. Blazek in Courtroom - State appeared through mr. Mathis. State's motion for continuance was heard together with Defendant's motion to Dismiss. After hearing argument of Counsel and considering same, the court found good cause to grant the State's motion for Continuance on the basis of Article IV of the Interstate Detainers Act. Defense counsel will further brief his motion to Dismiss. States motion for Incompetency Exam was heard, and Court heard arguments for and against the same; Motion deferred pending further Investigation by the defense. Standard Discovery Order was Signed and Copies provided to the state and defense. No further Matters being heard, the hearing was adjourned. | | | |
| CSR: Sheila May | 11 | 4 | 13 | | Δ present w/ Counsel Frank Blazek and William F. Carter in Courtroom - State appeared through mr. Elton Mathis | | | |

| Date of Orders | | | ORDERS OF COURT | Minute Book | | PROCESS |
| Month | Day | Year | | Vol. | Page | |
|---|---|---|---|---|---|---|
| 11 | (Cont) 4 | 13 | and mr. Fred Edwards - Discussion was held on scheduling /s/ Judge McCaig | | | |
| 2 | 11 | 14 | Δ present w/ Counsel Frank Blazek and william F. Carter in courtroom. State appeared through mr. Eiton mathis and mr. Fred Edwards - After argument, various stipulations of fact were received in the record; State's exhibits 1 through 4 were admitted and, after further discussion, State's #5 was admitted. The court took Defendant's motion to Dismiss under the Federal IADA under advisement. Defenses motion to suppress was deferred for a later hearing. Current pretrial and trial dates are continued pending further orders of the court. /s/ am mcCaig | | | CSR: R. wiley |
| 10 | 1 | 14 | A motions hearing has been scheduled for 10-6-14. The court was notified by the defense, concurred by state, that no motions are pending and the hearing is not needed. Motions set for 10-6-14 are hereby continued to a future date. /s/ Judge McCaig | | | |
| 9 | 10 | 14 | Clerk's Record for writ of Mandamus e-filed | | | |
| 10 | 9 | 14 | Supplemental Clerks Record e-filed | | | |

*THE STATE OF TEXAS* )(

*COUNTY OF WALLER* )(


     *I, PATRICIA JAMES SPADACHENE, Clerk of the District Courts of Waller County, Texas, do hereby certify that the supplemental record on Petition for Writ of Mandamus to the Court of Appeals for the First Supreme Judicial District of Texas, Houston, Texas, in Cause 01-14-00632-CR and Waller County Cause No. 11-01-13705, styled IN RE: DOMINIQUE DONTAE LASKER, to which this certification is attached and made a part, comprise a true and correct transcript of all the matters and proceedings had and done in said cause,*

     *GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Hempstead, Texas, this 9th day of October, 2014.*


# Pat J. Spadachene

*PATRICIA JAMES SPADACHENE*
*DISTRICT CLERK*
*WALLER COUNTY, TEXAS*

*By:* _____
        *Liz Pirkle, Deputy*



REPORTER'S RECORD

VOLUME 1 OF 6

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
9/9/2014 1:27:49 PM
CHRISTOPHER A. PRINE
Clerk

COURT OF APPEAL CAUSE NO. 01-14-00631-CR
COURT OF APPEAL CAUSE NO. 01-14-00632-CR
COURT OF APPEAL CAUSE NO. 01-14-00632-CR

TRIAL COURT CAUSE NO. 11-01-13703
TRIAL COURT CAUSE NO. 11-01-13704
TRIAL COURT CAUSE NO. 11-01-13705

| | | |
|---|---|---|
| THE STATE OF TEXAS | ) | IN THE DISTRICT COURT |
| | ) | |
| | ) | |
| VS. | ) | 506TH JUDICIAL DISTRICT |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| DOMINIQUE DONTAE LASKER | ) | WALLER COUNTY, TEXAS |
| | ) | |
| _____ | ) | |

-----------------------------------------------------

MASTER INDEX

-----------------------------------------------------

On the 4th day of June, 2013; 9th day of September, 2013; 4th day of November, 2013; and the 11th day of February, 2014, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Albert M. McCaig, Jr., Judge presiding, held in Hempstead, Waller County, Texas:

Proceedings reported by Machine Shorthand.

Robyn S. Wiley, CSR

APPEARANCES:

    ATTORNEY FOR THE STATE OF TEXAS:

            MR. Elton R. Mathis, Jr.
            Criminal District Attorney
            SBOT#: 24014568
            MR. Frederick Edwards
            SBOT#:  06435100
            645 12th Street
            Hempstead, Texas  77445
            Phone:  979.826.7718


    ATTORNEY FOR THE DEFENDANT:

            MR. FRANK BLAZEK
            SBOT#: 02475500
            SMITHER, MARTIN, HENDERSON & BLAZEK, P.C.
            1414 11th Street
            Huntsville, Texas  77340
            Phone:  936.295.2624
                -and-
            MR. WILLIAM F. CARTER
            Attorney at Law
            SBOT#:  03932800
            108 E. William J. Bryan Parkway
            Bryan, Texas  77803-5334
            Phone:  979.779.0712

I N D E X

Volume 1 of 6

Master Index

* * *


I N D E X

Volume 2 of 6

Hearing on Appointment of Counsel

June 4, 2013                                      PAGE  VOL.

Appearances........................................  2    2

Court calls case...................................  4    2

Court discusses w/defendant appointment of attorney. 4   2

Discussion regarding motions filed.................  5    2

Proceedings concluded..............................  8    2

Reporter's certificate.............................  9    2

* * *

I N D E X

Volume 3 of 6

HEARING ON MOTIONS

September 9, 2013                                  PAGE VOL.

Appearances......................................  2    3

Court calls case.................................  4    3

Argument on Motion for Continuance by Mr. Mathis...  5    3

Argument on Motion by Mr. Blazek..................  18   3

Court's Ruling ..................................  30   3

Discussion regarding scheduling, competency exam

    and disclosure...............................  31   3

Proceedings concluded............................  36   3

Court reporter's certificate.....................  37   3

* * *

I N D E X

Volume 4 of 6

Motions

November 4th, 2013                                PAGE VOL.

Appearances......................................  2    4

Proceedings......................................  4    4

Proceedings concluded............................24    4

Reporter's certificate...........................25    4

* * *

I N D E X

Volume 5 of 6

HEARING ON MOTIONS

February 11, 2014                                    PAGE  VOL.

Appearances....................................... 2    5

Court calls case.................................. 4    5

Stipulations made by Mr. Edwards.................. 5    5

Court confirms factual stipulations with counsel... 14   5

Off the record discussion........................ 32   5

Proceedings concluded............................ 36   5

Reporter's certificate............................37   5

E X H I B I T S

| Number | Description | Offered | Admitted | VOL. |
| --- | --- | --- | --- | --- |
| State's | | | | |
| 1 | Documents | 23 | 23 | 5 |
| 2 | Documents | 23 | 23 | 5 |
| 3 | Letter and Forms | 23 | 23 | 5 |
| 4 | Letter and Forms | 23 | 23 | 5 |
| 5 | Judgment | 34 | 34/36 | 5 |

```
                        *  *  *

                    VOLUME 6 OF 6

                E X H I B I T S
```

| Number    | Description      | Offered | Admitted | Vol. |
|-----------|------------------|---------|----------|------|
| State's   |                  |         |          |      |
| 1         | Documents        | 23      | 23       | 5    |
| 2         | Documents        | 23      | 23       | 5    |
| 3         | Letter and Forms | 23      | 23       | 5    |
| 4         | Letter and Forms | 23      | 23       | 5    |
| 5         | Judgment         | 34      | 34/36    | 5    |

THE STATE OF TEXAS

COUNTY OF WALLER

I, Robyn S. Wiley, Court Reporter in and for the State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested by counsel of the parties to be included in this volume of the Reporter's record, in the above-styled and numbered cause, all of which occurred in open court and were reported by me.

I further certify that the total cost for the preparation of this Reporter's Record is $774.75 and will be paid by County of Waller.

WITNESS MY OFFICIAL HAND this the 8th day of September, 2014.

/s/ Robyn S. Wiley

_____

ROBYN S. WILEY, CSR NO. 4629
EXPIRATION DATE:  12-31-15
OFFICIAL REPORTER FOR WALLER &
GRIMES COUNTIES
836 AUSTIN, SUITE 307
HEMPSTEAD, TEXAS  77445
TELEPHONE:  (979) 921-0921

REPORTER'S RECORD

VOLUME 2 OF 6

COURT OF APPEAL NO. 01-14-00630-CR
COURT OF APPEAL NO. 01-14-00631-CR
COURT OF APPEAL NO. 01-14-00632-CR

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
9/9/2014 1:27:49 PM
CHRISTOPHER A. PRINE
Clerk

TRIAL COURT CAUSE NO. 11-01-13703
TRIAL COURT CAUSE NO. 11-01-13704
TRIAL COURT CAUSE NO. 11-01-13705

| | | |
|---|---|---|
| THE STATE OF TEXAS | ) | IN THE DISTRICT COURT |
| | ) | |
| | ) | |
| VS. | ) | 506TH JUDICIAL DISTRICT |
| | ) | |
| | ) | |
| | ) | |
| DOMINIQUE DONTAE LASKER | ) | WALLER COUNTY, TEXAS |
| | ) | |
| _____ | ) | |

---------------------------------------------------

HEARING ON APPOINTMENT OF COUNSEL

---------------------------------------------------

On the 4th day of June, 2013, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Albert M. McCaig, Jr., Judge presiding, held in Hempstead, Waller County, Texas:

Proceedings reported by Machine Shorthand.

Robyn S. Wiley, CSR

APPEARANCES:

    ATTORNEY FOR THE STATE OF TEXAS:

        MR. FREDERICK A. EDWARDS, III
        Assistant Criminal District Attorney
        SBOT#:  06435100
        645 12th Street
        Hempstead, Texas  77445
        Phone:  979.826.7718

I N D E X

Volume 2 of 6

Hearing on Appointment of Counsel

June 4, 2013                                        PAGE

Appearances....................................... 2

Court calls case.................................. 4

Court discusses w/defendant appointment of attorney. 4

Discussion regarding motions filed................ 5

Proceedings concluded............................. 8

Reporter's certificate............................ 9

P R O C E E D I N G S

(Open court, Defendant present)

THE COURT: Court will come to order. This is 13703, 13704, 13705; State of Texas v. Dominique Dontae Lasker.

Come right up here, Mr. Lasker. Well, Mr. Lasker, we are here today primarily to just get some preliminary matters done. I want to confirm you are, in fact, Dominique -- is it Dontae -- Lasker?

THE DEFENDANT: Yes, sir. Yes, sir.

THE COURT: Mr. Lasker, you are charged with capital murder in these cases. And what we are here to do today is primarily make sure that you have representation. Do you have an attorney, sir?

THE DEFENDANT: No, sir.

THE COURT: Do you have the ability to hire an attorney?

THE DEFENDANT: No, sir.

THE COURT: All right. What we have -- now you have been in custody for some time; is that correct?

THE DEFENDANT: (Nods head up and down).

THE COURT: I have to have a yes or no. It is on the record.

THE DEFENDANT: Yes, sir. Yes, sir.

THE COURT: In making the assignment of an

attorney, Waller County uses what is called the Regional Capital Defender's Project. You will be assigned a two-person capital defense team. And that will consist of Mr. Ronnie Wooten and Ms. Mary Conn. They will be contacting you within the next two or three days. And once we get that done, we will be able to get your case started and moving forward; start taking care of the situation.

Mr. Edwards, for the State do you have anything to offer at this time?

MR. EDWARDS: Not at this time, Your Honor.

THE COURT: All right, sir. Mr. Lasker, we are not going to do the formal arraignment because you are not represented by an attorney and you need to be represented by an attorney in order to get that done. Do you have any further questions, sir?

THE DEFENDANT: I need a copy of my indictment and a copy of my docket.

THE COURT: All right. Mr. Lasker, there are actually three indictments. Mr. Bailiff, if you'd hand this to the defendant. And what was the other matter that you asked for, sir?

THE DEFENDANT: Docket.

THE COURT: There actually is no docket entries that have been made at this time. The only thing we have is literally this piece of paper where your name is on

it that shows that you are here in court today. The court reporter is taking down what we are doing today. So that will consist of the only thing we have currently on the docket.

THE DEFENDANT: So what happens to the motions that I sent in?

THE COURT: Sir?

THE DEFENDANT: I sent in motions.

THE COURT: Well, until you are represented by an attorney, I think it would be in your best interest we not have a hearing on those motions.

THE DEFENDANT: I want to get heard on those motions.

THE COURT: Then we will see what we can do about getting it scheduled. We don't have those motions scheduled right now with proper notices and things such as that, but we will get that -- those attorneys to you and they will be contacting you soon.

THE DEFENDANT: So why isn't there an entry for the motions?

THE COURT: Sir, I have the file. And I do see that there have been matters that you filed on your own behalf. We are not here to do that today because you are not represented by an attorney. The charges that have been alleged against you are extremely serious. You need to have

an attorney. And as soon as you have an attorney then we will start taking care of those motions.

THE DEFENDANT: Still should be entries on those motions.

THE COURT: I'm sorry?

THE DEFENDANT: Still should be entries on those motions.

THE COURT: I cannot hear you, sir.

THE DEFENDANT: There should be entries on those motions.

THE COURT: Sir, I have already told you we are not hearing those motions today. We are going to take care of them whenever you have representation. I can't make it any more clearly than that.

THE DEFENDANT: It is really not clear to me why there is no entries for the motions I sent in.

THE COURT: The State of Texas has pretty fairly established rules, procedures, Code of Criminal Procedure, Rules of Evidence, and all of those matters fully in compliance with the rulings of the Supreme Court of the United States.

I assure you will be availed every one of those rights and protections when you have an attorney. And I will be assigning that attorney or those attorneys today. That is what the purpose of today's hearing was, to make sure

that you have adequate counsel, guidance and support for the serious matters that you are facing.

Beyond those motions, do you have any further questions? All right, then. That concludes today's matters. Gentlemen, you may return the defendant to custody.

(Proceedings concluded)

THE STATE OF TEXAS

COUNTY OF WALLER

I, Robyn S. Wiley, Court Reporter in and for the State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested by counsel of the parties to be included in this volume of the Reporter's record, in the above-styled and numbered cause, all of which occurred in open court and were reported by me.

I further certify that the total cost for the preparation of this Reporter's Record is $774.75 and was paid by The County of Waller.

WITNESS MY OFFICIAL HAND this the 13th day of June, 2014.

/s/ Robyn S. Wiley

_____

ROBYN S. WILEY, CSR NO. 4629
EXPIRATION DATE: 12-31-15
OFFICIAL REPORTER FOR WALLER &
GRIMES COUNTIES
836 AUSTIN, SUITE 307
HEMPSTEAD, TEXAS 77445
TELEPHONE: (979) 921-0921

REPORTER'S RECORD

VOLUME 3 OF 6

COURT OF APPEAL NO. 01-14-00630-CR
COURT OF APPEAL NO. 01-14-00631-CR
COURT OF APPEAL NO. 01-14-00632-CR

TRIAL COURT CAUSE NO. 11-01-13703
TRIAL COURT CAUSE NO. 11-01-13704
TRIAL COURT CAUSE NO. 11-01-13705

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
9/9/2014 1:27:49 PM
CHRISTOPHER A. PRINE
Clerk

| | | |
|---|---|---|
| THE STATE OF TEXAS | ) | IN THE DISTRICT COURT |
| | ) | |
| VS. | ) | 506TH JUDICIAL DISTRICT |
| | ) | |
| | ) | |
| | ) | |
| DOMINIQUE DONTAE LASKER | ) | WALLER COUNTY, TEXAS |
| | ) | |
| _____ | ) | |

-------------------------------------------------------

HEARING ON MOTIONS

-------------------------------------------------------


On the 9th day of September, 2013, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Albert M. McCaig, Jr., Judge presiding, held in Hempstead, Waller County, Texas:

Proceedings reported by Machine Shorthand.

Robyn S. Wiley, CSR

APPEARANCES:

    ATTORNEY FOR THE STATE OF TEXAS:

        MR. Elton R. Mathis, Jr.
        Criminal District Attorney
        SBOT#: 24014568
        645 12th Street
        Hempstead, Texas  77445
        Phone:  979.826.7718


    ATTORNEY FOR THE DEFENDANT:

        MR. FRANK BLAZEK
        SBOT#: 02475500
        SMITHER, MARTIN, HENDERSON & BLAZEK, P.C.
        1414 11th Street
        Huntsville, Texas  77340
        Phone:  936.295.2624

I N D E X

Volume 3 of 6

HEARING ON MOTIONS

September 9, 2013                                         PAGE

Appearances....................................... 2

Court calls case.................................. 4

Argument on Motion for Continuance by Mr. Mathis... 5

Argument on Motion by Mr. Blazek.................. 18

Court's Ruling ................................... 30

Discussion regarding scheduling, competency exam

    and disclosure............................... 31

Proceedings concluded............................. 36

Court reporter's certificate...................... 37

P R O C E E D I N G S

(Open court, Defendant present)

THE COURT: Court will come to order. These are Cause Numbers 13703, 13704 and 13705; State of Texas versus Dominique D. Lasker. And we have for the State of Texas, Mr. Mathis; and for the Defense, Mr. Blazek. I have several matters that I am aware of. I will go through a couple of these and then, Counsel, feel free to add to what we are going to be looking at today.

Looking at the first Motion for Continuance filed by the State; the State's Motion for Discovery of expert witnesses; the State's Motion for Competency Exam -- that is applicable to all three cases.

Then from the Defense I have the Defense's Motion to Exist -- to Dismiss. Exist? I have Motion to Dismiss on each case; Motion for Disclosure of Favorable Evidence. I believe those are the only two in each of the matters from the Defense. Is there anything else we are aware of, Counsel?

MR. MATHIS: That is all I know of, Your Honor.

MR. BLAZEK: That is all I am aware of, Your Honor.

THE COURT: Let's take up the State's First Motion for Continuance first because I think associated with

that will be Mr. Blazek's Motions to Dismiss. I believe the arguments would be similar for both.

MR. MATHIS: Your Honor, do you want me to stand, Your Honor?

THE COURT: You may sit. Let's deal with it this way.

MR. BLAZEK: Thank you, Your Honor. I appreciate that.

MR. MATHIS: Appreciate it, Judge.

In Case Numbers 13703 and 13704 and 13705, the State has filed a first Motion for Continuance with Order. Your Honor, I am making the assumption that the Court has read the Motion for Continuance.

THE COURT: I have, sir.

MR. MATHIS: I will not go back over the procedural history, but we would request the Court to take judicial notice of the allegations that are sworn to in the Motion for Continuance.

THE COURT: So noted.

MR. MATHIS: The defendant in this case, Mr. Lasker, was charged by indictment with capital murder in two indictments of murder of the first-degree alleged to have occurred on or about March the 11th, 2010, here in Waller County. These indictments were signed on January the 27th, 2011, after a lengthy investigation.

The defendant absconded from the scene, the County, and the State of Texas shortly after the murders. And following the murders the defendant committed an aggravated bank robbery in California and was apprehended. He was sentenced on the resulting charges on December 16th, 2011, in the federal court system. On information and belief, the defendant has been instated under federal custody in California since the aggravated bank robbery.

The defendant was returned to this jurisdiction on the above-numbered and styled causes on or about May 24th, 2003. And he appeared before this Court for the first time on June the 4th, 2013. This Honorable Court appointed counsel from the Regional Public Defender for capital cases. And the Regional Public Defender refused to accept appointments.

The defendant was reassigned court-appointed counsel of Mr. Blazek on June the 6th, 2013. The defendant waived arraignment, entered a not guilty plea on July 15th, 2013. And the defendant requested and was granted additional counsel on July 18th, 2013.

No discovery of any kind has -- at the time of the filing of this Motion for Continuance, no discovery of any kind has been requested by counsel for the defendant until counsel met together at the D.A.'s office on August 28th of this year. No court date has been requested by

counsel or defendant. There has never been a request for trial or pre-trial dates and no trial date has ever been set by the Court.

Prior to the filing of this Motion for Continuance, no motion had been filed by counsel with the exception of a request for additional counsel. To the knowledge of the District Attorney's Office, no request for investigator fees or psychological evaluation has been made by defense counsel and, to the knowledge of the undersigned attorney at the time of the filing of this motion, there was no request to see or inspect the State's file.

Defense counsel has not reviewed any evidence in the possession of the D.A.'s office, not reviewed the State's file. On or about June the 12th, 2013, I spoke with the defense counsel, Mr. Blazek, over the telephone regarding this case. As a result of that discussion, it was my belief he was requesting that I put the case on hold pending time for the defense attorney to assemble a mitigation packet to present to me and in an attempt to get me to refrain from seeking the death penalty in the capital case. My office has been actively preparing this case for trial yet not anticipating a trial date in September, 2013.

The State's trial case requires the presence of several out-of-state witnesses from various law enforcement agencies in California and Virginia. Given the

present posture of the case, the State will require more time to coordinate and assure those witnesses' presence. The Defense has not yet designated the expert witnesses it expects to call in their case-in-chief or in sentencing for purposes of mitigation. The State anticipates a significant time necessary to prepare for rebuttal. The State has filed a request for the names and addresses of any such defense experts.

The State has filed a motion for the psychological evaluation of the defendant, which has not been heard or completed. In addition, the first assistant district attorney was scheduled for hip replacement surgery on September 3rd, 2013, which has occurred. The recovery time is anticipated to be up to eight weeks. This surgery has already been rescheduled so that the attorney would be able to try the State of Texas versus Taylor McShan.

The First Assistant has been primarily involved in the investigation and prosecution of this cause, and to assign the case to another attorney in the office other than the elected district attorney would be a hardship. Defense counsel Blazek and his Motion for the Appointment of Attorneys, Co-defense counsel, indicates this case is complex and requires more than one attorney. That assertion is true on behalf of the State of Texas, as well.

The State of Texas has introduced a document

into the Court's file which indicates the State intends to seek the death penalty in this case. It is anticipated that jury selection and trial of this case could take four to six weeks, possibly more. The defendant in this cause faces a death penalty and has been -- only been represented by counsel for approximately 85 days at the filing of this motion. To proceed to trial at this time or in any time in the near future would be reversible and harmful error.

And while acknowledging the existence of Texas Code of Criminal Procedure, Article 51.14, which -- under which this Motion for Continuance is partially based, the undersigned does hereby assert any provisions therein mandating trial by a date certain are impermissibly restrictive or overbroad and violate the Separation of Powers Doctrines of the Texas and/or Federal Constitution.

Whether or not a case is ready for trial is based on numerous factors and cannot be reduced to a simple formula that applies equally to Class C misdemeanors and capital felonies. The determination of when a case is ready for trial is in the province of the judiciary, not the legislature. Counsel would further show this is the first request for a continuance by the State of Texas. This request is made in the interest of justice, not for the purpose of delay, but so justice may be done. And that continuance is requested for only as long as necessary.

Now having said that, Your Honor, this case triggers or involves Code of Criminal Procedure, Article 51.14. And I believe Mr. Blazek and I probably are in disagreement over which section of Code of Criminal Procedure Article 51.14 is applicable to this case.

I have in front of me, which is also relevant to Mr. Blazek's Motion for the Discovery of Exculpatory Evidence, the original notice and demand to District Attorney or prosecutor for trial or disposition of warrants, informations, detainers or indictments by a federal prisoner, which I will be tendering to him for his review and copying today.

And, in addition, accompanying that is the address in which it came, which was from Mr. Dominique Dontae Lasker of the U.S. Penitentiary in Victorville. It was addressed to the District Attorney/Prosecutor's office for Waller County at the old address at which I no longer use for an office at 846 6th Street, Suite 1, Hempstead, Texas 77445.

That being said, on the face of the document it was eventually received at our office on July the 19th, 2012; and the actual document itself is also stamped received July 19th, 2012, Elton R. Mathis, Waller County District Attorney.

THE COURT: Counsel, do you know whether or not that is a copy or the original of the document that is on

file in the court -- clerk's file?

MR. MATHIS: This is an original that was received at my office.

THE COURT: Very well, sir.

And just so that we will know while we are talking about this, I have printed out a copy of Article 51.14 from the Lexis Nexis website, which purports to be accurate. Further?

MR. MATHIS: Your Honor, in my speaking with Mr. Blazek, it is my belief that his argument is that his client is here in Texas under Article 3 of -- under Article 3 of Article 51.14, the Interstate Agreement on Detainers. It appears based upon the documents that were sent to my office by Mr. Lasker that he was, indeed, attempting to invoke the powers and the timelines created by Article 3 of Article 51.14, which would require a trial of this cause within 180 days of receipt by the Prosecutor in this case. There are several issues that the State has with that assertion. Those being -- and let me clarify, this goes to Mr. Blazek's Motion to Dismiss.

THE COURT: I believe that they are related.

MR. MATHIS: Yes, under Article 3. It is the State's position that that issue, his Motion for Dismissal under Article 3, could possibly be -- well, it is. It is a very fact-based determination that the Court needs to make.

The State's position on that is several things.  One, Article 3 requires strict compliance and Mr. Lasker has not engaged in strict compliance that is required in order to invoke the provisions of Article 3.  Not all of those are the following:  The Request for Notice of Demand that was sent to the D.A.'s office, as already indicated, was not sent to the correct address.  It was not sent by certified or registered mail as the law requires.  And the most important thing that the State has been able to determine at this point is that the warden of the prison at which he was being held in California had no involvement with his request to be sent to Texas.

Now, that is very important because it plays into what the State believes has happened in this case under Article 4.  The State received Mr. Lasker's notice on or about July 19th -- on July 19th, as previously indicated; however, immediately prior to receiving that notice the State of Texas through the Sheriff's office and also the District Attorney's office had attempted to get Mr. Lasker back in Texas prior to that date.

The D.A.'s office and also the Sheriff's Office were advised by the federal government, the federal prison system in California, that in order to get Mr. Lasker back, we would have to proceed under Article 4.  After receiving Mr. Lasker's request on July the 19th, 2012,

numerous contacts were again made by the Sheriff's office and the District Attorney's office to obtain Mr. Lasker's presence in Texas. At that point, both the Sheriff's Office and the District Attorney's office were informed that we would have to proceed under Article 4, not Article 3.

In addition to the document that I previously indicated that I have here for Mr. Blazek's review, I also have various faxes and documents provided by the U.S. Department of Justice Federal Bureau of Prisons to my office, among which are documents indicating that our office on -- when we contacted them between July 18th and August of 2012, that we would be required to proceed under -- with IAD Form 5.

We were sent IAD Form 5, which applies to obtaining possession of a prisoner under Article 4. At that point, our office began proceedings to obtain custody of Mr. Lasker at the direction of the federal government. We filled out the papers that they wanted and that process went back and forth for months. Every time we would send them a form and actually on Article -- the IAD Form 5, that required your signature. And there should be one in your Court's file that we sent to basically get the ball rolling.

After that, other forms were sent, sent back. They were summarily rejected. They were missing information. And we finally were able to provide the federal government

with all the forms they needed sometime, I believe, in May of 2013. The Sheriff thereafter was able to go to California, his representatives obtained Mr. Lasker and bring him back here.

When -- under Article 4, when he entered Texas, the time provisions would start running because he was now here in Texas under the provisions of Article 4 of -- Article 51.14 of the Interstate Agreement on Detainers. That is the basis of why the State of Texas has filed its first Motion for Continuance.

It is the position of the State of Texas that Mr. Lasker is not in the State of Texas based upon his attempts at complying with Article 3, which would require trial within 180 days after he shall have cause to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction, written notice of the place of his imprisonment, and his request for final disposition.

It is the State of Texas's position that Article 3 request never happened and his attempts to invoke Article 3 were void for several reasons, which I have already alluded to. One, he did not involve the warden. If the warden was involved, it is not reflective of the documents that have been sent to my office and sent to the Court.

That may seem like a -- simply a procedural

error; however, I believe it's relevant because the fact that the warden was not involved, which Article 3 specifically requires.  When the District Attorney's office of Waller County and the Sheriff's Office of Waller County attempted to obtain the possession of Mr. Lasker under Article 5, the warden of the federal prison where he was being detained apparently had no knowledge of Mr. Lasker's request under Article 3.  Otherwise, they would not have been requiring the D.A.'s office, the Sheriff's Office, this Court, to engage in the requirements of Article 4 in order to obtain his presence here in Waller County.

This is also very important because under Article 3, Section E; a request for final disposition made by a prisoner pursuant to Paragraph A. hereof shall also be deemed to be a Waiver of Extradition with respect to any charge or proceeding contemplated thereby or included therein by reason of Paragraph D. thereof.  And the Waiver of Extradition to the receiving state to serve any sentence there imposed upon him after completion of his term of imprisonment in the sending state.

This request for final disposition shall also constitute a consent by the prisoner to the production of his body in any Court where his presence may be required in order to effectuate the purposes of this agreement and a further consent voluntarily to be returned to the original place of

imprisonment in accordance with the provisions of this agreement.

Case law is reflective in this area, that if the defendant in a case -- and I will quote the case of Bryant versus State citing Burton versus State. Bryant out of the Court of Appeals, 14th District of Houston; and citing Burton versus State, Texas Appeals out of Dallas, 1991: When an inmate took it upon himself to notify the prosecutor and the Harris County court directly he was responsible for seeing that the notice was sent and the form required by the IAD or the Interstate Agreement on Detainers.

Lasker's failure to involve the warden in this process resulted in the entire extradition process going forward under Article 4 rather than it being waived under Article 3. The only person whose fault that is, is Mr. Lasker in this case. If he wanted the protections of Article 3, he should have strictly complied with the provisions and mandates of Article 3, involved the warden, had that sent by certified or registered mail by the warden -- not by himself -- to my office and to the Court. That was not done.

The purposes of Article 3 assume that the warden is going to be a valid, large part of this process. Otherwise, you have Pro Se inmate dealing directly with the Prosecutor and a Court. And the person that has custody of

him has absolutely no idea what is going on. The person that has custody of him has no idea he has waived extradition. And the person who has custody of him is in no way going to release that prisoner unless compliance is had under Article 3 or Article 4, which is exactly what the warden in California did. He demanded compliance from the D.A.'s office -- my office, and the Sheriff's office under Article 4. And that is how we proceeded.

Therefore, Your Honor, it is the State's position that Mr. Lasker is here under Article 4. We acknowledge that under Article 4, there is 120-day requirement that he be brought to trial after his arrival in the receiving state except for good cause shown in open court with the prisoner or his counsel being present, which they both are. The Court having jurisdiction of this matter -- which you do -- may grant any necessary or reasonable continuance.

At this point, Your Honor, limited to the State's First Motion for Continuance and based on the representations that I have previously made to you regarding the complexity of this case, who is working on this case, and the lack of time preparation on such a serious case by defense attorney, which is in no way a dig at the defense attorney; we are respectfully requesting that Continuance so this case can be properly disposed of and it gets the time

and the serious reflection and input from the Prosecutor's office and the Defense Attorney that it deserves.

THE COURT: Before I pass to Mr. Blazek, one question I do have and I have not been able to answer it: Has the federal system signed on to the Interstate Agreement on Detainers?

MR. MATHIS: Yes, Your Honor, because this -- these are the forms and the requirements that they were providing to us that they require.

THE COURT: I wanted to be sure that we didn't miss one of our critical steps right there. Very well, Mr. Blazek, your argument, sir. We are approaching this both from your Dismissal, as well as his Motion for Continuance.

MR. BLAZEK: I will address these concepts together and inform the Court of what I think is important. I agree with one of the key assertions that the District Attorney has made; this is a fact-sensitive issue. There is some law, but the facts are real important and for the IADA to apply, the State of Texas has to have had a detainer lodged against the defendant in the prison in the federal penitentiary based upon his request and the paperwork I have seen in the Court's file. And I think that is true, but we still -- we don't have a stipulation to it. Perhaps we will by the -- but this hearing, the State will stipulate that there was a detainer for each of these cases.

If there is a detainer, then that gives under the IADA, both the federal government and the State are a party to this law, that gives the defendant the right to request a speedy disposition of all detainers. And there is no doubt that he attempted to do so. And the Court's file -- I believe the Court -- the Court's file-marked copy is dated July 16th, 2012. That is when the District Clerk received it. It has all three cause numbers in it, appears to be filled out relatively appropriately. And I think now the D.A. has stipulated that they received their copy on the 19th of July. And the statute says that when both have received it, if it is properly made, then that is when you start the 180-day time period.

So if the 180-day time period is the law that applies, that is the rule; well, then, I don't think there is anything I can do at this point to waive it. It either has passed or it hasn't passed. It is either is or isn't. This Court will determine based upon all the facts whether or not it does apply. You know, I have made note of the three variances that the -- that the District Attorney has pointed out; that it was sent to the incorrect address.

My recollection -- I am trying to think back during the Sessler case, which was I think back in 2012 -- that is when the D.A.'s office was moving because I went to the wrong address, too, the first time I went to their

office, but they had a new office. So, it is understandable that they would send it because that is during the time period that they had made their move.

I have not yet -- and there is -- this case law is all over the country -- not all states, but virtually all states are governed by the IADA and the federal government is; and because it is a compact, a federal state compact, they have held individual states cannot interpret this statute differently. It's altogether, you know, it is a one unitary interpretation so the Supreme Court is like the Court of Criminal Appeals in this case. It's not a state law issue.

So what I have to do is I have to go through my search of these cases and try to find has any court ruled yet on whether or not sending it to the wrong address and causing a three-day delay invalidates the request. The same with whether it was properly registered or certified mail, as opposed to first-class mail because apparently it came by first-class mail just with stamps on it. And then the last thing is whether or not the request had to be given to the warden. There is no doubt that the statute says that is what you are supposed to do, give it to the warden. I think the prosecution is over-emphasizing the importance of that. It may be that that is important. It may be that some case law already exists that has resolved these things. I hope there

is. That makes it easier for us, but I don't know the answer to that question.

And so, I want to do that research. It is my understanding that either way, whether it is an Article 3 or an Article 4 transfer, you know, it's not just as simple as going and picking him up. You know, the Article 3 says there is a Waiver of Extradition and, indeed, there is; but under Article 4, there is no extradition there either because extradition implies something completely different. These are requests for temporary custody.

And even if it's an Article 3, you just can't send a deputy down there to pick him up, he's on his way. That is not enough. There has to be an agreement signed between the authorities in the State of Texas and the authorities of the federal government, the warden's office; whereby the State of Texas agrees that they are bringing him here just for limited purpose. They provide him immunity from other things that might happen. And they agree to return him when the trial is over. That is part of the deal, that they agree to return him. It could be that the Feds would waive their right to get him back on their return, depending upon what happens here.

But in theory, a client could come from a federal penitentiary to Texas and be acquitted or be given a shorter sentence. The federal government, they still have

jurisdiction over him. They haven't waived anything or given up anything; it's kind of like a shared thing. And so that agreement has to be reached.

And so, to me, that is what I think the focus or would have been that inevitable situation, I think it's important that we look at the correspondence between the State and the warden to find out exactly what transpired there. And I will just say this by way of a side -- as an illustration. There is a case that is cited in the books. It is Sephus versus State or it might be Ex Parte Sephus -- I can't recall right now -- but Julie Sephus from Leon County.

In that case, it wasn't a violation of the time limits, it was a violation of the anti-shuttling provision; gone from the federal penitentiary to Texas back to the federal penitentiary, and then the D.A. of Leon County wanted to get him again. And there the warden of the federal said you can't get him because there is -- there is a provision in there -- in the IADA when Texas gets him for one detainer they get him for all detainers and all must be disposed of before he is returned to the Feds.

So that type of correspondence, I think, can be very important in understanding that -- what the case means. Then, of course, in there, then to acquire him they attempted to use a procedure other than the IADA, got him into custody, but the Court of Appeals in Waco, which was

affirmed -- well, not affirmed but PDR-denied by the Court of Criminal Appeals, said that it didn't matter that the fact that the D.A. used what they called a Writ of Habeas Corpus Ad Prosequendum, was a detainer, he was brought here, and so the IADA applied. I think we do need to get those particular facts.

If it turns out that the 180-day rule doesn't apply, if it turns out that one of these three requirements is mandatory and; therefore, his compliance was a mere attempt, and you know they -- there is a case -- it is called Votta -- Joseph Votta -- State of Texas versus Joseph Votta. And there the Court of Criminal Appeals discussed some of the things that happened, which would mean there was a mere attempt. And there, the example they gave, the district clerk never received the original request for disposition. What they did was, they did acknowledge they received a copy of it attached to a Motion to Dismiss. And the intermediate Court of Appeals and the trial court said that was sufficient. Once the trial court was provided a copy of it attached to a Motion to Dismiss, it was on notice that it existed and that is when they started counting the 180 days.

And the Court of Criminal Appeals pointed out merely attaching it as a copy is not enough. You actually have to send the request to the Court, not being a mere exhibit to a Motion to Dismiss, and they held that the

IADA didn't -- wasn't properly made and; therefore, didn't apply in that case.

To me, it suggests that if you have to go that far, you know, there was obviously no correspondence between the warden -- there were all -- they didn't mention these others, they had a much greater claim. Who knows what the Courts would say ultimately on this. But I give that as an example.

Then if that doesn't apply, then the 120-day rule applies. Based upon my count of that we have 11 more days, I think. And there is into setting yet. And so, I for one don't want to do anything that would constitute a waiver of my client's rights. And so, I am going to be very careful.

With regard to facts asserted in the Motion for Continuance and, you know, I certainly didn't have a court reporter transcribing anything I or Mr. Mathis said back on about June the 12th. I did make notes of my conversation with him. And I don't recall saying anything about putting anything on hold. I do recall being somewhat apprehensive about the issue of the IADA. I did ask Mr. Mathis, How did y'all get him here? What was the mechanism of him getting him here? He mentioned something about filling out a lot of forms, and I was already on notice that the IADA may be applicable in this case. I knew at that

point -- I wasn't going to say or ask anything about a delay until I knew more information.

In terms of -- there were -- discussed about informal discovery. He informed me about a confession that he believed my client had made. We discussed generally him locating that, getting me a copy of it. There were no time limits set, there were no specific demands. I've certainly not gone to the Court for any discovery. More recently, I found out from him in addition to the confession the State believes that they have, they believe that the weapon that was used in this case was also used in the aggravated robbery case. So we have had some informal discovery, so I think I know a little bit about the evidence, but obviously there's a lot more I need to learn but I don't want to waive anything.

And, at this point, you know, I am always interested if there could be mutual benefit about trading things, but I don't want to give up anything. And so, I would imagine this Court, if it chose to, could make a preliminary ruling or make a final ruling on it and say that's it, we're not going to come back and address it any more and just rule that he never made a request under Article 3. Or it can make a preliminary ruling or could just say, I want to get all the facts and make a ruling at the right time.

And I believe the District Attorney has

already indicated that they are going to supply me with more information in my Request for Disclosure of Favorable Evidence, that they intend to supply me with evidence. I assume the correspondence they have had with the warden as well as, you know, the documents relating to Request for Early Disposition filed by my client. So that is where we stand at this point on both of these issues. It may be premature to rule on the Motion to Dismiss unless the Court feels that it has enough. But, at this point, we just don't want to waive anything. We want to assert our rights and make sure we are not waiving anything.

THE COURT: Well, I think it's important for the record to reflect that whenever the Clerk received this back in July of 2012 -- it was actually presented to me and due to the nature of the case, I took note of it, special note of it. And, at that time, had done a cursory view of the Article 51.14 as it existed at the time. And there is a sticky-note in the file that you may have seen or counsel has seen that said no action at this time, has my initials on it.

And the reason behind that being that at the time I did not feel that we had reached the point where this had become a formal matter, simply because in that reading of Article 3, I saw no evidence of the Department of Corrections for the federal, the warden to be involved. So I do place a lot of credence in what Mr. Mathis has said in his

argument about why the warden should be involved in this communications loop because it does make not only legal sense, but logical sense that if the warden doesn't know about it and he has got some sort of Waiver of Extradition or he has got an inmate trying to do things outside his normal chain of communications, that would be a concern for a warden.

So I think what I would be most comfortable doing was allowing you to defer the ruling on your Motion to Dismiss and not hold it against you should we reach past that 120 days. And so, my ruling here on the record would be that I will take that under advisement until such time as you have had an opportunity to create a fact trail from what we have here. And I believe that with the cordiality and congeniality of counsel, and I know you are both very competent, both been in my courts uncountable times. I know you will be able to work through the stipulation as to what facts Mr. Mathis's files reflects and what they don't.

And so, I will allow you to do that and brief that and not hold any of these dates against you in doing that. But, at the same time, I will grant the State's Motion for Continuance so that in the record and formally we will not have triggered inadvertently either 180 or 120 day until we can have sorted out what the IADA intends to say through the case law or any rulings that may be available there.

So with that, what we need to do is determine and, again, Mr. Blazek, without you waiving anything of your client's position and should you wish to do intermediate appeals and so forth, I understand the necessity; but what we need to determine is what sort of schedule we need between now and a trial date and how long we think it will take us to prepare for that and get ourselves set to go.

And looking just in a preliminary -- we'll get to these other matters later -- just looking at preliminary dates, and let's just make an assumption that may or may not be accurate, the State of Texas has asked for an Examination on Competency. I will allow you to argue that for or against, but should I be disposed to grant that, that normally takes a minimum of 30 days and due to the complexity of the case, it may even take longer. The very earliest I could see us being able to do the next preliminary hearing in this matter would be the early part of November.

And simply because in October, I have a two-week capital murder trial scheduled in Grimes County that is going to occupy my time during that period of time. If the capital doesn't, I have a first-degree, minimum 25 to life, child sexual -- continuous sexual assault we will try over there, which is also a two-week case. I have either for coming back for matters here November 4th in the morning or a November 8th in the morning. And I am not going to hold your

feet to the fire at this point, but if you would check your calendars and get with my coordinator, we will try to get that put into the calendar as soon as we can.

And then, Mr. Blazek, you may be able to tell me how long it's going to take to get your mitigation set up and ready to try this case. And, again, without waiving anything, if it is likely to be this year or likely to be after the first of the year, I need to start getting you on there and a time period to make that work.

MR. BLAZEK: Judge, you are exactly right. You pointed out the dilemma that the Defense faces. On the one hand, a typical capital case we would be asking for as much time as you could conceive to give us to get ready. But, on the other hand, if I ask for that time, I may be waiving certain rights. In addition to the 180-day, which I think we are probably safe there in not waiving the 180-day claim because the 180 days has already lapsed. If it is violated, it is violated.

For the 120 days, 120-day timeline there's an issue there for us that we don't want to waive. There is another issue. And that is his Sixth Amendment right to a speedy trial, which there is no particular time limit there, just a reasonable time. And there, there is no particular format for demanding the request or the failure to contact the warden wouldn't in any way diminish the value of his

Request for a Speedy Disposition there.  So we at least have on file a Sixth Amendment Demand for Speedy Trial.  And so, and he has been in custody all this time.  So those are issues that I need to weigh in looking at that.

And so what initially -- what my answer to the Court is, I will do my best to clear my schedule and to be ready for any date that the Court or the State gives us.  And there may be a particular need for delay later on that we would assert.  But, at this time, I can't assert or request any delay without conferring with my client and letting him know the significance of it.

And so, I don't know of any conflict.  I know my schedule pretty close.  I would suspect I would have no conflict in my schedule for either November 4th or 8th.  Both of those are pretty far in advance.  I don't know of anything coming up that would say I wouldn't be available for those two dates.  So the only objection I would have to them is that they are -- they deny my client his rights under the IADA and the Constitutional Right to a Speedy Trial.

THE COURT:  Well, I think I owe it to you for clarity right now to give you the grounds that as a preliminary ruling.  I am using Article 4 of IADA to grant the State's Request for the Continuance because I do find good grounds.  And that good grounds being the delay in getting Mr. Lasker back here; the seriousness of the charges

against him; the availability of him being provided adequate and proper counsel; the complexity that has been represented to me of this case. And for all of those reasons and there may well be further reasons upon study of this, I do find we have the good grounds that would be found under Article 4 for the Continuance.

Then having said that, and because of the situation we find us in, you needing to do some research, the fact trail, and whatever factual stipulations or testimony, and again without waiving anything; I think if we can set it up for the November 4th date at 10:00 o'clock.

And, frankly, Mr. Blazek, if you go back to your office and Marilyn says, Can't do it. If we need to move it to the 8th, it is okay. But we will set it for the 10:00 o'clock on the 4th of November for argument on your Motion. And should we need an earlier motion than that, certainly contact Susie. That would be same for you, Mr. Mathis, contact the coordinator, and we will find a Saturday morning we can all gather and meet, but we will do it.

That handles right now -- the Continuance is granted. Your Motions to Dismiss are taken under advisement pending further arguments and research.

MR. MATHIS: Your Honor, may I just interject, I personally think it would be a good idea if we went ahead

and had a preliminary trial date set.  Article 4 and Article 3 both assume that multiple continuances can be granted but at this point because we are dealing with a mandate that trial occur, I believe it would behoove the Court, behoove the State, to actually go ahead and set an initial trial date that could be adjusted later on, if necessary.

THE COURT:  Susie, would you come up with a February/March, 2014 window for me.  That will give us approximately six months preparation time.  That would also be allowing a minimum of a four-week window for the individual voir dire selection, and then two weeks for a trial itself.

INVESTIGATOR WOOLLEY:  February trial week?

THE COURT:  When is that?

INVESTIGATOR WOOLLEY:  February 3rd through 7th.

THE COURT:  Probably going to be after that because this is a special venire we will bring in.  I will just clear all the rest of my junk out, get a visiting judge for everything else.

While she's looking at that, I have the State's Motion for Examination for Incompetency and the allegations have been made in the State's motion.  Just on the bare allegations -- we will come back to that in just a moment.  Thank you, ma'am.

MS. SCHUBERT: That's our calendar.

THE COURT: Gentlemen, it appears the best time frame to look at this would be from February 24th, bringing in the special venire at that point and then having the week of the 24th, week of March 3rd, and then expecting to present testimony the weeks of March 10 and 17th. And we can certainly go longer should we need to beyond that.

So let's set this matter for trial on February 24th. We will back up from that. We already have the November 4th pre-trial. And there will be a January pre-trial we will set at the November hearing. And we will grant any additional early February pre-trials that we may find that we need after the January pre-trial.

MR. BLAZEK: In response on behalf of the Defense, Your Honor, I don't think those dates present any conflict with my schedule. We should be able to accommodate those. We will do our very best to be ready for trial on those dates. But I would object to setting those dates outside the 120-day, 180-day limit and that the setting of a trial date under these circumstances violates the Interstate Agreement on Detainers, as well as the Sixth Amendment Right to Speedy Trial.

THE COURT: Thank you, Counsel. It is so noted and taken into consideration.

All right. Moving on to the matter we were

about to address on the competency issue, I have reviewed the State's motion and I am not sure that I have seen a response, Mr. Blazek, as far as the Motion for Competency Examination.

MR. BLAZEK: I had filed a response. We would object to it. We don't think that any of these suggestions of purported facts by the D.A. give rise to an issue of competency. And I know this, that if at any time an issue of competency arises, I am not slow to request help. Usually the first help I request in a capital case is to get a consulting mental health professional to work with me and we will do our own. And then if that gives rise to something, then we'd ask for the independent examination. But, at this time, I would object to the appointment of the independent mental health examiner.

THE COURT: I think your argument is well taken. Knowing generally how capital cases work and how you work, I would anticipate seeing some motions in the near term in camera for various resources.

All right. For the Disclosure of Favorable Evidence for both sides; frankly, we are not there yet so far as the new discovery laws that are going to go into effect on January 1st. Court has a standing policy on discovery. And while you may not have seen the Waller County version, I assure you it is virtually identical to the Grimes County version, has obligations for both the Defense and the State.

What I would prefer to do is go ahead and sign that Standard Discovery Order for all three of these matters. And then should there be further discovery that is required, if each side, both the State and the Defense, would file those requests with the Court identifying how those requests may differ from the Standard Discovery Order, then that may alleviate that.

Susie, would you go get me three copies of that, please, ma'am. We will go ahead and get those filed today. And that may then oviate any further rulings on the discovery today.

Anything further from the State?

MR. MATHIS: No, Your Honor. Other than I will, again, make those representations that prior to Mr. Blazek leaving today, I will make available to him copies of the Notice and Demand that was sent to our office and copies of the Certificate of Service; a copy of a document the top of which indicates Sentence Monitoring Computation Data as of 4/4/2012; and the letter that these documents came to -- to our office for his -- I will make sure he gets a true and correct copy of all of those. In addition, the D.A.'s office did receive a certified letter from Mr. Lasker on April 8th of this year demanding that his cases be dismissed. And, again, I will provide him -- as in "him" -- the defense attorney, copies of what was in that letter from

Mr. Lasker. I believe both are relevant to the cause and the issues that he is concerned about.

THE COURT: I think that will work. You know, taking the presumption and I think we all deal with it, that death is different. We handle it carefully and we should all handle it very carefully. Even though you will provide those today, let's move ourselves into the realm of what we are going to be doing with discovery in the future and just prepare a log of what you do provide for him that we can place into the record and be no confusion as to what was actually tendered. Like I said, I know both of you. I know the cordiality and congeniality will continue. But I do want a very complete record on the case.

Further, Mr. Blazek?

MR. BLAZEK: Nothing further, Your Honor.

THE COURT: Very well. Susie has those forms for me. I am going to sign those. And you will each receive your copies of those. There being nothing further before the Court, we stand adjourned.

(Proceedings concluded, 5:15 p.m.)

THE STATE OF TEXAS

COUNTY OF WALLER

I, Robyn S. Wiley, Court Reporter in and for the State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested by counsel of the parties to be included in this volume of the Reporter's record, in the above-styled and numbered cause, all of which occurred in open court and were reported by me.

I further certify that the total cost for the preparation of this Reporter's Record is $774.75 and was paid by County of Waller.

WITNESS MY OFFICIAL HAND this the 13th day of June, 2014.

/s/ Robyn S. Wiley

_____

ROBYN S. WILEY, CSR NO. 4629
EXPIRATION DATE:  12-31-15
OFFICIAL REPORTER FOR WALLER &
GRIMES COUNTIES
836 AUSTIN, SUITE 307
HEMPSTEAD, TEXAS  77445
TELEPHONE:  (979) 921-0921

REPORTER'S RECORD

VOLUME 4 OF 6 VOLUMES

TRIAL COURT CAUSE NO. 11-01-13703

TRIAL COURT CAUSE NO. 11-01-13704

TRIAL COURT CAUSE NO. 11-01-13705

COURT OF APPEALS NO.   01-14-00630-CR

COURT OF APPEALS NO.   01-14-00631-CR

COURT OF APPEALS NO.   01-14-00632-CR

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
9/9/2014 1:27:49 PM
CHRISTOPHER A. PRINE
Clerk

| | | |
|---|---|---|
| THE STATE OF TEXAS | ) | IN THE DISTRICT COURT |
| | ) | |
| VS | ) | 506TH JUDICIAL DISTRICT |
| | ) | |
| | ) | |
| DOMINIQUE DONTAE LASKER | ) | WALLER COUNTY, TEXAS |

**************************************

HEARING ON MOTIONS

**************************************

On the 4th day of November, 2013 the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Albert M. McCaig, Jr., presiding, held in Hempstead, Waller County, Texas:

Proceedings reported by machine shorthand.

A P P E A R A N C E S

Mr. Elton R. Mathis

SBOT No. 24014568

Waller County Criminal District Attorney's Office

645 12th Street

Hempstead, Texas   77445

(979) 826-7718

Attorneys for the State


Mr. Frank Blazek

SBOT No. 0247550

Smither, Martin, Henderson & Blazek, P.C.

1414 11th Street

Huntsville, Texas   77340

(936) 295-2624

Attorney for the Defendant


Mr. William F. Carter

SBOT No. 03932800

Attorney at Law

108 East William J. Bryan Parkway

Bryan, Texas   77803-5334

(979) 779-0712

Attorney for the Defendant

INDEX

VOLUME 4 OF VOLUME 6

MOTIONS

November 4th, 2013                          Page Vol.

Appearances..............................  2     4

Proceedings..............................  4     4

Proceedings Concluded....................  24    4

Reporter's Certificate...................  25    4

THE COURT: All right. These are Cause Nos. 13703, 13704, and 13705. The State of Texas versus Dominique D. Lasker. And let the record reflect that the attorneys for the state and for the defense are present in the courtroom. The defendant is in the courtroom. We're here today, gentlemen, for our motions and discuss the procedures and matters that are before the Court. And I believe Mr. Carter, Mr. Blazek you have filed a recent motion; is that correct?

MR. BLAZEK: Yes, Judge, we have. We filed a first amended motion to dismiss and, unfortunately, when I attempted to serve a copy on the state we sent it to the wrong fax number. And, so, I kept confirmation that it was faxed, but they didn't get it until this morning because it was faxed to the wrong number and that's my office's fault. And we've discussed it and I think we have an agreement as to how to proceed on that motion.

We think that we're going to be able to submit to the Court some agreed stipulations as to certain relevant facts and that we would attach exhibits and have those marked and that we would submit in the near future some hammered out stipulations. I made a rough draft of the stipulations I need, but they're not finalized. And they're going to have some stipulations

that they want as well. And then from the gist of the -- I think we're going to be able to agree to those. I don't think we'll need to have live testimony. And if that's the case then what we'll do with the Court's permission is just submit this to the Court in writing within the next, say, fifteen some days. Is that -- Mr. Mathis?

So, within the next fifteen days and then let the Court rule on it at that time after the Court's had a chance to review the written materials and that's the only motion we have filed. I have an ex parte motion to try to get some funding -- an expert, some assistance that I'd like to discuss with the Court ex parte.

THE COURT: Very well. That's good that you have the ex parte one because that was on my list. Mr. Mathis, any response on Mr. Blazek's statement?

MR. MATHIS: Judge, other than a little bit of confusion that was caused by us not getting the motion today we'll -- a little bit -- now understand what Mr. Blazek wanted to talk about today. I concur with him that we should be able to reach some stipulations more in the nature of "x" document was received on "x" date as opposed to titling any documents or giving them any legal meaning on their own as far as

what we're calling them. And that's correct, the state will also have I'm sure several documents that we will want to have stipulated as well, "x" document was received by the state on "x" day and so forth. So, I do believe fifteen days is plenty of time for us to reach those agreements with each other and submit those to the Court.

THE COURT: All right. Then aside from the actual scheduling is there anything else from the defense standpoint that needed to be covered today?

MR. BLAZEK: No, Your Honor. I'd like to visit ex parte with you.

THE COURT: We'll do that. Once we've broken here we'll go into chambers and take care of those matters unless you need a record.

MR. BLAZEK: No.

THE COURT: All right. I didn't think so. Well, let's talk about our schedule. Currently we have this matter set for a two-week trial period on February 24th for jury trial. Due to the nature of the case, I would think that a pre-trial hearing would be in order sometime in February. I have an available date February 14th, which puts us only ten days out from the actual time. And by that time we will have already issued our jury notices. And so, what I'm looking at on

that is -- and, certainly, I don't expect the defense or the state either one to give any trial strategies as we're trying to do our planning here.  Are we anticipating jury questionnaires?

MR. BLAZEK:  Yes.  Judge, the state has given us notice that they intend to seek the death penalty and in light of that I expect that we will request jury questionnaires.  As preliminary matters, I see some issues arising and I -- we have to disclose some trial strategy just to explain why we're proceeding the way we are.  I think at this point for purposes of scheduling and the Interstate Agreement on Detainers I believe that my client's rights are fully perfected.  I don't think there's anything that this Court can do now to cure whatever may have happened prior to this date.

So, from this date forward I don't -- what I'm saying is I'm not waiving or acquiescing or erasing anything that's happened so far.  We believe that claim is perfected under the IADA and the speedy trial rights there.  Going hence forward from that date, what we expect to do depending upon the Court's ruling on our motion if the Court grants the IADA motion, I expect the state will appeal.  If the Court denies our IADA motion I don't believe I have a right to appeal under the Ex Parte Doster case.  The Court of Criminal

Appeals has held that even if I had filed a Writ of Habeas Corpus rather than a pretrial motion and received an adverse ruling that it is not the kind of matter that can be appealed interlocutory, the denial of that motion. I do believe that if I could establish that it's a mere ministerial act, that it's not an act of discretion, then I think a Petition for a Writ of Mandamus might be proper. So, I think if this Court grants it, the state I believe will appeal. If the Court denies it, I would expect that we will file an application for Writ of Mandamus to some higher court.

On other issues here, I see one -- I believe there probably is going to be a Motion to Suppress the custodial statement that the state has given us and at some point we probably want to have that heard prior to trial. There will probably be some determinations of some expert testimony. I think the state might have some DNA testimony. They certainly will have some forensic testimony about the firearm and the -- whether or not the gun that was used in the homicide was the same as in the robbery in California. And that would probably best be resolved by some sort of pretrial Daubert hearing. And so, those are the only two preliminary matters.

And in terms of trial scheduling, I'm

not -- Mr. Carter was going to tell me something about his trial. He had something, but did that get resolved, Billy, your thing in Brazos County?

MR. CARTER: No.

MR. BLAZEK: So that's -- so Billy -- I'll let Billy address that.

MR. CARTER: Judge, right now Michelle Esparza and I are involved in a death penalty re-trial at punishment only. It's in Judge Smith's court that's been set for March. Now, whether it's in stone or not we're not sure, but it's been set months ago. I think we -- the first week or second week in March, if it goes and he has not said it's not going yet. And we're having some preliminary matters on it that we've got to take care of, but -- and that's a re-trial of a punishment case only.

THE COURT: What I may need, Mr. Carter, get me the number and style of that. I certainly don't mind talking with Judge Smith, have a good relationship with him, and letting him know what we're facing in the way of our scheduling.

MR. CARTER: Okay.

THE COURT: And the time problems --

MR. CARTER: All right.

THE COURT: -- that we have on this case

so that we don't put you and Ms. Esparza in the middle. It would be Judge Smith and I that work out the details of that. Do you know whether or not there is a time exigency on that case?

MR. CARTER: No.

THE COURT: Okay.

MR. CARTER: In fact, Judge, there's some DNA issues that we just filed a motion about a week ago requesting some DNA testing be done under the new law. And we feel like if that takes place we won't be trying that case until sometime next fall, but right now it's set and nothing's been changed as of yet. And the state has joined in the motion we filed -- they don't oppose the motion. They joined -- they don't oppose the motion requesting DNA testing to be done.

THE COURT: I think based upon that we'll go ahead and keep our schedule as it looks like.

MR. CARTER: All right.

THE COURT: I will talk to Judge Smith and just to be sure --

MR. CARTER: Okay.

THE COURT: -- that we're not running into placing you and Ms. Esparza in any sort of predicament on that. I had anticipated and kind of getting back into maybe we ought to talk about this

motion just a little bit more. We talked about the stipulations that you're going to be filing in talking about that. Are you going to do this motion that you filed on the 30th, the First Amended Motion to Dismiss, is that going to be done under a Notice of Submission or do you wish to do that under a hearing or with a hearing?

MR. BLAZEK: Well, I think the Notice of Submission is what we're -- we could do it in writing.

THE COURT: Right.

MR. BLAZEK: We can get our stipulations together.

THE COURT: Okay.

MR. BLAZEK: And if we can't work out the stipulations we come back to the Court and request a hearing and put on live testimony about the facts we intend to prove, but I'm thinking --

THE COURT: I guess I was looking at it separately. I was looking at the dismissal -- your Motion to Dismiss as a separate issue from the stipulations, but apparently that's incorrect?

MR. BLAZEK: The stipulations we're talking about relate to the Motion to Dismiss.

THE COURT: Okay. I see that. Then, yes --

MR. MATHIS: I concur, Your Honor. It's my understanding the stipulations are to aid the Court in deciding his First Amended Motion to Dismiss.

THE COURT: All right. I'm now with you. Simply because we have a lot of moving parts, I would like to go ahead and at least do our planning to get us a motions date for the Motion to Suppress. Would the parties be ready on a Motion to Suppress say on January 22nd? And we can look at some other dates earlier in the month, as well.

MR. BLAZEK: Judge, I think we could be ready on those dates, you know. You tell us what day and we'll try to -- I don't see any conflict. I've got my January 22nd calendar up and I don't see any conflict with that date.

THE COURT: Having a conversation here with my scheduling and court coordinator. Do you have any estimate as to how long it might take?

MR. BLAZEK: Well, I think the Court is going to have to listen -- this -- part of the basis of the -- Judge, can I sit down while I'm talking?

THE COURT: Please do. We'll --

MR. BLAZEK: My old knees.

THE COURT: This is substantive, this is not form.

MR. BLAZEK: Thank you. I appreciate that. This is going to require listening to the statement. It's a lengthy statement. And part of the Motion to Suppress is going to be based on the defense assertion that it's not a recording of the defendant's voice, that it's merely a recording of officers repeating what they claim the defendant said and, of course, one of the requirements of 38.22 is that the statement has to be either in writing or recorded. Well, they've done a good job of recording most of what the officers said, that's very audible, but I think most of what the defendant said is -- was not recorded.

And then there will be some dispute where some of it might arguably be recorded and might not, but I think a lot of it the Court will agree with us wasn't recorded at all. Some arguably was recorded and some was recorded (sic). And so, the Court's going to have to make a decision and we're going to have to point out time period by time period why we're objecting to the admission of certain things. And a lot of it we're going to be objecting to comments made by the officers on the tape claiming to be repeating what the defendant said. So, it will take some time.

THE COURT: From a logistic standpoint, Mr. Mathis, having not seen nor heard any of this are we

dealing with the quality of the reproduction and, if so, have we attempted an enhancement of the tape or recording?

MR. MATHIS: Yes, Your Honor, an enhancement has been made and that was what was tendered to Mr. Blazek.

THE COURT: All right. So, we've got about as good as we're going to get, is that what your feeling is?

MR. MATHIS: Yes, Your Honor.

THE COURT: All right. That being the case and because we may be dealing with creatively an edited version, I may be leaning toward moving that to a little earlier in January to give us enough time because I don't want to -- for instance, make some rulings that this and this and this is excluded and then we have a logistics problem of simply doing the redacted, edited portion.

MR. MATHIS: Your Honor, January is pretty open as you would know --

THE COURT: Sure.

MR. MATHIS: -- for us.

THE COURT: How about either the 6th or the 10th, Mr. Blazek? I'm just concerned about if we move it to the end of January running out of time.

MR. BLAZEK: Well, now another issue just arose. I did not realize -- maybe it was by oversight or -- what I -- I thought I had the original or a copy of the original. I didn't realize I had an enhanced copy. And so, that raises an issue in my mind what do I need to do to get ready now. Do I need to take a look at both the original and the enhanced to see if the enhancement made it better or worse? You know, sometimes when you enhance one person's improvement is another person's distortion. And so, that -- I may have to -- I don't know if I'm going to be ready early in January. I may have to -- because I may have to get some help with a third party to help me take a look at that tape to determine whether or not the enhancement helps or hurts; find out what's really on there. It's just an audio. It's not a video. I'm right about that, Mr. Mathis, right?

MR. MATHIS: Yes, it's audio.

THE COURT: Okay.

MR. BLAZEK: So -- but I will do my best. If you give me a date, I'll do my best to get -- to be prepared for that date.

THE COURT: Let's set the suppression hearing for January 10th. Unfortunately, that's a Friday, but fortunately for a lot of folks Fridays are

clear. And that will be a little bit of a compromise so that it will give us another couple of weeks should we need to create an edited version of that. I realize it puts you in a bit of a timeframe.

MR. BLAZEK: We'll do the best we can, Judge, if that's the date we'll work for it.

THE COURT: All right. So, we're going to set that as a Motion to Suppress, 10:00 o'clock a.m., January 10th, 2014.

Now, then if we go to a final pretrial on February 14th with the jury coming in on the 24th does either side anticipate needing an additional motions date between those two dates?

MR. BLAZEK: Well, there's still the Daubert issue on the expert testimony that would probably be best resolved before trial.

THE COURT: Yes, sir. That's not likely to be an all day hearing, though. We could then use that 22nd of January date in the afternoon for the Daubert hearing providing both sides think that's enough time.                MR. MATHIS: The only -- Your Honor, the only motion the state's filed, I believe, was designation -- or information on his expert witnesses.

THE COURT: Yeah.

MR. MATHIS: That I don't believe was

ruled on.

THE COURT: And you may not have that until we've had this in camera motion that we've talked about that I'll be dealing with Mr. Blazek.

All right. Let's set it 1:30 on January 22nd. We will just call this an additional motions date. So, at this point we have a suppression on January the 10th at 10:00 a.m. We have an additional motions date January 22nd, 1:30 p.m. We have a pretrial February 14th at 10:00 a.m., and any further motions that may need to be addressed at that time. And then we will have the jury in on the 24th.

Let's talk just briefly about that and I realize that we are a little early on that, but I would anticipate bringing in the entire panel for the initial entry, voir dire, and handing out of the questionnaires. Mr. Blazek, I want to defer just a little bit to some of your experience and yours, Mr. Carter's, as well. Would these questionnaires be of such a nature that we could mail them out with the jury cards, which generally go out two to three weeks before the jury comes in?

MR. BLAZEK: Yeah.

MR. CARTER: Never done it.

MR. BLAZEK: I've never done it before,

but I, you know -- now -- go ahead, Billy. You tell them what your concerns are.

MR. CARTER: Judge, the only issue that I -- we could run into could be we ask them questions in the questionnaire about the case in a general sense and, therefore, you would be telling jurors what case they would be coming in on.

THE COURT: Very well.

MR. CARTER: That's the only thing I could see that could be an issue because we always, you know, ask heard anything about the case, form an opinion about it, you know, that will affect your ability --

THE COURT: Then I think I'll go back to my original presumption that we will do the initial voir dire and hand out the questionnaires on that Monday and proceed from there for the remainder of the week doing our selections.

MR. BLAZEK: And the way I've seen it done and it's not always done the same in every case, you could -- if you start off early enough in the day you can get those questionnaires back before the end of the day from the panel, qualify the panel, allow the parties even to make an opening general statement, sort of introductory statement about, you know, introducing people and the general issues of the trial without going

into too many facts. And then gather up those questionnaires and have them scanned. And when they're scanned they could either be scanned and copied or scanned and just given disks to the sides so that we'll have those questionnaires. And if, you know, me I'm kind of old-fashioned. I like to have a hard copy to work with. And then I can cause those to be printed out if I need them and -- but what I'd like to have is two days to review the questionnaires before we begin individual voir dire, because I'm assuming we're going to strike -- use our peremptories as we go. I guess there's -- in theory we could reserve peremptories to the end of voir dire and then use them, but I'd sure like to have an idea as to the consistency of the entire panel before I start exercising my peremptory challenges. And I don't -- Billy is -- likes to think -- to do the voir dire as -- voir dire the entire panel individually and then reserve the peremptories to the end.

MR. CARTER: Right, but I've done it both ways.

MR. BLAZEK: And I kind of lean the other way, but we've both done it both ways and then one time we even did it a third way.

MR. CARTER: We did.

MR. BLAZEK: After -- but we can work that out. The state will have some input as to how they choose to do it and the Court has discretion in that. It's not -- I don't think there's any one rule that says it has to be done a particular way, but I do like to review the questionnaires before I begin voir dire so I'll have a sense of who's -- the type of jurors we have on the panel.

THE COURT: Mr. Mathis, your thoughts?

MR. MATHIS: I agree. I anticipate the state would want to wait, voir dire the panel, then do peremptory challenges at the end.

THE COURT: All right.

MR. MATHIS: It's logical.

THE COURT: I think that's the best way to plan this. We have a third week that is available and I will be able to antagonize most living beings by doing it that week because that is school -- spring break week. That's all right. We have justice to do and we'll just deal with it if we need to do that.

So, we will plan along those lines as far as doing the initial voir dire, getting the questions out, getting them turned in, initial introductory statements, just introduce the case on that Monday and coming back in on Wednesday to begin our individual voir

dire through a scheduling process.

MR. BLAZEK: And here's the general wild card in all scheduling -- I have never tried a capital case where it went to trial on the first trial setting. Every capital case I've ever been in there's always been something came up along the way. And I could envision as I'm doing this in getting ready for this case that some expert, some third party, some other issue arises where I expect to be back before this Court telling you how much time I need to get ready. And it's -- if it is the -- if this case happens on schedule without me standing up and objecting and saying I need this Motion for Continuance granted, it will be the first time that's ever happened, Judge.

THE COURT: Mr. Blazek, you've never dealt with an OCD Judge and his calendar.

MR. BLAZEK: So...

THE COURT: But I do appreciate that, but I think from the Court's standpoint I have to at least get the plan in place because if we don't have a plan, we won't be able to ever get there. The plan's as in combat, they adapt once you engage and that's exactly what we will do. Very well. Anything further from the state today?

MR. MATHIS: Not today, Your Honor.

THE COURT: Very well. Anything further from the defense today other than our in camera motion?

MR. BLAZEK: Mr. Carter points out something that's really important. One of the important issues in a capital case is developing the mitigation case and this ex parte motion that we have today relates to that. And there's going to be certain aspects of the defendant's life that may require some travel because he's been -- although he's a native, born and raised here locally, you know, he spent the last eight or nine years in the Marines and there's been a lot of travel involved. And so, certainly recordkeeping, gathering up documents, we're going to be dependent upon third parties to search records and produce records, primarily the military. That will probably be a big source of his life story and then travel. And so, Mr. Carter appropriately tells me, and I think he's probably right, that it might be overly optimistic to think our mitigation specialist will be able to meet our timetable.

THE COURT: You may well be right and I hadn't thought of that because of my own personal experience with either military personnel records jackets or the military medical records jackets, where they're stored and how they're stored and the agencies

that are currently in charge of those things. I'm not sure you can get your records in -- I mean, if you started today I'm not sure you'd have them in hand on February 24th. So, I think it's well brought out that we're going to be doing this because both of those agencies that do that storage, they're swamped to put a blunt to it.

MR. CARTER: Judge, I just think that I know in the case Michelle and I are doing right now even if we didn't have DNA stuff we're -- our mitigation people are -- they've been working over 200 hours already and they tell us they will never be able to meet our March trial deadline. They -- and I can tell the Court I just -- I think that February will be a difficult timeframe for us to get all of our information collected to be ready for a trial at that -- in that timeframe.

THE COURT: I think when we come back in here on January 22nd we can make some reasonable announcements at that time and if we need to turn it off or move it to a different timeline that will be fine. I jokingly said that I'm OCD about it. I'd rather get it right than get it quick. So, obviously we're going to do it that way. Now, if something happens between now and those dates that we've got here, the January 10th,

January 22nd dates that obviates moving them, just let us know and we'll work with you on that. I think that's realistic assessments.

MR. BLAZEK: So, January 10th will be our next plan to meet, Judge.

THE COURT: Very well then.

MR. BLAZEK: Preliminary matters.

THE COURT: There being nothing further before the Court we stand adjourned and we'll see you in chambers with your motion whenever you get a chance. If you need a little bit of time, I'm sure I'll be here this morning.

(Proceedings adjourned.)

THE STATE OF TEXAS    )

COUNTY OF WALLER      )

I, Sheila A. May, Official Court Reporter in and for the 506th Judicial District Court of Waller County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and was reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $_____and was paid by _____.

WITNESS MY OFFICIAL HAND this the 8th day of September, 2014.

/s/ Sheila A. May

_____

Sheila A. May, CSR# 2801
Official Court Reporter
Expiration Date:  12-31-14
Waller County Court at Law
836 Austin Street
Hempstead, Texas  77445
(979) 826-7762

REPORTER'S RECORD

VOLUME 5 OF 6

COURT OF APPEAL CAUSE NO. 01-14-00631-CR
COURT OF APPEAL CAUSE NO. 01-14-00632-CR
COURT OF APPEAL CAUSE NO. 01-14-00632-CR

TRIAL COURT CAUSE NO. 11-01-13703
TRIAL COURT CAUSE NO. 11-01-13704
TRIAL COURT CAUSE NO. 11-01-13705

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
9/9/2014 1:27:49 PM
CHRISTOPHER A. PRINE
Clerk

| | | |
|---|---|---|
| THE STATE OF TEXAS | ) | IN THE DISTRICT COURT |
| | ) | |
| | ) | |
| VS. | ) | 506TH JUDICIAL DISTRICT |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| DOMINIQUE DONTAE LASKER | ) | WALLER COUNTY, TEXAS |
| | ) | |
| _____ | ) | |

-------------------------------------------------------

HEARING ON MOTIONS

-------------------------------------------------------

On the 11th day of February, 2014, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Albert M. McCaig, Jr., Judge presiding, held in Hempstead, Waller County, Texas:

Proceedings reported by Machine Shorthand.

Robyn S. Wiley, CSR

APPEARANCES:

    ATTORNEY FOR THE STATE OF TEXAS:

        MR. Elton R. Mathis, Jr.
        Criminal District Attorney
        SBOT#: 24014568
        MR. Frederick Edwards
        SBOT#:  06435100
        645 12th Street
        Hempstead, Texas  77445
        Phone:  979.826.7718


    ATTORNEY FOR THE DEFENDANT:

        MR. FRANK BLAZEK
        SBOT#: 02475500
        SMITHER, MARTIN, HENDERSON & BLAZEK, P.C.
        1414 11th Street
        Huntsville, Texas  77340
        Phone:  936.295.2624
          -and-
        MR. WILLIAM F. CARTER
        Attorney at Law
        SBOT#:  03932800
        108 E. William J. Bryan Parkway
        Bryan, Texas  77803-5334
        Phone:  979.779.0712

I N D E X

Volume 5 of 6

HEARING ON MOTIONS

February 11, 2014                                          PAGE

Appearances....................................... 2

Court calls case.................................. 4

Stipulations made by Mr. Edwards.................. 5

Court confirms factual stipulations with counsel... 14

Off the record discussion........................ 32

Proceedings concluded............................ 36

Reporter's certificate...........................37

E X H I B I T S

| Number | Description | Offered | Admitted |
|--------|-------------|---------|----------|
| State's | | | |
| 1 | Documents | 23 | 23 |
| 2 | Documents | 23 | 23 |
| 3 | Letter and Forms | 23 | 23 |
| 4 | Letter and Forms | 23 | 23 |
| 5 | Judgment | 34 | 34/36 |

P R O C E E D I N G S

(Open court, defendant present)

THE COURT:  These cases are Cause Numbers 13703, 704 and 705; State of Texas versus Dominique Dontae Lasker.  We have for the record Mr. Mathis and Mr. Edwards for the State; Mr. Blazek, Mr. Carter for the Defense.  The defendant is in the courtroom.  Are we ready to proceed?

MR. EDWARDS:  State is ready, Your Honor.

MR. BLAZEK:  Defense is ready to proceed, as well.

THE COURT:  All right then.  The matters that I see today -- well, perhaps, Mr. Blazek, if would you cover a couple of matters that you intend to proceed with today.

MR. BLAZEK:  Judge, I visited with the prosecution team this morning.  And I think we're going to agree to postpone any presentation on our Motion to Suppress, but I think both sides are ready to proceed under the Interstate Agreement on Detainers Claim.  And so, that is the one that I would like to go forward.

THE COURT:  Very well.  And from the State?

MR. EDWARDS:  That's correct, Your Honor.

THE COURT:  Very well.  That was my understanding, as well, but I wanted to be able to confirm that on the record.  Very well, Mr. Edwards, I believe this has now placed the burden on the State.

MR. EDWARDS: You know frankly, Judge, I was not here last time. I am not sure that the burden is still on -- have they done their thing? It is our time; is that right?

MR. BLAZEK: Judge, I assume that the burden on this and the burden of persuasion, the burden of proof on this always rests on the Defense. But I think most of the facts -- they have most of the facts. So I am not sure if we should -- I have tried to submit stipulations that I thought would be agreeable to both sides. I am not sure if they are.

The alternative would be to call Mr. Edwards to the stand and have him to -- I could ask him some questions, see what he agrees with, more like Request for Admissions. I think we agree basically on all of the facts. Many of the facts we agree on are in his response, but his response is not evidence, I know that. So I have got to get it on the record, so I don't know if we wanted to try by stipulation or if you want to testify about what we agreed to.

MR. EDWARDS: Tell you what, Judge, I will run through my fact pattern, which you have before you and counsel has got, as well, and stipulate as we go along and maybe that will satisfy what you are talking about.

MR. BLAZEK: I think it will.

THE COURT: I think that would be the best -- most equitable way of doing that and both of you, obviously, are valued members of the Court and take what you do say as

intended.

MR. EDWARDS: Thank you, Judge. If it please the Court, for the record the State has filed State's Response to Defendant's Motion to Dismiss, which includes a recitation of what I believe the facts are in this case; as well as accompanying Exhibits, State's 1 through 4. And, quite frankly, those are the things which we are willing to stipulate to in addition to the fact that I believe -- I think counsel mentioned something about the fact that their client had been in Waller County custody from May 24th, I believe it was, continuously until this time. We, of course, would stipulate to that; don't think any objection to that. If you look at my fact pattern here, Judge, I think it's fairly clear and not sure I'm going to go through it all.

The long and short of it is these murders occurred on March -- on or about March 10th of 2010. Mr. Lasker fled the jurisdiction after the murders and it became known that he was on leave here in the jurisdiction from the Marine Corps. And along with that it became known specifically that there was a bank robbery in California in October -- on or about the 30th of 2010.

There was a weapon used in that bank robbery and, as it turns out, it was in his possession when Mr. Lasker was caught. I am not sure exactly how it came into the hands of the FBI people and the people in

California. But long and short of it, they were able to tie that weapon to Mr. Lasker in the bank robbery.

Well, anyway, they did some forensic work on that -- on that weapon. And I believe, although I haven't mentioned here, believe DNA connection as well. But long and short of it is the connection was made between Mr. Lasker, that weapon -- that weapon and the murders down here in Waller County. And that is what we became aware of.

In any event, the Rangers went down to California. They interviewed Mr. Lasker. Mr. Lasker made what we would describe -- and that will be a bone of contention later on -- but the long and short of it that he made some -- a confession to the killings, as well. He was charged, I believe, in January of 2011. And I would -- although the mechanism for it is unclear, we filed -- I presume that the Waller County filed detainers on or about that same date for him to be held there in California to stand trial.

Well, we became -- then things became a little bit muddled because there was a lengthy period of time it seemed like where he was in California standing trial for -- for the bank robberies. We eventually determined that -- and during this period of time we were pretty much in constant contact with the folks there in California and became clear that they generally wanted to take care of their case there

in California as you might expect and then we can transport him down here.

This is -- these are informal conversations, so forth, we had with the people there in California. Well, we found out that Mr. Lasker, in fact, got 121 months for the bank robberies and he -- that was given on January the 30th of 2013. Now just prior to that -- not just prior, but July 19th of 2012, we received something, which you'll notice on Page 2 is described Notice and Demand to District Court et cetera, et cetera, from presumably Mr. Lasker on or about July the 19th of 2012. This did not come -- and this, in effect, was a demand under Texas Code of Criminal Procedure Article 51.14 which, of course, is the adopted device which the State uses to get folks back and forth different jurisdictions to stand trial; particularly, under Article 3 which is, in essence, the defendant's or the suspect's demand that he be brought back.

We received this, I guess, July -- on or about July 19th, 2012. This did not come, as required by the Code itself, by certified mail. Now another requirement that is required, Your Honor, is that this demand has to be accompanied by a certificate which states certain pieces of information. This is all in the code section. I have quoted that. That certificate was not present with that July 19th communication nor any of the information which is required.

There's a fair amount of case law that says if you don't get that information, State doesn't get that information, Court doesn't get that information; then that does not trigger the demand, the 180-day demand for the man to be brought back and for him to stand trial, that hard deadline of 180 days.

Well, during this time in August 31st, 2012, so forth, we were again in communication with Mr. Ed Perez, the administrator or some sort of a fellow down there at the federal loading facility where Mr. Lasker was now incarcerated. We were exchanging forms and so forth, assuming at this point that we were operating under Article 4, which is -- which is the provision which we use in order to get a prisoner back.

Now Article 3 is the prisoner wants to come back. Article 4 is the prisoner doesn't want to come back and we are trying to get him back. We were working under that presumption. We were communicating with the people in California to get the various forms. And it was a lengthy thing. We had an Article 4 form. We had -- you know, there were a number of forms we had to get. We were filling them out and sending them back. Quite frankly, that took some time.

Then when we requested a particular form we got -- on February 8th of 2013, we got one of the forms we

had requested, but we also got what was described as another motion for him to be brought back made under Article 3. Now I believe that was February the 8th, 2013. That took me a long time to figure out whether or not we had, in fact, received that certified mail. We would stipulate, however -- although, I don't have the green copy in front of me. We did receive that on or about February the 8th of 2013.

Okay. Arguably, that trips the 180-day deal. The problem was, of course, that certificate, although was accompanied, was part of the -- was part of the communication -- part of the Motion was not complete in two respects. Number one, it left blank the date of parole eligibility. Also left blank any mention of the decisions may or may not have been made by the Parole Board concerning the inmate. Of course, this is almost half of the information that is required that we get prior to the tripping of that 180-day guideline -- or not guideline, that hard date.

Okay. So the long and short of it, we arguably we have a correct Article 3 request to be taken back or brought back for trial; however, the certificate is itself -- it comes certified mail with stipulation; however, we have a certified -- we have a certificate which is, in fact, defective at least in half the respect. And, of course, the case law says if we don't get all this

information then the 180 days is not tripped.

So our position is that the initial one in July and the one in February in and of themselves are defective. We haven't gotten the proper notice we were entitled to and that is supported by the case law concerning whether or not this person is going to make a successful Article 3 -- Article 3 demand to be brought back to trial.

Well, anyway, time marches on and we are successful, either through Article 3 and/or Article 4, to eventually get this man back. I believe on May 1st of 2013, we forwarded the various IAD Form 6 that had now been signed by the proper Texas IAD administrator to the federal warden. Then less than a month, on May 31st, 2013, Mr. Lasker is brought back here to the -- to Waller County.

Now, on -- frankly, the Court can recall this because it was kind of unusual, I think. On June 4th of 2013, which would have been before the running of our 180 days, of course, we brought Mr. Lasker in for his initial court appearance. As you recall, Your Honor, I make this recitation here in the -- in the facts and in the arguments, he stood before you and said, Judge, I have a number of motions which I demand -- actually said I demand that you hear them.

Well, the Judge quite properly -- Your Honor quite properly said, Well, sir, you don't -- do you want

counsel? He didn't make any real response to that, but the long and short of it, prior to that in one of his IAD Forms, particularly the one filed on February the 8th, he checked off the box saying, I want court-appointed attorney. So you are stuck -- Court is stuck at this point.

You are saying basically he has these contested, substantive motions and he is requesting court-appointed attorney, hasn't been assigned one yet; so the Court had no alternative, I believe. We would suggest on June the 4th of 2013 that was, in effect, a reset of the case so he could get counsel. He was assigned counsel, I believe, very shortly thereafter. I believe on June the 4th, the Regional Public Defender was assigned on June 4th, 2013. For whatever reason, which is probably not important for this hearing or any other hearing, on June -- they got switched around because that was not an appropriate thing. Mr. Blazek was appointed and then Mr. Carter was appointed on June 6th.

We had an opportunity to discuss. And I don't have the specific date when that was, but I do remember us talking -- to talk informally with Mr. Blazek and it became very clear to us, to the State, that this deadline was important to the Defense and they weren't going to do any -- they weren't going to take any effort to get their man into Court for any kind of motions or that sort of thing. We took the initiative. And on September 9th, 2013, the Court heard

and granted a second continuance for good cause shown and we laid it all out there. That is pretty much where we are now. November 4th, 2013, that was the Continuance date, I believe, that the defendant was there with counsel. He waived arraignment and there was a scheduling order.

The second part of my paper, Judge, my little missive there to the Court, is the case law that substantiates that. Now I would put in another argument. And I am not going to spend a whole lot of time on that. There is a -- there is this fundamental idea that the various branches should not interfere with the others. And it would be my position that this Legislative creature, this 180-day demand that we have somebody tried, particularly in all cases, they don't make any distinction between that. They say everything from misdemeanor or whatever, you know, whatever -- all the way up to a capital murder needs to get tried from -- 180 days from the time that a demand is made. They don't even take into consideration all the time that is necessary to get the guy hauled in from wherever he happens to be incarcerated, that we have to get my guy tried within 180 days.

And really, the Draconian solution to that -- it's not like in a bond situation where you have to turn him loose on bond. The Draconian solution in this particular case is you lose the right. This is to be dismissed with

prejudice, end of story. And it is my assertion and I have explained, cited some case law and so forth, Your Honor, that that is an improper infringement on the responsibilities of this Court; and by extension, the prosecution, to deal with cases that have been indicted correctly and have been brought to this Court correctly. And it deprives the State of the -- and the people of the State of the right to try people and to do that job, which they have been assigned by the Constitution. So there is obviously a Constitutional issue in this matter.

THE COURT: Let me get in here and see if we can clean up the part of what we will call factual stipulations that were alluded to.

MR. EDWARDS: Just going there, Judge.

THE COURT: I have -- in your argument here as I followed your brief, I have come up with about 20 and I think probably in order to expedite it, Mr. Blazek and Mr. Carter, what I will do I will just cover each of these in the factual portions here and determine whether or not they are stipulated and whether or not we need to receive additional evidence on any of these factual stipulations. Does that seem reasonable, sir?

MR. BLAZEK: Yes, it does, Your Honor.

THE COURT: All right. The first one that I have is that the murder occurred on or about March 10th of

2010.

MR. BLAZEK: Judge, we don't think that the date of the offense is relevant to our IADA claim. We would ask the Court to take judicial knowledge of the indictment, it being returned, and the dates alleged there is what the State's allegations are. But we are not going to stipulate there even was a murder. But we do allow -- we would encourage the Court to take judicial knowledge of the indictment in the files and the dates alleged there to show the chronology of the events that are relevant.

THE COURT: That is reasonable. The Court will take judicial notice of the indictment itself. I do believe that date of the indictment may have some efficacy what we are doing here.

MR. BLAZEK: I agree, Your Honor. We would ask the Court to take judicial knowledge of that, as well.

THE COURT: Very well, sir. The first matter would be that the indictment was returned on or about January 27th of 2011. And as we are not dealing with the Suppression, then we will also not deal with the issue of whether or not the Rangers went to California.

The second matter that I see of some relevance here is that Mr. Lasker was sentenced to 121 months on or about January 30th of 2013 in the federal penitentiary.

MR. BLAZEK: Did you say January of 2013?

THE COURT: That is the date, yes, sir.

MR. BLAZEK: Judge, I don't have first-hand knowledge of that. I know that the -- and I was surprised to hear when the prosecutor said that because the first Request for Disposition occurred on July 19th, 2012. I was under the impression that he was already in the federal penitentiary. There is correspondence with that request that shows documentation that he was serving a sentence at that time. And so, I think that there may be some mistake there.

THE COURT: Mr. Edwards, I think we may have a year error there.

MR. EDWARDS: Okay. I wouldn't be surprised with that. I am -- I have combed through this a number of times. Frankly, I don't have a specific federal judgment. I am taking this, quite frankly, off of -- let me see. I am taking this off of State's Exhibit Number 4.

Anyway, we got a letter from them. It is dated January -- saying "them" -- a letter from the federal correction complex there in California on January the 31st, 2013. It's in response to, I presume this is to Mr. Lasker to his Request for Temporary Custody pursuant to Interstate Compact Agreement. And then that is what got the February 8th notice marching along.

THE COURT: Well, gentlemen, I would propose we attempt to obtain a certified copy of the judgment and

sentence out of the federal court. That document thereafter would then speak for itself as to the date that that was -- that became --

MR. EDWARDS: Very well, Your Honor. I will take the responsibility on -- for doing that, Your Honor.

THE COURT: Very well, sir.

MR. BLAZEK: I will point out that in State's Exhibit Number 1, which purports to be dated July 2nd, 2012, Dominique Lasker's address is listed as the federal penitentiary, which normally wouldn't be in the federal penitentiary if he was still awaiting trial.

THE COURT: Yes, sir, noted. And I think that that is where we have the January 30th -- which year becomes the issue.

MR. EDWARDS: And, of course, that was the problem, Judge, is that I have got various documents that recite various locations. And they are directed to -- the long and short of it was difficult to find and I don't have a judgment.

THE COURT: All right. Well, the next thing Mr. Edwards had cited in his motion is that on July 19th of 2012, there had been a Notice and Demand to district attorney and that dealt, of course, with the provisions presumably under Article 3. So would there be a stipulation that, in fact, a Notice of Demand to district attorney for trial

disposition was received by the State on July 19th of 2012, that was not mailed by certified mail?

MR. BLAZEK: We so stipulate, Your Honor.

THE COURT: Very well, sir.

MR. EDWARDS: That is our State's Exhibit Number 1, Judge?

THE COURT: It is, sir.

The next matter that I have noted here is the Motion did not contain certain requisite information that was outlined in Mr. Edwards' motion dealing with parole eligibility, good time calculations, decision to the parole board.

MR. BLAZEK: That doesn't require stipulation, Judge. That is just something -- the document speaks for itself and the statute speaks for itself so...

THE COURT: Very well. Next matter is that on or about August 31st, 2012, Waller County requested and received IAD Form 5 pertaining to Article 4.

MR. BLAZEK: We're willing to so stipulate, Your Honor.

THE COURT: Very well, sir.

January 2nd of 2013, the State sent a request to the warden of the holding authority, Request for Temporary Custody.

MR. BLAZEK: Defense would stipulate to that,

as well.

THE COURT: Sir, you can maintain your seating. We will give you plenty of exercise on other things.

MR. BLAZEK: Thank you, Judge. I was thinking about it if I do this for every one of these, I am going to be exhausted.

THE COURT: There was a notice delivered on February 8th of 2013, pertaining to the IAD Forms on Notice of Untried Placement. That was initiated under Article 3 of the Interstate Agreement.

MR. BLAZEK: If you will recall, Judge, that is one where the State is willing to stipulate they received that by certified mail. That is -- and we do agree to that stipulation and I think that is State's Exhibit Number 4 attached to their response.

THE COURT: Is that correct, Mr. Edwards?

MR. EDWARDS: That's correct, Judge. Again, I don't have the green copy, but I personally communicated with the folks in California. They said they have a green copy with our office's signature on it.

THE COURT: Very well. So that stipulation is is accepted.

What we may end up doing is we may go back into the court reporter's record, determine these, formalize

them as a better way.

The next three stipulations basically -- and I am not saying that they are stipulated. I am requesting if they are stipulated or not, would be the facts of April 8th, the -- April 17th, 2013 sending of the forms, and the May 1st of 2013 forward of the IAD Form 4. Are those stipulated?

MR. BLAZEK: Well, Judge, I am not sure -- you have said the dates. I am not sure what events happened on those dates. If you could be more specific or if the State could refresh my recollection on those.

MR. EDWARDS: Look at Page --

THE COURT: Page 4, roughly the top half of the page.

MR. BLAZEK: Okay. Let me get there. So the April 8th, April 17th and May 1st?

THE COURT: Yes, sir.

MR. BLAZEK: We, too, would stipulate to those facts.

THE COURT: Thank you, sir. By -- Mr. Edwards, for clarity because this is your Motion that I am referring to, I am assuming the State has now stipulated to these, as well?

MR. EDWARDS: That's correct, Judge. And we will check on the last one, that certified judgment. I don't have any great information on that.

THE COURT: Date of return of Mr. Lasker to be May 24th of 2013.

MR. BLAZEK: That is our stipulation, as well.

THE COURT: Mr. Lasker's first court appearance in this court was June 4th.

MR. BLAZEK: And, Judge, I wasn't present but we would ask the Court to take judicial knowledge. I mean, the Court was here or not. And if it was, well, then you will know that he was here and whatever happened happened on that date. We don't have a transcript of it or a Statement of Facts, but we'd ask the Court to take judicial knowledge of its recollection.

MR. EDWARDS: I believe I looked at the docket sheet and determined that, Judge.

THE COURT: I am looking at the docket sheet and it is an entry for 6-4 of '13; defendant present, counsel appointed through regional public defender for capital cases. So duly noted, Mr. Blazek.

That would be the next one, as well. For clarity of the record, while not necessarily germane but for further explanation, the Court did appoint the regional public defender, an organization with which Waller County does have a contract for the representation of defendants charged with capital murder. And we determined within about

48 hours that the contract with the Regional Public Defender did not cover the time frame of the alleged incident of March 10th. Therefore, it was necessary that I find other qualified counsel, whereupon the Court contacted Mr. Frank Blazek and that representation was accepted.

I believe that does reflect the June 6th -- and I am not asking for a stipulation. The record will speak for itself, but that is by further explanation of how Mr. Blazek and Mr. Carter came to be engaged in the case.

What further stipulations, Mr. Edwards, would you find necessary or, Mr. Blazek, that you would find necessary under the circumstances to get us to where we are?

MR. EDWARDS: Well, Judge, of course I would ask for a stipulation that the certificate that accompanied the February 8th document was incomplete and in the way that I have enumerated. I anticipate a different approach, Mr. Blazek, on that.

MR. BLAZEK: The document speaks for itself. I don't think we have to stipulate that those two boxes were left blank. By way of argument, this is not -- by way of argument, I would ask the Court to take judicial knowledge of federal law and this is easy to explain.

If you were to Google the phrase "federal parole law" you would find that it is virtually an anachronism because people that are sentenced in the modern

era aren't eligible for parole. There is no parole eligibility date and there are no actions that the federal board can take on the vast majority of federal convicts. There are a few rare exceptions if people are convicted out of the District of Columbia or if they were convicted prior to, I think, 1987 or '88 that would be relevant. But the fact that these were left blank, we would argue doesn't mean they are incomplete. It just reflects current federal law, that there is no parole eligibility date and there are no actions.

THE COURT: For --

MR. BLAZEK: That is argument; not a fact stipulation.

THE COURT: For completion of the record, the four exhibits that were filed by the State on their Motion, they speak for themselves. I'd like to see if we can get these incorporated into the record for any further review.

MR. BLAZEK: Actually, they should be admitted into evidence, Your Honor.

THE COURT: State's 1, 2, 3 and 4, accompanying the State's Response to Defense Motion to Dismiss are admitted into the record for the manner in which they are presented, not necessarily for any validity of the content.

(State's Exhibit Nos. 1,2,3,4 offered and

admitted into evidence)

MR. BLAZEK: The only additional fact that I think needs to be established by stipulation is that my client was in federal custody, federal penitentiary, pursuant to a federal conviction at the time that he made his request that are reflected in, I believe, State's Exhibits 1 and 4 that are now in evidence. And also, the Court -- well, that is by way of stipulation. There is virtually every content in the file the Court needs to take by the Court's file, the Court needs to take judicial knowledge of. And we would point out that for those motions received by the State, there is corresponding motions received by the Court.

In each of the three cause numbers there is a Request for Speedy Disposition under the IADA comparable to Number 1 and Number 4. And the district clerk was able to keep records, kept the envelopes so you can tell that the State's Exhibit Number 1, its corresponding was received by the Court by first-class mail. State's Exhibit Number 4 envelope in the Court's file shows that it was received by certified mail.

And so, if the Court takes judicial knowledge of the contents of its files and if we can resolve when he was in prison in the federal prison, I think we will have all the facts necessary for the Court to make a ruling on this case. But we might want to wait on that until we do that. I

am -- I am confident that my client was in the federal prison at the time he made the request, but I understand the State's hesitation until they get that judgment. And then I would be prepared to make argument once that issue is resolved.

THE COURT: The Court does take notice of all of those matters and knowledge of the matters that are contained in these three particular indictment files being 13703, 704 and 705. And, yes, since Mr. Edwards is going to undertake getting the certified copy of the federal judgment, that final one will have to wait until we get that so we can determine the actual entry date.

MR. EDWARDS: Actually, somewhere J.R. is working on that. We may be able to do that forthwith. Frankly, he was -- it is our understanding and we will substantiate this here when we get a judgment, that Mr. Lasker was in some kind of custody continuously from the date of his arrest in California until this date.

In regard to State's Exhibit Number 1, so forth, I have to reiterate that while this Court may have received their copy first-class, I have no way of knowing. I don't have the envelope any more, don't know whether we kept the envelope. I have no way of knowing that. And that, of course, goes to the -- you know, the rationale for requiring certified mail to be the argument.

And as to the other issue concerning the

parole, I mean all they had to do was say none or not applicable instead of leaving the requesting state up in the air. Of course, that speaks also to the rationale for why that information is even required. Thank you, Your Honor.

THE COURT: All right. All right. So with the exception of that one item that is remaining outstanding, which we may or may not be able to solve here in the near term, further arguments that you wish to make on the Motion?

MR. EDWARDS: May I have one moment, Your Honor?

THE COURT: Sure.

MR. EDWARDS: Judge, what counsel would ask the Court also is to take into consideration prior arguments already heard in this Court.

THE COURT: So noted.

Mr. Blazek.

MR. BLAZEK: Yes, Your Honor, well, there are two requests and, you know, I will concede that the second request, State's Exhibit Number 4, that is a much better request and is much more likely to be sustained as a valid request achieving everything that is required to make it a valid request than the first.

But on the other hand, there is still a possibility that the first one may be sustained. You know, again, there are lots of problems with it. If you look at

the case law every -- every case is factually different and every case is factually treated differently. And I am sure the State will come up with a compelling argument of why the many, many failures of -- in this first request meet its fate.

We are going to make an argument that if you look in the totality, you know, similar to the argument made in that Votto case that the Court of Criminal Appeals ruled on. The Corpus Christi Court of Appeals thought, well, yeah, there are lots of deficiencies, but if you look at his Motion to Dismiss that followed his request that corrected it, it solved all the problems, all that adequate information was there. His case is a little bit different. There are different facts. And so, we are going to be making a similar argument. Again, some Court is going to have to review it and say is this closer to Votto or closest to one of the others that says it is sufficient. And so, they will judge on that.

But on the second one, I think the State is going to have a hard time convincing any court that it wasn't complete. It satisfied procedurally the mechanism. The two things that were left blank were appropriately left blank. Admittedly, there are other ways to do it besides leaving them blank. They could have said none, not applicable, there are other ways to do it, but blank is also accurate, I

believe, in the context of the circumstances of this case.

Now assuming that we have a valid request for a speedy disposition, then the question is, well, what is the date that this case should have commenced trial? If it is the first one, my calculations say it should have been commenced on or before January 14th, 2013. Well, our client hadn't even arrived in Waller County by that time. So if that is the one, then we win clearly.

If it is the second one, again, the date is August 7th, 2013, is a different date, later in the year. If the February 8th request was a valid request, the 180 days is August 7th. And the State's argument that that one court appearance by the defendant without counsel constituted some event that necessitated a delay, I don't think we will withstand scrutiny on appeal.

It appears to me there were motions on file. The Court will take judicial notice what motions were on file. I believe the significant ones that implicitly he was talking about was his Motion to Dismiss pursuant to the IADA claim. I don't think requesting a Hearing on a Motion to Dismiss under the IADA claim is going to constitute some cause for delay and; therefore, negate his ability to present an IADA claim.

But there was no event that would have prevented the State from requesting a setting, requesting a

trial prior to August 7th, 2013. The defendant was in custody. He had counsel prior to August 7th, 2013. They could have requested a setting and forced the Defense to make a decision, do we want to take advantage of our dates pursuant to the IADA claim or do we want to ask for a continuance.

So the Defense would have had that option. If the defendants had asked for a continuance and if the Court had granted it, well, that would have solved the State's IADA problem because the delay was requested by the Defense and the delay was granted by the Judge in a Motion for Continuance and; therefore, we couldn't complain that we were being denied a speedy trial because we are the ones asking for a delay. But that didn't happen. We were never asked, Do you want to go now or do you want a speedy trial? The only thing on file with the Court was a Request for a Speedy Disposition and Request for Dismissal.

And so, we were entitled to a speedy disposition at that time and ultimately entitled to a dismissal after August 7th, 2013. So, you know, those are the facts. No one can predict with certainty how the law is going to apply in any of these things and, admittedly, it is technical.

My understanding is under the case law that Ex Parte Oscar Doster, which came out of Freestone County, Court

of Criminal Appeals has held that if the IADA claim is valid, the trial court should deny it. If the trial court -- if the trial court grants it -- excuse me -- if the claim is valid, the trial court should grant it and dismiss the case. The State would then have the right to appeal. That would be an appealable decision. They could appeal it to the Court of Appeals and wherever it goes from there. If the trial judge denies it, the defendant cannot appeal that decision. They have held it's tantamount to ruling on a Motion to Dismiss for Failure to do a Speedy Trial. They say, Well, you can appeal that after a conviction if it ever occurs -- happens.

I would think there is -- unresolved as whether or not we can resolve this pre-trial if you deny it by Mandamus. So if this Court grants it, I am sure the State will appeal and make sure their arguments are fully heard by the Court of Appeals. It will be accelerated and that will take place.

If this Court denies our motion, then Mr. Carter and I have to make a decision, will we seek Mandamus? If we do seek Mandamus, then the appellate courts will have to decide two things: Do we have an adequate remedy based on appeal so that Mandamus doesn't apply; and/or, two, are we right or wrong on the law? They might deny our Mandamus -- they could deny it because we are wrong or they could deny it because we have a remedy on appeal if

they make that argument. There may be some other creative arguments that I can think of. Either way I'd like to try to get this matter resolved as quickly as possible because it may be determinative in a number of ways.

So we think we are right, especially with regard to the second request, which we think satisfies every aspect of the Interstate Agreement on Detainers and the time limits just weren't met. We think we're entitled to a dismissal. And so, we would urge the Court to do that.

THE COURT: Further?

MR. EDWARDS: Well, just to reiterate again what we have talked about. It is our position, Judge, that the first notice was clearly defective in a number of respects. It is very clear from the case law that if a certificate is not there, then it's gone. Secondly, we didn't get it by certified mail; again, it's gone.

The second request, Judge, our position is that it's defective in that it didn't contain the information that is required by the law in its certificate.

And then, thirdly, even if you were to say it was effective, then I don't know what else this Court could have done when we came into Court here and the defendant says I have motions to be heard. If we had gone forward with those motions and arguably he had lost, then you have got a situation where I am not represented by counsel and I

requested to be represented by counsel. It is a catch-22.

The Court did the proper thing. This Court reset the case so he could get counsel. That is where we are right now. If that is the case, then we are in good shape as far as the time frames here. Our position, of course, are diametrically opposed to defense counsel and this -- I don't know whether it's an argument necessarily that it's a little bit more convenient to have this thing granted as opposed to denied, but the law is not there in regard to that. And we would ask that you deny that motion.

THE COURT: Very well.

MR. BLAZEK: Do we have a timetable when we are going to find out about the date of conviction? Any idea?

MR. EDWARDS: He's working on it now, Judge.

MR. MATHIS: We've got the subscription to the federal courts. He is going to see if he can just print out the judgment; won't be a certified judgment.

MR. BLAZEK: That's all right. I bet it will tell us the date.

MR. MATHIS: He is trying to pull it.

MR. BLAZEK: Judge, we just ask that you wait until that is part of the record before you rule so we will have a complete record.

THE COURT: I will do that. And we will wait

pending that.

While we have you in court, I am going to ask that we go off the record and ask you gentlemen to approach so we can talk about a couple of other preliminary matters that has to do with administration of the case.

(Discussion off the record)

THE COURT: Back on the record.

Let the record reflect we had a brief conference at the bench dealing the scheduling of matters and the attaining of information, and during that brief recess the document was delivered to Mr. Edwards. Mr. Edwards, would you like to proceed on that?

MR. EDWARDS: Yes, Judge, I'm going to run a couple of copies, but I'm going to tender what appears to be a judgment, United States District Court, Southern District of California, file-stamped by the Clerk of the U.S. District, December 16th, 2011. That would be the date of Mr. Lasker's sentencing. And I would presume sometime after that he was transported to the federal penitentiary; again, don't know the exact date of that.

THE COURT: Very well. Mr. Blazek, do you have any objection to that document?

MR. EDWARDS: Tender that for inspection, copy when we get a chance.

MR. BLAZEK: No objection to State's Number 5.

34

And based on that, we would -- we would ask if the State can stipulate that at the time that the defendant signed and submitted State's Exhibit Number 1, his first Request for Speedy Disposition under the IADA, that he was serving the time in the federal prison at that time.

THE COURT: First then State's 5, Motion -- Exhibit 5 is admitted.

(State's Exhibit No. 5 offered and admitted into evidence)

THE COURT: Mr. Edwards, on that stipulation?

MR. EDWARDS: This is on State's Exhibit Number 1.

MR. BLAZEK: State's Exhibit Number 1.

MR. EDWARDS: Again, the document speaks for itself, appears Mr. Lasker signed it on July the 2nd of 2012, so that would post-date his sentencing.

MR. BLAZEK: In theory, he could have been out on bond on appeal, but stipulate that he was --

MR. EDWARDS: I'll stipulate that he was in custody at that time.

THE COURT: Very well then. That becomes an additional stipulation for the record.

MR. EDWARDS: We will have some copies for you shortly.

THE COURT: Very well then. That appears to

conclude our argument on this. Are there any other matters need to be taken care of today?

MR. EDWARDS: Nothing from the State, Your Honor.

MR. BLAZEK: Nothing from the Defense.

THE COURT: Very well. I do note in the gallery there are a number of people that are interested in this case. Ladies and gentlemen, I appreciate your interest in what is going on. These are significant matters. It is certainly something of note in your lives and I understand that completely.

I do want to let you know that from the Court's perspective, the State of Texas and the Defense are handling matters as expeditiously as they can. That is from my perspective that I see that. And there are complex matters that are being dealt with here. And the scheduling of these matters does appear to take a great deal of time.

For that, I simply apologize to you because these things are not meant to be convoluted in any way. But when we are dealing with the matters of life and death as we are right now, not only of the victims of this alleged offense, but also with Mr. Lasker's life and death, things have to be done right. It is much better to do them correctly than it is to do them quickly.

So I just beg your tolerance as we go through

this process.  I do ask that you continue to stay in contact with the Victim's Witness Coordinator.  And she will endeavor to keep you abreast of what we are doing in this matter.

With that, anything further we need to cover today?

MR. EDWARDS:  Just as a housekeeping matter -- that last document, have I given you a copy, Judge?

THE COURT:  The original will be Number 5.

MR. EDWARDS:  That is what I wanted to do.

THE COURT:  I don't have it yet.

MR. EDWARDS:  Number 5.

THE COURT:  With the admission of Number 5, then we are adjourned for today.  Thank you.

(State's Exhibit No. 5 admitted)

(Proceedings concluded, 9:55 a.m.)

THE STATE OF TEXAS

COUNTY OF WALLER


    I, Robyn S. Wiley, Court Reporter in and for the State

of Texas, do hereby certify that the above and foregoing

contains a true and correct transcription of all portions of

evidence and other proceedings requested by counsel of the

parties to be included in this volume of the Reporter's

record, in the above-styled and numbered cause, all of which

occurred in open court and were reported by me.

    I further certify that the total cost for the

preparation of this Reporter's Record is $774.75 and was paid

by County of Waller.

    WITNESS MY OFFICIAL HAND this the 13th day of June,

2014.





                              /s/ Robyn S. Wiley

                              _____

                              ROBYN S. WILEY, CSR NO. 4629
                              EXPIRATION DATE:  12-31-15
                              OFFICIAL REPORTER FOR WALLER &
                              GRIMES COUNTIES
                              836 AUSTIN, SUITE 307
                              HEMPSTEAD, TEXAS  77445
                              TELEPHONE:  (979) 921-0921

REPORTER'S RECORD

VOLUME 6 OF 6

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
9/9/2014 1:27:49 PM
CHRISTOPHER A. PRINE
Clerk

COURT OF APPEAL CAUSE NO. 01-14-00631-CR
COURT OF APPEAL CAUSE NO. 01-14-00632-CR
COURT OF APPEAL CAUSE NO. 01-14-00632-CR

TRIAL COURT CAUSE NO. 11-01-13703
TRIAL COURT CAUSE NO. 11-01-13704
TRIAL COURT CAUSE NO. 11-01-13705

| | | |
|---|---|---|
| THE STATE OF TEXAS | ) | IN THE DISTRICT COURT |
| | ) | |
| | ) | |
| VS. | ) | 506TH JUDICIAL DISTRICT |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| DOMINIQUE DONTAE LASKER | ) | WALLER COUNTY, TEXAS |
| | ) | |
| _____ | ) | |

-------------------------------------------------

EXHIBIT INDEX

-------------------------------------------------

On the 4th day of June, 2013; 9th day of September, 2013; 4th day of November, 2013; and the 11th day of February, 2014, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Albert M. McCaig, Jr., Judge presiding, held in Hempstead, Waller County, Texas:

Proceedings reported by Machine Shorthand.

Robyn S. Wiley, CSR

APPEARANCES:

 ATTORNEY FOR THE STATE OF TEXAS:

   MR. Elton R. Mathis, Jr.
   Criminal District Attorney
   SBOT#: 24014568
   MR. Frederick Edwards
   SBOT#:  06435100
   645 12th Street
   Hempstead, Texas  77445
   Phone:  979.826.7718


 ATTORNEY FOR THE DEFENDANT:

   MR. FRANK BLAZEK
   SBOT#: 02475500
   SMITHER, MARTIN, HENDERSON & BLAZEK, P.C.
   1414 11th Street
   Huntsville, Texas  77340
   Phone:  936.295.2624
    -and-
   MR. WILLIAM F. CARTER
   Attorney at Law
   SBOT#:  03932800
   108 E. William J. Bryan Parkway
   Bryan, Texas  77803-5334
   Phone:  979.779.0712

E X H I B I T S

| Number | Description | Offered | Admitted | Vol. |
|---|---|---|---|---|
| State's | | | | |
| 1 | Documents | 23 | 23 | 5 |
| 2 | Documents | 23 | 23 | 5 |
| 3 | Letter and Forms | 23 | 23 | 5 |
| 4 | Letter and Forms | 23 | 23 | 5 |
| 5 | Judgment | 34 | 34/36 | 5 |

## NOTICE AND DEMAND TO DISTRICT ATTORNEY/PROSECUTOR
## FOR TRIAL OR DISPOSITION OF WARRANTS, INFORMATIONS, DETAINERS OR
## INDICTMENTS BY FEDERAL PRISONER

TO: Office of District Attorney

'646 6th Street Suite 1

Hempstead TX 77445

FROM: Dominique Dontae Lasker

Reg. No. 22867-298
United States Penitentiary
Victorville FCC
PO Box XXXX 3900
Adelanto, CA 92301

Dear Sir/Madam:

1. I have been informed that I have the following outstanding warrant(s), indictment(s), or complaint(s) under the following case numbers, issuing from your jurisdiction:

| | |
|---|---|
| Capital Murder Charge | # 11-01-13703 979-826-8282 |
| Capital Murder Charge | # 11-01-13704 979-826-8282 |
| Capital Murder Charge | # 11-01-13705 979-826-8282 |
| | # |

2. I am presently a federal prisoner in the custody of the United States Attorney General, incarcerated at the Victorville Federal Correctional Complex, located in Adelanto, California.

3. I was sentenced in the United States District Court for the __Southern__ District of __California__, to a term of __121__ months. My current projected release date from federal custody is __August__, __13__, 20 __19__, as found in the attached BOP documentation (see Sentence Monitoring/Data Computation printout).

4. The outstanding charges pending from this jurisdiction adversely affect the conditions of my incarceration, and do not allow my participation in certain rehabilitative programs. I remain in a higher security classification category and the delay in prosecution prejudices my defense against these outstanding charges.

5. I have provided this communication to invoke the statutes, rules and procedures of this State for speedy trial and disposition of untried warrants, indictments and complaints. Based upon these provisions I would demand a speedy trial or disposition within one-hundred and twenty (120) days, on any and all criminal actions in your jurisdiction and/or alternatively, that you submit request for temporary custody to the federal bureau of prison authorities, pursuant to the requirements of applicable statutes for Interstate Agreement on Detainers ("IAD").

Cordially,

Dated: __2012 / 07 / 2__

_____ , _____,
WITNESS-PRISON STAFF MEMBER

Authorized by the Act of July 7, 1955, as amended, to administer oaths (18 U.S.C. § 4004)

REQUESTOR
Mr. Dominique Dontae Lasker

COPIES: ORIGINAL TO DISTRICT ATTORNEY, COPIES FOR YOUR OWN RECORDS TO BE USED WITH REQUEST TO COURT FOR DISMISSAL. ALSO: INCLUDE DOCUMENTATION FROM THE CASE REGARDING THE WARRANT/DETAINER AND IF POSSIBLE YOUR SENTENCE MONITORING/DATA COMPUTATION PRINTOUT SHOWING YOUR PROJECTED RELEASE DATE

VIP Law Library Forms/NoticeSpeedyTrial-Detainer (Rev 9/11)

EXHIBIT
St. 1

IN THE __District__ COURT OF __Waller__ COUNTY

FOR THE STATE OF __Texas__ [ 506 District]

| | | |
|---|---|---|
| Waller County Sheriffs, | ) | NOTICE OF PLACE OF IMPRISONMENT AND |
| Plaintiff, | ) | REQUEST FOR SPEEDY TRIAL AND FINAL |
| | ) | DISPOSITION...Pursuant to ......... |
| v. | ) | ( Tex.Code Crim.Proc. Ann.Art. 51.14 ) |
| | ) | ( Constitution, Art. VI, § 10 ) |
| | ) | |
| Dominique Dontae Lasker, | ) | CASE NO. 11-01-13703 979-826-8282 |
| Defendant. | ) | 11-01-13704 979-826-8282 |
| | | 11-01-13705 979-826-8282 |

Notice is hereby given that the above-named Defendant, __Dominique Dontae Lasker__, is currently a federal prisoner in the custody of the United States Attorney General, and is incarcerated at the Victorville Federal Correctional Complex located in Adelanto, California. Defendant would further show:

1. The defendant is serving an approximate term of __121__ months of imprisonment from a judgment imposed by the United District Court for the __Southern__ District of __California__, on __December__, __16__, __2011__. Defendant has a projected release date from federal custody on __August__, __13__, 20 __19__. (see attached sentencing computation/data sheet).

2. The defendant has been advised that there are, or may be, outstanding citations, warrants, informations, charges, and/or complaints pending in this jurisdiction. Specifically:

1). Capital Murder Charges...Warrant # 11-01-13703 979-826-8282

2). Capital Murder Charges...Warrant # 11-01-13704 979-826-8282

3). Capital Murder Charges...Warrant # 11-01-13705 979-826-8282 .

3. The defendant moves this Court to order he be brought for trial, and that prosecuting authorities arrange temporary custody under the appropriate provisions for Interstate Agreement on Detainers. The Defendant further requests in an absence of availability of trial, an *in abstentia* resolution be arranged.

4. This Motion is based upon the Defendant's Sixth Amendment speedy trial guarentee that is binding on the states through the Due Process Clause of the Fourteenth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 222-223 (1967). A state is responsible for a defendant's speedy trial rights, even where a defendant is held in federal prison. see: *Smith v Hooey*, 393 U.S. 374 (1969). This notice would further trigger defendant's request under the Interstate Agreement on Detainers. see: *Fex v. Michigan*, 507 U.S. 43, 113 S.Ct. 1088, 122 L.Ed.2d 406 (1993).

WHEREFORE, the defendant prays that the Court initiate all needed and necessary orders and actions required to resolve this matter by trial or settlement *in abstentia*, including an order for the district attorney/prosecutor to seek temporary custody from federal authorities under IAD provisions, and the dismissal of any outstanding citations, warrants, informations, charges, and/or complaints, presently pending in this jurisdiction, within a reasonable period of time not to exceed 120 days.

Respectfully Submitted,

Dated: 2012/07/03

Dominique Dontae Lasker
Reg. No. 22867-298
United States Penitentiary
Victorville FCC
PO Box ~~5300~~ 3900
Adelanto, CA 92031

## CERTIFCATE OF SERVICE

I hereby certify that a copy of this document was mailed to the office of the district attorney/prosecutor for this jurisdiction, addressed as below.:

District Attorney
846 6th Street Suite 1
Hempstead TX, 77445

Date: 2012/07/3

Mr. Dominique Dontae Lasker

2

# CERTIFICATE OF SERVICE

I, ___Dominique Dontae Lasker___ , hereby certify that I have served a true and complete copy of the following: Notice of place of imprisonment and request for speedy trial and final disposition...pursuant to: Tex. Code. Crim. Proc. Ann. Art. 51.14, and Tex. Constitution, Art. VI, § 10

By placing the same in the care and custody of prison officials of the United States Penitentiary, Victorville USP/FCC, at Adelanto, California, on this 16 day of ___January___ , 20 12 , with sufficient postage affixed. It would be noted that this service would be deemed filed at the time it was delivered to prison authorities for forwarding to the court. see: *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). This service was addressed to the following party or parties:

1). District Court, 506th District
Attn: Patricia Spadachene, District Clerk
Waller County Courthouse
836 Austin Ct., Room 318
Heapstead, TX 77445-4673

2). District Attorney/Prosecutors OFFICE FOR WALLER COUNTY

___846 6th Street Suite 1___
___Hempstead TX, 77445___

Dominique Dontae Lasker
Reg. No. 22867-298
United States Penitentiary
Victorville FCC
PO Box 5300
Adelanto, CA 92301

```
VIPC3  540*23  *           SENTENCE MONITORING          *      04-04-2012
PAGE 001          *           COMPUTATION DATA            *      15:38:24
                                 AS OF 04-04-2012

REGNO..: 22867-298 NAME: LASKER, DOMINIQUE DONTAE


FBI NO...........: 201461KD5          DATE OF BIRTH: 03-21-1984
ARS1.............: VIP/A-DES
UNIT.............: 6 A                 QUARTERS.....: F61-119L
DETAINERS........: YES                 NOTIFICATIONS: NO

HOME DETENTION ELIGIBILITY DATE: 02-13-2019

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE: 08-13-2019 VIA GCT REL


---------------------CURRENT JUDGMENT/WARRANT NO: 010 ----------------------

COURT OF JURISDICTION...........: CALIFORNIA, SOUTHERN DISTRICT
DOCKET NUMBER...................: 10CR4732-DMS
JUDGE...........................: SABRAW
DATE SENTENCED/PROBATION IMPOSED: 12-16-2011
DATE COMMITTED..................: 01-12-2012
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

              FELONY ASSESS   MISDMNR ASSESS   FINES        COSTS
NON-COMMITTED.: $200.00       $00.00           $00.00       $00.00

RESTITUTION...: PROPERTY: YES SERVICES:  NO       AMOUNT: $2,714.50

----------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....: 551
OFF/CHG: 18:2113(A),(D) AND 18:2 ARMED BANK ROBBERY AND AIDING AND
         ABETTING.(CT.1)

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:   37 MONTHS
 TERM OF SUPERVISION............:    3 YEARS
 DATE OF OFFENSE................: 10-30-2010




G0002     MORE PAGES TO FOLLOW . . .
```

Mr. Dominique Dontae Lasker
Fed. Reg. 22867-298
United States Penitentiary Victorville
P.O. BOX. 3900
ADELANTO, CA. 92301

"Legal Mail"

District Attorney/Prosecutors Office
For Waller County

846 6th Street Suite 1
Hemostead TX, 77445

DISA     773   5E  1 N   C 22  07/16/12
UNABLE  TO FORWARD/FOR REVIEW
                                    **нинин**

BC:  77445540246 DU *2804-12515-11-39

7744554024E
77445 05402

Mr. Dominique Dontae Lasker
Fed. Reg. 22867-298
United States Penitentiary Victorville
P.O. BOX. 3900
ADELANTO, CA. 92301

"Legal Mail"

District Attorney/Prosecutors Office
For Waller County

846 6th Street Suite 1

Hemostead TX. 77445

DISA        773   5E 1 N  C 22 07/16/12
UNABLE TO FORWARD/FOR REVIEW
**#####**

BC: 7744554024 6 DU *2804-12515-11-39

7744554024 6
77445 05 402

| | | | | | |
|---|---|---|---|---|---|
| Date/Time | 01-09-2013 | 04:06:37 p.m. | Transmit Header Text | WALLER CNTY D.A. MATHIS OFFICE |
| Local ID 1 | 9798267722 | | Local Name 1 | WALLER CNTY. DA OFFICE |
| Local ID 2 | | | Local Name 2 | |

## This document : Confirmed
### (reduced sample and details below)
### Document size : 8.5"x11"



645 12th Street
Hempstead, Texas 77445

# Elton R. Mathis
Criminal District Attorney
Waller County

(979) 826-7718
(979) 826-7722 Fax

January 2, 2013

Warden
United States Penitentiary
Victorville FCC,
P.O. Box 3900
Adelanto, California 92301

In Re: Inmate DOMINIGUE DONTAE LASKER, 22867-289
Request for Temporary Custody (IAD Form V)

Dear Warden,

Please find our county's request for temporary custody so that Inmate Dominque Dontae Lasker may stand trial for Capital Murder in Waller County, Texas.

I have attached certified copies of the indictments and warrants in this matter. There are no fingerprints or photographs because the Defendant fled our jurisdiction before arrest. He was however interviewed by Texas Rangers there in California.

If there is anything more that is needed to facilitate this temporary transfer, please let me know.

Best Regards,

Frederick A. Edwards
First Assistant District Attorney
Waller County, Texas

EXHIBIT
st 2

Total Pages Scanned : 8        Total Pages Confirmed : 8

| No. | Job | Remote Station | Start Time | Duration | Pages | Line | Mode | Job Type | Results |
|---|---|---|---|---|---|---|---|---|---|
| 001 | 578 | 7605305750 | 04:04:15 p.m. 01-09-2013 | 00:01:41 | 8/8 | 1 | EC | HS | CP24000 |

Abbreviations:
| | | | |
|---|---|---|---|
| HS: Host send | PL: Polled local | MP: Mailbox print | TU: Terminated by user |
| HR: Host receive | PR: Polled remote | CP: Completed | TS: Terminated by system | G3: Group 3 |
| WS: Waiting send | MS: Mailbox save | FA: Fail | RP: Report | EC: Error Correct |





645 12th Street
Hempstead, Texas 77445

# Elton R. Mathis
Criminal District Attorney
Waller County

(979) 826-7718
(979) 826-7722 Fax

January 2, 2013

Warden
United States Penitentiary
Victorville FCC,
P.O. Box 3900
Adelanto, California 92301

        In Re: Inmate DOMINIGUE DONTAE LASKER, 22867-289
               Request for Temporary Custody (IAD Form V)

Dear Warden,

Please find our county's request for temporary custody so that Inmate Dominque Dontae Lasker may stand trial for Capital Murder in Waller County, Texas.

I have attached certified copies of the indictments and warrants in this matter. There are no fingerprints or photographs because the Defendant fled our jurisdiction before arrest. He was however interviewed by Texas Rangers there in California.

If there is anything more that is needed to facilitate this temporary transfer, please let me know.

Best Regards,

Frederick A. Edwards
First Assistant District Attorney
Waller County, Texas

BP-S568.051 **IAD FORM V - REQUEST FOR TEMPORARY CUSTODY** CDFRM AMARILLO FEB 94

**U.S. DEPARTMENT OF JUSTICE** **FEDERAL BUREAU OF PRISONS**

Six copies. Signed copies must be sent to the prisoner and to the official who has the prisoner in custody. A copy should be sent to the Agreement Administrator of both the sending and the receiving state. Copies should be retained by the person filing the request and the judge who signs the request. Prior to transfer under this Agreement, an Inmate may be afforded a judicial hearing (Cuyler) similar to that provided under the Uniform Extradition Act, in which the inmate may bring a limited challenge to the receiving state's request.

### Request for Temporary custody

To: (Warden-Superintendent-Director) - Institution and Address
United States Penitentiary, Victorville FCC., P.O. Box 3900, Adelanto, CA 92301

Please be advised that (Name of Inmate) DOMINIQUE DONTAE LASKER 22867-298, who is presently an inmate of your institution, is under [indicate appropriate] (indictment) (information) (complaint) in the (Jurisdiction) 506th District Ct. Waller County Texas, of which I am the (Title of Prosecuting Officer) District Attorney . Said inmate is therein charged with the offense(s) enumerated below:

#### Offense(s)

① Capital Murder 11-01-13 703, ② Capital Murder 11-01-13 704, ③ Capital Murder 11-01-13

I propose to bring this person to trial on this [indicate appropriate] (indictment) (information) (complaint) within the time specified in Article IV(c) of the Agreement.

In order that proceedings in this matter may be properly had, I hereby request temporary custody of such persons pursuant to Article IV(a) of the Agreement on Detainers.

Attached herewith find in triplicate:
a. Certified copies of the complaint, information or indictment
b. Certified copies of the warrant
c. Certified copies of fingerprints, photographs or physical description

I hereby agree that immediately after trial is completed in this jurisdiction, I will return the prisoner directly to you or allow any jurisdiction you have designated to take temporary custody. I agree also to complete Form IX, The Notice of Disposition of a Detainer, immediately after trial.

| Printed Name and Signature Elton R. Mathis | Title Criminal District Attorney | Date Nov 26, 2012 |
|---|---|---|

| Address: 645 12th Street | City/State: Hempstead, Texas 77445 | Telephone No.: 979-826-7718 |
|---|---|---|

I hereby certify that the person whose signature appears above is an appropriate officer within the meaning of Article IV(a) and that the facts recited in this request for temporary custody are correct and that having duly recorded said request, I hereby transmit it for action in accordance with its term and the provisions of the Agreement on Detainers.

| Judge's Printed Name and Signature Albert M. McCaig | Date Nov 26, 2012 |
|---|---|

| Court 506th Judicial District Court | Judicial District 506th |
|---|---|

| City/State Hempstead, Waller County, Texas | Telephone No. 979-826-0921 |
|---|---|

(This form may be replicated via WP)

Albert M. McCaig, Jr.
Judge, 506th Judicial District Court
Waller and Grimes Counties, Texas

NO. _11-01-5735_

THE STATE OF TEXAS

VS.

DOMINIQUE DONTAE LASKER
B/M                  DOB:  03/21/1984

Charge: CAPITAL MURDER
Section: 19.03
Degree: CAPITAL FELONY

IN THE DISTRICT COURT OF

WALLER COUNTY, TEXAS

506th JUDICIAL DISTRICT

Filed
AT _1:05_ O'Clock _P_ M
_1-27-11_
BY
DEPUTY
PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS

## INDICTMENT

**IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS;**

The Grand Jury for the County of Waller and the State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the January term, A.D. 2011 of the 506th Judicial District Court of said County, upon their oaths present in and to said Court at said term that DOMINIQUE DONTAE LASKER, hereinafter styled Defendant, on or about the 11TH day of MARCH, 2010, and before the presentment of this indictment, in Waller County, Texas, did then and there intentionally or knowingly cause the death of an individual, namely, Stanley Ray Jackson, by shooting Stanley Ray Jackson with a firearm, and did then and there intentionally or knowingly cause the death of another individual, namely, Janella Edwards, by shooting Janella Edwards with a firearm, and both murders were committed during the same criminal transaction.

The Grand Jury for the County of Waller and the State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the January term, A.D. 2011 of the 506th Judicial District Court of said County, upon their oaths present in and to said Court at said term that DOMINIQUE DONTAE LASKER, hereinafter styled Defendant, on or about the 11TH day of MARCH, 2010, and before the presentment of this indictment, in Waller County, Texas, did then and there intentionally cause the death of an individual, namely, Stanley Ray Jackson, by shooting Stanley Ray Jackson with a firearm, and the defendant was then and there in the course of committing or attempting to commit the offense of robbery of Stanley Ray Jackson.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_Paul A Wood_
Foreman of the Grand Jury

Cause No. 11-01-13703

THE STATE OF TEXAS                          IN THE DISTRICT COURT OF

VS.                                         WALLER COUNTY, TEXAS

DOMINIQUE DONTAE LASKER                          506TH JUDICIAL
DISTRICT
Black/Male    DOB: 03/21/84
                        CAPIAS INSTANTER

TO ANY PEACE OFFICER OF THE STATE OF TEXAS - GREETINGS:

YOU ARE HEREBY COMMANDED to arrest DOMINIQUE DONTAE LASKER and him safely keep so that you have him/her before the Honorable 506TH District Court of Waller County, Texas, at the Courthouse of said County, in Hempstead, Texas, instanter, then and there to answer the State of Texas upon an indictment pending in said Court, changing him with CAPITAL MURDER MULTIPLE, a felony.

HEREIN FAIL NOT, but make due return hereof to this Court forthwith, showing how you have executed the same.

Witness my hand and seal of office, at Hempstead, Texas, this 27th day of January, 2011.

PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS
BY:  *Fran Haggard*
                                    Fran Haggard, Deputy

SHERIFF'S RETURN

CAME TO HAND the _____ day of _____, _____, at _____ o'clock ____.m., and executed by arresting _____
At _____, in _____ County, Texas, and placing him/her in the Waller County Jail on the _____ day of _____, _____.

I actually and necessarily traveled _____ miles in the service of this writ, in addition to any other mileage I may have traveled in the service of other process in this case during the same trip.

FEES: Making Arrest           _____ , Sheriff
      Mileage _____ miles    _____ County, Texas
      Taking Bond             _____
      Commitment              By: _____
                                  Deputy

NO. *11-01-13704*

| | |
|---|---|
| THE STATE OF TEXAS | IN THE DISTRICT COURT OF |
| VS. | WALLER COUNTY, TEXAS |
| DOMINIQUE DONTAE LASKER | *506th* JUDICIAL DISTRICT |
| B/M         DOB: 03/21/1984 | |

Charge: MURDER
Section: 19.02
Degree: FIRST DEGREE FELONY

## INDICTMENT

**IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS;**

The Grand Jury for the County of Waller and the State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the January term, A.D. 2011 of the 506th Judicial District Court of said County, upon their oaths present in and to said Court at said term that DOMINIQUE DONTAE LASKER, hereinafter styled Defendant, on or about the 11TH day of MARCH, 2010, and before the presentment of this indictment, in Waller County, Texas, did then and there intentionally or knowingly cause the death of an individual, namely, Stanley Ray Jackson, by shooting Stanley Ray Jackson with a firearm.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Foreman of the Grand Jury

Filed
AT _1.05_ O'Clock _P_ M
1-27-11
PATRICIA JAMES SPADACHERNE
WALLER COUNTY, TEXAS
BY
DEPUTY

Cause No. 11-01-13704

THE STATE OF TEXAS

VS.

DOMINIQUE DONTAE LASKER
DISTRICT
Black/Male   DOB: 03/21/84

IN THE DISTRICT COURT OF

WALLER COUNTY, TEXAS

506TH JUDICIAL

CAPIAS INSTANTER

TO ANY PEACE OFFICER OF THE STATE OF TEXAS - GREETINGS:

YOU ARE HEREBY COMMANDED to arrest DOMINIQUE DONTAE LASKER and him safely keep so that you have him/her before the Honorable 506TH District Court of Waller County, Texas, at the Courthouse of said County, in Hempstead, Texas, instanter, then and there to answer the State of Texas upon an indictment pending in said Court, changing him with MURDER, a felony.

HEREIN FAIL NOT, but make due return hereof to this Court forthwith, showing how you have executed the same.

Witness my hand and seal of office, at Hempstead, Texas, this 27th day of January, 2011.

PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS
BY: _E. Haggard_
Fran Haggard, Deputy

SHERIFF'S RETURN

CAME TO HAND the _____ day of _____, _____, at _____ o'clock ____.m., and executed by arresting _____
At _____, in _____ County, Texas, and placing him/her in the Waller County Jail on the _____ day of _____,
_____.

I actually and necessarily traveled _____ miles in the service of this writ, in addition to any other mileage I may have traveled in the service of other process in this case during the same trip.

FEES: Making Arrest _____ , Sheriff
      Mileage _____ miles _____ County, Texas
      Taking Bond _____
      Commitment By: _____
                    Deputy

NO. 11-01-13705

THE STATE OF TEXAS

VS.

DOMINIQUE DONTAE LASKER
B/M            DOB: 03/21/1984

Charge: MURDER
Section: 19.02
Degree: FIRST DEGREE FELONY

IN THE DISTRICT COURT OF

WALLER COUNTY, TEXAS

506th JUDICIAL DISTRICT

Filed
AT 1:05 O'Clock P M
PATRICIA JAMES SPADACHENE
WALLER COUNTY, TEXAS
BY
DEPUTY
1-27-11

## INDICTMENT

**IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS;**

The Grand Jury for the County of Waller and the State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the January term, A.D. 2011 of the 506th Judicial District Court of said County, upon their oaths present in and to said Court at said term that DOMINIQUE DONTAE LASKER, hereinafter styled Defendant, on or about the 11TH day of MARCH, 2010, and before the presentment of this indictment, in Waller County, Texas, did then and there intentionally or knowingly cause the death of an individual, namely, Janella Edwards, by shooting Janella Edwards with a firearm.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Foreman of the Grand Jury

Cause No. 11-01-13705

THE STATE OF TEXAS                IN THE DISTRICT COURT OF

VS.                                  WALLER COUNTY, TEXAS

DOMINIQUE DONTAE LASKER        506TH JUDICIAL
DISTRICT
Black/Male   DOB: 03/21/84

CAPIAS INSTANTER

TO ANY PEACE OFFICER OF THE STATE OF TEXAS - GREETINGS:

      YOU ARE HEREBY COMMANDED to arrest DOMINIQUE DONTAE LASKER and him safely keep so that you have him/her before the Honorable 506TH District Court of Waller County, Texas, at the Courthouse of said County, in Hempstead, Texas, instanter, then and there to answer the State of Texas upon an indictment pending in said Court, changing him with MURDER, a felony.

      HEREIN FAIL NOT, but make due return hereof to this Court forthwith, showing how you have executed the same.

      Witness my hand and seal of office, at Hempstead, Texas, this 27th day of January, 2011.

                        PATRICIA JAMES SPADACHENE
                        WALLER COUNTY, TEXAS
                        BY: _Fran Haggard_____
                             Fran Haggard, Deputy

SHERIFF'S RETURN

      CAME TO HAND the _____ day of _____, _____, at _____ o'clock _____.m., and executed by arresting _____
At _____, in _____ County, Texas, and placing him/her in the Waller County Jail on the _____ day of _____, _____.

      I actually and necessarily traveled _____ miles in the service of this writ, in addition to any other mileage I may have traveled in the service of other process in this case during the same trip.

FEES: Making Arrest          _____ , Sheriff
      Mileage _____ miles         _____ County, Texas
      Taking Bond               _____
      Commitment              By: _____
                                 Deputy

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

ADELANTO CA 92301

| | | |
|---|---|---|
| Postage | $ $2.70 | 0445 |
| Certified Fee | 2.95 | 05 |
| Return Reciept Fee (Endorsement Required) | 2.35 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $8.00 | 01/10/2013 |

Sent To Warden, U.S. Penitentiary
Victorville FCC
Street, Apt. No.; or PO Box No. P.O. Box 3900
City, State, ZIP+4 Adelanto, CA 92301

PS Form 3800, June 2002    See Reverse for Instructions

7002 3150 0000 3033 7161

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Warden, U.S. Penitentiary
Victorville FCC
P.O. Box 3900
Adelanto, CA 92301

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____    ☐ Agent
                      ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered         ☐ Return Receipt for Merchandise
   ☐ Insured Mail       ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7002 3150 0000 3033 7161

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540



645 12th Street
Hempstead, Texas 77445

# Elton R. Mathis
Criminal District Attorney
Waller County

(979) 826-7718
(979) 826-7722 Fax

May 1, 2013

Ms. Linda T. McGrew
Warden, FCC-USP
c/o Correctional Officer J. Kaawaloa
P.O. Box 5400
Victorsville, CA 92301

RE:    Dominique Lasker, 22867-298

Dear Warden McGrew:

Please find enclosed IAD Form VI signed by the Texas IAD Administrator. I believe this was the last form needed to effectuate the transfer of Dominique Lasker into Texas custody. Please do not hesitate to contact me with any questions or concerns you may have, and let Chief Deputy Joe Hester at the Waller County Sheriff's Office (979-826-8282) know when Mr. Lasker is ready for transport. Thank you for your help in these matters.

Sincerely yours,

Elton R. Mathis
Waller County District Attorney

Enc.

Cc:    R. Glenn Smith
Waller County Sheriff



EXHIBIT
St 3

BP-A0564
APR 10

# IAD FORM VI - EVIDENCE OF AGENT'S AUTHORITY CDFRM

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

Five copies. All copies, with original signatures by the Prosecutor and the Agents, should be sent to the Administrator in the RECEIVING State. After signing all copies, the Administrator should retain one copy for his file, send one copy to the Warden, Superintendent or Director of the Institution in which the prisoner is located and return two copies to the Prosecutor who will give one to the Agents for use in establishing their authority and place one in his file. One copy should also be forwarded to the Agreement Administrator in the sending file.

### Evidence of Agent's Authority to Act for Receiving State

To: (Administrator and Address)  FCC-USP
Linda T. McGrew, Warden   P.O. Box 5400
Victorville, CA 92301

| Inmate (Name and Register No.) | is confined in (Institution and address) |
|---|---|
| Lasker, Dominique Dontae 22867-298 | FCC Victorville Complex - USP P.O. Box 5400 Adelanto, CA 92301 |

and will be taken into custody at said Institution on (date) _____ for return to the County of _____WALLER_____, State of _____TEXAS_____ for trial. In accordance with Article V(b), of said Agreement, I have designated:

Agent's Name and Department Represented

_Samuel Maxwell_   Waller Co. Sheriff's Office

Agent's Name and Department Represented

_JAMES WATSON_   Waller Co. Sheriff's Office

Agent's Name and Department Represented

_Byron Fausset_   Waller Co. Sheriff's Office

whose signatures appear below as Agents to return the prisoner.
(Agent's Signature)                          (Agent's Signature)

_SEE ABOVE_

| Dated | Prosecuting Official's Signature |
|---|---|
| 2-5-2013 | Elton R. Mathis Waller Co. D.A. |

a. Title - Waller Co. D.A.                   d. City/State - Hempstead, TX 774
b. County - Waller                           e. Telephone No -
c. Address - 645 12th Street                                 979 826-7718

---

## Evidence of Agent's Authority Continued

To: (Warden-Superintendent-Director)

Linda T. McCraw, Warden

In accordance with the above representations and the provisions of the Agreement on Detainers, the persons listed above are hereby designated as Agents for the State of ___TEXAS___ to return (Inmate's Name and Register No.) LASKER, DOMINIQUE DONTAE 22867-298 to the county of ___WALLER___, State of ___TEXAS___, for trial.

At the completion of the trial (Inmate) LASKER, DOMINIQUE DONTAE 22867-298 shall be returned to the (Institution and Address):

FCC Victorville Complex - USP
P.O. Box 5400
Adelanto, CA 92301

| Dated | Detainer Administrator's Signature |
|-------|-------------------------------------|
| 4-26-13 | Jon M White |

a. Name - T.D.C.J.                      c. City/State   Huntsville, Texas 77342
b. Address P.O. Box 99                  d. Telephone No.  936-437-6484

PDF                          Prescribed by P5875

2

PAGE 04/04            RECORDS            7605305758   10:40   04/08/2013

PLACE S...
OF THE RETURN ADDRESS FOLD AT...

**CERTIFIED MAIL**

TEX

Cla:
Det:
P.O
Hun

7011 0470 0001 6549 2771

Waller County
District Attorney
645 12th Street
Hempstead, Texas 77445
Attn: Elton R. mathis

77445▮4445

MAY - 1 2013



U.S. Department of Justice

Federal Bureau of Prisons

Federal Correctional Complex
Victorville, California

January 31, 2013

Office of the District Attorney

Elton R. Mathis, Criminal District Attorney
Waller County
506th Judicial District
645 12th Street
Hempstead, Texas 77445

Re: Lasker, Dominique Dontae
    Register Number 22867-289280
    STATE CASE/REFERENCE NO. 11-01-13703; 11-01-13704; 11-01-13705

Dear Mr. Mathis:

In response to your request for temporary custody pursuant to the Interstate Agreement on Detainers Act (IADA), applicable forms are enclosed.

Please be advised subject has been notified of your request and has been afforded a 30-day period in which to contact the Warden of this institution as to any reasons why he should not be produced in your State pursuant to the Agreement.

X The inmate has waived this 30-day period. You may contact this facility directly to arrange for temporary custody.

___ The inmate has elected this 30-day period, provided under Article IV(a), which expires on (___DATE__). Any court proceedings must occur after this date.

Please remit to this office the original completed Form VI, "Evidence of Agent's Authority to Act for Receiving State" (BP-A564) and originals of the IAD Form V (BP-568) and IAD FormVI (BP-565). The persons designated as agents to return the prisoner to your State must also be the persons whose signatures appear on the Form VI. Naming alternative agents would be advisable in case your primary agents cannot make the trip. The alternate agents' signatures should also appear on the Form VI. Also be advised that the designated agents must have in their possession a copy of the warrant when assuming custody of the prisoner.

EXHIBIT
St. 4

Exhibit

Page Two
RE: Lasker, Dominique Dontae
    Register No. 22867-289

Inmates who are temporarily transferred pursuant to the IAD remain
under the primary jurisdiction of Federal authorities.  Should you
accept temporary custody of this inmate, we wish to remind you that
under Article V(e) of the IADA, you are required to return the above-
named inmate to this institution after prosecution on all pending
charges.

While this inmate is in your temporary custody, he/she will be held in
a suitable jail that meets the level of security required by the Bureau
of Prisons.  In addition, security requirements for the inmate must
be met.  Two law enforcement escort officers, handcuffs, martin chains
and leg irons are required.  Contract Guard Services are not allowed.

Any problems associated with this inmate must be reported to the
individual listed below.  This inmate may not be released on bail or
bond or any other agency while in your custody.  Additionally, this
inmate is not to be committed to a state correctional institution for
service of any state sentence(s) that may be imposed because of your
prosecution.

To help us with processing, please fill out the enclosed certification
form and return to us before scheduling a date for assuming custody.
Before making scheduling arrangements, please contact this individual
below to ensure all required paperwork and approvals have been met.

If you have any questions on this matter, please call: D.
Wren, Supervisory Correctional Systems Specialist at 760-530-
5748.

                              Sincerely

                              Linda T. McGrew, Warden

                              /s/ D.
                              Wren, SCSS


Enclosures:  BP-Forms A235, A236, A238, A239
             BP-A565, IAD/State Writ - Prosecutor's Certification Form

cc:  Clerk of Court
     State IADA Administrator

 

BP-S235(51)  IAD -NOTICE OF UNTRIED INDICTMENT

U.S. DEPARTMENT OF JUSTICE                          FEDERAL BUREAU OF PRISONS

| INMATE NAME: | REGISTER NUMBER: | INSTITUTION: |
|---|---|---|
| LASKER, DOMINIQUE DONTAE | 22867-298 | FCC VICTORVILLE COMPLEX |

Pursuant to the Interstate Agreement on Detainers Act, you are hereby informed that the following are the untried indictments, information, or complaints against you concerning which the undersigned has knowledge, and the source and contents of each:  **WALLER COUNTY SHERIFF'S OFFICE. CAPITOL MURDER CAUSE #11-01-13703, 11-01-13704 AND 11-01-13705.**

You are hereby further advised that the provisions of said Agreement you have the right to request the appropriate prosecuting officer of the jurisdiction in which any such indictment, information or complaint is pending and the appropriate court that a final disposition be made thereof.  You shall then be brought to trial within 180 days, unless extended pursuant to provisions of the Agreement, after you have caused to be delivered to said prosecuting officer and said court written notice of the place of your imprisonment and your said request, together with a certificate of the custodial authority as more fully set forth in said Agreement. However, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

Your request for final disposition will operate as a request for final disposition of all untried indictments, information or complaints on the basis of which detainers have been lodged against you from the state to whose prosecuting official your request for final disposition is specifically directed.  Your request will also be deemed to be a waiver of extradition with respect to any charge or proceedings contemplated thereby or there imposed upon you, after completion of your term of imprisonment in this state.  Your request will also constitute a consent by you to the production of your body in any court where your presence may be required in order to effectuate the purposes of the Agreement on Detainer and a further consent voluntarily to be returned to the institution in which you are now confined.

Should you desire such a request for final disposition of any untried indictment, information or complaint, you are to notify the Inmate Systems Manager of the institution in which you are now confined.

You are also advised that under provisions of said Agreement the prosecuting officer of a jurisdiction in which any such indictment, information or complaint is pending may oppose the request that you be delivered to such prosecuting officer or court.  You may request the Warden to disapprove any such request for your temporary custody but you cannot oppose delivery on the ground that the Warden has not affirmatively consented to or ordered such delivery.

| DATE: | NAME AND TITLE OF CUSTODIAL AUTHORITY | Linda T. McGrew, Complex Warden |
|---|---|---|
| August 31, 2012 | Charles E Samuels Jr. Director, Bureau of Prisons | BY: D. Wren, Correctional Systems Specialist |

| DATED: | INMATE SIGNATURE |
|---|---|
| 2012/09/27 | |

Original   Inmate
Copy:      J&C File
           Central file

BP-S236.051 IAD – PLACEMENT OF IMPRISONMENT  CDFRM

FEB 94
U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

| To: Prosecuting Officer ELTON R. MATHIS | Jurisdiction: WALLER COUNTY, TX |
|---|---|
| Court: 506th JUDICIAL DISTRICT | Jurisdiction: WALLER COUNTY, TX |

And to all other prosecuting officers and courts of jurisdiction listed below from which indictments, information or complaints are pending, you are hereby notified that the undersigned is now imprisoned in:

Institution:

Federal Correctional Complex - United States Penitentiary P.O. Box 5400, Victorville, CA 92301

And I hereby request that a final disposition be made of the following indictments, information or complaints now pending against me:      WARRANT No. 11-01-13703, 11-01-13704 and 11-01-13705
CAPITAL MURDER SECTION: 19.03 DEGREE: CAPITAL FELONY

Failure to take action in accordance with the Interstate Agreement on Detainers Act, to which your state is committed by Law, will result in the invalidation of the indictments, information or complaints.

I hereby agree that this request will operate as a request for final disposition of all untried indictments, information or complaints on the basis of which detainers have been lodged against me from your state. I also agree that this request shall be deemed to be my waiver of extradition with respect to any charge or proceedings contemplated hereby or included herein, and a waiver of extradition to your state to serve any sentence there imposed upon me, after completion of my term of imprisonment in this state. I also agree that this request shall constitute a consent by me to the production of my body in any court where my presence may be required in order to effectuate the purposes of the Interstate Agreement on Detainers Act and a further consent voluntarily to be returned to the institution in which I now am confined.

If jurisdiction over this matter is properly in another agency, court or officer, please designate the proper agency, court or officer and return this form to the sender.

Forms BP-S238(51), Certificate of Inmate Status, and BP-S239(51), Offer of To Deliver Temporary Custody, are attached.
Dated:

| | Inmate's Name and Register No.: |
|---|---|
| January 30, 2013 | LASKER, DOMINIQUE DONTAE Federal Register: 22867-298 |

The inmate must indicate below whether he has counsel or wishes the court in the receiving state to appoint counsel for purposes of any proceedings preliminary to trial in the receiving state which may take place before his delivery to the jurisdiction in which the indictment, information or complaint is pending. Failure to list the name and address of counsel will be construed to indicate the Inmate's consent to the appointment of counsel by the appropriate court in the receiving state.

| A.  My Counsel is (give name) | Address is: (Street, City, State, Zip Code) |
|---|---|
| | |

B.  I request the Court to appoint Counsel. (Inmate's Signature)

BP-S238.051 IAD – CERTIFICATE OF INMATE STATUS   CDFRM
February 19 94
U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

| Inmate's Name: LASKER, DOMINIQUE DONTAE | Register No.: 22867-298 | Institution: FCC VICTORVILLE COMPLEX |
|---|---|---|

Institution Address: **Federal Correctional Complex, P.O. BOX 5400 Adelanto, CA 92301**

The (Custodial Authority) hereby certifies:

1. The term of commitment under which the prisoner above named is being held:
   **121 MONTHS**

2. The Time Already Served:     **1 YEAR 3 MONTHS 4 DAYS**

3. Time Remaining to be Served on the Sentence:   **6 YEARS 6 MONTHS 15 DAYS**

4. The Amount of Good Time Earned: 108

5. The Date of Parole Eligibility of the Prisoner:

6. The decisions of the U.S. Parole Commission relating to the Prisoner:

7. Maximum expiration date under present sentence: **11-29-2020**

Detainers currently on file against this inmate from your state are as follows:
   **WARRANT No. 11-01-13703, 11-01-13704 AND 11-01-13705**

| Date: 1/30/13 | Name and Title of Custodial Authority **Charles E. Samuels Jr.** **Director, Bureau of Prisons** | By: (Chief Executive Officer) **Linda T. McGrew,** **Complex Warden** *(signature)* **D. Wren** **Correctional Systems Specialist** |
|---|---|---|

Record Copy - State IAD Administrator
Copy - J&C File
Copy - Central File (Sect. 1)
Copy - Prosecuting Official (Mail Certified Return Receipt)
Copy - Clerk of Court (Mail Certified Return Receipt)

BP-S239.051   IAD - OFFER TO DELIVER TEMPORARY CUSTODY      CDFRM
February 1994
U.S. DEPARTMENT OF JUSTICE                              FEDERAL BUREAU OF PRISONS

Date:   January 30, 2013

| To: Prosecuting Officer **ELTON R. MATHIS** | Name and Title (if known) **Criminal District Attorney** | Jurisdiction: **WALLER COUNTY, TX** |
|---|---|---|

And to all other prosecuting officers and courts of jurisdiction listed below from which indictments, information or complaints are pending

| Re: (Inmate's Name) **LASKER, DOMINIQUE DONTAE** 22867-298 | Register Number |
|---|---|

Pursuant to the provisions of Article V of the Interstate Agreement on Detainers Act between this state and your state, the undersigned hereby offers to deliver temporary custody of the above-named prisoner to the appropriate authority in your state in order that speedy and efficient prosecution may be had of the indictment, information or complaint which is described in the attached inmate's request dated: **September 27, 2012**

The required Certificate of Inmate Status is enclosed. dated: **January 30, 2013**

If proceedings under Article IV(d) of the Interstate Agreement on Detainers Act are indicated, an explanation is attached.

Indictments, information or complaints charging the following offenses also are pending against the inmate in your state and you are hereby authorized to transfer the inmate to custody of appropriate authorities in these jurisdictions for purposes of these indictments, information or complaints.

**CAPITAL MURDER**                   **DISTRICT COURT OF WALLER COUNTY, TEXAS**
**19.03**                            **506TH JUDICIAL DISTRICT**
**CAPITAL FELONY**

If you do not intend to bring the inmate to trial, will you please inform us as soon as possible? Kindly acknowledge.

| By: (Chief Executive Officer) | Institution & Address: | Name/Title Custodial Authority: |
|---|---|---|
| D. Wren **Correctional Systems Specialist** Linda T. McGrew **Complex Warden** | FCC Victorville - USP P.O. Box 5400 Adelanto, CA 92301 | Charles E. Samuels Jr. **Director** **Bureau of Prisons** |

%AO 245B (CASD) (Rev. 8/11)   Judgment in a Criminal Case
Sheet 1

**FILED**

DEC 1 6 2011

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **v.** | (For Offenses Committed On or After November 1, 1987) |
| DOMINIQUE DONTAE LASKER (1) | Case Number: 10CR4732-DMS |
| | Robert Carriedo CJA |
| | Defendant's Attorney |

REGISTRATION NO. 22867298

☐

THE DEFENDANT:

☒ pleaded guilty to count(s)  1 and 2 of the Indictment

☐ was found guilty on count(s)_____

after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 2113(a) , (d) and 18 USC 2 | ARMED BANK ROBBERY AND AIDING AND ABETTING | 1 |
| 18 USC 924(c)(1) and 18 USC 2 | USE AND CARRYING OF A FIREARM DURING THE COMMISSION OF A CRIME OF VIOLENCE, AIDING AND ABETTING | 2 |

The defendant is sentenced as provided in pages 2 through ___5___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ is ☐ are ☐ dismissed on the motion of the United States.

☒ Assessment: $200.00 ($100 as to each of Counts 1 and 2).

☒ Fine waived          ☐ Forfeiture pursuant to order filed _____ , included herein.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

DECEMBER 16, 2011

Date of Imposition of Sentence

HON. DANA M. SABRAW
UNITED STATES DISTRICT JUDGE

10CR4732-DMS

5f #5

AO 245B (CASD) (Rev. 8/11)   Judgment in a Criminal Case
      Sheet 2 — Imprisonment

| | |
|---|---|
| | Judgment — Page    2    of    5 |

DEFENDANT: DOMINIQUE DONTAE LASKER (1)
CASE NUMBER: 10CR4732-DMS

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of
THIRTY-SEVEN (37) MONTHS as to Count 1; EIGHTY-FOUR (84) MONTHS as to Count 2, to run consecutively, for
a total of ONE HUNDRED TWENTY-ONE (121) MONTHS.

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

     ☐ at _____ ☐ a.m. ☐ p.m.   on _____ .

     as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☐ before _____

     ☐ as notified by the United States Marshal.

     ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

     Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

                                    _____
                                        UNITED STATES MARSHAL

                   By _____
                                     DEPUTY UNITED STATES MARSHAL.

10CR4732-DMS

AO 245B (CASD) (Rev. 8/11) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __3__ of __5__

DEFENDANT: DOMINIQUE DONTAE LASKER (1)
CASE NUMBER: 10CR4732-DMS

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
THREE (3) YEARS as to each of Counts 1 and 2 concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of
  future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis
  Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).
☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed
  by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or
  was convicted of a qualifying offense. (Check if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

10CR4732-DMS

THE STATE OF TEXAS

COUNTY OF WALLER

 

I, Robyn S. Wiley, Official Court Reporter in and for the 506th Judicial District of Waller County, Texas, do hereby certify that the foregoing exhibits constitute true and complete duplicates of the original exhibits, excluding physical evidence, admitted, tendered in an offer of proof or offered into evidence during the Hearings in the above entitled and numbered cause as set out herein before the Honorable Albert M. McCaig, 506th Judicial District of Waller County, Texas.

I further certify that the total cost for the preparation of this Reporter's Record is $774.75 and was paid by County of Waller.

WITNESS MY OFFICIAL HAND this the 8th day of September, 2014.

/s/ Robyn S. Wiley

_____

ROBYN S. WILEY, Texas CSR NO. 4629
EXPIRATION DATE:  12-31-15
Official Court Reporter
506th District Court
Waller and Grimes County, Texas
836 Austin Street, Suite 307
Hempstead, Texas  77445
Phone:  979.921.0921

**Opinion issued January 27, 2015.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00630-CR
## NO. 01-14-00631-CR
## NO. 01-14-00632-CR

————————————

## IN RE DOMINIQUE DONTAE LASKER, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Relator, Dominique Dontae Lasker, has filed a petition for writ of

mandamus, challenging trial court orders denying his motions to dismiss the

State's indictments, under the Interstate Agreement on Detainers Act, TEX. CODE CRIM. PROC. ANN. art. 51.14 (West 2006).[1]

We deny the petition for writ of mandamus.

**PER CURIAM**

Panel consists of Justices Jennings, Massengale, and Lloyd.

Do not publish.   TEX. R. APP. P. 47.2(b).

---

[1] The underlying cases are *State of Texas v. Dominique Dontae Lasker*, Cause Nos. 11-01-13703, 11-01-13704, 11-01-13705, in the 506th District Court of Waller County, Texas, the Honorable Albert M. McCraig presiding.



**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**

ORDER ON MOTION FOR EN BANC RECONSIDERATION

Appellate case name:     In re Dominique Dontae Lasker

Appellate case number:   01-14-0630-CR, 01-14-00631-CR, 01-14-00632-CR

Trial court case number: 11-01-13703, 11-01-13704, 11-01-13705

Trial court:             506th District Court of Waller County

Date motion filed:       February 3, 2015

Party filing motion:     Relator


   The en banc court has unanimously voted to deny relator's motions for en banc reconsideration. It is ordered that the motions are denied.


Judge's signature: /s/ <u>Russell Lloyd</u>
     Acting for the Court the En Banc Court*

Date: March 31, 2015

* En banc court consists of Chief Justice Radack and Justices Jennings, Keyes, Higley, Bland, Massengale, Brown, Huddle, and Lloyd.